# EXHIBIT 52

708

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 02/11/2020                    TIME: 01:30:00 PM          DEPT: C19

JUDICIAL OFFICER PRESIDING: Walter Schwarm
CLERK: Kimberley Handing
REPORTER/ERM: Patrick Richard Brezna-5288 CSR# 5288
BAILIFF/COURT ATTENDANT: Raquel Wangsness

CASE NO: **30-2020-01124778-CU-FR-CJC**   CASE INIT.DATE: 01/15/2020
CASE TITLE: **Nguyen vs. United Lender, LLC**
CASE CATEGORY: Civil - Unlimited       CASE TYPE: Fraud

---

EVENT ID/DOCUMENT ID: 73210394

**EVENT TYPE:** Order to Show Cause re: Preliminary Injunction

---

**APPEARANCES**
Andrew A. Smits, from Law Offices of Andrew A. Smits, present for Plaintiff(s).
Maurice Wainer, from Snipper Wainer & Markoff, present for Defendant(s).
Counsel Lori Eropkin appearing telephonically for Defendant American Financial Center, Inc.

Tentative Ruling posted on the Internet .

Parties represent to the Court they have reviewed its tentative ruling. Argument heard.

. The Court adopts and CONFIRMS its tentative ruling. The Court's FINAL ruling is as follows:

Plaintiff's (Anh Thy Song Nguyen, Trustee of Mother Nature Trust) Order to Show Cause re: Preliminary Injunction (Motion), filed as an Ex Parte Application on 1-22-20 under ROA No. 21) is GRANTED pursuant to Code of Civil Procedure section 526, subdivision (a).

Code of Civil Procedure section 526, states, in part, "(a) An injunction may be granted in any of the following cases: [¶] (1) When it appears by the complaint that the plaintiff is entitled to the relief demanded, and the relief, or an part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually. . . . [¶] (3) When it appears, during the litigation, that a party to the action is doing, or threatens, or is about to do . . . some act in violation of the rights of another party to the action respecting the subject of the action, and tending to render the judgment ineffectual."

"In deciding whether to issue a preliminary injunction, a trial court must evaluate two interrelated factors: (i) the likelihood that the party seeking the injunction will ultimately prevail on the merits of his [or her] claim, and (ii) the balance of harm presented, i.e., the comparative consequences of the issuance and nonissuance of the injunction. [Citations.]" (Common Cause v. Board of Supervisors (1989) 49 Cal.3d 432, 441-442; footnote 7 omitted.) "A trial court deciding whether to issue a preliminary injunction weighs two interrelated factors—the likelihood the moving party will prevail on the merits at trial and the relative balance of the interim harms that are likely to result from the granting or denial of preliminary injunctive relief. [Citations.]" (County of Kern v. T.C.E.V., Inc. (2016) 246 Cal.App.4th 301, 315; Italics in original.) "These two showings operate on a sliding scale: '[T]he more likely it is that [the party seeking the

---

DATE: 02/11/2020                          MINUTE ORDER                              Page 1
DEPT: C19                                                                    Calendar No. 25

injunction] will ultimately prevail, the less severe must be the harm that they allege will occur if the injunction does not issue.' [Citation.]" (Integrated Dynamic Solutions, Inc. (2016) 6 Cal.App.5th 1178, 1183.)

Defendant's Objections (filed on 1-31-20 under ROA No. 53):

The court SUSTAINS Objections Nos. 1 and 3, and OVERRULES Objection No. 2.

Plaintiff's Objections (filed on 2-4-20 under ROA No. 59):

The court SUSTAINS Objection Nos. 1, 3, 7, 9, 10, 12, 18, 19, and 20. The court OVERRULES the remaining objections.

The Nguyen declaration and the verified complaint show sufficient grounds for the issuance of a preliminary injunction. At a minimum, Plaintiff has sufficiently shown a likelihood of prevailing on the merits regarding her fraud claims. Paragraph 27 of the First Amended Complaint (FAC) alleges, "Defendants . . . caused the recording of an illegal, fraudulent or willfully oppressive notice of trustee's sale with a sale date of January 27, 2020 pursuant to the First Deed of Trust on the Subject Property. The Notice of Default recorded on 9-18-19 states in part, ". . . a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of: [¶] Installment of Principal and Interest plus impounds and/or advances which became due on 5/1/2019 . . . ." (Nguyen Decl., ¶ 8 and Exhibit G.) Western Fidelity Trustees filed the Notice of Default as Defendant—United Lender, LLC's agent. (Nguyen Decl., ¶ 8 and Exhibit G.) Since escrow was scheduled to close on 5-3-19 (Nguyen Decl., ¶ 5 and Exhibit A), it appears that the buyer, Megan Zucaro/Helping Others International LLC (Nguyen Decl., ¶ 4 and Exhibits A and B) never made a payment on the subject property. However, Defendant—Shawn Ahdoot (President of United Lender, LLC) confirmed, "Megan Zucaro of Helping Others International LLC is up to date with her 2 mortgages on 6475 Circle Huntington Beach, 92648 and 4110 Vanetta Place Studio City, CA 91604" in a 7-7-19 letter. (Nguyen Decl., ¶ 11 and Exhibit J.) Defendant—Shawn Ahdoot's declaration authenticated the 7-17-19 letter. (Ahdoot Decl., ¶ 14.) The 7-17-19 is admissible under Evidence Code sections 1220 and 1222. (Ahdoot Decl., ¶¶ 1-4.) This evidence supports Plaintiff's fraud causes of action because of the inconsistency as to when the buyer failed to make payments on the mortgage. Thus, Plaintiff has sufficiently shown a likelihood of prevailing on the merits.

Further, Plaintiff has shown a high degree of harm because the Trustee's Sale is scheduled for 1-27-20. (Nguyen Decl., ¶ 11 and Exhibit I.) If the sale goes forward, Plaintiff's interest in the property will be eliminated. (Nguyen Decl., ¶ 16.) The balance of the interim harms favors Plaintiff.

Based on the above, the court GRANTS Plaintiff's (Anh Thy Song Nguyen, Trustee of Mother Nature Trust) Order to Show Cause re: Preliminary Injunction filed as an Ex Parte Application on 1-22-20 under ROA No. 21. The court issues a preliminary injunction that conforms to the Temporary Restraining Order issued on 1-23-20. Pursuant to Code of Civil Procedure section 529 orders Plaintiff to post an undertaking in the amount of $50,000.00.

Plaintiff is to give notice

Order Granting Plaintiff's Motion For Preliminary Injunction is signed and filed.

DATE: 02/11/2020
DEPT: C19

MINUTE ORDER

710

Page 2

Calendar No. 25

# EXHIBIT 53

711

CIV-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Andrew A. Smits  (State Bar 146659) Law Offices of Andrew A. Smits 36 Executive Park, Suite 160 Irvine, CA 92614-4794 | |

TELEPHONE NO.: 949 833-1025        FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*: asmits@smits-law,com

ATTORNEY FOR *(Name)*: Anh Thy Song Nguyen,Trustee of Mother Nature

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE

STREET ADDRESS: 700 Civic Center Drive West

MAILING ADDRESS:

CITY AND ZIP CODE: Santa Ana, CA 92701

BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: Anh Thy Song Nguyen,Trustee of Mother Nature

DEFENDANT/RESPONDENT: United Lender, LLC, et al.

| NOTICE OF ENTRY OF JUDGMENT OR ORDER | CASE NUMBER: 30-2020-01124778-CU-FR-CJC |
|---|---|

*(Check one):*  ☑ **UNLIMITED CASE** (Amount demanded exceeded $25,000)   ☐ **LIMITED CASE** (Amount demanded was $25,000 or less)

**TO ALL PARTIES :**

1. A judgment, decree, or order was entered in this action on *(date)*: February 11, 2020

2. A copy of the judgment, decree, or order is attached to this notice.

Date: February 12, 2020

Andrew A. Smits

(TYPE OR PRINT NAME OF   ☑ ATTORNEY   ☐ PARTY WITHOUT ATTORNEY)

▶ *(SIGNATURE)*

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CIV-130 [New January 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

www.courtinfo.ca.gov

Electronically Recieved by Superior Court of California, County of Orange, 02/10/2020 03:19:12 PM.
30-2020-01124778-CU-FR-CJC - ROA # 62 - DAVID H. YAMASAKI, Clerk of the Court By ocuser ocuser, Deputy Clerk.

41064866

Andrew A. Smits (State Bar No. 146659)
Law Offices of Andrew A. Smits
36 Executive Park, Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email:     asmits@smits-law.com

Attorney for Plaintiff Anh Thy Song Nguyen,
Trustee of Mother Nature Trust

**FILED**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**FEB 1 1 2020**

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; all other persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 30-2020-01124778-CU-FR-CJC<br><br>Assigned to: Judge Walter Schwarm<br>Dept.: C19<br><br>W.S. 2-11-20<br><br>[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; AND PRELIMINARY INJUNCTION<br><br><br>Date: February 11, 2020<br>Time: 1:30 p.m.<br>Dept.: C19<br><br><br>Complaint filed: January 15, 2020<br>Trial date:     Not set |

The order to show cause re preliminary injunction and motion of plaintiff Anh Thy Song

Nguyen, Trustee of Mother Nature Trust ("Plaintiff"), for preliminary injunction came on for

hearing on February 11, 2020 at 1:30 p.m., in Department C19 of the above-entitled court, the

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION; AND PRELIMINARY INJUNCTION

713

1   Honorable Walter Schwarm, judge presiding.  Plaintiff appeared by and through her attorney of

2   record, Andrew A. Smits.  Defendants United Lender, LLC, Shawn Ahdoot and Albert A. Ahdoot

3   appeared by and through their attorneys of record, Lawrence C. Meyerson, and Snipper Wainer &

4   Markoff, by Maurice Wainer.  There were no other appearances.

5          After consideration of all the papers submitted in support of and in opposition to the order

6   to show cause re preliminary injunction and Plaintiff's motion for preliminary injunction, and

7   having heard the argument of attorneys for the parties, and on proof to the satisfaction of the Court

8   that Plaintiff's motion is justified and ought to be granted, the Court finds, adjudges and orders as

9   follows:

10         IT IS ORDERED THAT Plaintiff's motion is granted.  Defendants United Lender, LLC,

11  Western Fidelity Associates, LLC, dba Western Fidelity Trustees, Shawn Ahdoot, Albert A.

12  Ahdoot, Megan E. Zucaro, Helping Others International, LLC, American Financial Center, Inc.,

13  and John B. Spear and their officers, employees, agents, and persons acting with them or on their

14  behalf are enjoined and restrained from conducting or proceeding with any foreclosure sale or

15  trustee's sale for the real property known as 6475 Marigayle Circle, Huntington Beach, California

16  92648 with Assessor's Parcel Number 110-511-04 ("Subject Property"), affecting ownership of,

17  or transferring any ownership interest in, the Subject Property pending trial of this action or

18  further order of this Court.  For purposes of Plaintiff recording this order and preliminary

19  injunction, this order further provides that the Subject Property has the following legal description:

20         "THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF

21         HUNTINGTON BEACH, IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA,

22         AND IS DESCRIBED AS FOLLOWS:

23

24         LOT 2 OF TRACT NO. 15690, IN THE CITY OF HUNTINGTON BEACH, COUNTY

25         OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON THE MAP FILED IN

26         BOOK 835 OF MISCELLANEOUS MAPS, PAGE(S) 12 AND 13, RECORDS OF

27         ORANGE COUNTY.

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION; AND PRELIMINARY INJUNCTION

1    EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON

2    SUBSTANCES LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF

3    SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN

4    DEEDS OF RECORD.

5    APN: 110-511-04"

6

7    IT IS FURTHER ORDERED THAT Plaintiff shall file with the Clerk of the Court within

8 five court days or by February 20, 2020 an undertaking in the amount of $50,000.00 pending trial

9 of this action. Pursuant to California Rules of Court, rule 3.1150(f), the temporary restraining

10 order previously granted in this action shall remain in effect during this time allowed for

11 presentation of the undertaking.

12    The Court reserves jurisdiction to modify or dissolve the injunction as may be required by

13 the interests of justice.

14

15 Dated: **February 11, 2020**

16                       Walter Schwarm

                         Judge of the Superior Court, County of Orange

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

3

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION; AND PRELIMINARY INJUNCTION

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On February 12, 2020, I served the document described as follows: **NOTICE OF ENTRY OF JUDGMENT OR ORDER** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>468 N. Camden Drive, Suite 201<br>Beverly Hills, CA 90210 | Megan E. Zucaro<br>3430 Indian Ridge Circle<br>Thousand Oaks, CA 91362 |
| Megan E. Zucaro<br>15720 Ventura Boulevard., #405<br>Encino, CA 91436 | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763 |
| Helping Others International, LLC<br>4110 Vanetta Place<br>Studio City, CA 91604 | American Financial Center, Inc.<br>c/o Mark R. Crittenden, Registered Agent<br>14930 Ventura Boulevard, Suite 320<br>Sherman Oaks, CA 91403 |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail:  leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial Center, Inc. |
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: 310-550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendants United Lender, LLC, a Nevada Limited Liability Company, Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: 310-827-3344<br>Email:  lcm@lcmplc.com<br><br>Attorney for Defendants United Lender, LLC, a Nevada Limited Liability Company, Shawn Ahdoot and Albert A. Ahdoot |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

706

PROOF OF SERVICE

1

| Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501 | |
|---|---|

2

3

4    [ X ]  **(By U.S. Mail)**  I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal
5    Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary
course of business.  I am aware that on motion of the party served, service is presumed invalid if
6    postal cancellation date or postage meter date is more than one day after date of deposit for mailing
in affidavit.

7
    [ X ]  **(By E-mail/Electronic Service on Lawrence C. Meyerson and Maurice Wainer
8    only)** I caused the document to be sent to the persons at the electronic service addresses listed above.
I did not receive, within a reasonable time after the transmission, any electronic message or other
9    indication that the transmission was unsuccessful.

10    [  ]  **(By Personal Service)** I caused to be delivered by hand such envelope to the  addressee.
The messenger's proof of service will be prepared and available.

11
    [  ]  **(By Facsimile)** I caused such document to be transmitted by facsimile to the offices of
12    the addressee.  Upon completion of the said facsimile transmission, the transmitting machine issued
a transmission report showing the transmission was complete and without error.  A copy of the said
13    transmission report is attached hereto.

14    [  ] **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above,
by placing the true copies in separate envelopes for each addressee, with the name and address of
15    the person served shown on the envelope and by sealing the envelope and placing it for collection
and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

16
    Executed on February 12, 2020 at Irvine, California.

17
    I declare under penalty of perjury under the laws of the State of California that the above is
18    true and correct.

19

20    KIMBERLY RICHARDSON

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

PROOF OF SERVICE

# EXHIBIT 54

718

1  Andrew A. Smits (State Bar No. 146659)
   Law Offices of Andrew A. Smits
2  36 Executive Park, Suite 160
   Irvine, California 92614-4794
3  Telephone: (949) 833-1025
   Email:      asmits@smits-law.com
4
   Attorney for Plaintiff Anh Thy Song Nguyen,
5  Trustee of Mother Nature Trust

6

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9        **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11 ANH THY SONG NGUYEN, TRUSTEE OF       Case No.: 30-2020-01124778-CU-FR-CJC
   MOTHER NATURE TRUST,
12                                        Assigned: Judge Walter Schwarm
              Plaintiff,                           Dept.: C19
13
          vs.
14                                        **OBJECTION OF PLAINTIFF ANH THY**
                                          **SONG NGUYEN, TRUSTEE OF**
15 UNITED LENDER, LLC, a Nevada limited   **MOTHER NATURE TRUST, TO**
   liability company; SHAWN AHDOOT, an    **DECLARATION OF NON MONETARY**
16 individual; ALBERT A. AHDOOT, an       **STATUS OF WESTERN FIDELITY**
   individual; MEGAN E. ZUCARO, an        **ASSOCIATES, LLC, DBA WESTERN**
17 individual; HELPING OTHERS             **FIDELITY TRUSTEES**
   INTERNATIONAL, LLC, a Delaware
18 limited liability company; WESTERN     **[Civil Code § 2924l, subd. (c)]**
   FIDELITY ASSOCIATES, LLC, a California
19 limited liability company, dba WESTERN
   FIDELITY TRUSTEES; JOHN B. SPEAR,
20 an individual; AMERICAN FINANCIAL
   CENTER, INC., a California corporation; all
21 other persons unknown, claiming any legal or
   equitable right, title, estate, lien, or interest in
22 the property described in the complaint
   adverse to Plaintiff's title, or any cloud upon
23 Plaintiff's title thereto; and DOES 1 through
   100, inclusive,
24                                        Complaint filed: January 15, 2020
              Defendants.                 Trial date:       Not set
25

26        Pursuant to Civil Code section 2924l, subdivision (c), plaintiff Anh Thy Song Nguyen,

27 Trustee of Mother Nature Trust, objects to the Declaration of Non Monetary Status dated and

28                                          1

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

OBJECTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, TO
DECLARATION OF NON MONETARY STATUS OF WESTERN FIDELITY ASSOCIATES, LLC, DBA
WESTERN FIDELITY TRUSTEES
7879

1    served January 29, 2020 by defendant Western Fidelity Associates, LLC, dba Western Fidelity

2    Trustees.

3        This Objection is based on the facts, circumstances and claims alleged in Plaintiff's First

4    Amended Complaint dated January 20, 2020, which is incorporated herein by this reference as

5    though fully set forth herein.  Furthermore, this Objection is based on the Court's Order Granting

6    Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary

7    Injunction entered January 23, 2020, which is incorporated herein by this reference.  Also, this

8    Objection is based on the Order Granting Plaintiff's Motion for Preliminary Injunction; and

9    Preliminary Injunction entered February 11, 2020, which is incorporated herein by this reference.

10        The Court, in granting the preliminary injunction restraining the named defendants in this

11   action from conducting any foreclosure sale affecting the real property known as 6475 Marigayle

12   Circle, Huntington Beach, California 92648 with Assessor's Parcel Number 110-511-04 ("Subject

13   Property"), necessarily found it is reasonably probable that Plaintiff will prevail at trial on the

14   merits of the First Amended Complaint, which sounds in fraud, among other causes of action.

15        Based on the foregoing, defendant Western Fidelity Associates, LLC, dba Western Fidelity

16   Trustees, is required to participate in the above-captioned action.

17

18   Dated: February 12, 2020                          LAW OFFICES OF ANDREW A. SMITS

19

20

21                                                     By: _____

22                                                        Andrew A. Smits
                                                          Attorney for Plaintiff Anh Thy Song Nguyen,
                                                          Trustee of Mother Nature Trust

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On February 12, 2020, I served the document described as follows: **OBJECTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST TO DECLARATION OF NON MONETARY STATUS OF WESTERN FIDELITY ASSOCIATES, LLC, DBA WESTERN FIDELITY TRUSTEES** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>468 N. Camden Drive, Suite 201<br>Beverly Hills, CA 90210 | Megan E. Zucaro<br>3430 Indian Ridge Circle<br>Thousand Oaks, CA 91362 |
| Megan E. Zucaro<br>15720 Ventura Boulevard., #405<br>Encino, CA 91436 | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763 |
| Helping Others International, LLC<br>4110 Vanetta Place<br>Studio City, CA 91604 | American Financial Center, Inc.<br>c/o Mark R. Crittenden, Registered Agent<br>14930 Ventura Boulevard, Suite 320<br>Sherman Oaks, CA 91403 |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail: leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial Center, Inc. |
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: 310-550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendants United Lender, LLC, a Nevada Limited Liability Company, Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: 310-827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendants United Lender, LLC, a Nevada Limited Liability Company, Shawn Ahdoot and Albert A. Ahdoot |

1

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

Western Fidelity Associates, LLC,
dba Western Fidelity Trustees
1222 Crenshaw Boulevard, Suite "B"
Torrance, CA 90501

2

3

4      [ X ]  **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal
5    Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary
course of business.  I am aware that on motion of the party served, service is presumed invalid if
6    postal cancellation date or postage meter date is more than one day after date of deposit for mailing
in affidavit.

7

8      [ X ]  **(By E-mail/Electronic Service on Lawrence C. Meyerson and Maurice Wainer
only)** I caused the document to be sent to the persons at the electronic service addresses listed above.
9    I did not receive, within a reasonable time after the transmission, any electronic message or other
indication that the transmission was unsuccessful.

10      [   ]  **(By Personal Service)** I caused to be delivered by hand such envelope to the  addressee.
The messenger's proof of service will be prepared and available.

11

12      [   ]  **(By Facsimile)** I caused such document to be transmitted by facsimile to the offices of
the addressee.  Upon completion of the said facsimile transmission, the transmitting machine issued
13    a transmission report showing the transmission was complete and without error.  A copy of the said
transmission report is attached hereto.

14      [   ]  **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above,
by placing the true copies in separate envelopes for each addressee, with the name and address of
15    the person served shown on the envelope and by sealing the envelope and placing it for collection
and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

16

Executed on February 12, 2020 at Irvine, California.

17

I declare under penalty of perjury under the laws of the State of California that the above is
18    true and correct.

19

20      KIMBERLY RICHARDSON

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

722    PROOF OF SERVICE

# EXHIBIT 55

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST,<br><br>           **Plaintiff(s),**<br><br>    v.<br><br>UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; all other persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's title Thereto; and DOES 1 through 100, inclusive,<br><br>        **Defendant(s).** | ) Case No.  30-2020-01124778-CU-FR-CJC<br>)<br>)<br>)<br>)<br>) **UNDERTAKING OF CORPORATE SURETY**<br>)<br>) Bond No.  602-126451-9<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

WHEREAS, ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, as Principals, desire to give an undertaking for a PRELIMINARY INJUNCTION as provided by Code of Civil Procedure Section 529.

Now, Therefore, UNITED STATE FIRE INSURANCE COMPANY, a corporation authorized to transact the business of Surety in the State of California, does hereby obligate itself, its successors and assigns to the defendants as shown above under said statutory obligations in the sum of  FIFTY THOUSAND DOLLARS AND 00/100 ($50,000 00).

IN WITNESS THEREOF, The official signature of the Surety is hereto affixed and I hereby declare under penalty of perjury that I am its authorized Attorney-in-Fact acting under an unrevoked power of attorney which is properly executed and attached to this official document.

Signed, sealed and dated this 19th day of February, 2020.

UNITED STATES FIRE INSURANCE COMPANY
305 Madison Avenue, Morristown, NJ 07960

By:  Nicholas A. Hanley, Attorney-in-Fact
    CA License No. OG73394

POWER OF ATTORNEY
UNITED STATES FIRE INSURANCE COMPANY
PRINCIPAL OFFICE - MORRISTOWN, NEW JERSEY

06762442020

KNOW ALL MEN BY THESE PRESENTS That United States Fire Insurance Company, a corporation duly organized and existing under the laws of the state of Delaware, has made, constituted and appointed and does hereby make, constitute and appoint.

*Nicholas A. Hanley, April M. Reagan*

each, its true and lawful Attorney(s)-In-Fact, with full power and authority hereby conferred in its name, place and stead, to execute, acknowledge and deliver: Any and all bonds and undertakings of surety and other documents that the ordinary course of surety business may require, and to bind United States Fire Insurance Company thereby as fully and to the same extent as if such bonds or undertakings had been duly executed and acknowledged by the regularly elected officers of United States Fire Insurance Company at its principal office, in amounts or penalties not exceeding: **Seven Million, Five Hundred Thousand Dollars ($7,500,000).**

This Power of Attorney limits the act of those named therein to the bonds and undertakings specifically named therein, and they have no authority to bind United States Fire Insurance Company except in the manner and to the extent therein stated

This Power of Attorney revokes all previous Powers of Attorney issued on behalf of the Attorneys-In-Fact named above and expires on January 31, 2021.

This Power of Attorney is granted pursuant to Article IV of the By-Laws of United States Fire Insurance Company as now in full force and effect, and consistent with Article III thereof, which Articles provide, in pertinent part:

Article IV, Execution of Instruments - Except as the Board of Directors may authorize by resolution, the Chairman of the Board, President, any Vice-President, any Assistant Vice President, the Secretary, or any Assistant Secretary shall have power on behalf of the Corporation

(a) to execute, affix the corporate seal manually or by facsimile to, acknowledge, verify and deliver any contracts, obligations, instruments and documents whatsoever in connection with its business including, without limiting the foregoing, any bonds, guarantees, undertakings, recognizances, powers of attorney or revocations of any powers of attorney, stipulations, policies of insurance, deeds, leases, mortgages, releases, satisfactions and agency agreements,

(b) to appoint, in writing, one or more persons for any or all of the purposes mentioned in the preceding paragraph (a), including affixing the seal of the Corporation

Article III, Officers, Section 3.11, Facsimile Signatures   The signature of any officer authorized by the Corporation to sign any bonds, guarantees, undertakings, recognizances, stipulations, powers of attorney or revocations of any powers of attorney and policies of insurance issued by the Corporation may be printed, facsimile, lithographed or otherwise produced   In addition, if and as authorized by the Board of Directors, dividend warrants or checks, or other numerous instruments similar to one another in form  may be signed by the facsimile signature or signatures, lithographed or otherwise produced, of such officer or officers of the Corporation as from time to time may be authorized to sign such instruments on behalf of the Corporation  The Corporation may continue to use for the purposes herein stated the facsimile signature of any person or persons who shall have been such officer or officers of the Corporation, notwithstanding the fact that he may have ceased to be such at the time when such instruments shall be issued

IN WITNESS WHEREOF, United States Fire Insurance Company has caused these presents to be signed and attested by its appropriate officer and its corporate seal hereunto affixed this 22ⁿᵈ day of August 2019

UNITED STATES FIRE INSURANCE COMPANY

_____
Anthony R. Slimowicz, Executive Vice President

State of Pennsylvania   }
County of Philadelphia }

On this 22ⁿᵈ day of August 2019, before me, a Notary public of the State of Pennsylvania, came the above named officer of United States Fire Insurance Company, to me personally known to be the individual and officer described herein, and acknowledged that he executed the foregoing instrument and affixed the seal of United States Fire Insurance Company thereto by the authority of his office.

Commonwealth of Pennsylvania – Notary Seal
Tamara Watkins, Notary Public
Philadelphia County
My commission expires August 22, 2023
Commission number 1348843

_____
Tamara Watkins                              (Notary Public)

I, the undersigned officer of United States Fire Insurance Company, a Delaware corporation, do hereby certify that the original Power of Attorney of which the foregoing is a full, true and correct copy is still in force and effect and has not been revoked.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the corporate seal of United States Fire Insurance Company on the 19day of  Feb .2020

UNITED STATES FIRE INSURANCE COMPANY

_____
Al Wright, Senior Vice President

# EXHIBIT 56

726

1   LAWRENCE C. MEYERSON (SBN 54136)
    A PROFESSIONAL LAW CORPORATION
2   5521 Mission Rd., Ste 399
    Bonsall, CA 92003
3   Telephone: (310) 827-3344
    Email: *lcm@lcmplc.com*
4
    MAURICE WAINER (SBN 121678)
5   SNIPPER WAINER & MARKOFF
    232 North Canon Drive
6   Beverly Hills, CA 90210-5302
    Telephone: (310) 550-5770
7   Email: *mrwainer@swmfirm.com*

8   Attorneys for Defendants
    UNITED LENDER, LLC, a Nevada limited
9   liability company; SHAWN AHDOOT, an
    individual; ALBERT A. AHDOOT, an individual
10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12          **FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

13

| | |
|---|---|
| 14  ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, | )  Case No. 30-2020-01124778-CU-FR-CJC |
| 15 | )  Hon. Walter Schwarm, Judge Assigned for |
|         Plaintiff, | )  All Purposes, Department C19 |
| 16 | ) |
| vs. | )  **NOTICE OF PETITION TO COMPEL** |
| 17 | )  **ARBITRATION AND TO STAY** |
| UNITED LENDER, LLC, a Nevada limited | )  **ACTION PENDING AWARD OF** |
| 18  liability company; SHAWN AHDOOT, an | )  **ARBITRATOR FILED BY LENDER** |
| individual; ALBERT A. AHDOOT, an | )  **DEFENDANTS, UNITED LENDER,** |
| 19  individual; MEGAN E. ZUCARO, an | )  **LLC, SHAWN AHDOOT AND ALBERT** |
| individual; HELPING OTHERS | )  **A. AHDOOT** |
| 20  INTERNATIONAL, LLC, a Delaware limited | ) |
| liability company; WESTERN FIDELITY | )  *[Filed concurrently with Memorandum of* |
| 21  ASSOCIATES, LLC, a California limited | )  *Points & Authorities; Declaration of* |
| liability company, dba WESTERN FIDELITY | )  *Maurice Wainer, Request for Judicial* |
| 22  TRUSTEES; JOHN B. SPEAR, an individual; | )  *Notice; and Proof of Service]* |
| AMERICAN FINANCIAL CENTER, INC., a | ) |
| 23  California corporation; and DOES 1 through | )  DATE: June 30, 2020 |
| 100, inclusive, | )  TIME: 1:30 p.m. |
| 24 | )  DEPT: C19 |
|         Defendants. | ) |
| 25 | )  **RES. NO.: 73228533** |
| 26 _____ | )  Action filed: 01/15/2020 |
| | ) |

27

28

                                    1

**TO THE ABOVE-ENTITLED HONORABLE COURT, AND TO ALL PARTIES IN THE ABOVE-ENTITLED ACTION, AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on June 30, 2020, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Department C19 located at the above-entitled court, located at 700 Civic Center Drive, Santa Ana, CA 92701, Defendants UNITED LENDER, LLC, a Nevada limited liability company, SHAWN AHDOOT, an individual, and ALBERT A. AHDOOT, an individual (collectively, the "Lender Defendants" or "Petitioners"), will and hereby do petition the Court pursuant to *Code of Civil Procedure* Section 1281, et seq., for an Order to Compel Arbitration of the above-entitled action, including all disputed matters and all parties, and to Stay Action Pending Award of Arbitrator pursuant to *Code of Civil Procedure* Section 1281.4 (the "Petition")

This Petition is made on the grounds that Plaintiff has alleged that Petitioners are the agents or third party beneficiaries of Defendants MEGAN E. ZUCARO, an individual ("Zucaro"), and/or Helping Others International, LLC,  a Delaware limited liability company ("Helping Others") (collectively, the "Zucaro Defendants"), and Zucaro and/or Helping Others, along with the Plaintiff, entered into a California Residential Purchase Agreement and Joint Escrow Instructions ("RPA") (attached as Exhibit "A" to both the First Amended Complaint and the Declaration of ANH THY SONG NGUYEN dated 01/22/2020, on file in this action), to arbitrate all disputes relating to the RPA.

///
///
///
///
///
///
///
///
///

2

This Petition is further based on this Notice of Petition, the accompanying Memorandum of Points and Authorities, the Declaration of Maurice Wainer and Request for Judicial Notice, and Exhibits attached thereto, the Proof of Service, the court file and records in this action, and on such other and further evidence, both oral and documentary, as may be presented at the time of hearing.

LAWRENCE C. MEYERSON,
A Professional Law Corporation

Dated: February 20, 2020        By:    _/s/ Lawrence C. Meyerson_
                                       Lawrence C. Meyerson, Esq.

SNIPPER, WAINER & MARKOFF

Dated: February 20, 2020        By:    _/s/ Maurice Wainer_
                                       Maurice Wainer, Esq.

Attorneys for Defendants
UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual

3

# EXHIBIT 57

1  LAWRENCE C. MEYERSON (SBN 54136)
   A PROFESSIONAL LAW CORPORATION
2  5521 Mission Rd., Ste 399
   Bonsall, CA 92003
3  Telephone: (310) 827-3344
   Email: *lcm@lcmplc.com*

4

5  MAURICE WAINER (SBN 121678)
   SNIPPER WAINER & MARKOFF
6  232 North Canon Drive
   Beverly Hills, CA 90210-5302
7  Telephone: (310) 550-5770
   Email: *mrwainer@swmfirm.com*

8  Attorneys for Defendants
   UNITED LENDER, LLC, a Nevada limited
9  liability company; SHAWN AHDOOT, an
   individual; ALBERT A. AHDOOT, an individual

10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12          **FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

13

14  ANH THY SONG NGUYEN, TRUSTEE OF        )  Case No. 30-2020-01124778-CU-FR-CJC
    MOTHER NATURE TRUST,                    )
15                                          )  Hon. Walter Schwarm, Judge Assigned for
                   Plaintiff,               )  All Purposes, Department C19
16                                          )
    vs.                                     )
17                                          )  **MEMORANDUM OF POINTS AND**
    UNITED LENDER, LLC, a Nevada limited    )  **AUTHORITIES IN SUPPORT OF**
18  liability company; SHAWN AHDOOT, an     )  **LENDER DEFENDANTS' PETITION**
    individual; ALBERT A. AHDOOT, an        )  **TO COMPEL ARBITRATION AND TO**
19  individual; MEGAN E. ZUCARO, an         )  **STAY ACTION PENDING AWARD OF**
    individual; HELPING OTHERS              )  **ARBITRATOR**
20  INTERNATIONAL, LLC, a Delaware limited  )
    liability company; WESTERN FIDELITY     )  *[Filed concurrently with Notice of Petition;*
21  ASSOCIATES, LLC, a California limited    )  *Declaration of Maurice Wainer, Request for*
    liability company, dba WESTERN FIDELITY )  *Judicial Notice; and Proof of Service]*
22  TRUSTEES; JOHN B. SPEAR, an individual; )
    AMERICAN FINANCIAL CENTER, INC., a      )  DATE: June 30, 2020
23  California corporation; and DOES 1 through )  TIME: 1:30 p.m.
    100, inclusive,                         )  DEPT: C19
24                                          )
                   Defendants.              )  **RES. NO.: 73228533**
25  _____    )
                                            )  Action filed: 01/15/2020
26  ///

27  ///

28  ///

                                    1

# I. Summary of Argument

This case presents a classic example of a Plaintiff seeking to avoid responsibility for its own business judgment in agreeing to sell the property at 6475 Marigayle Circle, Huntington Beach, California 92648 (the "Property") to Megan E. Zucaro ("Zucaro") and Helping Others International, LLC ("Helping Others") (collectively, the "Zucaro Defendants"). Plaintiff lumps together United Lender, Shawn Ahdoot and Albert Ahdoot (collectively, "Lender Defendants") alleging in its First Amended Complaint ("FAC") (at ¶¶ 12 & 24.) that the Lender Defendants acted as agents for the Zucaro Defendants, and vice versa.

Plaintiff has already obtained a preliminary injunction to enjoin the foreclosure sale set by United Lender, claiming by way of the Declaration of Anh Thy Song Nguyen dated 01/22/2020 ("Nguyen Decl.")  that it would be wrongful to treat the loan of the Lender Defendants separately from the Zucaro Defendants' purchase of the Property from Plaintiff. (*See* Declaration of Maurice Wainer ["Wainer Decl."], ¶¶ 2-6, and Request for Judicial Notice ["RJN"].)  Because Plaintiff has alleged that the Lender Defendants are mere agents of the Zucaro Defendants, and because the Zucaro Defendants and Plaintiff agreed in the California Residential Purchase Agreement and Joint Escrow Instructions ("RPA") (attached as Exhibit "A" to both the FAC and the Nguyen Decl.) to submit "any dispute or claim in law or equity arising between them out of [the RPA] or any resulting transaction" to binding arbitration, the Lender Defendants, as is their right, move to compel Plaintiff and the other parties in this Action to arbitrate the entirety of this dispute. To date, Plaintiff has refused to submit its claims with the Lender Defendants, or anyone else, to binding arbitration. (Wainer Decl., ¶¶ 2-6; Exh. 5)

# II. Argument

## A.    The Arbitration Provision Is Legal and Fully Enforceable.

One of the fundamental purposes of any arbitration provision is to provide an efficient and speedy proceeding to resolve disputes arising from the agreement. In light of the strong public policy in favor of arbitration, the dispute between Plaintiff and Defendants should be ordered into binding arbitration in accordance with the arbitration provision set forth in the RPA and the applicable law. The at issue Arbitration clause reads, in pertinent part, as follows:

2

**MEMORANDUM OF POINTS AND AUTHORITIES ISO LENDER DEFENDANTS' PETITION TO
COMPEL ARBITRATION AND TO STAY ACTION PENDING AWARD OF ARBITRATOR**

782

**ARBITRATION OF DISPUTES:**
**The Parties agree that any dispute or claim in Law or equity arising between them out of this Agreement or any resulting transaction, which Is not settled through mediation, shall be decided by neutral, binding arbitration. The Parties also agree to arbitrate any disputes or claims with Broker(s), who, in writing, agree to such arbitration prior to, or within a reasonable time after, the dispute or claim is presented to the Broker. The arbitrator shall be a retired judge or Justice, or an attorney with at least 5 years of residential real estate Law experience, unless the parties mutually agree to a different arbitrator. The Parties shall have the right to discovery In accordance with Code of Civil Procedure §1283.05. *** Enforcement of this agreement to arbitrate shall be governed by the Federal Arbitration Act. Exclusions from this arbitration agreement are specified in paragraph 22C.**
          **"NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. *** IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY." *****
**[Buyer's Initials _ _ / Seller's Initials / _____]**

(Emphasis in original.) (*See* RPA, Exh. A to both FAC and Nguyen Decl., at p. 8, ¶ 22(B).)

The Plaintiff placed its initials next to the Arbitration clause, acknowledging its agreement to submit (or be compelled to submit) disputes to arbitration. (*Ibid.*) Because of the public policy favoring the enforceability of arbitration agreements, any doubts as to the validity of any defense to enforceability of an arbitration agreement will be resolved against the party asserting the defense. (*Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street* (1983) 35 Cal.3d 312, 320 [arbitration clauses are to be liberally construed in favor of arbitration].) The moving party bears the burden to establish an arbitration provision exists, and Movants have done that here. (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413-14.) *The party opposing arbitration bears the burden of proving that the arbitration provision is unenforceable.* (*Ibid.*)

**B.      This Court Should Compel Arbitration Based on the Clear and Unambiguous Language Set Forth in the RPA.**

Plaintiff cannot dispute it has alleged all of the Lender Defendants are agents of all other Defendants. In, the operative FAC, as in the initial Complaint, Plaintiff alleges that:

3

1
2
3
4
5

"United Lender, Shawn Ahdoot, Albe1i Ahdoot, Zucaro, Helping Others International, Western Fidelity, Spear, American Financial, and Does 1 through 100, inclusive (hereinafter collectively referred to as "Defendants"), were at all times relevant herein the principal, partner, co-venturer, *agent*, servant, employee, or co-conspirator of each of the remaining co-defendants, and knowingly engaged in the acts and omissions alleged herein with permission and consent of each other co-defendant and ***acted within the course and scope of such partnership, agency, venture. employment or conspiracy.***" (Emphasis added.) (FAC, ¶ 12, 5:3-9.)

6      Because Plaintiff has alleged the Lender Defendants are agents of the Zucaro Defendants,

7  and the Zucaro Defendants are parties to an RPA with a provision for arbitration of disputes,

8  Plaintiff's claims against the Lender Defendants are subject to arbitration. *See, e.g., Westra v.*

9  *Marcus & Millichap Real Estate Inv. Brokerage Co., Inc.* (2005) 129 Cal.App.4th 759, 761

10 [allowed "certain present or former employees" of the broker to enforce an arbitration clause

11 under agency principles]; *Nguyen v. Tran* (2007) 157 Cal.App.4th 1032, 1034-1035 [corporate-

12 broker and its individual employee permitted to enforce the RPA-clause against the buyer-

13 plaintiff "as agents of one of the parties [i.e., the buyer] to the agreement.").

14     Plaintiff will presumably contend agency principles do not apply here because it also

15 alleges the Lender Defendants are knowing, direct participants in unlawful conduct. However,

16 agent-defendants are routinely accused of directly participating in unlawful conduct and may still

17 compel arbitration under agency principles. (*See, e.g., Nguyen, supra,* 157 Cal.App.4th at 1039

18 [alleged failure to disclose]; *Westra, supra,* 129 Cal.App.4th at pp. 762, 766 [alleged fraud];

19 *Thomas v. Westlake* (2012) 204 Cal.App.4th 605, 610 [alleging conspiracy to churn investment]).

20     Here, Plaintiff chose to include agency allegations in its initial Complaint and FAC, and

21 the Plaintiff is now "bound by the legal consequences of [its] allegations." As such, the Lender

22 Defendants are permitted to compel arbitration. (*Thomas, supra,* 204 Cal.App.4th at 614-615.)

23     Further, Plaintiff has made allegations suggesting that Lender Defendants are also third

24 party beneficiaries of the RPA. (*See* FAC, ¶ 24, at 10:23-35: "No legitimate lender would loan to

25 a buyer . . . unless the lender is participating in a fraudulent scheme to steal . . . the real

26 property.") In *Keller v. Kashani* (1990) 220 Cal. App. 3d 322, the court recognized that a general

27 partner is logically a beneficiary of any agreement entered into on behalf of the partnership, and

28 permitted the general partner to compel arbitration. *See, also, Westra, supra,* 129 Cal.App.4th at

4

p. 763, where the court recognized the third party beneficiary argument of a broker and its

employees under an RPA was "arguably correct, but moot" because arbitration was compelled

[on different grounds] on agency principles. (Brackets added.) (*Id.; see also Nguyen, supra,* 157

Cal.App.4th at 1037 [recognizing third party beneficiary exception in context of RPA ]). Even if

the third party beneficiary exception is limited to partners (or officers) of an arbitral party (and it

is not), Plaintiff has also alleged that the Lender Defendants are partners of Zucaro and Helping

Others (FAC, ¶ 12, at 5:3-9), such that this case falls squarely within the holding of Keller, supra

("As an agent and beneficiary of the partnership, to require him to be a party to the arbitration is

inconsistent with what the last Justices Raymond Peters and Matthew Tobriner labeled a 'strong

public policy in favor of arbitrations'." Accordingly, the Lender Defendants may also compel

arbitration as alleged third party beneficiaries.

**C.      Whether Agents or Third Party Beneficiaries, Non-Signatory Defendants May
         Compel Arbitration Based On Equitable Estoppel.**

Here the Plaintiff contends that the RPA is the central document governing the

relationship among the many Defendants working to consummate the real estate transaction and

that the separate loan transactions cannot and must not be viewed separately. Plaintiff has alleged

and argued that the rights and obligations of the parties depend on and are inextricably

intertwined with the obligations imposed by the RPA.

Indeed, to obtain its preliminary injunction Plaintiff alleged and argued the Lender

Defendants acted within the course and scope of a venture with the Zucaro Defendants. (*See*

RJN, Exh. 3, Nguyen Decl..) Accordingly, based on equitable estoppel the Lender Defendants are

entitled to compel arbitration, because in arguing against separate consideration of the Lender

Defendants' loan agreements, Plaintiff has both explicitly and implicitly argued that "the causes

of action against the non- signatory [Lender Defendants]" are 'intimately founded in and

intertwined' with the underlying contract obligations" (*Garcia v. Pexco, LLC* (2017) 11 Cal.

App. 5th 782, 786, review denied (Aug. 23, 2017) and therefore "the claims [against the

non-signatory Lender Defendants] are 'based on the same facts and are inherently inseparable'

from the arbitrable claims against signatory defendants." (*Id.*). It cannot be disputed that the

**MEMORANDUM OF POINTS AND AUTHORITIES ISO LENDER DEFENDANTS' PETITION TO
COMPEL ARBITRATION AND TO STAY ACTION PENDING AWARD OF ARBITRATOR**

1   entirety of Plaintiff's  request for injunctive relief was framed on the basis that its claims to

2   enjoin the Lender Defendants' foreclosure "relies on,""depends on" or "arises from" the RPA

3   and the events surrounding the execution of the RPA such that (according to Plaintiff) there is a

4   straight and continuous nexus between the RPA and the First Deed of Trust.

5       Plaintiff cannot accept the benefit of the argument that the Lender Defendants are agents

6   while not accepting the burden of that allegation. When nonsignatories seek to compel arbitration

7   against a signatory, equitable estoppel prevents a signatory from taking the benefits of the terms

8   and obligations of a contract without the burden of the arbitration provision. This doctrine,

9   discussed in *Goldman v. KPMG, LLP* (2009) 173 Cal.App.4th 209, prevents signatories alleging

10  concerted misconduct among signatories and nonsignatories from naming nonsignatories to

11  avoid arbitration altogether. (*Goldman, supra,* 173 Cal.App.4th at p. 221 [the "purpose[] of the

12  doctrine [is] to prevent a party from using the terms or obligations of an agreement as the basis

13  for his claims against a nonsignatory, while at the same time refusing to arbitrate with the

14  nonsignatory under another clause of that same agreement"]; *Metalclad Corp. v. Ventana

15  Environmental Organizational Partnership* (2003) 109 Cal.App.4th 1705, 1713 [equitable

16  estoppel applies "when a party has signed an agreement to arbitrate but attempts to avoid

17  arbitration by suing nonsignatory defendants"]; *see generally* 19 Witkin <u>Sum. Cal. Law</u> (11th ed.

18  2017), Equity, § 212.) See *Thomas v. Westlake* (2012) 204 Cal. App. 4th 605, 614., where the

19  Court compelled arbitration, when the movants were [like in this case] non-signatories to the

20  arbitration agreement, and the claims were based on breach of fiduciary duty, negligence, and

21  fraud, among others, and the Plaintiff had alleged agency in the FAC. (*Thomas v. Westlake,

22  supra,* 204 Cal. App. 4th 605, 614.)

23      In California, the standard for whether a nonsignatory may enforce an arbitration clause

24  based on equitable estoppel is whether the claims against the nonsignatory are dependent on or

25  inextricably intertwined with the contractual obligations of the agreement containing the

26  arbitration clause. (*See, e.g., Goldman, supra,* 173 Cal.App.4th at pp. 229-230 ["equitable

27  estoppel applies only if plaintiffs' claims against the nonsignatory are dependent upon, or

28  inextricably bound up with, the obligations imposed by the contract plaintiff has signed with the

6

signatory defendant"]; *Boucher v. Alliance Title* (2005), 127 Cal.App.4th 262, at pp. 271-272

[equitable estoppel applies "when the causes of action against the nonsignatory are 'intimately

founded in and intertwined' with the underlying contract obligations"]; see also *JSM Tuscany,*

*LLC v. Superior Court* (2011) 193 Cal.App.4th 1222, 1228; *Rowe v. Exline* (2007) 153 Cal. App.

4th 1276, 1287.)

Because Plaintiff has already alleged the reason to enjoin the foreclosure sale of the

Lender Defendants is ultimately based on the real estate purchase itself, Plaintiff's claims depend

on the obligations imposed by the RPA. The Plaintiff has argued it is the RPA itself that forms

the basis for the arrangement among the buyer, seller, broker, agents, and lenders. The FAC

identifies and specifies directives to the Zucaro Defendants from the Lender Defendants and also

addresses the compensation to be paid. Paragraphs 23 and 24 of the operative FAC read, in

pertinent part, as follows:

> [23.]    Since being notified of the trustee's sale set for January 27, 2020 on the
> First Deed of Trust, Plaintiff discovered the beneficiary under the First Deed of
> Trust, United Lender, sent a letter to a broker for a repotted $30,000 unsecured
> loan to Zucaro and Helping Others International, stating Zucaro and Helping
> Others were current on the loan secured by the First Deed of Trust. *** This letter
> [Exh. "H"] was sent by United Lender to assist Zucaro and Helping Others
> International in obtaining a reported $30,000 unsecured loan.

> [24.]    *** . . . Helping Others International (and Zucaro) acts as the buyer, the
> sellers take a note secured by a second deed of trust, Helping Others International
> (and Zucaro) defaults on a loan provided by United Lender, Shawn Ahdoot,
> Albert Ahdoot (or an entity related to these Defendants) and secured by the first
> deed of trust, and the beneficiary under the first deed of trust initiates foreclosure
> proceedings through trustee Western Fidelity to eliminate junior lienholders,
> including the beneficiary under the second deed of trust. Furthermore, American
> Financial purportedly loaned $75,000 to Helping Others International and
> obtained a third deed of trust in connection therewith on the real property located
> in Agua Dulce referenced below. ***

Thus, according to the Plaintiff, the RPA is a necessary link. Without the link argued for

by the Plaintiff, the foreclosure sale should not and could not have been enjoined and it is the

Plaintiff who alleges there was interdependent conduct among the signatories and nonsignatories

and that the claims against the nonsignatory Lender Defendants' claims are derivative of those

against the signatories. It is axiomatic that insofar as the Lender Defendants, but for the

Plaintiff's asserted liability and agreements of the Zucaro Defendants (see RJN, Exhs. 2, 3 & 4),

7

1    there could be no secondary liability of the Lender Defendants. Altogether, Plaintiff's claims are

2    thus inextricably bound up with the RPA's obligations.

3        Plaintiff will presumably argue that equitable estoppel does not apply because its claims

4    against Lender Defendants are based not on contract law but on statutory violations and tort law.

5    This logic "ignores the fact that a claim '"arising out of"' contract does not need to be

6    contractual" and also ignores Plaintiff is seeking to restore title in its name, rescind the RPA,

7    with all its attendant terms, including subordination to a senior loan. (*Garcia, supra,* 11 Cal.

8    App. 5th at p. 786, citing *Coast Plaza Doctors Hospital v. Blue Cross of California* (2000) 83

9    Cal.App.4th 677, 686 ["It has long been the rule in California that a broadly worded arbitration

10   clause, such as we have here, may extend to tort claims that may arise under or from the

11   contractual relationship."].) Thus, while the claims here against the Lender Defendants are not

12   formally contractual, this Plaintiff must admit, its claims against the Lender Defendants "arise

13   out of" the RPA contract. Thus, arbitration is available, as to all defendants – not just some.

14   Accordingly, the circumstances here are the "sine qua non for application of equitable estoppel"

15   under dependent upon, or founded in and inextricably intertwined with the underlying contractual

16   obligations of the agreement containing the arbitration clause." (*Goldman, supra,* 173

17   Cal.App.4th at 217-18)

18       To be clear, the Lender Defendants do not argue Plaintiff and the other defendants must

19   arbitrate because Plaintiff alleges a "conspiracy" with a signatory. The claims against Movants

20   are arbitrable because of the agency and/or third party relationship and/or equitable estoppel, and

21   because the claims as they  relate to the RPA, are the source or origin of the claims against the

22   Lender Defendants. As Plaintiff must and has in fact argued, because the claims against the

23   Lender Defendants are derivative of the claims against the Zucaro Defendants, they are

24   necessarily based on the same facts and the RPA such that they are inherently inseparable from

25   the claims against the Zucaro Defendants. (*Richard B. LeVine, Inc. v. Higashi* (2005) 131 Cal.

26   App. 4th 566, 574 [aiding and abetting is a derivative claim]). Thus, Plaintiff's allegations are

27   more than just a cursory linking of Defendants through allegations of collusion; the claims are

28   interdependent, and that Plaintiff to date has not distinguished between the Zucaro Defendants

**MEMORANDUM OF POINTS AND AUTHORITIES ISO LENDER DEFENDANTS' PETITION TO
COMPEL ARBITRATION AND TO STAY ACTION PENDING AWARD OF ARBITRATOR**

and the Lender Defendants. Plaintiff's own allegations serve to prove the various claims are inherently inseparable because the conduct alleged is two sides of the same coin. Plaintiff's position is, the same evidence will support its attempt to try to prove each claim, against each defendant, and such evidence is the same, because it is on that basis Plaintiff has argued that the loan and sale transaction must each be rescinded based on the same facts and is not entitled to separate consideration.

**D.    United Lender's Merits Defense Cannot Preclude It from Enforcing Its Right to Arbitrate.**

The Lender Defendants cannot be forced to choose between enforcing a contractual right to arbitrate disputes or concede that they are, as Plaintiff has alleged, agents of the Zucaro Defendants or any of the other Defendants at this juncture. This is improper as a matter of logic and precedent. Adopting a view (that merits arguments constitute cause to deny a motion to compel arbitration) disregards California's arbitration statute-Code of Civil Procedure section 1281.2 – which requires only that Movant prove the existence of the arbitration agreement by the preponderance of the evidence. (*Molecular Analytical Sys. v. Ciphergen Biosystems, Inc.* (2010) 186 Cal.App.4th 696, 705.) Furthermore, the Rules of Court do not impose such a cumbersome requirement on parties seeking to compel arbitration. (*Cal. Rules of Court*, rule 3.1330 [petitioner need only state the provision of the agreement and the paragraph that provides for arbitration.].

In other words, all Movant needs to do is establish that the RPA agreement exists and that it is possible that the claims at issue were arbitrable. Movant has accomplished both of these tasks. To hold otherwise would unduly burden a party's right to arbitration and contravene California (and federal) policy favoring contractual arbitration. (*Code Civ. Proc.*, § 1281.2 [section 1281.2, states that if a court determines that an agreement to arbitrate a controversy exists then it "shall order the petitioner and the respondent to arbitrate the controversy."]; *Wagner Constr. Co. v. Pac. Mech. Corp.* (2007) 41 Cal.4th 19, 25-26 ["Sections 1281 and 1281.2, which govern petitions to compel arbitration, reflect a 'strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution.'"]; *Espejo v. So. Cal. Permanente Medical Group* (2016) 246 Cal.App.4th 1047, at p. 1057, citation omitted

9

[section 1281.2 "establishes 'a summary proceeding' for resolving . . . petitions to compel arbitration"].) At this stage of the proceedings Movants need not admit the underlying claims are meritorious and remains free to make those arguments in arbitration." Any other position fails to comport with legislative intent or precedent favoring arbitration. (*Coast Plaza Doctors Hosp. v. Blue Cross of California* (2000) 83 Cal.App.4th 677, 686 as modified (Sept. 7, 2000) ["California law, like federal law, establishes a presumption in favor of arbitrability"]; *Larkin v. Williams, Wooley, Cogswell, Nakazawa & Russell* (1999) 76 Cal.App.4th 227, 230.)

**E.      High Threshold Required to Show Waiver.**

     "Although a court may deny a petition to compel arbitration on the ground of waiver (*Code Civ. Proc.,* § 1281.2, subd. (a)), waivers are not to be lightly inferred and the party seeking to establish a waiver bears a heavy burden of proof." (*St. Agnes Medical Center v. PacifiCare of Cal.* (2003) 31 Cal.4th 1187, 1195.) In light of the significant hurdle a finding of waiver, California courts are loath to do so, even holding a "legal challenge to the validity of the [contract] is not inconsistent with an intent to invoke arbitration pursuant to that contract," and does not "amount to a waiver of its contractual arbitration rights." (*Id.* at p. 1200.)

**F.      Separate Loan Documents Under the Facts Present Is Not Good Cause to Justify Arbitration.**

     Where several agreements are "closely connected in purpose," "no unreasonable intrusion on the parties' expectation occurs when all their disputes are subjected to an arbitration provision which appears in one of several interdependent documents." (*Marsch v. Williams* (1994) 23 Cal. App. 4th 250, 256, citing *Pioneer Take Out Corp v. Bhavsar* (1989) 209 Cal. App. 3d at pp. 1355-1358.) Accordingly, given the multitude of arbitrable issues in this case, the Court should order the arbitrable issues and disputes to arbitration.

**G.      Any Non-Arbitrable Claims Should Be Stayed Pursuant to *Code of Civil Procedure* Section 1281.4.**

     *Code of Civil Procedure* section 1281.4 contains an unequivocal directive: a court "shall" stay any proceedings during the pendency of a petition to compel arbitration or during ongoing arbitration proceedings. Thus, if either the Lender Defendants or the Zucaro Defendants have

10

demanded arbitration Plaintiff stands on thin legal grounds in contending that a stay is not necessary or that this Court has no authority to order such a stay.

### III. Conclusion

For all of the foregoing reasons, this Court must compel arbitration based on the clear and plain arbitration clause language set forth in the RPA, which binds all parties to dispute underlying the at issue purchase and sale (and loan) transaction.

Respectfully submitted,

LAWRENCE C. MEYERSON,
A Professional Law Corporation

Dated: February 20, 2020          By:    /s/ Lawrence C. Meyerson
_____
Lawrence C. Meyerson, Esq.

SNIPPER, WAINER & MARKOFF

Dated: February 20, 2020          By:    /s/ Maurice Wainer
_____
Maurice Wainer, Esq.

Attorneys for Defendants
UNITED LENDER, LLC, a Nevada limited
liability company; SHAWN AHDOOT, an
individual; ALBERT A. AHDOOT, an individual

11

**MEMORANDUM OF POINTS AND AUTHORITIES ISO LENDER DEFENDANTS' PETITION TO
COMPEL ARBITRATION AND TO STAY ACTION PENDING AWARD OF ARBITRATOR**

# EXHIBIT 58

1  LAWRENCE C. MEYERSON (SBN 54136)
   A PROFESSIONAL LAW CORPORATION
2  5521 Mission Rd., Ste 399
   Bonsall, CA 92003
3  Telephone: (310) 827-3344
   Email: *lcm@lcmplc.com*

4

5  MAURICE WAINER (SBN 121678)
   SNIPPER WAINER & MARKOFF
6  232 North Canon Drive
   Beverly Hills, CA 90210-5302
7  Telephone: (310) 550-5770
   Email: *mrwainer@swmfirm.com*

8  Attorneys for Defendants
   UNITED LENDER, LLC, a Nevada limited
9  liability company; SHAWN AHDOOT, an
   individual; ALBERT A. AHDOOT, an individual

10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12        **FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

13

14  ANH THY SONG NGUYEN, TRUSTEE OF      ) Case No. 30-2020-01124778-CU-FR-CJC
    MOTHER NATURE TRUST,                 )
15                                       ) Hon. Walter Schwarm, Judge Assigned for
                    Plaintiff,           ) All Purposes, Department C19
16                                       )
    vs.                                  )
17                                       ) **DECLARATION OF MAURICE**
    UNITED LENDER, LLC, a Nevada limited ) **WAINER IN SUPPORT OF LENDER**
18  liability company; SHAWN AHDOOT, an  ) **DEFENDANTS' PETITION TO**
    individual; ALBERT A. AHDOOT, an     ) **COMPEL ARBITRATION AND TO**
19  individual; MEGAN E. ZUCARO, an      ) **STAY ACTION PENDING AWARD OF**
    individual; HELPING OTHERS           ) **ARBITRATOR**
20  INTERNATIONAL, LLC, a Delaware limited )
    liability company; WESTERN FIDELITY  ) *[Filed concurrently with Notice of Petition;*
21  ASSOCIATES, LLC, a California limited ) *Memorandum of Points & Authorities;*
    liability company, dba WESTERN FIDELITY ) *Request for Judicial Notice; and Proof of*
22  TRUSTEES; JOHN B. SPEAR, an individual; ) *Service]*
    AMERICAN FINANCIAL CENTER, INC., a   )
23  California corporation; and DOES 1 through ) DATE: June 30, 2020
    100, inclusive,                      ) TIME: 1:30 p.m.
24                                       ) DEPT: C19
                    Defendants.          )
25                                       ) **RES. NO.: 73228533**
    _____ )
26                                       ) Action filed: 01/15/2020

27

28                                      1

───────────────────────────────────────────────
**DECLARATION OF MAURICE WAINER IN SUPPORT OF LENDER DEFENDANTS' PETITION TO
COMPEL ARBITRATION AND TO STAY ACTION PENDING AWARD OF ARBITRATOR**

I, Maurice Wainer, declare:

1.      I am an attorney at law admitted to practice before all courts of the State of California. I am a partner in the firm of Snipper, Wainer & Markoff, one of the attorneys for the Defendants UNITED LENDER, LLC, a Nevada limited liability company, SHAWN AHDOOT, an individual, and ALBERT A. AHDOOT, an individual (collectively, the "Lender Defendants").

2.      I have personal knowledge of the matters set forth herein, except as to those matters stated on information and belief and as to those matters I believe them to be true. If called upon as a witness I could and would competently testify to the matters declared herein.

3.      I make this declaration in support of the Lender Defendants' Petition to Compel Arbitration and to Stay Action Pending Award of Arbitrator (the "Petition").

4.      On February 13, 2020, I sent a letter, a true and correct copy of which is attached hereto as **Exhibit "5"** and incorporated herein by reference, via email and U.S. mail, to Andrew A. Smits, Esq., of the Law Offices of Andrew A. Smits, counsel for Plaintiff ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST ("Plaintiff") in this action, requesting that Plaintiff agree to arbitrate its claims as more fully set forth in the attached letter (Exh. 3).

5.      The February 13, 2020 letter (Exh. 3) requests Mr. Smits, as time is of the essence, to respond by no later than close of business, Tuesday, February 18, 2020.

6.      No response from Mr. Smits or his office was received by this declarant on or before February 18, 2020, or as of the date of this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on February 20, 2020, at Beverly Hills, California.


*/s/ Maurice Wainer*
_____
Maurice Wainer

2

**DECLARATION OF MAURICE WAINER IN SUPPORT OF LENDER DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY ACTION PENDING AWARD OF ARBITRATOR**

# EXHIBIT "5"

# EXHIBIT "5"

LAW OFFICES

## SNIPPER, WAINER & MARKOFF

STEPHEN J. SNIPPER (RET)
MAURICE WAINER
NANCY YOUNG MARKOFF

232 NORTH CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210

TELEPHONE
(310) 550-5770

February 13, 2020

*Via Email and U.S. Mail*

Andrew A. Smits, Esq.
Law Offices of Andrew A. Smits
36 Executive Park, Suite 160
Irvine, CA 92614-4794

Re:   ***United Lender, LLC adv. Nguyen – OCSC Case No. 30-2020-01124778-CU-FR-CJC***

Dear Mr. Smits:

As you know, this office along with the Lawrence C. Meyerson, Esq. of Lawrence C. Meyerson of A Professional Law Corporation ("Mr. Meyerson"), represents Defendants United Lender, LLC ("UL"), Shawn Ahdoot and Albert A. Ahdoot (collectively, "Defendants"), in the above-referenced lawsuit (the "Action") brought by Anh Thy Song Nguyen ("Nguyen"),  Trustee of Mother Nature Trust (the "Trust") ("Plaintiff").

As you also know, Megan Zucaro as Buyer and Ms. Nguyen entered into a Residential Purchase Agreement and Joint Escrow Instructions dated March 26, 2019 (the "Contract") for the purchase and sale of the real property located at 6475 Marigayle Circle, Huntington Beach, California 92648 (the "Property"). That Contract obligates the Parties to mediate and arbitrate any dispute or claim arising between them out of the Contract or any resulting transaction.

Therefore, pursuant to Paragraph 22(A)(B) of the Contract, Defendants United Lender, LLC, Shawn Ahdoot and Albert A. Ahdoot, and each of them, hereby demand mediation and arbitration in an attempt to resolve and/or adjudicate the disputes alleged by Plaintiff in the Complaint and First Amended Complaint on file in the above-referenced Action.

Defendants United Lender, LLC, Shawn Ahdoot and Albert A. Ahdoot, and each of them, hereby further confirm and agree to mediation and arbitration with C.A.R. Real Estate Mediation Center and agree that an arbitrator who shall be a retired judge or justice or an attorney with at least five years of residential real estate law experience also be appointed, whom is mutually agreeable to our respective clients. If you have a different mediator proposal and or a mediation provider other than C.A.R. Real Estate Mediation Center, please provide that information.

SNIPPER, WAINER & MARKOFF
Andrew A. Smits, Esq.
*Re: United Lender, LLC adv. Nguyen*
February 13, 2020
Page 2 of 3

Under California law, our clients, as nonsignatories to the at issue Contract with the mediation and arbitration clause, are entitled to compel your client to mediate and arbitrate with them because the causes of action alleged in the Complaint and the First Amended Complaint, are "intimately founded on and intertwined with" the Contract obligations. Your client may not equitably repudiate the mediation and arbitration clauses to avoid mediation and arbitration by suing nonsignatory defendants for claims that are based on the same set of facts and are apparently inseparable from the claims that are subject to mediation and arbitration, against the signatory defendants. Your client cannot use the obligations of the Contract as a basis for its claims against our nonsignatory clients while concurrently refusing to abide by the mediation and arbitration clause of the very same Contract.

The nexus between the Contract and the causes of action asserted by your client compels the conclusion that it is appropriate on demand that your client mediate and arbitrate with our clients, especially given the strong public policy in favor of the mediation and arbitration of disputes, of which I am sure you are well aware. It would certainly be an anomalous situation if Megan Zucaro were compelled to arbitrate (or could compel arbitration) while our clients could not, as there would be a possibility of conflicting rulings on common questions of fact and law.

After all, the pleadings filed by you on behalf of the Plaintiff allege that Megan Zucaro violated her obligations under the Contract by performing fraudulent acts concerning the sale and financing of the Property that benefitted our respective clients. Furthermore, the operative First Amended Complaint, at Paragraph 12, like the initial Complaint, alleges that "United Lender, Shawn Ahdoot, Albert Ahdoot, Zucaro, Helping Others International, Western Fidelity, Spear, American Financial, and Does I through 100, inclusive (hereinafter collectively referred to as "Defendants"), were at all times relevant herein the principal, partner, co-venturer, agent, servant, employee, or co-conspirator of each of the remaining co-defendants, and knowingly engaged in the acts and omissions alleged herein with permission and consent of each other co-defendant and acted within the course and scope of such partnership, agency, venture. employment or conspiracy."

Plaintiff's allegations of a principal and/or agency relationship among Defendants, and the asserted nexus, are sufficient to allow our clients as the alleged agents and principal to invoke the benefits of mediation and arbitration pursuant to the Contract, even though they are not parties to the Contract. (*Thomas v. Westlake* (2012) 204 Cal. App. 4th 605, 614-615.) Of course, it would be patently unfair to United Lender, LLC, Shawn Ahdoot and Albert A. Ahdoot, and each of them, to allow your client as Plaintiff to invoke principal and/or agency relationships when it is to Plaintiff's advantage to do so, while also at the same to disavow those same principles and

SNIPPER, WAINER & MARKOFF
Andrew A. Smits, Esq.
*Re: United Lender, LLC adv. Nguyen*
February 13, 2020
Page 3 of 3

relationships when it is not. (*Smith v. Microskills San Diego* (2007) 153 Cal. App. 4th 892, 896-897 (an "agency relationship" makes it "equitable to impose the duty to arbitrate on a nonsignatory").)

In closing, as time is of the essence, as provided for in the at issue Contract, please confirm, in writing, that your client does agree to mediate and arbitrate the claims alleged by Plaintiff against United Lender, LLC, Shawn Ahdoot and Albert A. Ahdoot, and each of them, by no later than close of business, Tuesday, February 18, 2020. A failure to confirm that your clients agree to mediate and arbitrate its claims against United Lender, LLC, Shawn Ahdoot and Albert A. Ahdoot, and each of them, will be interpreted as a refusal to mediate and arbitration, and in that regard, we direct your attention to Paragraph 22(A)(B) of the Contract, among other provisions.

We await your response.

Very truly yours,

SNIPPER, WAINER & MARKOFF

Maurice Wainer
*mrwainer@swmfirm.com*

.
cc: Lawrence C. Meyerson, Esq.
   *(lcm@lcmplc.com)*

# EXHIBIT 59

Case 8:20-ap-01070-SC Doc 1-3 Filed 07/17/20 Entered 07/17/20 18:25:43 Desc
30-2020-01124778-CU-FR-CJC - ROA # 72 - Exhibit 52-73 Page 43 of 434
Electronically Filed by Superior Court of California, County of Orange, 07/17/20 02:23:43 PM.
Exhibit 52-73 - DMARS - Clerk of the Superior Court By Sonya Wilson, Deputy Clerk.

LAWRENCE C. MEYERSON (SBN 54136)
A PROFESSIONAL LAW CORPORATION
5521 Mission Rd., Ste 399
Bonsall, CA 92003
Telephone: (310) 827-3344
Email: ´½¹à´½³°´½ò½±³

MAURICE WAINER (SBN 121678)
SNIPPER WAINER & MARKOFF
232 North Canon Drive
Beverly Hills, CA 90210-5302
Telephone: (310) 550-5770
Email: ³®©¿·²»®à-©³°·®³ò½±³

Attorneys for Defendants
UNITED LENDER, LLC, a Nevada limited
liability company; SHAWN AHDOOT, an
individual; ALBERT A. AHDOOT, an individual

ÍËÐ ÛÎ×ÑÎ ÝÑÛÎì ÑÚ    ìØÛ ÎìBìÛ ÑÚ    ÝßÔ×ÚÑÎ×ß

ÚÑÎ ìØÛ ÝÑÛÒìÇ ÑÚ    ÑÎßÒÙ E – CENTRAL JUSTICE CENTER

| | | |
|---|---|---|
| ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, | ) | Case No. 30-2020-01124778-CU-FR-CJC |
| Plaintiff, | ) ) | Hon. Walter Schwarm, Judge Assigned for All Purposes, Department C19 |
| vs. | ) ) | ÎÛÏËÍÌ Ú    ÑÎ ÖËÜ×Ý×ßÔ ÒÑÎ×ÝÛ ×Ò |
| UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; and DOES 1 through 100, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ÍËÐÐÑÎÌ ÑÚ    ÓÛÑÛÛÎ ÌÛÒÜ×ÒÙ ÜÛÚÛÒDANTS' PÛÌ×Ì×ÑÒ ÌÒ ÝÑÑÐ ÛÛ BÌÐ×ÌÎßÌ×ÑÒ ßÒÜ ÌÒ ÌÒBÇ ßÝÌ×ÑÒ Ð    ÛÑÛ×ÑÛßÉßÌÛ ÑÚ    BÌÐ×ÌÎßÌÎ  ÅÚ´·»¼ ½±²¼²«®®»²¬´§ ©·¬  Ò±¬·½½» ±º Ð»¬·¬·½ Ò»±²´¼½²½·²¼¼«®½³ ±º Ð±½³»- ú ß«¬¾¬±½´·¬·½-â Ü»½½¿´¿ ¬·½³»ô ±º Ñ¿½«½½½½½ÿ Ð®½â¿½½¿ ¿¼ ±º Í½®½·½º Ð»½ã  DATE: June 30, 2020 TIME: 1:30 p.m. DEPT: C19  ÎÛÍ× ÒÑ½ªæ éííèèííì  Action filed: 01/15/2020 |
| Defendants. | ) ) ) | |

1

ÎÛÏ ÛÛÍÌ ÚÑÎ Î ÖËÛ×Ý×ßÔ ÒÑÛ×ÝÛ ×Ò ÍÛÐÐÑÎ ÛÛ BÌÐ×ÌÎßÌ×Ñ  Ò

Defendants UNITED LENDER, LLC, a Nevada limited liability company, SHAWN

AHDOOT, an individual, and ALBERT A. AHDOOT, an individual (collectively, the "Lender

Defendants") hereby request this Court to take judicial notice of the following documents, in

support of their Petition to Compel Arbitration and to Stay Action Pending Award of Arbitrator

(the "Petition") in the above-entitled action, as follows:

**Exhibit "1"**:   FIRST AMENDED COMPLAINT, FIRST AMENDED COMPLAINT FOR

DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF BASED ON:

(1I) WRONGFUL FORECLOSURE - FRAUD; (2) FRAUD AND DECEIT -

INTENTIONAL MISREPRESENTATION; (3) NEGLIGENCE; (4) BREACH

OF CONTRACT; (5) RELIEF RASF.1) ON RESCISSION OF CONTRACT;

(6) QUIETING TITLE; (7) CANCELLATION OF WRITTEN INSTRUMENTS;

(8) DECLARATORY RELIEF; AND (9) UNFAIR BUSINESS PRACTICES

VIOLATION OF BUS. & PROF. CODE SECTION 17200, ET SEQ.,

dated on or about 01/22/2020;

**Exhibit "2"**:   EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN,

TRUSTEE OF MOTHER NATURE TRUST, FOR TEMPORARY

RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE:

PRELIMINARY INJUNCTION; AND MEMORANDUM OF POINTS AND

AUTHORITIES IN SUPPORT THEREOF, dated 01/22/2020 ( ROA # 23);

**Exhibit "3"**:   DECLARATION OF ANH THY SONG NGUYEN IN SUPPORT OF EX

PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN,

TRUSTEE OF MOTHER NATURE TRUST, FOR TEMPORARY

RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE:

PRELIMINARY INJUNCTION, dated 01/22/2020 (ROA # 23).

**Exhibit "4"**:   NOTICE OF ENTRY OF JUDGMENT OR ORDER, dated on or about

02/12/2020, including attached ORDER GRANTING PLAINTIFF'S MOTION

FOR PRELIMINARY INJUNCTION; AND PRELIMINARY INJUNCTION,

issued 02/11/2020.

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAWRENCE C. MEYERSON,
A Professional Law Corporation


ñ-ñ *Ó¿©®»²½» Ýò Ó»§»®-±²*

Dated: February 20, 2020          By: _____
                                       Lawrence C. Meyerson, Esq.


SNIPPER, WAINER & MARKOFF



ñ-ñ *Ó¿«®·½» É²²®*

Dated: February 20, 2020          By: _____
                                       Maurice Wainer, Esq.

Attorneys for Defendants
UNITED LENDER, LLC, a Nevada limited
liability company; SHAWN AHDOOT, an
individual; ALBERT A. AHDOOT, an individual

3

# EXHIBIT "1"

# EXHIBIT "1"

1  Andrew A. Smits (State Bar No. 146659)
   Law Offices of Andrew A. Smits
2  36 Executive Park, Suite 160
   Irvine, California 92614-4794
3  Telephone: (949) 833-1025
   Email:      asmits@smits-law.com
4
   Attorney for Plaintiff Anh Thy Song Nguyen,
5  Trustee of Mother Nature Trust

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

| 11 ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, | Case No.: 30-2020-01124778-CU-FR-CJC Assigned to: Judge Walter Schwarm Dept. C19 |
|---|---|
| 12 | |
| 13   Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF BASED ON:** |
| 14   vs. | |
| 15 UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an | **(1) WRONGFUL FORECLOSURE – FRAUD;** |
| 16 individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an | |
| 17 individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware | **(2) FRAUD AND DECEIT – INTENTIONAL MISREPRESENTATION;** |
| 18 limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California | **(3) NEGLIGENCE;** |
| 19 limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, | **(4) BREACH OF CONTRACT;** |
| 20 an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; all | **(5) RELIEF BASED ON RESCISSION OF CONTRACT;** |
| 21 other persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in | |
| 22 the property described in the complaint adverse to Plaintiff's title, or any cloud upon | **(6) QUIETING TITLE;** |
| 23 Plaintiff's title thereto; and DOES 1 through 100, inclusive, | **(7) CANCELLATION OF WRITTEN INSTRUMENTS;** |
| 24        Defendants. | **(8) DECLARATORY RELIEF; AND** |
| 25 | **(9) UNFAIR BUSINESS PRACTICES – VIOLATION OF BUS. & PROF.** |
| 26 | **CODE SECTION 17200, ET SEQ.** |
| 27 | **DEMAND FOR JURY TRIAL** |
| 28 | Case filed: January 15, 2020 |

LAW OFFICES OF ANDREW A. SMITS
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust ("Plaintiff"), alleges on information and belief against defendants United Lender, LLC, Shawn Ahdoot, Albert A. Ahdoot, Megan E. Zucaro, Helping Others International, LLC, Western Fidelity Associates, LLC, dba Western Fidelity Trustees, John B. Spear, American Financial Center, Inc., all other persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto; and Does 1 through 100, inclusive as follows:

## GENERAL ALLEGATIONS

### The Plaintiff And The Subject Property

1.      Plaintiff Anh Thy Song Nguyen ("Plaintiff") is an individual and the Trustee of Mother Nature Trust. Plaintiff has resided in the County of Orange, State of California at all times relevant to this action. Plaintiff is and was the seller of residential real property known as 6475 Marigayle Circle, Huntington Beach, California 92648 with assessor's parcel number ("APN") 110-511-04 that is the subject of this action ("Subject Property"). The Subject Property has the following legal description:

"THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF HUNTINGTON BEACH, IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 2 OF TRACT NO. 15690, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON THE MAP FILED IN BOOK 835 OF MISCELLANEOUS MAPS, PAGE(S) 12 AND 13, RECORDS OF ORANGE COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 837-1025
Email: asmits@smits-law.com

2

1    DEEDS OF RECORD.

2

3    APN: 110-511-04"

4    **The Defendants**

5    2.    United Lender, LLC, a Nevada limited liability company ("United Lender"), has a

6    business office located at 3635 S. Fort Apache Road, Suite 200-20, Las Vegas, Nevada 89147.

7    United Lender purports to be the beneficiary under a first deed of trust on the Subject Property.

8    United Lender engaged in or participated in the acts and omissions alleged below.

9    3.    Shawn Ahdoot is an individual whose usual place of business is 3635 S. Fort

10    Apache Road, Suite 200-20, Las Vegas, Nevada 89147. Shawn Ahdoot is a president, principal,

11    agent, and alter ego of United Lender. Shawn Ahdoot engaged in or participated in the acts and

12    omissions alleged below.

13    4.    Albert A. Ahdoot ("Albert Ahdoot") is an individual whose usual place of

14    business is 3635 S. Fort Apache Road, Suite 200-20, Las Vegas, Nevada 89147. Albert Ahdoot

15    is a manager, principal, agent and alter ego of United Lender. Albert Ahdoot engaged in or

16    participated in the acts and omissions alleged below.

17    5.    Megan E. Zucaro ("Zucaro") is an individual who resides in the County of Los

18    Angeles, State of California. Zucaro is a manager, principal, agent, and alter ego of defendant

19    Helping Others International, LLC, a Delaware limited liability company (identified below), who

20    is and was the purported buyer of the Subject Property. Zucaro is also a licensed real estate

21    salesperson with a mailing address of 468 N. Camden Drive, Suite 201, Beverly Hills, California

22    90210. Zucaro's responsible broker is defendant John B. Spear identified below. Zucaro engaged

23    in or participated in the acts and omissions alleged below.

24    6.    Helping Others International, LLC, a Delaware limited liability company ("Helping

25    Others International"), has a business office located at 4110 Vanetta Place, Los Angeles,

26    California 91604. Helping Others International is and was the buyer of the Subject Property and is

27    the trustor or debtor under the first deed of trust on the Subject Property. Helping Others

28    International engaged in or participated in the acts and omissions alleged below.

LAW OFFICES OF ANDREW A. SMITS
16 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (919) 833-1025
Email: zanuts@amits-law.com

3

7.      Western Fidelity Associates, LLC, a California limited liability company, dba Western Fidelity Trustees ("Western Fidelity"), has a business office located at 1222 Crenshaw Boulevard, Suite "B," Torrance, California 90501. Western Fidelity is the trustee under the first deed of trust on the Subject Property and has recorded a Notice of Trustee's Sale with a date of sale set for January 27, 2020 at the Orange County Superior Court, Central Justice Center. Western Fidelity engaged in or participated in the acts and omissions alleged below.

8.      John B. Spear ("Spear") is an individual and a licensed real estate broker whose office mailing address is 4959 Palo Verde Street, Suite 205C, Montclair, California 91763. Spear is the responsible broker for Zucaro. Spear engaged in or participated in the acts and omissions alleged below.

9.      American Financial Center, Inc., a California corporation ("American Financial"), has its business office located at 14930 Ventura Boulevard, Suite 320, Sherman Oaks, California 91430. American Financial purports to be the beneficiary under the third deed of trust on the Subject Property. American Financial engaged in or participated in the acts and omissions alleged below.

10.      The Defendants herein named as "all other persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto" (hereinafter sometimes referred to as "the unknown defendants") are unknown to Plaintiff. The unknown defendants, and each of them, claim some right, title, estate, lien, or interest in the Subject Property adverse to Plaintiff's interest; and their claims, and each of them, constitute a cloud on Plaintiff's title to the Subject Property.

**Doe Defendants**

11.      The true names and capacities of those defendants, whether individual, corporate, associate, or otherwise, sued herein as Does 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities of these defendants when such information is ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a Doe defendant is legally responsible in some manner for the

4

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1    events, happenings and damages alleged herein.

2    **Defendants Are Agents Of Each Other And Co-conspirators**

3         12.    United Lender, Shawn Ahdoot, Albert Ahdoot, Zucaro, Helping Others

4    International, Western Fidelity, Spear, American Financial, and Does 1 through 100, inclusive

5    (hereinafter collectively referred to as "Defendants"), were at all times relevant herein the

6    principal, partner, co-venturer, agent, servant, employee, or co-conspirator of each of the

7    remaining co-defendants, and knowingly engaged in the acts and omissions alleged herein with

8    permission and consent of each other co-defendant and acted within the course and scope of such

9    partnership, agency, venture, employment or conspiracy.

10   **United Lender Is The Alter Ego Of Shawn Ahdoot And Albert Ahdoot**

11        13.    There exists, and at all times herein mentioned there existed, a unity of interest and

12   ownership between Shawn Ahdoot and Albert Ahdoot, on the one hand, and United Lender, on the

13   other hand, such that any individuality and separateness among Shawn Ahdoot, Albert Ahdoot and

14   United Lender has ceased.  In this regard, Plaintiff is informed and believes that:

15        a.    There is identical equitable or common ownership in United Lender.

16   Shawn Ahdoot and Albert Ahdoot are members, managers, and principals of United Lender.

17        b.    Shawn Ahdoot and Albert Ahdoot treat the assets of United Lender as their

18   own.

19        c.    Shawn Ahdoot and Albert Ahdoot and United Lender have or had the same

20   principal place of business in the State of Nevada.

21        d.    Shawn Ahdoot and Albert Ahdoot and United Lender share or shared

22   office facilities, equipment, employees, marketing materials, utilities, and other expenses incurred

23   in operating a business.

24        e.    United Lender is undercapitalized and lacks corporate assets.

25        f.    There is a disregard of legal formalities and a failure to maintain an arm's

26   length relationship between United Lender, on the one hand, and Shawn Ahdoot and Albert

27   Ahdoot, on the other hand, in that they fail to maintain adequate corporate records and confuse the

28   records and identities of each.

LAW OFFICES OF ANDREW A. SMITH
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone  (949) 833-4025
Email  asmith@smith-law.com

5

g.     United Lender fails to file required records and reports with governmental agencies and is not qualified to transact mortgage loan business in California.

h.     United Lender, Shawn Ahdoot and Albert Ahdoot contract with others with intent to avoid performance by use of the corporate entity as a shield against personal liability, or use the corporate entity as a subterfuge.

i.     United Lender is the alter ego of Shawn Ahdoot, and that Shawn Ahdoot is the alter ego of United Lender, in that United Lender, at all times herein mentioned was, a mere shell, instrumentality and conduit through which Shawn Ahdoot carried on his activities, exercising complete control and dominance of the corporate entity to such an extent that any individuality or separateness of the corporate entities from the individual does not, and at all times herein, did not exist.

j.     United Lender is the alter ego of Albert Ahdoot, and that Albert Ahdoot is the alter ego of United Lender, in that United Lender, at all times herein mentioned was, a mere shell, instrumentality and conduit through which Albert Ahdoot carried on his activities, exercising complete control and dominance of the corporate entity to such an extent that any individuality or separateness of the corporate entities from the individual does not, and at all times herein, did not exist.

14.     Based on the foregoing, adherence to the fiction to the separate existence of United Lender, as an entity distinct from Shawn Ahdoot and Albert Ahdoot would permit an abuse of the corporate privilege and would sanction fraud or promote injustice.

**Helping Others International Is The Alter Ego Of Zucaro**

15.     There exists, and at all times herein mentioned there existed, a unity of interest and ownership between Zucaro, on the one hand, and Helping Others International, on the other hand, such that any individuality and separateness between Zucaro and Helping Others International has ceased. In this regard, Plaintiff is informed and believes that:

a.     There is identical equitable or common ownership in Helping Others International. Zucaro is the sole member, manager, and principal of Helping Others International.

b.     Zucaro treats the assets of Helping Others International as her own.

LAW OFFICES OF ANDREW A. SMITS
16 Executive Park
Suite 100
Irvine, California 92614-4794
Telephone: (949) 851-1025
Email: asmits@smits-law.com

6

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND
DEMAND FOR JURY TRIAL

1           c.      Zucaro and Helping Others International have or had the same principal

2 place of business in the State of California.

3           d.      Zucaro and Helping Others International share or shared office facilities,

4 equipment, employees, marketing materials, utilities, and other expenses incurred in operating a

5 business.

6           e.      Helping Others International is undercapitalized and lacks corporate assets.

7           f.      There is a disregard of legal formalities and a failure to maintain an arm's

8 length relationship between Helping Others International, on the one hand, and Zucaro, on the

9 other hand, in that they fail to maintain adequate corporate records and confuse the records and

10 identities of each.

11           g.      Helping Others International fails to file required records and reports with

12 governmental agencies. For instance, Helping Others International is not registered with the

13 California Secretary of State, nor is it qualified to do business in the State of California.

14           h.      Helping Others International and Zucaro contract with others with intent to

15 avoid performance by use of the corporate entity as a shield against personal liability, or use the

16 corporate entity as a subterfuge.

17           i.      Helping Others International is the alter ego of Zucaro, and that Zucaro is

18 the alter ego of Helping Others International, in that Helping Others International, at all times

19 herein mentioned was, a mere shell, instrumentality and conduit through which Zucaro carried on

20 her activities, exercising complete control and dominance of the corporate entity to such an extent

21 that any individuality or separateness of the corporate entities from the individual does not, and at

22 all times herein, did not exist.

23      16.     Based on the foregoing, adherence to the fiction to the separate existence of

24 Helping Others International, as an entity distinct from Zucaro would permit an abuse of the

25 corporate privilege and would sanction fraud or promote injustice.

26 **Allegations Common To All Causes Of Action**

27      17.     Sometime in March 2019, Plaintiff received a call from Zucaro who stated she was a

28 real estate broker and interested in buying the Subject Property. The Subject Property was not

<center>7</center>

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND
DEMAND FOR JURY TRIAL

1    listed for sale at that time. Zucaro asked Plaintiff how much she would sell the Subject Property

2    for, and Plaintiff stated she would sell the Subject Property for $2.5 million. Zucaro stated she did

3    not have sufficient funds at the time but she was willing to pay $3 million if Plaintiff would carry a

4    promissory note secured by a second deed of trust for one year since Zucaro has other properties

5    that she was selling and would be able to pay off the notes. Zucaro also stated she wanted to

6    receive a $150,000 commission since she has a real estate license and that she would increase the

7    price to $3.150 million for her commission. Zucaro stated she had a private lender with whom she

8    had worked in many transactions in the past seven years and has never defaulted, causing the

9    private lender to be interested in lending to her on the Subject Property. Initially, Zucaro said the

10   lender would lend $2.1 million if Plaintiff agreed to carry the balance of the purchase price. Later,

11   Zucaro stated the lender came back to her and wanted to lend only $1.9 million and asked if

12   Plaintiff would carry the difference, because Zucaro was is in the process of selling other properties

13   and would be able to pay the note within the year. Thereafter, Plaintiff agreed to sell the Subject

14   Property on terms discussed with Zucaro. Escrow closed May 3, 2019. Attached hereto and

15   incorporated herein by this reference as **Exhibit "A"** is a copy of the California Residential

16   Purchase Agreement and Joint Escrow Instructions dated March 26, 2019 for sale of the Subject

17   Property ("Purchase Agreement"), including Escrow Instructions dated April 5, 2019 and

18   Amendment dated May 1, 2019. Attached hereto as **Exhibit "B"** is a copy of the Deed of Trust,

19   Assignment of Leases, Rents, and Profits, Security Agreement and Fixture Filing recorded May 2,

20   2019 as Instrument Number 2019000146649 ("First Deed of Trust") on the Subject Property.

21   Attached hereto as **Exhibit "C"** is a copy of the Deed of Trust and Assignment of Rents recorded

22   May 2, 2019 ("Second Deed of Trust") on the Subject Property. Attached hereto as **Exhibit "D"** is

23   a copy of the Note Secured by Deed of Trust dated May 1, 2019, which is secured by the Second

24   Deed of Trust.

25         18.    After the first payment came due on Plaintiff's note secured by the Second Deed of

26   Trust, Zucaro stated to Plaintiff that she wanted a little more time to pay since she was in the process

27   of selling their properties. Helping Others International did not pay the first payment due under

28   Plaintiff's note. When the second month's payment came due, Zucaro stated to Plaintiff that she or

LAW OFFICES OF ANDREW A. SMITS
16 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

8

1  Helping Others International was obtaining another loan to pay the obligation owed to Plaintiff.

2  Helping Others International did not make the second payment due under Plaintiff's note. When the

3  third month's payment came due on Plaintiff's note, Plaintiff discovered that Helping Others

4  International had not paid the gardener or the pool service for the Subject Property; nor did it pay the

5  third payment due under Plaintiff's note; nor has it paid any sum due under Plaintiff's note.

6        19.    On or about July 1, 2019, Helping Others International obtained a loan in the amount

7  of $75,000 secured by a third deed of trust on the Subject Property. The loan was funded by

8  American Financial, who purports to be the beneficiary under a third deed of trust. A copy of the

9  Deed of Trust with Assignment of Rents recorded July 16, 2019 as Instrument Number

10  2019000254315 is attached hereto as **Exhibit "E"** ("Third Deed of Trust").

11        20.    On September 18, 2019, the beneficiary under the First Deed of Trust, United

12  Lender, caused its trustee, Western Fidelity, to record in the Orange County Recorder's office a

13  Notice of Default and Election to Sell Under Deed of Trust, a copy of which is attached hereto as

14  **Exhibit "F."**

15        21.    On December 11, 2019, a substitution of trustee was recorded with respect to the

16  First Deed of Trust. A copy of the Substitution of Trustee dated October 15, 2019 and signed by

17  Shawn Ahdoot is attached hereto as **Exhibit "G."**

18        22.    On December 20, 2019, the beneficiary under the First Deed of Trust, United

19  Lender, caused its trustee, Western Fidelity, to record in the Orange County Recorder's office a

20  Notice of Trustee's Sale, a copy of which is attached hereto and incorporated herein by this

21  reference as **Exhibit "H,"** setting the date of sale for January 27, 2020 at 1:30 p.m. at the Orange

22  County Superior Court, Central Justice Center.

23        23.    Since being notified of the trustee's sale set for January 27, 2020 on the First Deed

24  of Trust, Plaintiff discovered the beneficiary under the First Deed of Trust, United Lender, sent a

25  letter to a broker for a reported $30,000 unsecured loan to Zucaro and Helping Others

26  International, stating Zucaro and Helping Others were current on the loan secured by the First

27  Deed of Trust. This letter indicates that there was no default and the Notice of Trustee's Sale (Ex.

28  "H") setting the foreclosure sale on the First Deed of Trust for January 27, 2020 is fraudulent and

<center>9</center>

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND
DEMAND FOR JURY TRIAL

1  illegal.  Attached hereto as **Exhibit "I"** is a letter from United Lender to Hope Adams, chief

2  executive officer of 5 Star Business Funders, dated July 17, 2019 wherein Shawn Ahdoot

3  represents that Zucaro and Helping Others International were "up to date" on the mortgage loan on

4  the Subject Property.  This letter was sent by United Lender to assist Zucaro and Helping Others

5  International in obtaining a reported $30,000 unsecured loan.

6      24.    Plaintiff has discovered that Zucaro, Helping Others International, United Lender,

7  Shawn Ahdoot, Albert Ahdoot, Western Fidelity, Spear, and American Financial, among others,

8  have engaged in fraudulent real estate and loan transactions similar to the transaction involving

9  Plaintiff and the Subject Property.  In these fraudulent transactions, Helping Others International

10  (and Zucaro) acts as the buyer, the sellers take a note secured by a second deed of trust, Helping

11  Others International (and Zucaro) defaults on a loan provided by United Lender, Shawn Ahdoot,

12  Albert Ahdoot (or an entity related to these Defendants) and secured by the first deed of trust, and

13  the beneficiary under the first deed of trust initiates foreclosure proceedings through trustee

14  Western Fidelity to eliminate junior lienholders, including the beneficiary under the second deed

15  of trust.  Furthermore, American Financial purportedly loaned $75,000 to Helping Others

16  International and obtained a third deed of trust in connection therewith on the real property located

17  in Agua Dulce referenced below.  Other real properties that are the subject of Defendants'

18  fraudulent scheme include: 10434 Calling Road, Agua Dulce, California 91390; 4110 Vanetta

19  Place, Studio City, California 91604; 28340 Locust Avenue, Moreno Valley, California 92555;

20  and 422 North Soto Street, Los Angeles California 90033.  The most recent purchase of real

21  property, which is the property located at 422 North Soto Street, Los Angeles, California, by

22  Zucaro and Helping Others International using a loan from United Lender, recently closed escrow

23  on November 26, 2019.  No legitimate lender would loan to a buyer, such as Helping Others

24  International, who has a history of defaults, unless the lender is participating in a fraudulent

25  scheme to steal an owner's equity in the real property.

26  **Venue In This Court Is Proper**

27      25.    The Subject Property, the scheduled trustee's sale, and Plaintiff are located in

28  Orange County, California.  Furthermore, the California Residential Purchase Agreement and

LAW OFFICES OF ANDREW A. SMITS
56 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

10

1  Joint Escrow Instructions for the Subject Property was entered into in Orange County, California.

2  (Code Civ. Proc. § 395, subd. (a).)

3  <div align="center">**FIRST CAUSE OF ACTION**</div>

4  <div align="center">**(Wrongful Foreclosure-Fraud)**</div>

5  **(Against Defendants United Lender, Shawn Ahdoot, Albert Ahdoot, Zucaro, Helping Others**

6  <div align="center">**International, Western Fidelity, Spear, and Does 1 through 50)**</div>

7       26.    Plaintiff incorporates herein by this reference each and every allegation set forth

8  above in paragraphs 1 through 25, inclusive.

9       27.    Defendants United Lender, Shawn Ahdoot, Albert Ahdoot, Zucaro, Helping Others

10  International, Western Fidelity and Does 1 through 50 caused the recording of an illegal,

11  fraudulent or willfully oppressive notice of trustee's sale with a sale date of January 27, 2020

12  pursuant to the First Deed of Trust on the Subject Property.

13       28.    Defendants' wrongful conduct, unless and until enjoined and restrained by order of

14  this Court, will cause great and irreparable injury to Plaintiff because Plaintiff's junior lien and

15  beneficiary interest under the Second Deed of Trust on the Subject Property will be eliminated if

16  Defendants' foreclosure sale occurs on January 27, 2020 pursuant to the notice of trustee's sale.

17       29.    Plaintiff has no adequate remedy at law for the injuries she will sustain if the

18  foreclosure sale is not enjoined.

19       30.    As a proximate result of Defendants' wrongful conduct, Plaintiff has been damaged

20  in an amount exceeding $25,000 according to proof at trial.

21  <div align="center">**SECOND CAUSE OF ACTION**</div>

22  <div align="center">**(Fraud And Deceit – Intentional Misrepresentation)**</div>

23  **(Against Defendants United Lender, Shawn Ahdoot, Albert Ahdoot, Zucaro, Helping Others**

24  <div align="center">**International, Western Fidelity, Spear, and Does 1 through 50)**</div>

25       31.    Plaintiff incorporates herein by this reference each and every allegation set forth

26  above in paragraphs 1 through 30, inclusive.

27       32.    Defendants, including Helping Others International and Zucaro who failed to make

28  any payments due on the loans secured by the First Deed of Trust and Second Deed of Trust on

<div align="center">11</div>

LAW OFFICES OF ANDREW A. SMITS
16 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 873-1025
Email: asmits@asmits-law.com

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND
DEMAND FOR JURY TRIAL

1    the Subject Property, had no intention of complying with the terms of the promissory notes,

2    paying the sums due under the notes, effecting a lawful purchase of the Subject Property, or

3    effecting a lawful non-judicial foreclosure sale. Instead, Defendants seek to, among other things,

4    steal Plaintiff's equity in the Subject Property.

5        33.    When Defendants made the representations to Plaintiff as alleged above, they knew

6    them to be false and made these representations with the intention to induce Plaintiff to act in

7    reliance on these representations in the manner alleged herein, or with the expectation that

8    Plaintiff would so act.

9        34.    As a direct and proximate result of the fraudulent conduct of Defendants, Plaintiff

10   has been damaged in an amount exceeding $25,000.00 according to proof at trial.

11       35.    As a further direct and proximate result of the fraudulent conduct of Defendants,

12   Plaintiff will continue to incur damages in connection with a wrongful foreclosure sale that is set

13   for January 27, 2020 that is intended to eliminate Plaintiff's junior secured interest in the Subject

14   Property.

15       36.    Defendants perpetrated the above acts in a knowing, willful, wanton, malicious,

16   fraudulent, and oppressive manner, and with the intent and purpose of advancing their own

17   interests at the expense of and disregard for Plaintiff's rights and interests. As a result, Plaintiff is

18   entitled to punitive and exemplary damages against Defendants in a sum to be determined at trial.

19                            **THIRD CAUSE OF ACTION**

20                                **(Negligence)**

21   **(Against Defendants United Lender, Shawn Ahdoot, Albert Ahdoot, Zucaro, Helping Others**

22        **International, Western Fidelity, Spear, and Does 1 through 50)**

23       37.    Plaintiff incorporates herein by this reference each and every allegation set forth

24   above in paragraphs 1 through 36, inclusive.

25       38.    The representations made by Defendants were in fact false. The true facts were

26   Defendants, including Helping Others International and Zucaro who failed to make any payments

27   due on the loans secured by the First Deed of Trust and Second Deed of Trust on the Subject

28   Property, could not comply with the terms of the promissory notes and paying the sums due on the

12

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone (949) 833-1025
Email. asmits@smits-law.com

1  loans. Furthermore, the Notice of Default and Notice of Trustee's Sale with respect to the First

2  Deed of Trust are based on false pretenses and fraudulent information. Defendants seek to, among

3  other things, steal Plaintiff's equity in the Subject Property.

4    39. When Defendants made the representations alleged above, they had no reasonable

5  basis for believing them to be true.

6    40. Defendants made these representations with the intention of inducing Plaintiff to

7  act in reliance on these representations in the manner alleged herein, or with the expectation that

8  Plaintiff would so act.

9    41. Plaintiff, at the time these representations were made by Defendants and at the time

10  Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendant's representations

11  and believed them to be true. In reliance on these representations, Plaintiff was induced to and did

12  enter into the Purchase Agreement for the sale of the Subject Property (Ex. "A"). Had Plaintiff

13  known the actual facts, she would not have taken the actions alleged herein. Plaintiff's reliance on

14  Defendants representations was justified.

15    42. As a direct and proximate result of the negligence of Defendants, Plaintiff has been

16  damaged in an amount exceeding $25,000.00 according to proof at trial.

17    43. As a further direct and proximate result of the negligence of Defendants, Plaintiff

18  will continue to incur damages in connection with a wrongful foreclosure sale that is set for

19  January 27, 2020 that is intended to eliminate Plaintiff's junior secured interest in the Subject

20  Property.

21  **FOURTH CAUSE OF ACTION**

22  **(Breach Of Contract)**

23  **(Against Defendants Zucaro, Helping Others International, Spear, and Does 1 through 50)**

24    44. Plaintiff incorporates herein by this reference each and every allegation set forth

25  above in paragraphs 1 through 43, inclusive.

26    45. Plaintiff performed all conditions, covenants, and promises required on her part to

27  be performed in accordance with the terms and conditions of the Purchase Agreement.

28  //

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (919) 831-1025
Email: asmits@smits-law.com

13

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND
DEMAND FOR JURY TRIAL

46.     Defendants breached the Purchase Agreement by failing to perform their duties and obligations required by the Purchase Agreement as alleged above.

47.     As a result of Defendants' breach of the Purchase Agreement, Plaintiff has been damaged, and will continue to suffer damages in an amount exceeding $25,000.00 according to proof at trial.

## FIFTH CAUSE OF ACTION

### (Relief Based On Rescission Of Contract)

### (Against Defendants Zucaro, Helping Others International, Spear, and Does 1 through 50)

48.     Plaintiff incorporates herein by this reference each and every allegation set forth above in paragraphs 1 through 47, inclusive.

49.     Defendants procured the Purchase Agreement by fraudulent means as alleged above.

50.     Plaintiff has suffered and will suffer substantial harm and injury under the Purchase Agreement if it is not rescinded.

51.     Plaintiff intends service of the summons and complaint in this action to serve as notice of rescission of the Purchase Agreement and hereby offers to restore all consideration furnished by Defendants under the Purchase Agreement, on the condition that Defendants restore all the consideration furnished by Plaintiff, including: all Plaintiff's rights, title and interests in the Subject Property, including possession thereof; and reimbursement of all damages, fees, costs and expenses incurred in connection with, related to and arising from the Purchase Agreement including attorney fees, costs and pre-judgment interest.

## SIXTH CAUSE OF ACTION

### (Quieting Title)

### (Against All Defendants)

52.     Plaintiff incorporates herein by this reference each and every allegation set forth above in paragraphs 1 through 51, inclusive.

53.     Based on the fraudulent circumstances surrounding the purchase of the Subject Property and the creation of secured interests in the Subject Property as alleged above, Plaintiff is

14

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone  (949) 833-1023
Email  asmits@smits-law.com

1  entitled to rescission of the Purchase Agreement and restoration as the lawful sole owner of the

2  Subject Property.

3     54.    Plaintiff seeks to quiet title to the Subject Property as to the adverse claims of all

4  Defendants, including Helping Others International, Zucaro, United Lender, American Financial,

5  and all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the

6  Subject Property adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto.

7     55.    Plaintiff seeks a quiet title determination as of March 25, 2019, the day before the

8  fraudulently procured Purchase Agreement.  Plaintiff requests title be quieted in her name as of

9  such date which is consistent with rescission of the Purchase Agreement and placing her in the

10  position she held before entering into the Purchase Agreement.

11                     **SEVENTH CAUSE OF ACTION**

12                     **(Cancellation Of Written Instruments)**

13  **(Against Defendants Zucaro, Helping Others International, Spear, United Lender,**

14                  **American Financial, and Does 1 through 50)**

15     56.    Plaintiff incorporates herein by this reference each and every allegation set forth

16  above in paragraphs 1 through 55, inclusive.

17     57.    As alleged above, the Purchase Agreement (Ex. "A") was procured by fraud and is

18  voidable against Plaintiff.  Likewise, the Grant Deed dated May 1, 2019 and recorded May 2,

19  2019 as Instrument Number 2019000146648 from Plaintiff to Helping Others International, which

20  was executed in connection with the fraudulently obtained Purchase Agreement is voidable; and a

21  copy of the Grant Deed is attached hereto as **Exhibit "J."**

22     58.    Similarly, the First Deed of Trust recorded May 2, 2019 as Instrument Number

23  2019000146649 (Ex. "B") and the Third Deed of Trust recorded July 16, 2019 as Instrument

24  Number 2019000254315 (Ex. "E") were procured by fraud as alleged above.

25     59.    If the Purchase Agreement, Grant Deed, First Deed of Trust, and Third Deed of

26  Trust are left outstanding, there is a reasonable apprehension that these instruments may cause

27  additional serious injury to Plaintiff.

28     60.    Plaintiff has been damaged, and will continue to suffer damages in an amount

15

LAW OFFICES OF ANDREW A. SMITS
16 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
E-mail: asmits@smits-law.com

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND
DEMAND FOR JURY TRIAL

1  exceeding $25,000.00 according to proof at trial.

2      61.    Defendants perpetrated the above acts in connection with procuring, creating and

3  recording these instruments in a knowing, willful, wanton, malicious, fraudulent, and oppressive

4  manner, and with the intent and purpose of advancing their own interests at the expense of and

5  disregard for Plaintiff's rights and interests.  As a result, Plaintiff is entitled to punitive and

6  exemplary damages against Defendants in a sum to be determined at trial.

7                          **EIGHTH CAUSE OF ACTION**

8                              **(Declaratory Relief)**

9                            **(Against All Defendants)**

10      62.    Plaintiff incorporates herein by this reference each and every allegation set forth

11  above in paragraphs 1 through 61, inclusive.

12      63.    An actual controversy has arisen and now exists between Plaintiff, on the one hand,

13  and Defendants, on the other hand, concerning the following matters:

14          (a)    Defendants' notice of trustee's sale setting a foreclosure sale for January 27,

15  2020 with respect to the First Deed of Trust on the Subject Property is fraudulent and must be

16  enjoined;

17          (b)    Plaintiff is entitled to rescission of the Purchase Agreement and restoration

18  of all the consideration furnished by Plaintiff under the Purchase Agreement;

19          (c)    The Purchase Agreement, Grant Deed, First Deed of Trust, and Third Deed

20  of Trust are instruments that should be cancelled;

21          (d)    Plaintiff should be declared the sole owner of the Subject Property;

22          (e)    Defendants, including Helping Others International, Zucaro, United Lender,

23  and American Financial and the unknown defendants, should be declared to have no right, title,

24  estate, lien, or interest in the Subject Property adverse to Plaintiff's interest; and

25          (f)    Plaintiff is entitled to recover her attorney fees and costs under the Purchase

26  Agreement and California law.

27      64.    A judicial declaration is necessary and appropriate at this time under the

28  circumstances in order that the parties may ascertain their rights and duties with respect to the

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4791
Telephone: (949) 833-1025
Email: asmits@smits-law.com

16

1     matters identified above.

2     **NINTH CAUSE OF ACTION**

3     **(Unfair Business Practices – Violation Of Bus. & Prof. Code Section 17200, Et Seq.)**

4     **(Against All Defendants)**

5     65.     Plaintiff incorporates herein by this reference each and every allegation set forth

6     above in paragraphs 1 through 64, inclusive.

7     66.     Class Definition. Plaintiff brings this suit as a class action pursuant to Business and

8     Professions Code section 17203 and Code of Civil Procedure section 382, on behalf of herself and

9     all other similarly-situated persons as a member of a Class defined as follows:

10     All persons who reside in California and who sold real property to Defendants, including

11     their co-conspirators, within the last four years of the date of the filing of this Complaint.

12     67.     Numerosity. The proposed Class is sufficiently numerous in that real property is

13     regularly sold in California. Class members are so numerous and are dispersed throughout

14     California that joinder of all Class members is impracticable. Class members can be identified by,

15     *inter alia,* records maintained by the Defendants.

16     68.     Common Questions of Fact and Law. Common questions of fact and law exist as to

17     all members of the Class and predominate over any questions affecting solely individual members

18     of the Class. Among the questions of fact and law that predominate over any individual issues are:

19          (a)     Whether Defendants violated the California Business and Professions Code

20             as alleged above;

21          (b)     Whether Defendants' practice was "unfair" within the meaning of the UCL;

22             and

23          (c)     Whether Class members lost money or property as a result of Defendants'

24             violations of section 17200.

25     69.     Beginning at an exact date unknown to Plaintiff but at least since January 1, 2018,

26     Defendants have committed acts of unfair competition, as defined by Business and Professions

27     Code section 17200, by engaging in the practices alleged with respect to Plaintiff and the Subject

28     Property and the four other instances involving the purchase of real property as alleged above.

LAW OFFICES OF ANDREW A. SMITS
16 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

17

70.     These acts and practices, as described above, violate Business and Professions Code section 17200 in the following respects:

(a)     Defendants' conduct violates the Business and Professions Code as alleged above and, consequently, constitutes an unlawful business act of practice within the meaning of Business and Professions Code section 17200.

(b)     Defendants' conduct threatens an incipient violation of a consumer/antitrust law, including but not limited to the Business and Professions Code as alleged above, or violates the policy or spirit of such law or otherwise significantly threatens or harms competition.

(c)     Defendants' conduct is likely to mislead the general public and, consequently, constitutes a fraudulent business act or practice within the meaning of Business and Professions Code section 17200.

(d)     Defendants' acts of untrue and misleading representations are incorporated herein by this reference and are, by definition, violations of Business and Professions Code section 17200.

71.     The unlawful, unfair, and fraudulent business practices of Defendants as described herein present a continuing threat to members of the public.

72.     Plaintiff and other members of the general public have no other adequate remedy of law.

73.     As a result of the aforementioned acts, Plaintiff and Class members have lost money or property and suffered injury in fact. Defendants received and continue to hold unlawfully obtained interests in real property belonging to members of the public who are harmed, as well as Plaintiff's losses described above.

//

//

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4791
Telephone: (949) 833-1625
Email: aamits@smits-law.com

18

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND DEMAND FOR JURY TRIAL

1                                      **PRAYER**

2          WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as

3 follows:

4 **On The First Cause Of Action For Wrongful Foreclosure - Fraud:**

5          1.      For an order requiring Defendants to show cause, if any they have, why they should

6 not be enjoined as set forth in this complaint, during the pendency of this action;

7          2.      For a temporary restraining order, preliminary injunction and permanent injunction

8 all enjoining Defendants, and each of them, and their agents, servants, and employees, and all

9 persons acting under, in concert with, or for them: (a) from proceeding with the trustee's sale set

10 for January 27, 2020 at 1:30 p.m. on the First Deed of Trust; (b) from encumbering the Subject

11 Property; and (c) any and all other wrongful or unlawful actions;

12          3.      For damages in an amount according to proof at trial;

13          4.      For pre-judgment interest accruing at ten percent (10%) per year in an amount

14 according to proof at trial;

15          5.      For exemplary and punitive damages in an amount according to proof at trial;

16 **On The Second Cause Of Action For Fraud and Deceit – Intentional Misrepresentation:**

17          6.      For an order requiring Defendants to show cause, if any they have, why they should

18 not be enjoined as set forth in this complaint, during the pendency of this action;

19          7.      For a temporary restraining order, preliminary injunction and permanent injunction

20 all enjoining Defendants, and each of them, and their agents, servants, and employees, and all

21 persons acting under, in concert with, or for them: (a) from proceeding with the trustee's sale set

22 for January 27, 2020 at 1:30 p.m. on the First Deed of Trust; (b) from encumbering the Subject

23 Property; and (c) any and all other wrongful or unlawful actions;

24          8.      For damages in an amount according to proof at trial;

25          9.      For pre-judgment interest accruing at ten percent (10%) per year in an amount

26 according to proof at trial;

27          10.      For exemplary and punitive damages in an amount according to proof at trial;

28 // 

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone (949) 833-1025
Email: asmits@smits-law.com

19

**On The Third Cause Of Action For Negligence:**

11.      For damages in an amount according to proof at trial;

12.      For pre-judgment interest accruing at ten percent (10%) per year in an amount according to proof at trial;

**On The Fourth Cause Of Action For Breach Of Contract:**

13.      For damages in an amount according to proof at trial;

14.      For pre-judgment interest accruing at ten percent (10%) per year in an amount according to proof at trial;

15.      For attorney fees and costs pursuant to the Purchase Agreement;

**On The Fifth Cause Of Action For Rescission Of Contract:**

16.      For a judgment, order, and declaration from this Court that the Purchase Agreement is rescinded;

17.      For damages in an amount according to proof at trial;

18.      For pre-judgment interest accruing at ten percent (10%) per year in an amount according to proof at trial;

19.      For attorney fees and costs pursuant to the Purchase Agreement;

**On The Sixth Cause Of Action For Quieting Title:**

20.      For a judgment that Plaintiff is the owner in fee simple of the Subject Property and that Defendants have no interest in the Subject Property adverse to Plaintiff;

21.      For a judgment that Defendants be enjoined from making any further claim to the Subject Property adverse to Plaintiff, by legal action or otherwise.

**On The Seventh Cause Of Action For Cancellation Of Instruments:**

22.      That the Purchase Agreement (Ex. "A"), Grant Deed recorded May 2, 2019 as Instrument Number 2019000146648 Number (Ex. "J"), First Deed of Trust recorded May 2, 2019 as Instrument Number 2019000146649 (Ex. "B"), and Third Deed of Trust recorded July 16, 2019 as Instrument Number 2019000254315 (Ex. "E") all be declared void;

23.      That Defendants deliver the Purchase Agreement, Grant Deed, First Deed of Trust, and Third Deed of Trust to the clerk of the court for cancellation.

LAW OFFICES OF ANDREW A. SMITH
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: aasmith@smith-law.com

20

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND DEMAND FOR JURY TRIAL

1    24.    For damages in an amount according to proof at trial;

2    25.    For pre-judgment interest accruing at ten percent (10%) per year in an amount

3    according to proof at trial;

4    26.    For exemplary and punitive damages in an amount according to proof at trial;

5    **On The Eighth Cause Of Action For Declaratory Relief:**

6    27.    For a declaration from this Court as follows:

7    (a)    Defendants' notice of trustee's sale setting a foreclosure sale for January 27,

8    2020 with respect to the First Deed of Trust on the Subject Property is fraudulent, invalid and

9    enjoined;

10    (b)    The Purchase Agreement is rescinded, and all the consideration furnished

11    by Plaintiff under the Purchase Agreement is restored to Plaintiff;

12    (c)    The Purchase Agreement, Grant Deed, First Deed of Trust, and Third Deed

13    of Trust are cancelled;

14    (d)    Plaintiff is the sole owner of the Subject Property;

15    (e)    Defendants, including Helping Others International, Zucaro, United Lender,

16    and American Financial and the unknown defendants, have no right, title, estate, lien, or interest in

17    the Subject Property adverse to Plaintiff's interest; and

18    (f)    Plaintiff shall recover from Defendants her attorney fees and costs under the

19    Purchase Agreement and California law.

20    **On The Ninth Cause Of Action For Violation Of Business And Professions Code Section**

21    **17200, Et Seq.:**

22    28.    Pursuant to Business and Professions Code section 17203 and pursuant to the

23    equitable powers of this Court, Plaintiff prays that the Defendants be preliminarily and

24    permanently enjoined from: foreclosing on any secured interest they may claim to have in the

25    Subject Property, including the trustee's sale set for January 27, 2020, and any other real property;

26    29.    Pursuant to Business and Professions Code sections 17203 and pursuant to the

27    equitable powers of this Court, Plaintiff prays that the Defendants be ordered to restore to Plaintiff

28    and the general public all consideration furnished by Plaintiff and the general public, including all

LAW OFFICES OF ANDREW A. SMITS
30 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone (949) 833-1023
Email asmits@smits-law.com

21

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND
DEMAND FOR JURY TRIAL

1   rights, title and interests in real property, including possession thereof and reimbursement of all

2   damages, fees, costs and expenses incurred in connection with, related to and arising from the

3   Purchase Agreement including attorney fees, costs and pre-judgment interest, in any and all real

4   estate purchase transactions declared by this Court to be unlawful or fraudulent or to constitute

5   unfair competition under Business and Professions Code section 17200, et seq.;

6      30.   For attorney fees pursuant to Code of Civil Procedure section 1021.5;

7      31.   For pre-judgment interest accruing at ten percent (10%) per year on all sums

8   ordered to be restored to Plaintiff and the general public;

9   **On All Causes Of Action:**

10     32.   For attorney fees and costs of suit incurred in this action; and

11     33.   For such other and further relief as the Court may deem just and proper.

12

13   Dated: January 20, 2020                    LAW OFFICES OF ANDREW A. SMITS

14

15

16   By: _____

17   Andrew A. Smits
     Attorney for Plaintiff Anh Thy Song Nguyen,
18   Trustee of Mother Nature Trust

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
16 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

22

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND
DEMAND FOR JURY TRIAL

**VERIFICATION**

I, Anh Thy Song Nguyen, Trustee for Mother Nature Trust, am the plaintiff in the above-entitled proceeding.  I have read the cause of action for Quieting Title in the First Amended Complaint for Damages, Equitable and Injunctive Relief and know the contents thereof.  The same is true of my own knowledge, except as to those matters that are stated on information and belief, and as to those matters, I believe it to be true.  This Verification is limited to the Quieting Title cause of action only.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 20, 2020

Anh Thy Song Nguyen,
Trustee of Mother Nature Trust

LAW OFFICES OF ANDREW A. SMETS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 831-1025
Email: asmets@smets-law.com

1

VERIFICATION

776

1

## DEMAND FOR JURY TRIAL

2    Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust, hereby demands a jury

3    trial in the above-captioned action.

4

5    Dated: January 20, 2020                          LAW OFFICES OF ANDREW A. SMITS

6

7

8    By: _____

9                                                     Andrew A. Smits
                                                      Attorney for Plaintiff Anh Thy Song Nguyen,
10                                                    Trustee of Mother Nature Trust

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

DEMAND FOR JURY TRIAL

# EXHIBIT "A"

**CALIFORNIA
ASSOCIATION
OF REALTORS®**

## CALIFORNIA
## RESIDENTIAL PURCHASE AGREEMENT
## AND JOINT ESCROW INSTRUCTIONS
(C.A.R. Form RPA-CA, Revised 12/18)

Date Prepared: **_03/26/2019_**

**1. OFFER:**

**A. THIS IS AN OFFER FROM** **_Megan Zucaro_** ("Buyer").

**B. THE REAL PROPERTY** to be acquired is **_6475 Marigayle Circle, Huntington Beach, CA 92648-6729_**, situated in **_Huntington Beach_** (City), **_Orange_** (County), California, **_92648-6729_** (Zip Code), Assessor's Parcel No. **_110-511-04_** ("Property").

**C. THE PURCHASE PRICE** offered is **_Three Million, One Hundred Fifty Thousand_**

Dollars $ **_3,150,000.00_** .

**D. CLOSE OF ESCROW** shall occur on [x] **_April 12, 2019_** (date)(or [ ]         Days After Acceptance).

**E.** Buyer and Seller are referred to herein as the "Parties." Brokers are not Parties to this Agreement.

**2. AGENCY:**

**A. DISCLOSURE:** The Parties each acknowledge receipt of a [x] "Disclosure Regarding Real Estate Agency Relationships" (C.A.R. Form AD).

**B. CONFIRMATION:** The following agency relationships are confirmed for this transaction:

**Seller's Brokerage Firm** _____ License Number _____

Is the broker of (check one): [ ] the seller; or [ ] both the buyer and seller. (dual agent)

Seller's Agent _____ License Number _____

Is (check one): [ ] the Seller's Agent. (salesperson or broker associate) [ ] both the Buyer's and Seller's Agent. (dual agent)

**Buyer's Brokerage Firm** **_John B Spear_** License Number **_00344386_**

Is the broker of (check one): [x] the buyer; or [ ] both the buyer and seller. (dual agent)

Buyer's Agent **_Megan Zucaro_** License Number **_01905753_**

Is (check one): [x] the Buyer's Agent. (salesperson or broker associate) [ ] both the Buyer's and Seller's Agent. (dual agent)

**C. POTENTIALLY COMPETING BUYERS AND SELLERS:** The Parties each acknowledge receipt of a [x] "Possible Representation of More than One Buyer or Seller - Disclosure and Consent" (C.A.R. Form PRBS).

**3. FINANCE TERMS:** Buyer represents that funds will be good when deposited with Escrow Holder.

**A. INITIAL DEPOSIT:** Deposit shall be in the amount of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

(1) Buyer Direct Deposit: Buyer shall deliver deposit directly to Escrow Holder by electronic funds transfer, [ ] cashier's check, [ ] personal check, [ ] other _____ within 3 business days after Acceptance (or _____ );

OR (2) [ ] Buyer Deposit with Agent: Buyer has given the deposit by personal check (or _____ ) to the agent submitting the offer (or to _____ ), made payable to _____ . The deposit shall be held uncashed until Acceptance and then deposited with Escrow Holder within 3 business days after Acceptance (or _____ ).

Deposit checks given to agent shall be an original signed check and not a copy.

(Note: Initial and increased deposits checks received by agent shall be recorded in Broker's trust fund log.)

**B. INCREASED DEPOSIT:** Buyer shall deposit with Escrow Holder an increased deposit in the amount of . . . . . . . . $ _____

within ___ Days After Acceptance (or _____ ).

If the Parties agree to liquidated damages in this Agreement, they also agree to incorporate the increased deposit into the liquidated damages amount in a separate liquidated damages clause (C.A.R. Form RID) at the time the increased deposit is delivered to Escrow Holder.

**C.** [ ] **ALL CASH OFFER:** No loan is needed to purchase the Property. This offer is NOT contingent on Buyer obtaining a loan. Written verification of sufficient funds to close this transaction IS ATTACHED to this offer or [ ] Buyer shall, within 3 (or _____ ) Days After Acceptance, Deliver to Seller such verification.

**D. LOAN(S):**

(1) **FIRST LOAN:** in the amount of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **_2,047,500.00_**

This loan will be conventional financing **OR** [ ] FHA, [ ] VA, [ ] Seller financing (C.A.R. Form SFA), [ ] assumed financing (C.A.R. Form AFA), [x] Other **_Private Money_** . This loan shall be at a fixed rate not to exceed ___ % or, [ ] an adjustable rate loan with initial rate not to exceed ___ %. Regardless of the type of loan, Buyer shall pay points not to exceed ___ % of the loan amount.

(2) [x] **SECOND LOAN** in the amount of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **_1,102,500.00_**

This loan will be conventional financing **OR** [x] Seller financing (C.A.R. Form SFA), [ ] assumed financing (C.A.R. Form AFA), [ ] Other _____ . This loan shall be at a fixed rate not to exceed ___ % or, [ ] an adjustable rate loan with initial rate not to exceed ___ %. Regardless of the type of loan, Buyer shall pay points not to exceed ___ % of the loan amount.

(3) **FHA/VA:** For any FHA or VA loan specified in 3D(1), Buyer has 17 (or _____ ) Days After Acceptance to Deliver to Seller written notice (C.A.R. Form FVA) of any lender-required repairs or costs that Buyer requests Seller to pay for or otherwise correct. Seller has no obligation to pay or satisfy lender requirements unless agreed in writing. A FHA/VA amendatory clause (C.A.R. Form FVAC) shall be a part of this Agreement.

**E. ADDITIONAL FINANCING TERMS:** _____

**F. BALANCE OF DOWN PAYMENT OR PURCHASE PRICE** in the amount of . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

to be deposited with Escrow Holder pursuant to Escrow Holder instructions.

**G. PURCHASE PRICE (TOTAL):** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **_3,150,000.00_**

Buyer's Initials ( **_MZ_** ) ( ___ )   Seller's Initials ( ___ ) ( ___ )

© 1991-2018, California Association of REALTORS®, Inc.

**RPA-CA REVISED 12/18 (PAGE 1 OF 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 1 OF 10)**

Offer To Close, 19525 Ventura Blvd #D Tarzana CA 91356          Phone: 8182123654          Fax:                    6475 Marigayle
Transaction Coordinator          Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

Property Address: **6475 Marigayle Circle, Huntington Beach, CA 92648-6729**  Date: **March 26, 2019**

**H. VERIFICATION OF DOWN PAYMENT AND CLOSING COSTS:** Buyer (or Buyer's lender or loan broker pursuant to paragraph 3J(1)) shall, within **3 (or ____ ) Days** After Acceptance, Deliver to Seller written verification of Buyer's down payment and closing costs. ( ☐ Verification attached.)

**I. APPRAISAL CONTINGENCY AND REMOVAL:** This Agreement is (**or** ☐ is NOT) contingent upon a written appraisal of the Property by a licensed or certified appraiser at no less than the purchase price. Buyer shall, as specified in paragraph 14B(3), in writing, remove the appraisal contingency or cancel this Agreement within **17 (or ____ ) Days** After Acceptance.

**J. LOAN TERMS:**

**(1) LOAN APPLICATIONS:** Within **3 (or ____ ) Days** After Acceptance, Buyer shall Deliver to Seller a letter from Buyer's lender or loan broker stating that, based on a review of Buyer's written application and credit report, Buyer is prequalified or preapproved for any NEW loan specified in paragraph 3D. If any loan specified in paragraph 3D is an adjustable rate loan, the prequalification or preapproval letter shall be based on the qualifying rate, not the initial loan rate. ( ☐ Letter attached.)

**(2) LOAN CONTINGENCY:** Buyer shall act diligently and in good faith to obtain the designated loan(s). Buyer's qualification for the loan(s) specified above **is a contingency** of this Agreement unless otherwise agreed in writing. If there is no appraisal contingency or the appraisal contingency has been waived or removed, then failure of the Property to appraise at the purchase price does not entitle Buyer to exercise the cancellation right pursuant to the loan contingency if Buyer is otherwise qualified for the specified loan. Buyer's contractual obligations regarding deposit, balance of down payment and closing costs **are not contingencies** of this Agreement.

**(3) LOAN CONTINGENCY REMOVAL:**

Within **21 (or ____ ) Days** After Acceptance, Buyer shall, as specified in paragraph 14, in writing, remove the loan contingency or cancel this Agreement. If there is an appraisal contingency, removal of the loan contingency shall not be deemed removal of the appraisal contingency.

**(4) ☒ NO LOAN CONTINGENCY:** Obtaining any loan specified above is NOT a contingency of this Agreement. If Buyer does not obtain the loan and as a result does not purchase the Property, Seller may be entitled to Buyer's deposit or other legal remedies.

**(5) LENDER LIMITS ON BUYER CREDITS:** Any credit to Buyer, from any source, for closing or other costs that is agreed to by the Parties ("Contractual Credit") shall be disclosed to Buyer's lender. If the total credit allowed by Buyer's lender ("Lender Allowable Credit") is less than the Contractual Credit, then (i) the Contractual Credit shall be reduced to the Lender Allowable Credit, and (ii) in the absence of a separate written agreement between the Parties, there shall be no automatic adjustment to the purchase price to make up for the difference between the Contractual Credit and the Lender Allowable Credit.

**K. BUYER STATED FINANCING:** Seller is relying on Buyer's representation of the type of financing specified (including but not limited to, as applicable, all cash, amount of down payment, or contingent or non-contingent loan). Seller has agreed to a specific closing date, purchase price and to sell to Buyer in reliance on Buyer's covenant concerning financing. Buyer shall pursue the financing specified in this Agreement. Seller has no obligation to cooperate with Buyer's efforts to obtain any financing other than that specified in the Agreement and the availability of any such alternate financing does not excuse Buyer from the obligation to purchase the Property and close escrow as specified in this Agreement.

**4. SALE OF BUYER'S PROPERTY:**

**A.** This Agreement and Buyer's ability to obtain financing are NOT contingent upon the sale of any property owned by Buyer.

OR **B.** ☐ This Agreement and Buyer's ability to obtain financing are contingent upon the sale of property owned by Buyer as specified in the attached addendum (C.A.R. Form COP).

**5. ADDENDA AND ADVISORIES:**

**A. ADDENDA:**

| | |
|---|---|
| ☒ Addendum # _1_ (C.A.R. Form ADM) | ☐ Court Confirmation Addendum (C.A.R. Form CCA) |
| ☐ Back Up Offer Addendum (C.A.R. Form BUO) | |
| ☐ Septic, Well and Property Monument Addendum (C.A.R. Form SWPI) | |
| ☐ Short Sale Addendum (C.A.R. Form SSA) | ☐ Other |

**B. BUYER AND SELLER ADVISORIES:**

| | |
|---|---|
| ☒ Buyer's Inspection Advisory (C.A.R. Form BIA) | |
| ☐ Probate Advisory (C.A.R. Form PA) | ☐ Statewide Buyer and Seller Advisory (C.A.R. Form SBSA) |
| ☐ Trust Advisory (C.A.R. Form TA) | ☐ REO Advisory (C.A.R. Form REO) |
| ☐ Short Sale Information and Advisory (C.A.R. Form SSIA) | ☐ Other |

**6. OTHER TERMS:** **1. Seller to pay $150,000 commission to Megan Zucaro.**

**7. ALLOCATION OF COSTS**

**A. INSPECTIONS, REPORTS AND CERTIFICATES:** Unless otherwise agreed in writing, this paragraph only determines who is to pay for the inspection, test, certificate or service ("Report") mentioned; it **does not determine who is to pay for any work recommended or identified in the Report.**

(1) ☐ Buyer ☐ Seller shall pay for a natural hazard zone disclosure report, including tax ☐ environmental ☐ Other: _____ _____ prepared by _____ .

(2) ☐ Buyer ☐ Seller shall pay for the following Report _____ prepared by _____ .

(3) ☐ Buyer ☐ Seller shall pay for the following Report _____ prepared by _____ .

**B. GOVERNMENT REQUIREMENTS AND RETROFIT:**

(1) ☐ Buyer ☐ Seller shall pay for smoke alarm and carbon monoxide device installation and water heater bracing, if required by Law. Prior to Close Of Escrow ("COE"), Seller shall provide Buyer written statement(s) of compliance in accordance with state and local Law, unless Seller is exempt.

Buyer's Initials ( _MZ_ ) ( _____ )  Seller's Initials ( _AW_ ) ( _____ )

RPA-CA REVISED 12/18 (PAGE 2 OF 10)

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 2 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com  6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA  92648-6729** _____ Date: **March 26, 2019**

    (2) (i) ☐ Buyer ☐ Seller shall pay the cost of compliance with any other minimum mandatory government inspections and reports if required as a condition of closing escrow under any Law.
    (ii) ☐ Buyer ☐ Seller shall pay the cost of compliance with any other minimum mandatory government retrofit standards required as a condition of closing escrow under any Law, whether the work is required to be completed before or after COE.
    (iii) Buyer shall be provided, within the time specified in paragraph 14A, a copy of any required government conducted or point-of-sale inspection report prepared pursuant to this Agreement or in anticipation of this sale of the Property.

**C. ESCROW AND TITLE:**
    (1) (a) ☒ Buyer ☒ Seller shall pay escrow fee **Each Pay Own Share.** _____ .
    (b) Escrow Holder shall be **Seller's Choice** _____ .
    (c) The Parties shall, within **5 (or ___ ) Days** After receipt, sign and return Escrow Holder's general provisions.
    (2) (a) ☐ Buyer ☒ Seller shall pay for **owner's** title insurance policy specified in paragraph 13E _____ .
    (b) Owner's title policy to be issued by **Seller's Choice** _____ .
    (Buyer shall pay for any title insurance policy insuring Buyer's **lender**, unless otherwise agreed in writing.)

**D. OTHER COSTS:**
    (1) ☐ Buyer ☒ Seller shall pay County transfer tax or fee _____ .
    (2) ☐ Buyer ☒ Seller shall pay City transfer tax or fee _____ .
    (3) ☐ Buyer ☒ Seller shall pay Homeowners' Association ("HOA") transfer fee **If applicable** _____ .
    (4) Seller shall pay HOA fees for preparing documents required to be delivered by Civil Code §4525.
    (5) ☐ Buyer ☐ Seller shall pay HOA fees for preparing all documents other than those required by Civil Code §4525.
    (6) Buyer to pay for any HOA certification fee.
    (7) ☐ Buyer ☒ Seller shall pay for any private transfer fee **If applicable** _____ .
    (8) ☐ Buyer ☐ Seller shall pay for _____ .
    (9) ☐ Buyer ☐ Seller shall pay for _____ .
    (10) ☐ Buyer ☒ Seller shall pay for the cost, not to exceed $ **850.00** _____ , of a standard (or ☒ upgraded) one-year home warranty plan, issued by **Buyer's Choice** _____ , with the following optional coverages: ☒ Air Conditioner ☐ Pool/Spa ☐ Other: _____ .
    Buyer is informed that home warranty plans have many optional coverages in addition to those listed above. Buyer is advised to investigate these coverages to determine those that may be suitable for Buyer.
    OR☐ **Buyer waives the purchase of a home warranty plan. Nothing in this paragraph precludes Buyer's purchasing a home warranty plan during the term of this Agreement.**

**8. ITEMS INCLUDED IN AND EXCLUDED FROM SALE:**
    **A. NOTE TO BUYER AND SELLER:** Items listed as included or excluded in the MLS, flyers or marketing materials are **not** included in the purchase price or excluded from the sale unless specified in paragraph 8 B or C.
    **B. ITEMS INCLUDED IN SALE:** Except as otherwise specified or disclosed,
    (1) All EXISTING fixtures and fittings that are attached to the Property;
    (2) EXISTING electrical, mechanical, lighting, plumbing and heating fixtures, ceiling fans, fireplace inserts, gas logs and grates, solar power systems, built-in appliances, window and door screens, awnings, shutters, window coverings, attached floor coverings, television antennas, satellite dishes, air coolers/conditioners, pool/spa equipment, garage door openers/remote controls, mailbox, in-ground landscaping, trees/shrubs, water features and fountains, water softeners, water purifiers, security systems/alarms and the following if checked: ☐ all stove(s), except _____ ; ☐ all refrigerator(s) except _____ ; ☐ all washer(s) and dryer(s), except _____ ;
    (3) The following additional items: _____
    (4) Existing integrated phone and home automation systems, including necessary components such as intranet and Internet-connected hardware or devices, control units (other than non-dedicated mobile devices, electronics and computers) and applicable software, permissions, passwords, codes and access Information, are (☐ are NOT) included in the sale.
    (5) LEASED OR LIENED ITEMS AND SYSTEMS: Seller shall, within the time specified in paragraph 14A, (i) disclose to Buyer if any item or system specified in paragraph 8B or otherwise included in the sale is leased, or not owned by Seller, or specifically subject to a lien or other encumbrance, and (ii) Deliver to Buyer all written materials (such as lease, warranty, etc.) concerning any such item. Buyer's ability to assume any such lease, or willingness to accept the Property subject to any such lien or encumbrance, is a contingency in favor of Buyer and Seller as specified in paragraph 14B and C.
    (6) Seller represents that all items included in the purchase price, unless otherwise specified, (i) are owned by Seller and shall be transferred free and clear of liens and encumbrances, except the items and systems identified pursuant to 8B(5) and _____ _____ , and (ii) are transferred without Seller warranty regardless of value.
    **C. ITEMS EXCLUDED FROM SALE:** Unless otherwise specified, the following items are excluded from sale: (i) audio and video components (such as flat screen TVs, speakers and other items) if any such item is not itself attached to the Property, even if a bracket or other mechanism attached to the component or item is attached to the Property; (ii) furniture and other items secured to the Property for earthquake purposes; and (iii) _____
    _____ . **Brackets attached to walls, floors or ceilings for any such component, furniture or item shall remain with the Property (or ☐ will be removed and holes or other damage shall be repaired, but not painted).**

**9. CLOSING AND POSSESSION:**
    **A.** Buyer intends (or ☐ does not intend) to occupy the Property as Buyer's primary residence.
    **B. Seller-occupied or vacant property:** Possession shall be delivered to Buyer: (i) at 6 PM or (____ ☐ AM/☐ PM) on the date of Close Of Escrow; (ii) ☐ no later than ___ calendar days after Close Of Escrow; or (iii) ☐ at ____ ☐ AM/☐ PM on _____ .

Buyer's Initials ( _MZ_ ) ( _____ )          Seller's Initials ( _____ ) ( _____ )

**RPA-CA REVISED 12/18 (PAGE 3 OF 10)**

CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 3 OF 10)
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com    6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA 92648-6729**                    Date: **March 26, 2019**

   **C.** **Seller remaining in possession After Close Of Escrow:** If Seller has the right to remain in possession after Close of Escrow, (i) the Parties are advised to sign a separate occupancy agreement such as ☐ C.A.R. Form SIP, for Seller continued occupancy of less than 30 days, ☐ C.A.R. Form RLAS for Seller continued occupancy of 30 days or more; and (ii) the Parties are advised to consult with their insurance and legal advisors for information about liability and damage or injury to persons and personal and real property; and (iii) Buyer is advised to consult with Buyer's lender about the impact of Seller's occupancy on Buyer's loan.

   **D.** **Tenant-occupied property: Property shall be vacant at least 5 (or ___ ) Days** Prior to Close Of Escrow, unless otherwise agreed in writing. **Note to Seller: If you are unable to deliver Property vacant in accordance with rent control and other applicable Law, you may be in breach of this Agreement.**

   **OR** ☐ **Tenant to remain in possession** (C.A.R. Form TIP).

   **E.** At Close Of Escrow: Seller assigns to Buyer any assignable warranty rights for items included in the sale; and Seller shall Deliver to Buyer available Copies of any such warranties. Brokers cannot and will not determine the assignability of any warranties.

   **F.** At Close Of Escrow, unless otherwise agreed in writing, Seller shall provide keys, passwords, codes and/or means to operate all locks, mailboxes, security systems, alarms, home automation systems and intranet and Internet-connected devices included in the purchase price, and garage door openers. If the Property is a condominium or located in a common interest subdivision, Buyer may be required to pay a deposit to the Homeowners' Association ("HOA") to obtain keys to accessible HOA facilities.

**10. STATUTORY AND OTHER DISCLOSURES (INCLUDING LEAD-BASED PAINT HAZARD DISCLOSURES) AND CANCELLATION RIGHTS:**

   **A.** **(1)** Seller shall, within the time specified in paragraph 14A, Deliver to Buyer: (i) if required by Law, a fully completed: Federal Lead-Based Paint Disclosures (C.A.R. Form FLD) and pamphlet ("Lead Disclosures"); and **(ii)** unless exempt, fully completed disclosures or notices required by sections 1102 et. seq. and 1103 et. seq. of the Civil Code ("Statutory Disclosures"). Statutory Disclosures include, but are not limited to, a Real Estate Transfer Disclosure Statement ("TDS"), Natural Hazard Disclosure Statement ("NHD"), notice or actual knowledge of release of illegal controlled substance, notice of special tax and/or assessments (or, if allowed, substantially equivalent notice regarding the Mello-Roos Community Facilities Act of 1982 and Improvement Bond Act of 1915) and, if Seller has actual knowledge, of industrial use and military ordnance location (C.A.R. Form SPQ or ESD).

      **(2)** Any Statutory Disclosure required by this paragraph is considered fully completed if Seller has answered all questions and completed and signed the Seller section(s) and the Seller's Agent, if any, has completed and signed the Seller's Brokerage Firm section(s), or, if applicable, an Agent Visual Inspection Disclosure (C.A.R. Form AVID). Nothing stated herein relieves a Buyer's Brokerage Firm, if any, from the obligation to (i) conduct a reasonably competent and diligent visual inspection of the accessible areas of the Property and disclose, on Section IV of the TDS, or an AVID, material facts affecting the value or desirability of the Property that were or should have been revealed by such an inspection or (ii) complete any sections on all disclosures required to be completed by Buyer's Brokerage Firm.

      **(3)** **Note to Buyer and Seller:** Waiver of Statutory and Lead Disclosures is prohibited by Law.

      **(4)** Within the time specified in paragraph 14A, (i) Seller, unless exempt from the obligation to provide a TDS, shall, complete and provide Buyer with a Seller Property Questionnaire (C.A.R. Form SPQ); (ii) if Seller is not required to provide a TDS, Seller shall complete and provide Buyer with an Exempt Seller Disclosure (C.A.R. Form ESD).

      **(5)** Buyer shall, within the time specified in paragraph 14B(1), return Signed Copies of the Statutory, Lead and other disclosures to Seller.

      **(6)** In the event Seller or Seller's Brokerage Firm, prior to Close Of Escrow, becomes aware of adverse conditions materially affecting the Property, or any material inaccuracy in disclosures, information or representations previously provided to Buyer, Seller shall promptly provide a subsequent or amended disclosure or notice, in writing, covering those items. **However, a subsequent or amended disclosure shall not be required for conditions and material inaccuracies** of which Buyer is otherwise aware, or which are **disclosed in reports provided to or obtained by Buyer or ordered and paid for by Buyer.**

      **(7)** If any disclosure or notice specified in paragraph 10A(1), or subsequent or amended disclosure or notice is Delivered to Buyer after the offer is Signed, Buyer shall have the right to cancel this Agreement within **3 Days** After Delivery in person, or **5 Days** After Delivery by deposit in the mail, or by an electronic record satisfying the Uniform Electronic Transactions Act (UETA), by giving written notice of cancellation to Seller or Seller's agent.

   **B.** **NATURAL AND ENVIRONMENTAL HAZARD DISCLOSURES AND OTHER BOOKLETS:** Within the time specified in paragraph 14A, Seller shall, if required by Law: (i) Deliver to Buyer earthquake guide(s) (and questionnaire), environmental hazards booklet, and home energy rating pamphlet; (ii) disclose if the Property is located in a Special Flood Hazard Area; Potential Flooding (Inundation) Area; Very High Fire Hazard Zone; State Fire Responsibility Area; Earthquake Fault Zone; and Seismic Hazard Zone; and **(iii)** disclose any other zone as required by Law and provide any other information required for those zones.

   **C.** **WITHHOLDING TAXES:** Within the time specified in paragraph 14A, to avoid required withholding, Seller shall Deliver to Buyer or qualified substitute, an affidavit sufficient to comply with federal (FIRPTA) and California withholding Law (C.A.R. Form AS or QS).

   **D.** **MEGAN'S LAW DATABASE DISCLOSURE:** Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at **www.meganslaw.ca.gov.** Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides. (Neither Seller nor Brokers are required to check this website. If Buyer wants further information, Broker recommends that Buyer obtain information from this website during Buyer's inspection contingency period. Brokers do not have expertise in this area.)

   **E.** **NOTICE REGARDING GAS AND HAZARDOUS LIQUID TRANSMISSION PIPELINES:** This notice is being provided simply to inform you that information about the general location of gas and hazardous liquid transmission pipelines is available to the public via the National Pipeline Mapping System (NPMS) Internet Web site maintained by the United States Department of Transportation at **http://www.npms.phmsa.dot.gov/.** To seek further information about possible transmission pipelines near the Property, you may contact your local gas utility or other pipeline operators in the area. Contact information for pipeline operators is searchable by ZIP Code and county on the NPMS Internet Web site.

   **F.** **CONDOMINIUM/PLANNED DEVELOPMENT DISCLOSURES:**
      **(1) SELLER HAS: 7 (or ___ ) Days** After Acceptance to disclose to Buyer if the Property is a condominium, or is located in a planned development or other common interest subdivision (C.A.R. Form SPQ or ESD).

Buyer's Initials ( _MZ_ ) ( _____ )                                        Seller's Initials ( _____ ) ( _____ )

**RPA-CA REVISED 12/18 (PAGE 4 OF 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT  (RPA-CA PAGE 4 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com                    6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA 92648-6729**                        Date: **March 26, 2019**

(2) If the Property is a condominium or is located in a planned development or other common interest subdivision, Seller has
3 (or ____ ) Days After Acceptance to request from the HOA (C.A.R. Form HOA1): (i) Copies of any documents required by Law;
(ii) disclosure of any pending or anticipated claim or litigation by or against the HOA; (iii) a statement containing the location and
number of designated parking and storage spaces; (iv) Copies of the most recent 12 months of HOA minutes for regular and special
meetings; and (v) the names and contact information of all HOAs governing the Property (collectively, "CI Disclosures"). (vi) private
transfer fees; (vii) Pet fee restrictions; and (viii) smoking restrictions. Seller shall itemize and Deliver to Buyer all CI Disclosures
received from the HOA and any CI Disclosures in Seller's possession. Buyer's approval of CI Disclosures is a contingency of this
Agreement as specified in paragraph 14B(3). The Party specified in paragraph 7, as directed by escrow, shall deposit funds into escrow
or direct to HOA or management company to pay for any of the above.

11. **CONDITION OF PROPERTY:** Unless otherwise agreed in writing: (i) the Property is sold (a) "AS-IS" in its PRESENT
physical condition as of the date of Acceptance and (b) subject to Buyer's Investigation rights; (ii) the Property, including pool, spa,
landscaping and grounds, is to be maintained in substantially the same condition as on the date of Acceptance; and (iii) all debris
and personal property not included in the sale shall be removed by Close Of Escrow.
   A. Seller shall, within the time specified in paragraph 14A, DISCLOSE KNOWN MATERIAL FACTS AND DEFECTS affecting the
Property, including known insurance claims within the past five years, and make any and all other disclosures required by law.
   B. Buyer has the right to conduct Buyer Investigations of the Property and, as specified in paragraph 14B, based upon information
discovered in those investigations: (i) cancel this Agreement; or (ii) request that Seller make Repairs or take other action.
   C. **Buyer is strongly advised to conduct investigations of the entire Property in order to determine its present condition.
Seller may not be aware of all defects affecting the Property or other factors that Buyer considers important. Property
improvements may not be built according to code, in compliance with current Law, or have had permits issued.**

12. **BUYER'S INVESTIGATION OF PROPERTY AND MATTERS AFFECTING PROPERTY:**
   A. Buyer's acceptance of the condition of, and any other matter affecting the Property, is a contingency of this Agreement as specified in
this paragraph and paragraph 14B. Within the time specified in paragraph 14B(1), Buyer shall have the right, at Buyer's expense unless
otherwise agreed, to conduct inspections, investigations, tests, surveys and other studies ("Buyer Investigations"), including, but not
limited to: (i) a general physical inspection; (ii) an inspection specifically for wood destroying pests and organisms. Any inspection for
wood destroying pests and organisms shall be prepared by a registered Structural Pest Control company; shall cover the main building
and attached structures; may cover detached structures; shall NOT include water tests of shower pans on upper level units unless the
owners of property below the shower consent; shall NOT include roof coverings; and, if the Property is a unit in a condominium or other
common interest subdivision, the inspection shall include only the separate interest and any exclusive-use areas being transferred, and
shall NOT include common areas; and shall include a report ("Pest Control Report") showing the findings of the company which shall be
separated into sections for evident infestation or infections (Section 1) and for conditions likely to lead to infestation or infection (Section
2); (iii) inspect for lead-based paint and other lead-based paint hazards; (iv) satisfy Buyer as to any matter specified in the attached
Buyer's Inspection Advisory (C.A.R. Form BIA); (v) review the registered sex offender database; (vi) confirm the insurability of Buyer
and the Property including the availability and cost of flood and fire insurance; and (vii) review and seek approval of leases that may
need to be assumed by Buyer. Without Seller's prior written consent, Buyer shall neither make nor cause to be made: invasive or
destructive Buyer Investigations, except for minimally invasive testing required to prepare a Pest Control Report; or inspections by any
governmental building or zoning inspector or government employee, unless required by Law.
   B. Seller shall make the Property available for all Buyer Investigations. Buyer shall (i) as specified in paragraph 14B, complete
Buyer Investigations and either remove the contingency or cancel this Agreement, and (ii) give Seller, at no cost, complete
Copies of all such Investigation reports obtained by Buyer, which obligation shall survive the termination of this Agreement.
   C. Seller shall have water, gas, electricity and all operable pilot lights on for Buyer's Investigations and through the date possession
is made available to Buyer.
   D. **Buyer indemnity and seller protection for entry upon property:** Buyer shall: (i) keep the Property free and clear of liens; (ii) repair
all damage arising from Buyer Investigations; and (iii) indemnify and hold Seller harmless from all resulting liability, claims, demands,
damages and costs. Buyer shall carry, or Buyer shall require anyone acting on Buyer's behalf to carry, policies of liability, workers'
compensation and other applicable insurance, defending and protecting Seller from liability for any injuries to persons or property occurring
during any Buyer Investigations or work done on the Property at Buyer's direction prior to Close Of Escrow. Seller is advised that certain
protections may be afforded Seller by recording a "Notice of Non-Responsibility" (C.A.R. Form NNR) for Buyer Investigations and work
done on the Property at Buyer's direction. Buyer's obligations under this paragraph shall survive the termination of this Agreement.

13. **TITLE AND VESTING:**
   A. Within the time specified in paragraph 14, Buyer shall be provided a current preliminary title report ("Preliminary Report"). The Preliminary
Report is only an offer by the title insurer to issue a policy of title insurance and may not contain every item affecting title. Buyer's review of
the Preliminary Report and any other matters which may affect title are a contingency of this Agreement as specified in paragraph 14B. The
company providing the Preliminary Report shall, prior to issuing a Preliminary Report, conduct a search of the General Index for all Sellers
except banks or other institutional lenders selling properties they acquired through foreclosure (REOs), corporations, and government
entities. Seller shall within 7 Days After Acceptance, give Escrow Holder a completed Statement of Information.
   B. Title is taken in its present condition subject to all encumbrances, easements, covenants, conditions, restrictions, rights and other
matters, whether of record or not, as of the date of Acceptance except for: (i) monetary liens of record (which Seller is obligated to pay
off) unless Buyer is assuming those obligations or taking the Property subject to those obligations; and (ii) those matters which Seller
has agreed to remove in writing.
   C. Within the time specified in paragraph 14A, Seller has a duty to disclose to Buyer all matters known to Seller affecting title,
whether of record or not.
   D. At Close Of Escrow, Buyer shall receive a grant deed conveying title (or, for stock cooperative or long-term lease, an assignment
of stock certificate or of Seller's leasehold interest), including oil, mineral and water rights if currently owned by Seller. Title shall
vest as designated in Buyer's supplemental escrow instructions. THE MANNER OF TAKING TITLE MAY HAVE SIGNIFICANT
LEGAL AND TAX CONSEQUENCES. CONSULT AN APPROPRIATE PROFESSIONAL.
   E. Buyer shall receive a CLTA/ALTA "Homeowner's Policy of Title Insurance", if applicable to the type of property and buyer. If not, Escrow Holder
shall notify Buyer. A title company can provide information about the availability, coverage, and cost of other title policies and endorsements. If
the Homeowner's Policy is not available, Buyer shall choose another policy, instruct Escrow Holder in writing and shall pay any increase in cost.

Buyer's Initials ( _MF_ ) ( _____ )                                       Seller's Initials ( _AM_ ) ( _____ )

**RPA-CA REVISED 12/18 (PAGE 5 OF 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT  (RPA-CA PAGE 5 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com                       6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA  92648-6729**                    Date: **March 26, 2019**

**14. TIME PERIODS; REMOVAL OF CONTINGENCIES; CANCELLATION RIGHTS:** The following time periods may only be extended, altered, modified or changed by mutual written agreement. Any removal of contingencies or cancellation under this paragraph by either Buyer or Seller must be exercised in good faith and in writing (C.A.R. Form CR or CC).

A. **SELLER HAS: 7 (or _____ ) Days** After Acceptance to Deliver to Buyer all Reports, disclosures and information for which Seller is responsible under paragraphs 5, 6, 7, 8B(5), 10A, B, C, and F, 11A and 13A. If, by the time specified, Seller has not Delivered any such item, Buyer after first Delivering to Seller a Notice to Seller to Perform (C.A.R. Form NSP) may cancel this Agreement.

B. **(1) BUYER HAS: 17 (or _0_ ) Days** After Acceptance, unless otherwise agreed in writing, to:

    (i) complete all Buyer Investigations; review all disclosures, reports, lease documents to be assumed by Buyer pursuant to paragraph 8B(5), and other applicable information, which Buyer receives from Seller; and approve all matters affecting the Property; and **(ii)** Deliver to Seller Signed Copies of Statutory and Lead Disclosures and other disclosures Delivered by Seller in accordance with paragraph 10A.

    **(2)** Within the time specified in paragraph 14B(1), Buyer may request that Seller make repairs or take any other action regarding the Property (C.A.R. Form RR). Seller has no obligation to agree to or respond to (C.A.R. Form RRRR) Buyer's requests.

    **(3)** By the end of the time specified in paragraph 14B(1) (or as otherwise specified in this Agreement), Buyer shall Deliver to Seller a removal of the applicable contingency or cancellation (C.A.R. Form CR or CC) of this Agreement. However, if any report, disclosure or information for which Seller is responsible is not Delivered within the time specified in paragraph 14A, then Buyer has **5 (or _____ ) Days** After Delivery of any such items, or the time specified in paragraph 14B(1), whichever is later, to Deliver to Seller a removal of the applicable contingency or cancellation of this Agreement.

    **(4) Continuation of Contingency:** Even after the end of the time specified in paragraph 14B(1) and before Seller cancels, if at all, pursuant to paragraph 14D, Buyer retains the right, in writing, to either (i) remove remaining contingencies, or (ii) cancel this Agreement based on a remaining contingency. Once Buyer's written removal of all contingencies is Delivered to Seller, Seller may not cancel this Agreement pursuant to paragraph 14D(1).

    **(5) Access to Property:** Buyer shall have access to the Property to conduct inspections and investigations for **17 (or _____ ) Days** After Acceptance, whether or not any part of the Buyer's Investigation Contingency has been waived or removed.

C. ☐ **REMOVAL OF CONTINGENCIES WITH OFFER: Buyer removes the contingencies specified in the attached Contingency Removal form (C.A.R. Form CR). If Buyer removes any contingency without an adequate understanding of the Property's condition or Buyer's ability to purchase, Buyer is acting against the advice of Broker.**

D. **SELLER RIGHT TO CANCEL:**

    **(1) Seller right to Cancel; Buyer Contingencies:** If, by the time specified in this Agreement, Buyer does not Deliver to Seller a removal of the applicable contingency or cancellation of this Agreement, then Seller, after first Delivering to Buyer a Notice to Buyer to Perform (C.A.R. Form NBP), may cancel this Agreement. In such event, Seller shall authorize the return of Buyer's deposit, except for fees incurred by Buyer.

    **(2) Seller right to Cancel; Buyer Contract Obligations:** Seller, after first delivering to Buyer a NBP, may cancel this Agreement if, by the time specified in this Agreement, Buyer does not take the following action(s): (i) Deposit funds as required by paragraph 3A, or 3B or if the funds deposited pursuant to paragraph 3A or 3B are not good when deposited; **(ii)** Deliver a notice of FHA or VA costs or terms as required by paragraph 3D(3) (C.A.R. Form FVA); **(iii)** Deliver a letter as required by paragraph 3J(1); **(iv)** Deliver verification, or a satisfactory verification if Seller reasonably disapproves of the verification already provided, as required by paragraph 3C or 3H; **(v)** In writing assume or accept leases or liens specified in 8B5; **(vi)** Return Statutory and Lead Disclosures as required by paragraph 10A(5); or **(vii)** Sign or initial a separate liquidated damages form for an increased deposit as required by paragraphs 3B and 21B; or **(viii)** Provide evidence of authority to sign in a representative capacity as specified in paragraph 19. In such event, Seller shall authorize the return of Buyer's deposit, except for fees incurred by Buyer.

E. **NOTICE TO BUYER OR SELLER TO PERFORM:** The NBP or NSP shall: **(i)** be in writing; **(ii)** be signed by the applicable Buyer or Seller; and **(iii)** give the other Party at least **2 (or _____ ) Days** After Delivery (or until the time specified in the applicable paragraph, whichever occurs last) to take the applicable action. A NBP or NSP may not be Delivered any earlier than **2 Days** Prior to the expiration of the applicable time for the other Party to remove a contingency or cancel this Agreement or meet an obligation specified in paragraph 14.

F. **EFFECT OF BUYER'S REMOVAL OF CONTINGENCIES:** If Buyer removes, in writing, any contingency or cancellation rights, unless otherwise specified in writing, Buyer shall conclusively be deemed to have: **(i)** completed all Buyer Investigations, and review of reports and other applicable information and disclosures pertaining to that contingency or cancellation right; **(ii)** elected to proceed with the transaction; and **(iii)** assumed all liability, responsibility and expense for Repairs or corrections pertaining to that contingency or cancellation right, or for the inability to obtain financing.

G. **CLOSE OF ESCROW:** Before Buyer or Seller may cancel this Agreement for failure of the other Party to close escrow pursuant to this Agreement, Buyer or Seller must first Deliver to the other Party a demand to close escrow (C.A.R. Form DCE). The DCE shall: **(i)** be signed by the applicable Buyer or Seller; and **(ii)** give the other Party at least **3 (or _____ ) Days** After Delivery to close escrow. A DCE may not be Delivered any earlier than **3 Days** Prior to the scheduled close of escrow.

H. **EFFECT OF CANCELLATION ON DEPOSITS:** If Buyer or Seller gives written notice of cancellation pursuant to rights duly exercised under the terms of this Agreement, the Parties agree to Sign mutual instructions to cancel the sale and escrow and release deposits, if any, to the party entitled to the funds, less fees and costs incurred by that party. Fees and costs may be payable to service providers and vendors for services and products provided during escrow. Except as specified below, **release of funds will require mutual Signed release instructions from the Parties, judicial decision or arbitration award.** If either Party fails to execute mutual instructions to cancel escrow, one Party may make a written demand to Escrow Holder for the deposit. (C.A.R. Form BDRD or SDRD). Escrow Holder, upon receipt, shall promptly deliver notice of the demand to the other Party. If, within 10 Days After Escrow Holder's notice, the other Party does not object to the demand, Escrow Holder shall disburse the deposit to the Party making the demand. If Escrow Holder complies with the preceding process, each Party shall be deemed to have released Escrow Holder from any and all claims or liability related to the disbursal of the deposit. Escrow Holder, at its discretion, may nonetheless require mutual cancellation instructions. **A Party may be subject to a civil penalty of up to $1,000 for refusal to sign cancellation instructions if no good faith dispute exists as to who is entitled to the deposited funds (Civil Code §1057.3).**

Buyer's Initials ( *MF* ) ( _____ )                    Seller's Initials ( *[initials]* ) ( _____ )

**RPA-CA REVISED 12/18 (PAGE 6 OF 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT  (RPA-CA PAGE 6 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com                    6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA 92648-6729**      Date: **March 26, 2019**

**15. FINAL VERIFICATION OF CONDITION:** Buyer shall have the right to make a final verification of the Property within **5 (or ___ ) Days** Prior to Close Of Escrow, NOT AS A CONTINGENCY OF THE SALE, but solely to confirm: **(i)** the Property is maintained pursuant to paragraph 11; **(ii)** Repairs have been completed as agreed; and **(iii)** Seller has complied with Seller's other obligations under this Agreement (C.A.R. Form VP).

**16. REPAIRS:** Repairs shall be completed prior to final verification of condition unless otherwise agreed in writing. Repairs to be performed at Seller's expense may be performed by Seller or through others, provided that the work complies with applicable Law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all Repairs may not be possible. Seller shall: **(i)** obtain invoices and paid receipts for Repairs performed by others; **(ii)** prepare a written statement indicating the Repairs performed by Seller and the date of such Repairs; and **(iii)** provide Copies of invoices and paid receipts and statements to Buyer prior to final verification of condition.

**17. PRORATIONS OF PROPERTY TAXES AND OTHER ITEMS:** Unless otherwise agreed in writing, the following items shall be PAID CURRENT and prorated between Buyer and Seller as of Close Of Escrow: real property taxes and assessments, interest, rents, HOA regular, special, and emergency dues and assessments imposed prior to Close Of Escrow, premiums on insurance assumed by Buyer, payments on bonds and assessments assumed by Buyer, and payments on Mello-Roos and other Special Assessment District bonds and assessments that are now a lien. The following items shall be assumed by Buyer WITHOUT CREDIT toward the purchase price: prorated payments on Mello-Roos and other Special Assessment District bonds and assessments and HOA special assessments that are now a lien but not yet due. Property will be reassessed upon change of ownership. Any supplemental tax bills shall be paid as follows: **(i)** for periods after Close Of Escrow, by Buyer; and **(ii)** for periods prior to Close Of Escrow, by Seller (see C.A.R. Form SPT or further information). TAX BILLS ISSUED AFTER CLOSE OF ESCROW SHALL BE HANDLED DIRECTLY BETWEEN BUYER AND SELLER. Prorations shall be made based on a 30-day month.

**18. BROKERS:**

   **A. COMPENSATION:** Seller or Buyer, or both, as applicable, agree to pay compensation to Broker as specified in a separate written agreement between Broker and that Seller or Buyer. Compensation is payable upon Close Of Escrow, or if escrow does not close, as otherwise specified in the agreement between Broker and that Seller or Buyer.

   **B. SCOPE OF DUTY:** Buyer and Seller acknowledge and agree that Broker: **(i)** Does not decide what price Buyer should pay or Seller should accept; **(ii)** Does not guarantee the condition of the Property; **(iii)** Does not guarantee the performance, adequacy or completeness of inspections, services, products or repairs provided or made by Seller or others; **(iv)** Does not have an obligation to conduct an inspection of common areas or areas off the site of the Property; **(v)** Shall not be responsible for identifying defects on the Property, in common areas, or offsite unless such defects are visually observable by an inspection of reasonably accessible areas of the Property or are known to Broker; **(vi)** Shall not be responsible for inspecting public records or permits concerning the title or use of Property; **(vii)** Shall not be responsible for identifying the location of boundary lines or other items affecting title; **(viii)** Shall not be responsible for verifying square footage, representations of others or information contained in investigation reports, Multiple Listing Service, advertisements, flyers or other promotional material; **(ix)** Shall not be responsible for determining the fair market value of the Property or any personal property included in the sale; **(x)** Shall not be responsible for providing legal or tax advice regarding any aspect of a transaction entered into by Buyer or Seller; and **(xi)** Shall not be responsible for providing other advice or information that exceeds the knowledge, education and experience required to perform real estate licensed activity. Buyer and Seller agree to seek legal, tax, insurance, title and other desired assistance from appropriate professionals.

**19. REPRESENTATIVE CAPACITY:** If one or more Parties is signing this Agreement in a representative capacity and not for him/herself as an individual then that Party shall so indicate in paragraph 31 or 32 and attach a Representative Capacity Signature Disclosure (C.A.R. Form RCSD). Wherever the signature or initials of the representative identified in the RCSD appear on this Agreement or any related documents, it shall be deemed to be in a representative capacity for the entity described and not in an individual capacity, unless otherwise indicated. The Party acting in a representative capacity **(i)** represents that the entity for which that party is acting already exists and **(ii)** shall Deliver to the other Party and Escrow Holder, within **3 Days** After Acceptance, evidence of authority to act in that capacity (such as but not limited to: applicable portion of the trust or Certification Of Trust (Probate Code §18100.5), letters testamentary, court order, power of attorney, corporate resolution, or formation documents of the business entity).

**20. JOINT ESCROW INSTRUCTIONS TO ESCROW HOLDER:**

   **A. The following paragraphs, or applicable portions thereof, of this Agreement constitute the joint escrow instructions of Buyer and Seller to Escrow Holder,** which Escrow Holder is to use along with any related counter offers and addenda, and any additional mutual instructions to close the escrow: paragraphs 1, 3, 4B, 5A, 6, 7, 10C, 13, 14G, 17, 18A, 19, 20, 26, 29, 30, 31, 32 and paragraph D of the section titled Real Estate Brokers on page 10. If a Copy of the separate compensation agreement(s) provided for in paragraph 18A, or paragraph D of the section titled Real Estate Brokers on page 10 is deposited with Escrow Holder by Broker, Escrow Holder shall accept such agreement(s) and pay out from Buyer's or Seller's funds, or both, as applicable, the Broker's compensation provided for in such agreement(s). The terms and conditions of this Agreement not set forth in the specified paragraphs are additional matters for the information of Escrow Holder, but about which Escrow Holder need not be concerned. Buyer and Seller will receive Escrow Holder's general provisions, if any, directly from Escrow Holder and will execute such provisions within the time specified in paragraph 7C(1)(c). To the extent the general provisions are inconsistent or conflict with this Agreement, the general provisions will control as to the duties and obligations of Escrow Holder only. Buyer and Seller will execute additional instructions, documents and forms provided by Escrow Holder that are reasonably necessary to close the escrow and, as directed by Escrow Holder, within **3 (or ___ ) Days,** shall pay to Escrow Holder or HOA or HOA management company or others any fee required by paragraphs 7, 10 or elsewhere in this Agreement.

   **B.** A Copy of this Agreement including any counter offer(s) and addenda shall be delivered to Escrow Holder within **3 Days** After Acceptance (or _____ ). Buyer and Seller authorize Escrow Holder to accept and rely on Copies and Signatures as defined in this Agreement as originals, to open escrow and for other purposes of escrow. The validity of this Agreement as between Buyer and Seller is not affected by whether or when Escrow Holder Signs this Agreement. Escrow Holder shall provide Seller's Statement of Information to Title company when received from Seller. If Seller delivers an affidavit to Escrow Holder to satisfy Seller's FIRPTA obligation under paragraph 10C, Escrow Holder shall deliver to Buyer a Qualified Substitute statement that complies with federal Law.

Buyer's Initials ( *MZ* ) ( ___ )            Seller's Initials ( ___ ) ( ___ )    
**RPA-CA REVISED 12/18 (PAGE 7 OF 10)**

CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT **(RPA-CA PAGE 7 OF 10)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com     6475 Marigayle

785

Property Address: **6475 Marigayle Circle, Huntington Beach, CA 92648-6729**     Date: **March 26, 2019**

C. Brokers are a party to the escrow for the sole purpose of compensation pursuant to paragraph 18A and paragraph D of the section titled Real Estate Brokers on page 10. Buyer and Seller irrevocably assign to Brokers compensation specified in paragraph 18A, and irrevocably instruct Escrow Holder to disburse those funds to Brokers at Close Of Escrow or pursuant to any other mutually executed cancellation agreement. Compensation instructions can be amended or revoked only with the written consent of Brokers. Buyer and Seller shall execute and hold harmless Escrow Holder from any liability resulting from Escrow Holder's payment to Broker(s) of compensation pursuant to this Agreement.

D. Upon receipt, Escrow Holder shall provide Seller and Seller's Broker verification of Buyer's deposit of funds pursuant to paragraph 3A and 3B. Once Escrow Holder becomes aware of any of the following, Escrow Holder shall immediately notify all Brokers: (i) If Buyer's initial or any additional deposit or down payment is not made pursuant to this Agreement, or is not good at time of deposit with Escrow Holder; or (ii) If Buyer and Seller instruct Escrow Holder to cancel escrow.

E. A Copy of any amendment that affects any paragraph of this Agreement for which Escrow Holder is responsible shall be delivered to Escrow Holder within 3 Days after mutual execution of the amendment.

**21.REMEDIES FOR BUYER'S BREACH OF CONTRACT:**

A. Any clause added by the Parties specifying a remedy (such as release or forfeiture of deposit or making a deposit non-refundable) for failure of Buyer to complete the purchase in violation of this Agreement shall be deemed invalid unless the clause independently satisfies the statutory liquidated damages requirements set forth in the Civil Code.

B. **LIQUIDATED DAMAGES:** If Buyer fails to complete this purchase because of Buyer's default, Seller shall retain, as liquidated damages, the deposit actually paid. If the Property is a dwelling with no more than four units, one of which Buyer intends to occupy, then the amount retained shall be no more than 3% of the purchase price. Any excess shall be returned to Buyer. Except as provided in paragraph 14H, release of funds will require mutual, Signed release Instructions from both Buyer and Seller, judicial decision or arbitration award. AT THE TIME OF ANY INCREASED DEPOSIT BUYER AND SELLER SHALL SIGN A SEPARATE LIQUIDATED DAMAGES PROVISION INCORPORATING THE INCREASED DEPOSIT AS LIQUIDATED DAMAGES (C.A.R. FORM RID).

Buyer's Initials _MZ_ / ____          Seller's Initials _N_ / ____

**22.DISPUTE RESOLUTION:**

A. **MEDIATION:** The Parties agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to arbitration or court action through the C.A.R. Real Estate Mediation Center for Consumers (www.consumermediation.org) or through any other mediation provider or service mutually agreed to by the Parties. The Parties also agree to mediate any disputes or claims with Broker(s), who, in writing, agree to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to the Broker. Mediation fees, if any, shall be divided equally among the Parties involved. If, for any dispute or claim to which this paragraph applies, any Party (i) commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then that Party shall not be entitled to recover attorney fees, even if they would otherwise be available to that Party in any such action. THIS MEDIATION PROVISION APPLIES WHETHER OR NOT THE ARBITRATION PROVISION IS INITIALED. Exclusions from this mediation agreement are specified in paragraph 22C.

B. **ARBITRATION OF DISPUTES:**

The Parties agree that any dispute or claim in Law or equity arising between them out of this Agreement or any resulting transaction, which is not settled through mediation, shall be decided by neutral, binding arbitration. The Parties also agree to arbitrate any disputes or claims with Broker(s), who, in writing, agree to such arbitration prior to, or within a reasonable time after, the dispute or claim is presented to the Broker. The arbitrator shall be a retired judge or justice, or an attorney with at least 5 years of residential real estate Law experience, unless the parties mutually agree to a different arbitrator. The Parties shall have the right to discovery in accordance with Code of Civil Procedure §1283.05. In all other respects, the arbitration shall be conducted in accordance with Title 9 of Part 3 of the Code of Civil Procedure. Judgment upon the award of the arbitrator(s) may be entered into any court having jurisdiction. Enforcement of this agreement to arbitrate shall be governed by the Federal Arbitration Act. Exclusions from this arbitration agreement are specified in paragraph 22C.

"NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."

"WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION."

Buyer's Initials _MZ_ / ____          Seller's Initials _N_ / ____

C. **ADDITIONAL MEDIATION AND ARBITRATION TERMS:**

(1) EXCLUSIONS: The following matters are excluded from mediation and arbitration: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in Civil Code §2985; (ii) an unlawful detainer action; and (iii) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court.

Buyer's Initials ( _MZ_ ) ( ____ )          Seller's Initials ( _N_ ) ( ____ )
RPA-CA REVISED 12/18 (PAGE 8 OF 10)

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 8 OF 10)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com          6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA 92648-6729**                    Date: **March 26, 2019**

    (2) **PRESERVATION OF ACTIONS:** The following shall not constitute a waiver nor violation of the mediation and arbitration provisions: (i) the filing of a court action to preserve a statute of limitations; (ii) the filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies; or (iii) the filing of a mechanic's lien.

    (3) **BROKERS:** Brokers shall not be obligated nor compelled to mediate or arbitrate unless they agree to do so in writing. Any Broker(s) participating in mediation or arbitration shall not be deemed a party to this Agreement.

**23. SELECTION OF SERVICE PROVIDERS:** Brokers do not guarantee the performance of any vendors, service or product providers ("Providers"), whether referred by Broker or selected by Buyer, Seller or other person. Buyer and Seller may select ANY Providers of their own choosing.

**24. MULTIPLE LISTING SERVICE ("MLS"):** Brokers are authorized to report to the MLS a pending sale and, upon Close Of Escrow, the sales price and other terms of this transaction shall be provided to the MLS to be published and disseminated to persons and entities authorized to use the information on terms approved by the MLS.

**25. ATTORNEY FEES:** In any action, proceeding, or arbitration between Buyer and Seller arising out of this Agreement, the prevailing Buyer or Seller shall be entitled to reasonable attorney fees and costs from the non-prevailing Buyer or Seller, except as provided in paragraph 22A.

**26. ASSIGNMENT:** Buyer shall not assign all or any part of Buyer's interest in this Agreement without first having obtained the separate written consent of Seller to a specified assignee. Such consent shall not be unreasonably withheld. Any total or partial assignment shall not relieve Buyer of Buyer's obligations pursuant to this Agreement unless otherwise agreed in writing by Seller. (C.A.R. Form AOAA).

**27. EQUAL HOUSING OPPORTUNITY:** The Property is sold in compliance with federal, state and local anti-discrimination Laws.

**28. TERMS AND CONDITIONS OF OFFER:** This is an offer to purchase the Property on the above terms and conditions. The liquidated damages paragraph or the arbitration of disputes paragraph is incorporated in this Agreement if initialed by all Parties or if incorporated by mutual agreement in a counter offer or addendum. If at least one but not all Parties initial, a counter offer is required until agreement is reached. Seller has the right to continue to offer the Property for sale and to accept any other offer at any time prior to notification of Acceptance. The Parties have read and acknowledge receipt of a Copy of the offer and agree to the confirmation of agency relationships. If this offer is accepted and Buyer subsequently defaults, Buyer may be responsible for payment of Brokers' compensation. This Agreement and any supplement, addendum or modification, including any Copy, may be Signed in two or more counterparts, all of which shall constitute one and the same writing.

**29. TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the Parties are incorporated in this Agreement. Its terms are intended by the Parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Except as otherwise specified, this Agreement shall be interpreted and disputes shall be resolved in accordance with the Laws of the State of California. **Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed, except in writing Signed by Buyer and Seller.**

**30. DEFINITIONS:** As used in this Agreement:

    **A.** **"Acceptance"** means the time the offer or final counter offer is accepted in writing by a Party and is delivered to and personally received by the other Party or that Party's authorized agent in accordance with the terms of this offer or a final counter offer.

    **B.** **"Agreement"** means this document and any counter offers and any incorporated addenda, collectively forming the binding agreement between the Parties. Addenda are incorporated only when Signed by all Parties.

    **C.** **"C.A.R. Form"** means the most current version of the specific form referenced or another comparable form agreed to by the parties.

    **D.** **"Close Of Escrow"**, including "COE", means the date the grant deed, or other evidence of transfer of title, is recorded.

    **E.** **"Copy"** means copy by any means including photocopy, NCR, facsimile and electronic.

    **F.** **"Days"** means calendar days. However, after Acceptance, the last **Day** for performance of any act required by this Agreement (including Close Of Escrow) shall not include any Saturday, Sunday, or legal holiday and shall instead be the next Day.

    **G.** **"Days After"** means the specified number of calendar days after the occurrence of the event specified, not counting the calendar date on which the specified event occurs, and ending at 11:59 PM on the final day.

    **H.** **"Days Prior"** means the specified number of calendar days before the occurrence of the event specified, not counting the calendar date on which the specified event is scheduled to occur.

    **I.** **"Deliver", "Delivered"** or **"Delivery"**, unless otherwise specified in writing, means and shall be effective upon: personal receipt by Buyer or Seller or the individual Real Estate Licensee for that principal as specified in the section titled Real Estate Brokers on page 10, regardless of the method used (i.e., messenger, mail, email, fax, other).

    **J.** **"Electronic Copy"** or **"Electronic Signature"** means, as applicable, an electronic copy or signature complying with California Law. Buyer and Seller agree that electronic means will not be used by either Party to modify or alter the content or integrity of this Agreement without the knowledge and consent of the other Party.

    **K.** **"Law"** means any law, code, statute, ordinance, regulation, rule or order, which is adopted by a controlling city, county, state or federal legislative, judicial or executive body or agency.

    **L.** **"Repairs"** means any repairs (including pest control), alterations, replacements, modifications or retrofitting of the Property provided for under this Agreement.

    **M.** **"Signed"** means either a handwritten or electronic signature on an original document, Copy or any counterpart.

**31. EXPIRATION OF OFFER:** This offer shall be deemed revoked and the deposit, if any, shall be returned to Buyer unless the offer is Signed by Seller and a Copy of the Signed offer is personally received by Buyer, or by   **Megan Zucaro** who is authorized to receive it, by 5:00 PM on the third Day after this offer is signed by Buyer (or by [ ] _____ ☐ AM/☐ PM, on _____ (date)).

☐ One or more Buyers is signing this Agreement in a representative capacity and not for him/herself as an individual. See attached Representative Capacity Signature Disclosure (C.A.R. Form RCSD-B) for additional terms.

Date 04/03/2019 9:51:42 BUYER *Megan Zucaro*

(Print name) **Megan Zucaro**

Date _____ BUYER _____

(Print name) _____

☐ Additional Signature Addendum attached (C.A.R. Form ASA).

Seller's Initials ( ___ ) ( ___ )

**RPA-CA REVISED 12/18 (PAGE 9 OF 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 9 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com                    6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA 92648-6729**     Date: **March 26, 2019**

**32. ACCEPTANCE OF OFFER:** Seller warrants that Seller is the owner of the Property, or has the authority to execute this Agreement. Seller accepts the above offer, and agrees to sell the Property on the above terms and conditions. Seller has read and acknowledges receipt of a Copy of this Agreement, and authorizes Broker to Deliver a Signed Copy to Buyer.

☐ (If checked) SELLER'S ACCEPTANCE IS **SUBJECT TO ATTACHED COUNTER OFFER (C.A.R. Form SCO or SMCO) DATED:**

_____

☐ One or more Sellers is signing this Agreement in a representative capacity and not for him/herself as an individual. See attached Representative Capacity Signature Disclosure (C.A.R. Form RCSD-S) for additional terms.

Date **4/3/19** SELLER _Amilini, Trustee_

**(Print name) Mother Nature Trust**

Date _____ SELLER _____

**(Print name)** _____

☐ Additional Signature Addendum attached (C.A.R. Form ASA).

( ___ / ___ )  **(Do not initial if making a counter offer.) CONFIRMATION OF ACCEPTANCE:** A Copy of Signed Acceptance was
(Initials)  personally received by Buyer or Buyer's authorized agent on (date) _____ at _____
☐ AM/ ☐ PM. **A binding Agreement is created when a Copy of Signed Acceptance is personally received by Buyer or Buyer's authorized agent whether or not confirmed in this document. Completion of this confirmation is not legally required in order to create a binding Agreement; it is solely intended to evidence the date that Confirmation of Acceptance has occurred.**

**REAL ESTATE BROKERS:**
A. Real Estate Brokers are not parties to the Agreement between Buyer and Seller.
B. Agency relationships are confirmed as stated in paragraph 2.
C. If specified in paragraph 3A(2), Agent who submitted the offer for Buyer acknowledges receipt of deposit.
D. **COOPERATING (BUYER'S) BROKER COMPENSATION:** Seller's Broker agrees to pay Buyer's Broker and Buyer's Broker agrees to accept, out of Seller's Broker's proceeds in escrow, the amount specified in the MLS, provided Buyer's Broker is a Participant of the MLS in which the Property is offered for sale or a reciprocal MLS. If Seller's Broker and Buyer's Broker are not both Participants of the MLS, or a reciprocal MLS, in which the Property is offered for sale, then compensation must be specified in a separate written agreement (C.A.R. Form CBC). Declaration of License and Tax (C.A.R. Form DLT) may be used to document that tax reporting will be required or that an exemption exists.
E. **PRESENTATION OF OFFER:** Pursuant to Standard of Practice 1-7, if Buyer's Broker makes a written request, Seller's Broker shall confirm in writing that this offer has been presented to Seller.

Buyer's Brokerage Firm **John B Spear** ///03/2019      DRE Lic. # **00344386**
By _Megan Zucaro_ 09:51 AM PDT    **Megan Zucaro** DRE Lic. # **01905753**   Date _____
By _____ DRE Lic. # _____ Date _____
Address _____ City _____ State ___ Zip ___
Telephone _____ Fax _____ E-mail **m@megazee.com**
Seller's Brokerage Firm _Anh Thy Nguyen_      DRE Lic. # _____
By _Amilini_     DRE Lic. # **01931409**   Date **4/3/19**
By _____ DRE Lic. # _____ Date _____
Address _____ City _____ State ___ Zip ___
Telephone _____ Fax _____ E-mail _____

**ESCROW HOLDER ACKNOWLEDGMENT:**
Escrow Holder acknowledges receipt of a Copy of this Agreement, (if checked, ☐ a deposit in the amount of $ _____ ),
counter offer numbers _____ ☐ Seller's Statement of Information and _____
_____, and agrees to act as Escrow Holder subject to paragraph 20 of this Agreement, any supplemental escrow instructions and the terms of Escrow Holder's general provisions.

Escrow Holder is advised that the date of Confirmation of Acceptance of the Agreement as between Buyer and Seller is _____

Escrow Holder _____ Escrow # _____
By _____ Date _____
Address _____
Phone/Fax/E-mail _____
Escrow Holder has the following license number # _____
☐ Department of Business Oversight, ☐ Department of Insurance, ☐ Department of Real Estate.

**PRESENTATION OF OFFER:** ( _____ ) Seller's Broker presented this offer to Seller on _____ (date).
       Broker or Designee Initials

**REJECTION OF OFFER:** ( _____ ) ( _____ ) No counter offer is being made. This offer was rejected by Seller on _____ (date).
       Seller's Initials

©1991- 2018, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
●525 South Virgil Avenue, Los Angeles, California 90020
Buyer Acknowledges that page 10 is part of this Agreement ( **MZ** ) ( _____ )
       Buyer's Initials

**RPA-CA REVISED 12/18 (PAGE 10 of 10)**



**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 10 OF 10)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com     6475 Marigayle



# ESCROW INSTRUCTIONS

**APEX ESCROW, INC. IS LICENSED BY THE STATE OF CALIFORNIA
DEPARTMENT OF BUSINESS OVERSIGHT LICENSE NO. 963-1581**

### ESCROW NO:00034926-TT
### ESCROW OFFICER:TERRY TRAN
### DATE: 04/05/2019

| | |
|---|---:|
| INITIAL DEPOSIT | $0.00 |
| NEW FIRST TRUST DEED TO FILE | $2,047,500.00 |
| SELLER FINANCING | $1,102,500.00 |
| TOTAL CONSIDERATION | $3,150,000.00 |

I/We will hand you the sum of $3,150,000.00 of which the sum of $0.00 shall be handed escrow as the initial deposit upon opening of this escrow. I/We will further hand you any and all sufficient funds for closing costs, expenses and prorations between Buyer and Seller, prior to the close of this escrow.

I/We will deliver to you any executed instruments and or funds required to enable you to comply with these instructions, all of which you are authorized to use, provided that on or before 04/12/2019 you are in a position to order a standard policy of title insurance with the usual title company exceptions, provided that said policy has a liability of at least the amount of the above total consideration, covering the property described as follows:

SEE LEGAL DESCRIPTION EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

**COMMONLY KNOWN AS:**

6475 Marigayle Circle, Huntington Beach, CA 92648
(Above address not verified by escrow holder)

**SHOWING TITLE VESTED IN:**

Megan Zucaro

## FREE FROM ENCUMBRANCES EXCEPT

A) All installment(s) of the General and Special County, and City (if any) Taxes for the current fiscal year, not delinquent, and taxes for the ensuing year, if any, a lien not yet payable.

B) All taxes, bonds and assessments levied or assessed subsequent to the date of these instructions.

C) Covenants, conditions, restrictions, reservations, rights, rights of way, easements and the exception or reservation of water, oil, gas, minerals, carbons, hydrocarbons or kindred substances on or under said land, now of record, if any, or in the Deed to file.

D) New First Deed of Trust to record herein, executed by Buyer, in favor of an Institutional Lender of Buyer's choice, securing a Note in the original principal sum of $2,047,500.00, at best prevailing rate and terms. Buyer's execution of the loan documents shall be deemed their full approval of all terms and conditions contained therein. All costs and charges incurred to obtain said new financing shall be born by Buyer. You are authorized and instructed to comply with the instructions of the Lender as they may be deposited into escrow.

E) New Second Deed of trust to record herein on usual title company form, executed by Buyer in favor of Seller, securing a Note in the original principal amount of $1,102,500.00, bearing interest at the rate of 5.000% per annum, payable in monthly installments of $4,593.75 accrued interest only, commencing May 15, 2019, and continuing on the same day of each calendar month thereafter until April 15, 2020, at which time the total sum of principal and interest then remaining unpaid shall become immediately due and payable. If any payment is not made within 15 days after it is due, a late charge of 5.000% of the installment due, may be charged to Buyer. Privilege is reserved of paying this Note in part or in whole anytime prior to maturity, without penalty.

F) PRORATE OR ADJUST THE FOLLOWING ITEMS AS OF DATE OF CLOSE OF ESCROW

♦ TAXES (BASED ON LAST BILL)

**15440 Beach Blvd. #131 ● Westminster, CA 92683 ● Tel: (714) 839-2222 ● Fax: (714) 839-2226**

PLEASE INITIAL

BUYER(S):_____ /_____    SELLER(S)_____ /_____

Valen Form ESCINSTR

## ESCROW INSTRUCTIONS CONTINUED
### ESCROW NO.: 00034926-TT
### PAGE NO.: 2

♦ HOMEOWNER'S ASSOCIATION ASSESSMENT

## INSTRUCTIONS

1) Buyer and property qualifying for new loan set out above. Buyer's execution of loan documents shall constitute Buyer's approval of all terms and conditions contained therein and a satisfaction of this condition.

2) Buyer shall furnish new insurance acceptable to lender and authorizes payment of premium for same when bill is submitted to escrow.

3) Buyer to be furnished with a one year home protection plan issued by **any reliable company** to be paid for by **Seller** in an amount not to exceed **$850.00**. All parties acknowledge the only function of escrow holder is to pay the billing submitted into escrow and distribute copies of the home warranty, if any, to the respective parties at the close of their escrow.

4) Buyer is aware of association dues on the subject property payable approximately **Sto follow per month**. You are hereby authorized and instructed to obtain a statement of association status and to prorate the monthly dues to the close of escrow. Charge **Seller** transfer fee(s) and charge seller any past due assessments and key fee, if applicable, if any.

5) Seller is responsible for returning any association keys/tags to the homeowner's association prior to close of escrow and depositing receipt for same in escrow. Otherwise, Seller is aware that Seller will be charged key/tag fees as assessed by homeowner's association.

6) Seller agrees to furnish Buyer with copies of C.C.& R.'s and association by-laws, Articles of Incorporation, Budget, Financial Statement, Rules and Regulations and any other documents required by law for Buyer's approval. Escrow holder is hereby authorized and instructed to obtain those documents from the association which Seller is unable to furnish and is to charge Seller's account with any applicable document fee charged by the association. **SELLER'S FAILURE TO FORWARD ASSOCIATION DOCUMENTS TO ESCROW HOLDER WITH SELLER'S SIGNED ESCROW INSTRUCTIONS WILL BE DEEMED ESCROW HOLDER'S AUTHORITY TO ORDER ALL ASSOCIATION DOCUMENTS FROM THE HOMEOWNER'S ASSOCIATION.**

7) Buyer shall have **0** days from receipt of such association documents to disapprove in writing to escrow holder. Failure to so notify escrow holder as herein provided shall conclusively be considered approval.

8) This escrow is subject to Buyer's approval of the preliminary title report, including all C C & R's, if any, within **0** days of receipt thereof. Absence of notification to escrow holder to the contrary within the allotted time, shall be deemed approval thereof and satisfaction of this requirement.

9) Buyer shall furnish escrow holder with Buyer's vesting prior to the date of preparation of Buyer's loan documents or close of escrow (if Buyer is not obtaining financing). Escrow holder is hereby authorized and instructed to complete and/or correct Buyer's vesting on the already executed Grant Deed over notarized signatures. If the marital status is separated (divorce is not yet final) or married as sole and separate property, Buyer shall furnish escrow holder with the name of Buyer's spouse. Escrow holder is authorized and instructed to prepare an Interspousal Transfer or Quitclaim Deed for Buyer's spouse's signature. Escrow holder is to record same at close of escrow, charging Buyer's account for the preparation and recording fees. Buyer is aware that escrow holder cannot give legal advice regarding how Buyer should take title. Buyer is advised to seek the advice of Buyer's own attorney and/or accountant with regard thereto.

10) ALL PARTIES HEREIN ARE AWARE THAT ANY OWNERS POLICY OF TITLE INSURANCE MAY CEASE TO EXIST UPON RECORDATION OF ANY DOCUMENT WHICH ELIMINATES AN INSURED OWNER AND/OR ADDS A NEW OWNER. ESCROW HOLDER IS HEREBY RELIEVED OF ANY AND ALL LIABILITY AND/OR RESPONSIBILITY IN CONNECTION WITH THE RECORDATION OF ANY SUCH HEREIN DESCRIBED DEED, IF APPLICABLE.

11) Except as otherwise provided for herein, Buyer and Seller each agree to be responsible for their own normal closing costs as is customary in Orange County, State of California.

12) Obtain and pay demands on existing encumbrances of record, if any. Charge parties in interest for whom services were rendered for any excessive long distance calls, express mail, special delivering, notary fees, buyer's third party inspection, wire transfer fee or cashier's check fee, if any.

13) Let this be your authority to release funds from buyer's/borrower's deposit in this escrow as may be necessary to obtain a demand/beneficiary statement from lender(s) of record, and/or new lender that requires money advanced for credit report and appraisal, and/or Homeowners Assoc. demand for release of H.O.A. documents. It is understood and agreed by and between the undersigned, in the event of cancellation, the canceling party will reimburse the other party for any sums released on their behalf.

14) Seller shall pay for any private transfer fee, if applicable.

PLEASE INITIAL

BUYER(S):_____/_____    SELLER(S)_____/_____

Vision Form EBCINSTR

790

## ESCROW INSTRUCTIONS CONTINUED
### ESCROW NO.: 00034926-TT
### PAGE NO.: 3

15) ESCROW HOLDER IS INSTRUCTED TO PROCESS AND COMPLETE THIS TRANSACTION IN ACCORDANCE WITH THE PROVISIONS CONTAINED IN THESE WRITTEN ESCROW INSTRUCTIONS. IT IS EXPRESSLY UNDERSTOOD THAT THE ESCROW INSTRUCTIONS ARE NOT INTENDED TO MODIFY, AMEND, SUPERSEDE OR IN ANY WAY CHANGE THE RESIDENTIAL PURCHASE AGREEMENT AND JOINT ESCROW INSTRUCTIONS DATED MARCH 26, 2019 AND ALL COUNTER OFFERS OR ADDENDUMS TO SAID PURCHASE AGREEMENT, WHICH AGREEMENT IS INCORPORATED HEREIN BY REFERENCE ONLY; HOWEVER ALL PARTIES UNDERSTAND THAT THE ESCROW HOLDER'S OBLIGATIONS ARE LIMITED TO ONLY THOSE PROVISIONS CONTAINED IN THESE WRITTEN INSTRUCTIONS.

**AS A MEMORANDUM AGREEMENT ONLY WITH WHICH ESCROW HOLDER IS NOT TO BE CONCERNED**

a) Buyer intends to occupy subject property as Buyer's primary residence.

b) Possession of subject property is to be given to Buyer on the date of close of escrow.

END OF MEMORANDUM AGREEMENT

BUYER:
THE FOREGOING TERMS, CONDITIONS, PROVISIONS AND INSTRUCTIONS, TOGETHER WITH THE GENERAL PROVISIONS SET OUT ON THE FINAL PAGE OF THESE INSTRUCTIONS, ARE UNDERSTOOD AND APPROVED IN THEIR ENTIRETY BY EACH OF THE UNDERSIGNED. I AGREE TO PAY ON DEMAND BUYER'S CUSTOMARY COSTS AND CHARGES INCURRED HEREIN, INCLUDING BUT NOT LIMITED TO, RECORDING FEES, DOCUMENT PREPARATION FEES, ESCROW FEE, ANY COSTS INCURRED BY REASON OF ANY FINANCING OBTAINED OR ASSUMED BY ME, AND ANY OTHER CHARGE INCURRED FOR MY BENEFIT.

BUYER:

_____

Megan Zucaro

_____

_____

_____

SELLER:
THE FOREGOING TERMS, CONDITIONS, PROVISIONS AND INSTRUCTIONS, TOGETHER WITH THE GENERAL PROVISIONS SET OUT ON THE FINAL PAGE OF THESE INSTRUCTIONS ARE UNDERSTOOD, APPROVED AND ACCEPTED IN THEIR ENTIRETY BY EACH OF THE UNDERSIGNED.    I WILL HAND YOU MY EXECUTED GRANT DEED AND/OR OTHER DOCUMENTS OR INSTRUMENTS REQUIRED FROM ME TO CAUSE TITLE TO BE AS SHOWN ABOVE, WHICH YOU ARE AUTHORIZED TO USE AND/OR DELIVER WHEN YOU CAN COMPLY WITH THESE INSTRUCTIONS AND WHEN YOU CAN HOLD FOR MY ACCOUNT THE TOTAL CONSIDERATION DUE TO MY ACCOUNT AT THE CLOSE OF ESCROW, YOU ARE AUTHORIZED AND INSTRUCTED TO DEDUCT THE AMOUNT OF ANY REAL ESTATE BROKER'S COMMISSION TO BE PAID BY ME IN ACCORDANCE WITH SEPARATE INSTRUCTIONS, THE AMOUNT OF ANY FUNDS PAID TO ME OUTSIDE OF ESCROW, THE AMOUNT OWING UNDER ANY LIEN OR ENCUMBRANCE REQUIRED TO BE PAID TO PLACE TITLE IN THE CONDITION AS CALLED FOR HEREIN, AND SELLER'S CUSTOMARY COSTS AND CHARGES INCURRED HEREIN, INCLUDING, BUT NOT LIMITED TO, THE PREMIUM FOR THE C.L.T.A. OWNER'S POLICY OF TITLE INSURANCE TO BE PROVIDED TO THE BUYER, THE AMOUNT OF ANY DOCUMENTARY

PLEASE INITIAL

BUYER(S):_____/_____    SELLER(S)_____/_____

SNS Vision Form EBCINSTR

## ESCROW INSTRUCTIONS CONTINUED
### ESCROW NO.: 00034926-TT
### PAGE NO.: 4

TRANSFER TAX OWING ON THE DEED, ESCROW FEE, RECORDING FEES FRO DOCUMENTS, INSTRUMENT RECORDED FOR MY BENEFIT, ANY TRANSFER FEE CHARGED BY ANY ASSOCIATION COVERING THE SUBJECT PROPERTY, THE COST OF OBTAINING ANY STATEMENT(S) OR DEMAND CONCERNING ANY LIEN OR ENCUMBRANCE OF RECORD, AND ANY OTHER COST OR CHARGE INCURRED FOR MY BENEFIT.

**SELLER:**

Mother Nature Trust with Anh Thy Nguyen acting as Trustee

PLEASE INITIAL

BUYER(S):_____/_____   SELLER(S)_____/_____

5995 Vision Form ESCINSTR



**APEX**
**e s c r o w**

# A M E N D M E N T   T O   E S C R O W   I N S T R U C T I O N S

May 1, 2019                                                Escrow No: 00034926-TT

TO: APEX ESCROW
RE: 6475 Marigayle Circle, Huntington Beach, CA  92648

My previous escrow instructions in the above numbered escrow are hereby amended and/or supplemented in the following particulars only:

Vesting through the above referenced escrow shall be as follows: Helping Others International, LLC, a Delaware Limited Liability Company

New first loan in the amount of $1,950,000.00 in favor of United Lender, LLC, a Nevada Limited Liability Company.

Seller Financing in the amount of $1,200,000.00.

Close of escrow date shall be on or before May 3, 2019.

* * * * * ALL OTHER TERMS AND CONDITIONS SHALL REMAIN THE SAME.* * * * *

EACH OF THE UNDERSIGNED STATES THAT EACH HAS READ THE FOREGOING INSTRUCTIONS, UNDERSTANDS THEM AND ACKNOWLEDGES RECEIPT OF A COPY OF THESE INSTRUCTIONS.

Seller:                                                   Buyer:

_____  Trustee                    _____

Mother Nature Trust with Anh Thy Nguyen acting     Helping Others International, LLC, a Delaware
as Trustee                                         Limited Liability Company
                                                   By: Megan Zucaro, Its Manager

_____                     _____

_____                     _____

_____                     _____

**15440 Beach Blvd #131.** ● **Westminster, CA 92683** ● **Tel: (714) 839-2222** ● **Fax: (714) 839-2226**
Vision Form AMENDMT

# EXHIBIT "B"

# EXHIBIT "2"

# EXHIBIT "2"

Case 1:20-ap-01070-VK    Doc 1-3    Filed 07/17/20    Entered 07/17/20 12:25:43    Desc
Electronically Filed by Superior Court of California, County of Orange, 01/22/2020 01:59:00 PM.
30-2020-01124778-CU-FR-CJC - ROA # 21 - DAVID H. YAMASAKI, Clerk of the Court By Robert Renison, Deputy Clerk.
Exhibit 52-73    Page 89 of 434

Andrew A. Smits (State Bar No. 146659)
Law Offices of Andrew A. Smits
36 Executive Park, Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email:      asmits@smits-law.com

Attorney for Plaintiff Anh Thy Song Nguyen,
Trustee of Mother Nature Trust

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; all other persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: 30-2020-01124778-CU-FR-CJC <br><br> Assigned to: Judge Walter Schwarm <br> Dept.: C19 <br><br> **EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> [Decl. of Andrew A. Smits, Decl. of Anh Thy Song Nguyen, Request for Judicial Notice, and proposed Order submitted herewith] <br><br> Date:  January 23, 2020 <br> Time:  8:30 a.m. <br> Dept.:  C19 <br><br> Complaint filed: January 15, 2020 <br> Trial date:      Not set |

Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust ("Plaintiff"), makes this

application for a temporary restraining order and order to show cause why a preliminary injunction

should not issue pending trial of this action, enjoining defendants and their employees, agents, and

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE
TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  persons action with them or on their behalf, from holding a trustee's sale of residential real property

2  scheduled for **Monday, January 27, 2020** at 1:30 p.m. at the north entrance of the Orange County

3  Superior Court, Central Justice Center.

4  **Irreparable Harm**

5  Plaintiff will suffer irreparable harm if this application is not granted. Plaintiff is the victim

6  of real estate fraud and an equity theft scheme being perpetrated by the Defendants throughout

7  California. Plaintiff is a junior lienholder on a residential real property who will become a **sold out**

8  junior lienholder if a fraudulent trustee's sale by a senior lienholder, the beneficiary of the first deed

9  of trust, is allowed to proceed as noticed for January 27, 2020 at 1:30 p.m. The fraudulent trustee's

10 sale must be enjoined, pending trial of this action, in order for Plaintiff to avoid elimination of her

11 interest in the property and to avoid irreparable harm.

12 **Requested Relief and Summary of Reason Therefor**

13 Plaintiff seeks to immediately enjoin the senior lienholder's trustee's sale set for January 27,

14 2020 at 1:30 p.m. The Court should issue a temporary restraining order and an order to show cause

15 why a preliminary injunction should not issue pending trial of this action. Defendants, Helping

16 Others International, LLC, and Megan Zucaro acted as the purported buyer of the subject property,

17 and defendant United Lender, LLC, served as the purported private lender for the buyer, and they

18 have conspired with the trustee for the foreclosure sale, defendant Western Fidelity Associates, LLC,

19 dba Western Fidelity Trustees, to hold a fraudulent foreclosure sale to eliminate Plaintiff's interest in

20 the subject property.

21 **Statutory Basis For This Ex Parte Application**

22 This Application is made pursuant to California Rules of Court, rules 3.1200 through

23 3.12007, which govern ex parte applications, and California Rules Court, rule 3.1150, which governs

24 preliminary injunctions. Furthermore, this Application is based on and made pursuant to Code of

25 Civil Procedure section 527 on the ground that the foreclosure sale set for January 27, 2020 regarding

26 the first deed of trust is fraudulent and a result of the fraud of Defendants, including the trustor and

27 debtor of the first trust deed, Helping Others International, LLC, and its principal Megan E. Zucaro,

28

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-1791
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE
TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  the beneficiary under the first deed of trust, United Lender, LLC, and the trustee on the first deed of

2  trust conducting the fraudulent foreclosure sale, Western Fidelity Associates, LLC, dba Western

3  Fidelity Trustees.  Plaintiff will suffer irreparable injury if the Defendants are not enjoined from

4  conducting the foreclosure sale, because the sale will eliminate Plaintiff's junior lienholder rights in

5  the subject property, resulting in Plaintiff becoming a sold out junior lienholder.

6  **No Previous Applications**

7  Plaintiff filed this action on January 15, 2020.  There has not been any previous application

8  for relief similar to the relief sought in this application.

9  **Plaintiff Has Satisfied The Notice And Procedural Requirements For This Ex Parte**

10  **Application**

11    A.    **Defendants' Names And Contact Information**

12    United Lender, LLC
      3635 S. Fort Apache Road, Ste. 200-20
13    Las Vegas, NV 89147

14    United Lender, LLC
      c/o AKOI, LLC, Registered Agent
15    5532 S. Fort Apache Road, Ste. 100
      Las Vegas, NV 89148
16    Email: jeremy@allkindsofinsurance.com

17    Shawn Ahdoot
      3635 S. Fort Apache Road, Ste. 200-20
18    Las Vegas, NV 89147
      email: shawn.ahdoot@gmail.com

19    Albert A. Ahdoot
      3635 S. Fort Apache Road, Ste. 200-20
20    Las Vegas, NV 89147

21    Megan E. Zucaro
      468 N. Camden Drive, Suite 201
22    Beverly Hills, CA 90210
      Email:  m@megazee.com

23    Megan E. Zucaro
24    3430 Indian Ridge Circle
      Thousand Oaks, CA 91362
25    Email:  m@megazee.com

26    Megan E. Zucaro
      15720 Ventura Boulevard, #405
27    Encino, CA 91436
      Email:  m@megazee.com

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

3

EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE
TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

Helping Others International, LLC
4110 Vanetta Place
Los Angeles, CA 91604
Email: m@megazee.com

2

3

4

Western Fidelity Associates, LLC,
dba Western Fidelity Trustees
1222 Crenshaw Boulevard, Suite "B"
Torrance, CA 90501
(310) 212-0700
Email: angelamijares@gmail.com

5

6

7

John B. Spear
4959 Palo Verde Street, Suite 205C
Montclair, CA 91763

8

9

American Financial Center, Inc.
14930 Ventura Boulevard, Suite 320
Sherman Oaks, CA 91430
(818) 981-1034, ext. 101
Email: markc@afincen.com

10

11

12

American Financial Center, Inc.
c/o Mark R. Crittenden, Registered Agent
14248 Dickens Street, Unit 104
Sherman Oaks, CA 91423
(818) 981-1034, ext. 101
Email: markc@afincen.com

13

14

15

16

**B.**   **Plaintiff Gave Timely and Proper Notice of This Application**

17

As set forth in detail in the Declaration of Andrew A. Smits submitted herewith, Plaintiff

18

gave timely written notice of this ex parte application to the two Defendants essential to and

19

proceeding with the fraudulent foreclosure sale on the First Deed of Trust as follows:

20

1.   **United Lender, LLC (Beneficiary under First Deed of Trust who is foreclosing**

21

**on January 27, 2020):** On Tuesday, January 21, 2020, Plaintiff personally served written notice of

22

this application (along with the summons, complaint, first amended complaint and lis pendens) at

23

the following address provided online at the website of the Nevada Secretary of State: United

24

Lender, LLC, 3635 S. Fort Apache Road, Ste. 200-20, Las Vegas, NV 89147.

25

On Tuesday, January 21, 2020, Plaintiff also personally served written notice of this

26

application (along with the summons, complaint, first amended complaint and lis pendens) at the

27

following address provided online at the website of the Nevada Secretary of State for the registered

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

4

EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE
TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   agent for United Lender, LLC: United Lender, LLC, c/o AKOI, LLC, Registered Agent, 5532 S.

2   Fort Apache Road, Ste. 100, Las Vegas, NV 89148.

3       On Tuesday, January 21, 2020, Plaintiff also emailed written notice of this application at the

4   following email address provided online at the website of the Nevada Secretary of State for the

5   registered agent for United Lender, LLC: jeremy@allkindsofinsurance.com.

6       United Lender, LLC, and its principals and officers, defendants Shawn Ahdoot and Albert A.

7   Ahdoot have informed Plaintiff that they acknowledge receipt of notice of this ex parte application

8   and intend to appear at the hearing by and through their attorney Lawrence C. Meyerson.  (Smits

9   Decl., ¶ 5, p. 3, line 22 – p. 4, line 20; see also, **Ex. "AA."**)

10      2.      **Western Fidelity Associates, LLC, dba Western Fidelity Trustees (trustee on**

11  **the First Deed of Trust who issued the Notice of Trustee's Sale and is conducting the sale on**

12  **January 27, 2020):**  On Tuesday, January 21, 2020, Plaintiff personally served written notice of

13  this application (along with the summons, complaint, first amended complaint and lis pendens) at

14  the following address: Western Fidelity Associates, LLC, dba Western Fidelity Trustees, 1222

15  Crenshaw Boulevard, Suite "B", Torrance, CA 90501.

16      Western Fidelity, by Angela Mijares, sent an email to Plaintiff's attorney on January 21,

17  2020 acknowledging notice of the ex parte and stating the following: "We will abide by the

18  outcome of the hearing on January 23."  (Smits Decl., ¶ 5, p. 4, line 21 – p. 5, line 6; see also,

19  **Exhibits "BB" and "CC."**)

20

21      Plaintiff gave timely written notice of this ex parte application to other Defendants as

22  follows:

23      3.      **Shawn Ahdoot (President of United Lender, LLC):** On Tuesday, January 21,

24  2020, Plaintiff personally served written notice of this application (along with the summons,

25  complaint, first amended complaint and lis pendens) at the following address provided online at the

26  website of the Nevada Secretary of State: United Lender, LLC, 3635 S. Fort Apache Road, Ste.

27  200-20, Las Vegas, NV 89147.

28

LAW OFFICES OF ANDREW A. SMITS
16 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

5

1    On Tuesday, January 21, 2020, Plaintiff sent by email written notice of this application to

2    the following email address for Shawn Ahdoot: shawn.ahdoot@gmail.com.

3        Shawn Ahdoot has informed Plaintiff that he acknowledges receipt of notice of the hearing

4    on this ex parte application and that he intends to appear at the hearing on this application by and

5    through his attorney, Lawrence C. Meyerson. (Smits Decl., ¶ 6, p. 5, lines 8 – 20; see also, **Ex.**

6    **"DD."**)

7        4.    **Albert A. Ahdoot (Manager of United Lender, LLC):** On Tuesday, January 21,

8    2020, Plaintiff personally served written notice of this application (along with the summons,

9    complaint, first amended complaint and lis pendens) at the following address provided online at

10   the website of the Nevada Secretary of State: United Lender, LLC, 3635 S. Fort Apache Road, Ste.

11   200-20, Las Vegas, NV 89147.

12       Albert A. Ahdoot has informed Plaintiff that he acknowledges receipt of notice of the

13   hearing on this ex parte application and that he intends to appear at the hearing on this application

14   by and through his attorney, Lawrence C. Meyerson. (Smits Decl., ¶ 6, p. 5, line 21 – p. 6, line 2.)

15       5.    **Megan E. Zucaro:** On Tuesday, January 21, 2020, Plaintiff sent by email written

16   notice of this application to the following email address for Megan Zucaro: m@megazee.com.

17   (Smits Decl., ¶ 6, p. 6, lines 3 - 6.)

18       6.    **Helping Others International, LLC:** On Tuesday, January 21, 2020, Plaintiff sent

19   by email written notice of this application to the following email address for Megan Zucaro, who is

20   the principal and manager of Helping Others International, LLC: m@megazee.com. (Smits Decl., ¶

21   6, p. 6, lines 7 – 10.)

22       7.    **American Financial Center, Inc.:** On Tuesday, January 21, 2020, Plaintiff sent by

23   email written notice of this application to the following email address for Mark R. Crittenden,

24   President and registered agent for American Financial Center, Inc.: markc@afincen.com.

25       Mark Crittenden contacted Plaintiff's attorney by telephone at approximately 9:50 a.m. on

26   Wednesday January 22, 2020 acknowledging receipt of written notice of this ex parte application and

27   stating that American Financial Center, Inc., does not oppose the application and will not appear at

28

6

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE
TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   the hearing set for January 23, 2020. (Smits Decl., ¶ 6, p. 6, lines 11 – 18.)

2      8.      **John B. Spear (responsible broker for Megan E. Zucaro):** Plaintiff has not been

3   able to provide notice of this application to John B. Spear. Regardless, notice of this ex parte to

4   Spear should not affect the Court's power to enjoin the foreclosure sale set for January 27, 2020, as

5   available evidence indicates Spear does not have any immediate rights or interests affected by the

6   scheduled sale. (Smits Decl., ¶ 6, p. 6, lines 19 – 25.)

7      The Application is, and will be, based on the attached memorandum of points and

8   authorities attached hereto, the declaration of Andrew A. Smits, the declaration of Anh Thy Song

9   Nguyen, the request for judicial notice, the proposed order, the Complaint filed January 15, 2020,

10  the pleadings and papers on file with the Court in this action, any matters the Court may judicially

11  notice, and on such other matters as may properly come before the Court.

12

13  Dated: January 22, 2020                              LAW OFFICES OF ANDREW A. SMITS

14

15

16

17  By: _____

18      Andrew A. Smits
        Attorney for Plaintiff Anh Thy Song Nguyen,
19      Trustee of Mother Nature Trust

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

7

EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE
TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    INTRODUCTION AND STATEMENT OF FACTS

Plaintiff sold a home - residential real property identified as 6475 Marigayle Circle, Huntington Beach, California 92648 with Assessor's Parcel Number 110-511-04 ("Subject Property") to defendant Helping Others International, LLC, which is owned and operated by defendant Megan E. Zucaro. The sale price was $3.150 million. The transaction was financed by Zucaro taking out a loan in the approximate amount of $1.9 million secured by a first deed of trust held by defendant United Lender, LLC. Zucaro talked Plaintiff into taking back a second deed of trust held by Helping Others International, LLC, for $1.2 million. Escrow closed May 3, 2019.

Helping Others International defaulted on the loan provided by United Lender and on Plaintiff's loan, having made no payments on either loan to date. United Lender initiated foreclosure proceedings on its first deed of trust. A Notice of Trustee's Sale has been recorded and sets the foreclosure sale for **Monday, January 27, 2020 at 1:30 p.m.** at the north entrance of the Orange County Superior Court, Central Justice Center, 700 Civic Center Drive West, Santa Ana, California. The foreclosure sale threatens to eliminate Plaintiff's second deed of trust, making Plaintiff a sold out junior lienholder.

There is additional indicia of the fraudulent nature of the scheduled trustee's sale. Curiously, United Lender and its president, Shawn Ahdoot, stated in a letter in July 2019 that Helping Others International was not in default on the loan secured by the first deed of trust. (Nguyen Decl., ¶ 11, **Ex. "J."**)

Defendants Zucaro, Helping Others International, United Lender, which is owned and operated by defendants Shawn Ahdoot and Albert A. Ahdoot, have engaged in at least four other similar transactions in Southern California in an apparent equity theft scheme. Public records included in Plaintiff's Request for Judicial Notice submitted herewith and Plaintiff's declaration testimony submitted herewith reflect that trustor and debtor under the first deed of trust and second deed of trust on the Subject Property, Helping Others International (and Zucaro), has defaulted on the first and the second secured obligations, setting up United Lender's fraudulent

LAW OFFICES OF ANDREW A. SMITS
76 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: austin@smits-law.com

1

EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE
TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

803

1   foreclosure proceeding to eliminate the second deed of trust or junior lienholder, who is the seller

2   of the property in the transactions. The other similar transactions indicate that United Lender

3   continues to lend to Helping Others International and Zucaro in purchasing the properties even

4   though Helping Others International and Zucaro have a long history of defaults.  No lender lends

5   money to someone who is in default with him on multiple loans unless that lender is a conspirator

6   in a scheme to steal the home seller's equity.  The evidence before the Court indicates Defendants

7   have conspired to foreclose on purchased properties, eliminating junior lienholders, including the

8   sellers of the properties like Plaintiff herein, and stealing the equity.

9   **2.    REQUESTED RELIEF AND REASON THEREFOR**

10          Based on the foregoing, Plaintiff seeks a temporary restraining order and an order to show

11  cause why a preliminary injunction should not issue pending trial of this action, enjoining the

12  trustee's sale set for Monday, January 27, 2020 at 1:30 p.m.

13          Plaintiff will be irreparably harmed if the trustee's sale is not enjoined.  Defendant United

14  Lender's fraudulent foreclosure sale will result in Plaintiff becoming a sold out junior lienholder.

15          Public records indicate the sale date of January 27, 2020 is the first sale date scheduled in

16  the foreclosure proceedings.  There are no records indicating prior sale dates.  United Lender will

17  not be prejudiced by the issuance of a temporary restraining order and order to cause re:

18  preliminary injunction under these circumstances.

19  **3.    THIS COURT IS AUTHORIZED TO ISSUE A TRO AND OSC RE:**

20  **PRELIMINARY INJUNCTION**

21          Code of Civil Procedure section 527 and the California Rules of Court, rule 3.1150

22  authorize this Court to issue a temporary restraining order and an order to cause why a preliminary

23  injunction should not issue pending trial of this action, enjoining the trustee's sale.

24          Plaintiff filed the complaint in this action on January 15, 2020.  Furthermore, Plaintiff has

25  complied with the requirements for an ex parte application for such relief and notified the

26  Defendants who are conducting the foreclosure proceedings: United Lender, LLC, including its

27

28

LAW OFFICES OF ANDREW A. SMITH
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone (949) 833-1025
Email: asmith@smith-law.com

2

EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE
TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   principals Shawn Ahdoot and Albert A. Ahdoot; and Western Fidelity Associates, dba Western

2   Fidelity Trustees.

3   **4.      CONCLUSION**

4           Plaintiff respectfully requests the Court issue forthwith a temporary restraining order and

5   an order to show cause as why a preliminary injunction should not issue pending trial of this

6   action, enjoining the trustee's sale set for Monday, January 27, 2020 at 1:30 p.m.

7

8   Dated: January 22, 2020                                  LAW OFFICES OF ANDREW A. SMITS

9

10

11                                                   By: _____

12                                                        Andrew A. Smits
                                                          Attorney for Plaintiff Anh Thy Song Nguyen,
                                                          Trustee of Mother Nature Trust

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

3

EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE
TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# EXHIBIT "3"

# EXHIBIT "3"

Electronically Filed by Superior Court of California, County of Orange, 01/22/2020 01:59:12 PM.
30-2020-01124778-CU-FR-CJC - ROA # 23 - DAVID H. YAMASAKI, Clerk of the Court By Robert Renison, Deputy Clerk.

1   Andrew A. Smits (State Bar No. 146659)
    Law Offices of Andrew A. Smits
2   36 Executive Park, Suite 160
    Irvine, California 92614-4794
3   Telephone: (949) 833-1025
    Email:     asmits@smits-law.com
4
    Attorney for Plaintiff Anh Thy Song Nguyen,
5   Trustee of Mother Nature Trust

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9         **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11  ANH THY SONG NGUYEN, TRUSTEE OF          Case No.: 30-2020-01124778-CU-FR-CJC
    MOTHER NATURE TRUST,
12                                           Assigned to: Judge Walter Schwarm
                         Plaintiff,          Dept.: C19
13          vs.

14                                           **DECLARATION OF ANH THY SONG
    UNITED LENDER, LLC, a Nevada limited     NGUYEN IN SUPPORT OF EX PARTE**
15  liability company; SHAWN AHDOOT, an      **APPLICATION OF PLAINTIFF ANH
    individual; ALBERT A. AHDOOT, an         THY SONG NGUYEN, TRUSTEE OF**
16  individual; MEGAN E. ZUCARO, an          **MOTHER NATURE TRUST, FOR**
    individual; HELPING OTHERS               **TEMPORARY RESTRAINING ORDER**
17  INTERNATIONAL, LLC, a Delaware           **AND ORDER TO SHOW CAUSE RE:**
    limited liability company; WESTERN       **PRELIMINARY INJUNCTION**
18  FIDELITY ASSOCIATES, LLC, a California
    limited liability company, dba WESTERN
19  FIDELITY TRUSTEES; JOHN B. SPEAR,
    an individual; all other persons unknown,   Date: January 23, 2020
20  claiming any legal or equitable right, title,  Time: 8:30 a.m.
    estate, lien, or interest in the property   Dept.: C19
21  described in the complaint adverse to
    Plaintiff's title, or any cloud upon Plaintiff's
22  title thereto; and DOES 1 through 100,
    inclusive,
23                                           Complaint filed: January 23, 2020
                         Defendants.         Trial date:       Not set
24

25          I, Anh Thy Song Nguyen, declare as follows:

26

27

28                                    1

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

DECL. OF ANH THY SONG NGUYEN IN SUPPORT OF EX PARTE APPLICATION OF PLAINTIFF ANH THY
SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, FOR TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

807

1     1.     I am the Trustee of Mother Nature Trust and the Plaintiff in the above-captioned

2 action. I have personal knowledge of all of the matters set forth in this Declaration and if called

3 upon to testify thereto, I could and would competently do so.

4     2.     This Declaration is submitted in support of my ex parte application for a temporary

5 restraining order and order to show cause re: preliminary injunction.

6     3.     In March 2019, I was the trustee of the owner of the residential real property

7 known as 6475 Marigayle Circle, Huntington Beach, California 92648 and having Assessor's

8 Parcel Number 110-511-04 ("Subject Property").

9     4.     Sometime in March 2019, I received a telephone call from Megan Zucaro

10 ("Zucaro") who stated she was a real estate agent and interested in buying the Subject Property.

11 Zucaro asked me how much I would sell the Subject Property for, and I stated I would sell the

12 Subject Property for $2.5 million. Zucaro stated she did not have sufficient funds at the time but

13 she was willing to pay $3 million if I would carry a promissory note secured by a second deed of

14 trust for one year, since Zucaro has other properties that she was selling and would be able to pay

15 off the notes. Zucaro also stated she wanted to receive a $150,000 commission since she has a real

16 estate license and that she would increase the price to $3.150 million for her commission.

17     5.     Zucaro stated she had a private lender with whom she had worked in many

18 transactions in the past seven years and has never defaulted, causing the private lender to be

19 interested in lending to her on the Subject Property. Initially, Zucaro said the lender would lend

20 $2.1 million if I agreed to carry the balance of the purchase price. Later, Zucaro stated the lender

21 came back to her and wanted to lend only $1.9 million and asked if I would carry the difference,

22 because Zucaro was is in the process of selling other properties and would be able to pay the note

23 within the year. Thereafter, I agreed to sell the Subject Property to Zucaro's limited liability

24 company, Helping Others International, LLC ("Helping Others International"), on terms discussed

25 with Zucaro. Escrow closed May 3, 2019. Attached hereto and incorporated herein by this

26 reference as **Exhibit "A"** is a copy of the California Residential Purchase Agreement and Joint

27 Escrow Instructions dated March 26, 2019 for sale of the Subject Property ("Purchase

28

2

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

DECL. OF ANH THY SONG NGUYEN IN SUPPORT OF EX PARTE APPLICATION OF PLAINTIFF ANH THY
SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, FOR TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

808

1  Agreement"), including Escrow Instructions dated April 5, 2019 and Amendment dated May 1,

2  2019. Attached hereto as **Exhibit "B"** is a true and correct copy of the Grant Deed dated May 1,

3  2019 and recorded May 2, 2019 as Instrument Number 2019000146648 from me to **Helping**

4  **Others International**. Attached hereto as **Exhibit "C"** is a true and correct copy of the Deed of

5  Trust, Assignment of Leases, Rents, and Profits, Security Agreement and Fixture Filing recorded

6  May 2, 2019 as Instrument Number 2019000146649 on the Subject Property and identifying

7  **Helping Others International** as trustor and **United Lender, LLC**, as beneficiary ("First Deed of

8  Trust"). Attached hereto as **Exhibit "D"** is a true and correct copy of my Deed of Trust and

9  Assignment of Rents recorded May 2, 2019 ("Second Deed of Trust") on the Subject Property and

10  identifying **Helping Others International** as trustor and me as beneficiary. Attached hereto as

11  **Exhibit "E"** is a true and correct copy of my Note Secured by Deed of Trust dated May 1, 2019,

12  which is secured by the Second Deed of Trust.

13        6.     After the first payment came due on my Note secured by the Second Deed of Trust,

14  Zucaro stated to me that she wanted a little more time to pay since she was in the process of

15  selling their properties. Helping Others International did not pay the first payment due under my

16  Note. When the second month's payment came due, Zucaro stated to me that she or Helping

17  Others International was obtaining another loan to pay the obligation owed to me. Helping Others

18  International did not make the second payment due under my Note. When the third month's

19  payment came due on my Note, I discovered that Helping Others International had not paid the

20  gardener or the pool service for the Subject Property; nor did it pay the third payment due under

21  my Note; nor has it paid any sum due under my Note.

22        7.     Sometime in September 2019, I discovered that **Helping Others International**

23  obtained a loan in the amount of $75,000 secured by a third deed of trust on the Subject Property.

24  The loan was funded by **American Financial Center, Inc.,** who is identified as the beneficiary

25  under a third deed of trust. A true and correct copy of the Deed of Trust with Assignment of Rents

26  recorded July 16, 2019 as Instrument Number 2019000254315 is attached hereto as **Exhibit "F"**

27  ("Third Deed of Trust").

28

Law Offices of Andrew A. Smits
16 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

3

8.    Public records reflect that on September 18, 2019, the beneficiary under the First Deed of Trust, **United Lender**, caused its trustee, **Western Fidelity Associates, LLC, dba Western Fidelity Trustees ("Western Fidelity")**, to record in the Orange County Recorder's office a Notice of Default and Election to Sell Under Deed of Trust, a true and correct copy of which is attached hereto as **Exhibit "G."** I received a copy of this Notice of Default in the mail.

9.    Public records reflect that on December 11, 2019, a substitution of trustee was recorded with respect to the First Deed of Trust. A copy of the Substitution of Trustee dated October 15, 2019 and signed by **Shawn Ahdoot** is attached hereto as **Exhibit "H."** I received a copy of this Substitution of Trustee in the mail.

10.    Public records reflect that on December 20, 2019, the beneficiary under the First Deed of Trust, **United Lender**, caused its trustee, **Western Fidelity**, to record in the Orange County Recorder's office a Notice of Trustee's Sale, a true and correct copy of which is attached hereto as **Exhibit "I,"** setting the date of sale for **January 27, 2020 at 1:30 p.m.** at the north entrance to Orange County Superior Court, Central Justice Center, at 700 Civic Center Drive West, Santa Ana, California 92701. I received a copy of this Notice of Trustee's Sale in the mail.

11.    Since being notified of the trustee's sale set for January 27, 2020 on the First Deed of Trust, I discovered the beneficiary under the First Deed of Trust, **United Lender**, sent a letter to a broker for a reported $30,000 unsecured loan to Zucaro and **Helping Others International**, stating Zucaro and **Helping Others International** were current on the loan secured by the First Deed of Trust. This letter indicates that there was no default and the Notice of Trustee's Sale (Ex. "I") setting the foreclosure sale on the First Deed of Trust for January 27, 2020 is based on false information and invalid. Attached hereto as **Exhibit "J"** is a letter from **United Lender** to Hope Adams, chief executive officer of 5 Star Business Funders, dated July 17, 2019 wherein **Shawn Ahdoot** of **United Lender** represents that Zucaro and **Helping Others International** were "up to date" on the mortgage loan on the Subject Property. I believe this letter was sent by United Lender to assist Zucaro and Helping Others International in obtaining a reported $30,000 unsecured loan.

//

4

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

DECL. OF ANH THY SONG NGUYEN IN SUPPORT OF EX PARTE APPLICATION OF PLAINTIFF ANH THY
SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, FOR TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

810

12.    I discovered that Zucaro, Helping Others International, United Lender, Shawn Ahdoot, Western Fidelity, Spear, and American Financial, among others, appear to have engaged in real estate and loan transactions similar to the transaction involving me and the Subject Property. In these transactions, Helping Others International (and Zucaro) acts as the buyer, the seller takes a promissory note secured by a second deed of trust, Helping Others International (and Zucaro) defaults on a loan provided by United Lender, Shawn Ahdoot, (or an entity related to these Defendants) and secured by the first deed of trust, and the beneficiary under the first deed of trust initiates foreclosure proceedings through trustee Western Fidelity to eliminate junior lienholders, including the beneficiary under the second deed of trust who is typically the seller of the property.

13.    Other real properties that are the subject of Defendants' similar real estate transactions include: 10434 Calling Road, Agua Dulce, California 91390; 4110 Vanetta Place, Studio City, California 91604; 28340 Locust Avenue, Moreno Valley, California 92555; and 422 North Soto Street, Los Angeles California 90033.

14.    Similar to the circumstances surrounding the Subject Property wherein American Financial has recorded a third deed of trust against the Subject Property to secure a $75,000 loan to Helping Others International, American Financial, according to publically available records, also loaned $75,000 to Helping Others International and obtained a third deed of trust on the real property located in Agua Dulce, California referenced above.

15.    The most recent purchase of real property by Zucaro and Helping Others International using a loan from United Lender, which is the property located at 422 North Soto Street, Los Angeles, California, recently closed escrow on November 26, 2019. I cannot understand how a lender such as United Lender would continue to loan to a buyer, such as Helping Others International or Zucaro, who has a history of defaults.

//

//

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1625
Email: asmits@smits-law.com

5

16.     I believe that Zucaro, Helping Others International, United Lender, Shawn Ahdoot, and Western Fidelity, among others, have taken advantage of me. I further believe that the trustee's sale set for **Monday, January 27, 2020** is wrongful and should be cancelled or stayed immediately, because it appears to be part of a scheme designed to eliminate my junior lienholder interest in the Subject Property. If the Court does not stop or stay the trustee's sale, the beneficiary under the first deed of trust, United Lender, will eliminate my interest in the Subject Property and cause me irreparable harm.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed this 22nd day of January 2020.

_____
Anh Thy Song Nguyen, Trustee of Mother Nature Trust

6

DECL. OF ANH THY SONG NGUYEN IN SUPPORT OF EX PARTE APPLICATION OF PLAINTIFF ANH THY
SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, FOR TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

812

# EXHIBIT "A"



CALIFORNIA
ASSOCIATION
OF REALTORS®

# CALIFORNIA
# RESIDENTIAL PURCHASE AGREEMENT
# AND JOINT ESCROW INSTRUCTIONS
(C.A.R. Form RPA-CA, Revised 12/18)

**Date Prepared:** _03/26/2019_
1. **OFFER:**
   A. **THIS IS AN OFFER FROM** _____ *Megan Zucaro* _____ ("Buyer").
   B. **THE REAL PROPERTY** to be acquired is _____ *6475 Marigayle Circle, Huntington Beach, CA 92648-6729* ___, situated in
      _Huntington Beach_ (City), _Orange_ (County), California, _92648-6729_ (Zip Code), Assessor's Parcel No. _110-511-04_ ("Property").
   C. **THE PURCHASE PRICE** offered is *Three Million, One Hundred Fifty Thousand*
      _____ Dollars $ *3,150,000.00* _____.
   D. **CLOSE OF ESCROW** shall occur on ☒ _____ *April 12, 2019* _____ (date)(or ☐ _____ Days After Acceptance).
   E. Buyer and Seller are referred to herein as the "Parties." Brokers are not Parties to this Agreement.
2. **AGENCY:**
   A. **DISCLOSURE:** The Parties each acknowledge receipt of a ☒ "Disclosure Regarding Real Estate Agency Relationships"
      (C.A.R. Form AD).
   B. **CONFIRMATION:** The following agency relationships are confirmed for this transaction:
      **Seller's Brokerage Firm** _____ License Number _____
      Is the broker of (check one): ☐ the seller; or ☐ both the buyer and seller. (dual agent)
      **Seller's Agent** _____ License Number _____
      Is (check one): ☐ the Seller's Agent. (salesperson or broker associate) ☐ both the Buyer's and Seller's Agent. (dual agent)

      **Buyer's Brokerage Firm** _____ *John B Spear* _____ License Number _*00344386*_
      Is the broker of (check one): ☒ the buyer; or ☐ both the buyer and seller. (dual agent)
      **Buyer's Agent** _____ *Megan Zucaro* _____ License Number _*01905753*_
      Is (check one): ☒ the Buyer's Agent. (salesperson or broker associate) ☐ both the Buyer's and Seller's Agent. (dual agent)
   C. **POTENTIALLY COMPETING BUYERS AND SELLERS:** The Parties each acknowledge receipt of a ☒ "Possible
      Representation of More than One Buyer or Seller - Disclosure and Consent" (C.A.R. Form PRBS).
3. **FINANCE TERMS:** Buyer represents that funds will be good when deposited with Escrow Holder.
   A. **INITIAL DEPOSIT:** Deposit shall be in the amount of .................................................. $ _____
      (1) Buyer Direct Deposit: Buyer shall deliver deposit directly to Escrow Holder by electronic funds
      transfer, ☐ cashier's check, ☐ personal check, ☐ other _____ within 3 business days
      after Acceptance (or _____ );
      OR (2) ☐ Buyer Deposit with Agent: Buyer has given the deposit by personal check (or _____ )
      to the agent submitting the offer (or to _____ ), made payable to
      _____ . The deposit shall be held uncashed until Acceptance and then deposited
      with Escrow Holder within **3** business days after Acceptance (or _____ ).
      Deposit checks given to agent shall be an original signed check and not a copy.
      (Note: Initial and increased deposits checks received by agent shall be recorded in Broker's trust fund log.)
   B. **INCREASED DEPOSIT:** Buyer shall increase deposit with Escrow Holder in the amount of . . . . . . . . . $ _____
      within _____ **Days After Acceptance** (or _____ ).
      If the Parties agree to liquidated damages in this Agreement, they also agree to incorporate the increased
      deposit into the liquidated damages amount in a separate liquidated damages clause (C.A.R. Form
      RID) at the time the increased deposit is delivered to Escrow Holder.
   C. ☐ **ALL CASH OFFER:** No loan is needed to purchase the Property. This offer is NOT contingent on Buyer
      obtaining a loan. Written verification of sufficient funds to close this transaction IS ATTACHED to this offer or
      ☐ Buyer shall, within 3 (or _____ ) **Days** After Acceptance, Deliver to Seller such verification.
   D. **LOAN(S):**
      (1) **FIRST LOAN:** in the amount of ............................................................ $ _*2,047,500.00*_
      This loan will be conventional financing **OR** ☐ FHA, ☐ VA, ☐ Seller financing (C.A.R. Form SFA),
      ☐ assumed financing (C.A.R. Form AFA), ☒ Other _*Private Money*_ . This loan shall be at a fixed
      rate not to exceed _____ % or, ☐ an adjustable rate loan with initial rate not to exceed _____ %.
      Regardless of the type of loan, Buyer shall pay points not to exceed _____ % of the loan amount.
      (2) ☒ **SECOND LOAN** in the amount of ......................................................... $ _*1,102,500.00*_
      This loan will be conventional financing **OR** ☒ Seller financing (C.A.R. Form SFA), ☐ assumed
      financing (C.A.R. Form AFA), ☐ Other _____ . This loan shall be at a fixed rate not to
      exceed _____ % or, ☐ an adjustable rate loan with initial rate not to exceed _____ %. Regardless of
      the type of loan, Buyer shall pay points not to exceed _____ % of the loan amount.
      (3) **FHA/VA:** For any FHA or VA loan specified in 3D(1), Buyer has **17 (or** _____ **) Days** After Acceptance
      to Deliver to Seller written notice (C.A.R. Form FVA) of any lender-required repairs or costs that
      Buyer requests Seller to pay for or otherwise correct. Seller has no obligation to pay or satisfy lender
      requirements unless otherwise agreed in writing. A FHA/VA amendatory clause (C.A.R. Form FVAC) shall be a
      part of this Agreement.
   E. **ADDITIONAL FINANCING TERMS:** _____

   F. **BALANCE OF DOWN PAYMENT OR PURCHASE PRICE** in the amount of ........................... $ _____
      to be deposited with Escrow Holder pursuant to Escrow Holder instructions.
   G. **PURCHASE PRICE (TOTAL):** ................................................................ $ _*3,150,000.00*_
   Buyer's Initials ( _MZ_ ) ( _____ )                           Seller's Initials ( _AV_ ) ( _____ )
   © 1991-2018, California Association of REALTORS®, Inc.

**RPA-CA REVISED 12/18 (PAGE 1 OF 10)**
**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 1 OF 10)**

Property Address: **6475 Marigayle Circle, Huntington Beach, CA  92648-6729**_____ Date: **March 26, 2019**_____

**H. VERIFICATION OF DOWN PAYMENT AND CLOSING COSTS:** Buyer (or Buyer's lender or loan broker pursuant to paragraph 3J(1)) shall, within **3 (or ____) Days** After Acceptance, Deliver to Seller written verification of Buyer's down payment and closing costs. ( ☐ Verification attached.)

**I. APPRAISAL CONTINGENCY AND REMOVAL:** This Agreement is or ☐ is NOT) contingent upon a written appraisal of the Property by a licensed or certified appraiser at no less than the purchase price. Buyer shall, as specified in paragraph 14B(3), in writing, remove the appraisal contingency or cancel this Agreement within **17 (or ____) Days** After Acceptance.

**J. LOAN TERMS:**

**(1) LOAN APPLICATIONS:** Within **3 (or ____) Days** After Acceptance, Buyer shall Deliver to Seller a letter from Buyer's lender or loan broker stating that, based on a review of Buyer's written application and credit report, Buyer is prequalified or preapproved for any NEW loan specified in paragraph 3D. If any loan specified in paragraph 3D is an adjustable rate loan, the prequalification or preapproval letter shall be based on the qualifying rate, not the initial loan rate. ( ☐ Letter attached.)

**(2) LOAN CONTINGENCY:** Buyer shall act diligently and in good faith to obtain the designated loan(s). Buyer's qualification for the loan(s) specified above **is a contingency** of this Agreement unless otherwise agreed in writing. If there is no appraisal contingency or the appraisal contingency has been waived or removed, then failure of the Property to appraise at the purchase price does not entitle Buyer to exercise the cancellation right pursuant to the loan contingency if Buyer is otherwise qualified for the specified loan. Buyer's contractual obligations regarding deposit, balance of down payment and closing costs **are not contingencies** of this Agreement.

**(3) LOAN CONTINGENCY REMOVAL:**

Within **21 (or ____) Days** After Acceptance, Buyer shall, as specified in paragraph 14, in writing, remove the loan contingency or cancel this Agreement. If there is an appraisal contingency, removal of the loan contingency shall not be deemed removal of the appraisal contingency.

**(4) ☒ NO LOAN CONTINGENCY:** Obtaining any loan specified above is NOT a contingency of this Agreement. If Buyer does not obtain the loan and as a result does not purchase the Property, Seller may be entitled to Buyer's deposit or other legal remedies.

**(5) LENDER LIMITS ON BUYER CREDITS:** Any credit to Buyer, from any source, for closing or other costs that is agreed to by the Parties ("Contractual Credit") shall be disclosed to Buyer's lender. If the total credit allowed by Buyer's lender ("Lender Allowable Credit") is less than the Contractual Credit, then (i) the Contractual Credit shall be reduced to the Lender Allowable Credit, and (ii) in the absence of a separate written agreement between the Parties, there shall be no automatic adjustment to the purchase price to make up for the difference between the Contractual Credit and the Lender Allowable Credit.

**K. BUYER STATED FINANCING:** Seller is relying on Buyer's representation of the type of financing specified (including but not limited to, as applicable, all cash, amount of down payment, or contingent or non-contingent loan). Seller has agreed to a specific closing date, purchase price and to sell to Buyer in reliance on Buyer's covenant concerning financing. Buyer shall pursue the financing specified in this Agreement. Seller has no obligation to cooperate with Buyer's efforts to obtain any financing other than that specified in the Agreement and the availability of any such alternate financing does not excuse Buyer from the obligation to purchase the Property and close escrow as specified in this Agreement.

**4. SALE OF BUYER'S PROPERTY:**

**A.** This Agreement and Buyer's ability to obtain financing are NOT contingent upon the sale of any property owned by Buyer.

**OR B.** ☐ This Agreement and Buyer's ability to obtain financing are contingent upon the sale of property owned by Buyer as specified in the attached addendum (C.A.R. Form COP).

**5. ADDENDA AND ADVISORIES:**

**A. ADDENDA:**

| | |
|---|---|
| | ☒ Addendum #  **1**   (C.A.R. Form ADM) |
| ☐ Back Up Offer Addendum (C.A.R. Form BUO) | ☐ Court Confirmation Addendum (C.A.R. Form CCA) |
| ☐ Septic, Well and Property Monument Addendum (C.A.R. Form SWPI) | |
| ☐ Short Sale Addendum (C.A.R. Form SSA) | ☐ Other |

**B. BUYER AND SELLER ADVISORIES:**

| | |
|---|---|
| | ☒ Buyer's Inspection Advisory (C.A.R. Form BIA) |
| ☐ Probate Advisory (C.A.R. Form PA) | ☐ Statewide Buyer and Seller Advisory (C.A.R. Form SBSA) |
| ☐ Trust Advisory (C.A.R. Form TA) | ☐ REO Advisory (C.A.R. Form REO) |
| ☐ Short Sale Information and Advisory (C.A.R. Form SSIA) | ☐ Other |

**6. OTHER TERMS:** **1. Seller to pay $150,000 commission to Megan Zucaro.**
_____
_____

**7. ALLOCATION OF COSTS**

**A. INSPECTIONS, REPORTS AND CERTIFICATES:** Unless otherwise agreed in writing, this paragraph only determines who is to pay for the inspection, test, certificate or service ("Report") mentioned; it **does not determine who is to pay for any work recommended or identified in the Report.**

(1) ☐ Buyer ☐ Seller shall pay for a natural hazard zone disclosure report, including tax ☐ environmental ☐ Other: _____
_____ prepared by _____ .

(2) ☐ Buyer ☐ Seller shall pay for the following Report _____
prepared by _____ .

(3) ☐ Buyer ☐ Seller shall pay for the following Report _____
prepared by _____ .

**B. GOVERNMENT REQUIREMENTS AND RETROFIT:**

(1) ☐ Buyer ☐ Seller shall pay for smoke alarm and carbon monoxide device installation and water heater bracing, if required by Law. Prior to Close Of Escrow ("COE"), Seller shall provide Buyer written statement(s) of compliance in accordance with state and local Law, unless Seller is exempt.

Buyer's Initials ( **MZ** ) ( _____ )          Seller's Initials ( _____ ) ( _____ )

RPA-CA REVISED 12/18 (PAGE 2 OF 10)

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT  (RPA-CA PAGE 2 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com          6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA 92648-6729**     Date: **March 26, 2019**

    (2) (i) ☐ Buyer ☐ Seller shall pay the cost of compliance with any other minimum mandatory government inspections and reports if required as a condition of closing escrow under any Law.

    (ii) ☐ Buyer ☐ Seller shall pay the cost of compliance with any other minimum mandatory government retrofit standards required as a condition of closing escrow under any Law, whether the work is required to be completed before or after COE.

    (iii) Buyer shall be provided, within the time specified in paragraph 14A, a copy of any required government conducted or point-of-sale inspection report prepared pursuant to this Agreement or in anticipation of this sale of the Property.

### C. ESCROW AND TITLE:

  (1) (a) ☒ Buyer ☒ Seller shall pay escrow fee **Each Pay Own Share.** _____ .

    (b) Escrow Holder shall be **Seller's Choice** _____ .

    (c) The Parties shall, within **5 (or ___ ) Days** After receipt, sign and return Escrow Holder's general provisions.

  (2) (a) ☐ Buyer ☒ Seller shall pay for **owner's** title insurance policy specified in paragraph 13E _____ .

    (b) Owner's title policy to be issued by **Seller's Choice** _____ .

    (Buyer shall pay for any title insurance policy insuring Buyer's **lender**, unless otherwise agreed in writing.)

### D. OTHER COSTS:

  (1) ☐ Buyer ☒ Seller shall pay County transfer tax or fee _____ .

  (2) ☐ Buyer ☒ Seller shall pay City transfer tax or fee _____ .

  (3) ☐ Buyer ☒ Seller shall pay Homeowners' Association ("HOA") transfer fee **If applicable** _____ .

  (4) Seller shall pay HOA fees for preparing documents required to be delivered by Civil Code §4525.

  (5) ☐ Buyer ☐ Seller shall pay HOA fees for preparing all documents other than those required by Civil Code §4525.

  (6) Buyer to pay for any HOA certification fee.

  (7) ☐ Buyer ☒ Seller shall pay for any private transfer fee **If applicable** _____ .

  (8) ☐ Buyer ☐ Seller shall pay for _____ .

  (9) ☐ Buyer ☐ Seller shall pay for _____ .

  (10) ☐ Buyer ☒ Seller shall pay for the cost, not to exceed $ **850.00** _____ , of a standard (or ☒ upgraded) one-year home warranty plan, issued by **Buyer's Choice** _____ , with the following optional coverages: ☒ Air Conditioner ☐ Pool/Spa ☐ Other: _____

    Buyer is informed that home warranty plans have many optional coverages in addition to those listed above. Buyer is advised to investigate these coverages to determine those that may be suitable for Buyer.

  OR ☐ **Buyer waives the purchase of a home warranty plan. Nothing in this paragraph precludes Buyer's purchasing a home warranty plan during the term of this Agreement.**

## 8. ITEMS INCLUDED IN AND EXCLUDED FROM SALE:

### A. NOTE TO BUYER AND SELLER:
Items listed as included or excluded in the MLS, flyers or marketing materials are **not** included in the purchase price or excluded from the sale unless specified in paragraph 8 B or C.

### B. ITEMS INCLUDED IN SALE:
Except as otherwise specified or disclosed,

  (1) All EXISTING fixtures and fittings that are attached to the Property;

  (2) EXISTING electrical, mechanical, lighting, plumbing and heating fixtures, ceiling fans, fireplace inserts, gas logs and grates, solar power systems, built-in appliances, window and door screens, awnings, shutters, window coverings, attached floor coverings, television antennas, satellite dishes, air coolers/conditioners, pool/spa equipment, garage door openers/remote controls, mailbox, in-ground landscaping, trees/shrubs, water features and fountains, water softeners, water purifiers, security systems/alarms and the following if checked: ☐ all stove(s), except _____ ; ☐ all refrigerator(s) except _____ ; ☐ all washer(s) and dryer(s), except _____ ;

  (3) The following additional items: _____

  (4) Existing integrated phone and home automation systems, including necessary components such as intranet and Internet-connected hardware or devices, control units (other than non-dedicated mobile devices, electronics and computers) and applicable software, permissions, passwords, codes and access information, are (☐ are NOT) included in the sale.

  (5) **LEASED OR LIENED ITEMS AND SYSTEMS:** Seller shall, within the time specified in paragraph 14A, (i) disclose to Buyer if any item or system specified in paragraph 8B or otherwise included in the sale is leased, or not owned by Seller, or specifically subject to a lien or other encumbrance, and (ii) Deliver to Buyer all written materials (such as lease, warranty, etc.) concerning any such item. Buyer's ability to assume any such lease, or willingness to accept the Property subject to any such lien or encumbrance, is a contingency in favor of Buyer and Seller as specified in paragraph 14B and C.

  (6) Seller represents that all items included in the purchase price, unless otherwise specified, (i) are owned by Seller and shall be transferred free and clear of liens and encumbrances, except the items and systems identified pursuant to 8B(5) and _____ , and (ii) are transferred without Seller warranty regardless of value.

### C. ITEMS EXCLUDED FROM SALE:
Unless otherwise specified, the following items are excluded from sale: (i) audio and video components (such as flat screen TVs, speakers and other items) if any such item is not itself attached to the Property, even if a bracket or other mechanism attached to the component or item is attached to the Property; (ii) furniture and other items secured to the Property for earthquake purposes; and (iii) _____

_____ . **Brackets attached to walls, floors or ceilings for any such component, furniture or item shall remain with the Property (or ☐ will be removed and holes or other damage shall be repaired, but not painted).**

## 9. CLOSING AND POSSESSION:

### A. Buyer intends (or ☐ does not intend) to occupy the Property as Buyer's primary residence.

### B. Seller-occupied or vacant property:
Possession shall be delivered to Buyer: (i) at 6 PM or (____ ☐ AM/ ☐ PM) on the date of Close Of Escrow; (ii) ☐ no later than ___ calendar days after Close Of Escrow; or (iii) ☐ at ____ ☐ AM/ ☐ PM on _____ .

Buyer's Initials ( _M̄Z̄_ ) ( _____ )     Seller's Initials ( ⟡ ) ( _____ )

RPA-CA REVISED 12/18 (PAGE 3 OF 10)

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 3 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com     6475 Marigayle



Property Address: **6475 Marigayle Circle, Huntington Beach, CA 92648-6729**                Date: **March 26, 2019**

   **C. Seller remaining in possession After Close Of Escrow:** If Seller has the right to remain in possession after Close Of Escrow, (i) the
      Parties are advised to sign a separate occupancy agreement such as ☐ C.A.R. Form SIP, for Seller continued occupancy of less than 30
      days, ☐ C.A.R. Form RLAS for Seller continued occupancy of 30 days or more; and (ii) the Parties are advised to consult with their
      insurance and legal advisors for information about liability and damage or injury to persons and personal and real property; and (iii)
      Buyer is advised to consult with Buyer's lender about the impact of Seller's occupancy on Buyer's loan.
   **D. Tenant-occupied property: Property shall be vacant** at least 5 (or ___ ) **Days** Prior to Close Of Escrow, unless otherwise agreed in
      writing. **Note to Seller: If you are unable to deliver Property vacant in accordance with rent control and other applicable Law,
      you may be in breach of this Agreement.**
   **OR** ☐ **Tenant to remain in possession** (C.A.R. Form TIP).
   **E.** At Close Of Escrow: Seller assigns to Buyer any assignable warranty rights for items included in the sale; and Seller shall Deliver to Buyer
      available Copies of any such warranties. Brokers cannot and will not determine the assignability of warranties.
   **F.** At Close Of Escrow, unless otherwise agreed in writing, Seller shall provide keys, passwords, codes and/or means to operate all locks,
      mailboxes, security systems, alarms, home automation systems and intranet and Internet-connected devices included in the purchase
      price, and garage door openers. If the Property is a condominium or located in a common interest subdivision, Buyer may be required
      to pay a deposit to the Homeowners' Association ("HOA") to obtain keys to accessible HOA facilities.
**10. STATUTORY AND OTHER DISCLOSURES (INCLUDING LEAD-BASED PAINT HAZARD DISCLOSURES) AND CANCELLATION RIGHTS:**
   **A. (1)** Seller shall, within the time specified in paragraph 14A, Deliver to Buyer: (i) if required by Law, a fully completed: Federal Lead-
         Based Paint Disclosures (C.A.R. Form FLD) and pamphlet ("Lead Disclosures"); and **(ii)** unless exempt, fully completed disclosures or
         notices required by sections 1102 et. seq. and 1103 et. seq. of the Civil Code ("Statutory Disclosures"). Statutory Disclosures include,
         but are not limited to, a Real Estate Transfer Disclosure Statement ("TDS"), Natural Hazard Disclosure Statement ("NHD"), notice or
         actual knowledge of release of illegal controlled substance, notice of special tax and/or assessments (or, if allowed, substantially
         equivalent notice regarding the Mello-Roos Community Facilities Act of 1982 and Improvement Bond Act of 1915) and, if Seller has
         actual knowledge, of industrial use and military ordnance location (C.A.R. Form SPQ or ESD).
      **(2)** Any Statutory Disclosure required by this paragraph is considered fully completed if Seller has answered all questions and completed
         and signed the Seller section(s) and the Seller's Agent, if any, has completed and signed the Seller's Brokerage Firm section(s), or, if
         applicable, an Agent Visual Inspection Disclosure (C.A.R. Form AVID). Nothing stated herein relieves a Buyer's Brokerage Firm, if any,
         from the obligation to (i) conduct a reasonably competent and diligent visual inspection of the accessible areas of the Property and
         disclose, on Section IV of the TDS, or an AVID, material facts affecting the value or desirability of the Property that were or should have
         been revealed by such an inspection or (ii) complete any sections on all disclosures required to be completed by Buyer's Brokerage
         Firm.
      **(3) Note to Buyer and Seller:** Waiver of Statutory and Lead Disclosures is prohibited by Law.
      **(4)** Within the time specified in paragraph 14A, (i) Seller, unless exempt from the obligation to provide a TDS, shall, complete and
         provide Buyer with a Seller Property Questionnaire (C.A.R. Form SPQ); (ii) if Seller is not required to provide a TDS, Seller shall
         complete and provide Buyer with an Exempt Seller Disclosure (C.A.R. Form ESD).
      **(5)** Buyer shall, within the time specified in paragraph 14B(1), return Signed Copies of the Statutory, Lead and other disclosures to Seller.
      **(6)** In the event Seller or Seller's Brokerage Firm, prior to Close Of Escrow, becomes aware of adverse conditions materially affecting
         the Property, or any material inaccuracy in disclosures, information or representations previously provided to Buyer, Seller shall
         promptly provide a subsequent or amended disclosure or notice, in writing, covering those items. **However, a subsequent or
         amended disclosure shall not be required for conditions and material inaccuracies** of which Buyer is otherwise aware, or
         which **are disclosed in reports provided to or obtained by Buyer or ordered and paid for by Buyer.**
      **(7)** If any disclosure or notice specified in paragraph 10A(1), or subsequent or amended disclosure or notice is Delivered to Buyer after
         the offer is Signed, Buyer shall have the right to cancel this Agreement within **3 Days** After Delivery in person, or **5 Days** After
         Delivery by deposit in the mail, or by an electronic record satisfying the Uniform Electronic Transactions Act (UETA), by giving
         written notice of cancellation to Seller or Seller's agent.
   **B. NATURAL AND ENVIRONMENTAL HAZARD DISCLOSURES AND OTHER BOOKLETS:** Within the time specified in paragraph 14A,
      Seller shall, if required by Law: **(i)** Deliver to Buyer earthquake guide(s) (and questionnaire), environmental hazards booklet, and home
      energy rating pamphlet; **(ii)** disclose if the Property is located in a Special Flood Hazard Area; Potential Flooding (Inundation) Area;
      Very High Fire Hazard Zone; State Fire Responsibility Area; Earthquake Fault Zone; and Seismic Hazard Zone; and **(iii)** disclose any
      other zone as required by Law and provide any other information required for those zones.
   **C. WITHHOLDING TAXES:** Within the time specified in paragraph 14A, to avoid required withholding, Seller shall Deliver to Buyer or qualified
      substitute, an affidavit sufficient to comply with federal (FIRPTA) and California withholding Law (C.A.R. Form AS or QS).
   **D. MEGAN'S LAW DATABASE DISCLOSURE:** Notice: Pursuant to Section 290.46 of the Penal Code, information about specified
      registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at
      **www.meganslaw.ca.gov.** Depending on an offender's criminal history, this information will include either the address at which the
      offender resides or the community of residence and ZIP Code in which he or she resides. (Neither Seller nor Brokers are required to
      check this website. If Buyer wants further information, Broker recommends that Buyer obtain information from this website during
      Buyer's inspection contingency period. Brokers do not have expertise in this area.)
   **E. NOTICE REGARDING GAS AND HAZARDOUS LIQUID TRANSMISSION PIPELINES:** This notice is being provided simply to inform
      you that information about the general location of gas and hazardous liquid transmission pipelines is available to the public via the
      National Pipeline Mapping System (NPMS) Internet Web site maintained by the United States Department of Transportation at
      **http://www.npms.phmsa.dot.gov/.** To seek further information about possible transmission pipelines near the Property, you may
      contact your local gas utility or other pipeline operators in the area. Contact information for pipeline operators is searchable by ZIP
      Code and county on the NPMS Internet Web site.
   **F. CONDOMINIUM/PLANNED DEVELOPMENT DISCLOSURES:**
      **(1) SELLER HAS: 7 (or ___ ) Days** After Acceptance to disclose to Buyer if the Property is a condominium, or is located in a
      planned development or other common interest subdivision (C.A.R. Form SPQ or ESD).

Buyer's Initials ( *MZ* ) (          )                            Seller's Initials ( _/~_ ) (          )        

**RPA-CA REVISED 12/18 (PAGE 4 OF 10)**
**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 4 OF 10)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com                6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA  92648-6729**                    Date: **March 26, 2019**

(2) If the Property is a condominium or is located in a planned development or other common interest subdivision, Seller has **3 (or ___ ) Days** After Acceptance to request from the HOA (C.A.R. Form HOA1): **(i)** Copies of any documents required by Law; **(ii)** disclosure of any pending or anticipated claim or litigation by or against the HOA; **(iii)** a statement containing the location and number of designated parking and storage spaces; **(iv)** Copies of the most recent 12 months of HOA minutes for regular and special meetings; and **(v)** the names and contact information of all HOAs governing the Property (collectively, "CI Disclosures"). **(vi)** private transfer fees; **(vii)** Pet fee restrictions; and **(viii)** smoking restrictions. Seller shall itemize and Deliver to Buyer all CI Disclosures received from the HOA and any CI Disclosures in Seller's possession. Buyer's approval of CI Disclosures is a contingency of this Agreement as specified in paragraph 14B(3). The Party specified in paragraph 7, as directed by escrow, shall deposit funds into escrow or direct to HOA or management company to pay for any of the above.

11. **CONDITION OF PROPERTY:** Unless otherwise agreed in writing: **(i)** the Property is sold (a) "AS-IS" in its PRESENT physical condition as of the date of Acceptance and (b) subject to Buyer's Investigation rights; **(ii)** the Property, including pool, spa, landscaping and grounds, is to be maintained in substantially the same condition as on the date of Acceptance; and **(iii)** all debris and personal property not included in the sale shall be removed by Close Of Escrow.

   A. Seller shall, within the time specified in paragraph 14A, DISCLOSE KNOWN MATERIAL FACTS AND DEFECTS affecting the Property, including known insurance claims within the past five years, and make any and all other disclosures required by law.

   B. Buyer has the right to conduct Buyer Investigations of the Property and, as specified in paragraph 14B, based upon information discovered in those investigations: (i) cancel this Agreement; or (ii) request that Seller make Repairs or take other action.

   C. **Buyer is strongly advised to conduct investigations of the entire Property in order to determine its present condition. Seller may not be aware of all defects affecting the Property or other factors that Buyer considers important. Property improvements may not be built according to code, in compliance with current Law, or have had permits issued.**

12. **BUYER'S INVESTIGATION OF PROPERTY AND MATTERS AFFECTING PROPERTY:**

   A. Buyer's acceptance of the condition of, and any other matter affecting the Property, is a contingency of this Agreement as specified in this paragraph and paragraph 14B. Within the time specified in paragraph 14B(1), Buyer shall have the right, at Buyer's expense unless otherwise agreed, to conduct inspections, investigations, tests, surveys and other studies ("Buyer Investigations"), including, but not limited to: **(i)** a general physical inspection; **(ii)** an inspection specifically for wood destroying pests and organisms. Any inspection for wood destroying pests and organisms shall be prepared by a registered Structural Pest Control company; shall cover the main building and attached structures; may cover detached structures; shall NOT include water tests of shower pans on upper level units unless the owners of property below the shower consent; shall NOT include roof coverings; and, if the Property is a unit in a condominium or other common interest subdivision, the inspection shall include only the separate interest and any exclusive-use areas being transferred, and shall NOT include common areas; and shall include a report ("Pest Control Report") showing the findings of the company which shall be separated into sections for evident infestation or infections (Section 1) and for conditions likely to lead to infestation or infection (Section 2); **(iii)** inspect for lead-based paint and other lead-based paint hazards; **(iv)** satisfy Buyer as to any matter specified in the attached Buyer's Inspection Advisory (C.A.R. Form BIA); **(v)** review the registered sex offender database; **(vi)** confirm the insurability of Buyer and the Property including the availability and cost of flood and fire Insurance; and **(vii)** review and seek approval of leases that may need to be assumed by Buyer. Without Seller's prior written consent, Buyer shall neither make nor cause to be made: invasive or destructive Buyer Investigations, except for minimally invasive testing required to prepare a Pest Control Report; or inspections by any governmental building or zoning inspector or government employee, unless required by Law.

   B. Seller shall make the Property available for all Buyer Investigations. Buyer shall **(i)** as specified in paragraph 14B, complete Buyer Investigations and either remove the contingency or cancel this Agreement, and **(ii)** give Seller, at no cost, complete Copies of all such Investigation reports obtained by Buyer, which obligation shall survive the termination of this Agreement.

   C. Seller shall have water, gas, electricity and all operable pilot lights on for Buyer's Investigations and through the date possession is made available to Buyer.

   D. **Buyer indemnity and seller protection for entry upon property:** Buyer shall: **(i)** keep the Property free and clear of liens; **(ii)** repair all damage arising from Buyer Investigations; and **(iii)** indemnify and hold Seller harmless from all resulting liability, claims, demands, damages and costs. Buyer shall carry, or Buyer shall require anyone acting on Buyer's behalf to carry, policies of liability, workers' compensation and other applicable insurance, defending and protecting Seller from liability for any injuries to persons or property occurring during any Buyer Investigations or work done on the Property at Buyer's direction prior to Close Of Escrow. Seller is advised that certain protections may be afforded Seller by recording a "Notice of Non-Responsibility" (C.A.R. Form NNR) for Buyer Investigations and work done on the Property at Buyer's direction. Buyer's obligations under this paragraph shall survive the termination of this Agreement.

13. **TITLE AND VESTING:**

   A. Within the time specified in paragraph 14, Buyer shall be provided a current preliminary title report ("Preliminary Report"). The Preliminary Report is only an offer by the title insurer to issue a policy of title insurance and may not contain every item affecting title. Buyer's review of the Preliminary Report and any other matters which may affect title are a contingency of this Agreement as specified in paragraph 14B. The company providing the Preliminary Report shall, prior to issuing a Preliminary Report, conduct a search of the General Index for all Sellers except banks or other institutional lenders selling properties they acquired through foreclosure (REOs), corporations, and government entities. Seller shall within 7 Days After Acceptance, give Escrow Holder a completed Statement of Information.

   B. Title is taken in its present condition subject to all encumbrances, easements, covenants, conditions, restrictions, rights and other matters, whether of record or not, as of the date of Acceptance except for: **(i)** monetary liens of record (which Seller is obligated to pay off) unless Buyer is assuming those obligations or taking the Property subject to those obligations; and **(ii)** those matters which Seller has agreed to remove in writing.

   C. Within the time specified in paragraph 14A, Seller has a duty to disclose to Buyer all matters known to Seller affecting title, whether of record or not.

   D. At Close Of Escrow, Buyer shall receive a grant deed conveying title (or, for stock cooperative or long-term lease, an assignment of stock certificate or of Seller's leasehold interest), including oil, mineral and water rights if currently owned by Seller. Title shall vest as designated in Buyer's supplemental escrow instructions. THE MANNER OF TAKING TITLE MAY HAVE SIGNIFICANT LEGAL AND TAX CONSEQUENCES. CONSULT AN APPROPRIATE PROFESSIONAL.

   E. Buyer shall receive a CLTA/ALTA "Homeowner's Policy of Title Insurance", if applicable to the type of property and buyer. If not, Escrow Holder shall notify Buyer. A title company can provide information about the availability, coverage, and cost of other title policies and endorsements. If the Homeowner's Policy is not available, Buyer shall choose another policy, instruct Escrow Holder in writing and shall pay any increase in cost.

Buyer's Initials  ( *MF* ) (_____)                                       Seller's Initials  (_____) (_____)

**RPA-CA REVISED 12/18 (PAGE 5 OF 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT  (RPA-CA PAGE 5 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com                    6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA 92648-6729**          Date: **March 26, 2019**

14. **TIME PERIODS; REMOVAL OF CONTINGENCIES; CANCELLATION RIGHTS:** The following time periods may only be extended, altered, modified or changed by mutual written agreement. Any removal of contingencies or cancellation under this paragraph by either Buyer or Seller must be exercised in good faith and in writing (C.A.R. Form CR or CC).

A. **SELLER HAS:** 7 (or ___ ) Days After Acceptance to Deliver to Buyer all Reports, disclosures and information for which Seller is responsible under paragraphs 5, 6, 7, 8B(5), 10A, B, C, and F, 11A and 13A. If, by the time specified, Seller has not Delivered any such item, Buyer after first Delivering to Seller a Notice to Seller to Perform (C.A.R. Form NSP) may cancel this Agreement.

B. (1) **BUYER HAS:** 17 (or _0_ ) Days After Acceptance, unless otherwise agreed in writing, to:

(i) complete all Buyer Investigations; review all disclosures, reports, lease documents to be assumed by Buyer pursuant to paragraph 8B(5), and other applicable information, which Buyer receives from Seller; and approve all matters affecting the Property; and (ii) Deliver to Seller Signed Copies of Statutory and Lead Disclosures and other disclosures Delivered by Seller in accordance with paragraph 10A.

(2) Within the time specified in paragraph 14B(1), Buyer may request that Seller make repairs or take any other action regarding the Property (C.A.R. Form RR). Seller has no obligation to agree to or respond to (C.A.R. Form RRRR) Buyer's requests.

(3) By the end of the time specified in paragraph 14B(1) (or as otherwise specified in this Agreement), Buyer shall Deliver to Seller a removal of the applicable contingency or cancellation (C.A.R. Form CR or CC) of this Agreement. However, if any report, disclosure or information for which Seller is responsible is not Delivered within the time specified in paragraph 14A, then Buyer has 5 (or ___ ) Days After Delivery of any such item, or the time specified in paragraph 14B(1), whichever is later, to Deliver to Seller a removal of the applicable contingency or cancellation of this Agreement.

(4) **Continuation of Contingency:** Even after the end of the time specified in paragraph 14B(1) and before Seller cancels, if at all, pursuant to paragraph 14D, Buyer retains the right, in writing, to either (i) remove remaining contingencies, or (ii) cancel this Agreement based on a remaining contingency. Once Buyer's written removal of all contingencies is Delivered to Seller, Seller may not cancel this Agreement pursuant to paragraph 14D(1).

(5) **Access to Property:** Buyer shall have access to the Property to conduct inspections and investigations for 17 (or ____ ) Days After Acceptance, whether or not any part of the Buyer's Investigation Contingency has been waived or removed.

C. ☐ **REMOVAL OF CONTINGENCIES WITH OFFER: Buyer removes the contingencies specified in the attached Contingency Removal form (C.A.R. Form CR). If Buyer removes any contingency without an adequate understanding of the Property's condition or Buyer's ability to purchase, Buyer is acting against the advice of Broker.**

D. **SELLER RIGHT TO CANCEL:**

(1) **Seller right to Cancel; Buyer Contingencies:** If, by the time specified in this Agreement, Buyer does not Deliver to Seller a removal of the applicable contingency or cancellation of this Agreement, then Seller, after first Delivering to Buyer a Notice to Buyer to Perform (C.A.R. Form NBP), may cancel this Agreement. In such event, Seller shall authorize the return of Buyer's deposit, except for fees incurred by Buyer.

(2) **Seller right to Cancel; Buyer Contract Obligations:** Seller, after first delivering to Buyer a NBP, may cancel this Agreement if, by the time specified in this Agreement, Buyer does not take the following action(s): (i) Deposit funds as required by paragraph 3A, or 3B or if the funds deposited pursuant to paragraph 3A or 3B are not good when deposited; (ii) Deliver a notice of FHA or VA costs or terms as required by paragraph 3D(3) (C.A.R. Form FVA); (iii) Deliver a letter as required by paragraph 3J(1); (iv) Deliver verification, or a satisfactory verification if Seller reasonably disapproves of the verification already provided, as required by paragraph 3C or 3H; (v) In writing assume or accept leases or liens specified in 8B5; (vi) Return Statutory and Lead Disclosures as required by paragraph 10A(5); or (vii) Sign or initial a separate liquidated damages form for an increased deposit as required by paragraphs 3B and 21B; or (viii) Provide evidence of authority to sign in a representative capacity as specified in paragraph 19. In such event, Seller shall authorize the return of Buyer's deposit, except for fees incurred by Buyer.

E. **NOTICE TO BUYER OR SELLER TO PERFORM:** The NBP or NSP shall: (i) be in writing; (ii) be signed by the applicable Buyer or Seller; and (iii) give the other Party at least 2 (or ___ ) Days After Delivery (or until the time specified in the applicable paragraph, whichever occurs last) to take the applicable action. A NBP or NSP may not be Delivered any earlier than 2 Days Prior to the expiration of the applicable time for the other Party to remove a contingency or cancel this Agreement or meet an obligation specified in paragraph 14.

F. **EFFECT OF BUYER'S REMOVAL OF CONTINGENCIES:** If Buyer removes, in writing, any contingency or cancellation rights, unless otherwise specified in writing, Buyer shall conclusively be deemed to have: (i) completed all Buyer Investigations, and review of reports and other applicable information and disclosures pertaining to that contingency or cancellation right; (ii) elected to proceed with the transaction; and (iii) assumed all liability, responsibility and expense for Repairs or corrections pertaining to that contingency or cancellation right, or for the inability to obtain financing.

G. **CLOSE OF ESCROW:** Before Buyer or Seller may cancel this Agreement for failure of the other Party to close escrow pursuant to this Agreement, Buyer or Seller must first Deliver to the other Party a demand to close escrow (C.A.R. Form DCE). The DCE shall: (i) be signed by the applicable Buyer or Seller; and (ii) give the other Party at least 3 (or ____ ) Days After Delivery to close escrow. A DCE may not be Delivered any earlier than 3 Days Prior to the scheduled close of escrow.

H. **EFFECT OF CANCELLATION ON DEPOSITS:** If Buyer or Seller gives written notice of cancellation pursuant to rights duly exercised under the terms of this Agreement, the Parties agree to Sign mutual instructions to cancel the sale and escrow and release deposits, if any, to the party entitled to the funds, less fees and costs incurred by that party. Fees and costs may be payable to service providers and vendors for services and products provided during escrow. Except as specified below, **release of funds will require mutual Signed release instructions from the Parties, judicial decision or arbitration award.** If either Party fails to execute mutual instructions to cancel escrow, one Party may make a written demand to Escrow Holder for the deposit. (C.A.R. Form BDRD or SDRD). Escrow Holder, upon receipt, shall promptly deliver notice of the demand to the other Party. If, within 10 Days After Escrow Holder's notice, the other Party does not object to the demand, Escrow Holder shall disburse the deposit to the Party making the demand. If Escrow Holder complies with the preceding process, each Party shall be deemed to have released Escrow Holder from any and all claims or liability related to the disbursal of the deposit. Escrow Holder, at its discretion, may nonetheless require mutual cancellation instructions. **A Party may be subject to a civil penalty of up to $1,000 for refusal to sign cancellation instructions if no good faith dispute exists as to who is entitled to the deposited funds (Civil Code §1057.3).**

Buyer's Initials ( _MZ_ ) ( ___ )          Seller's Initials ( _✓_ ) ( ___ )

**RPA-CA REVISED 12/18 (PAGE 6 OF 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 6 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.ziplogix.com          6475 Marigayle

Property Address: **_6475 Marigayle Circle, Huntington Beach, CA  92648-6729_**                    Date: **_March 26, 2019_**

15. **FINAL VERIFICATION OF CONDITION:** Buyer shall have the right to make a final verification of the Property within 5 (or ____ ) Days Prior to Close Of Escrow, NOT AS A CONTINGENCY OF THE SALE, but solely to confirm: (i) the Property is maintained pursuant to paragraph 11; (ii) Repairs have been completed as agreed; and (iii) Seller has complied with Seller's other obligations under this Agreement (C.A.R. Form VP).

16. **REPAIRS:** Repairs shall be completed prior to final verification of condition unless otherwise agreed in writing. Repairs to be performed at Seller's expense may be performed by Seller or through others, provided that the work complies with applicable Law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all Repairs may not be possible. Seller shall: (i) obtain invoices and paid receipts for Repairs performed by others; (ii) prepare a written statement indicating the Repairs performed by Seller and the date of such Repairs; and (iii) provide Copies of invoices and paid receipts and statements to Buyer prior to final verification of condition.

17. **PRORATIONS OF PROPERTY TAXES AND OTHER ITEMS:** Unless otherwise agreed in writing, the following items shall be PAID CURRENT and prorated between Buyer and Seller as of Close Of Escrow: real property taxes and assessments, interest, rents, HOA regular, special, and emergency dues and assessments imposed prior to Close Of Escrow, premiums on insurance assumed by Buyer, payments on bonds and assessments assumed by Buyer, and payments on Mello-Roos and other Special Assessment District bonds and assessments that are now a lien. The following items shall be assumed by Buyer WITHOUT CREDIT toward the purchase price: prorated payments on Mello-Roos and other Special Assessment District bonds and assessments and HOA special assessments that are now a lien but not yet due. Property will be reassessed upon change of ownership. Any supplemental tax bills shall be paid as follows: (i) for periods after Close Of Escrow, by Buyer; and (ii) for periods prior to Close Of Escrow, by Seller (see C.A.R. Form SPT or SBSA for further information). TAX BILLS ISSUED AFTER CLOSE OF ESCROW SHALL BE HANDLED DIRECTLY BETWEEN BUYER AND SELLER. Prorations shall be made based on a 30-day month.

18. **BROKERS:**
    A. **COMPENSATION:** Seller or Buyer, or both, as applicable, agree to pay compensation to Broker as specified in a separate written agreement between Broker and that Seller or Buyer. Compensation is payable upon Close Of Escrow, or if escrow does not close, as otherwise specified in the agreement between Broker and that Seller or Buyer.
    B. **SCOPE OF DUTY:** Buyer and Seller acknowledge and agree that Broker: (i) Does not decide what price Buyer should pay or Seller should accept; (ii) Does not guarantee the condition of the Property; (iii) Does not guarantee the performance, adequacy or completeness of inspections, services, products or repairs provided or made by Seller or others; (iv) Does not have an obligation to conduct an inspection of common areas or areas off the site of the Property; (v) Shall not be responsible for identifying defects on the Property, in common areas, or offsite unless such defects are visually observable by an inspection of reasonably accessible areas of the Property or are known to Broker; (vi) Shall not be responsible for inspecting public records or permits concerning the title or use of Property; (vii) Shall not be responsible for identifying the location of boundary lines or other items affecting title; (viii) Shall not be responsible for verifying square footage, representations of others or information contained in investigation reports, Multiple Listing Service, advertisements, flyers or other promotional material; (ix) Shall not be responsible for determining the fair market value of the Property or any personal property included in the sale; (x) Shall not be responsible for providing legal or tax advice regarding any aspect of a transaction entered into by Buyer or Seller; and (xi) Shall not be responsible for providing other advice or information that exceeds the knowledge, education and experience required to perform real estate licensed activity. Buyer and Seller agree to seek legal, tax, insurance, title and other desired assistance from appropriate professionals.

19. **REPRESENTATIVE CAPACITY:** If one or more Parties is signing this Agreement in a representative capacity and not for him/herself as an individual then that Party shall so indicate in paragraph 31 or 32 and attach a Representative Capacity Signature Disclosure (C.A.R. Form RCSD). Wherever the signature or initials of the representative identified in the RCSD appear on this Agreement or any related documents, it shall be deemed to be in a representative capacity for the entity described and not in an individual capacity, unless otherwise indicated. The Party acting in a representative capacity (i) represents that the entity for which that party is acting already exists and (ii) shall Deliver to the other Party and Escrow Holder, within 3 Days After Acceptance, evidence of authority to act in that capacity (such as but not limited to: applicable portion of the trust or Certification Of Trust (Probate Code §18100.5), letters testamentary, court order, power of attorney, corporate resolution, or formation documents of the business entity).

20. **JOINT ESCROW INSTRUCTIONS TO ESCROW HOLDER:**
    A. **The following paragraphs, or applicable portions thereof, of this Agreement constitute the joint escrow instructions of Buyer and Seller to Escrow Holder,** which Escrow Holder is to use along with any related counter offers and addenda, and any additional mutual instructions to close the escrow: paragraphs 1, 3, 4B, 5A, 6, 7, 10C, 13, 14G, 17, 18A, 19, 20, 26, 29, 30, 31, 32 and paragraph D of the section titled Real Estate Brokers on page 10. If a Copy of the separate compensation agreement(s) provided for in paragraph 18A, or paragraph D of the section titled Real Estate Brokers on page 10 is deposited with Escrow Holder by Broker, Escrow Holder shall accept such agreement(s) and pay out from Buyer's or Seller's funds, or both, as applicable, the Broker's compensation provided for in such agreement(s). The terms and conditions of this Agreement not set forth in the specified paragraphs are additional matters for the information of Escrow Holder, but about which Escrow Holder need not be concerned. Buyer and Seller will receive Escrow Holder's general provisions, if any, directly from Escrow Holder and will execute such provisions within the time specified in paragraph 7C(1)(c). To the extent the general provisions are inconsistent or conflict with this Agreement, the general provisions will control as to the duties and obligations of Escrow Holder only. Buyer and Seller will execute additional instructions, documents and forms provided by Escrow Holder that are reasonably necessary to close the escrow and, as directed by Escrow Holder, within 3 (or ____ ) Days, shall pay to Escrow Holder or HOA or HOA management company or others any fee required by paragraphs 7, 10 or elsewhere in this Agreement.
    B. A Copy of this Agreement including any counter offer(s) and addenda shall be delivered to Escrow Holder within 3 Days After Acceptance (or _____ ). Buyer and Seller authorize Escrow Holder to accept and rely on Copies and Signatures as defined in this Agreement as originals, to open escrow and for other purposes of escrow. The validity of this Agreement as between Buyer and Seller is not affected by whether or when Escrow Holder Signs this Agreement. Escrow Holder shall provide Seller's Statement of Information to Title company when received from Seller. If Seller delivers an affidavit to Escrow Holder to satisfy Seller's FIRPTA obligation under paragraph 10C, Escrow Holder shall deliver to Buyer a Qualified Substitute statement that complies with federal Law.

Buyer's Initials ( _MZ_ ) ( _____ )                              Seller's Initials ( _AV_ ) ( _____ )
**RPA-CA REVISED 12/18 (PAGE 7 OF 10)**
**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 7 OF 10)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com                    6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA 92648-6729**          Date: **March 26, 2019**

C. Brokers are a party to the escrow for the sole purpose of compensation pursuant to paragraph 18A and paragraph D of the section titled Real Estate Brokers on page 10. Buyer and Seller irrevocably assign to Brokers compensation specified in paragraph 18A, and irrevocably instruct Escrow Holder to disburse those funds to Brokers at Close Of Escrow or pursuant to any other mutually executed cancellation agreement. Compensation instructions can be amended or revoked only with the written consent of Brokers. Buyer and Seller shall release and hold harmless Escrow Holder from any liability resulting from Escrow Holder's payment to Broker(s) of compensation pursuant to this Agreement.

D. Upon receipt, Escrow Holder shall provide Seller and Seller's Broker verification of Buyer's deposit of funds pursuant to paragraph 3A and 3B. Once Escrow Holder becomes aware of any of the following, Escrow Holder shall immediately notify all Brokers: (i) If Buyer's initial or any additional deposit or down payment is not made pursuant to this Agreement, or is not good at time of deposit with Escrow Holder; or (ii) If Buyer and Seller instruct Escrow Holder to cancel escrow.

E. A Copy of any amendment that affects any paragraph of this Agreement for which Escrow Holder is responsible shall be delivered to Escrow Holder within 3 Days after mutual execution of the amendment.

## 21. REMEDIES FOR BUYER'S BREACH OF CONTRACT:

A. **Any clause added by the Parties specifying a remedy (such as release or forfeiture of deposit or making a deposit non-refundable) for failure of Buyer to complete the purchase in violation of this Agreement shall be deemed invalid unless the clause independently satisfies the statutory liquidated damages requirements set forth in the Civil Code.**

B. **LIQUIDATED DAMAGES: If Buyer fails to complete this purchase because of Buyer's default, Seller shall retain, as liquidated damages, the deposit actually paid. If the Property is a dwelling with no more than four units, one of which Buyer intends to occupy, then the amount retained shall be no more than 3% of the purchase price. Any excess shall be returned to Buyer. Except as provided in paragraph 14H, release of funds will require mutual, Signed release instructions from both Buyer and Seller, judicial decision or arbitration award. AT THE TIME OF ANY INCREASED DEPOSIT BUYER AND SELLER SHALL SIGN A SEPARATE LIQUIDATED DAMAGES PROVISION INCORPORATING THE INCREASED DEPOSIT AS LIQUIDATED DAMAGES (C.A.R. FORM RID).**

Buyer's Initials _MJ_ / _____          Seller's Initials _A_ / _____

## 22. DISPUTE RESOLUTION:

A. **MEDIATION:** The Parties agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to arbitration or court action through the C.A.R. Real Estate Mediation Center for Consumers **(www.consumermediation.org)** or through any other mediation provider or service mutually agreed to by the Parties. The Parties **also agree to mediate any disputes or claims with Broker(s), who, in writing, agree to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to the Broker.** Mediation fees, if any, shall be divided equally among the Parties involved. If, for any dispute or claim to which this paragraph applies, any Party (i) commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then that Party shall not be entitled to recover attorney fees, even if they would otherwise be available to that Party in any such action. THIS MEDIATION PROVISION APPLIES WHETHER OR NOT THE ARBITRATION PROVISION IS INITIALED. **Exclusions from this mediation agreement are specified in paragraph 22C.**

B. **ARBITRATION OF DISPUTES:**

**The Parties agree that any dispute or claim in Law or equity arising between them out of this Agreement or any resulting transaction, which is not settled through mediation, shall be decided by neutral, binding arbitration. The Parties also agree to arbitrate any disputes or claims with Broker(s), who, in writing, agree to such arbitration prior to, or within a reasonable time after, the dispute or claim is presented to the Broker. The arbitrator shall be a retired judge or justice, or an attorney with at least 5 years of residential real estate Law experience, unless the parties mutually agree to a different arbitrator. The Parties shall have the right to discovery in accordance with Code of Civil Procedure §1283.05. In all other respects, the arbitration shall be conducted in accordance with Title 9 of Part 3 of the Code of Civil Procedure. Judgment upon the award of the arbitrator(s) may be entered into any court having jurisdiction. Enforcement of this agreement to arbitrate shall be governed by the Federal Arbitration Act. Exclusions from this arbitration agreement are specified in paragraph 22C.**

"NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."

"WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION."

Buyer's Initials _MJ_ / _____          Seller's Initials _A_ / _____

C. **ADDITIONAL MEDIATION AND ARBITRATION TERMS:**

(1) **EXCLUSIONS:** The following matters are excluded from mediation and arbitration: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in Civil Code §2985; (ii) an unlawful detainer action; and (iii) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court.

Buyer's Initials ( _MJ_ ) ( _____ )          Seller's Initials ( _A_ ) ( _____ )
RPA-CA REVISED 12/18 (PAGE 8 OF 10)

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 8 OF 10)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com          6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA  92648-6729**                    Date: **March 26, 2019**

    (2) **PRESERVATION OF ACTIONS:** The following shall not constitute a waiver nor violation of the mediation and arbitration provisions: (i) the filing of a court action to preserve a statute of limitations; (ii) the filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies; or (iii) the filing of a mechanic's lien.

    (3) **BROKERS:** Brokers shall not be obligated nor compelled to mediate or arbitrate unless they agree to do so in writing. Any Broker(s) participating in mediation or arbitration shall not be deemed a party to this Agreement.

**23. SELECTION OF SERVICE PROVIDERS:** Brokers do not guarantee the performance of any vendors, service or product providers ("Providers"), whether referred by Broker or selected by Buyer, Seller or other person. Buyer and Seller may select ANY Providers of their own choosing.

**24. MULTIPLE LISTING SERVICE ("MLS"):** Brokers are authorized to report to the MLS a pending sale and, upon Close Of Escrow, the sales price and other terms of this transaction shall be provided to the MLS to be published and disseminated to persons and entities authorized to use the information on terms approved by the MLS.

**25. ATTORNEY FEES:** In any action, proceeding, or arbitration between Buyer and Seller arising out of this Agreement, the prevailing Buyer or Seller shall be entitled to reasonable attorney fees and costs from the non-prevailing Buyer or Seller, except as provided in paragraph 22A.

**26. ASSIGNMENT:** Buyer shall not assign all or any part of Buyer's interest in this Agreement without first having obtained the separate written consent of Seller to a specified assignee. Such consent shall not be unreasonably withheld. Any total or partial assignment shall not relieve Buyer of Buyer's obligations pursuant to this Agreement unless otherwise agreed in writing by Seller. (C.A.R. Form AOAA).

**27. EQUAL HOUSING OPPORTUNITY:** The Property is sold in compliance with federal, state and local anti-discrimination Laws.

**28. TERMS AND CONDITIONS OF OFFER:** This is an offer to purchase the Property on the above terms and conditions. The liquidated damages paragraph or the arbitration of disputes paragraph is incorporated in this Agreement if initialed by all Parties or if incorporated by mutual agreement in a counter offer or addendum. If at least one but not all Parties initial, a counter offer is required until agreement is reached. Seller has the right to continue to offer the Property for sale and to accept any other offer at any time prior to notification of Acceptance. The Parties have read and acknowledge receipt of a Copy of the offer and agree to the confirmation of agency relationships. If this offer is accepted and Buyer subsequently defaults, Buyer may be responsible for payment of Brokers' compensation. This Agreement and any supplement, addendum or modification, including any Copy, may be Signed in two or more counterparts, all of which shall constitute one and the same writing.

**29. TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the Parties are incorporated in this Agreement. Its terms are intended by the Parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Except as otherwise specified, this Agreement shall be interpreted and disputes shall be resolved in accordance with the Laws of the State of California. **Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed, except in writing Signed by Buyer and Seller.**

**30. DEFINITIONS:** As used in this Agreement:

    **A.** **"Acceptance"** means the time the offer or final counter offer is accepted in writing by a Party and is delivered to and personally received by the other Party or that Party's authorized agent in accordance with the terms of this offer or a final counter offer.

    **B.** **"Agreement"** means this document and any counter offers and any incorporated addenda, collectively forming the binding agreement between the Parties. Addenda are incorporated only when Signed by all Parties.

    **C.** **"C.A.R. Form"** means the most current version of the specific form referenced or another comparable form agreed to by the parties.

    **D.** **"Close Of Escrow"**, including "COE", means the date the grant deed, or other evidence of transfer of title, is recorded.

    **E.** **"Copy"** means copy by any means including photocopy, NCR, facsimile and electronic.

    **F.** **"Days"** means calendar days. However, after Acceptance, the last **Day** for performance of any act required by this Agreement (including Close Of Escrow) shall not include any Saturday, Sunday, or legal holiday and shall instead be the next Day.

    **G.** **"Days After"** means the specified number of calendar days after the occurrence of the event specified, not counting the calendar date on which the specified event occurs, and ending at 11:59 PM on the final day.

    **H.** **"Days Prior"** means the specified number of calendar days before the occurrence of the event specified, not counting the calendar date on which the specified event is scheduled to occur.

    **I.** **"Deliver", "Delivered"** or **"Delivery"**, unless otherwise specified in writing, means and shall be effective upon: personal receipt by Buyer or Seller or the individual Real Estate Licensee for that principal as specified in the section titled Real Estate Brokers on page 10, regardless of the method used (i.e., messenger, mail, email, fax, other).

    **J.** **"Electronic Copy"** or **"Electronic Signature"** means, as applicable, an electronic copy or signature complying with California Law. Buyer and Seller agree that electronic means will not be used by either Party to modify or alter the content or integrity of this Agreement without the knowledge and consent of the other Party.

    **K.** **"Law"** means any law, code, statute, ordinance, regulation, rule or order, which is adopted by a controlling city, county, state or federal legislative, judicial or executive body or agency.

    **L.** **"Repairs"** means any repairs (including pest control), alterations, replacements, modifications or retrofitting of the Property provided for under this Agreement.

    **M.** **"Signed"** means either a handwritten or electronic signature on an original document, Copy or any counterpart.

**31. EXPIRATION OF OFFER:** This offer shall be deemed revoked and the deposit, if any, shall be returned to Buyer unless the offer is Signed by Seller and a Copy of the Signed offer is personally received by Buyer, or by _____ **Megan Zucaro** _____ , who is authorized to receive it, by 5:00 PM on the third Day after this offer is signed by Buyer (or by ☐ _____ ☐ AM/ ☐ PM, on _____ (date)).

☐ One or more Buyers is signing this Agreement in a representative capacity and not for him/herself as an individual. See attached Representative Capacity Signature Disclosure (C.A.R. Form RCSD-B) for additional terms.

Date 04/03/2019 9:51:42  BUYER *Megan Zucaro* _____

**(Print name) Megan Zucaro**

Date _____  BUYER _____

**(Print name)** _____

☐ Additional Signature Addendum attached (C.A.R. Form ASA).

Seller's Initials ( _____ ) ( _____ )

**RPA-CA REVISED 12/18 (PAGE 9 OF 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT  (RPA-CA PAGE 9 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com                    6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA 92648-6729**    Date: **March 26, 2019**

**32. ACCEPTANCE OF OFFER:** Seller warrants that Seller is the owner of the Property, or has the authority to execute this Agreement. Seller accepts the above offer, and agrees to sell the Property on the above terms and conditions. Seller has read and acknowledges receipt of a Copy of this Agreement, and authorizes Broker to Deliver a Signed Copy to Buyer.

☐ (If checked) SELLER'S ACCEPTANCE IS **SUBJECT TO ATTACHED COUNTER OFFER (C.A.R. Form SCO or SMCO) DATED:**

---

☐ One or more Sellers is signing this Agreement in a representative capacity and not for him/herself as an individual. See attached Representative Capacity Signature Disclosure (C.A.R. Form RCSD-S) for additional terms.

Date **4/3/19**  SELLER _____Anthun, Trustee_____

(Print name) **Mother Nature Trust**

Date _____  SELLER _____

(Print name) _____

☐ Additional Signature Addendum attached (C.A.R. Form ASA).

( ___ / ___ )  (Do not initial if making a counter offer.) **CONFIRMATION OF ACCEPTANCE:** A Copy of Signed Acceptance was
(Initials)  personally received by Buyer or Buyer's authorized agent on (date) _____ at _____ ☐ AM/ ☐ PM. **A binding Agreement is created when a Copy of Signed Acceptance is personally received by Buyer or Buyer's authorized agent whether or not confirmed in this document. Completion of this confirmation is not legally required in order to create a binding Agreement; it is solely intended to evidence the date that Confirmation of Acceptance has occurred.**

---

**REAL ESTATE BROKERS:**
**A.** Real Estate Brokers are not parties to the Agreement between Buyer and Seller.
**B.** Agency relationships are confirmed as stated in paragraph 2.
**C.** If specified in paragraph 3A(2), Agent who submitted the offer for Buyer acknowledges receipt of deposit.
**D.** **COOPERATING (BUYER'S) BROKER COMPENSATION:** Seller's Broker agrees to pay Buyer's Broker and Buyer's Broker agrees to accept, out of Seller's Broker's proceeds in escrow, the amount specified in the MLS, provided Buyer's Broker is a Participant of the MLS in which the Property is offered for sale or a reciprocal MLS. If Seller's Broker and Buyer's Broker are not both Participants of the MLS, or a reciprocal MLS, in which the Property is offered for sale, then compensation must be specified in a separate written agreement (C.A.R. Form CBC). Declaration of License and Tax (C.A.R. Form DLT) may be used to document that tax reporting will be required or that an exemption exists.
**E.** **PRESENTATION OF OFFER:** Pursuant to Standard of Practice 1-7, if Buyer's Broker makes a written request, Seller's Broker shall confirm in writing that this offer has been presented to Seller.

Buyer's Brokerage Firm **John B Spear** 04/03/2019    DRE Lic. # **00344386**
By _____Megan Zucaro_____ 09:51 AM PDT    **Megan Zucaro** DRE Lic. # **01905753**    Date _____
By _____    DRE Lic. # _____    Date _____
Address _____    City _____    State ___ Zip _____
Telephone _____ Fax _____    E-mail **m@megazee.com**
Seller's Brokerage Firm _____Anh Thy Nguyen_____    DRE Lic. # _____
By _____Anthun_____    DRE Lic. # **0193/409**    Date **4/3/19**
By _____    DRE Lic. # _____    Date _____
Address _____    City _____    State ___ Zip _____
Telephone _____ Fax _____    E-mail _____

---

**ESCROW HOLDER ACKNOWLEDGMENT:**
Escrow Holder acknowledges receipt of a Copy of this Agreement, (if checked, ☐ a deposit in the amount of $ _____ ),
counter offer numbers _____ ☐ Seller's Statement of Information and _____, and agrees to act as Escrow Holder subject to paragraph 20 of this Agreement, any
supplemental escrow instructions and the terms of Escrow Holder's general provisions.

Escrow Holder is advised that the date of Confirmation of Acceptance of the Agreement as between Buyer and Seller is _____

Escrow Holder _____    Escrow # _____
By _____    Date _____
Address _____
Phone/Fax/E-mail _____
Escrow Holder has the following license number # _____
☐ Department of Business Oversight, ☐ Department of Insurance, ☐ Department of Real Estate.

---

**PRESENTATION OF OFFER:** ( _____ ) Seller's Broker presented this offer to Seller on _____ (date).
    Broker or Designee Initials

---

**REJECTION OF OFFER:** ( ____ ) ( ____ ) No counter offer is being made. This offer was rejected by Seller on _____ (date).
    Seller's Initials

©1991- 2018, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

Published and Distributed by:    Buyer Acknowledges that page 10 is part of this Agreement  ( **MZ** ) ( _____ )
REAL ESTATE BUSINESS SERVICES, INC.    Buyer's Initials
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020
**RPA-CA REVISED 12/18 (PAGE 10 of 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT    (RPA-CA PAGE 10 OF 10)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com    6475 Marigayle



# E S C R O W   I N S T R U C T I O N S

**APEX ESCROW, INC. IS LICENSED BY THE STATE OF CALIFORNIA
DEPARTMENT OF BUSINESS OVERSIGHT LICENSE NO. 963-1581**

### ESCROW NO:00034926-TT
### ESCROW OFFICER:TERRY TRAN
### DATE: 04/05/2019

| | |
|---|---:|
| **INITIAL DEPOSIT** | **$0.00** |
| **NEW FIRST TRUST DEED TO FILE** | **$2,047,500.00** |
| **SELLER FINANCING** | **$1,102,500.00** |
| **TOTAL CONSIDERATION** | **$3,150,000.00** |

I/We will hand you the sum of **$3,150,000.00** of which the sum of **$0.00** shall be handed escrow as the initial deposit upon opening of this escrow. I/We will further hand you any and all sufficient funds for closing costs, expenses and prorations between Buyer and Seller, prior to the close of this escrow.

I/We will deliver to you any executed instruments and or funds required to enable you to comply with these instructions, all of which you are authorized to use, provided that on or before 04/12/2019 you are in a position to order a standard policy of title insurance with the usual title company exceptions, provided that said policy has a liability of at least the amount of the above total consideration, covering the property described as follows:

**SEE LEGAL DESCRIPTION EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.**

**COMMONLY KNOWN AS:**

**6475 Marigayle Circle, Huntington Beach, CA 92648**
(Above address not verified by escrow holder)

**SHOWING TITLE VESTED IN:**

**Megan Zucaro**

## F R E E   F R O M   E N C U M B R A N C E S   E X C E P T

A) All installment(s) of the General and Special County, and City (if any) Taxes for the current fiscal year, not delinquent, and taxes for the ensuing year, if any, a lien not yet payable.

B) All taxes, bonds and assessments levied or assessed subsequent to the date of these instructions.

C) Covenants, conditions, restrictions, reservations, rights, rights of way, easements and the exception or reservation of water, oil, gas, minerals, carbons, hydrocarbons or kindred substances on or under said land, now of record, if any, or in the Deed to file.

D) New First Deed of Trust to record herein, executed by Buyer, in favor of an Institutional Lender of Buyer's choice, securing a Note in the original principal sum of **$2,047,500.00**, at best prevailing rate and terms. Buyer's execution of the loan documents shall be deemed their full approval of all terms and conditions contained therein. All costs and charges incurred to obtain said new financing shall be born by Buyer. You are authorized and instructed to comply with the instructions of the Lender as they may be deposited into escrow.

E) New Second Deed of trust to record herein on usual title company form, executed by Buyer in favor of Seller, securing a Note in the original principal amount of **$1,102,500.00**, bearing interest at the rate of **5.000%** per annum, payable in monthly installments of **$4,593.75** accrued interest only, commencing **May 15, 2019**, and continuing on the same day of each calendar month thereafter until **April 15, 2020**, at which time the total sum of principal and interest then remaining unpaid shall become immediately due and payable. If any payment is not made within 15 days after it is due, a late charge of **5.000%** of the installment due, may be charged to Buyer. Privilege is reserved of paying this Note in part or in whole anytime prior to maturity, without penalty.

F) **PRORATE OR ADJUST THE FOLLOWING ITEMS AS OF DATE OF CLOSE OF ESCROW**

♦ **TAXES (BASED ON LAST BILL)**

**15440 Beach Blvd. #131 ● Westminster, CA 92683 ● Tel: (714) 839-2222 ● Fax: (714) 839-2226**

**PLEASE INITIAL**

**BUYER(S):_____/_____   SELLER(S)_____/_____**

Vision Form ESCINSTR

## ESCROW INSTRUCTIONS CONTINUED
## ESCROW NO.: 00034926-TT
## PAGE NO.: 2

♦ **HOMEOWNER'S ASSOCIATION ASSESSMENT**

# INSTRUCTIONS

1) Buyer and property qualifying for new loan set out above. Buyer's execution of loan documents shall constitute Buyer's approval of all terms and conditions contained therein and a satisfaction of this condition.

2) Buyer shall furnish new insurance acceptable to lender and authorizes payment of premium for same when bill is submitted to escrow.

3) Buyer to be furnished with a one year home protection plan issued by **any reliable company** to be paid for by **Seller** in an amount not to exceed $850.00. All parties acknowledge the only function of escrow holder is to pay the billing submitted into escrow and distribute copies of the home warranty, if any, to the respective parties at the close of their escrow.

4) Buyer is aware of association dues on the subject property payable approximately **$to follow** per **month**. You are hereby authorized and instructed to obtain a statement of association status and to prorate the monthly dues to the close of escrow. Charge **Seller** transfer fee(s) and charge seller any past due assessments and key fee, if applicable, if any.

5) Seller is responsible for returning any association keys/tags to the homeowner's association prior to close of escrow and depositing receipt for same in escrow. Otherwise, Seller is aware that Seller will be charged key/tag fees as assessed by homeowner's association.

6) Seller agrees to furnish Buyer with copies of C.C.& R.'s and association by-laws, Articles of Incorporation, Budget, Financial Statement, Rules and Regulations and any other documents required by law for Buyer's approval. Escrow holder is hereby authorized and instructed to obtain those documents from the association which Seller is unable to furnish and is to charge Seller's account with any applicable document fee charged by the association. **SELLER'S FAILURE TO FORWARD ASSOCIATION DOCUMENTS TO ESCROW HOLDER WITH SELLER'S SIGNED ESCROW INSTRUCTIONS WILL BE DEEMED ESCROW HOLDER'S AUTHORITY TO ORDER ALL ASSOCIATION DOCUMENTS FROM THE HOMEOWNER'S ASSOCIATION.**

7) Buyer shall have 0 days from receipt of such association documents to disapprove in writing to escrow holder. Failure to so notify escrow holder as herein provided shall conclusively be considered approval.

8) This escrow is subject to Buyer's approval of the preliminary title report, including all C C & R's, if any, within 0 days of receipt thereof. Absence of notification to escrow holder to the contrary within the allotted time, shall be deemed approval thereof and satisfaction of this requirement.

9) Buyer shall furnish escrow holder with Buyer's vesting prior to the date of preparation of Buyer's loan documents or close of escrow (if Buyer is not obtaining financing). Escrow holder is hereby authorized and instructed to complete and/or correct Buyer's vesting on the already executed Grant Deed over notarized signatures. If the marital status is separated (divorce is not yet final) or married as sole and separate property, Buyer shall furnish escrow holder with the name of Buyer's spouse. Escrow holder is authorized and instructed to prepare an Interspousal Transfer or Quitclaim Deed for Buyer's spouse's signature. Escrow holder is to record same at close of escrow, charging Buyer's account for the preparation and recording fees. Buyer is aware that escrow holder cannot give legal advice regarding how Buyer should take title. Buyer is advised to seek the advice of Buyer's own attorney and/or accountant with regard thereto.

10) ALL PARTIES HEREIN ARE AWARE THAT ANY OWNERS POLICY OF TITLE INSURANCE MAY CEASE TO EXIST UPON RECORDATION OF ANY DOCUMENT WHICH ELIMINATES AN INSURED OWNER AND/OR ADDS A NEW OWNER. ESCROW HOLDER IS HEREBY RELIEVED OF ANY AND ALL LIABILITY AND/OR RESPONSIBILITY IN CONNECTION WITH THE RECORDATION OF ANY SUCH HEREIN DESCRIBED DEED, IF APPLICABLE.

11) Except as otherwise provided for herein, Buyer and Seller each agree to be responsible for their own normal closing costs as is customary in Orange County, State of California.

12) Obtain and pay demands on existing encumbrances of record, if any. Charge parties in interest for whom services were rendered for any excessive long distance calls, express mail, special delivering, notary fees, buyer's third party inspection, wire transfer fee or cashier's check fee, if any.

13) Let this be your authority to release funds from buyer's/borrower's deposit in this escrow as may be necessary to obtain a demand/beneficiary statement from lender(s) of record, and/or new lender that requires money advanced for credit report and appraisal, and/or Homeowners Assoc. demand for release of H.O.A. documents. It is understood and agreed by and between the undersigned, in the event of cancellation, the canceling party will reimburse the other party for any sums released on their behalf.

14) Seller shall pay for any private transfer fee, if applicable.

**PLEASE INITIAL**

BUYER(S):_____/_____    SELLER(S)_____/_____

Vision Form ESCINSTR

## ESCROW INSTRUCTIONS CONTINUED
### ESCROW NO.: 00034926-TT
### PAGE NO.: 3

15) ESCROW HOLDER IS INSTRUCTED TO PROCESS AND COMPLETE THIS TRANSACTION IN ACCORDANCE WITH THE PROVISIONS CONTAINED IN THESE WRITTEN ESCROW INSTRUCTIONS. IT IS EXPRESSLY UNDERSTOOD THAT THE ESCROW INSTRUCTIONS ARE NOT INTENDED TO MODIFY, AMEND, SUPERSEDE OR IN ANY WAY CHANGE THE RESIDENTIAL PURCHASE AGREEMENT AND JOINT ESCROW INSTRUCTIONS DATED MARCH 26, 2019 AND ALL COUNTER OFFERS OR ADDENDUMS TO SAID PURCHASE AGREEMENT, WHICH AGREEMENT IS INCORPORATED HEREIN BY REFERENCE ONLY, HOWEVER ALL PARTIES UNDERSTAND THAT THE ESCROW HOLDER'S OBLIGATIONS ARE LIMITED TO ONLY THOSE PROVISIONS CONTAINED IN THESE WRITTEN INSTRUCTIONS.

### AS A MEMORANDUM AGREEMENT ONLY WITH WHICH ESCROW HOLDER IS NOT TO BE CONCERNED

a) Buyer intends to occupy subject property as Buyer's primary residence.

b) Possession of subject property is to be given to Buyer on the date of close of escrow.

END OF MEMORANDUM AGREEMENT

**BUYER:**
THE FOREGOING TERMS, CONDITIONS, PROVISIONS AND INSTRUCTIONS, TOGETHER WITH THE GENERAL PROVISIONS SET OUT ON THE FINAL PAGE OF THESE INSTRUCTIONS, ARE UNDERSTOOD AND APPROVED IN THEIR ENTIRETY BY EACH OF THE UNDERSIGNED. I AGREE TO PAY ON DEMAND BUYER'S CUSTOMARY COSTS AND CHARGES INCURRED HEREIN, INCLUDING BUT NOT LIMITED TO, RECORDING FEES, DOCUMENT PREPARATION FEES, ESCROW FEE, ANY COSTS INCURRED BY REASON OF ANY FINANCING OBTAINED OR ASSUMED BY ME, AND ANY OTHER CHARGE INCURRED FOR MY BENEFIT.

**BUYER:**

Megan Zucaro

**SELLER:**
THE FOREGOING TERMS, CONDITIONS, PROVISIONS AND INSTRUCTIONS, TOGETHER WITH THE GENERAL PROVISIONS SET OUT ON THE FINAL PAGE OF THESE INSTRUCTIONS ARE UNDERSTOOD, APPROVED AND ACCEPTED IN THEIR ENTIRETY BY EACH OF THE UNDERSIGNED. I WILL HAND YOU MY EXECUTED GRANT DEED AND/OR OTHER DOCUMENTS OR INSTRUMENTS REQUIRED FROM ME TO CAUSE TITLE TO BE AS SHOWN ABOVE, WHICH YOU ARE AUTHORIZED TO USE AND OR DELIVER WHEN YOU CAN COMPLY WITH THESE INSTRUCTIONS AND WHEN YOU CAN HOLD FOR MY ACCOUNT THE TOTAL CONSIDERATION DUE TO MY ACCOUNT AT THE CLOSE OF ESCROW, YOU ARE AUTHORIZED AND INSTRUCTED TO DEDUCT THE AMOUNT OF ANY REAL ESTATE BROKER'S COMMISSION TO BE PAID BY ME IN ACCORDANCE WITH SEPARATE INSTRUCTIONS, THE AMOUNT OF ANY FUNDS PAID TO ME OUTSIDE OF ESCROW, THE AMOUNT OWING UNDER ANY LIEN OR ENCUMBRANCE REQUIRED TO BE PAID TO PLACE TITLE IN THE CONDITION AS CALLED FOR HEREIN, AND SELLER'S CUSTOMARY COSTS AND CHARGES INCURRED HEREIN, INCLUDING, BUT NOT LIMITED TO, THE PREMIUM FOR THE C.L.T.A. OWNER'S POLICY OF TITLE INSURANCE TO BE PROVIDED TO THE BUYER, THE AMOUNT OF ANY DOCUMENTARY

**PLEASE INITIAL**

BUYER(S):_____/_____    SELLER(S)_____/_____

Vision Form ESCINSTR

## ESCROW INSTRUCTIONS CONTINUED
### ESCROW NO.: 00034926-TT
### PAGE NO.: 4

TRANSFER TAX OWING ON THE DEED, ESCROW FEE, RECORDING FEES FRO DOCUMENTS, INSTRUMENT RECORDED FOR MY BENEFIT, ANY TRANSFER FEE CHARGED BY ANY ASSOCIATION COVERING THE SUBJECT PROPERTY, THE COST OF OBTAINING ANY STATEMENT(S) OR DEMAND CONCERNING ANY LIEN OR ENCUMBRANCE OF RECORD, AND ANY OTHER COST OR CHARGE INCURRED FOR MY BENEFIT.

**SELLER:**

_____

Mother Nature Trust with Anh Thy Nguyen acting as Trustee

_____

_____

_____

PLEASE INITIAL

BUYER(S):_____/_____    SELLER(S)_____/_____

SMS Vision Form ESC/INSTR



# AMENDMENT TO ESCROW INSTRUCTIONS

May 1, 2019

Escrow No: 00034926-TT

**TO: APEX ESCROW**
**RE: 6475 Marigayle Circle, Huntington Beach, CA 92648**

My previous escrow instructions in the above numbered escrow are hereby amended and/or supplemented in the following particulars only:

Vesting through the above referenced escrow shall be as follows: Helping Others International, LLC, a Delaware Limited Liability Company

New first loan in the amount of $1,950,000.00 in favor of United Lender, LLC, a Nevada Limited Liability Company.

Seller Financing in the amount of $1,200,000.00.

Close of escrow date shall be on or before May 3, 2019.

\* \* \* \* \* ALL OTHER TERMS AND CONDITIONS SHALL REMAIN THE SAME.\* \* \* \* \*

**EACH OF THE UNDERSIGNED STATES THAT EACH HAS READ THE FOREGOING INSTRUCTIONS, UNDERSTANDS THEM AND ACKNOWLEDGES RECEIPT OF A COPY OF THESE INSTRUCTIONS.**

Seller:

Buyer:

_____, Trustee

**Mother Nature Trust with Anh Thy Nguyen acting as Trustee**

**Helping Others International, LLC, a Delaware Limited Liability Company**
**By: Megan Zucaro, Its Manager**

_____

_____

_____

_____

_____

_____

**15440 Beach Blvd #131. ● Westminster, CA 92683 ● Tel: (714) 839-2222 ● Fax: (714) 839-2226**
SMS Vision Form AMENDMT

# EXHIBIT "B"

RECORDING REQUESTED BY:
**FIDELITY NATIONAL TITLE**
Order No.: 00251645-997-OC1-TR2
MAIL TAX STATEMENTS AND
WHEN RECORDED MAIL TO:

**Helping Others International LLC**

4110 Vanetta Place
Studio City, CA 91604

Escrow No.: 00034926-TT

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

9.00
* S R 0 0 1 0 8 0 8 0 8 3 5 *
**2019000146648 4:04 pm 05/02/19**
217 406 D10   2 04
1732.50 1732.50 0.00 0.00 3.00 0.00 0.000.000.00 0.00

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S):

DOCUMENTARY TRANSFER TAX IS $3,465.00
   X___ Computed on full value of property conveyed, or
   _____ Computed on full value less liens and encumbrances remaining at time of sale.
   _____ Unincorporated area  X City of **Huntington Beach**

**Exempt from the fee per GC 27388.1; document recorded with a concurrent transfer subject to the imposition of documentary transfer tax.**

For valuable consideration, receipt of which is hereby acknowledged,

**Mother Nature Trust with Anh Thy Nguyen acting as Trustee**

Exempt from fee per GC 27388.1 (a)
(2); recorded concurrently in
connection with a transfer subject to
the imposition of documentary
transfer tax

hereby GRANT(S) to **Helping Others International LLC, a Delaware Limited Liability Company**

the real property situated in the County of **Orange**, State of California, more particularly described as:

   **SEE LEGAL DESCRIPTION EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.**

Also Known as: **6475 Marigayle Circle, Huntington Beach, CA 92648**
APN: 110-511-04

Dated: _May 1, 2019_                                    _Trustee_

**Mother Nature Trust with Anh Thy Nguyen acting as Trustee**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA          )
                             ) SS.
COUNTY OF  _ORANGE_          )

On _5/1/2019_  before me, _Mai Vu_ , Notary Public, personally appeared
_ANH THY SONG NGUYEN_ , who proved to me on
the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

MAI VU
Notary Public – California
Orange County
Commission # 2207243
My Comm. Expires Aug 21, 2021

Fidelity National Title Company
ORDER NO.: 00251645-997-OC1-TR2

## EXHIBIT A

### LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF HUNTINGTON BEACH, IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 2 OF TRACT NO. 15690, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON THE MAP FILED IN BOOK 835 OF MISCELLANEOUS MAPS, PAGE(S) 12 AND 13, RECORDS OF ORANGE COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEEDS OF RECORD.

APN: 110-511-04

# EXHIBIT "C"

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

|||||||||||||||||||||||||||||||||||||||||| 108.00
* S R 0 0 1 0 8 0 8 0 6 4 5 *
**2019000146649 4:04 pm 05/02/19**
217 406 D11 A34 S02   28
0.00 0.00 0.00 0.00 81.00 0.00 0.000,000.00 9.00

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

United Lender, LLC
3635 S. Fort Apache Rd
Suite 200-20
Las Vegas, NV 89147
Attention: Shawn Ahdoot

INSTRUCTIONS TO COUNTY RECORDER:

Index this instrument as:
  (i)      a Deed of Trust;
  (ii)     an Assignment of Leases and Rents;
  (iii)    a Personal Property Security Agreement; and
  (iv) as a Fixture Filing

APN: 110-511-04

---

Above Space for Recorder's Use

## DEED OF TRUST, ASSIGNMENT OF LEASES,
## RENTS AND PROFITS, SECURITY AGREEMENT AND FIXTURE FILING

THE PARTIES TO THIS DEED OF TRUST, ASSIGNMENT OF LEASES, RENTS AND PROFITS, SECURITY AGREEMENT AND FIXTURE FILING ("Deed of Trust") made as of February, 2019 are **Helping Others International LLC**, a Delaware limited liability company, whose address is 4110 Vanetta Place, Los Angeles, CA 91604 (referred to herein as "Trustor" or "Debtor"), **United Lender, LLC**, a Nevada limited liability company, whose address is 3635 S. Fort Apache Road, Suite 200-20, Las Vegas, NV ("Trustee") and **United Lender, LLC**, a Nevada limited liability company, whose address is 3635 S. Fort Apache Road, Suite 200-20, Las Vegas, NV ("Beneficiary"). Trustor's trade name(s) or style(s), if any, are: N/A.

### ARTICLE I. GRANT IN TRUST

1.1    **Grant.** For the purposes and upon the terms and conditions in this Deed of Trust and for good and valuable consideration the receipt and adequacy of which are hereby acknowledged, Trustor irrevocably grants, transfers, sets over, conveys and assigns to Trustee, in trust for the benefit of Beneficiary, with power of sale and right of entry and possession, all that real property and/or interests therein located in the City of

Exempt from fee per GC 27388.1 (a)
(2); recorded concurrently in
connection with a transfer subject to
the imposition of documentary
transfer tax

Huntington Beach, County of Orange, State of California, described on **Exhibit "A"** attached hereto and by this reference made a part hereof.  Such real property and/or interests therein as set forth below, together with all of the following, are sometimes collectively referred to as the "Subject Property":

   (a) Any and all buildings and other improvements now or hereafter located thereon or appurtenant thereto and all fixtures, construction materials, goods, including consumer goods, equipment, farm products and inventory, and other articles of real and personal property which are now or hereafter affixed to, placed upon or used in connection with the above described real property (collectively the "Improvements");

   (b) All income, rents, security or similar deposits, revenues, issues, royalties, profits, earnings, products and proceeds from any and all of the Subject Property (collectively, the "rents, issues and profits"), together with the right to collect and apply the same to any indebtedness secured hereunder; subject, however, to the right hereinafter given to Trustor to collect the rents, issues, and profits as long as Trustor is not in default hereunder;

   (c) All interest and estate or other rights, in law or in equity, which Trustor now has or may hereafter acquire in the Subject Property, together with all easements and rights used in connection therewith or as a means of access thereto;

   (d) All tenements, hereditaments and appurtenances of or to the Subject Property, including, without limitation, all right, title and interest of Trustor, now owned or hereafter acquired, in and to any land lying within the rightofway of any street, open or proposed, adjoining the Subject Property, and any and all sidewalks, alleys and strips and gores of land adjacent to or used in connection with the Subject Property;

   (e) All oil and gas or other mineral rights in or pertaining to the Subject Property, and all royalty, leasehold and other rights of Trustor pertaining thereto;

   (f) All water and water rights pertaining to the Subject Property, and shares of stock evidencing the same, and all deposits made with or other security given to utility companies by Trustor with respect to the Subject Property;

   (g) All claims or demands relating to insurance or condemnation awards which Trustor now has or may hereafter acquire with respect to the Subject Property and/or to the rents, issues and profits, including, without limitation, all advance payments of insurance premiums made by Trustor with respect thereto;

   (h) All licenses, permits, approvals and similar documents, and any causes of action, pertaining to the development, construction, sale, ownership, management, maintenance and operation of the Subject Property or any part thereof;

         (i)    All guaranties, warranties and agreements regarding the quality of construction or other performance, and the quality of workmanship and supplies, equipment and fixtures supplied to, installed or incorporated into the Improvements upon the Subject Property whether or not such guaranties, warranties and agreements are set forth in any contracts relating to the Improvements, together with any and all claims or demands to enforce the same.

     1.2   **Address.**  The address of the real property described in Exhibit "A" (if known) is: 6475 Marigayle Circle, City of Huntington Beach, County of Orange, California 92648.  However, neither the failure to designate an address nor any inaccuracy in the address designated shall affect the validity or priority of the lien of this Deed of Trust on the real property as described on **Exhibit "A"**.

## ARTICLE II. OBLIGATIONS SECURED

     2.1   **Obligations Secured.**  Trustor makes this grant and assignment for the purpose of securing the following obligations ("Secured Obligations"):

         (a)    Payment to Beneficiary of all sums which Trustor may become liable to Beneficiary for under that certain Term Note executed by Trustor, as Maker, in favor of Beneficiary, as Lender, dated as of ~~April~~ May __, 2019 in the original principal amount of $1,957,000.00 ("Note");

         (b)    Payment and performance of all obligations of Trustor under this Deed of Trust;

         (c)    Payment and performance of all obligations, if any, which any rider attached as an Exhibit to this Deed of Trust recites are secured hereby;

         (d)    Payment and performance of all future advances and other obligations that then record owner of all or part of the Subject Property may agree to pay and/or perform (whether as principal, surety or guarantor) for the benefit of Beneficiary, when the obligation is evidenced by a writing which recites that it is secured by this Deed of Trust;

         (e)    All interest and charges on all obligations secured hereby, including, without limitation, prepayment charges, late charges and loan fees;

         (f)    All modifications, extensions and renewals of any of the obligations secured hereby.  Notwithstanding anything contained elsewhere herein no notice of default may be recorded hereunder unless Lender shall have first given notice hereof to Trustor not less than ten (10 ) days prior to recording of such notice of default; and

(g)    The payment of such additional sums and the performance of all obligations now or hereafter owing from Trustor to Beneficiary, whether otherwise secured or not, payable to or otherwise acquired by Beneficiary, when the instrument evidencing such obligations recites that it is intended to be secured hereby; provided, however, that any and all future advances to Trustor from Beneficiary made for the same purpose as the Note or for the improvement, protection or preservation of the Subject Property or any part thereof, together with interest thereon at the rate then in effect under the Note or such other note as may be taken by Beneficiary to evidence the particular advance, shall be automatically secured hereby.

2.2    **Obligations**. The term "obligations" is used herein in its broadest and most comprehensive sense and shall be deemed to include without limit all interest and charges, prepayment charges, late charges and loan fees at any time accruing or assessed on any of the Secured Obligations.

2.3    **Incorporation**. All terms of the Secured Obligations are incorporated herein by this reference. All persons who may have or acquire an interest in the Subject Property shall be deemed to have notice of the terms of the Secured Obligations and to have notice that if provided therein, (a) the Note may permit borrowing, repayment and re-borrowing, and (b) the rate of interest on one or more Secured Obligations may vary from time to time.

### ARTICLE III. ABSOLUTE ASSIGNMENT OF LEASES, RENTS AND PROFITS

3.1    **Assignment**. Trustor hereby irrevocably, absolutely and unconditionally assigns and transfers to Beneficiary (and has not heretofore otherwise so assigned or transferred) all the leases, income, rents, issues, deposits, proceeds and profits of the Subject Property for the purposes and upon the terms and conditions set forth below. This assignment of the leases, income, rents, issues, deposits, proceeds and profits constitutes an irrevocable direction and authorization of all tenants under the leases to pay all rent, income, deposits, proceeds and profits to Beneficiary upon demand and without further consent or other action by Trustor.    Trustor irrevocably appoints Beneficiary its true and lawful attorney, at the option of Beneficiary at any time, to demand, receive and enforce payment to give receipts, releases and satisfactions, and to sue, either in the name of Trustor or in the name of Beneficiary, for all such income, rents, issues, deposits, proceeds and profits and apply the same to the indebtedness secured hereby.    This assignment shall not impose upon Beneficiary any duty to produce any leases, income, rents, issues, deposits, proceeds or profits from the Subject Property, or cause Beneficiary to be (a) a "mortgagee in possession" for any purpose; (b) responsible for performing any of the obligations of the lessor under any lease; or (c) responsible for any waste committed by lessees or any other parties, for any dangerous or defective condition of the Subject Property, or for any negligence in the management, upkeep, repair or control of the Subject Property. This is an absolute assignment, not an assignment for security only, and Beneficiary's right to any leases,

income, rents, issues, deposits, proceeds or profits is not contingent upon, and may be exercised without possession of, the Subject Property.

3.2    **License**.  Notwithstanding anything to the contrary contained herein or in the Note, so long as no Default shall have occurred, Trustor shall have a license ("License") to lease and to collect the income, rents, issues, deposits, proceeds and profits of the Subject Property as they become due and payable, until the occurrence of a Default (hereinafter defined).    Upon a Default, the License shall be deemed automatically revoked, any income, rents, issues, deposits, proceeds or profits received by Trustor shall be delivered in kind to Beneficiary and Beneficiary may collect and retain the income, rents, issues, deposits, proceed and profits without notice and without taking possession of the Subject Property.  This right to collect income, rents, issues, deposits, proceeds and profits shall not grant to Beneficiary or Trustee the right to possession, except as provided below; and neither said right, nor termination of the License shall impose upon Beneficiary or Trustee the duty to produce income, rents, issues, deposits, proceeds or profits or maintain all or any part of the Subject Property. Upon an occurrence of Default, Trustor agrees to deliver the original copy of all leases to Beneficiary.  Trustor hereby irrevocably constitutes and appoints Beneficiary its true and lawful attorney-in-fact to enforce in Trustor's name or in Beneficiary's name or otherwise all rights of Trustor in the instruments, including, without limitation, checks and money orders tendered as payments of rents and to do any and all things necessary and proper to carry out the purposes hereof.

3.3    **Advance Rents; Consent to Leasing**.  Trustor shall not accept any deposit or prepayment of rental or lease payment in excess of one (1) month in advance without Beneficiary's prior written consent.  Trustor agrees not to lease all or any part of the Subject Property, and not to enter into an agreement providing for the management, leasing or operation of the Property without the prior written consent of Beneficiary.

3.4    **Application of Rents**.  Beneficiary, in its sole discretion, may apply or require the application of any rents, issues or profits collected to the payment of any one or more of the Secured Obligations in such order as Beneficiary may elect.

### ARTICLE IV. SECURITY AGREEMENT AND FIXTURE FILING

4.1    **Security Agreement**.  This Deed of Trust shall constitute a security agreement as that term is used in the California Commercial Code and Trustor hereby grants to Beneficiary a security interest in all existing and future fixtures and fittings, now or hereafter owned by Debtor and located at or on or used in connection with the real property described in Exhibit "A" hereto (whether or not such items are stored on such real property or elsewhere), insurance policies and all rights to payment of any kind relating to or arising from the ownership and development of such real property, all licenses, permits, approvals, contracts, agreements, plans and specifications and similar documents pertaining to the development, construction, sale, ownership,

management, maintenance and operation of the real property referenced herein, or any part thereof, and construction of improvements thereon, and any guaranties, warranties and agreements regarding the quality of construction or other performance and of the quality of workmanship and supplies, equipment and fixtures supplied to, installed on or incorporated into the improvements to be constructed upon such real property and all proceeds and products thereof, substitutions therefor and accessions thereto ("Personal Property"). Trustor will procure any document, including, without limitation, mortgagee waivers or landlord disclaimers or subordination agreements, in form and substance satisfactory to Beneficiary, with respect to any and all Personal Property (or fixtures which are a part of the Subject Property), deliver to Beneficiary any instrument, mark any chattel paper, give any notices and take any other actions which are necessary to perfect or to continue the perfection and priority of the security interest created hereunder or to protect the fixtures against the rights, claims, or interests of third persons, and will pay all costs incurred in connection therewith.    Notwithstanding anything to the contrary contained in this Deed of Trust, Trustor and Beneficiary agree that Beneficiary is, and shall be deemed to be, the "secured party" as that term is defined in such California Commercial Code.  Any sale proceeds which are applied against principal indebtedness shall, to the extent not repaying all indebtedness in full, be applied to principal in the reverse order of maturity.  If more than one person has executed this Deed of Trust as "Trustor," the obligations of all such persons hereunder shall be joint and several.

4.2    **Fixture Filing**. The Personal Property in which Beneficiary has a security interest includes goods which are or shall become fixtures on the Subject Property. This Deed of Trust is intended to serve as a fixture filing pursuant to the terms of Section 9502 of the California Commercial Code.  This filing is to be recorded in the real estate records of the county in which the Property is located.  In that regard, the following information is provided:

Name of Debtor:  Helping Others International LLC, a Delaware limited liability company.

Address of Debtor:  4110 Vanetta Place, Los Angeles, CA 91604.

Name of Secured Party:  United Lender, LLC, a Nevada limited liability company.

Address of Secured Party:  3635 S. Fort Apache Road, Suite 200-20, Las Vegas, NV, 89147

Trustor warrants and agrees that there is no financing statement covering the foregoing Subject Property, or any part thereof, on file in any public office.

## ARTICLE V. RIGHTS AND DUTIES OF THE PARTIES

5.1    **Title.** Trustor warrants that, except as disclosed to Beneficiary in a writing which refers to this warranty, Trustor lawfully possesses and holds fee simple title to the Subject Property without limitation on the right to encumber, and that this Deed of Trust is a first priority lien on the Subject Property.

5.2    **Taxes and Assessments.** Trustor shall pay prior to delinquency all taxes, assessments, levies and charges imposed by any public or quasi-public authority or utility company which are or which may become a lien upon the Subject Property or any interest therein.  Trustor shall also pay prior to delinquency all taxes, assessments, levies and charges imposed by any public authority upon Beneficiary by reason of its interest in any Secured Obligation or in the Subject Property, or by reason of any payment made to Beneficiary pursuant to any Personal Property, Secured Obligation; but Trustor shall have no obligation to pay taxes which may be imposed from time to time upon Beneficiary and which are measured by and imposed upon Beneficiary's net income. Nothing contained herein shall impose any duty upon Trustor with respect to the satisfaction of any lien of taxes which is subordinate to this Deed of Trust.

5.3    **Performance of Secured Obligations**.  Trustor shall promptly pay and perform each Secured Obligation when due.

5.4    **Liens, Encumbrances and Charges**.  Subject to paragraph 5.1, Trustor shall immediately discharge any lien not approved by Beneficiary in writing that has or may attain priority over this Deed of Trust. Trustor shall pay when due all obligations secured by or reducible to liens and encumbrances which shall now or hereafter encumber or appear to encumber all or any part of the Subject Property or any interest therein, whether senior or subordinate hereto, including, without limitation, all claims for work or labor performed, or materials or supplies furnished in connection with any work of demolition, alteration, repair, improvement of or construction upon the Subject Property.

5.5    Intentionally Omitted.

5.6    **Insurance**.  Trustor shall at all times provide, maintain, deliver to Beneficiary and keep in full force and effect:

(a)    Policies of insurance insuring the Subject Property against loss or damage by risks embraced in coverage of the type now known as the broad form of all-risk, extended coverage, in an amount not less than the lesser of (i) the original amount of the Note or (ii) the full replacement cost of the Improvements (exclusive of the cost of excavations, foundations, and footings below the lowest basement floor, but including any Improvements hereafter made); and with not more than Five Thousand Dollars ($5,000.00) deductible from the loss payable for any casualty.  The policies of insurance

carried in accordance with this Subsection (a) shall contain the "Replacement Cost Endorsement;"

(b)     Comprehensive public liability insurance (including coverage for elevators and escalators, if any on the Subject Property, and, if any construction of new Improvements occurs after the execution of this Deed of Trust, completed operations coverage for two years after the construction of such Improvements has been completed) on an "occurrence basis" against claims for "personal injury," including, without limitation, bodily injury, death or property damage, occurring on, in or about the Subject Property and the adjoining streets and sidewalks, or arising from or connected with the use, conduct or operation of Trustor's business or interest, **in an amount of not less than Five Million and 00/00 Dollars ($5,000,000.00)** with respect to personal injury or death of one or more persons and with respect to damage to property. Beneficiary shall have the right from time to time to require an increase in the amount of coverage based on the standard practices in the industry and the risks involved in Trustor's business, operations or interest;

(c)     Appropriate worker's compensation insurance against liability arising from claims of workers with respect to and during the period of any work on or about the Subject Property, and also after completion of construction of the Improvements.   Trustor shall require each of its contractors and subcontractors employed to perform work on the Subject Property to furnish a certificate of workers' compensation insurance prior to the commencement of any work.

(d)     Such other insurance against such risks or hazards, or other risks and hazards (**specifically including earthquake and flood coverage**), and in such amounts, as may from time to time be reasonably required by Beneficiary, also including, without limitation, policies insuring against specified hazards affecting Lender's security as may be required by governmental regulations or as may be reasonably available for Improvements similar to the Improvements located in the same locality of the Subject Property.

All policies of insurance shall be with companies approved by Beneficiary. In addition, all policies of insurance, including but not limited to policies insuring against earthquakes, whether or not required by Beneficiary, shall contain the Standard NonContributory Mortgagee Clause and the Standard Lenders' Loss Payable Clause, or their equivalents, in favor of Beneficiary, and shall provide that the proceeds thereof shall be payable to Beneficiary, to the extent applicable. All such policies shall also where appropriate name Beneficiary as additional insured.   In the event of the foreclosure of this Deed of Trust or other transfer of title to the Subject Property in extinguishment, in whole or in part, of the indebtedness secured hereby, all right, title and interest of Trustor in and to any insurance policy then in force shall pass to the purchaser or grantee. Beneficiary shall be furnished with the original of each policy required to be provided by Trustor hereunder, which policy shall provide that it shall not

be modified or cancelled without thirty (30) days' written notice to Beneficiary. Trustor shall furnish Beneficiary with receipts for the payment of premiums on such insurance policies or other evidence of such payment reasonably satisfactory to Beneficiary. In the event Trustor does not deposit with Beneficiary a new policy of insurance with evidence of payment of premium thereon at least thirty (30) days prior to the expiration of any expiring policy, then Beneficiary may, but shall not be obligated to, procure such insurance and Trustor shall pay the premiums thereon promptly upon demand. Beneficiary shall not by the fact of approving, disapproving, accepting, preventing, obtaining or failing to obtain any such insurance, incur any liability for the form or legal sufficiency of insurance contracts, solvency of insurers, or payment of losses, and Trustor hereby expressly assumes full responsibility therefor and all liability, if any, thereunder.

5.7    **Damages; Insurance and Condemnation Proceeds**.

(a)    (i) All awards of damages and all other compensation payable directly or indirectly by reason of a condemnation or proposed condemnation for public or private use affecting all or any part of, or any interest in, the Subject Property; and (ii) all other claims and awards for damages to, or decrease in value of, all or any part of, or any interest in, the Subject Property; and (iii) all proceeds of any insurance policies payable by reason of loss sustained to all or any part of the Subject Property; and (iv) all interest which may accrue on any of the foregoing, are all absolutely and irrevocably assigned to and shall be paid to Beneficiary.  At the absolute discretion of Beneficiary, whether or not its security is or may be impaired but subject to applicable law, if any, and without regard to any requirement contained in Section 5.8(c), Beneficiary may (v) apply all or any of the proceeds it receives to its expenses in settling, prosecuting or defending the claim and apply the balance to the Secured Obligations in any order, and/or (vi) release all or any part of the proceeds to Trustor upon any conditions Beneficiary may impose.  Beneficiary may commence, appear in, defend or prosecute any assigned claim or action and may adjust, compromise, settle and collect all claims and awards assigned to Beneficiary, but shall not be responsible for any failure to collect any claim or award, regardless of the cause of the failure.

(b)    At its sole option, Beneficiary may permit insurance or condemnation proceeds held by Beneficiary to be used for repair or restoration but may condition such application upon the deposit with Beneficiary of such additional funds which Beneficiary determines are needed to pay all cost of the repair or restoration, (including without limit taxes, financing charges, insurance and rent during the repair period), on establishment of an arrangement for lien releases and disbursement of funds acceptable to Beneficiary and on delivery to Beneficiary of:

(i)    plans and specifications for the work, a contract for the work signed by a contractor acceptable to Beneficiary, a cost breakdown for the work and a

payment and performance bond for the work, all of which shall be acceptable to Beneficiary; and

(ii)    evidence    acceptable    to    Beneficiary:    (aa) that    after completion of the work the income from the Subject Property will be sufficient to pay all expenses and debt service for the Subject Property; (bb) of continuation of leases acceptable to and required by Beneficiary; (cc) that, upon completion of the work, the size, capacity and total value of the Subject Property will be at least as great as it was before the damage or condemnation occurred; (dd) that there has been no material or substantial adverse change in the financial condition or credit of Trustor since the date of this Deed of Trust; and (ee) of satisfaction of any additional conditions that Beneficiary may establish to protect its security.

Trustor acknowledges that the specific conditions described above are reasonable.

5.8    **Maintenance and Preservation of the Subject Property.**    Trustor covenants: (a) to insure the Subject Property in accordance with the provisions set forth hereinabove and to keep the Subject Property in good condition and repair; (b) except with Beneficiary's prior written consent, not to remove or demolish the Subject Property or any part thereof; not to alter, restore or add to the Subject Property; and not to initiate or acquiesce in any change in any zoning or other land classification which affects the Subject Property; (c) to complete or restore promptly and in good and workmanlike manner the Subject Property or any part thereof which may be damaged or destroyed, unless Beneficiary elects to require that insurance proceeds be used to reduce the Secured Obligations as provided in Section 5.6; (d) not to suffer violation of any, and to comply with all (i) laws, ordinances, regulations and standards, and (ii) all covenants, conditions, restrictions and equitable servitudes, whether public or private, of every kind and character and (iii) requirements of insurance companies and any bureau or agency which establishes standards of insurability, which laws, covenants or requirements affect the Subject Property and pertain to acts committed or conditions existing thereon, including (but without limit) such work or alteration, improvement or demolition as such laws, covenants or requirements mandate; (e) not to commit or permit waste of the Subject Property; (f) not to alter the occupancy or use of all or any part of the Subject Property without the prior written consent of Beneficiary; (g) not to lease the Subject Property other than on a form and on terms approved by Beneficiary; (h) as required by Beneficiary, to perform the lessor's covenants under the leases affecting the Subject Property in which Trustor holds the lessor's interest, and not to cause or permit a modification or termination of any lease or impair the value of the leases to the lessor, or the interest of lessor or Beneficiary in the leases; (i) not to create any deed of trust or encumbrance upon the Subject Property subsequent hereto, without the prior written consent of Beneficiary; (j) to make no further assignment of rents of the Subject Property without Beneficiary's prior written consent; (k) to execute and, where appropriate, acknowledge all further documents, instruments and other papers as Beneficiary or Trustee deems necessary or appropriate to preserve, continue, perfect

and enjoy the security of this Deed of Trust and perform Trustor's obligations, including, without limit, statements of the amount secured hereby then owing and statements of no offset; and (l) to do all other acts which from the character or use of the Subject Property may be reasonably necessary to maintain and preserve its value.

5.9    **Defense and Notice of Losses, Claims and Actions**.    Trustor shall protect, preserve and defend the Subject Property and title to and right of possession of the Subject Property, the security hereof and the rights and powers of Beneficiary and Trustee hereunder at Trustor's sole expense against all adverse claims, whether the claim (i) is against a possessory or a non-possessory interest, (ii) arose prior or subsequent to the date hereof, or (iii) is senior or junior to Trustor's or Beneficiary's rights.    Trustor shall give Beneficiary and Trustee prompt notice in writing of the assertion of any claim, of the filing of any action or proceeding, of the occurrence of any damage to the Subject Property, and of any condemnation offer or action.

5.10    **Acceptance of Trust; Power and Duties of Trustee**.    Trustee accepts this trust when this Deed of Trust is recorded.    From time to time upon written request of Beneficiary and presentation of this Deed of Trust for endorsement, and without affecting the personal liability of any person for payment of any indebtedness or performance of any obligation secured hereby, Trustee may, without liability therefor and without notice:  reconvey all or any part of the Subject Property; consent to the making of any map or plat thereof; join in any grant of easement thereon, any declaration of covenants and restrictions, any extension agreement or any agreement subordinating the lien or charge hereof.    Trustee or Beneficiary may from time to time apply to any court of competent jurisdiction for aid and direction in the execution of the trusts hereunder and the enforcement of the rights and remedies available hereunder, and may obtain orders or decrees directing or confirming or approving acts in the execution of said trusts and the enforcement of said rights and remedies.    Trustee has no obligation to notify any party of any pending sale or any action or proceeding (including, but not limited to actions in which Trustor, Beneficiary or Trustee shall be a party) unless held or commenced and maintained by Trustee under this Deed of Trust.    Trustee shall not be obligated to perform any act required of it hereunder unless the performance of the act is requested in writing and Trustee is reasonably indemnified against loss, cost, liability and expense.

5.11    **Compensation; Exculpation; Indemnification**.

(a)    Intentionally Omitted.

(b)    Trustor indemnifies Trustee and Beneficiary against, and holds them harmless from all losses, damages, liabilities, claims, causes of action, judgments, court costs, attorneys' fees and other legal expenses, cost of evidence of title, cost of evidence of value, and other expenses which either may suffer or incur (i) by reason of this Deed of Trust; or (ii) by reason of the execution of this trust or in performance of

any act required or permitted hereunder or by law; or (iii) as a result of any failure of Trustor to perform Trustor's obligations; or (vi) by reason of any alleged obligation or undertaking on Beneficiary's part to perform or discharge any of the representations, warranties, conditions, covenants or other obligations contained in any other document related to the Subject Property.

(c)    Only the borrowing Trustor's duty to indemnify Trustee and Beneficiary shall survive the release and cancellation of the Secured Obligations and the release and reconveyance or any partial release or reconveyance of this Deed of Trust.

5.12    **Substitution of Trustees**.    From time to time, by a writing signed and acknowledged by Beneficiary and recorded in the Office of the Recorder of the County in which the Subject Property is situated, Beneficiary may appoint another trustee to act in the place and stead of Trustee or any successor. Such writing shall set forth any information required by law. The recordation of such instrument of substitution shall discharge Trustee herein named and shall appoint the new trustee as the trustee hereunder with the same effect as if originally named Trustee herein. A writing recorded pursuant to the provisions of this section shall be conclusive proof of the proper substitution of such new Trustee.

5.13    **Sale or Transfer by Trustor**.    Trustor acknowledges that:    (a) the financial stability, development expertise and managerial and operational ability of Trustor were and are a substantial and material consideration to Beneficiary and, in reliance thereon, Beneficiary has agreed to make the loan to Trustor evidenced by the loan documents; and (b) the transfer of possession of the Subject Property or a change in the person or entity operating and managing the Subject Property may significantly and materially alter or reduce Beneficiary's security for the Note. Accordingly, as a material inducement to Beneficiary to enter into the transactions contemplated by the loan documents, Trustor shall not transfer the Subject Property or any portion thereof or interest therein without the prior written consent of Beneficiary, except as may be specifically permitted elsewhere herein. Beneficiary may grant or deny such consent in its sole discretion, not to be unreasonably withheld, and, if consent should be given, any such transfer shall be subject to this Deed of Trust, and any transferee shall assume all of Trustor's obligations hereunder and agree to be bound by all provisions and perform all obligations contained herein. In the event of any such transfer without the written consent of Beneficiary, Beneficiary may, at its option, without demand or notice, declare all sums secured hereby immediately due and payable. Any such transfer without Beneficiary's consent shall be void. Consent to one such transfer shall not be deemed to be a waiver of the right to require consent to future or successive transfers. As used herein, "transfer" shall mean (i) the sale, agreement to sell, transfer or conveyance of the Subject Property, or any portion thereof or interest therein, including, without limitation, air rights and development rights, whether voluntary, involuntary, by operation of law or otherwise, or the lease of all or substantially all of the Subject Property, but

shall not include the conveyance of easements, licenses or leases reasonably necessary for the operation of the Improvements, or the repair or replacement of any personal property in the ordinary course of business; (ii) any transfer by way of security, including the placing or permitting the placing on the Subject Property of any mortgage, deed of trust, assignment of rents or other security device **with the exception of a lien on the Subject Property subordinate to this Deed of Trust, to secure a purchase money obligation of Trustor to Christianne Tiemann, Trustee of the Mary Placer Trust, dated June 30, 2012, in the amount of <u>not more than</u> $1,043,000.00**; and (iii) if Trustor is a partnership, limited liability company, joint venture, trust, or closely-held corporation: the issuance, sale, conveyance, transfer, disposition or encumbering of more than twenty-five percent (25%) of any class of the currently issued and outstanding capital stock of Trustor other than to an entity of which the transferee is the majority owner; or the issuance, sale, conveyance, transfer, disposition or encumbering of the beneficial interest of such limited liability company membership, partnership, joint venture or trust, or a change of any manager, general partner or any joint venturer, either voluntarily, involuntarily, or otherwise.  For purposes of this section, "closely-held corporation" shall mean any corporation not listed on a national or regional stock exchange.

5.14    **Releases, Extensions, Modifications and Additional Security.**  Without notice to or the consent, approval or agreement of any persons or entities having any interest at any time in the Subject Property or in any manner obligated under the Secured Obligations ("Interested Parties"), Beneficiary may, from time to time, release any person or entity from liability for the payment or performance of any Secured Obligation, take any action or make any agreement extending the maturity or otherwise altering the terms or increasing the amount of any Secured Obligation, or accept additional security or release all or a portion of the Subject Property and other security for the Secured Obligations.  None of the foregoing actions shall release or reduce the personal liability of any of said Interested Parties, or release or impair the priority of the lien of this Deed of Trust upon the Subject Property.

5.15    **Full Reconveyance.**    Upon Beneficiary's written request, and upon surrender of this Deed of Trust and any note, instrument, or instruments setting forth all obligations secured hereby to Trustee for cancellation, Trustee shall reconvey, without warranty, the Subject Property or that portion thereof then held hereunder.  The recitals of any matters or facts in any reconveyance executed hereunder shall be conclusive proof of the truthfulness thereof.  To the extent permitted by law, the reconveyance may describe the grantee as "the person or persons legally entitled thereto."   Neither Beneficiary nor Trustee shall have any duty to determine the rights of persons claiming to be rightful grantees of any reconveyance.  When the Subject Property has been fully reconveyed, the last such reconveyance shall operate as a reassignment of all future rents, issues and profits of the Subject Property to the person or persons legally entitled thereto.

5.16   **Partial Reconveyance.**   Upon written request by Trustor to Beneficiary requesting partial reconveyance and release of a portion of the Subject Property from the lien or charge of this Deed of Trust, Beneficiary may, in its absolute discretion, and subject to such conditions as it may require, reconvey and release the portion of the Subject Property requested.

5.17   **Loan Statement Fees.**   Trustor shall pay the amount demanded by Beneficiary or its authorized loan servicing agent for any statement regarding the obligations secured hereby; provided, however, that such amount may not exceed the maximum amount allowed by law at the time request for the statement is made.

5.18   **Late Charge.**   If Trustor defaults in the payment of any amount when due and payable under or secured by this Deed of Trust, a late charge as specified in the Note, or, if no such late charge is specified therein, then a late charge of five percent (5%) of the amount of such delinquent payment may be charged by Beneficiary for the purpose of defraying the extra administrative expenses incident to handling such delinquent payment and the loss of the use of funds resulting from Trustor's nonpayment when due. Such late charge represents a fair and reasonable estimate to Beneficiary and Trustor of a fair average compensation for the loss that may be sustained by the holder of the Note due to the failure of Trustor to make timely payments, the parties recognizing that the damages caused by such extra administrative expenses and loss of use of funds is impracticable or extremely difficult to ascertain. Such late charge shall be paid without prejudice to the rights of the holder of the Note to collect any other amounts provided to be paid thereunder or to declare a default under the Note, this Deed of Trust or any other Loan Document.

5.19   **Books and Records.**   Trustor shall keep and maintain or cause to be kept and maintained at such place or places as Beneficiary shall reasonably designate, proper and accurate books, records and accounts reflecting all items of income and expense in connection with the operation of the Subject Property, whether such income and expenses are realized by Trustor or by any other person or entity whatsoever. Beneficiary or its designees shall have the right, from time to time and at all times during normal business hours, to examine such books, records and accounts at the office of Trustor or other person or entity maintaining such books, records and accounts and to make copies thereof.

5.20   **Further Assignments.**   Upon demand of Beneficiary, Trustor shall assign to Beneficiary, in addition to the assignment of rents, issues and profits provided hereinbelow and any other grant, transfer or assignment effected under this Deed of Trust, a specific assignment of Trustor's interest in any or all leases, subleases, contracts, licenses and permits affecting the Subject Property, such assignments to be made by instruments in form satisfactory to Beneficiary; provided, however, that no such assignment shall be construed as imposing upon Beneficiary any obligations with respect thereto. A default by Trustor in the performance of any covenant of any lease

or other instrument so assigned to Beneficiary, by reason of which default the lessee or other party thereunder has the right to cancel such lease or other instrument or to claim any diminution or offset against future rents, issues or profits shall, at the option of Beneficiary, constitute a default hereunder and under the loan documents, and Beneficiary shall have all the rights and remedies herein as if such default had occurred under this Deed of Trust. Beneficiary may, at its option, exercise its rights hereunder or under such specific assignment, and such exercise shall not constitute a waiver of any rights hereunder or under such specific assignment.

5.21 **Subrogation**.   Beneficiary shall be subrogated to the lien of all encumbrances, whether released of record or not, paid in whole or in part by Beneficiary pursuant to this Deed of Trust or by the proceeds of any loan secured by this Deed of Trust.

5.22 **Leasehold**. If a leasehold estate constitutes a portion of the Subject Property, Trustor agrees not to amend, change, terminate or modify such leasehold estate or any interest therein without the prior written consent of Beneficiary. Consent to one amendment, change, agreement or modification shall not be deemed to be a waiver of the right to require consent to other, future or successive amendments, changes, agreements or modifications.   Trustor shall perform all obligations and agreements under said leasehold and promptly notify Beneficiary in writing with respect to any default or alleged default by any party thereto and deliver to Beneficiary copies of all notices, demands, complaints or other communication received or given by Trustor with respect to any such default or alleged default. Beneficiary shall have the option to cure any such default and to perform any or all of Trustor's obligations thereunder. All sums expended by Beneficiary in curing any such default shall be secured hereby and shall be immediately due and payable without demand or notice and shall bear interest from date of expenditure at the rate then in effect under the Note.

### ARTICLE VI. DEFAULT PROVISIONS

6.1 **Default**.   Any of the following events shall, at Beneficiary's option, constitute an event of default ("Default") under this Deed of Trust:

(a)   The failure to pay when due any installment of principal or interest under the Note or any other sum as provided in this Deed of Trust or any other Loan Document and secured by this Deed of Trust;

(b)   The failure of Trustor to observe or to perform any term, condition, covenant or agreement contained in this Deed of Trust or any Loan Document, or the existence of any other default thereunder;

(c)   The failure of Trustor to comply with any term, condition, covenant, or agreement now or hereafter affecting the Subject Property, or any part thereof, or

contained in any agreement relating to the Subject Property or the indebtedness secured hereby;

(d)    Trustor, prior to the full payment of all amounts due to Lender under the Note, shall commence any work of improvement upon the Subject Property without Beneficiary's prior written consent, which consent may be withheld in Beneficiary's absolute discretion.

(e)    Any representation, covenant or warranty contained in this Deed of Trust or in any other document evidencing or securing the obligations represented by the Note is, or shall be or become untrue or misleading in any material respect;

(f)    Any transfer of the duties of managing or operating the Property under any management contract to any person, firm, corporation, partnership or other entity without the prior written consent of Beneficiary;

(g)    The application by Trustor (or any guarantor of any of the obligations of Trustor hereunder or under the Note) for or consent to the appointment of a receiver, a trustee or liquidator of all or a substantial portion of its assets; making of a general assignment for the benefit of creditors; being adjudicated a bankrupt or becoming insolvent; filing a voluntary petition in bankruptcy or filing a petition or answer seeking reorganization or an arrangement with creditors or seeking to take advantage of any other law (whether federal or state) relating to relief of debtors, or admitting (by answer, by default or otherwise) the material allegations of a petition filed against it in any bankruptcy, reorganization, arrangement, insolvency or other proceedings (whether federal or state) relating to relief of debtors; admitting in writing that it is unable to pay its debts as they mature or that it is generally not paying its debts as they mature; suffering or permitting to continue unstayed and in effect for ten (10) consecutive days any judgment, decree or order, entered by a court of competent jurisdiction, which approves a petition seeking reorganization of Trustor or which appoints a receiver, trustee or liquidator of Trustor or of all or a substantial part of any of its assets; and/or attachment, execution or other judicial seizure of all or substantially all of Trustor's assets or all or substantially all of the Subject Property, where such seizure is not discharged within ten (10) days;

(h)    The amendment or modification in any manner which would adversely affect Beneficiary without the prior written consent of Beneficiary of the articles of incorporation, bylaws, articles of partnership, certificate of partnership or other charter or enabling documents of (i) Trustor if Trustor is a corporation, partnership or joint venture, and (ii) Trustor's general partners if Trustor is a partnership; and/or

(i)    The existence of a default under any deed of trust, mortgage, lien or security agreement affecting or relating to the Subject Property.

6.2    **Rights and Remedies.** At any time after Default, Beneficiary and Trustee shall have all the following rights and remedies:

(a)    With or without notice, to declare all Secured Obligations immediately due and payable; notwithstanding the foregoing, no notice of default shall be recorded unless and until Trustor shall have been given not less than ten (10) days notice of intention to record;

(b)    Without releasing Trustor from any Secured Obligation, and without becoming a mortgagee in possession, to cure any breach or default of Trustor and, in connection therewith, to enter upon the Subject Property and to do such acts and things as Beneficiary or Trustee deem necessary or desirable to protect the security hereof including, but without limitation, to appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee hereunder; to pay, purchase, contest or compromise any encumbrance, charge, lien or claim of lien which, in the sole judgment of either Beneficiary or Trustee, is or may be senior in priority hereto, the judgment of Beneficiary or Trustee being conclusive as between the parties hereto; to obtain insurance; to pay any premiums or charges with respect to insurance to be carried hereunder; and to employ counsel, accountants, contractors and other appropriate persons to assist them;

(c)    To terminate Trustor's right and license to collect the income, rents, issues, deposits, proceeds and profits and either in person or by agent, with or without bringing any action or proceeding, or by a receiver appointed by a court and without regard to the adequacy of its security, enter upon and take possession of the Subject Property, or any part thereof, in its own name or in the name of Trustee, and do any acts which it deems necessary or desirable to preserve the value, marketability or rentability of the Subject Property, or any part thereof or interest therein, make, modify, enforce, cancel or accept the surrender of any lease, increase the income thereof, or protect the security hereof and, with or without taking possession of the Subject Property, sue for or otherwise collect the income, rents, issues, deposits, proceeds and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection including attorneys' fees, upon any indebtedness secured hereby, all in such order as Beneficiary may determine. The entering upon and taking possession of the Subject Property, the collection of the income, rents, issues, deposits, proceeds and proceeds and the application thereof as aforesaid, or any such acts, shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done in response to such Default or pursuant to such Notice or Default and, notwithstanding the continuance in possession of the Subject Property or the collection, receipt and application of the income, rents, issues, deposits, proceeds or profits, Trustee or Beneficiary shall be entitled to exercise every right provided for in any of the loan documents or by law upon the occurrence of any Default, including the right to exercise the power of sale provided below;

(d)    To commence and maintain an action or actions in any court of competent jurisdiction to foreclose this instrument as a mortgagee or to obtain specific enforcement of the covenants of Trustor hereunder, and Trustor agrees that such covenants shall be specifically enforceable by injunction or any other appropriate equitable remedy and that for the purposes of any suit brought under this subparagraph, Trustor waives the defense of laches and any applicable statute of limitations;

(e)    Exercise any or all of the remedies available to a secured party under the California Uniform Commercial Code in such order and in such manner as Beneficiary, in its sole discretion, may determine; provided, however, that the expenses of retaking, holding, preparing for sale or the like as provided thereunder shall include reasonable attorneys' fees and other expenses of Beneficiary and Trustee and shall be additionally secured by this Deed of Trust;

(f)    To apply to a court of competent jurisdiction for and obtain appointment of a receiver of the Subject Property as a matter of strict right and without regard to (i) the adequacy of the security for the repayment of the Secured Obligations, (ii) the existence of a declaration that the Secured Obligations are immediately due and payable, or (iii) the filing of a notice of default; and Trustor consents to such appointment;

(g)    To enter upon, possess, manage and operate the Subject Property or any part thereof; to take and possess all of the documents, books, records, papers and accounts of Trustor or the then owner of the Subject Property and pertaining to the Subject Property; to make, terminate, enforce or modify leases of the Subject Property upon such terms and conditions as Beneficiary deems proper; to make repairs, alterations and improvements to the Subject Property necessary, in Trustee's or Beneficiary's judgment, to protect or enhance the security hereof;

(h)    To execute a written notice of such Default ("Notice of Default") and of its election to cause the Subject Property, or any portion thereof, to be sold to satisfy the Secured Obligations. Upon the request of Beneficiary, Trustor shall assemble and make available to Beneficiary at the real property described in Exhibit "A" any of the Subject Property or Personal Property which is not located thereon or has been removed therefrom. Trustee shall give and record such Notice of Default as the law then requires as a condition precedent to a trustee's sale. When the minimum period of time required by law after such notice has elapsed, Trustee, without notice to or demand upon Trustor except as required by law, shall sell the Subject Property at the time and place of sale fixed by it in the notice of sale, at one or several sales, either as a whole or in separate parcels and in such manner and order, all as Beneficiary in its sole discretion may determine, at public auction to the highest bidder for cash, in lawful money of the United States, payable at time of sale. Neither Trustor nor any other person or entity other than Beneficiary shall have the right to direct the order in which the Subject Property is sold. Subject to requirements and limits imposed by law,

Trustee may postpone sale of all or any portion of the Subject Property by public announcement at such time and place of sale, and from time to time may postpone the sale by public announcement at the time and place fixed by the preceding postponement. Trustee shall deliver to the purchaser at such sale a deed conveying the Subject Property or portion thereof so sold, but without any covenant or warranty, express or implied. The recitals in the deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustee, Trustor or Beneficiary may purchase at the sale. Trustee shall deliver to the purchaser a deed conveying the Subject Property or any portion thereof sold, but without any covenant or warranty, expressed or implied;

(i)     To resort to and realize upon the security hereunder and any other security now or later held by Beneficiary concurrently or successively and in one or several consolidated or independent judicial actions or lawfully taken non-judicial proceedings, or both, and to apply the proceeds received upon the Secured Obligations all in such order and manner as Trustee and Beneficiary or either of them determine in their sole discretion.

(j)     At any sale of the Subject Property held pursuant to this Section, Beneficiary may bid, as the equivalent of cash, the amount of all or any of the Secured Obligations, including without limit, attorney's fees.

6.3     **Application of Foreclosure Sale Proceeds**. After deducting all costs, fees and expenses of Trustee, and of this trust, including cost of evidence of title and attorney's fees in connection with sale, Trustee shall apply all proceeds of any foreclosure sale to payment of: all sums expended by Beneficiary under the terms hereof and not then repaid, with accrued interest at the rate of interest specified in the Note to be applicable on or after maturity or acceleration of the Note; the payment of all other Secured Obligations in such order and amounts as Beneficiary in its sole discretion determines; and the remainder, if any, to the person or persons legally entitled thereto.

6.4     **Application of Other Sums**. All sums received by Beneficiary under Section 6.2, less all costs and expenses incurred by it or the receiver under Section 6.2, including attorneys' fees, shall be applied in payment of the Secured Obligations in such order as Beneficiary shall determine in its sole discretion (but Beneficiary shall have no liability for funds not actually received by Beneficiary).

6.5     **No Cure or Waiver; Remedies Not Exclusive**. Neither Beneficiary's nor Trustee's nor any receiver's entry upon and taking possession of all or any part of the Subject Property, nor any collection of rents, issues, profits, insurance proceeds, condemnation proceeds or damages, other security or proceeds of other security, or other sums, not the application of any collected sum to any Secured Obligation, nor the exercises of any other right or remedy by Beneficiary or Trustee or any receiver shall

cure or waive any breach, Default or notice of Default under this Deed of Trust, or nullify the effect of any notice of Default or notice of sale (unless all Secured Obligations then due have been paid and performed and Trustor has cured all other defaults), or impair the status of the security, or prejudice Beneficiary or Trustee in the exercise of any right or remedy, or be construed as an affirmation by Beneficiary of any tenancy, lease or option or a subordination of the lien of this Deed of Trust. Trustee and Beneficiary, and each of them, shall be entitled to enforce the payment and performance of any indebtedness and obligations secured hereby and to exercise all rights and powers under this Deed of Trust or under any other Loan Document or other Agreement or any laws now or hereafter in force, notwithstanding the fact that some or all of the indebtedness and obligations secured hereby may now or hereafter be otherwise secured, whether by mortgage, deed of trust, pledge, lien, assignment or otherwise. Neither the acceptance of this Deed of Trust nor its enforcement, whether by court action or pursuant to the power of sale or other powers contained herein, shall prejudice or any manner affect Trustees or Beneficiary's right to realize upon or enforce any other security now or hereafter held by Trustee or Beneficiary. Trustee and Beneficiary, and each of them, shall be entitled to enforce this Deed of Trust and any other security now or hereafter held by Beneficiary or Trustee in such order and manner as they or either of them may in their absolute discretion determine. No remedies herein conferred upon or reserved to Trustee or Beneficiary is intended to be inclusive of any other remedy contained herein or by law provided or permitted, but each shall be cumulative and shall be in addition to every other remedy given hereunder or now or hereafter arising at law or in equity or by statute. Every power or remedy given by any of the loan documents to Trustee or Beneficiary or to which either of them or otherwise be entitled, may be exercised, concurrently or independently, from time to time and as often as may be deemed expedient by Trustee or Beneficiary, and either of them may pursue inconsistent remedies.

6.6 **Payment of Costs, Expenses and Attorney's Fees**. Trustor agrees to pay to Beneficiary immediately and without demand all costs and expenses incurred by Trustee and Beneficiary pursuant to Section 6.2 (including but without limit, court costs and attorney's fees, whether incurred in litigation or not) with interest from the date of expenditure until said sums have been paid at the rate of interest specified in the Note to be applicable on or after maturity or acceleration of the Note. As provided above, Beneficiary may, at its option, bid at any sale of the Subject Property, the amount of said costs and expenses.

6.7 **Power to File Notices and Cure Defaults**. Trustor hereby irrevocably appoints Beneficiary and its successors and assigns, as its attorney-in-fact, which agency is coupled with an interest, (a) to execute and/or record any notices of completion, cessation of labor, or any other notices that Beneficiary deems appropriate to protect Beneficiary's interest, and (b) upon the occurrence of an event, act or omission which, with notice or passage of time or both, would constitute a Default, Beneficiary may perform any obligation of Trustor hereunder; provided, that

(i) Beneficiary as such attorney-in-fact shall only be accountable for such funds as are actually received by Beneficiary; and (ii) Beneficiary shall not be liable to Trustor or any other person or entity for any failure to act under this section.

6.8   **Rescission of Notice of Default.**  Beneficiary, from time to time before any Trustee's sale as provided above, may rescind any Notice of Default and election to sell or notice of sale by executing and delivering to Trustee a written notice of such rescission, which such notice, when recorded, shall also constitute a cancellation of any prior declaration of Default and demand for sale.  The exercise by Beneficiary of such right of rescission shall not constitute a waiver of any breach or default then existing or subsequently occurring, or impair the right of Beneficiary to execute and deliver to Trustee, as above provided, other declarations or Notices of Default and demand for sale of the Subject Property to satisfy the obligations hereof, nor otherwise affect any provision, covenant or condition of any Loan Document or any of the rights, obligations or remedies of Trustee or Beneficiary hereunder or thereunder.

## ARTICLE VII. MISCELLANEOUS PROVISIONS

7.1   **Additional Provisions.**  The loan documents contain or incorporate by reference the entire agreement of the parties with respect to matters contemplated herein and supersede all prior negotiations.  The loan documents grant further rights to Beneficiary and contain further agreements and affirmative and negative covenants by Trustor which apply to this Deed of Trust and to the Subject Property and such further rights and agreements are incorporated herein by this reference.

7.2   **Non-Waiver.**  By accepting late or partial payment or performance of any obligation secured hereby, Beneficiary shall not waive its right against any person obligated directly or indirectly hereunder or on any Secured Obligation, either to require prompt payment and performance when due of all other obligations secured or to declare default for failure to make prompt payment or performance.  No waiver of any breach, default or failure of condition under the terms of this Deed of Trust or any other Secured Obligation shall be implied from any failure of Beneficiary to take, or any delay by Beneficiary in taking, action with respect to any such breach, default or failure of condition or from any previous waiver of any similar or unrelated breach, default or failure of condition.  No renewal, extension of time for performance, or change in rate of interest or other terms of any Secured Obligation shall release Trustor from personal liability for the Secured Obligations.  A waiver of any term of this Deed of Trust or any Secured Obligation must be made in writing and shall be limited to the express written terms of such waiver.

7.3   **Merger.**  No merger shall occur as a result of Beneficiary's acquiring any other estate in, or any other lien on, the Subject Property unless Beneficiary consents to a merger in writing.

7.4     **Obligations of Trustor, Joint and Several.** If more than one person has executed this Deed of Trust as "Trustor," the obligations of all such persons hereunder shall be joint and several.

7.5     **Intentionally Omitted.**

7.6     **Rules of Construction.** When the identity of the parties or other circumstances make it appropriate the masculine gender includes the feminine and/or neuter, and the singular number includes the plural. The term "Subject Property" means all and any part of the Subject Property.

7.7     **Successors in Interest.** The terms, covenants, and conditions herein contained shall be binding upon and inure to the benefit to the heirs, successors and assigns of the parties hereto; provided, however, that this Section does not waive the provisions of Section 5.13. Any assignment of this Deed of Trust shall be considered an Assignment of the Note.

7.8     **Incorporation. Exhibit "A"** is incorporated into this Deed of Trust by this reference.

7.9     **Addresses; Request for Notice.** Notice to Beneficiary shall be sent to Beneficiary at the address set forth for Beneficiary hereinabove, with reference to the Term Loan. Any Trustor whose address is set forth hereinabove hereby requests that a copy of notice of Default and notice of sale be mailed to him at that address. Failure to insert an address shall constitute a designation of Trustor's last known address as the address for such notice. Correspondence to Trustee shall be addressed to Trustee at the address set forth hereinabove, with reference to the Term Loan of Beneficiary.

7.10    **Authorization to Rely.** Trustee, upon presentation to it of an affidavit signed by or on behalf of Beneficiary, setting forth any fact or facts showing a Default by Trustor under any of the terms or conditions of this Deed of Trust, is authorized to accept as true and conclusive all facts and statements in such affidavit and to act hereunder in complete reliance thereon.

7.11    **Governing Law.** The provisions of this Deed of Trust governing the contractual rights and obligations of Trustor, Beneficiary and Trustee shall be construed according to the laws of the State of California.

7.12    **Supplemental Provisions.** The provisions of this Deed of Trust are intended to be supplemental and in addition to the provisions contained in the Note of even date herewith. In the event of any direct conflict between any of the provisions of this Deed of Trust and the Note, the latter shall prevail and be controlling.

7.13 **Permitted Contests**. Trustor may contest or object in good faith to the amount or validity of any tax, assessment, claim, demand, levy, lien, encumbrance, charge or notice of noncompliance asserted by a third party (collectively, the "Claim"), but only in accordance with the following conditions:

(a) Trustor shall first give written notice to Beneficiary and deposit with Beneficiary a bond or cash satisfactory to Beneficiary in such amounts as Beneficiary shall reasonably require, up to 150% of the amount of any Claim or other sum in controversy, and, if the context of such Claim so requires, Trustor shall have provided such additional undertaking as may be required or permitted by law to accomplish a stay of any legal proceedings then pending in connection with any such Claim or controversy;

(b) Trustor shall promptly and diligently proceed to cause such Claim to be settled and discharged in a manner not prejudicial to Beneficiary or its rights hereunder;

(c) If Trustor shall fail to discharge diligently any such Claim, then, in addition to any other right or remedy of Beneficiary, Beneficiary may, but shall not be obligated to, discharge the same, either by paying the amount claimed to be due, or by procuring the discharge of such Claim by promptly depositing in court a bond or the amount claimed or otherwise giving security for such Claim, or in such manner as is or may be prescribed by law;

(d) Beneficiary may employ an attorney or attorneys to protect its rights hereunder, and in the event of such employment, Trustor shall pay Beneficiary the attorneys' fees and expenses incurred by Beneficiary, whether or not an action is actually commenced against Trustor by reason of any default hereunder; and

(e) Trustor has demonstrated to Beneficiary's reasonable satisfaction that no portion of the Subject Property will be sold to satisfy any such Claim prior to final resolution of such Claim or permitted contest.

7.14 **Statute of Limitations**. Except insofar as now or hereafter prohibited by law, the right to plead, use or assert any statute of limitations as a plea or defense or bar of any kind, or for any purpose, to any debt, demand or obligation secured or to be secured hereby, or to any complaint or other pleading or proceeding filed, instituted or maintained for the purpose of enforcing this Deed of Trust or any rights hereunder, is hereby waived by Trustor.

7.15 **Severability.** The invalidity of any one or more covenants, phrases, clauses, sentences or paragraphs of this Deed of Trust shall not affect the remaining portions of this Deed of Trust or any part thereof, and the same shall be construed as if such invalid covenants, phrases, clauses, sentences or paragraphs, if any, had not

been inserted herein.  If the lien of this Deed of Trust is invalid or unenforceable as to any part of the indebtedness secured hereby, or if the lien is invalid or unenforceable as to any part of the Subject Property, the unsecured or partially secured portion of such indebtedness shall be completely paid prior to the payment of the remaining and secured or partially secured position of such indebtedness, and all payments made on such indebtedness, whether voluntary or under foreclosure or other enforcement action or procedure, shall be considered to have been first paid on and applied to the full payment of that portion of such indebtedness which is not secured or fully secured by the lien of this Deed of Trust.

7.16   **Substitution of Trustee**.  Beneficiary may, from time to time, by a written instrument executed and acknowledged by Beneficiary and recorded in the county or counties where the Subject Property is located, and by otherwise complying with the provisions of California Civil Code Section 2934a, or any successor section, substitute a successor or successors for the Trustee named herein or acting hereunder.

7.17   **Additional Security**.  In the event Beneficiary at any time holds additional security for any of the obligations secured hereby, all such additional security shall be taken, considered and held as cumulative, and Beneficiary may enforce the sale thereof or otherwise realize upon the same, at its option, either before or concurrently with the exercise of any of its rights or remedies hereunder or after a sale is made hereunder. The taking of additional security, execution of partial releases of the security, or any extension of the time of payment of the indebtedness secured hereby, shall not diminish the force, effect or lien of this Deed of Trust and shall not affect or impair the liability of any maker, surety or endorser for the payment of such indebtedness.

7.18   **Captions**.  The captions or headings at the beginning of each Section hereof are for the convenience of the parties and are not to be construed as a part of this Deed of Trust.

7.19   **Trust Irrevocable; No Offset**.  The trust created hereby is irrevocable by Trustor.  No offset or claim that Trustor now or may in the future have against Beneficiary shall relieve Trustor from paying the installments or performing any other obligation contained herein or secured hereby.

7.20   **Corrections**.  Trustor shall, upon request of Trustee, promptly correct any defect, error or omission which may be discovered in the contents of this Deed of Trust or in the execution or acknowledgment hereof, and will execute, acknowledge and deliver such further instruments and do such further acts as may be necessary or as may be reasonably requested by Trustee to carry out more effectively the purposes of this Deed of Trust, to be subject to the lien and security interest hereby created any of Trustor's properties, rights or interest covered or intended to be covered hereby, and to perfect and maintain such lien and security interest.

7.21 **Performance Under Other Documents.** Trustor shall faithfully perform each and every covenant to be performed by Trustor under any lien or encumbrance, lease, sublease, instrument, declaration, covenant, condition, restriction, license, order or other agreement which affects or may affect the Subject Property, in law or in equity, including, without limitation, each and every covenant to be performed by Trustor under any mortgages and any and all other instruments pertaining to such mortgages, including the respective obligations secured thereby. A breach of or a default under any such lien, encumbrance or other instrument which Beneficiary reasonably believes may be prior and superior to the lien or charge of this Deed of Trust shall, at Beneficiary's option, constitute a Default under this Deed of Trust.

7.22 **Inspections.** Beneficiary, and its agents, representatives and workmen, are authorized to enter at any reasonable time upon or in any part of the Property for the purpose of inspecting the same and for the purpose of performing any of the acts it or Trustor is authorized to perform under the terms of any of the loan documents.

7.23 **Amendments.** This instrument cannot be waived, changed, discharged or terminated orally, but only by an instrument in writing signed by the party against whom enforcement of any waiver, change, discharge or termination is sought.

7.24 **Defense and Notice of Losses, Claims and Actions.** Trustor shall protect, preserve and defend the Subject Property and title to and right of possession of the Subject Property, the security hereof and the rights and powers of Beneficiary and Trustee hereunder at Trustor's sole expense against all adverse claims, whether the claim (i) is against a possessory or non-possessory interest, (ii) arose prior or subsequent to the date hereof, or (iii) is senior or junior to Trustor's or Beneficiary's rights. Trustor shall give Beneficiary and Trustee prompt notice in writing of the assertion of any claim, of the filing of any action or proceeding, of the occurrence of any damage to the Subject Property and of any condemnation offer or action.

7.25 **Waiver of Remedies.** By accepting payment of any amount secured hereby after its due date, or an amount which is less than the amount then due, or performance of any obligation required hereunder after the date required for such performance, Beneficiary does not waive its rights either to require prompt payments or performance when due of all other amounts or other obligations so secured, or to declare a default as herein provided for the failure so to pay or perform.

7.26 **Trustee's Powers.** At any time, or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of the original or certified copies of this Deed of Trust and the Note secured hereby for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby or the effect of this Deed of Trust upon the remainder of the Subject Property, Trustee may (i) reconvey any part of the Subject Property, (ii) consent in writing to the making of any map or plat of the Subject Property, or any

part thereof, (iii) join in granting any easement on the Subject Property, or any part thereof, or (iv) join in any extension agreement or any agreement subordinating the lien or charge of this Deed of Trust.

7.27  **Beneficiary Powers**. Without affecting the liability of Trustor or any other person liable for the payment of any obligation secured hereby, and without affecting the lien or charge of this Deed of Trust upon any portion of the Subject Property not then or theretofore released as security for the full amount of all unpaid obligations, Beneficiary may, from time to time and without notice (i) release any person so liable, (ii) extend the maturity or alter any of the terms of any such obligation, or join in any agreement modifying the terms of any Loan Document, (iii) waive any provision hereof or grant other indulgences, (iv) release or reconvey, or cause to be released or reconveyed at any time at Beneficiary's option, the Subject Property or any parcel or portion thereof, (v) take or release any other or additional security for any obligation herein mentioned, (vi) make compositions or other arrangements with debtors in relation thereto, or (vii) subordinate the lien or charge of this Deed of Trust.

IN WITNESS WHEREOF, Trustor has executed this Deed of Trust as of the day and year set forth above.

Helping Others International LLC, a
Delaware limited liability company

Megan Zucaro, Manager of Helping
Others International LLC

(attach notary acknowledgments and Exhibit A)

## ALL-PURPOSE ACKNOWLEDGMENT

**Title of Document:** Deed of Trust, Assignment of Leases, Rents and Profits, Security Agreement and Fixture Filing

**Date of Document:** 5/1/2019

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
)ss.
County of Orange )

On May 1, 2019 before me, Mai Vu , Notary Public,

personally appeared Megan Elizabeth Zucaro

who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

MAI VU
Notary Public – California
Orange County
Commission # 2207243
My Comm. Expires Aug 21, 2021

FOR NOTARY STAMP

859

PRELIMINARY REPORT
YOUR REFERENCE: 00034926-TT

Fidelity National Title Company
ORDER NO.: 00251645-997-OC1-TR2

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF HUNTINGTON BEACH, IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 2 OF TRACT NO. 15690, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON THE MAP FILED IN BOOK 835 OF MISCELLANEOUS MAPS, PAGE(S) 12 AND 13, RECORDS OF ORANGE COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEEDS OF RECORD.

APN: 110-511-04

CLTA Preliminary Report Form – Modified (11/17/06)

Page 3

# EXHIBIT "D"

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

30.00

* S R 0 0 1 0 8 0 8 0 8 5 S *

2019000146650 4:04 pm 05/02/19

217 406 D11 A36    5

0.00 0.00 0.00 0.00 12.00 0.00 0.000.000.00 6.00

**RECORDING REQUESTED BY**
**FIDELITY NATIONAL TITLE**
**AND WHEN RECORDED MAIL TO**

Name **Mother Nature Trust**
Street
Address **9938 Bolsa Avenue #211**
**Westminster, CA 92683**

Order
No.
Escrow No. **00034926-TT**
APN:110-511-04

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST AND ASSIGNMENT OF RENTS

This **DEED OF TRUST**, made **May 1, 2019**, between **Helping Others International LLC, a Delaware Limited Liability Company**, herein called Trustor, whose address is **4100 Vanetta Place, Studio City, CA 91604** and **Fidelity National Title Company**, herein called TRUSTEE and **Mother Nature Trust with Anh Thy Nguyen acting as Trustee**, herein called BENEFICIARY,

**WITNESSETH:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the County of ORANGE, State of California, described as:

**SEE LEGAL DESCRIPTION EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.**

**TOGETHER WITH** the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:** (1) Performance of each agreement of Trustor incorporated by reference or contained herein. (2) Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the **PRINCIPAL SUM OF $1,200,000.00** executed by Trustor in favor of Beneficiary or order. (3) Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it so secured.

The following is a copy of provisions (1) to (14), inclusive, of the fictitious Deed of Trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as set forth at length therein.

**To protect the Security of this Deed of Trust, Trustor Agrees:**

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

Exempt from fee per GC 27388.1 (a;
(2); recorded concurrently in
connection with a transfer subject to
the imposition of documentary

5985 Vision Form DOTASSOR

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do, without notice to or demand upon Trustor, and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving onto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

Vision Form DOTASSOR

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Dated: 5/11/19

**Helphing Others International, LLC, a Delaware Limited Liability Company
By: Megan Zucaro, Its Manager**

Vision Form DOTASSOR

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                              }
                                                 }ss
COUNTY OF _ORANGE_                               }

On _5/1/2019_ _____ before me _Mai Vu_ _____, Notary Public,

personally appeared _MEGAN ELIZABETH ZUCARO_ —

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

MAI VU
Notary Public – California
Orange County
Commission # 2207243
My Comm. Expires Aug 21, 2021

PRELIMINARY REPORT
YOUR REFERENCE: 00034926-TT

Fidelity National Title Company
ORDER NO.: 00251645-997-OG1-TR2

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF HUNTINGTON BEACH, IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 2 OF TRACT NO. 15690, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON THE MAP FILED IN BOOK 835 OF MISCELLANEOUS MAPS, PAGE(S) 12 AND 13, RECORDS OF ORANGE COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEEDS OF RECORD.

APN: 110-511-04

# EXHIBIT "E"

DO NOT DESTROY THIS ORIGINAL NOTE: When paid, this Note and the Deed of Trust must be surrendered to Trustee with a request for reconveyance.

## NOTE SECURED BY DEED OF TRUST

$1,200,000.00                                      Westminster, California

**May 1, 2019**_____ after date, for value received, I/We promise to pay to **Mother Nature Trust with Anh Thy Nguyen acting as Trustee** or order at **9938 Bolsa Avenue #211, Westminster, CA 92683** the sum of **One Million Two Hundred Thousand and No/100------Dollars, U.S. $ (1,200,000.00)**, with interest on the unpaid principal amount from **May 1, 2019**, at the rate of **5.000%** per cent per annum, interest payable in monthly installment of **Five Thousand and 00/100 Dollars, U.S. $ (5,000.00)**, on the **15th** day of each and every month beginning on **June 15, 2019**, until **May 15, 2020**. At which time, the unpaid principal balance of **$1,200,000.00** and any interest remaining due shall become immediately due and payable. If any payment is not made within 15 days after it is due, a late charge of **5.000%** of the installment due, may be charged to borrower. Privilege is reserved of paying this Note in part or in whole anytime prior to maturity, without penalty.

If default is made in payment of interest when due, the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note. Principal and interest are payable in lawful money of the United States. If an action is instituted on this note I/We promise to pay such sum as the Court may fix as attorney's fees. This note is secured by a DEED of TRUST to **Fidelity National Title Company**, as Trustee.

Approved and accepted:

**Helphing Others International, LLC, a Delaware Limited Liability Company**
**By: Megan Zucaro, Its Manager**

5165 Vision Form SNOTE

868

# EXHIBIT "F"

1

**RECORDING REQUESTED BY**

FIDELITY NATIONAL TITLE COMPANY

AND WHEN RECORDED MAIL TO

Name

Street
Address    American Financial Center, Inc.

City &
State    14930 Ventura Blvd Ste 320

Zip    Sherman Oaks, Ca 91403

**Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder**

174.00

\* S R 0 0 1 0 9 7 7 8 2 6 \$ \*
**2019000254315** 12:14 pm 07/16/19
7 414 D11 A36   3
0.00 0.00 0.00 0.00 8.00 0.00 0.000.00150.00 6.00

Title Order No. XX    Escrow No. XX

Assessors Parcel Number: 4319-008-088

SPACE ABOVE THIS LINE FOR RECORDER'S USE

**DEED OF TRUST WITH ASSIGNMENT OF RENTS**

THIS DEED OF TRUST, made    **July 1st, 2019**    between

**Helping Others International LLC**    herein called TRUSTOR,

whose address is **4110 Vanetta Place    Studio City,    CA    91604**
(Number and Street)    (City)    (State)    (Zip Code)

CHICAGO TITLE COMPANY, a California Corporation, herein called TRUSTEE, and

American Financial Center, Inc.

, herein called BENEFICIARY,

Trustor irrevocably grants, transfers and assigns to Trustee In Trust, with Power of Sale that property in
**City of Huntington Beach** County of **Orange**    . State of California, described as:

The real property situated in the County of Orange, State of California, more particularly described as:

SEE LEGAL DESCRIPTION EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Also known as: 6475 Marigayle Circle, Huntington Beach, CA 92648
APN: 110-511-04

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing (1) payment of the sum of $ 75,000.00    with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of the Beneficiary, and extensions or renewals thereof; (2) the performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his or her successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

A. To protect the security of this Deed of Trust, and with respect to the property above described, Trustor agrees:

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto: all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge, or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his or her reasonable fees.

Page 1

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date, of expenditure at the amount allowed by law in effect at the date hereof, and to pay any statement provided for by law in effect at the date hereof regarding the obligation secured hereby, any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B. It is mutually agreed:

(1) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him or her in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(2) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his or her right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(3) That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(4) That upon written request of beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

(5) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his or her own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or the neuter, and the singular number includes the plural.

(9) The Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by laws. The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him or her at his or her address hereinbefore set forth.

Dated _____

| | |
|---|---|
| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. | Signature of Trustor(s)<br><br>Helping Others International LLC |

STATE OF CALIFORNIA
COUNTY   OF   _La Angeles_

On _07/02/19_ before me,

_Faroogh Irannpour_
(here insert name and title of the officer)

, notary public, personally appeared _Megan Zucaro_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____

FOROOGH IRANPOUR
Commission # 2128732
Notary Public - California
Los Angeles County
My Comm. Expires Oct 26, 2019

(This area for official notarial seal)

Page 2

PRELIMINARY REPORT
YOUR REFERENCE: 00034926-TT

## EXHIBIT A
## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF HUNTINGTON
BEACH, IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS
FOLLOWS:

LOT 2 OF TRACT NO. 15690, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE,
STATE OF CALIFORNIA, AS SHOWN ON THE MAP FILED IN BOOK 835 OF MISCELLANEOUS
MAPS, PAGE(S) 12 AND 13, RECORDS OR ORANGE COUNTY.

EXCPET THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBBON
SUBSTANCES LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID
PROPERTY, BUT WITH NO RIGHT OR SURFACE ENTRY, AS PROVIDED IN DEEDS OF
RECORDS.

**APN: 110-511-04**

# EXHIBIT "G"

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

90.00

\* S R O O 1 1 1 3 5 3 2 1 S \*

**2019000357454 1:40 pm 09/18/19**

47 422 N15   3

0.00 0.00 0.00 0.00 6.00 0.00 0.000.0075.00 3.00

RECORDING REQUESTED BY:
**WFG National-Default Services**

WHEN RECORDED MAIL TO:
**Western Fidelity Trustees**
**1222 Crenshaw Blvd., SUITE B**
**Torrance, California 90501**
1 35 7344640

TS No.: 2019-0901          Loan No.: **MARIGAYLE CIRCLE**   APN: **110-511-04**   SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF DEFAULT AND ELECTION TO SELL
## UNDER DEED OF TRUST

**Pursuant to CCC 2923.3 (which does not require recording):**
**NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED**
注：本文件包含一个信息摘要

참고사항: 본 첨부 문서에 정보 요약서가 있습니다

**NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO**
**TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP**
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION**, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$126,645.56** as of **9/16/2019**, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by

TS No.: **2019-0901**        Loan No.: **MARIGAYLE CIRCLE**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**UNITED LENDER, LLC**
**C/O Western Fidelity Trustees**
**1222 Crenshaw Blvd., SUITE B**
**Torrance, California 90501**
**Phone: (310) 212-0700**

**If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.**

## REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That **UNITED LENDER, LLC, A NEVADA LIMITED LIABILITY COMPANY** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **5/1/2019**, executed by **HELPING OTHERS INTERNATIONAL LLC, A DELAWARE LIMITED LIABLITY COMPANY**, as Trustor, to secure certain obligations in favor of **UNITED LENDER, LLC, A NEVADA LIMITED LIABILITY COMPANY**,    as beneficiary, recorded **5/2/2019**, as Instrument No. **2019-000146649**, in Book , Page ,    of Official Records in the Office of the Recorder of **Orange** County, California describing land therein as: As more fully described on said Deed of Trust.

SEE EXHIBIT "A" ATTACHED HERETO FOR COMPLIANCE WITH CCC 2923.5.

Including one **NOTE(S) FOR THE ORIGINAL** sum of **$1,957,000.00**, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:
    **Installment of Principal and Interest plus impounds and/or advances which became due on 5/1/2019 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges, plus attorney's fees and trustee's fees and costs.**

    That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**Dated: 9/16/2019**                **UNITED LENDER, LLC, A NEVADA LIMITED**
                            **LIABILITY COMPANY, as beneficiary**
                            By: Western Fidelity Trustees, as agent


                            **BY:** _____
                            **Kathleen Herrera, Trustee Officer**

# Exhibit "A"
## Declaration of Compliance
## (or exemption from)
## Civil Code § 2923.5(b)

Borrower(s):      HELPING OTHERS INTERNATIONAL LLC
Beneficiary:      UNITED LENDER, LLC
                  C/O SHAWN AHDOOT

Property Address:    6475 MARIGAYLE CIRCLE
                       HUNTINGTON BEACH, CA 92648
T.S.No.:            2019-0901

The undersigned, as an authorized agent or employee of the beneficiary named below, declares that:

1. ☐ The beneficiary or his agent has contacted the borrower pursuant to California Civil Code § 2923.5(a)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

2. ☐ The beneficiary or his agent has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.5(e) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the beneficiary because the individual(s) did not meet the definition of "borrower" pursuant to subdivision (c) of Section 2920.5.

4. ☑ The requirements of Cal. Civil Code § 2923.5 do not apply because the loan is secured by a non-owner occupied residential property.

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Dated:   9/16/2019        By: Western Fidelity Trustees, as agent for Beneficiary

                              Kathleen Herrera, Trustee Officer

Page 1

# EXHIBIT "H"

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

87.00

*SR00113396315*

2019000519301 2:18 pm 12/11/19
37 410 S15   2
0.00 0.00 0.00 0.00 3.00 0.00 0.000.0075.00 3.00

RECORDING REQUESTED BY:

WFG National Title Insurance Company

AND WHEN RECORDED MAIL TO:

Western Fidelity Trustees
1222 Crenshaw Blvd., SUITE B
Torrance, California 90501
135734CAD

TS No.: 2019-0901                        Loan No.: MARIGAYLE CIRCLE                        SPACE ABOVE THIS LINE FOR RECORDER'S USE
APN: 110-511-04
Property Address: 6475 MARIGAYLE CIRCLE, HUNTINGTON BEACH, CA 92648

## SUBSTITUTION OF TRUSTEE

WHEREAS, HELPING OTHERS INTERNATIONAL LLC, A DELAWARE LIMITED LIABLITY COMPANY was the original Trustor, UNITED LENDER, LLC, A NEVADA LIMITED LIABILITY COMPANY was the original Trustee, and UNITED LENDER, LLC, A NEVADA LIMITED LIABILITY COMPANY was the original Beneficiary under that certain Deed of Trust dated 5/1/2019 and recorded on 5/2/2019 as Instrument No. 2019-000146649, in book , page  of Official Records of Orange County, California, and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned substitutes a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

NOW, THEREFORE, the undersigned hereby substitutes WESTERN FIDELITY TRUSTEES, whose address is 1222 Crenshaw Blvd., Ste B Torrance, CA 90501 as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Dated: 10/15/2019

UNITED LENDER, LLC, A NEVADA LIMITED LIABILITY COMPANY

Shawn Ahdoot, authorized signor

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California    } ss.
County of Los Angeles  }

On 10/16/19 before me. Shilo Lee Losho, Notary Public personally appeared Shawn Ahdoot who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

SHILO LEE LOSINO
Notary Public - California
Los Angeles County
Commission # 2259919
My Comm. Expires Oct 24, 2022

## AFFIDAVIT OF MAILING
## FOR SUBSTITUTION OF TRUSTEE BY CODE

TS No.: **2019-0901**

Trustor: **HELPING OTHERS INTERNATIONAL LLC, A DELAWARE LIMITED LIABLITY COMPANY**

**I, Angela Mijares,** declare: That I am an officer, agent or employee of **Western Fidelity Trustees** whose business address is:

> 1222 Crenshaw Blvd., SUITE B
> Torrance, California 90501

I am over the age of eighteen years; On **12/10/2019**, by Certified and First Class mail, enclosed in a sealed envelope with postage fully prepaid, I deposited in the United States Mail, a copy of the attached Substitution of Trustee to the trustee of record under the Deed of Trust described in said Substitution, and;

A copy of the attached Substitution has been mailed prior to the recording thereof, in the manner provided in Section 2924(b) of the Civil Code of the State of California to all persons to whom a copy of the Notice of Default would be required to be mailed by the provisions of said section.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **12/10/2019**

_____

Angela Mijares, Trustee Officer

# EXHIBIT "I"

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

|||||||||||||||||||||||||||||||||||||||| 87.00
* S R 0 0 1 1 3 6 3 4 0 1 $ *
**2019000535843** 2:57 pm 12/20/19
37 410 N34   2
0.00 0.00 0.00 0.00 3.00 0.00 0.000.0075.00 3.00

RECORDING REQUESTED BY
**Western Fidelity Trustees**

AND WHEN RECORDED MAIL TO:
**Western Fidelity Trustees**
**1222 Crenshaw Blvd., SUITE B**
**Torrance, California 90501**

135734460

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

T.S. No.: **2019-0901**
APN: **110-511-04**
Loan No.: **MARIGAYLE CIRCLE**
Property Address: 6475 MARIGAYLE CIRCLE, HUNTINGTON BEACH, CA 92648

## NOTICE OF TRUSTEE'S SALE

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 5/1/2019.  UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Trustor: **HELPING OTHERS INTERNATIONAL LLC, A DELAWARE LIMITED LIABLITY COMPANY**
Duly Appointed Trustee: **WESTERN FIDELITY TRUSTEES**
Recorded 5/2/2019 as Instrument No. **2019-000146649** in book , page   of Official Records in the office of the Recorder of **Orange** County, California.
Date of Sale: **1/27/2020** at **1:30 PM**
Place of Sale:   **At the north front entrance to the county courthouse at 700 Civic Center Drive West, Santa Ana, CA  92701**
Amount of unpaid balance and other charges: **$2,207,443.87**
Street Address or other common designation of real property:       **6475 MARIGAYLE CIRCLE**
                                                                   **HUNTINGTON BEACH, CA 92648**

A.P.N.: **110-511-04**

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (916) 939-0772 or visit this Internet Web site www.nationwideposting.com, using the file number assigned to this case 2019-0901. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Date: 12/19/2019

**WESTERN FIDELITY TRUSTEES**
**1222 Crenshaw Blvd., SUITE B**
**Torrance, California 90501**
**Sale Line: (310) 212-0700**

**Kathleen Herrera, Trustee Officer**

# EXHIBIT "J"



United Lender, LLC

July 17, 2019

Dear Hope,

This letterhead is to confirm that Megan Zucaro of Helping Others International LLC is up to date with her 2 mortgages on 6475 Marigayle Circle Huntington Beach, 92648 and 4110 Vanetta Place Studio City, CA 91604

Sincerely,

*Shawn Ahdoot*

Shawn Ahdoot
President
United Lender, LLC

3635 South Fort Apache Road
suite 200-20

818-987-5367 – cell
800-691-7174 - fax

# EXHIBIT "4"

# EXHIBIT "4"

CIV-130

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Andrew A. Smits   (State Bar 146659)<br>Law Offices of Andrew A. Smits<br>36 Executive Park, Suite 160<br>Irvine, CA 92614-4794<br>　　　TELEPHONE NO.: 949 833-1025　　FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* asmits@smits-law,com<br>　　ATTORNEY FOR *(Name):* Anh Thy Song Nguyen,Trustee of Mother Nature | *FOR COURT USE ONLY* |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE |
| STREET ADDRESS: 700 Civic Center Drive West |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Santa Ana, CA 92701 |
| BRANCH NAME: Central Justice Center |

PLAINTIFF/PETITIONER: Anh Thy Song Nguyen,Trustee of Mother Nature

DEFENDANT/RESPONDENT: United Lender, LLC, et al.

| NOTICE OF ENTRY OF JUDGMENT<br>OR ORDER | CASE NUMBER:<br>30-2020-01124778-CU-FR-CJC |
|---|---|
| *(Check one):*　☑ **UNLIMITED CASE**　☐ **LIMITED CASE**<br>　　　　　　　　(Amount demanded　　(Amount demanded was<br>　　　　　　　　exceeded $25,000)　　$25,000 or less) | |

**TO ALL PARTIES :**

1. A judgment, decree, or order was entered in this action on *(date):* February 11, 2020

2. A copy of the judgment, decree, or order is attached to this notice.

Date: February 12, 2020

Andrew A. Smits

(TYPE OR PRINT NAME OF   ☑ ATTORNEY   ☐ PARTY WITHOUT ATTORNEY)

▶ _____
(SIGNATURE)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CIV-130 [New January 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

www.courtinfo.ca.gov

Case 1:20-ap-01070-VK    Doc 1-3    Filed 07/17/20    Entered 07/17/20 12:25:43    Desc
Exhibit 52-73    Page 180 of 434
Electronically Recieved by Superior Court of California, County of Orange, 02/10/2020 03:19:12 PM.
30-2020-01124778-CU-FR-CJC - ROA # 62 - DAVID H. YAMASAKI, Clerk of the Court By ocuser ocuser, Deputy Clerk.

41064866

1   Andrew A. Smits (State Bar No. 146659)
    Law Offices of Andrew A. Smits
2   36 Executive Park, Suite 160
    Irvine, California 92614-4794
3   Telephone: (949) 833-1025
    Email:    asmits@smits-law.com
4
    Attorney for Plaintiff Anh Thy Song Nguyen,
5   Trustee of Mother Nature Trust
6
7

**FILED**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**FEB 1 1 2020**

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11  ANH THY SONG NGUYEN, TRUSTEE OF     Case No.: 30-2020-01124778-CU-FR-CJC
    MOTHER NATURE TRUST,
12                                       Assigned to: Judge Walter Schwarm
                Plaintiff,               Dept.: C19
13
         vs.                             u.s. 2. 11. 20
14
                                         [PROPOSED] ORDER GRANTING
15  UNITED LENDER, LLC, a Nevada limited  PLAINTIFF'S MOTION FOR
    liability company; SHAWN AHDOOT, an   PRELIMINARY INJUNCTION; AND
16  individual; ALBERT A. AHDOOT, an      PRELIMINARY INJUNCTION
    individual; MEGAN E. ZUCARO, an
17  individual; HELPING OTHERS
    INTERNATIONAL, LLC, a Delaware
18  limited liability company; WESTERN    Date: February 11, 2020
    FIDELITY ASSOCIATES, LLC, a California Time: 1:30 p.m.
19  limited liability company, dba WESTERN Dept.: C19
    FIDELITY TRUSTEES; JOHN B. SPEAR,
20  an individual; AMERICAN FINANCIAL
    CENTER, INC., a California corporation; all
21  other persons unknown, claiming any legal or Complaint filed: January 15, 2020
    equitable right, title, estate, lien, or interest in Trial date:    Not set
22  the property described in the complaint
    adverse to Plaintiff's title, or any cloud upon
23  Plaintiff's title thereto; and DOES 1 through
    100, inclusive,
24
                Defendants.
25

26       The order to show cause re preliminary injunction and motion of plaintiff Anh Thy Song

27  Nguyen, Trustee of Mother Nature Trust ("Plaintiff"), for preliminary injunction came on for

28  hearing on February 11, 2020 at 1:30 p.m., in Department C19 of the above-entitled court, the

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION; AND PRELIMINARY INJUNCTION

1  Honorable Walter Schwarm, judge presiding.  Plaintiff appeared by and through her attorney of

2  record, Andrew A. Smits.  Defendants United Lender, LLC, Shawn Ahdoot and Albert A. Ahdoot

3  appeared by and through their attorneys of record, Lawrence C. Meyerson, and Snipper Wainer &

4  Markoff, by Maurice Wainer. There were no other appearances.

5      After consideration of all the papers submitted in support of and in opposition to the order

6  to show cause re preliminary injunction and Plaintiff's motion for preliminary injunction, and

7  having heard the argument of attorneys for the parties, and on proof to the satisfaction of the Court

8  that Plaintiff's motion is justified and ought to be granted, the Court finds, adjudges and orders as

9  follows:

10      IT IS ORDERED THAT Plaintiff's motion is granted.  Defendants United Lender, LLC,

11  Western Fidelity Associates, LLC, dba Western Fidelity Trustees, Shawn Ahdoot, Albert A.

12  Ahdoot, Megan E. Zucaro, Helping Others International, LLC, American Financial Center, Inc.,

13  and John B. Spear and their officers, employees, agents, and persons acting with them or on their

14  behalf are enjoined and restrained from conducting or proceeding with any foreclosure sale or

15  trustee's sale for the real property known as 6475 Marigayle Circle, Huntington Beach, California

16  92648 with Assessor's Parcel Number 110-511-04 ("Subject Property"), affecting ownership of,

17  or transferring any ownership interest in, the Subject Property pending trial of this action or

18  further order of this Court.  For purposes of Plaintiff recording this order and preliminary

19  injunction, this order further provides that the Subject Property has the following legal description:

20      "THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF

21      HUNTINGTON BEACH, IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA,

22      AND IS DESCRIBED AS FOLLOWS:

23

24      LOT 2 OF TRACT NO. 15690, IN THE CITY OF HUNTINGTON BEACH, COUNTY

25      OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON THE MAP FILED IN

26      BOOK 835 OF MISCELLANEOUS MAPS, PAGE(S) 12 AND 13, RECORDS OF

27      ORANGE COUNTY.

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION; AND PRELIMINARY INJUNCTION

1      EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON

2     SUBSTANCES LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF

3     SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN

4     DEEDS OF RECORD.

5      APN: 110-511-04"

6

7      IT IS FURTHER ORDERED THAT Plaintiff shall file with the Clerk of the Court within

8 five court days or by February 20, 2020 an undertaking in the amount of $50,000.00 pending trial

9 of this action. Pursuant to California Rules of Court, rule 3.1150(f), the temporary restraining

10 order previously granted in this action shall remain in effect during this time allowed for

11 presentation of the undertaking.

12      The Court reserves jurisdiction to modify or dissolve the injunction as may be required by

13 the interests of justice.

14

15 Dated: February 11, 2020

16                     Walter Schwarm
                             Judge of the Superior Court, County of Orange

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

3

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION; AND PRELIMINARY INJUNCTION

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On February 12, 2020, I served the document described as follows: **NOTICE OF ENTRY OF JUDGMENT OR ORDER** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>468 N. Camden Drive, Suite 201<br>Beverly Hills, CA 90210 | Megan E. Zucaro<br>3430 Indian Ridge Circle<br>Thousand Oaks, CA 91362 |
| Megan E. Zucaro<br>15720 Ventura Boulevard., #405<br>Encino, CA 91436 | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763 |
| Helping Others International, LLC<br>4110 Vanetta Place<br>Studio City, CA 91604 | American Financial Center, Inc.<br>c/o Mark R. Crittenden, Registered Agent<br>14930 Ventura Boulevard, Suite 320<br>Sherman Oaks, CA 91403 |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail:  leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial Center, Inc. |
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: 310-550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendants United Lender, LLC, a Nevada Limited Liability Company, Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: 310-827-3344<br>Email:  lcm@lcmplc.com<br><br>Attorney for Defendants United Lender, LLC, a Nevada Limited Liability Company, Shawn Ahdoot and Albert A. Ahdoot |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

PROOF OF SERVICE

1

Western Fidelity Associates, LLC,
dba Western Fidelity Trustees
1222 Crenshaw Boulevard, Suite "B"
Torrance, CA 90501

2

3

4      [ X ] **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal

5  Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary
course of business. I am aware that on motion of the party served, service is presumed invalid if

6  postal cancellation date or postage meter date is more than one day after date of deposit for mailing
in affidavit.

7

8      [ X ] **(By E-mail/Electronic Service on Lawrence C. Meyerson and Maurice Wainer
only)** I caused the document to be sent to the persons at the electronic service addresses listed above.
I did not receive, within a reasonable time after the transmission, any electronic message or other

9  indication that the transmission was unsuccessful.

10      [ ] **(By Personal Service)** I caused to be delivered by hand such envelope to the addressee.
The messenger's proof of service will be prepared and available.

11

12      [ ] **(By Facsimile)** I caused such document to be transmitted by facsimile to the offices of
the addressee. Upon completion of the said facsimile transmission, the transmitting machine issued
a transmission report showing the transmission was complete and without error. A copy of the said

13  transmission report is attached hereto.

14      [ ] **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above,
by placing the true copies in separate envelopes for each addressee, with the name and address of

15  the person served shown on the envelope and by sealing the envelope and placing it for collection
and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

16

      Executed on February 12, 2020 at Irvine, California.

17

      I declare under penalty of perjury under the laws of the State of California that the above is

18  true and correct.

19

20      KIMBERLY RICHARDSON

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

PROOF OF SERVICE

# EXHIBIT 60

892

1 | LAWRENCE C. MEYERSON (SBN 54136)
A PROFESSIONAL LAW CORPORATION
2 | 5521 Mission Rd., Ste 399
Bonsall, CA 92003
3 | Telephone: (310) 827-3344
Email: *lcm@lcmplc.com*

4

5 | MAURICE WAINER (SBN 121678)
SNIPPER WAINER & MARKOFF
232 North Canon Drive
6 | Beverly Hills, CA 90210-5302
Telephone: (310) 550-5770
7 | Email: *mrwainer@swmfirm.com*

8 | Attorneys for Defendants
UNITED LENDER, LLC, a Nevada limited
9 | liability company; SHAWN AHDOOT, an
individual; ALBERT A. AHDOOT, an individual

10

11 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12 | **FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

13

14 | ANH THY SONG NGUYEN, TRUSTEE OF ) Case No. 30-2020-01124778-CU-FR-CJC
MOTHER NATURE TRUST, )
15 | ) Hon. Walter Schwarm, Judge Assigned for
Plaintiff, ) All Purposes, Department C19
16 | )
vs. ) **PROOF OF SERVICE IN SUPPORT OF**
17 | ) **LENDER DEFENDANTS' PETITION**
UNITED LENDER, LLC, a Nevada limited ) **TO COMPEL ARBITRATION AND TO**
18 | liability company; SHAWN AHDOOT, an ) **STAY ACTION PENDING AWARD OF**
individual; ALBERT A. AHDOOT, an ) **ARBITRATOR**
19 | individual; MEGAN E. ZUCARO, an )
individual; HELPING OTHERS ) DATE: June 30, 2020
20 | INTERNATIONAL, LLC, a Delaware limited ) TIME: 1:30 p.m.
liability company; WESTERN FIDELITY ) DEPT: C19
21 | ASSOCIATES, LLC, a California limited )
liability company, dba WESTERN FIDELITY ) **RES. NO.: 73228533**
22 | TRUSTEES; JOHN B. SPEAR, an individual; )
AMERICAN FINANCIAL CENTER, INC., a )
23 | California corporation; and DOES 1 through )
100, inclusive, )
24 | )
Defendants. )
25 | _____ ) Action filed: 01/15/2020

26 | ///

27 | ///

28 | ///

1

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 232 North Canon Drive, Beverly Hills, CA 90210.

On **February 20, 2020**, I served true and correct copies of document(s) described as:

1.    NOTICE OF PETITION TO COMPEL ARBITRATION AND TO STAY ACTION PENDING AWARD OF ARBITRATOR FILED BY LENDER  DEFENDANTS, UNITED LENDER, LLC, SHAWN AHDOOT AND ALBERT A. AHDOOT

2.    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LENDER DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY ACTION PENDING AWARD OF ARBITRATOR

3.    DECLARATION OF MAURICE WAINER IN SUPPORT OF LENDER DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY ACTION PENDING AWARD OF ARBITRATOR

4.    REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF LENDER DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY ACTION PENDING AWARD OF ARBITRATOR

5.    PROOF OF SERVICE IN SUPPORT OF LENDER DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY ACTION PENDING AWARD OF ARBITRATOR

on the following interested party or parties in this action:

Andrew A. Smits
Law Offices of Andrew A. Smits
36 Executive Park, Suite 160
Irvine, CA 92614-4794

Telephone: (949) 833-1025
Email: *asmits@smits-law.com*

Attorney for Plaintiff Anh Thy Song
Nguyen, Trustee of Mother Nature Trust

Lori E. Eropkin
Levinson Arshonsky & Kurtz, LLP
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA 91403

Telephone: (818) 382-3434
E-mail: *leropkin@laklawyers.com*

Attorneys for Defendant American Financial
Center, Inc.

Megan E. Zucaro
3430 Indian Ridge Circle
Thousand Oaks, CA 91362

Robert Schachter
Hitchcock, Bowman & Schachter
Suite 1030 Del Amo Financial Center
21515 Hawthorne Boulevard
Torrance, CA 90503-6579

Telephone: (310) 540-2202
E-mail: *rs@rschachterlaw.com*

Attorneys for Defendant Western Fidelity
Associates, LLC, dba Western Fidelity
Trustees

Megan E. Zucaro
468 N. Camden Drive, Suite 201
Beverly Hills, CA 90210

Megan E. Zucaro
15720 Ventura Boulevard., #405
Encino, CA 91436

2

PROOF OF SERVICE IN SUPPORT OF LENDER DEFENDANTS' PETITION TO COMPEL
ARBITRATION AND TO STAY ACTION PENDING AWARD OF ARBITRATOR

John B. Spear
4959 Palo Verde Street, Suite 205C
Montclair, CA 91763

Helping Others International, LLC
4110 Vanetta Place
Studio City, CA 91604

American Financial Center, Inc.
c/o Mark R. Crittenden, Registered Agent
14930 Ventura Boulevard, Suite 320
Sherman Oaks, CA 91403

Western Fidelity Associates, LLC,
dba Western Fidelity Trustees
1222 Crenshaw Boulevard, Suite "B"
Torrance, CA 90501

**[XX]    BY MAIL** - I placed a true copy of the above described document(s) in a sealed envelope, addressed to the above identified party or parties, with postage affixed thereon, fully prepaid, in the mail at Beverly Hills, California. I am readily familiar with the firm's practice of collection and processing envelopes for mailing and so deposited the envelope for mailing. Under that practice, the envelope would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in the affidavit.

**[XX]    BY ELECTRONIC SERVICE (E-MAIL)** - Pursuant to CRC Rule 2.251(f)(1), I served a true copy of the foregoing document(s) by electronic mail via a court approved electronic filing service provider, directed to the addressee's email address(es), if available, as that list is maintained and made available by the court pursuant to CRC 2.251(e). In addition, I provided a courtesy copy of the foregoing document(s) by electronic mail to the addressee's e-mail address (if available), as set forth above.

        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

        Executed on **February 20, 2020**, at Beverly Hills, California.


                                        */s/ Daniel Harris*
                                        _____
                                        Daniel Harris

**PROOF OF SERVICE IN SUPPORT OF LENDER DEFENDANTS' PETITION TO COMPEL
ARBITRATION AND TO STAY ACTION PENDING AWARD OF ARBITRATOR**

# EXHIBIT 61

1  LAWRENCE C. MEYERSON (SBN 54136)
   A PROFESSIONAL LAW CORPORATION
2  5521 Mission Rd., Ste 399
   Bonsall, CA 92003
3  Telephone: (310) 827-3344
   Email: *lcm@lcmplc.com*
4
   MAURICE WAINER (SBN 121678)
5  SNIPPER WAINER & MARKOFF
   232 North Canon Drive
6  Beverly Hills, CA 90210-5302
   Telephone: (310) 550-5770
7  Email: *mrwainer@swmfirm.com*
8  Attorneys for Defendants
   UNITED LENDER, LLC, a Nevada limited
9  liability company; SHAWN AHDOOT, an
   individual; ALBERT A. AHDOOT, an individual
10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12        **FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

13

14  ANH THY SONG NGUYEN, TRUSTEE OF      )  Case No. 30-2020-01124778-CU-FR-CJC
    MOTHER NATURE TRUST,                 )
15                                       )  Hon. Walter Schwarm, Judge Assigned for
                   Plaintiff,            )  All Purposes, Department C19
16                                       )
    vs.                                  )  **REQUEST FOR JUDICIAL NOTICE IN**
17                                       )  **SUPPORT OF LENDER**
    UNITED LENDER, LLC, a Nevada limited )  **DEFENDANTS' PETITION TO**
18  liability company; SHAWN AHDOOT, an  )  **COMPEL ARBITRATION AND TO**
    individual; ALBERT A. AHDOOT, an     )  **STAY ACTION PENDING AWARD OF**
19  individual; MEGAN E. ZUCARO, an      )  **ARBITRATOR**
    individual; HELPING OTHERS           )
20  INTERNATIONAL, LLC, a Delaware limited )  *[Filed concurrently with Notice of Petition;*
    liability company; WESTERN FIDELITY  )  *Memorandum of Points & Authorities;*
21  ASSOCIATES, LLC, a California limited )  *Declaration of Maurice Wainer; and Proof*
    liability company, dba WESTERN FIDELITY ) *of Service]*
22  TRUSTEES; JOHN B. SPEAR, an individual; )
    AMERICAN FINANCIAL CENTER, INC., a   )  DATE: June 30, 2020
23  California corporation; and DOES 1 through ) TIME: 1:30 p.m.
    100, inclusive,                      )  DEPT: C19
24                                       )
                                         )  **RES. NO.: 73228533**
25                 Defendants.           )
    _____ )  Action filed: 01/15/2020
26

27

28

                                        1
_____
       **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF LENDER DEFENDANTS' PETITION TO**
                          **COMPEL ARBITRATION**

Defendants UNITED LENDER, LLC, a Nevada limited liability company, SHAWN

AHDOOT, an individual, and ALBERT A. AHDOOT, an individual (collectively, the "Lender

Defendants") hereby request this Court to take judicial notice of the following documents, in

support of their Petition to Compel Arbitration and to Stay Action Pending Award of Arbitrator

(the "Petition") in the above-entitled action, as follows:

**Exhibit "1"**:    FIRST AMENDED COMPLAINT, FIRST AMENDED COMPLAINT FOR

DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF BASED ON:

(1I) WRONGFUL FORECLOSURE - FRAUD; (2) FRAUD AND DECEIT -

INTENTIONAL MISREPRESENTATION; (3) NEGLIGENCE; (4) BREACH

OF CONTRACT; (5) RELIEF RASF.1) ON RESCISSION OF CONTRACT;

(6) QUIETING TITLE; (7) CANCELLATION OF WRITTEN INSTRUMENTS;

(8) DECLARATORY RELIEF; AND (9) UNFAIR BUSINESS PRACTICES

VIOLATION OF BUS. & PROF. CODE SECTION 17200, ET SEQ.,

dated on or about 01/22/2020;

**Exhibit "2"**:    EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN,

TRUSTEE OF MOTHER NATURE TRUST, FOR TEMPORARY

RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE:

PRELIMINARY INJUNCTION; AND MEMORANDUM OF POINTS AND

AUTHORITIES IN SUPPORT THEREOF, dated 01/22/2020 ( ROA # 23);

**Exhibit "3"**:    DECLARATION OF ANH THY SONG NGUYEN IN SUPPORT OF EX

PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN,

TRUSTEE OF MOTHER NATURE TRUST, FOR TEMPORARY

RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE:

PRELIMINARY INJUNCTION, dated 01/22/2020 (ROA # 23).

**Exhibit "4"**:    NOTICE OF ENTRY OF JUDGMENT OR ORDER, dated on or about

02/12/2020, including attached ORDER GRANTING PLAINTIFF'S MOTION

FOR PRELIMINARY INJUNCTION; AND PRELIMINARY INJUNCTION,

issued 02/11/2020.

2

1                                             LAWRENCE C. MEYERSON,
A Professional Law Corporation

2

3

4
Dated: February 20, 2020    By:    */s/ Lawrence C. Meyerson*

5                                             Lawrence C. Meyerson, Esq.

6                                             SNIPPER, WAINER & MARKOFF

7

8

9
Dated: February 20, 2020    By:    */s/ Maurice Wainer*

10                                             Maurice Wainer, Esq.

11                                             Attorneys for Defendants
UNITED LENDER, LLC, a Nevada limited

12                                             liability company; SHAWN AHDOOT, an
individual; ALBERT A. AHDOOT, an individual

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF LENDER DEFENDANTS' PETITION TO
COMPEL ARBITRATION**

# EXHIBIT "1"

# EXHIBIT "1"

1 | Andrew A. Smits (State Bar No. 146659)
Law Offices of Andrew A. Smits
2 | 36 Executive Park, Suite 160
Irvine, California 92614-4794
3 | Telephone: (949) 833-1025
Email:    asmits@smits-law.com
4 |
Attorney for Plaintiff Anh Thy Song Nguyen,
5 | Trustee of Mother Nature Trust

6

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

| | |
|---|---|
| 11 ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, | Case No.: 30-2020-01124778-CU-FR-CJC |
| 12 | Assigned to: Judge Walter Schwarm |
| Plaintiff, | Dept. C19 |
| 13 | |
| vs. | **FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF BASED ON:** |
| 14 | |
| 15 UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an | **(1) WRONGFUL FORECLOSURE – FRAUD;** |
| 16 individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an | |
| 17 individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware | **(2) FRAUD AND DECEIT – INTENTIONAL MISREPRESENTATION;** |
| 18 limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California | **(3) NEGLIGENCE;** |
| 19 limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, | **(4) BREACH OF CONTRACT;** |
| 20 an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; all | **(5) RELIEF BASED ON RESCISSION OF CONTRACT;** |
| 21 other persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in | |
| 22 the property described in the complaint adverse to Plaintiff's title, or any cloud upon | **(6) QUIETING TITLE;** |
| 23 Plaintiff's title thereto; and DOES 1 through 100, inclusive, | **(7) CANCELLATION OF WRITTEN INSTRUMENTS;** |
| 24 Defendants. | **(8) DECLARATORY RELIEF; AND** |
| 25 | **(9) UNFAIR BUSINESS PRACTICES – VIOLATION OF BUS. & PROF. CODE SECTION 17200, ET SEQ.** |
| 26 | |
| 27 | **DEMAND FOR JURY TRIAL** |
| 28 | Case filed: January 15, 2020 |

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND
DEMAND FOR JURY TRIAL

Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust ("Plaintiff"), alleges on information and belief against defendants United Lender, LLC, Shawn Ahdoot, Albert A. Ahdoot, Megan E. Zucaro, Helping Others International, LLC, Western Fidelity Associates, LLC, dba Western Fidelity Trustees, John B. Spear, American Financial Center, Inc., all other persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto; and Does 1 through 100, inclusive as follows:

## GENERAL ALLEGATIONS

**The Plaintiff And The Subject Property**

1.      Plaintiff Anh Thy Song Nguyen ("Plaintiff") is an individual and the Trustee of Mother Nature Trust. Plaintiff has resided in the County of Orange, State of California at all times relevant to this action. Plaintiff is and was the seller of residential real property known as 6475 Marigayle Circle, Huntington Beach, California 92648 with assessor's parcel number ("APN") 110-511-04 that is the subject of this action ("Subject Property"). The Subject Property has the following legal description:

"THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF HUNTINGTON BEACH, IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 2 OF TRACT NO. 15690, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON THE MAP FILED IN BOOK 835 OF MISCELLANEOUS MAPS, PAGE(S) 12 AND 13, RECORDS OF ORANGE COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

1  DEEDS OF RECORD.

2

3  APN: 110-511-04"

4  **The Defendants**

5  2.      United Lender, LLC, a Nevada limited liability company ("United Lender"), has a

6  business office located at 3635 S. Fort Apache Road, Suite 200-20, Las Vegas, Nevada 89147.

7  United Lender purports to be the beneficiary under a first deed of trust on the Subject Property.

8  United Lender engaged in or participated in the acts and omissions alleged below.

9  3.      Shawn Ahdoot is an individual whose usual place of business is 3635 S. Fort

10  Apache Road, Suite 200-20, Las Vegas, Nevada 89147. Shawn Ahdoot is a president, principal,

11  agent, and alter ego of United Lender.  Shawn Ahdoot engaged in or participated in the acts and

12  omissions alleged below.

13  4.      Albert A. Ahdoot ("Albert Ahdoot") is an individual whose usual place of

14  business is 3635 S. Fort Apache Road, Suite 200-20, Las Vegas, Nevada 89147. Albert Ahdoot

15  is a manager, principal, agent and alter ego of United Lender.  Albert Ahdoot engaged in or

16  participated in the acts and omissions alleged below.

17  5.      Megan E. Zucaro ("Zucaro") is an individual who resides in the County of Los

18  Angeles, State of California. Zucaro is a manager, principal, agent, and alter ego of defendant

19  Helping Others International, LLC, a Delaware limited liability company (identified below), who

20  is and was the purported buyer of the Subject Property. Zucaro is also a licensed real estate

21  salesperson with a mailing address of 468 N. Camden Drive, Suite 201, Beverly Hills, California

22  90210. Zucaro's responsible broker is defendant John B. Spear identified below. Zucaro engaged

23  in or participated in the acts and omissions alleged below.

24  6.      Helping Others International, LLC, a Delaware limited liability company ("Helping

25  Others International"), has a business office located at 4110 Vanetta Place, Los Angeles,

26  California 91604. Helping Others International is and was the buyer of the Subject Property and is

27  the trustor or debtor under the first deed of trust on the Subject Property. Helping Others

28  International engaged in or participated in the acts and omissions alleged below.

LAW OFFICES OF ANDREW A. SMITS
16 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: zanuts@amits-law.com

3

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND
DEMAND FOR JURY TRIAL

7.      Western Fidelity Associates, LLC, a California limited liability company, dba Western Fidelity Trustees ("Western Fidelity"), has a business office located at 1222 Crenshaw Boulevard, Suite "B," Torrance, California 90501. Western Fidelity is the trustee under the first deed of trust on the Subject Property and has recorded a Notice of Trustee's Sale with a date of sale set for January 27, 2020 at the Orange County Superior Court, Central Justice Center. Western Fidelity engaged in or participated in the acts and omissions alleged below.

8.      John B. Spear ("Spear") is an individual and a licensed real estate broker whose office mailing address is 4959 Palo Verde Street, Suite 205C, Montclair, California 91763. Spear is the responsible broker for Zucaro. Spear engaged in or participated in the acts and omissions alleged below.

9.      American Financial Center, Inc., a California corporation ("American Financial"), has its business office located at 14930 Ventura Boulevard, Suite 320, Sherman Oaks, California 91430. American Financial purports to be the beneficiary under the third deed of trust on the Subject Property. American Financial engaged in or participated in the acts and omissions alleged below.

10.     The Defendants herein named as "all other persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto" (hereinafter sometimes referred to as "the unknown defendants") are unknown to Plaintiff. The unknown defendants, and each of them, claim some right, title, estate, lien, or interest in the Subject Property adverse to Plaintiff's interest; and their claims, and each of them, constitute a cloud on Plaintiff's title to the Subject Property.

**Doe Defendants**

11.     The true names and capacities of those defendants, whether individual, corporate, associate, or otherwise, sued herein as Does 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities of these defendants when such information is ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a Doe defendant is legally responsible in some manner for the

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

4

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND DEMAND FOR JURY TRIAL

904

1  events, happenings and damages alleged herein.

2  **Defendants Are Agents Of Each Other And Co-conspirators**

3      12.     United Lender, Shawn Ahdoot, Albert Ahdoot, Zucaro, Helping Others

4  International, Western Fidelity, Spear, American Financial, and Does 1 through 100, inclusive

5  (hereinafter collectively referred to as "Defendants"), were at all times relevant herein the

6  principal, partner, co-venturer, agent, servant, employee, or co-conspirator of each of the

7  remaining co-defendants, and knowingly engaged in the acts and omissions alleged herein with

8  permission and consent of each other co-defendant and acted within the course and scope of such

9  partnership, agency, venture, employment or conspiracy.

10  **United Lender Is The Alter Ego Of Shawn Ahdoot And Albert Ahdoot**

11      13.     There exists, and at all times herein mentioned there existed, a unity of interest and

12  ownership between Shawn Ahdoot and Albert Ahdoot, on the one hand, and United Lender, on the

13  other hand, such that any individuality and separateness among Shawn Ahdoot, Albert Ahdoot and

14  United Lender has ceased.  In this regard, Plaintiff is informed and believes that:

15          a.      There is identical equitable or common ownership in United Lender.

16  Shawn Ahdoot and Albert Ahdoot are members, managers, and principals of United Lender.

17          b.      Shawn Ahdoot and Albert Ahdoot treat the assets of United Lender as their

18  own.

19          c.      Shawn Ahdoot and Albert Ahdoot and United Lender have or had the same

20  principal place of business in the State of Nevada.

21          d.      Shawn Ahdoot and Albert Ahdoot and United Lender share or shared

22  office facilities, equipment, employees, marketing materials, utilities, and other expenses incurred

23  in operating a business.

24          e.      United Lender is undercapitalized and lacks corporate assets.

25          f.      There is a disregard of legal formalities and a failure to maintain an arm's

26  length relationship between United Lender, on the one hand, and Shawn Ahdoot and Albert

27  Ahdoot, on the other hand, in that they fail to maintain adequate corporate records and confuse the

28  records and identities of each.

5

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone (949) 833-1023
Email: asmits@smits-law.com

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND
DEMAND FOR JURY TRIAL

g.      United Lender fails to file required records and reports with governmental agencies and is not qualified to transact mortgage loan business in California.

h.      United Lender, Shawn Ahdoot and Albert Ahdoot contract with others with intent to avoid performance by use of the corporate entity as a shield against personal liability, or use the corporate entity as a subterfuge.

i.      United Lender is the alter ego of Shawn Ahdoot, and that Shawn Ahdoot is the alter ego of United Lender, in that United Lender, at all times herein mentioned was, a mere shell, instrumentality and conduit through which Shawn Ahdoot carried on his activities, exercising complete control and dominance of the corporate entity to such an extent that any individuality or separateness of the corporate entities from the individual does not, and at all times herein, did not exist.

j.      United Lender is the alter ego of Albert Ahdoot, and that Albert Ahdoot is the alter ego of United Lender, in that United Lender, at all times herein mentioned was, a mere shell, instrumentality and conduit through which Albert Ahdoot carried on his activities, exercising complete control and dominance of the corporate entity to such an extent that any individuality or separateness of the corporate entities from the individual does not, and at all times herein, did not exist.

14.    Based on the foregoing, adherence to the fiction to the separate existence of United Lender, as an entity distinct from Shawn Ahdoot and Albert Ahdoot would permit an abuse of the corporate privilege and would sanction fraud or promote injustice.

**Helping Others International Is The Alter Ego Of Zucaro**

15.    There exists, and at all times herein mentioned there existed, a unity of interest and ownership between Zucaro, on the one hand, and Helping Others International, on the other hand, such that any individuality and separateness between Zucaro and Helping Others International has ceased. In this regard, Plaintiff is informed and believes that:

a.      There is identical equitable or common ownership in Helping Others International. Zucaro is the sole member, manager, and principal of Helping Others International.

b.      Zucaro treats the assets of Helping Others International as her own.

LAW OFFICES OF ANDREW A. SMITS
16 Executive Park
Suite 100
Irvine, California 92614-4794
Telephone: (949) 851-1025
Email: asmits@smits-law.com

6

1    c.    Zucaro and Helping Others International have or had the same principal

2    place of business in the State of California.

3    d.    Zucaro and Helping Others International share or shared office facilities,

4    equipment, employees, marketing materials, utilities, and other expenses incurred in operating a

5    business.

6    e.    Helping Others International is undercapitalized and lacks corporate assets.

7    f.    There is a disregard of legal formalities and a failure to maintain an arm's

8    length relationship between Helping Others International, on the one hand, and Zucaro, on the

9    other hand, in that they fail to maintain adequate corporate records and confuse the records and

10    identities of each.

11    g.    Helping Others International fails to file required records and reports with

12    governmental agencies.  For instance, Helping Others International is not registered with the

13    California Secretary of State, nor is it qualified to do business in the State of California.

14    h.    Helping Others International and Zucaro contract with others with intent to

15    avoid performance by use of the corporate entity as a shield against personal liability, or use the

16    corporate entity as a subterfuge.

17    i.    Helping Others International is the alter ego of Zucaro, and that Zucaro is

18    the alter ego of Helping Others International, in that Helping Others International, at all times

19    herein mentioned was, a mere shell, instrumentality and conduit through which Zucaro carried on

20    her activities, exercising complete control and dominance of the corporate entity to such an extent

21    that any individuality or separateness of the corporate entities from the individual does not, and at

22    all times herein, did not exist.

23    16.    Based on the foregoing, adherence to the fiction to the separate existence of

24    Helping Others International, as an entity distinct from Zucaro would permit an abuse of the

25    corporate privilege and would sanction fraud or promote injustice.

26    **Allegations Common To All Causes Of Action**

27    17.    Sometime in March 2019, Plaintiff received a call from Zucaro who stated she was a

28    real estate broker and interested in buying the Subject Property.  The Subject Property was not

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

7

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND
DEMAND FOR JURY TRIAL

1    listed for sale at that time. Zucaro asked Plaintiff how much she would sell the Subject Property

2    for, and Plaintiff stated she would sell the Subject Property for $2.5 million. Zucaro stated she did

3    not have sufficient funds at the time but she was willing to pay $3 million if Plaintiff would carry a

4    promissory note secured by a second deed of trust for one year since Zucaro has other properties

5    that she was selling and would be able to pay off the notes. Zucaro also stated she wanted to

6    receive a $150,000 commission since she has a real estate license and that she would increase the

7    price to $3.150 million for her commission. Zucaro stated she had a private lender with whom she

8    had worked in many transactions in the past seven years and has never defaulted, causing the

9    private lender to be interested in lending to her on the Subject Property. Initially, Zucaro said the

10   lender would lend $2.1 million if Plaintiff agreed to carry the balance of the purchase price. Later,

11   Zucaro stated the lender came back to her and wanted to lend only $1.9 million and asked if

12   Plaintiff would carry the difference, because Zucaro was is in the process of selling other properties

13   and would be able to pay the note within the year. Thereafter, Plaintiff agreed to sell the Subject

14   Property on terms discussed with Zucaro. Escrow closed May 3, 2019. Attached hereto and

15   incorporated herein by this reference as **Exhibit "A"** is a copy of the California Residential

16   Purchase Agreement and Joint Escrow Instructions dated March 26, 2019 for sale of the Subject

17   Property ("Purchase Agreement"), including Escrow Instructions dated April 5, 2019 and

18   Amendment dated May 1, 2019. Attached hereto as **Exhibit "B"** is a copy of the Deed of Trust,

19   Assignment of Leases, Rents, and Profits, Security Agreement and Fixture Filing recorded May 2,

20   2019 as Instrument Number 2019000146649 ("First Deed of Trust") on the Subject Property.

21   Attached hereto as **Exhibit "C"** is a copy of the Deed of Trust and Assignment of Rents recorded

22   May 2, 2019 ("Second Deed of Trust") on the Subject Property. Attached hereto as **Exhibit "D"** is

23   a copy of the Note Secured by Deed of Trust dated May 1, 2019, which is secured by the Second

24   Deed of Trust.

25          18.    After the first payment came due on Plaintiff's note secured by the Second Deed of

26   Trust, Zucaro stated to Plaintiff that she wanted a little more time to pay since she was in the process

27   of selling their properties. Helping Others International did not pay the first payment due under

28   Plaintiff's note. When the second month's payment came due, Zucaro stated to Plaintiff that she or

LAW OFFICES OF ANDREW A. SMITS
16 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

8

1  Helping Others International was obtaining another loan to pay the obligation owed to Plaintiff.

2  Helping Others International did not make the second payment due under Plaintiff's note. When the

3  third month's payment came due on Plaintiff's note, Plaintiff discovered that Helping Others

4  International had not paid the gardener or the pool service for the Subject Property; nor did it pay the

5  third payment due under Plaintiff's note; nor has it paid any sum due under Plaintiff's note.

6       19.    On or about July 1, 2019, Helping Others International obtained a loan in the amount

7  of $75,000 secured by a third deed of trust on the Subject Property. The loan was funded by

8  American Financial, who purports to be the beneficiary under a third deed of trust. A copy of the

9  Deed of Trust with Assignment of Rents recorded July 16, 2019 as Instrument Number

10  2019000254315 is attached hereto as **Exhibit "E"** ("Third Deed of Trust").

11       20.    On September 18, 2019, the beneficiary under the First Deed of Trust, United

12  Lender, caused its trustee, Western Fidelity, to record in the Orange County Recorder's office a

13  Notice of Default and Election to Sell Under Deed of Trust, a copy of which is attached hereto as

14  **Exhibit "F."**

15       21.    On December 11, 2019, a substitution of trustee was recorded with respect to the

16  First Deed of Trust. A copy of the Substitution of Trustee dated October 15, 2019 and signed by

17  Shawn Ahdoot is attached hereto as **Exhibit "G."**

18       22.    On December 20, 2019, the beneficiary under the First Deed of Trust, United

19  Lender, caused its trustee, Western Fidelity, to record in the Orange County Recorder's office a

20  Notice of Trustee's Sale, a copy of which is attached hereto and incorporated herein by this

21  reference as **Exhibit "H,"** setting the date of sale for January 27, 2020 at 1:30 p.m. at the Orange

22  County Superior Court, Central Justice Center.

23       23.    Since being notified of the trustee's sale set for January 27, 2020 on the First Deed

24  of Trust, Plaintiff discovered the beneficiary under the First Deed of Trust, United Lender, sent a

25  letter to a broker for a reported $30,000 unsecured loan to Zucaro and Helping Others

26  International, stating Zucaro and Helping Others were current on the loan secured by the First

27  Deed of Trust. This letter indicates that there was no default and the Notice of Trustee's Sale (Ex.

28  "H") setting the foreclosure sale on the First Deed of Trust for January 27, 2020 is fraudulent and

9

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1  illegal.  Attached hereto as **Exhibit "I"** is a letter from United Lender to Hope Adams, chief

2  executive officer of 5 Star Business Funders, dated July 17, 2019 wherein Shawn Ahdoot

3  represents that Zucaro and Helping Others International were "up to date" on the mortgage loan on

4  the Subject Property.  This letter was sent by United Lender to assist Zucaro and Helping Others

5  International in obtaining a reported $30,000 unsecured loan.

6      24.    Plaintiff has discovered that Zucaro, Helping Others International, United Lender,

7  Shawn Ahdoot, Albert Ahdoot, Western Fidelity, Spear, and American Financial, among others,

8  have engaged in fraudulent real estate and loan transactions similar to the transaction involving

9  Plaintiff and the Subject Property.  In these fraudulent transactions, Helping Others International

10  (and Zucaro) acts as the buyer, the sellers take a note secured by a second deed of trust, Helping

11  Others International (and Zucaro) defaults on a loan provided by United Lender, Shawn Ahdoot,

12  Albert Ahdoot (or an entity related to these Defendants) and secured by the first deed of trust, and

13  the beneficiary under the first deed of trust initiates foreclosure proceedings through trustee

14  Western Fidelity to eliminate junior lienholders, including the beneficiary under the second deed

15  of trust.  Furthermore, American Financial purportedly loaned $75,000 to Helping Others

16  International and obtained a third deed of trust in connection therewith on the real property located

17  in Agua Dulce referenced below.  Other real properties that are the subject of Defendants'

18  fraudulent scheme include: 10434 Calling Road, Agua Dulce, California 91390; 4110 Vanetta

19  Place, Studio City, California 91604; 28340 Locust Avenue, Moreno Valley, California 92555;

20  and 422 North Soto Street, Los Angeles California 90033.  The most recent purchase of real

21  property, which is the property located at 422 North Soto Street, Los Angeles, California, by

22  Zucaro and Helping Others International using a loan from United Lender, recently closed escrow

23  on November 26, 2019.  No legitimate lender would loan to a buyer, such as Helping Others

24  International, who has a history of defaults, unless the lender is participating in a fraudulent

25  scheme to steal an owner's equity in the real property.

26  **Venue In This Court Is Proper**

27      25.    The Subject Property, the scheduled trustee's sale, and Plaintiff are located in

28  Orange County, California.  Furthermore, the California Residential Purchase Agreement and

LAW OFFICES OF ANDREW A. SMITS
56 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

10

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND
DEMAND FOR JURY TRIAL

910

1  Joint Escrow Instructions for the Subject Property was entered into in Orange County, California.

2  (Code Civ. Proc. § 395, subd. (a).)

3  **FIRST CAUSE OF ACTION**

4  **(Wrongful Foreclosure-Fraud)**

5  **(Against Defendants United Lender, Shawn Ahdoot, Albert Ahdoot, Zucaro, Helping Others**

6  **International, Western Fidelity, Spear, and Does 1 through 50)**

7      26.     Plaintiff incorporates herein by this reference each and every allegation set forth

8  above in paragraphs 1 through 25, inclusive.

9      27.     Defendants United Lender, Shawn Ahdoot, Albert Ahdoot, Zucaro, Helping Others

10  International, Western Fidelity and Does 1 through 50 caused the recording of an illegal,

11  fraudulent or willfully oppressive notice of trustee's sale with a sale date of January 27, 2020

12  pursuant to the First Deed of Trust on the Subject Property.

13      28.     Defendants' wrongful conduct, unless and until enjoined and restrained by order of

14  this Court, will cause great and irreparable injury to Plaintiff because Plaintiff's junior lien and

15  beneficiary interest under the Second Deed of Trust on the Subject Property will be eliminated if

16  Defendants' foreclosure sale occurs on January 27, 2020 pursuant to the notice of trustee's sale.

17      29.     Plaintiff has no adequate remedy at law for the injuries she will sustain if the

18  foreclosure sale is not enjoined.

19      30.     As a proximate result of Defendants' wrongful conduct, Plaintiff has been damaged

20  in an amount exceeding $25,000 according to proof at trial.

21  **SECOND CAUSE OF ACTION**

22  **(Fraud And Deceit – Intentional Misrepresentation)**

23  **(Against Defendants United Lender, Shawn Ahdoot, Albert Ahdoot, Zucaro, Helping Others**

24  **International, Western Fidelity, Spear, and Does 1 through 50)**

25      31.     Plaintiff incorporates herein by this reference each and every allegation set forth

26  above in paragraphs 1 through 30, inclusive.

27      32.     Defendants, including Helping Others International and Zucaro who failed to make

28  any payments due on the loans secured by the First Deed of Trust and Second Deed of Trust on

11

LAW OFFICES OF ANDREW A. SMITS
16 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 851-1025
Email: asmits@smits-law.com

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND
DEMAND FOR JURY TRIAL

1   the Subject Property, had no intention of complying with the terms of the promissory notes,

2   paying the sums due under the notes, effecting a lawful purchase of the Subject Property, or

3   effecting a lawful non-judicial foreclosure sale. Instead, Defendants seek to, among other things,

4   steal Plaintiff's equity in the Subject Property.

5        33.    When Defendants made the representations to Plaintiff as alleged above, they knew

6   them to be false and made these representations with the intention to induce Plaintiff to act in

7   reliance on these representations in the manner alleged herein, or with the expectation that

8   Plaintiff would so act.

9        34.    As a direct and proximate result of the fraudulent conduct of Defendants, Plaintiff

10   has been damaged in an amount exceeding $25,000.00 according to proof at trial.

11        35.    As a further direct and proximate result of the fraudulent conduct of Defendants,

12   Plaintiff will continue to incur damages in connection with a wrongful foreclosure sale that is set

13   for January 27, 2020 that is intended to eliminate Plaintiff's junior secured interest in the Subject

14   Property.

15        36.    Defendants perpetrated the above acts in a knowing, willful, wanton, malicious,

16   fraudulent, and oppressive manner, and with the intent and purpose of advancing their own

17   interests at the expense of and disregard for Plaintiff's rights and interests. As a result, Plaintiff is

18   entitled to punitive and exemplary damages against Defendants in a sum to be determined at trial.

19   **THIRD CAUSE OF ACTION**

20   **(Negligence)**

21   **(Against Defendants United Lender, Shawn Ahdoot, Albert Ahdoot, Zucaro, Helping Others**

22   **International, Western Fidelity, Spear, and Does 1 through 50)**

23        37.    Plaintiff incorporates herein by this reference each and every allegation set forth

24   above in paragraphs 1 through 36, inclusive.

25        38.    The representations made by Defendants were in fact false. The true facts were

26   Defendants, including Helping Others International and Zucaro who failed to make any payments

27   due on the loans secured by the First Deed of Trust and Second Deed of Trust on the Subject

28   Property, could not comply with the terms of the promissory notes and paying the sums due on the

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone (949) 833-1025
Email: asmits@smits-law.com

12

1  loans. Furthermore, the Notice of Default and Notice of Trustee's Sale with respect to the First

2  Deed of Trust are based on false pretenses and fraudulent information. Defendants seek to, among

3  other things, steal Plaintiff's equity in the Subject Property.

4      39.    When Defendants made the representations alleged above, they had no reasonable

5  basis for believing them to be true.

6      40.    Defendants made these representations with the intention of inducing Plaintiff to

7  act in reliance on these representations in the manner alleged herein, or with the expectation that

8  Plaintiff would so act.

9      41.    Plaintiff, at the time these representations were made by Defendants and at the time

10  Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendant's representations

11  and believed them to be true. In reliance on these representations, Plaintiff was induced to and did

12  enter into the Purchase Agreement for the sale of the Subject Property (Ex. "A"). Had Plaintiff

13  known the actual facts, she would not have taken the actions alleged herein. Plaintiff's reliance on

14  Defendants representations was justified.

15      42.    As a direct and proximate result of the negligence of Defendants, Plaintiff has been

16  damaged in an amount exceeding $25,000.00 according to proof at trial.

17      43.    As a further direct and proximate result of the negligence of Defendants, Plaintiff

18  will continue to incur damages in connection with a wrongful foreclosure sale that is set for

19  January 27, 2020 that is intended to eliminate Plaintiff's junior secured interest in the Subject

20  Property.

21              **FOURTH CAUSE OF ACTION**

22                **(Breach Of Contract)**

23  **(Against Defendants Zucaro, Helping Others International, Spear, and Does 1 through 50)**

24      44.    Plaintiff incorporates herein by this reference each and every allegation set forth

25  above in paragraphs 1 through 43, inclusive.

26      45.    Plaintiff performed all conditions, covenants, and promises required on her part to

27  be performed in accordance with the terms and conditions of the Purchase Agreement.

28  //

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-8025
Email: asmits@smits-law.com

13

46.     Defendants breached the Purchase Agreement by failing to perform their duties and obligations required by the Purchase Agreement as alleged above.

47.     As a result of Defendants' breach of the Purchase Agreement, Plaintiff has been damaged, and will continue to suffer damages in an amount exceeding $25,000.00 according to proof at trial.

### FIFTH CAUSE OF ACTION

### (Relief Based On Rescission Of Contract)

### (Against Defendants Zucaro, Helping Others International, Spear, and Does 1 through 50)

48.     Plaintiff incorporates herein by this reference each and every allegation set forth above in paragraphs 1 through 47, inclusive.

49.     Defendants procured the Purchase Agreement by fraudulent means as alleged above.

50.     Plaintiff has suffered and will suffer substantial harm and injury under the Purchase Agreement if it is not rescinded.

51.     Plaintiff intends service of the summons and complaint in this action to serve as notice of rescission of the Purchase Agreement and hereby offers to restore all consideration furnished by Defendants under the Purchase Agreement, on the condition that Defendants restore all the consideration furnished by Plaintiff, including: all Plaintiff's rights, title and interests in the Subject Property, including possession thereof; and reimbursement of all damages, fees, costs and expenses incurred in connection with, related to and arising from the Purchase Agreement including attorney fees, costs and pre-judgment interest.

### SIXTH CAUSE OF ACTION

### (Quieting Title)

### (Against All Defendants)

52.     Plaintiff incorporates herein by this reference each and every allegation set forth above in paragraphs 1 through 51, inclusive.

53.     Based on the fraudulent circumstances surrounding the purchase of the Subject Property and the creation of secured interests in the Subject Property as alleged above, Plaintiff is

14

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4791
Telephone  (949) 833-1025
Email: asmits@smits-law.com

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND
DEMAND FOR JURY TRIAL

1  entitled to rescission of the Purchase Agreement and restoration as the lawful sole owner of the

2  Subject Property.

3      54.    Plaintiff seeks to quiet title to the Subject Property as to the adverse claims of all

4  Defendants, including Helping Others International, Zucaro, United Lender, American Financial,

5  and all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the

6  Subject Property adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto.

7      55.    Plaintiff seeks a quiet title determination as of March 25, 2019, the day before the

8  fraudulently procured Purchase Agreement.  Plaintiff requests title be quieted in her name as of

9  such date which is consistent with rescission of the Purchase Agreement and placing her in the

10  position she held before entering into the Purchase Agreement.

11                          **SEVENTH CAUSE OF ACTION**

12                        **(Cancellation Of Written Instruments)**

13    **(Against Defendants Zucaro, Helping Others International, Spear, United Lender,**

14                    **American Financial, and Does 1 through 50)**

15      56.    Plaintiff incorporates herein by this reference each and every allegation set forth

16  above in paragraphs 1 through 55, inclusive.

17      57.    As alleged above, the Purchase Agreement (Ex. "A") was procured by fraud and is

18  voidable against Plaintiff.  Likewise, the Grant Deed dated May 1, 2019 and recorded May 2,

19  2019 as Instrument Number 2019000146648 from Plaintiff to Helping Others International, which

20  was executed in connection with the fraudulently obtained Purchase Agreement is voidable; and a

21  copy of the Grant Deed is attached hereto as **Exhibit "J."**

22      58.    Similarly, the First Deed of Trust recorded May 2, 2019 as Instrument Number

23  2019000146649 (Ex. "B") and the Third Deed of Trust recorded July 16, 2019 as Instrument

24  Number 2019000254315 (Ex. "E") were procured by fraud as alleged above.

25      59.    If the Purchase Agreement, Grant Deed, First Deed of Trust, and Third Deed of

26  Trust are left outstanding, there is a reasonable apprehension that these instruments may cause

27  additional serious injury to Plaintiff.

28      60.    Plaintiff has been damaged, and will continue to suffer damages in an amount

15

Law Offices of Andrew A. Smits
16 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND
DEMAND FOR JURY TRIAL

1   exceeding $25,000.00 according to proof at trial.

2       61.    Defendants perpetrated the above acts in connection with procuring, creating and

3   recording these instruments in a knowing, willful, wanton, malicious, fraudulent, and oppressive

4   manner, and with the intent and purpose of advancing their own interests at the expense of and

5   disregard for Plaintiff's rights and interests.  As a result, Plaintiff is entitled to punitive and

6   exemplary damages against Defendants in a sum to be determined at trial.

7   <div align="center">**EIGHTH CAUSE OF ACTION**</div>

8   <div align="center">**(Declaratory Relief)**</div>

9   <div align="center">**(Against All Defendants)**</div>

10       62.    Plaintiff incorporates herein by this reference each and every allegation set forth

11   above in paragraphs 1 through 61, inclusive.

12       63.    An actual controversy has arisen and now exists between Plaintiff, on the one hand,

13   and Defendants, on the other hand, concerning the following matters:

14       (a)    Defendants' notice of trustee's sale setting a foreclosure sale for January 27,

15   2020 with respect to the First Deed of Trust on the Subject Property is fraudulent and must be

16   enjoined;

17       (b)    Plaintiff is entitled to rescission of the Purchase Agreement and restoration

18   of all the consideration furnished by Plaintiff under the Purchase Agreement;

19       (c)    The Purchase Agreement, Grant Deed, First Deed of Trust, and Third Deed

20   of Trust are instruments that should be cancelled;

21       (d)    Plaintiff should be declared the sole owner of the Subject Property;

22       (e)    Defendants, including Helping Others International, Zucaro, United Lender,

23   and American Financial and the unknown defendants, should be declared to have no right, title,

24   estate, lien, or interest in the Subject Property adverse to Plaintiff's interest; and

25       (f)    Plaintiff is entitled to recover her attorney fees and costs under the Purchase

26   Agreement and California law.

27       64.    A judicial declaration is necessary and appropriate at this time under the

28   circumstances in order that the parties may ascertain their rights and duties with respect to the

<div align="center">16</div>

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND
DEMAND FOR JURY TRIAL

1 | matters identified above.

2 | **NINTH CAUSE OF ACTION**

3 | **(Unfair Business Practices – Violation Of Bus. & Prof. Code Section 17200, Et Seq.)**

4 | **(Against All Defendants)**

5 | 65.    Plaintiff incorporates herein by this reference each and every allegation set forth

6 | above in paragraphs 1 through 64, inclusive.

7 | 66.    <u>Class Definition</u>. Plaintiff brings this suit as a class action pursuant to Business and

8 | Professions Code section 17203 and Code of Civil Procedure section 382, on behalf of herself and

9 | all other similarly-situated persons as a member of a Class defined as follows:

10 | All persons who reside in California and who sold real property to Defendants, including

11 | their co-conspirators, within the last four years of the date of the filing of this Complaint.

12 | 67.    <u>Numerosity</u>. The proposed Class is sufficiently numerous in that real property is

13 | regularly sold in California.  Class members are so numerous and are dispersed throughout

14 | California that joinder of all Class members is impracticable.  Class members can be identified by,

15 | *inter alia,* records maintained by the Defendants.

16 | 68.    <u>Common Questions of Fact and Law</u>. Common questions of fact and law exist as to

17 | all members of the Class and predominate over any questions affecting solely individual members

18 | of the Class. Among the questions of fact and law that predominate over any individual issues are:

19 |     (a)    Whether Defendants violated the California Business and Professions Code

20 |         as alleged above;

21 |     (b)    Whether Defendants' practice was "unfair" within the meaning of the UCL;

22 |         and

23 |     (c)    Whether Class members lost money or property as a result of Defendants'

24 |         violations of section 17200.

25 | 69.    Beginning at an exact date unknown to Plaintiff but at least since January 1, 2018,

26 | Defendants have committed acts of unfair competition, as defined by Business and Professions

27 | Code section 17200, by engaging in the practices alleged with respect to Plaintiff and the Subject

28 | Property and the four other instances involving the purchase of real property as alleged above.

17

LAW OFFICES OF ANDREW A. SMITS
16 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

70.     These acts and practices, as described above, violate Business and Professions Code section 17200 in the following respects:

    (a)     Defendants' conduct violates the Business and Professions Code as alleged above and, consequently, constitutes an unlawful business act of practice within the meaning of Business and Professions Code section 17200.

    (b)     Defendants' conduct threatens an incipient violation of a consumer/antitrust law, including but not limited to the Business and Professions Code as alleged above, or violates the policy or spirit of such law or otherwise significantly threatens or harms competition.

    (c)     Defendants' conduct is likely to mislead the general public and, consequently, constitutes a fraudulent business act or practice within the meaning of Business and Professions Code section 17200.

    (d)     Defendants' acts of untrue and misleading representations are incorporated herein by this reference and are, by definition, violations of Business and Professions Code section 17200.

71.     The unlawful, unfair, and fraudulent business practices of Defendants as described herein present a continuing threat to members of the public.

72.     Plaintiff and other members of the general public have no other adequate remedy of law.

73.     As a result of the aforementioned acts, Plaintiff and Class members have lost money or property and suffered injury in fact. Defendants received and continue to hold unlawfully obtained interests in real property belonging to members of the public who are harmed, as well as Plaintiff's losses described above.

/ /

/ /

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1625
Email: aamits@smits-law.com

18

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND DEMAND FOR JURY TRIAL

918

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

**On The First Cause Of Action For Wrongful Foreclosure - Fraud:**

1. For an order requiring Defendants to show cause, if any they have, why they should not be enjoined as set forth in this complaint, during the pendency of this action;

2. For a temporary restraining order, preliminary injunction and permanent injunction all enjoining Defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them: (a) from proceeding with the trustee's sale set for January 27, 2020 at 1:30 p.m. on the First Deed of Trust; (b) from encumbering the Subject Property; and (c) any and all other wrongful or unlawful actions;

3. For damages in an amount according to proof at trial;

4. For pre-judgment interest accruing at ten percent (10%) per year in an amount according to proof at trial;

5. For exemplary and punitive damages in an amount according to proof at trial;

**On The Second Cause Of Action For Fraud and Deceit – Intentional Misrepresentation:**

6. For an order requiring Defendants to show cause, if any they have, why they should not be enjoined as set forth in this complaint, during the pendency of this action;

7. For a temporary restraining order, preliminary injunction and permanent injunction all enjoining Defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them: (a) from proceeding with the trustee's sale set for January 27, 2020 at 1:30 p.m. on the First Deed of Trust; (b) from encumbering the Subject Property; and (c) any and all other wrongful or unlawful actions;

8. For damages in an amount according to proof at trial;

9. For pre-judgment interest accruing at ten percent (10%) per year in an amount according to proof at trial;

10. For exemplary and punitive damages in an amount according to proof at trial;

/ /

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone (949) 833-1025
Email: asmits@smits-law.com

19

**On The Third Cause Of Action For Negligence:**

11.    For damages in an amount according to proof at trial;

12.    For pre-judgment interest accruing at ten percent (10%) per year in an amount according to proof at trial;

**On The Fourth Cause Of Action For Breach Of Contract:**

13.    For damages in an amount according to proof at trial;

14.    For pre-judgment interest accruing at ten percent (10%) per year in an amount according to proof at trial;

15.    For attorney fees and costs pursuant to the Purchase Agreement;

**On The Fifth Cause Of Action For Rescission Of Contract:**

16.    For a judgment, order, and declaration from this Court that the Purchase Agreement is rescinded;

17.    For damages in an amount according to proof at trial;

18.    For pre-judgment interest accruing at ten percent (10%) per year in an amount according to proof at trial;

19.    For attorney fees and costs pursuant to the Purchase Agreement;

**On The Sixth Cause Of Action For Quieting Title:**

20.    For a judgment that Plaintiff is the owner in fee simple of the Subject Property and that Defendants have no interest in the Subject Property adverse to Plaintiff;

21.    For a judgment that Defendants be enjoined from making any further claim to the Subject Property adverse to Plaintiff, by legal action or otherwise.

**On The Seventh Cause Of Action For Cancellation Of Instruments:**

22.    That the Purchase Agreement (Ex. "A"), Grant Deed recorded May 2, 2019 as Instrument Number 2019000146648 Number (Ex. "J"), First Deed of Trust recorded May 2, 2019 as Instrument Number 2019000146649 (Ex. "B"), and Third Deed of Trust recorded July 16, 2019 as Instrument Number 2019000254315 (Ex. "E") all be declared void;

23.    That Defendants deliver the Purchase Agreement, Grant Deed, First Deed of Trust, and Third Deed of Trust to the clerk of the court for cancellation.

20

LAW OFFICES OF ANDREW A. SMITH
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: aasmith@smith-law.com

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND DEMAND FOR JURY TRIAL

1    24.    For damages in an amount according to proof at trial;

2    25.    For pre-judgment interest accruing at ten percent (10%) per year in an amount

3    according to proof at trial;

4    26.    For exemplary and punitive damages in an amount according to proof at trial;

5    **On The Eighth Cause Of Action For Declaratory Relief:**

6    27.    For a declaration from this Court as follows:

7        (a)    Defendants' notice of trustee's sale setting a foreclosure sale for January 27,

8    2020 with respect to the First Deed of Trust on the Subject Property is fraudulent, invalid and

9    enjoined;

10        (b)    The Purchase Agreement is rescinded, and all the consideration furnished

11    by Plaintiff under the Purchase Agreement is restored to Plaintiff;

12        (c)    The Purchase Agreement, Grant Deed, First Deed of Trust, and Third Deed

13    of Trust are cancelled;

14        (d)    Plaintiff is the sole owner of the Subject Property;

15        (e)    Defendants, including Helping Others International, Zucaro, United Lender,

16    and American Financial and the unknown defendants, have no right, title, estate, lien, or interest in

17    the Subject Property adverse to Plaintiff's interest; and

18        (f)    Plaintiff shall recover from Defendants her attorney fees and costs under the

19    Purchase Agreement and California law.

20    **On The Ninth Cause Of Action For Violation Of Business And Professions Code Section**

21    **17200, Et Seq.:**

22    28.    Pursuant to Business and Professions Code section 17203 and pursuant to the

23    equitable powers of this Court, Plaintiff prays that the Defendants be preliminarily and

24    permanently enjoined from: foreclosing on any secured interest they may claim to have in the

25    Subject Property, including the trustee's sale set for January 27, 2020, and any other real property;

26    29.    Pursuant to Business and Professions Code sections 17203 and pursuant to the

27    equitable powers of this Court, Plaintiff prays that the Defendants be ordered to restore to Plaintiff

28    and the general public all consideration furnished by Plaintiff and the general public, including all

Law Offices of Andrew A. Smits
30 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1    rights, title and interests in real property, including possession thereof and reimbursement of all

2    damages, fees, costs and expenses incurred in connection with, related to and arising from the

3    Purchase Agreement including attorney fees, costs and pre-judgment interest, in any and all real

4    estate purchase transactions declared by this Court to be unlawful or fraudulent or to constitute

5    unfair competition under Business and Professions Code section 17200, et seq.;

6          30.     For attorney fees pursuant to Code of Civil Procedure section 1021.5;

7          31.     For pre-judgment interest accruing at ten percent (10%) per year on all sums

8    ordered to be restored to Plaintiff and the general public;

9    **On All Causes Of Action:**

10          32.     For attorney fees and costs of suit incurred in this action; and

11          33.     For such other and further relief as the Court may deem just and proper.

12

13    Dated: January 20, 2020             LAW OFFICES OF ANDREW A. SMITS

14

15

16                     By: _____

17                        Andrew A. Smits
                         Attorney for Plaintiff Anh Thy Song Nguyen,

18                        Trustee of Mother Nature Trust

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
16 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

22

FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE AND INJUNCTIVE RELIEF; AND
DEMAND FOR JURY TRIAL

**VERIFICATION**

I, Anh Thy Song Nguyen, Trustee for Mother Nature Trust, am the plaintiff in the above-entitled proceeding.  I have read the cause of action for Quieting Title in the First Amended Complaint for Damages, Equitable and Injunctive Relief and know the contents thereof.  The same is true of my own knowledge, except as to those matters that are stated on information and belief, and as to those matters, I believe it to be true.  This Verification is limited to the Quieting Title cause of action only.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 20, 2020

Anh Thy Song Nguyen,
Trustee of Mother Nature Trust

LAW OFFICES OF ANDREW A. SMETS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: aandts@smeta-law.com

1

VERIFICATION

1

## DEMAND FOR JURY TRIAL

2    Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust, hereby demands a jury

3    trial in the above-captioned action.

4

5    Dated: January 20, 2020                    LAW OFFICES OF ANDREW A. SMITS

6

7

8    By: _____
     Andrew A. Smits
9    Attorney for Plaintiff Anh Thy Song Nguyen,
     Trustee of Mother Nature Trust

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

DEMAND FOR JURY TRIAL
924

# EXHIBIT "A"



CALIFORNIA
ASSOCIATION
OF REALTORS®

**CALIFORNIA
RESIDENTIAL PURCHASE AGREEMENT
AND JOINT ESCROW INSTRUCTIONS**
(C.A.R. Form RPA-CA, Revised 12/18)

Date Prepared: _03/26/2019_
1. **OFFER:**
   A. **THIS IS AN OFFER FROM** _____ **Megan Zucaro** _____ ("Buyer").
   B. **THE REAL PROPERTY** to be acquired is _6475 Marigayle Circle, Huntington Beach, CA 92648-6729_, situated in
      _Huntington Beach_ (City), _Orange_ (County), California, _92648-6729_ (Zip Code), Assessor's Parcel No. _110-511-04_ ("Property").
   C. **THE PURCHASE PRICE** offered is _Three Million, One Hundred Fifty Thousand_
                                                                          Dollars $ _3,150,000.00_ .
   D. **CLOSE OF ESCROW** shall occur on ☒_____  _April 12, 2019_  (date)(or ☐_____ **Days** After Acceptance).
   E. Buyer and Seller are referred to herein as the "Parties." Brokers are not Parties to this Agreement.
2. **AGENCY:**
   A. **DISCLOSURE:** The Parties each acknowledge receipt of a ☒ "Disclosure Regarding Real Estate Agency Relationships"
      (C.A.R. Form AD).
   B. **CONFIRMATION:** The following agency relationships are confirmed for this transaction:
      **Seller's Brokerage Firm** _____ License Number _____
      Is the broker of (check one): ☐ the seller; or ☐ both the buyer and seller. (dual agent)
      Seller's Agent _____ License Number _____
      Is (check one): ☐ the Seller's Agent. (salesperson or broker associate) ☐ both the Buyer's and Seller's Agent. (dual agent)

      **Buyer's Brokerage Firm** _John B Spear_ License Number _00344386_
      Is the broker of (check one): ☒ the buyer; or ☐ both the buyer and seller. (dual agent)
      Buyer's Agent _Megan Zucaro_ License Number _01905753_
      Is (check one): ☒ the Buyer's Agent. (salesperson or broker associate) ☐ both the Buyer's and Seller's Agent. (dual agent)
   C. **POTENTIALLY COMPETING BUYERS AND SELLERS:** The Parties each acknowledge receipt of a ☒ "Possible
      Representation of More than One Buyer or Seller - Disclosure and Consent" (C.A.R. Form PRBS).
3. **FINANCE TERMS:** Buyer represents that funds will be good when deposited with Escrow Holder.
   A. **INITIAL DEPOSIT:** Deposit shall be in the amount of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
      **(1) Buyer Direct Deposit:** Buyer shall deliver deposit directly to Escrow Holder by electronic funds
      transfer, ☐ cashier's check, ☐ personal check, ☐ other _____ within 3 business days
      after Acceptance (or _____ );
      **OR (2)** ☐ Buyer Deposit with Agent: Buyer has given the deposit by personal check (or _____ )
      to the agent submitting the offer (or to _____ ), made payable to
      _____ . The deposit shall be held uncashed until Acceptance and then deposited
      with Escrow Holder within 3 business days after Acceptance (or _____ ).
      Deposit checks given to agent shall be an original signed check and not a copy.
      (Note: Initial and increased deposits checks received by agent shall be recorded in Broker's trust fund log.)
   B. **INCREASED DEPOSIT:** Buyer shall deposit with Escrow Holder an increased deposit in the amount of . . . . . . . . $ _____
      within _____ Days After Acceptance (or _____ ).
      If the Parties agree to liquidated damages in this Agreement, they also agree to incorporate the increased
      deposit into the liquidated damages amount in a separate liquidated damages clause (C.A.R. Form
      RID) at the time the increased deposit is delivered to Escrow Holder.
   C. ☐ **ALL CASH OFFER:** No loan is needed to purchase the Property. This offer is NOT contingent on Buyer
      obtaining a loan. Written verification of sufficient funds to close this transaction IS ATTACHED to this offer or
      ☐ Buyer shall, within 3 (or _____ ) **Days** After Acceptance, Deliver to Seller such verification.
   D. **LOAN(S):**
      **(1) FIRST LOAN:** in the amount of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _2,047,500.00_
      This loan will be conventional financing **OR** ☐ FHA, ☐ VA, ☐ Seller financing (C.A.R. Form SFA),
      ☐ assumed financing (C.A.R. Form AFA), ☒ Other _Private Money_ . This loan shall be at a fixed
      rate not to exceed _____ % or, ☐ an adjustable rate loan with initial rate not to exceed _____ %.
      Regardless of the type of loan, Buyer shall pay points not to exceed _____ % of the loan amount.
      **(2)** ☒ **SECOND LOAN** in the amount of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _1,102,500.00_
      This loan will be conventional financing **OR** ☒ Seller financing (C.A.R. Form SFA), ☐ assumed
      financing (C.A.R. Form AFA), ☐ Other _____ . This loan shall be at a fixed rate not to
      exceed _____ % or, ☐ an adjustable rate loan with initial rate not to exceed _____ %. Regardless of
      the type of loan, Buyer shall pay points not to exceed _____ % of the loan amount.
      **(3) FHA/VA:** For any FHA or VA loan specified in 3D(1), Buyer has 17 (or _____ ) **Days** After Acceptance
      to Deliver to Seller written notice (C.A.R. Form FVA) of any lender-required repairs or costs that
      Buyer requests Seller to pay for or otherwise correct. Seller has no obligation to pay or satisfy lender
      requirements unless agreed in writing. A FHA/VA amendatory clause (C.A.R. Form FVAC) shall be a
      part of this Agreement.
   E. **ADDITIONAL FINANCING TERMS:** _____

   F. **BALANCE OF DOWN PAYMENT OR PURCHASE PRICE** in the amount of . . . . . . . . . . . . . . . . . . . . . . . . $ _____
      to be deposited with Escrow Holder pursuant to Escrow Holder instructions.
   G. **PURCHASE PRICE (TOTAL):** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _3,150,000.00_
   Buyer's Initials ( _MZ_ ) ( _____ )                                  Seller's Initials ( _JU_ ) ( _____ )
   © 1991-2018, California Association of REALTORS®, Inc.

**RPA-CA REVISED 12/18 (PAGE 1 OF 10)**
**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 1 OF 10)**

Offer To Close, 19525 Ventura Blvd #D Tarzana CA 91356                Phone: 8182123654        Fax:                6475 Marigayle
Transaction Coordinator            Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

Property Address: **6475 Marigayle Circle, Huntington Beach, CA  92648-6729**                    Date: **March 26, 2019**

**H. VERIFICATION OF DOWN PAYMENT AND CLOSING COSTS:** Buyer (or Buyer's lender or loan broker pursuant to paragraph 3J(1)) shall, within **3 (or ____ ) Days** After Acceptance, Deliver to Seller written verification of Buyer's down payment and closing costs. ( ☐ Verification attached.)

**I. APPRAISAL CONTINGENCY AND REMOVAL:** This Agreement is **(or ☐ is NOT)** contingent upon a written appraisal of the Property by a licensed or certified appraiser at no less than the purchase price. Buyer shall, as specified in paragraph 14B(3). in writing, remove the appraisal contingency or cancel this Agreement within **17 (or ____ ) Days** After Acceptance.

**J. LOAN TERMS:**

**(1) LOAN APPLICATIONS:** Within **3 (or ____ ) Days** After Acceptance, Buyer shall Deliver to Seller a letter from Buyer's lender or loan broker stating that, based on a review of Buyer's written application and credit report, Buyer is prequalified or preapproved for any NEW loan specified in paragraph 3D. If any loan specified in paragraph 3D is an adjustable rate loan, the prequalification or preapproval letter shall be based on the qualifying rate, not the initial loan rate. ( ☐ Letter attached.)

**(2) LOAN CONTINGENCY:** Buyer shall act diligently and in good faith to obtain the designated loan(s). Buyer's qualification for the loan(s) specified above **is a contingency** of this Agreement unless otherwise agreed in writing. If there is no appraisal contingency or the appraisal contingency has been waived or removed, then failure of the Property to appraise at the purchase price does not entitle Buyer to exercise the cancellation right pursuant to the loan contingency if Buyer is otherwise qualified for the specified loan. Buyer's contractual obligations regarding deposit, balance of down payment and closing costs **are not contingencies** of this Agreement.

**(3) LOAN CONTINGENCY REMOVAL:**

Within **21 (or ____ ) Days** After Acceptance, Buyer shall, as specified in paragraph 14, in writing, remove the loan contingency or cancel this Agreement. If there is an appraisal contingency, removal of the loan contingency shall not be deemed removal of the appraisal contingency.

**(4) ☒ NO LOAN CONTINGENCY:** Obtaining any loan specified above is NOT a contingency of this Agreement. If Buyer does not obtain the loan and as a result does not purchase the Property, Seller may be entitled to Buyer's deposit or other legal remedies.

**(5) LENDER LIMITS ON BUYER CREDITS:** Any credit to Buyer, from any source, for closing or other costs that is agreed to by the Parties ("Contractual Credit") shall be disclosed to Buyer's lender. If the total credit allowed by Buyer's lender ("Lender Allowable Credit") is less than the Contractual Credit, then (i) the Contractual Credit shall be reduced to the Lender Allowable Credit, and (ii) in the absence of a separate written agreement between the Parties, there shall be no automatic adjustment to the purchase price to make up for the difference between the Contractual Credit and the Lender Allowable Credit.

**K. BUYER STATED FINANCING:** Seller is relying on Buyer's representation of the type of financing specified (including but not limited to, as applicable, all cash, amount of down payment, or contingent or non-contingent loan). Seller has agreed to a specific closing date, purchase price and to sell to Buyer in reliance on Buyer's covenant concerning financing. Buyer shall pursue the financing specified in this Agreement. Seller has no obligation to cooperate with Buyer's efforts to obtain any financing other than that specified in the Agreement and the availability of any such alternate financing does not excuse Buyer from the obligation to purchase the Property and close escrow as specified in this Agreement.

**4. SALE OF BUYER'S PROPERTY:**

**A.** This Agreement and Buyer's ability to obtain financing are NOT contingent upon the sale of any property owned by Buyer.

OR **B.** ☐  This Agreement and Buyer's ability to obtain financing are contingent upon the sale of property owned by Buyer as specified in the attached addendum (C.A.R. Form COP).

**5. ADDENDA AND ADVISORIES:**

**A. ADDENDA:**

| | |
|---|---|
| ☒ Addendum #  _1_   (C.A.R. Form ADM) | |
| ☐ Back Up Offer Addendum (C.A.R. Form BUO) | ☐ Court Confirmation Addendum (C.A.R. Form CCA) |
| ☐ Septic, Well and Property Monument Addendum (C.A.R. Form SWPI) | |
| ☐ Short Sale Addendum (C.A.R. Form SSA) | ☐ Other |

**B. BUYER AND SELLER ADVISORIES:**

| | |
|---|---|
| ☒ Buyer's Inspection Advisory (C.A.R. Form BIA) | |
| ☐ Probate Advisory (C.A.R. Form PA) | ☐ Statewide Buyer and Seller Advisory (C.A.R. Form SBSA) |
| ☐ Trust Advisory (C.A.R. Form TA) | ☐ REO Advisory (C.A.R. Form REO) |
| ☐ Short Sale Information and Advisory (C.A.R. Form SSIA) | ☐ Other |

**6. OTHER TERMS:** **1. Seller to pay $150,000 commission to Megan Zucaro.**

**7. ALLOCATION OF COSTS**

**A. INSPECTIONS, REPORTS AND CERTIFICATES:** Unless otherwise agreed in writing, this paragraph only determines who is to pay for the inspection, test, certificate or service ("Report") mentioned; it **does not determine who is to pay for any work recommended or identified in the Report.**

(1) ☐ Buyer ☐ Seller shall pay for a natural hazard zone disclosure report, including tax ☐ environmental ☐ Other: ____ ____ prepared by ____ .

(2) ☐ Buyer ☐ Seller shall pay for the following Report ____ prepared by ____ .

(3) ☐ Buyer ☐ Seller shall pay for the following Report ____ prepared by ____ .

**B. GOVERNMENT REQUIREMENTS AND RETROFIT:**

(1) ☐ Buyer ☐ Seller shall pay for smoke alarm and carbon monoxide device installation and water heater bracing, if required by Law. Prior to Close Of Escrow ("COE"), Seller shall provide Buyer written statement(s) of compliance in accordance with state and local Law, unless Seller is exempt.

Buyer's Initials ( _MZ_ ) ( ____ )                    Seller's Initials ( _tw_ ) ( ____ )   

RPA-CA REVISED 12/18 (PAGE 2 OF 10)

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT  (RPA-CA PAGE 2 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com                    6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA  92648-6729**                Date: **March 26, 2019**

(2) (i) ☐ Buyer ☐ Seller shall pay the cost of compliance with any other minimum mandatory government inspections and reports if required as a condition of closing escrow under any Law.

(ii) ☐ Buyer ☐ Seller shall pay the cost of compliance with any other minimum mandatory government retrofit standards required as a condition of closing escrow under any Law, whether the work is required to be completed before or after COE.

(iii) Buyer shall be provided, within the time specified in paragraph 14A, a copy of any required government conducted or point-of-sale inspection report prepared pursuant to this Agreement or in anticipation of this sale of the Property.

**C. ESCROW AND TITLE:**

(1) (a) ☒ Buyer ☒ Seller shall pay escrow fee **Each Pay Own Share.**                    .
  (b) Escrow Holder shall be **Seller's Choice**                    .
  (c) The Parties shall, within **5 (or ___ ) Days** After receipt, sign and return Escrow Holder's general provisions.

(2) (a) ☐ Buyer ☒ Seller shall pay for **owner's** title insurance policy specified in paragraph 13E                    .
  (b) Owner's title policy to be issued by **Seller's Choice**                    .
  (Buyer shall pay for any title insurance policy insuring Buyer's **lender**, unless otherwise agreed in writing.)

**D. OTHER COSTS:**

(1) ☐ Buyer ☒ Seller shall pay County transfer tax or fee                    .
(2) ☐ Buyer ☒ Seller shall pay City transfer tax or fee                    .
(3) ☐ Buyer ☒ Seller shall pay Homeowners' Association ("HOA") transfer fee **If applicable**                    .
(4) Seller shall pay HOA fees for preparing documents required to be delivered by Civil Code §4525.
(5) ☐ Buyer ☐ Seller shall pay HOA fees for preparing all documents other than those required by Civil Code §4525.
(6) Buyer to pay for any HOA certification fee.
(7) ☐ Buyer ☒ Seller shall pay for any private transfer fee **If applicable**                    .
(8) ☐ Buyer ☐ Seller shall pay for                    .
(9) ☐ Buyer ☐ Seller shall pay for                    .
(10) ☐ Buyer ☒ Seller shall pay for the cost, not to exceed $ **850.00**                    , of a standard (or ☒ upgraded) one-year home warranty plan, issued by **Buyer's Choice**                    , with the following optional coverages: ☒ Air Conditioner ☐ Pool/Spa ☐ Other:                    .
  Buyer is informed that home warranty plans have many optional coverages in addition to those listed above. Buyer is advised to investigate these coverages to determine those that may be suitable for Buyer.
  OR ☐ **Buyer waives the purchase of a home warranty plan. Nothing in this paragraph precludes Buyer's purchasing a home warranty plan during the term of this Agreement.**

**8. ITEMS INCLUDED IN AND EXCLUDED FROM SALE:**

**A. NOTE TO BUYER AND SELLER:** Items listed as included or excluded in the MLS, flyers or marketing materials are **not** included in the purchase price or excluded from the sale unless specified in paragraph 8 B or C.

**B. ITEMS INCLUDED IN SALE:** Except as otherwise specified or disclosed,

(1) All EXISTING fixtures and fittings that are attached to the Property;
(2) EXISTING electrical, mechanical, lighting, plumbing and heating fixtures, ceiling fans, fireplace inserts, gas logs and grates, solar power systems, built-in appliances, window and door screens, awnings, shutters, window coverings, attached floor coverings, television antennas, satellite dishes, air coolers/conditioners, pool/spa equipment, garage door openers/remote controls, mailbox, in-ground landscaping, trees/shrubs, water features and fountains, water softeners, water purifiers, security systems/alarms and the following if checked: ☐ all stove(s), except                    ; ☐ all refrigerator(s) except                    ; ☐ all washer(s) and dryer(s), except                    ;
(3) The following additional items:                    .
(4) Existing integrated phone and home automation systems, including necessary components such as intranet and Internet-connected hardware or devices, control units (other than non-dedicated mobile devices, electronics and computers) and applicable software, permissions, passwords, codes and access Information, are (☐ are NOT) included in the sale.
(5) LEASED OR LIENED ITEMS AND SYSTEMS: Seller shall, within the time specified in paragraph 14A, (i) disclose to Buyer if any item or system specified in paragraph 8B or otherwise included in the sale is leased, or not owned by Seller, or specifically subject to a lien or other encumbrance, and (ii) Deliver to Buyer all written materials (such as lease, warranty, etc.) concerning any such item. Buyer's ability to assume any such lease, or willingness to accept the Property subject to any such lien or encumbrance, is a contingency in favor of Buyer and Seller as specified in paragraph 14B and C.
(6) Seller represents that all items included in the purchase price, unless otherwise specified, (i) are owned by Seller and shall be transferred free and clear of liens and encumbrances, except the items and systems identified pursuant to 8B(5) and ____
                    , and (ii) are transferred without Seller warranty regardless of value.

**C. ITEMS EXCLUDED FROM SALE:** Unless otherwise specified, the following items are excluded from sale: (i) audio and video components (such as flat screen TVs, speakers and other items) if any such item is not itself attached to the Property, even if a bracket or other mechanism attached to the component or item is attached to the Property; (ii) furniture and other items secured to the Property for earthquake purposes; and (iii)                    .

                    . **Brackets attached to walls, floors or ceilings for any such component, furniture or item shall remain with the Property (or ☐ will be removed and holes or other damage shall be repaired, but not painted).**

**9. CLOSING AND POSSESSION:**

**A.** Buyer Intends (or ☐ does not intend) to occupy the Property as Buyer's primary residence.

**B. Seller-occupied or vacant property:** Possession shall be delivered to Buyer: (i) at 6 PM or ( ___ ☐ AM/☐ PM) on the date of Close Of Escrow; (ii) ☐ no later than ___ calendar days after Close Of Escrow; or (iii) ☐ at ___ ☐ AM/☐ PM on                    .

Buyer's Initials  ( *JMZ* ) ( ___ )          Seller's Initials ( ~~~ ) ( ___ )

**RPA-CA REVISED 12/18 (PAGE 3 OF 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT  (RPA-CA PAGE 3 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com          6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA  92648-6729**                    Date: **March 26, 2019**

**C. Seller remaining in possession After Close Of Escrow:** If Seller has the right to remain in possession after Close Of Escrow, (i) the Parties are advised to sign a separate occupancy agreement such as ☐ C.A.R. Form SIP, for Seller continued occupancy of less than 30 days, ☐ C.A.R. Form RLAS for Seller continued occupancy of 30 days or more; and (ii) the Parties are advised to consult with their insurance and legal advisors for information about liability and damage or injury to persons and personal and real property; and (iii) Buyer is advised to consult with Buyer's lender about the impact of Seller's occupancy on Buyer's loan.

**D. Tenant-occupied property: Property shall be vacant at least 5 (or ___ ) Days** Prior to Close Of Escrow, unless otherwise agreed in writing. **Note to Seller: If you are unable to deliver Property vacant in accordance with rent control and other applicable Law, you may be in breach of this Agreement.**

OR ☐ **Tenant to remain in possession** (C.A.R. Form TIP).

**E.** At Close Of Escrow: Seller assigns to Buyer any assignable warranty rights for items included in the sale; and Seller shall Deliver to Buyer available Copies of any such warranties. Brokers cannot and will not determine the assignability of any warranties.

**F.** At Close Of Escrow, unless otherwise agreed in writing, Seller shall provide keys, passwords, codes and/or means to operate all locks, mailboxes, security systems, alarms, home automation systems and intranet and Internet-connected devices included in the purchase price, and garage door openers. If the Property is a condominium or located in a common interest subdivision, Buyer may be required to pay a deposit to the Homeowners' Association ("HOA") to obtain keys to accessible HOA facilities.

**10. STATUTORY AND OTHER DISCLOSURES (INCLUDING LEAD-BASED PAINT HAZARD DISCLOSURES) AND CANCELLATION RIGHTS:**

   **A. (1)** Seller shall, within the time specified in paragraph 14A, Deliver to Buyer: (i) if required by Law, a fully completed: Federal Lead-Based Paint Disclosures (C.A.R. Form FLD) and pamphlet ("Lead Disclosures"); and (ii) unless exempt, fully completed disclosures or notices required by sections 1102 et. seq. and 1103 et. seq. of the Civil Code ("Statutory Disclosures"). Statutory Disclosures include, but are not limited to, a Real Estate Transfer Disclosure Statement ("TDS"), Natural Hazard Disclosure Statement ("NHD"), notice or actual knowledge of release of illegal controlled substance, notice of special tax and/or assessments (or, if allowed, substantially equivalent notice regarding the Mello-Roos Community Facilities Act of 1982 and Improvement Bond Act of 1915) and, if Seller has actual knowledge, of industrial use and military ordnance location (C.A.R. Form SPQ or ESD).

   **(2)** Any Statutory Disclosure required by this paragraph is considered fully completed if Seller has answered all questions and completed and signed the Seller section(s) and the Seller's Agent, if any, has completed and signed the Seller's Brokerage Firm section(s), or, if applicable, an Agent Visual Inspection Disclosure (C.A.R. Form AVID). Nothing stated herein relieves a Buyer's Brokerage Firm, if any, from the obligation to (i) conduct a reasonably competent and diligent visual inspection of the accessible areas of the Property and disclose, on Section IV of the TDS, or an AVID, material facts affecting the value or desirability of the Property that were or should have been revealed by such an inspection or (ii) complete any sections on all disclosures required to be completed by Buyer's Brokerage Firm.

   **(3) Note to Buyer and Seller:** Waiver of Statutory and Lead Disclosures is prohibited by Law.

   **(4)** Within the time specified in paragraph 14A, (i) Seller, unless exempt from the obligation to provide a TDS, shall, complete and provide Buyer with a Seller Property Questionnaire (C.A.R. Form SPQ); (ii) if Seller is not required to provide a TDS, Seller shall complete and provide Buyer with an Exempt Seller Disclosure (C.A.R. Form ESD).

   **(5)** Buyer shall, within the time specified in paragraph 14B(1), return Signed Copies of the Statutory, Lead and other disclosures to Seller.

   **(6)** In the event Seller or Seller's Brokerage Firm, prior to Close Of Escrow, becomes aware of adverse conditions materially affecting the Property, or any material inaccuracy in disclosures, information or representations previously provided to Buyer, Seller shall promptly provide a subsequent or amended disclosure or notice, in writing, covering those items. **However, a subsequent or amended disclosure shall not be required for conditions and material inaccuracies** of which Buyer is otherwise aware, or which are **disclosed in reports provided to or obtained by Buyer or ordered and paid for by Buyer.**

   **(7)** If any disclosure or notice specified in paragraph 10A(1), or subsequent or amended disclosure or notice is Delivered to Buyer after the offer is Signed, Buyer shall have the right to cancel this Agreement within **3 Days** After Delivery in person, or **5 Days** After Delivery by deposit in the mail, or by an electronic record satisfying the Uniform Electronic Transactions Act (UETA), by giving written notice of cancellation to Seller or Seller's agent.

   **B. NATURAL AND ENVIRONMENTAL HAZARD DISCLOSURES AND OTHER BOOKLETS:** Within the time specified in paragraph 14A, Seller shall, if required by Law: (i) Deliver to Buyer earthquake guide(s) (and questionnaire), environmental hazards booklet, and home energy rating pamphlet; (ii) disclose if the Property is located in a Special Flood Hazard Area; Potential Flooding (Inundation) Area; Very High Fire Hazard Zone; State Fire Responsibility Area; Earthquake Fault Zone; and Seismic Hazard Zone; and (iii) disclose any other zone as required by Law and provide any other information required for those zones.

   **C. WITHHOLDING TAXES:** Within the time specified in paragraph 14A, to avoid required withholding, Seller shall Deliver to Buyer or qualified substitute, an affidavit sufficient to comply with federal (FIRPTA) and California withholding Law (C.A.R. Form AS or QS).

   **D. MEGAN'S LAW DATABASE DISCLOSURE:** Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at **www.meganslaw.ca.gov.** Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides. (Neither Seller nor Brokers are required to check this website. If Buyer wants further information, Broker recommends that Buyer obtain information from this website during Buyer's inspection contingency period. Brokers do not have expertise in this area.)

   **E. NOTICE REGARDING GAS AND HAZARDOUS LIQUID TRANSMISSION PIPELINES:** This notice is being provided simply to inform you that information about the general location of gas and hazardous liquid transmission pipelines is available to the public via the National Pipeline Mapping System (NPMS) Internet Web site maintained by the United States Department of Transportation at **http://www.npms.phmsa.dot.gov/.** To seek further information about possible transmission pipelines near the Property, you may contact your local gas utility or other pipeline operators in the area. Contact information for pipeline operators is searchable by ZIP Code and county on the NPMS Internet Web site.

   **F. CONDOMINIUM/PLANNED DEVELOPMENT DISCLOSURES:**
   **(1) SELLER HAS: 7 (or ___ ) Days** After Acceptance to disclose to Buyer if the Property is a condominium, or is located in a planned development or other common interest subdivision (C.A.R. Form SPQ or ESD).

Buyer's Initials  ( MF )  ( )                    Seller's Initials  ( )  ( )

**RPA-CA REVISED 12/18 (PAGE 4 OF 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT  (RPA-CA PAGE 4 OF 10)**

Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com                    6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA 92648-6729**                    Date: **March 26, 2019**

(2) If the Property is a condominium or is located in a planned development or other common interest subdivision, Seller has 3 (or ___ ) Days After Acceptance to request from the HOA (C.A.R. Form HOA1): (i) Copies of any documents required by Law; (ii) disclosure of any pending or anticipated claim or litigation by or against the HOA; (iii) a statement containing the location and number of designated parking and storage spaces; (iv) Copies of the most recent 12 months of HOA minutes for regular and special meetings; and (v) the names and contact information of all HOAs governing the Property (collectively, "CI Disclosures"). (vi) private transfer fees; (vii) Pet fee restrictions; and (viii) smoking restrictions. Seller shall itemize and Deliver to Buyer all CI Disclosures received from the HOA and any CI Disclosures in Seller's possession. Buyer's approval of CI Disclosures is a contingency of this Agreement as specified in paragraph 14B(3). The Party specified in paragraph 7, as directed by escrow, shall deposit funds into escrow or direct to HOA or management company to pay for any of the above.

11. **CONDITION OF PROPERTY:** Unless otherwise agreed in writing: (i) the Property is sold (a) "AS-IS" in its PRESENT physical condition as of the date of Acceptance and (b) subject to Buyer's Investigation rights; (ii) the Property, including pool, spa, landscaping and grounds, is to be maintained in substantially the same condition as on the date of Acceptance; and (iii) all debris and personal property not included in the sale shall be removed by Close Of Escrow.
   A. Seller shall, within the time specified in paragraph 14A, DISCLOSE KNOWN MATERIAL FACTS AND DEFECTS affecting the Property, including known insurance claims within the past five years, and make any and all other disclosures required by Law.
   B. Buyer has the right to conduct Buyer Investigations of the Property and, as specified in paragraph 14B, based upon information discovered in those investigations: (i) cancel this Agreement; or (ii) request that Seller make Repairs or take other action.
   C. **Buyer is strongly advised to conduct investigations of the entire Property in order to determine its present condition. Seller may not be aware of all defects affecting the Property or other factors that Buyer considers important. Property improvements may not be built according to code, in compliance with current Law, or have had permits issued.**

12. **BUYER'S INVESTIGATION OF PROPERTY AND MATTERS AFFECTING PROPERTY:**
   A. Buyer's acceptance of the condition of, and any other matter affecting the Property, is a contingency of this Agreement as specified in this paragraph and paragraph 14B. Within the time specified in paragraph 14B(1), Buyer shall have the right, at Buyer's expense unless otherwise agreed, to conduct inspections, tests, surveys and other studies ("Buyer Investigations"), including, but not limited to: (i) a general physical inspection; (ii) an inspection specifically for wood destroying pests and organisms. Any inspection for wood destroying pests and organisms shall be prepared by a registered Structural Pest Control company; shall cover the main building and attached structures; may cover detached structures; shall NOT include water tests of shower pans on upper level units unless the owners of property below the shower consent; shall NOT include roof coverings; and, if the Property is a unit in a condominium or other common interest subdivision, the inspection shall include only the separate interest and any exclusive-use areas being transferred, and shall NOT include common areas; and shall include a report ("Pest Control Report") showing the findings of the company which shall be separated into sections for evident infestation or infections (Section 1) and for conditions likely to lead to infestation or infection (Section 2); (iii) inspect for lead-based paint and other lead-based paint hazards; (iv) satisfy Buyer as to any matter specified in the attached Buyer's Inspection Advisory (C.A.R. Form BIA); (v) review the registered sex offender database; (vi) confirm the insurability of Buyer and the Property including the availability and cost of flood and fire insurance; and (vii) review and seek approval of leases that may need to be assumed by Buyer. Without Seller's prior written consent, Buyer shall neither make nor cause to be made: invasive or destructive Buyer Investigations, except for minimally invasive testing required to prepare a Pest Control Report; or inspections by any governmental building or zoning inspector or government employee, unless required by Law.
   B. Seller shall make the Property available for all Buyer Investigations. Buyer shall (i) as specified in paragraph 14B, complete Buyer Investigations and either remove the contingency or cancel this Agreement, and (ii) give Seller, at no cost, complete Copies of all such Investigation reports obtained by Buyer, which obligation shall survive the termination of this Agreement.
   C. Seller shall have water, gas, electricity and all operable pilot lights on for Buyer's Investigations and through the date possession is made available to Buyer.
   D. **Buyer indemnity and seller protection for entry upon property:** Buyer shall: (i) keep the Property free and clear of liens; (ii) repair all damage arising from Buyer Investigations; and (iii) indemnify and hold Seller harmless from all resulting liability, claims, demands, damages and costs. Buyer shall carry, or Buyer shall require anyone acting on Buyer's behalf to carry, policies of liability, workers' compensation and other applicable insurance, defending and protecting Seller from liability for any injuries to persons or property occurring during any Buyer Investigations or work done on the Property at Buyer's direction prior to Close Of Escrow. Seller is advised that certain protections may be afforded Seller by recording a "Notice of Non-Responsibility" (C.A.R. Form NNR) for Buyer Investigations and work done on the Property at Buyer's direction. Buyer's obligations under this paragraph shall survive the termination of this Agreement.

13. **TITLE AND VESTING:**
   A. Within the time specified in paragraph 14, Buyer shall be provided a current preliminary title report ("Preliminary Report"). The Preliminary Report is only an offer by the title insurer to issue a policy of title insurance and may not contain every item affecting title. Buyer's review of the Preliminary Report and any other matters which may affect title are a contingency of this Agreement as specified in paragraph 14B. The company providing the Preliminary Report, prior to issuing a Preliminary Report, conduct a search of the General Index for all Sellers except banks or other institutional lenders selling properties they acquired through foreclosure (REOs), corporations, and government entities. Seller shall within 7 Days After Acceptance, give Escrow Holder a completed Statement of Information.
   B. Title is taken in its present condition subject to all encumbrances, easements, covenants, conditions, restrictions, rights and other matters, whether of record or not, as of the date of Acceptance except for: (i) monetary liens of record (which Seller is obligated to pay off) unless Buyer is assuming those obligations or taking the Property subject to those obligations; and (ii) those matters which Seller has agreed to remove in writing.
   C. Within the time specified in paragraph 14A, Seller has a duty to disclose to Buyer all matters known to Seller affecting title, whether of record or not.
   D. At Close Of Escrow, Buyer shall receive a grant deed conveying title (or, for stock cooperative or long-term lease, an assignment of stock certificate or of Seller's leasehold interest), including oil, mineral and water rights if currently owned by Seller. Title shall vest as designated in Buyer's supplemental escrow instructions. THE MANNER OF TAKING TITLE MAY HAVE SIGNIFICANT LEGAL AND TAX CONSEQUENCES. CONSULT AN APPROPRIATE PROFESSIONAL.
   E. Buyer shall receive a CLTA/ALTA "Homeowner's Policy of Title Insurance", if applicable to the type of property and buyer. If not, Escrow Holder shall notify Buyer. A title company can provide information about the availability, coverage, and cost of other title policies and endorsements. If the Homeowner's Policy is not available, Buyer shall choose another policy, instruct Escrow Holder in writing and shall pay any increase in cost.

Buyer's Initials ( _MZ_ ) (_____)                                    Seller's Initials ( _/M_ ) (_____)

**RPA-CA REVISED 12/18 (PAGE 5 OF 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT  (RPA-CA PAGE 5 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com              6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA  92648-6729**                    Date: **March 26, 2019**

**14. TIME PERIODS; REMOVAL OF CONTINGENCIES; CANCELLATION RIGHTS: The following time periods may only be extended, altered, modified or changed by mutual written agreement. Any removal of contingencies or cancellation under this paragraph by either Buyer or Seller must be exercised in good faith and in writing (C.A.R. Form CR or CC).**

A. **SELLER HAS: 7 (or ____ ) Days** After Acceptance to Deliver to Buyer all Reports, disclosures and information for which Seller is responsible under paragraphs 5, 6, 7, 8B(5), 10A, B, C, and F, 11A and 13A. If, by the time specified, Seller has not Delivered any such item, Buyer after first Delivering to Seller a Notice to Seller to Perform (C.A.R. Form NSP) may cancel this Agreement.

B. **(1) BUYER HAS: 17 (or _0_ ) Days** After Acceptance, unless otherwise agreed in writing, to:
   (i) complete all Buyer Investigations; review all disclosures, reports, lease documents to be assumed by Buyer pursuant to paragraph 8B(5), and other applicable information, which Buyer receives from Seller; and approve all matters affecting the Property; and **(ii)** Deliver to Seller Signed Copies of Statutory and Lead Disclosures and other disclosures Delivered by Seller in accordance with paragraph 10A.
   **(2)** Within the time specified in paragraph 14B(1), Buyer may request that Seller make repairs or take any other action regarding the Property (C.A.R. Form RR). Seller has no obligation to agree to or respond to (C.A.R. Form RRRR) Buyer's requests.
   **(3)** By the end of the time specified in paragraph 14B(1) (or as otherwise specified in this Agreement), Buyer shall Deliver to Seller a removal of the applicable contingency or cancellation (C.A.R. Form CR or CC) of this Agreement. However, if any report, disclosure or information for which Seller is responsible is not Delivered within the time specified in paragraph 14A, then Buyer has **5 (or ____ ) Days** After Delivery of any such items, or the time specified in paragraph 14B(1), whichever is later, to Deliver to Seller a removal of the applicable contingency or cancellation of this Agreement.
   **(4) Continuation of Contingency:** Even after the end of the time specified in paragraph 14B(1) and before Seller cancels, if at all, pursuant to paragraph 14D, Buyer retains the right, in writing, to either (i) remove remaining contingencies, or (ii) cancel this Agreement based on a remaining contingency. Once Buyer's written removal of all contingencies is Delivered to Seller, Seller may not cancel this Agreement pursuant to paragraph 14D(1).
   **(5) Access to Property:** Buyer shall have access to the Property to conduct inspections and investigations for **17 (or ____ ) Days** After Acceptance, whether or not any part of the Buyer's Investigation Contingency has been waived or removed.

C. ☐ **REMOVAL OF CONTINGENCIES WITH OFFER: Buyer removes the contingencies specified in the attached Contingency Removal form (C.A.R. Form CR). If Buyer removes any contingency without an adequate understanding of the Property's condition or Buyer's ability to purchase, Buyer is acting against the advice of Broker.**

D. **SELLER RIGHT TO CANCEL:**
   **(1) Seller right to Cancel; Buyer Contingencies:** If, by the time specified in this Agreement, Buyer does not Deliver to Seller a removal of the applicable contingency or cancellation of this Agreement, then Seller, after first Delivering to Buyer a Notice to Buyer to Perform (C.A.R. Form NBP), may cancel this Agreement. In such event, Seller shall authorize the return of Buyer's deposit, except for fees incurred by Buyer.
   **(2) Seller right to Cancel; Buyer Contract Obligations:** Seller, after first delivering to Buyer a NBP, may cancel this Agreement if, by the time specified in this Agreement, Buyer does not take the following action(s): (i) Deposit funds as required by paragraph 3A, or 3B or if the funds deposited pursuant to paragraph 3A or 3B are not good when deposited; **(ii)** Deliver a notice of FHA or VA costs or terms as required by paragraph 3D(3) (C.A.R. Form FVA); **(iii)** Deliver a letter as required by paragraph 3J(1); **(iv)** Deliver verification, or a satisfactory verification if Seller reasonably disapproves of the verification already provided, as required by paragraph 3C or 3H; **(v)** In writing assume or accept leases or liens specified in 8B5; **(vi)** Return Statutory and Lead Disclosures as required by paragraph 10A(5); or **(vii)** Sign or initial a separate liquidated damages form for an increased deposit as required by paragraphs 3B and 21B; or **(viii)** Provide evidence of authority to sign in a representative capacity as specified in paragraph 19. In such event, Seller shall authorize the return of Buyer's deposit, except for fees incurred by Buyer.

E. **NOTICE TO BUYER OR SELLER TO PERFORM:** The NBP or NSP shall: **(i)** be in writing; **(ii)** be signed by the applicable Buyer or Seller; and **(iii)** give the other Party at least **2 (or ____ ) Days** After Delivery (or until the time specified in the applicable paragraph, whichever occurs last) to take the applicable action. A NBP or NSP may not be Delivered any earlier than **2 Days** Prior to the expiration of the applicable time for the other Party to remove a contingency or cancel this Agreement or meet an obligation specified in paragraph 14.

F. **EFFECT OF BUYER'S REMOVAL OF CONTINGENCIES:** If Buyer removes, in writing, any contingency or cancellation rights, unless otherwise specified in writing, Buyer shall conclusively be deemed to have: **(i)** completed all Buyer Investigations, and review of reports and other applicable information and disclosures pertaining to that contingency or cancellation right; **(ii)** elected to proceed with the transaction; and **(iii)** assumed all liability, responsibility and expense for Repairs or corrections pertaining to that contingency or cancellation right, or for the inability to obtain financing.

G. **CLOSE OF ESCROW:** Before Buyer or Seller may cancel this Agreement for failure of the other Party to close escrow pursuant to this Agreement, Buyer or Seller must first Deliver to the other Party a demand to close escrow (C.A.R. Form DCE). The DCE shall: **(i)** be signed by the applicable Buyer or Seller; and **(ii)** give the other Party at least **3 (or ____ ) Days** After Delivery to close escrow. A DCE may not be Delivered any earlier than **3 Days** Prior to the scheduled close of escrow.

H. **EFFECT OF CANCELLATION ON DEPOSITS:** If Buyer or Seller gives written notice of cancellation pursuant to rights duly exercised under the terms of this Agreement, the Parties agree to Sign mutual instructions to cancel the sale and escrow and release deposits, if any, to the party entitled to the funds, less fees and costs incurred by that party. Fees and costs may be payable to service providers and vendors for services and products provided during escrow. Except as specified below, **release of funds will require mutual Signed release Instructions from the Parties, judicial decision or arbitration award.** If either Party fails to execute mutual instructions to cancel escrow, one Party may make a written demand to Escrow Holder for the deposit. (C.A.R. Form BDRD or SDRD). Escrow Holder, upon receipt, shall promptly deliver notice of the demand to the other Party. If, within 10 Days After Escrow Holder's notice, the other Party does not object to the demand, Escrow Holder shall disburse the deposit to the Party making the demand. If Escrow Holder complies with the preceding process, each Party shall be deemed to have released Escrow Holder from any and all claims or liability related to the disbursal of the deposit. Escrow Holder, at its discretion, may nonetheless require mutual cancellation instructions. **A Party may be subject to a civil penalty of up to $1,000 for refusal to sign cancellation instructions if no good faith dispute exists as to who is entitled to the deposited funds (Civil Code §1057.3).**

Buyer's Initials  ( _MZ_ ) ( _____ )                              Seller's Initials  ( ~ ) ( _____ )

**RPA-CA REVISED 12/18 (PAGE 6 OF 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT  (RPA-CA PAGE 6 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com                    6475 Marigayle

15. **FINAL VERIFICATION OF CONDITION:** Buyer shall have the right to make a final verification of the Property within **5 (or ___ ) Days** Prior to Close Of Escrow, NOT AS A CONTINGENCY OF THE SALE, but solely to confirm: **(i)** the Property is maintained pursuant to paragraph 11; **(ii)** Repairs have been completed as agreed; and **(iii)** Seller has complied with Seller's other obligations under this Agreement (C.A.R. Form VP).
16. **REPAIRS:** Repairs shall be completed prior to final verification of condition unless otherwise agreed in writing. Repairs to be performed at Seller's expense may be performed by Seller or through others, provided that the work complies with applicable Law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all Repairs may not be possible. Seller shall: **(i)** obtain invoices and paid receipts for Repairs performed by others; **(ii)** prepare a written statement indicating the Repairs performed by Seller and the date of such Repairs; and **(iii)** provide Copies of invoices and paid receipts and statements to Buyer prior to final verification of condition.
17. **PRORATIONS OF PROPERTY TAXES AND OTHER ITEMS:** Unless otherwise agreed in writing, the following items shall be PAID CURRENT and prorated between Buyer and Seller as of Close Of Escrow: real property taxes and assessments, interest, rents, HOA regular, special, and emergency dues and assessments imposed prior to Close Of Escrow, premiums on insurance assumed by Buyer, payments on bonds and assessments assumed by Buyer, and payments on Mello-Roos and other Special Assessment District bonds and assessments that are now a lien. The following items shall be assumed by Buyer WITHOUT CREDIT toward the purchase price: prorated payments on Mello-Roos and other Special Assessment District bonds and assessments and HOA special assessments that are now a lien but not yet due. Property will be reassessed upon change of ownership. Any supplemental tax bills shall be paid as follows: (i) for periods after Close Of Escrow, by Buyer; and (ii) for periods prior to Close Of Escrow, by Seller (see C.A.R. Form SPT or SBSA for further information). TAX BILLS ISSUED AFTER CLOSE OF ESCROW SHALL BE HANDLED DIRECTLY BETWEEN BUYER AND SELLER. Prorations shall be made based on a 30-day month.
18. **BROKERS:**
    A. **COMPENSATION:** Seller or Buyer, or both, as applicable, agree to pay compensation to Broker as specified in a separate written agreement between Broker and that Seller or Buyer. Compensation is payable upon Close Of Escrow, or if escrow does not close, as otherwise specified in the agreement between Broker and that Seller or Buyer.
    B. **SCOPE OF DUTY:** Buyer and Seller acknowledge and agree that Broker: **(i)** Does not decide what price Buyer should pay or Seller should accept; **(ii)** Does not guarantee the condition of the Property; **(iii)** Does not guarantee the performance, adequacy or completeness of inspections, services, products or repairs provided or made by Seller or others; **(iv)** Does not have an obligation to conduct an inspection of common areas or areas off the site of the Property; **(v)** Shall not be responsible for identifying defects on the Property, in common areas, or offsite unless such defects are visually observable by an inspection of reasonably accessible areas of the Property or are known to Broker; **(vi)** Shall not be responsible for inspecting public records or permits concerning the title or use of Property; **(vii)** Shall not be responsible for identifying the location of boundary lines or other items affecting title; **(viii)** Shall not be responsible for verifying square footage, representations of others or information contained in Investigation reports, Multiple Listing Service, advertisements, flyers or other promotional material; **(ix)** Shall not be responsible for determining the fair market value of the Property or any personal property included in the sale; **(x)** Shall not be responsible for providing legal or tax advice regarding any aspect of a transaction entered into by Buyer or Seller; and **(xi)** Shall not be responsible for providing other advice or information that exceeds the knowledge, education and experience required to perform real estate licensed activity. Buyer and Seller agree to seek legal, tax, insurance, title and other desired assistance from appropriate professionals.
19. **REPRESENTATIVE CAPACITY:** If one or more Parties is signing this Agreement in a representative capacity and not for him/herself as an individual then that Party shall so indicate in paragraph 31 or 32 and attach a Representative Capacity Signature Disclosure (C.A.R. Form RCSD). Wherever the signature or initials of the representative identified in the RCSD appear on this Agreement or any related documents, it shall be deemed to be in a representative capacity for the entity described and not in an individual capacity, unless otherwise indicated. The Party acting in a representative capacity (i) represents that the entity for which that party is acting already exists and (ii) shall Deliver to the other Party and Escrow Holder, within **3 Days** After Acceptance, evidence of authority to act in that capacity (such as but not limited to: applicable portion of the trust or Certification Of Trust (Probate Code §18100.5), letters testamentary, court order, power of attorney, corporate resolution, or formation documents of the business entity).
20. **JOINT ESCROW INSTRUCTIONS TO ESCROW HOLDER:**
    A. **The following paragraphs, or applicable portions thereof, of this Agreement constitute the joint escrow instructions of Buyer and Seller to Escrow Holder,** which Escrow Holder is to use along with any related counter offers and addenda, and any additional mutual instructions to close the escrow: paragraphs 1, 3, 4B, 5A, 6, 7, 10C, 13, 14G, 17, 18A, 19, 20, 26, 29, 30, 31, 32 and paragraph D of the section titled Real Estate Brokers on page 10. If a Copy of the separate compensation agreement(s) provided for in paragraph 18A, or paragraph D of the section titled Real Estate Brokers on page 10 is deposited with Escrow Holder by Broker, Escrow Holder shall accept such agreement(s) and pay out from Buyer's or Seller's funds, or both, as applicable, the Broker's compensation provided for in such agreement(s). The terms and conditions of this Agreement not set forth in the specified paragraphs are additional matters for the information of Escrow Holder, but about which Escrow Holder need not be concerned. Buyer and Seller will receive Escrow Holder's general provisions, if any, directly from Escrow Holder and will execute such provisions within the time specified in paragraph 7C(1)(c). To the extent the general provisions are inconsistent or conflict with this Agreement, the general provisions will control as to the duties and obligations of Escrow Holder only. Buyer and Seller will execute additional instructions, documents and forms provided by Escrow Holder that are reasonably necessary to close the escrow and, as directed by Escrow Holder, within **3 (or ___ ) Days,** shall pay to Escrow Holder or HOA or HOA management company or others any fee required by paragraphs 7, 10 or elsewhere in this Agreement.
    B. A Copy of this Agreement including any counter offer(s) and addenda shall be delivered to Escrow Holder within **3 Days** After Acceptance (or __________________________________________________). Buyer and Seller authorize Escrow Holder to accept and rely on Copies and Signatures as defined in this Agreement as originals, to open escrow and for other purposes of escrow. The validity of this Agreement as between Buyer and Seller is not affected by whether or when Escrow Holder Signs this Agreement. Escrow Holder shall provide Seller's Statement of Information to Title company when received from Seller. If Seller delivers an affidavit to Escrow Holder to satisfy Seller's FIRPTA obligation under paragraph 10C, Escrow Holder shall deliver to Buyer a Qualified Substitute statement that complies with federal Law.

Buyer's Initials ( *MZ* ) ( ______ ) Seller's Initials ( [signature] ) ( ______ )

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

Property Address: **6475 Marigayle Circle, Huntington Beach, CA 92648-6729**          Date: **March 26, 2019**

   C.  Brokers are a party to the escrow for the sole purpose of compensation pursuant to paragraph 18A and paragraph D of the section titled Real Estate Brokers on page 10. Buyer and Seller irrevocably instruct Escrow Holder to disburse those funds to Brokers at Close Of Escrow or pursuant to any other mutually executed cancellation agreement. Compensation Instructions can be amended or revoked only with the written consent of Brokers. Buyer and Seller shall execute and hold harmless Escrow Holder from any liability resulting from Escrow Holder's payment to Broker(s) of compensation pursuant to this Agreement.

   D.  Upon receipt, Escrow Holder shall provide Seller and Seller's Broker verification of Buyer's deposit of funds pursuant to paragraph 3A and 3B. Once Escrow Holder becomes aware of any of the following, Escrow Holder shall immediately notify all Brokers: (i) If Buyer's initial or any additional deposit or down payment is not made pursuant to this Agreement, or is not good at time of deposit with Escrow Holder; or (ii) If Buyer and Seller instruct Escrow Holder to cancel escrow.

   E.  A Copy of any amendment that affects any paragraph of this Agreement for which Escrow Holder is responsible shall be delivered to Escrow Holder within 3 Days after mutual execution of the amendment.

## 21. REMEDIES FOR BUYER'S BREACH OF CONTRACT:

   A.  Any clause added by the Parties specifying a remedy (such as release or forfeiture of deposit or making a deposit non-refundable) for failure of Buyer to complete the purchase in violation of this Agreement shall be deemed invalid unless the clause independently satisfies the statutory liquidated damages requirements set forth in the Civil Code.

   B.  **LIQUIDATED DAMAGES:** If Buyer fails to complete this purchase because of Buyer's default, Seller shall retain, as liquidated damages, the deposit actually paid. If the Property is a dwelling with no more than four units, one of which Buyer intends to occupy, then the amount retained shall be no more than 3% of the purchase price. Any excess shall be returned to Buyer. Except as provided in paragraph 14H, release of funds will require mutual, Signed release instructions from both Buyer and Seller, judicial decision or arbitration award. AT THE TIME OF ANY INCREASED DEPOSIT BUYER AND SELLER SHALL SIGN A SEPARATE LIQUIDATED DAMAGES PROVISION INCORPORATING THE INCREASED DEPOSIT AS LIQUIDATED DAMAGES (C.A.R. FORM RID).

          Buyer's Initials _MZ_ / _____                    Seller's Initials _N_ / _____

## 22. DISPUTE RESOLUTION:

   A.  **MEDIATION:** The Parties agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to arbitration or court action through the C.A.R. Real Estate Mediation Center for Consumers (www.consumermediation.org) or through any other mediation provider or service mutually agreed to by the Parties. The Parties also agree to mediate any disputes or claims with Broker(s), who, in writing, agree to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to the Broker. Mediation fees, if any, shall be divided equally among the Parties involved. If, for any dispute or claim to which this paragraph applies, any Party (i) commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then that Party shall not be entitled to recover attorney fees, even if they would otherwise be available to that Party in any such action. THIS MEDIATION PROVISION APPLIES WHETHER OR NOT THE ARBITRATION PROVISION IS INITIALED. Exclusions from this mediation agreement are specified in paragraph 22C.

   B.  **ARBITRATION OF DISPUTES:**

       The Parties agree that any dispute or claim in Law or equity arising between them out of this Agreement or any resulting transaction, which is not settled through mediation, shall be decided by neutral, binding arbitration. The Parties also agree to arbitrate any disputes or claims with Broker(s), who, in writing, agree to such arbitration prior to, or within a reasonable time after, the dispute or claim is presented to the Broker. The arbitrator shall be a retired judge or justice, or an attorney with at least 5 years of residential real estate Law experience, unless the parties mutually agree to a different arbitrator. The Parties shall have the right to discovery in accordance with Code of Civil Procedure §1283.05. In all other respects, the arbitration shall be conducted in accordance with Title 9 of Part 3 of the Code of Civil Procedure. Judgment upon the award of the arbitrator(s) may be entered into any court having jurisdiction. Enforcement of this agreement to arbitrate shall be governed by the Federal Arbitration Act. Exclusions from this arbitration agreement are specified in paragraph 22C.

       "NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."

       "WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION."

          Buyer's Initials _MZ_ / _____                    Seller's Initials _N_ / _____

   C.  **ADDITIONAL MEDIATION AND ARBITRATION TERMS:**
       (1) **EXCLUSIONS:** The following matters are excluded from mediation and arbitration: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in Civil Code §2985; (ii) an unlawful detainer action; and (iii) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court.

Buyer's Initials ( _MZ_ ) ( _____ )                    Seller's Initials ( _N_ ) ( _____ )
**RPA-CA REVISED 12/18 (PAGE 8 OF 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 8 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com          6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA  92648-6729**                    Date: **March 26, 2019**

    (2) **PRESERVATION OF ACTIONS:** The following shall not constitute a waiver nor violation of the mediation and arbitration provisions: (i) the filing of a court action to preserve a statute of limitations; (ii) the filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies; or (iii) the filing of a mechanic's lien.

    (3) **BROKERS:** Brokers shall not be obligated nor compelled to mediate or arbitrate unless they agree to do so in writing. Any Broker(s) participating in mediation or arbitration shall not be deemed a party to this Agreement.

23. **SELECTION OF SERVICE PROVIDERS:** Brokers do not guarantee the performance of any vendors, service or product providers ('Providers'), whether referred by Broker or selected by Buyer, Seller or other person. Buyer and Seller may select ANY Providers of their own choosing.

24. **MULTIPLE LISTING SERVICE ("MLS"):** Brokers are authorized to report to the MLS a pending sale and, upon Close Of Escrow, the sales price and other terms of this transaction shall be provided to the MLS to be published and disseminated to persons and entities authorized to use the information on terms approved by the MLS.

25. **ATTORNEY FEES:** In any action, proceeding, or arbitration between Buyer and Seller arising out of this Agreement, the prevailing Buyer or Seller shall be entitled to reasonable attorney fees and costs from the non-prevailing Buyer or Seller, except as provided in paragraph 22A.

26. **ASSIGNMENT:** Buyer shall not assign all or any part of Buyer's interest in this Agreement without first having obtained the separate written consent of Seller to a specified assignee. Such consent shall not be unreasonably withheld. Any total or partial assignment shall not relieve Buyer of Buyer's obligations pursuant to this Agreement unless otherwise agreed in writing by Seller. (C.A.R. Form AOAA).

27. **EQUAL HOUSING OPPORTUNITY:** The Property is sold in compliance with federal, state and local anti-discrimination Laws.

28. **TERMS AND CONDITIONS OF OFFER:** This is an offer to purchase the Property on the above terms and conditions. The liquidated damages paragraph or the arbitration of disputes paragraph is incorporated in this Agreement if initialed by all Parties or if incorporated by mutual agreement in a counter offer or addendum. If at least one but not all Parties initial, a counter offer is required until agreement is reached. Seller has the right to continue to offer the Property for sale and to accept any other offer at any time prior to notification of Acceptance. The Parties have read and acknowledge receipt of a Copy of the offer and agree to the confirmation of agency relationships. If this offer is accepted and Buyer subsequently defaults, Buyer may be responsible for payment of Brokers' compensation. This Agreement and any supplement, addendum or modification, including any Copy, may be Signed in two or more counterparts, all of which shall constitute one and the same writing.

29. **TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the Parties are incorporated in this Agreement. Its terms are intended by the Parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Except as otherwise specified, this Agreement shall be interpreted and disputes shall be resolved in accordance with the Laws of the State of California. **Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed, except in writing Signed by Buyer and Seller.**

30. **DEFINITIONS:** As used in this Agreement:

    A. **"Acceptance"** means the time the offer or final counter offer is accepted in writing by a Party and is delivered to and personally received by the other Party or that Party's authorized agent in accordance with the terms of this offer or a final counter offer.

    B. **"Agreement"** means this document and any counter offers and any incorporated addenda, collectively forming the binding agreement between the Parties. Addenda are incorporated only when Signed by all Parties.

    C. **"C.A.R. Form"** means the most current version of the specific form referenced or another comparable form agreed to by the parties.

    D. **"Close Of Escrow"**, including "COE", means the date the grant deed, or other evidence of transfer of title, is recorded.

    E. **"Copy"** means copy by any means including photocopy, NCR, facsimile and electronic.

    F. **"Days"** means calendar days. However, after Acceptance, the last **Day** for performance of any act required by this Agreement (including Close Of Escrow) shall not include any Saturday, Sunday, or legal holiday and shall instead be the next Day.

    G. **"Days After"** means the specified number of calendar days after the occurrence of the event specified, not counting the calendar date on which the specified event occurs, and ending at 11:59 PM on the final day.

    H. **"Days Prior"** means the specified number of calendar days before the occurrence of the event specified, not counting the calendar date on which the specified event is scheduled to occur.

    I. **"Deliver", "Delivered"** or **"Delivery"**, unless otherwise specified in writing, means and shall be effective upon: personal receipt by Buyer or Seller or the individual Real Estate Licensee for that principal as specified in the section titled Real Estate Brokers on page 10, regardless of the method used (i.e., messenger, mail, email, fax, other).

    J. **"Electronic Copy"** or **"Electronic Signature"** means, as applicable, an electronic copy or signature complying with California Law. Buyer and Seller agree that electronic means will not be used by either Party to modify or alter the content or integrity of this Agreement without the knowledge and consent of the other Party.

    K. **"Law"** means any law, code, statute, ordinance, regulation, rule or order, which is adopted by a controlling city, county, state or federal legislative, judicial or executive body or agency.

    L. **"Repairs"** means any repairs (including pest control), alterations, replacements, modifications or retrofitting of the Property provided for under this Agreement.

    M. **"Signed"** means either a handwritten or electronic signature on an original document, Copy or any counterpart.

31. **EXPIRATION OF OFFER:** This offer shall be deemed revoked and the deposit, if any, shall be returned to Buyer unless the offer is Signed by Seller and a Copy of the Signed offer is personally received by Buyer, or by **Megan Zucaro** , who is authorized to receive it, by 5:00 PM on the third Day after this offer is signed by Buyer (or by ☐ _____ ☐AM/☐PM, on _____ (date)).

☐ One or more Buyers is signing this Agreement in a representative capacity and not for him/herself as an individual. See attached Representative Capacity Signature Disclosure (C.A.R. Form RCSD-B) for additional terms.

Date 04/03/2019 9:51:42  BUYER *Megan Zucaro*

(Print name) **Megan Zucaro**

Date _____  BUYER _____

(Print name) _____

☐ Additional Signature Addendum attached (C.A.R. Form ASA).

Seller's Initials ( ___ ) ( ___ )

**RPA-CA REVISED 12/18 (PAGE 9 OF 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT  (RPA-CA PAGE 9 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com                6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA 92648-6729** Date: **March 26, 2019**

**32. ACCEPTANCE OF OFFER:** Seller warrants that Seller is the owner of the Property, or has the authority to execute this Agreement. Seller accepts the above offer, and agrees to sell the Property on the above terms and conditions. Seller has read and acknowledges receipt of a Copy of this Agreement, and authorizes Broker to Deliver a Signed Copy to Buyer.

☐ (If checked) SELLER'S ACCEPTANCE IS **SUBJECT TO ATTACHED COUNTER OFFER (C.A.R. Form SCO or SMCO) DATED:**

_____

☐ One or more Sellers is signing this Agreement in a representative capacity and not for him/herself as an individual. See attached Representative Capacity Signature Disclosure (C.A.R. Form RCSD-S) for additional terms.

Date **4/3/19** SELLER _Andhni, Trustee_

(Print name) **Mother Nature Trust**

Date _____ SELLER _____

(Print name) _____

☐ Additional Signature Addendum attached (C.A.R. Form ASA).

( ____ / ____ ) **(Do not initial if making a counter offer.) CONFIRMATION OF ACCEPTANCE:** A Copy of Signed Acceptance was
(Initials) personally received by Buyer or Buyer's authorized agent on (date) _____ at _____
☐ AM/ ☐ PM. **A binding Agreement is created when a Copy of Signed Acceptance is personally received by Buyer or Buyer's authorized agent whether or not confirmed in this document. Completion of this confirmation is not legally required in order to create a binding Agreement; it is solely intended to evidence the date that Confirmation of Acceptance has occurred.**

**REAL ESTATE BROKERS:**
A. Real Estate Brokers are not parties to the Agreement between Buyer and Seller.
B. Agency relationships are confirmed as stated in paragraph 2.
C. If specified in paragraph 3A(2), Agent who submitted the offer for Buyer acknowledges receipt of deposit.
D. **COOPERATING (BUYER'S) BROKER COMPENSATION:** Seller's Broker agrees to pay Buyer's Broker and Buyer's Broker agrees to accept, out of Seller's Broker's proceeds in escrow, the amount specified in the MLS, provided Buyer's Broker is a Participant of the MLS in which the Property is offered for sale or a reciprocal MLS. If Seller's Broker and Buyer's Broker are not both Participants of the MLS, or a reciprocal MLS, in which the Property is offered for sale, then compensation must be specified in a separate written agreement (C.A.R. Form CBC). Declaration of License and Tax (C.A.R. Form DLT) may be used to document that tax reporting will be required or that an exemption exists.
E. **PRESENTATION OF OFFER:** Pursuant to Standard of Practice 1-7, if Buyer's Broker makes a written request, Seller's Broker shall confirm in writing that this offer has been presented to Seller.

Buyer's Brokerage Firm **John B Spear**/03/2019 DRE Lic. # **00344386**
By _Megan Zucaro_ 09:51 AM PDT **Megan Zucaro** DRE Lic. # **01905753** Date _____
By _____ DRE Lic. # _____ Date _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail **m@megazee.com**
Seller's Brokerage Firm _Anh Thy Nguyen_ DRE Lic. # _____
By _Andhni_ DRE Lic. # **01931409** Date **4/3/19**
By _____ DRE Lic. # _____ Date _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

**ESCROW HOLDER ACKNOWLEDGMENT:**
Escrow Holder acknowledges receipt of a Copy of this Agreement, (if checked, ☐ a deposit in the amount of $ _____ ),
counter offer numbers _____ ☐ Seller's Statement of Information and _____
_____, and agrees to act as Escrow Holder subject to paragraph 20 of this Agreement, any
supplemental escrow instructions and the terms of Escrow Holder's general provisions.

Escrow Holder is advised that the date of Confirmation of Acceptance of the Agreement as between Buyer and Seller is _____
Escrow Holder _____ Escrow # _____
By _____ Date _____
Address _____
Phone/Fax/E-mail _____
Escrow Holder has the following license number # _____
☐ Department of Business Oversight, ☐ Department of Insurance, ☐ Department of Real Estate.

**PRESENTATION OF OFFER:** ( _____ ) Seller's Broker presented this offer to Seller on _____ (date).
Broker or Designee Initials

**REJECTION OF OFFER:** ( _____ ) ( _____ ) No counter offer is being made. This offer was rejected by Seller on _____ (date).
Seller's Initials

©1991- 2018, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

Published and Distributed by: Buyer Acknowledges that page 10 is part of this Agreement ( _MZ_ ) ( _____ )
REAL ESTATE BUSINESS SERVICES, INC. Buyer's Initials
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020
**RPA-CA REVISED 12/18 (PAGE 10 of 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 10 OF 10)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com 6475 Marigayle



# ESCROW INSTRUCTIONS

**APEX ESCROW, INC. IS LICENSED BY THE STATE OF CALIFORNIA
DEPARTMENT OF BUSINESS OVERSIGHT LICENSE NO. 963-1581**

### ESCROW NO:00034926-TT
### ESCROW OFFICER:TERRY TRAN
### DATE: 04/05/2019

| | |
|---|---|
| **INITIAL DEPOSIT** | $0.00 |
| **NEW FIRST TRUST DEED TO FILE** | $2,047,500.00 |
| **SELLER FINANCING** | $1,102,500.00 |
| **TOTAL CONSIDERATION** | $3,150,000.00 |

I/We will hand you the sum of $3,150,000.00 of which the sum of $0.00 shall be handed escrow as the initial deposit upon opening of this escrow. I/We will further hand you any and all sufficient funds for closing costs, expenses and prorations between Buyer and Seller, prior to the close of this escrow.

I/We will deliver to you any executed instruments and or funds required to enable you to comply with these instructions, all of which you are authorized to use, provided that on or before 04/12/2019 you are in a position to order a standard policy of title insurance with the usual title company exceptions, provided that said policy has a liability of at least the amount of the above total consideration, covering the property described as follows:

SEE LEGAL DESCRIPTION EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

**COMMONLY KNOWN AS:**

6475 Marigayle Circle, Huntington Beach, CA 92648
(Above address not verified by escrow holder)

**SHOWING TITLE VESTED IN:**

**Megan Zucaro**

## FREE FROM ENCUMBRANCES EXCEPT

A) All installment(s) of the General and Special County, and City (if any) Taxes for the current fiscal year, not delinquent, and taxes for the ensuing year, if any, a lien not yet payable.

B) All taxes, bonds and assessments levied or assessed subsequent to the date of these instructions.

C) Covenants, conditions, restrictions, reservations, rights, rights of way, easements and the exception or reservation of water, oil, gas, minerals, carbons, hydrocarbons or kindred substances on or under said land, now of record, if any, or in the Deed to file.

D) New First Deed of Trust to record herein, executed by Buyer, in favor of an Institutional Lender of Buyer's choice, securing a Note in the original principal sum of $2,047,500.00, at best prevailing rate and terms. Buyer's execution of the loan documents shall be deemed their full approval of all terms and conditions contained therein. All costs and charges incurred to obtain said new financing shall be born by Buyer. You are authorized and instructed to comply with the instructions of the Lender as they may be deposited into escrow.

E) New Second Deed of trust to record herein on usual title company form, executed by Buyer in favor of Seller, securing a Note in the original principal amount of $1,102,500.00, bearing interest at the rate of 5.000% per annum, payable in monthly installments of $4,593.75 accrued interest only, commencing May 15, 2019, and continuing on the same day of each calendar month thereafter until April 15, 2020, at which time the total sum of principal and interest then remaining unpaid shall become immediately due and payable. If any payment is not made within 15 days after it is due, a late charge of 5.000% of the installment due, may be charged to Buyer. Privilege is reserved of paying this Note in part or in whole anytime prior to maturity, without penalty.

F) **PRORATE OR ADJUST THE FOLLOWING ITEMS AS OF DATE OF CLOSE OF ESCROW**

◆ **TAXES (BASED ON LAST BILL)**

**15440 Beach Blvd. #131 ● Westminster, CA 92683 ● Tel: (714) 839-2222 ● Fax: (714) 839-2226**

PLEASE INITIAL

BUYER(S):_____/_____    SELLER(S)_____/_____

Valen Form ESCINSTR

## ESCROW INSTRUCTIONS CONTINUED
### ESCROW NO.: 00034926-TT
### PAGE NO.: 2

♦ HOMEOWNER'S ASSOCIATION ASSESSMENT

## INSTRUCTIONS

1) Buyer and property qualifying for new loan set out above. Buyer's execution of loan documents shall constitute Buyer's approval of all terms and conditions contained therein and a satisfaction of this condition.

2) Buyer shall furnish new insurance acceptable to lender and authorizes payment of premium for same when bill is submitted to escrow.

3) Buyer to be furnished with a one year home protection plan issued by **any reliable company** to be paid for by **Seller** in an amount not to exceed $850.00. All parties acknowledge the only function of escrow holder is to pay the billing submitted into escrow and distribute copies of the home warranty, if any, to the respective parties at the close of their escrow.

4) Buyer is aware of association dues on the subject property payable approximately **$to follow per month**. You are hereby authorized and instructed to obtain a statement of association status and to prorate the monthly dues to the close of escrow. Charge **Seller** transfer fee(s) and charge seller any past due assessments and key fee, if applicable, if any.

5) Seller is responsible for returning any association keys/tags to the homeowner's association prior to close of escrow and depositing receipt for same in escrow. Otherwise, Seller is aware that Seller will be charged key/tag fees as assessed by homeowner's association.

6) Seller agrees to furnish Buyer with copies of C.C.& R.'s and association by-laws, Articles of Incorporation, Budget, Financial Statement, Rules and Regulations and any other documents required by law for Buyer's approval. Escrow holder is hereby authorized and instructed to obtain those documents from the association which Seller is unable to furnish and is to charge Seller's account with any applicable document fee charged by the association. **SELLER'S FAILURE TO FORWARD ASSOCIATION DOCUMENTS TO ESCROW HOLDER WITH SELLER'S SIGNED ESCROW INSTRUCTIONS WILL BE DEEMED ESCROW HOLDER'S AUTHORITY TO ORDER ALL ASSOCIATION DOCUMENTS FROM THE HOMEOWNER'S ASSOCIATION.**

7) Buyer shall have 0 days from receipt of such association documents to disapprove in writing to escrow holder. Failure to so notify escrow holder as herein provided shall conclusively be considered approval.

8) This escrow is subject to Buyer's approval of the preliminary title report, including all C C & R's, if any, within 0 days of receipt thereof. Absence of notification to escrow holder to the contrary within the allotted time, shall be deemed approval thereof and satisfaction of this requirement.

9) Buyer shall furnish escrow holder with Buyer's vesting prior to the date of preparation of Buyer's loan documents or close of escrow (if Buyer is not obtaining financing). Escrow holder is hereby authorized and instructed to complete and/or correct Buyer's vesting on the already executed Grant Deed over notarized signatures. If the marital status is separated (divorce is not yet final) or married as sole and separate property, Buyer shall furnish escrow holder with the name of Buyer's spouse. Escrow holder is authorized and instructed to prepare an Interspousal Transfer or Quitclaim Deed for Buyer's spouse's signature. Escrow holder is to record same at close of escrow, charging Buyer's account for the preparation and recording fees. Buyer is aware that escrow holder cannot give legal advice regarding how Buyer should take title. Buyer is advised to seek the advice of Buyer's own attorney and/or accountant with regard thereto.

10) ALL PARTIES HEREIN ARE AWARE THAT ANY OWNERS POLICY OF TITLE INSURANCE MAY CEASE TO EXIST UPON RECORDATION OF ANY DOCUMENT WHICH ELIMINATES AN INSURED OWNER AND/OR ADDS A NEW OWNER. ESCROW HOLDER IS HEREBY RELIEVED OF ANY AND ALL LIABILITY AND/OR RESPONSIBILITY IN CONNECTION WITH THE RECORDATION OF ANY SUCH HEREIN DESCRIBED DEED, IF APPLICABLE.

11) Except as otherwise provided for herein, Buyer and Seller each agree to be responsible for their own normal closing costs as is customary in Orange County, State of California.

12) Obtain and pay demands on existing encumbrances of record, if any. Charge parties in interest for whom services were rendered for any excessive long distance calls, express mail, special delivering, notary fees, buyer's third party inspection, wire transfer fee or cashier's check fee, if any.

13) Let this be your authority to release funds from buyer's/borrower's deposit in this escrow as may be necessary to obtain a demand/beneficiary statement from lender(s) of record, and/or new lender that requires money advanced for credit report and appraisal, and/or Homeowners Assoc. demand for release of H.O.A. documents. It is understood and agreed by and between the undersigned, in the event of cancellation, the canceling party will reimburse the other party for any sums released on their behalf.

14) Seller shall pay for any private transfer fee, if applicable.

PLEASE INITIAL

BUYER(S):_____/_____    SELLER(S)_____/_____

9965 Vision Form EBCINSTR

## ESCROW INSTRUCTIONS CONTINUED
### ESCROW NO.: 00034926-TT
### PAGE NO.: 3

15) ESCROW HOLDER IS INSTRUCTED TO PROCESS AND COMPLETE THIS TRANSACTION IN ACCORDANCE WITH THE PROVISIONS CONTAINED IN THESE WRITTEN ESCROW INSTRUCTIONS. IT IS EXPRESSLY UNDERSTOOD THAT THE ESCROW INSTRUCTIONS ARE NOT INTENDED TO MODIFY, AMEND, SUPERSEDE OR IN ANY WAY CHANGE THE RESIDENTIAL PURCHASE AGREEMENT AND JOINT ESCROW INSTRUCTIONS DATED MARCH 26, 2019 AND ALL COUNTER OFFERS OR ADDENDUMS TO SAID PURCHASE AGREEMENT, WHICH AGREEMENT IS INCORPORATED HEREIN BY REFERENCE ONLY; HOWEVER ALL PARTIES UNDERSTAND THAT THE ESCROW HOLDER'S OBLIGATIONS ARE LIMITED TO ONLY THOSE PROVISIONS CONTAINED IN THESE WRITTEN INSTRUCTIONS.

**AS A MEMORANDUM AGREEMENT ONLY WITH WHICH ESCROW HOLDER IS NOT TO BE CONCERNED**

a)  Buyer intends to occupy subject property as Buyer's primary residence.

b)  Possession of subject property is to be given to Buyer on the date of close of escrow.

END OF MEMORANDUM AGREEMENT

**BUYER:**
THE FOREGOING TERMS, CONDITIONS, PROVISIONS AND INSTRUCTIONS, TOGETHER WITH THE GENERAL PROVISIONS SET OUT ON THE FINAL PAGE OF THESE INSTRUCTIONS, ARE UNDERSTOOD AND APPROVED IN THEIR ENTIRETY BY EACH OF THE UNDERSIGNED. I AGREE TO PAY ON DEMAND BUYER'S CUSTOMARY COSTS AND CHARGES INCURRED HEREIN, INCLUDING BUT NOT LIMITED TO, RECORDING FEES, DOCUMENT PREPARATION FEES, ESCROW FEE, ANY COSTS INCURRED BY REASON OF ANY FINANCING OBTAINED OR ASSUMED BY ME, AND ANY OTHER CHARGE INCURRED FOR MY BENEFIT.

**BUYER:**

_____

Megan Zucaro

_____

_____

_____

**SELLER:**
THE FOREGOING TERMS, CONDITIONS, PROVISIONS AND INSTRUCTIONS, TOGETHER WITH THE GENERAL PROVISIONS SET OUT ON THE FINAL PAGE OF THESE INSTRUCTIONS ARE UNDERSTOOD, APPROVED AND ACCEPTED IN THEIR ENTIRETY BY EACH OF THE UNDERSIGNED.  I WILL HAND YOU MY EXECUTED GRANT DEED AND/OR OTHER DOCUMENTS OR INSTRUMENTS REQUIRED FROM ME TO CAUSE TITLE TO BE AS SHOWN ABOVE, WHICH YOU ARE AUTHORIZED TO USE AND OR DELIVER WHEN YOU CAN COMPLY WITH THESE INSTRUCTIONS AND WHEN YOU CAN HOLD FOR MY ACCOUNT THE TOTAL CONSIDERATION DUE TO MY ACCOUNT AT THE CLOSE OF ESCROW, YOU ARE AUTHORIZED AND INSTRUCTED TO DEDUCT THE AMOUNT OF ANY REAL ESTATE BROKER'S COMMISSION TO BE PAID BY ME IN ACCORDANCE WITH SEPARATE INSTRUCTIONS, THE AMOUNT OF ANY FUNDS PAID TO ME OUTSIDE OF ESCROW, THE AMOUNT OWING UNDER ANY LIEN OR ENCUMBRANCE REQUIRED TO BE PAID TO PLACE TITLE IN THE CONDITION AS CALLED FOR HEREIN, AND SELLER'S CUSTOMARY COSTS AND CHARGES INCURRED HEREIN, INCLUDING, BUT NOT LIMITED TO, THE PREMIUM FOR THE C.L.T.A. OWNER'S POLICY OF TITLE INSURANCE TO BE PROVIDED TO THE BUYER, THE AMOUNT OF ANY DOCUMENTARY

PLEASE INITIAL

BUYER(S):_____/_____    SELLER(S)_____/_____

SWG Vision Form ESCINSTR

**ESCROW INSTRUCTIONS CONTINUED**
**ESCROW NO.: 00034926-TT**
**PAGE NO.: 4**

TRANSFER TAX OWING ON THE DEED, ESCROW FEE, RECORDING FEES FRO DOCUMENTS, INSTRUMENT RECORDED FOR MY BENEFIT, ANY TRANSFER FEE CHARGED BY ANY ASSOCIATION COVERING THE SUBJECT PROPERTY, THE COST OF OBTAINING ANY STATEMENT(S) OR DEMAND CONCERNING ANY LIEN OR ENCUMBRANCE OF RECORD, AND ANY OTHER COST OR CHARGE INCURRED FOR MY BENEFIT.

**SELLER:**

Mother Nature Trust with Anh Thy Nguyen acting as Trustee

PLEASE INITIAL

BUYER(S):_____/_____    SELLER(S)_____/_____

Vision Form ESCINSTR

939



# A M E N D M E N T   T O   E S C R O W   I N S T R U C T I O N S

**May 1, 2019**                                           Escrow No: **00034926-TT**

TO: APEX ESCROW
RE: 6475 Marigayle Circle, Huntington Beach, CA  92648

My previous escrow instructions in the above numbered escrow are hereby amended and/or supplemented in the following particulars only:

Vesting through the above referenced escrow shall be as follows: Helping Others International, LLC, a Delaware Limited Liability Company

New first loan in the amount of $1,950,000.00 in favor of United Lender, LLC, a Nevada Limited Liability Company.

Seller Financing in the amount of $1,200,000.00.

Close of escrow date shall be on or before May 3, 2019.

\* \* \* \* \* ALL OTHER TERMS AND CONDITIONS SHALL REMAIN THE SAME.\* \* \* \* \*

EACH OF THE UNDERSIGNED STATES THAT EACH HAS READ THE FOREGOING INSTRUCTIONS, UNDERSTANDS THEM AND ACKNOWLEDGES RECEIPT OF A COPY OF THESE INSTRUCTIONS.

Seller:                                                    Buyer:

_____, Trustee                    _____

Mother Nature Trust with Anh Thy Nguyen acting         Helping Others International, LLC, a Delaware
as Trustee                                             Limited Liability Company
                                                       By: Megan Zucaro, Its Manager

_____                           _____

_____                           _____

_____                           _____

**15440 Beach Blvd #131. ● Westminster, CA 92683 ● Tel: (714) 839-2222 ● Fax: (714) 839-2226**
SMS Vision Form AMENDMT

# EXHIBIT "B"

# EXHIBIT "2"

# EXHIBIT "2"

30-2020-01124778-CU-FR-CJC - ROA # 21 - DAVID H. YAMASAKI, Clerk of the Court By Robert Renison, Deputy Clerk.
Electronically Filed by Superior Court of California, County of Orange, 01/22/2020 01:59:00 PM.

1  Andrew A. Smits (State Bar No. 146659)
   Law Offices of Andrew A. Smits
2  36 Executive Park, Suite 160
   Irvine, California 92614-4794
3  Telephone: (949) 833-1025
   Email:     asmits@smits-law.com
4

5  Attorney for Plaintiff Anh Thy Song Nguyen,
   Trustee of Mother Nature Trust

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

| | |
|---|---|
| 11  ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, | Case No.: 30-2020-01124778-CU-FR-CJC |
| 12                  Plaintiff, | Assigned to: Judge Walter Schwarm Dept.: C19 |
| 13        vs. | **EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE** |
| 14  UNITED LENDER, LLC, a Nevada limited | **TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER** |
| 15  liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an | **TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; AND MEMORANDUM** |
| 16  individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS | **OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 17  INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN | |
| 18  FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN | [Decl. of Andrew A. Smits, Decl. of Anh Thy Song Nguyen, Request for Judicial Notice, |
| 19  FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; all other persons unknown, | and proposed Order submitted herewith] |
| 20  claiming any legal or equitable right, title, estate, lien, or interest in the property | |
| 21  described in the complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's | Date:  January 23, 2020 Time:  8:30 a.m. |
| 22  title thereto; and DOES 1 through 100, inclusive, | Dept.:  C19 |
| 23                  Defendants. | Complaint filed: January 15, 2020 Trial date:      Not set |
| 24 | |

25       Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust ("Plaintiff"), makes this

26  application for a temporary restraining order and order to show cause why a preliminary injunction

27  should not issue pending trial of this action, enjoining defendants and their employees, agents, and

28                                                    1

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE
TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

943

1  persons action with them or on their behalf, from holding a trustee's sale of residential real property

2  scheduled for **Monday, January 27, 2020** at 1:30 p.m. at the north entrance of the Orange County

3  Superior Court, Central Justice Center.

4  **Irreparable Harm**

5      Plaintiff will suffer irreparable harm if this application is not granted. Plaintiff is the victim

6  of real estate fraud and an equity theft scheme being perpetrated by the Defendants throughout

7  California. Plaintiff is a junior lienholder on a residential real property who will become a **sold out**

8  junior lienholder if a fraudulent trustee's sale by a senior lienholder, the beneficiary of the first deed

9  of trust, is allowed to proceed as noticed for January 27, 2020 at 1:30 p.m. The fraudulent trustee's

10  sale must be enjoined, pending trial of this action, in order for Plaintiff to avoid elimination of her

11  interest in the property and to avoid irreparable harm.

12  **Requested Relief and Summary of Reason Therefor**

13      Plaintiff seeks to immediately enjoin the senior lienholder's trustee's sale set for January 27,

14  2020 at 1:30 p.m. The Court should issue a temporary restraining order and an order to show cause

15  why a preliminary injunction should not issue pending trial of this action. Defendants, Helping

16  Others International, LLC, and Megan Zucaro acted as the purported buyer of the subject property,

17  and defendant United Lender, LLC, served as the purported private lender for the buyer, and they

18  have conspired with the trustee for the foreclosure sale, defendant Western Fidelity Associates, LLC,

19  dba Western Fidelity Trustees, to hold a fraudulent foreclosure sale to eliminate Plaintiff's interest in

20  the subject property.

21  **Statutory Basis For This Ex Parte Application**

22      This Application is made pursuant to California Rules of Court, rules 3.1200 through

23  3.12007, which govern ex parte applications, and California Rules Court, rule 3.1150, which governs

24  preliminary injunctions. Furthermore, this Application is based on and made pursuant to Code of

25  Civil Procedure section 527 on the ground that the foreclosure sale set for January 27, 2020 regarding

26  the first deed of trust is fraudulent and a result of the fraud of Defendants, including the trustor and

27  debtor of the first trust deed, Helping Others International, LLC, and its principal Megan E. Zucaro,

28

LAW OFFICES OF ANDREW A. SMITS
34 Executive Park
Suite 160
Irvine, California 92614-1794
Telephone: (949) 833-1625
Email: asmits@smits-law.com

2

EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE
TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

944

1   the beneficiary under the first deed of trust, United Lender, LLC, and the trustee on the first deed of

2   trust conducting the fraudulent foreclosure sale, Western Fidelity Associates, LLC, dba Western

3   Fidelity Trustees. Plaintiff will suffer irreparable injury if the Defendants are not enjoined from

4   conducting the foreclosure sale, because the sale will eliminate Plaintiff's junior lienholder rights in

5   the subject property, resulting in Plaintiff becoming a sold out junior lienholder.

6   **No Previous Applications**

7       Plaintiff filed this action on January 15, 2020. There has not been any previous application

8   for relief similar to the relief sought in this application.

9   **Plaintiff Has Satisfied The Notice And Procedural Requirements For This Ex Parte**

10   **Application**

11      A.   **Defendants' Names And Contact Information**

12      United Lender, LLC
      3635 S. Fort Apache Road, Ste. 200-20
13      Las Vegas, NV 89147

14      United Lender, LLC
      c/o AKOI, LLC, Registered Agent
15      5532 S. Fort Apache Road, Ste. 100
      Las Vegas, NV 89148
16      Email: jeremy@allkindsofinsurance.com

17      Shawn Ahdoot
      3635 S. Fort Apache Road, Ste. 200-20
18      Las Vegas, NV 89147
      email: shawn.ahdoot@gmail.com

19      Albert A. Ahdoot
20      3635 S. Fort Apache Road, Ste. 200-20
      Las Vegas, NV 89147

21      Megan E. Zucaro
22      468 N. Camden Drive, Suite 201
      Beverly Hills, CA 90210
      Email: m@megazee.com
23

24      Megan E. Zucaro
      3430 Indian Ridge Circle
25      Thousand Oaks, CA 91362
      Email: m@megazee.com

26      Megan E. Zucaro
      15720 Ventura Boulevard, #405
27      Encino, CA 91436
      Email: m@megazee.com

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

3

EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE
TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

945

1   Helping Others International, LLC
    4110 Vanetta Place
2   Los Angeles, CA 91604
    Email: m@megazee.com

3

4   Western Fidelity Associates, LLC,
    dba Western Fidelity Trustees
5   1222 Crenshaw Boulevard, Suite "B"
    Torrance, CA 90501
    (310) 212-0700
6   Email: angelamijares@gmail.com

7   John B. Spear
    4959 Palo Verde Street, Suite 205C
8   Montclair, CA 91763

9   American Financial Center, Inc.
    14930 Ventura Boulevard, Suite 320
10  Sherman Oaks, CA 91430
    (818) 981-1034, ext. 101
11  Email: markc@afincen.com

12  American Financial Center, Inc.
    c/o Mark R. Crittenden, Registered Agent
13  14248 Dickens Street, Unit 104
    Sherman Oaks, CA 91423
14  (818) 981-1034, ext. 101
    Email: markc@afincen.com
15

16  **B.   Plaintiff Gave Timely and Proper Notice of This Application**

17      As set forth in detail in the Declaration of Andrew A. Smits submitted herewith, Plaintiff

18  gave timely written notice of this ex parte application to the two Defendants essential to and

19  proceeding with the fraudulent foreclosure sale on the First Deed of Trust as follows:

20      1.   **United Lender, LLC (Beneficiary under First Deed of Trust who is foreclosing**

21  **on January 27, 2020):** On Tuesday, January 21, 2020, Plaintiff personally served written notice of

22  this application (along with the summons, complaint, first amended complaint and lis pendens) at

23  the following address provided online at the website of the Nevada Secretary of State: United

24  Lender, LLC, 3635 S. Fort Apache Road, Ste. 200-20, Las Vegas, NV 89147.

25      On Tuesday, January 21, 2020, Plaintiff also personally served written notice of this

26  application (along with the summons, complaint, first amended complaint and lis pendens) at the

27  following address provided online at the website of the Nevada Secretary of State for the registered

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

4

EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE
TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

946

1  agent for United Lender, LLC: United Lender, LLC, c/o AKOI, LLC, Registered Agent, 5532 S.

2  Fort Apache Road, Ste. 100, Las Vegas, NV 89148.

3  On Tuesday, January 21, 2020, Plaintiff also emailed written notice of this application at the

4  following email address provided online at the website of the Nevada Secretary of State for the

5  registered agent for United Lender, LLC: jeremy@allkindsofinsurance.com.

6  United Lender, LLC, and its principals and officers, defendants Shawn Ahdoot and Albert A.

7  Ahdoot have informed Plaintiff that they acknowledge receipt of notice of this ex parte application

8  and intend to appear at the hearing by and through their attorney Lawrence C. Meyerson. (Smits

9  Decl., ¶ 5, p. 3, line 22 – p. 4, line 20; see also, **Ex. "AA."**)

10  2.     **Western Fidelity Associates, LLC, dba Western Fidelity Trustees (trustee on**

11  **the First Deed of Trust who issued the Notice of Trustee's Sale and is conducting the sale on**

12  **January 27, 2020):** On Tuesday, January 21, 2020, Plaintiff personally served written notice of

13  this application (along with the summons, complaint, first amended complaint and lis pendens) at

14  the following address: Western Fidelity Associates, LLC, dba Western Fidelity Trustees, 1222

15  Crenshaw Boulevard, Suite "B", Torrance, CA 90501.

16  Western Fidelity, by Angela Mijares, sent an email to Plaintiff's attorney on January 21,

17  2020 acknowledging notice of the ex parte and stating the following: "We will abide by the

18  outcome of the hearing on January 23." (Smits Decl., ¶ 5, p. 4, line 21 – p. 5, line 6; see also,

19  **Exhibits "BB" and "CC."**)

20

21  Plaintiff gave timely written notice of this ex parte application to other Defendants as

22  follows:

23  3.     **Shawn Ahdoot (President of United Lender, LLC):** On Tuesday, January 21,

24  2020, Plaintiff personally served written notice of this application (along with the summons,

25  complaint, first amended complaint and lis pendens) at the following address provided online at the

26  website of the Nevada Secretary of State: United Lender, LLC, 3635 S. Fort Apache Road, Ste.

27  200-20, Las Vegas, NV 89147.

28

5

LAW OFFICES OF ANDREW A. SMITS
16 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE
TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

947

On Tuesday, January 21, 2020, Plaintiff sent by email written notice of this application to the following email address for Shawn Ahdoot: shawn.ahdoot@gmail.com.

Shawn Ahdoot has informed Plaintiff that he acknowledges receipt of notice of the hearing on this ex parte application and that he intends to appear at the hearing on this application by and through his attorney, Lawrence C. Meyerson. (Smits Decl., ¶ 6, p. 5, lines 8 – 20; see also, **Ex. "DD."**)

4.      **Albert A. Ahdoot (Manager of United Lender, LLC):** On Tuesday, January 21, 2020, Plaintiff personally served written notice of this application (along with the summons, complaint, first amended complaint and lis pendens) at the following address provided online at the website of the Nevada Secretary of State: United Lender, LLC, 3635 S. Fort Apache Road, Ste. 200-20, Las Vegas, NV 89147.

Albert A. Ahdoot has informed Plaintiff that he acknowledges receipt of notice of the hearing on this ex parte application and that he intends to appear at the hearing on this application by and through his attorney, Lawrence C. Meyerson. (Smits Decl., ¶ 6, p. 5, line 21 – p. 6, line 2.)

5.      **Megan E. Zucaro:** On Tuesday, January 21, 2020, Plaintiff sent by email written notice of this application to the following email address for Megan Zucaro: m@megazee.com. (Smits Decl., ¶ 6, p. 6, lines 3 - 6.)

6.      **Helping Others International, LLC:** On Tuesday, January 21, 2020, Plaintiff sent by email written notice of this application to the following email address for Megan Zucaro, who is the principal and manager of Helping Others International, LLC: m@megazee.com. (Smits Decl., ¶ 6, p. 6, lines 7 – 10.)

7.      **American Financial Center, Inc.:** On Tuesday, January 21, 2020, Plaintiff sent by email written notice of this application to the following email address for Mark R. Crittenden, President and registered agent for American Financial Center, Inc.: markc@afincen.com.

Mark Crittenden contacted Plaintiff's attorney by telephone at approximately 9:50 a.m. on Wednesday January 22, 2020 acknowledging receipt of written notice of this ex parte application and stating that American Financial Center, Inc., does not oppose the application and will not appear at

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone (949) 833-1025
Email: asmits@smits-law.com

EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   the hearing set for January 23, 2020. (Smits Decl., ¶ 6, p. 6, lines 11 – 18.)

2   8.    **John B. Spear (responsible broker for Megan E. Zucaro):** Plaintiff has not been

3   able to provide notice of this application to John B. Spear. Regardless, notice of this ex parte to

4   Spear should not affect the Court's power to enjoin the foreclosure sale set for January 27, 2020, as

5   available evidence indicates Spear does not have any immediate rights or interests affected by the

6   scheduled sale.  (Smits Decl., ¶ 6, p. 6, lines 19 – 25.)

7         The Application is, and will be, based on the attached memorandum of points and

8   authorities attached hereto, the declaration of Andrew A. Smits, the declaration of Anh Thy Song

9   Nguyen, the request for judicial notice, the proposed order, the Complaint filed January 15, 2020,

10  the pleadings and papers on file with the Court in this action, any matters the Court may judicially

11  notice, and on such other matters as may properly come before the Court.

12

13  Dated: January 22, 2020                          LAW OFFICES OF ANDREW A. SMITS

14

15

16

17  By:

18  Andrew A. Smits
    Attorney for Plaintiff Anh Thy Song Nguyen,
    Trustee of Mother Nature Trust

19

20

21

22

23

24

25

26

27

28

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

7

EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE
TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    INTRODUCTION AND STATEMENT OF FACTS

Plaintiff sold a home - residential real property identified as 6475 Marigayle Circle, Huntington Beach, California 92648 with Assessor's Parcel Number 110-511-04 ("Subject Property") to defendant Helping Others International, LLC, which is owned and operated by defendant Megan E. Zucaro. The sale price was $3.150 million. The transaction was financed by Zucaro taking out a loan in the approximate amount of $1.9 million secured by a first deed of trust held by defendant United Lender, LLC. Zucaro talked Plaintiff into taking back a second deed of trust held by Helping Others International, LLC, for $1.2 million. Escrow closed May 3, 2019.

Helping Others International defaulted on the loan provided by United Lender and on Plaintiff's loan, having made no payments on either loan to date. United Lender initiated foreclosure proceedings on its first deed of trust. A Notice of Trustee's Sale has been recorded and sets the foreclosure sale for **Monday, January 27, 2020 at 1:30 p.m.** at the north entrance of the Orange County Superior Court, Central Justice Center, 700 Civic Center Drive West, Santa Ana, California. The foreclosure sale threatens to eliminate Plaintiff's second deed of trust, making Plaintiff a sold out junior lienholder.

There is additional indicia of the fraudulent nature of the scheduled trustee's sale. Curiously, United Lender and its president, Shawn Ahdoot, stated in a letter in July 2019 that Helping Others International was not in default on the loan secured by the first deed of trust. (Nguyen Decl., ¶ 11, **Ex. "J."**)

Defendants Zucaro, Helping Others International, United Lender, which is owned and operated by defendants Shawn Ahdoot and Albert A. Ahdoot, have engaged in at least four other similar transactions in Southern California in an apparent equity theft scheme. Public records included in Plaintiff's Request for Judicial Notice submitted herewith and Plaintiff's declaration testimony submitted herewith reflect that trustor and debtor under the first deed of trust and second deed of trust on the Subject Property, Helping Others International (and Zucaro), has defaulted on the first and the second secured obligations, setting up United Lender's fraudulent

LAW OFFICES OF ANDREW A. SMITS
76 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

950

1  foreclosure proceeding to eliminate the second deed of trust or junior lienholder, who is the seller

2  of the property in the transactions. The other similar transactions indicate that United Lender

3  continues to lend to Helping Others International and Zucaro in purchasing the properties even

4  though Helping Others International and Zucaro have a long history of defaults. No lender lends

5  money to someone who is in default with him on multiple loans unless that lender is a conspirator

6  in a scheme to steal the home seller's equity. The evidence before the Court indicates Defendants

7  have conspired to foreclose on purchased properties, eliminating junior lienholders, including the

8  sellers of the properties like Plaintiff herein, and stealing the equity.

9  ## 2.    REQUESTED RELIEF AND REASON THEREFOR

10  Based on the foregoing, Plaintiff seeks a temporary restraining order and an order to show

11  cause why a preliminary injunction should not issue pending trial of this action, enjoining the

12  trustee's sale set for Monday, January 27, 2020 at 1:30 p.m.

13  Plaintiff will be irreparably harmed if the trustee's sale is not enjoined. Defendant United

14  Lender's fraudulent foreclosure sale will result in Plaintiff becoming a sold out junior lienholder.

15  Public records indicate the sale date of January 27, 2020 is the first sale date scheduled in

16  the foreclosure proceedings. There are no records indicating prior sale dates. United Lender will

17  not be prejudiced by the issuance of a temporary restraining order and order to cause re:

18  preliminary injunction under these circumstances.

19  ## 3.    THIS COURT IS AUTHORIZED TO ISSUE A TRO AND OSC RE:
20  PRELIMINARY INJUNCTION

21  Code of Civil Procedure section 527 and the California Rules of Court, rule 3.1150

22  authorize this Court to issue a temporary restraining order and an order to cause why a preliminary

23  injunction should not issue pending trial of this action, enjoining the trustee's sale.

24  Plaintiff filed the complaint in this action on January 15, 2020. Furthermore, Plaintiff has

25  complied with the requirements for an ex parte application for such relief and notified the

26  Defendants who are conducting the foreclosure proceedings: United Lender, LLC, including its

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone (949) 833-1025
Email: asmits@smits-law.com

2

EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

951

1  principals Shawn Ahdoot and Albert A. Ahdoot; and Western Fidelity Associates, dba Western

2  Fidelity Trustees.

3  **4.    CONCLUSION**

4      Plaintiff respectfully requests the Court issue forthwith a temporary restraining order and

5  an order to show cause as why a preliminary injunction should not issue pending trial of this

6  action, enjoining the trustee's sale set for Monday, January 27, 2020 at 1:30 p.m.

7

8  Dated: January 22, 2020

LAW OFFICES OF ANDREW A. SMITS

9

10

11  By: _____

12  Andrew A. Smits
Attorney for Plaintiff Anh Thy Song Nguyen,
Trustee of Mother Nature Trust

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

3

EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE
TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# EXHIBIT "3"

# EXHIBIT "3"

Electronically Filed by Superior Court of California, County of Orange, 01/22/2020 01:59:12 PM.
30-2020-01124778-CU-FR-CJC - ROA # 23 - DAVID H. YAMASAKI, Clerk of the Court By Robert Renison, Deputy Clerk.

1   Andrew A. Smits (State Bar No. 146659)
    Law Offices of Andrew A. Smits
2   36 Executive Park, Suite 160
    Irvine, California 92614-4794
3   Telephone: (949) 833-1025
    Email:      asmits@smits-law.com
4
    Attorney for Plaintiff Anh Thy Song Nguyen,
5   Trustee of Mother Nature Trust

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11   ANH THY SONG NGUYEN, TRUSTEE OF          Case No.: 30-2020-01124778-CU-FR-CJC
     MOTHER NATURE TRUST,
12                                            Assigned to: Judge Walter Schwarm
                      Plaintiff,              Dept.: C19
13          vs.

14                                            **DECLARATION OF ANH THY SONG**
     UNITED LENDER, LLC, a Nevada limited     **NGUYEN IN SUPPORT OF EX PARTE**
15   liability company; SHAWN AHDOOT, an      **APPLICATION OF PLAINTIFF ANH**
     individual; ALBERT A. AHDOOT, an         **THY SONG NGUYEN, TRUSTEE OF**
16   individual; MEGAN E. ZUCARO, an          **MOTHER NATURE TRUST, FOR**
     individual; HELPING OTHERS               **TEMPORARY RESTRAINING ORDER**
17   INTERNATIONAL, LLC, a Delaware           **AND ORDER TO SHOW CAUSE RE:**
     limited liability company; WESTERN       **PRELIMINARY INJUNCTION**
18   FIDELITY ASSOCIATES, LLC, a California
     limited liability company, dba WESTERN
19   FIDELITY TRUSTEES; JOHN B. SPEAR,
     an individual; all other persons unknown,  Date: January 23, 2020
20   claiming any legal or equitable right, title,  Time: 8:30 a.m.
     estate, lien, or interest in the property    Dept.: C19
21   described in the complaint adverse to
     Plaintiff's title, or any cloud upon Plaintiff's
22   title thereto; and DOES 1 through 100,
     inclusive,
                                              Complaint filed: January 23, 2020
23                    Defendants.             Trial date:      Not set

24

25          I, Anh Thy Song Nguyen, declare as follows:

26

27

28                                       1

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

DECL. OF ANH THY SONG NGUYEN IN SUPPORT OF EX PARTE APPLICATION OF PLAINTIFF ANH THY
SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, FOR TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

1.      I am the Trustee of Mother Nature Trust and the Plaintiff in the above-captioned action. I have personal knowledge of all of the matters set forth in this Declaration and if called upon to testify thereto, I could and would competently do so.

2.      This Declaration is submitted in support of my ex parte application for a temporary restraining order and order to show cause re: preliminary injunction.

3.      In March 2019, I was the trustee of the owner of the residential real property known as 6475 Marigayle Circle, Huntington Beach, California 92648 and having Assessor's Parcel Number 110-511-04 ("Subject Property").

4.      Sometime in March 2019, I received a telephone call from Megan Zucaro ("Zucaro") who stated she was a real estate agent and interested in buying the Subject Property. Zucaro asked me how much I would sell the Subject Property for, and I stated I would sell the Subject Property for $2.5 million. Zucaro stated she did not have sufficient funds at the time but she was willing to pay $3 million if I would carry a promissory note secured by a second deed of trust for one year, since Zucaro has other properties that she was selling and would be able to pay off the notes. Zucaro also stated she wanted to receive a $150,000 commission since she has a real estate license and that she would increase the price to $3.150 million for her commission.

5.      Zucaro stated she had a private lender with whom she had worked in many transactions in the past seven years and has never defaulted, causing the private lender to be interested in lending to her on the Subject Property. Initially, Zucaro said the lender would lend $2.1 million if I agreed to carry the balance of the purchase price. Later, Zucaro stated the lender came back to her and wanted to lend only $1.9 million and asked if I would carry the difference, because Zucaro was is in the process of selling other properties and would be able to pay the note within the year. Thereafter, I agreed to sell the Subject Property to Zucaro's limited liability company, Helping Others International, LLC ("Helping Others International"), on terms discussed with Zucaro. Escrow closed May 3, 2019. Attached hereto and incorporated herein by this reference as **Exhibit "A"** is a copy of the California Residential Purchase Agreement and Joint Escrow Instructions dated March 26, 2019 for sale of the Subject Property ("Purchase

2

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

DECL. OF ANH THY SONG NGUYEN IN SUPPORT OF EX PARTE APPLICATION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

1   Agreement"), including Escrow Instructions dated April 5, 2019 and Amendment dated May 1,

2   2019. Attached hereto as **Exhibit "B"** is a true and correct copy of the Grant Deed dated May 1,

3   2019 and recorded May 2, 2019 as Instrument Number 2019000146648 from me to **Helping**

4   **Others International**. Attached hereto as **Exhibit "C"** is a true and correct copy of the Deed of

5   Trust, Assignment of Leases, Rents, and Profits, Security Agreement and Fixture Filing recorded

6   May 2, 2019 as Instrument Number 2019000146649 on the Subject Property and identifying

7   **Helping Others International** as trustor and **United Lender, LLC,** as beneficiary ("First Deed of

8   Trust"). Attached hereto as **Exhibit "D"** is a true and correct copy of my Deed of Trust and

9   Assignment of Rents recorded May 2, 2019 ("Second Deed of Trust") on the Subject Property and

10  identifying **Helping Others International** as trustor and me as beneficiary. Attached hereto as

11  **Exhibit "E"** is a true and correct copy of my Note Secured by Deed of Trust dated May 1, 2019,

12  which is secured by the Second Deed of Trust.

13       6.       After the first payment came due on my Note secured by the Second Deed of Trust,

14  Zucaro stated to me that she wanted a little more time to pay since she was in the process of

15  selling their properties. Helping Others International did not pay the first payment due under my

16  Note. When the second month's payment came due, Zucaro stated to me that she or Helping

17  Others International was obtaining another loan to pay the obligation owed to me. Helping Others

18  International did not make the second payment due under my Note. When the third month's

19  payment came due on my Note, I discovered that Helping Others International had not paid the

20  gardener or the pool service for the Subject Property; nor did it pay the third payment due under

21  my Note; nor has it paid any sum due under my Note.

22       7.       Sometime in September 2019, I discovered that **Helping Others International**

23  obtained a loan in the amount of $75,000 secured by a third deed of trust on the Subject Property.

24  The loan was funded by **American Financial Center, Inc.,** who is identified as the beneficiary

25  under a third deed of trust. A true and correct copy of the Deed of Trust with Assignment of Rents

26  recorded July 16, 2019 as Instrument Number 2019000254315 is attached hereto as **Exhibit "F"**

27  ("Third Deed of Trust").

28

LAW OFFICES OF ANDREW A. SMITS
16 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

3

1      8.    Public records reflect that on September 18, 2019, the beneficiary under the First

2  Deed of Trust, **United Lender**, caused its trustee, **Western Fidelity Associates, LLC, dba**

3  **Western Fidelity Trustees ("Western Fidelity")**, to record in the Orange County Recorder's

4  office a Notice of Default and Election to Sell Under Deed of Trust, a true and correct copy of

5  which is attached hereto as **Exhibit "G."** I received a copy of this Notice of Default in the mail.

6      9.    Public records reflect that on December 11, 2019, a substitution of trustee was

7  recorded with respect to the First Deed of Trust. A copy of the Substitution of Trustee dated

8  October 15, 2019 and signed by **Shawn Ahdoot** is attached hereto as **Exhibit "H."** I received a

9  copy of this Substitution of Trustee in the mail.

10      10.    Public records reflect that on December 20, 2019, the beneficiary under the First

11  Deed of Trust, **United Lender**, caused its trustee, **Western Fidelity**, to record in the Orange

12  County Recorder's office a Notice of Trustee's Sale, a true and correct copy of which is attached

13  hereto as **Exhibit "I,"** setting the date of sale for **January 27, 2020 at 1:30 p.m.** at the north

14  entrance to Orange County Superior Court, Central Justice Center, at 700 Civic Center Drive

15  West, Santa Ana, California 92701. I received a copy of this Notice of Trustee's Sale in the mail.

16      11.    Since being notified of the trustee's sale set for January 27, 2020 on the First Deed of

17  Trust, I discovered the beneficiary under the First Deed of Trust, **United Lender**, sent a letter to a

18  broker for a reported $30,000 unsecured loan to Zucaro and **Helping Others International**, stating

19  Zucaro and **Helping Others International** were current on the loan secured by the First Deed of

20  Trust. This letter indicates that there was no default and the Notice of Trustee's Sale (Ex. "I")

21  setting the foreclosure sale on the First Deed of Trust for January 27, 2020 is based on false

22  information and invalid. Attached hereto as **Exhibit "J"** is a letter from **United Lender** to Hope

23  Adams, chief executive officer of 5 Star Business Funders, dated July 17, 2019 wherein **Shawn**

24  **Ahdoot** of **United Lender** represents that Zucaro and **Helping Others International** were "up to

25  date" on the mortgage loan on the Subject Property. I believe this letter was sent by United Lender

26  to assist Zucaro and Helping Others International in obtaining a reported $30,000 unsecured loan.

27  //

28

4

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4791
Telephone: (949) 833-1025
Email: asmits@smits-law.com

DECL. OF ANH THY SONG NGUYEN IN SUPPORT OF EX PARTE APPLICATION OF PLAINTIFF ANH THY
SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, FOR TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

1        12.    I discovered that Zucaro, Helping Others International, United Lender, Shawn

2  Ahdoot, Western Fidelity, Spear, and American Financial, among others, appear to have engaged

3  in real estate and loan transactions similar to the transaction involving me and the Subject

4  Property. In these transactions, Helping Others International (and Zucaro) acts as the buyer, the

5  seller takes a promissory note secured by a second deed of trust, Helping Others International (and

6  Zucaro) defaults on a loan provided by United Lender, Shawn Ahdoot, (or an entity related to

7  these Defendants) and secured by the first deed of trust, and the beneficiary under the first deed of

8  trust initiates foreclosure proceedings through trustee Western Fidelity to eliminate junior

9  lienholders, including the beneficiary under the second deed of trust who is typically the seller of

10  the property.

11       13.    Other real properties that are the subject of Defendants' similar real estate

12  transactions include: 10434 Calling Road, Agua Dulce, California 91390; 4110 Vanetta Place,

13  Studio City, California 91604; 28340 Locust Avenue, Moreno Valley, California 92555; and 422

14  North Soto Street, Los Angeles California 90033.

15       14.    Similar to the circumstances surrounding the Subject Property wherein American

16  Financial has recorded a third deed of trust against the Subject Property to secure a $75,000 loan

17  to Helping Others International, American Financial, according to publically available records,

18  also loaned $75,000 to Helping Others International and obtained a third deed of trust on the real

19  property located in Agua Dulce, California referenced above.

20       15.    The most recent purchase of real property by Zucaro and Helping Others

21  International using a loan from United Lender, which is the property located at 422 North Soto

22  Street, Los Angeles, California, recently closed escrow on November 26, 2019. I cannot

23  understand how a lender such as United Lender would continue to loan to a buyer, such as

24  Helping Others International or Zucaro, who has a history of defaults.

25  //

26  //

27

28

LAW OFFICES OF ANDREW A. SMITS
56 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

5

1    16.    I believe that Zucaro, Helping Others International, United Lender, Shawn Ahdoot,

2 and Western Fidelity, among others, have taken advantage of me. I further believe that the

3 trustee's sale set for **Monday, January 27, 2020** is wrongful and should be cancelled or stayed

4 immediately, because it appears to be part of a scheme designed to eliminate my junior lienholder

5 interest in the Subject Property. If the Court does not stop or stay the trustee's sale, the

6 beneficiary under the first deed of trust, United Lender, will eliminate my interest in the Subject

7 Property and cause me irreparable harm.

8    I declare under penalty of perjury under the laws of the State of California that the

9 foregoing is true and correct and that this Declaration is executed this 22nd day of January 2020.

10

11

12

13    _____
       Anh Thy Song Nguyen, Trustee of Mother Nature Trust

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                    6

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 955-1055
Email: smits@smits-law.com

DECL. OF ANH THY SONG NGUYEN IN SUPPORT OF EX PARTE APPLICATION OF PLAINTIFF ANH THY
SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, FOR TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

# EXHIBIT "A"



CALIFORNIA
ASSOCIATION
OF REALTORS®

**CALIFORNIA
RESIDENTIAL PURCHASE AGREEMENT
AND JOINT ESCROW INSTRUCTIONS**
(C.A.R. Form RPA-CA, Revised 12/18)

**Date Prepared:** _03/26/2019_

1. **OFFER:**
   A. **THIS IS AN OFFER FROM** _Megan Zucaro_ ("Buyer").
   B. **THE REAL PROPERTY** to be acquired is _6475 Marigayle Circle, Huntington Beach, CA 92648-6729_, situated in
      _Huntington Beach_ (City), _Orange_ (County), California, _92648-6729_ (Zip Code), Assessor's Parcel No. _110-511-04_ ("Property").
   C. **THE PURCHASE PRICE** offered is _Three Million, One Hundred Fifty Thousand_
      Dollars $ _3,150,000.00_.
   D. **CLOSE OF ESCROW** shall occur on ☒ _April 12, 2019_ (date)(or ☐ _____ Days After Acceptance).
   E. Buyer and Seller are referred to herein as the "Parties." Brokers are not Parties to this Agreement.

2. **AGENCY:**
   A. **DISCLOSURE:** The Parties each acknowledge receipt of a ☒ "Disclosure Regarding Real Estate Agency Relationships"
      (C.A.R. Form AD).
   B. **CONFIRMATION:** The following agency relationships are confirmed for this transaction:
      **Seller's Brokerage Firm** _____ License Number _____
      Is the broker of (check one): ☐ the seller; or ☐ both the buyer and seller. (dual agent)
      **Seller's Agent** _____ License Number _____
      Is (check one): ☐ the Seller's Agent. (salesperson or broker associate) ☐ both the Buyer's and Seller's Agent. (dual agent)
      **Buyer's Brokerage Firm** _John B Spear_ License Number _00344386_
      Is the broker of (check one): ☒ the buyer; or ☐ both the buyer and seller. (dual agent)
      **Buyer's Agent** _Megan Zucaro_ License Number _01905753_
      Is (check one): ☒ the Buyer's Agent. (salesperson or broker associate) ☐ both the Buyer's and Seller's Agent. (dual agent)
   C. **POTENTIALLY COMPETING BUYERS AND SELLERS:** The Parties each acknowledge receipt of a ☒ "Possible
      Representation of More than One Buyer or Seller - Disclosure and Consent" (C.A.R. Form PRBS).

3. **FINANCE TERMS:** Buyer represents that funds will be good when deposited with Escrow Holder.
   A. **INITIAL DEPOSIT:** Deposit shall be in the amount of .......................................... $ _____
      (1) Buyer Direct Deposit: Buyer shall deliver deposit directly to Escrow Holder by electronic funds
      transfer, ☐ cashier's check, ☐ personal check, ☐ other _____ within 3 business days
      after Acceptance (or _____ );
      OR (2) ☐ Buyer Deposit with Agent: Buyer has given the deposit by personal check (or _____ )
      to the agent submitting the offer (or to _____ ), made payable to
      _____ . The deposit shall be held uncashed until Acceptance and then deposited
      with Escrow Holder within 3 business days after Acceptance (or _____ ).
      Deposit checks given to agent shall be an original signed check and not a copy.
      (Note: Initial and increased deposits checks received by agent shall be recorded in Broker's trust fund log.)
   B. **INCREASED DEPOSIT:** Buyer shall deposit with Escrow Holder an increased deposit in the amount of ......... $ _____
      within _____ **Days** After Acceptance (or _____ ).
      If the Parties agree to liquidated damages in this Agreement, they also agree to incorporate the increased
      deposit into the liquidated damages amount in a separate liquidated damages clause (C.A.R. Form
      RID) at the time the increased deposit is delivered to Escrow Holder.
   C. ☐ **ALL CASH OFFER:** No loan is needed to purchase the Property. This offer is NOT contingent on Buyer
      obtaining a loan. Written verification of sufficient funds to close this transaction IS ATTACHED to this offer or
      ☐ Buyer shall, within 3 (or _____ ) **Days** After Acceptance, Deliver to Seller such verification.
   D. **LOAN(S):**
      (1) **FIRST LOAN:** in the amount of ............................................................. $ _2,047,500.00_
      This loan will be conventional financing **OR** ☐ FHA, ☐ VA, ☐ Seller financing (C.A.R. Form SFA),
      ☐ assumed financing (C.A.R. Form AFA), ☒ Other _Private Money_. This loan shall be at a fixed
      rate not to exceed _____ % or, ☐ an adjustable rate loan with initial rate not to exceed _____ %.
      Regardless of the type of loan, Buyer shall pay points not to exceed _____ % of the loan amount.
      (2) ☒ **SECOND LOAN** in the amount of ........................................................ $ _1,102,500.00_
      This loan will be conventional financing **OR** ☒ Seller financing (C.A.R. Form SFA), ☐ assumed
      financing (C.A.R. Form AFA), ☐ Other _____ . This loan shall be at a fixed rate not to
      exceed _____ % or, ☐ an adjustable rate loan with initial rate not to exceed _____ %. Regardless of
      the type of loan, Buyer shall pay points not to exceed _____ % of the loan amount.
      (3) **FHA/VA:** For any FHA or VA loan specified in 3D(1), Buyer has 17 (or _____ ) **Days** After Acceptance
      to Deliver to Seller written notice (C.A.R. Form FVA) of any lender-required repairs or costs that
      Buyer requests Seller to pay for or otherwise correct. Seller has no obligation to pay or satisfy lender
      requirements unless otherwise agreed in writing. A FHA/VA amendatory clause (C.A.R. Form FVAC) shall be a
      part of this Agreement.
   E. **ADDITIONAL FINANCING TERMS:** _____

   F. **BALANCE OF DOWN PAYMENT OR PURCHASE PRICE** in the amount of ......................... $ _____
      to be deposited with Escrow Holder pursuant to Escrow Holder instructions.
   G. **PURCHASE PRICE (TOTAL):** .................................................................. $ _3,150,000.00_

Buyer's Initials (_ MZ_) (_____)          Seller's Initials (_ AV_) (_____)

© 1991-2018, California Association of REALTORS®, Inc.

**RPA-CA REVISED 12/18 (PAGE 1 OF 10)**
**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 1 OF 10)**

Offer To Close, 19525 Ventura Blvd #D Tarzana CA 91356          Phone: 8182123654          Fax:          6475 Marigayle
Transaction Coordinator          Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

961

Property Address: **6475 Marigayle Circle, Huntington Beach, CA 92648-6729**      Date: **March 26, 2019**

**H. VERIFICATION OF DOWN PAYMENT AND CLOSING COSTS:** Buyer (or Buyer's lender or loan broker pursuant to paragraph 3J(1)) shall, within **3 (or _____ ) Days** After Acceptance, Deliver to Seller written verification of Buyer's down payment and closing costs. ( ☐ Verification attached.)

**I. APPRAISAL CONTINGENCY AND REMOVAL:** This Agreement is (or ☐ is NOT) contingent upon a written appraisal of the Property by a licensed or certified appraiser at no less than the purchase price. Buyer shall, as specified in paragraph 14B(3), in writing, remove the appraisal contingency or cancel this Agreement within **17 (or _____ ) Days** After Acceptance.

**J. LOAN TERMS:**

**(1) LOAN APPLICATIONS:** Within **3 (or _____ ) Days** After Acceptance, Buyer shall Deliver to Seller a letter from Buyer's lender or loan broker stating that, based on a review of Buyer's written application and credit report, Buyer is prequalified or preapproved for any NEW loan specified in paragraph 3D. If any loan specified in paragraph 3D is an adjustable rate loan, the prequalification or preapproval letter shall be based on the qualifying rate, not the initial loan rate. ( ☐ Letter attached.)

**(2) LOAN CONTINGENCY:** Buyer shall act diligently and in good faith to obtain the designated loan(s). Buyer's qualification for the loan(s) specified above **is a contingency** of this Agreement unless otherwise agreed in writing. If there is no appraisal contingency or the appraisal contingency has been waived or removed, then failure of the Property to appraise at the purchase price does not entitle Buyer to exercise the cancellation right pursuant to the loan contingency if Buyer is otherwise qualified for the specified loan. Buyer's contractual obligations regarding deposit, balance of down payment and closing costs **are not contingencies** of this Agreement.

**(3) LOAN CONTINGENCY REMOVAL:**

Within **21 (or _____ ) Days** After Acceptance, Buyer shall, as specified in paragraph 14, in writing, remove the loan contingency or cancel this Agreement. If there is an appraisal contingency, removal of the loan contingency shall not be deemed removal of the appraisal contingency.

**(4) ☒ NO LOAN CONTINGENCY:** Obtaining any loan specified above is NOT a contingency of this Agreement. If Buyer does not obtain the loan and as a result does not purchase the Property, Seller may be entitled to Buyer's deposit or other legal remedies.

**(5) LENDER LIMITS ON BUYER CREDITS:** Any credit to Buyer, from any source, for closing or other costs that is agreed to by the Parties ("Contractual Credit") shall be disclosed to Buyer's lender. If the total credit allowed by Buyer's lender ("Lender Allowable Credit") is less than the Contractual Credit, then (i) the Contractual Credit shall be reduced to the Lender Allowable Credit, and (ii) in the absence of a separate written agreement between the Parties, there shall be no automatic adjustment to the purchase price to make up for the difference between the Contractual Credit and the Lender Allowable Credit.

**K. BUYER STATED FINANCING:** Seller is relying on Buyer's representation of the type of financing specified (including but not limited to, as applicable, all cash, amount of down payment, or contingent or non-contingent loan). Seller has agreed to a specific closing date, purchase price and to sell to Buyer in reliance on Buyer's covenant concerning financing. Buyer shall pursue the financing specified in this Agreement. Seller has no obligation to cooperate with Buyer's efforts to obtain any financing other than that specified in the Agreement and the availability of any such alternate financing does not excuse Buyer from the obligation to purchase the Property and close escrow as specified in this Agreement.

**4. SALE OF BUYER'S PROPERTY:**

**A.** This Agreement and Buyer's ability to obtain financing are NOT contingent upon the sale of any property owned by Buyer.

**OR B.** ☐ This Agreement and Buyer's ability to obtain financing are contingent upon the sale of property owned by Buyer as specified in the attached addendum (C.A.R. Form COP).

**5. ADDENDA AND ADVISORIES:**

**A. ADDENDA:**

| | |
|---|---|
| ☒ Addendum # **1**   (C.A.R. Form ADM) | |
| ☐ Back Up Offer Addendum (C.A.R. Form BUO) | ☐ Court Confirmation Addendum (C.A.R. Form CCA) |
| ☐ Septic, Well and Property Monument Addendum (C.A.R. Form SWPI) | |
| ☐ Short Sale Addendum (C.A.R. Form SSA) | ☐ Other |

**B. BUYER AND SELLER ADVISORIES:**

| | |
|---|---|
| | ☒ Buyer's Inspection Advisory (C.A.R. Form BIA) |
| ☐ Probate Advisory (C.A.R. Form PA) | ☐ Statewide Buyer and Seller Advisory (C.A.R. Form SBSA) |
| ☐ Trust Advisory (C.A.R. Form TA) | ☐ REO Advisory (C.A.R. Form REO) |
| ☐ Short Sale Information and Advisory (C.A.R. Form SSIA) | ☐ Other |

**6. OTHER TERMS:** _1. Seller to pay $150,000 commission to Megan Zucaro._

_____

_____

**7. ALLOCATION OF COSTS**

**A. INSPECTIONS, REPORTS AND CERTIFICATES:** Unless otherwise agreed in writing, this paragraph only determines who is to pay for the inspection, test, certificate or service ("Report") mentioned; it **does not determine who is to pay for any work recommended or identified in the Report.**

(1) ☐ Buyer ☐ Seller shall pay for a natural hazard zone disclosure report, including tax ☐ environmental ☐ Other: _____
prepared by _____ .

(2) ☐ Buyer ☐ Seller shall pay for the following Report _____ .
prepared by

(3) ☐ Buyer ☐ Seller shall pay for the following Report _____ .
prepared by

**B. GOVERNMENT REQUIREMENTS AND RETROFIT:**

(1) ☐ Buyer ☐ Seller shall pay for smoke alarm and carbon monoxide device installation and water heater bracing, if required by Law. Prior to Close Of Escrow ("COE"), Seller shall provide Buyer written statement(s) of compliance in accordance with state and local Law, unless Seller is exempt.

Buyer's Initials ( _MZ_ ) ( _____ )      Seller's Initials ( _hw_ ) ( _____ )

**RPA-CA REVISED 12/18 (PAGE 2 OF 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 2 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com      6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA 92648-6729**      Date: **March 26, 2019**

   (2) (i) ☐ Buyer ☐ Seller shall pay the cost of compliance with any other minimum mandatory government inspections and reports if required as a condition of closing escrow under any Law.

      (ii) ☐ Buyer ☐ Seller shall pay the cost of compliance with any other minimum mandatory government retrofit standards required as a condition of closing escrow under any Law, whether the work is required to be completed before or after COE.

      (iii) Buyer shall be provided, within the time specified in paragraph 14A, a copy of any required government conducted or point-of-sale inspection report prepared pursuant to this Agreement or in anticipation of this sale of the Property.

**C. ESCROW AND TITLE:**

   (1) (a) ☒ Buyer ☒ Seller shall pay escrow fee **Each Pay Own Share.** _____.

      (b) Escrow Holder shall be **Seller's Choice** _____.

      (c) The Parties shall, within **5 (or ___ ) Days** After receipt, sign and return Escrow Holder's general provisions.

   (2) (a) ☐ Buyer ☒ Seller shall pay for **owner's** title insurance policy specified in paragraph 13E _____.

      (b) Owner's title policy to be issued by **Seller's Choice** _____.

   (Buyer shall pay for any title insurance policy insuring Buyer's **lender**, unless otherwise agreed in writing.)

**D. OTHER COSTS:**

   (1) ☐ Buyer ☒ Seller shall pay County transfer tax or fee _____.

   (2) ☐ Buyer ☒ Seller shall pay City transfer tax or fee _____.

   (3) ☐ Buyer ☒ Seller shall pay Homeowners' Association ("HOA") transfer fee **If applicable** _____.

   (4) Seller shall pay HOA fees for preparing documents required to be delivered by Civil Code §4525.

   (5) ☐ Buyer ☐ Seller shall pay HOA fees for preparing all documents other than those required by Civil Code §4525.

   (6) Buyer to pay for any HOA certification fee.

   (7) ☐ Buyer ☒ Seller shall pay for any private transfer fee **If applicable** _____.

   (8) ☐ Buyer ☐ Seller shall pay for _____.

   (9) ☐ Buyer ☐ Seller shall pay for _____.

   (10) ☐ Buyer ☒ Seller shall pay for the cost, not to exceed $ **850.00** _____, of a standard (or ☒ upgraded) one-year home warranty plan, issued by **Buyer's Choice** _____ , with the following optional coverages: ☒ Air Conditioner ☐ Pool/Spa ☐ Other: _____

   Buyer is informed that home warranty plans have many optional coverages in addition to those listed above. Buyer is advised to investigate these coverages to determine those that may be suitable for Buyer.

   OR ☐ **Buyer waives the purchase of a home warranty plan. Nothing in this paragraph precludes Buyer's purchasing a home warranty plan during the term of this Agreement.**

**8. ITEMS INCLUDED IN AND EXCLUDED FROM SALE:**

  **A. NOTE TO BUYER AND SELLER:** Items listed as included or excluded in the MLS, flyers or marketing materials are **not** included in the purchase price or excluded from the sale unless specified in paragraph 8 B or C.

  **B. ITEMS INCLUDED IN SALE:** Except as otherwise specified or disclosed,

   (1) All EXISTING fixtures and fittings that are attached to the Property;

   (2) EXISTING electrical, mechanical, lighting, plumbing and heating fixtures, ceiling fans, fireplace inserts, gas logs and grates, solar power systems, built-in appliances, window and door screens, awnings, shutters, window coverings, attached floor coverings, television antennas, satellite dishes, air coolers/conditioners, pool/spa equipment, garage door openers/remote controls, mailbox, in-ground landscaping, trees/shrubs, water features and fountains, water softeners, water purifiers, security systems/alarms and the following if checked: ☐ all stove(s), except _____; ☐ all refrigerator(s) except _____ ; ☐ all washer(s) and dryer(s), except _____ ;

   (3) The following additional items: _____

   (4) Existing integrated phone and home automation systems, including necessary components such as intranet and Internet-connected hardware or devices, control units (other than non-dedicated mobile devices, electronics and computers) and applicable software, permissions, passwords, codes and access information, are (☐ are NOT) included in the sale.

   (5) LEASED OR LIENED ITEMS AND SYSTEMS: Seller shall, within the time specified in paragraph 14A, (i) disclose to Buyer if any item or system specified in paragraph 8B or otherwise included in the sale is leased, or not owned by Seller, or specifically subject to a lien or other encumbrance, and (ii) Deliver to Buyer all written materials (such as lease, warranty, etc.) concerning any such item. Buyer's ability to assume any such lease, or willingness to accept the Property subject to any such lien or encumbrance, is a contingency in favor of Buyer and Seller as specified in paragraph 14B and C.

   (6) Seller represents that all items included in the purchase price, unless otherwise specified, (i) are owned by Seller and shall be transferred free and clear of liens and encumbrances, except the items and systems identified pursuant to 8B(5) and _____ , and (ii) are transferred without Seller warranty regardless of value.

  **C. ITEMS EXCLUDED FROM SALE:** Unless otherwise specified, the following items are excluded from sale: (i) audio and video components (such as flat screen TVs, speakers and other items) if any such item is not itself attached to the Property, even if a bracket or other mechanism attached to the component or item is attached to the Property; (ii) furniture and other items secured to the Property for earthquake purposes; and (iii) _____

_____ . **Brackets attached to walls, floors or ceilings for any such component, furniture or item shall remain with the Property (or ☐ will be removed and holes or other damage shall be repaired, but not painted).**

**9. CLOSING AND POSSESSION:**

  **A.** Buyer intends (or ☐ does not intend) to occupy the Property as Buyer's primary residence.

  **B.** Seller-occupied or vacant property: Possession shall be delivered to Buyer: (i) at 6 PM or ( ___ ☐ AM/ ☐ PM) on the date of Close Of Escrow; (ii) ☐ no later than ___ calendar days after Close Of Escrow; or (iii) ☐ at ____ ☐ AM/ ☐ PM on _____.

Buyer's Initials ( *MZ* ) ( _____ )         Seller's Initials ( *✎* ) ( _____ )

RPA-CA REVISED 12/18 (PAGE 3 OF 10)

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 3 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com     6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA 92648-6729**                    Date: **March 26, 2019**

C. **Seller remaining in possession After Close Of Escrow:** If Seller has the right to remain in possession after Close Of Escrow, (i) the Parties are advised to sign a separate occupancy agreement such as ☐ C.A.R. Form SIP, for Seller continued occupancy of less than 30 days, ☐ C.A.R. Form RLAS for Seller continued occupancy of 30 days or more; and (ii) the Parties are advised to consult with their insurance and legal advisors for information about liability and damage or injury to persons and personal and real property; and (iii) Buyer is advised to consult with Buyer's lender about the impact of Seller's occupancy on Buyer's loan.

D. **Tenant-occupied property: Property shall be vacant** at least 5 (or ____ ) Days Prior to Close Of Escrow, unless otherwise agreed in writing. **Note to Seller: If you are unable to deliver Property vacant in accordance with rent control and other applicable Law, you may be in breach of this Agreement.**

OR ☐ **Tenant to remain in possession** (C.A.R. Form TIP).

E. At Close Of Escrow: Seller assigns to Buyer any assignable warranty rights for items included in the sale; and Seller shall Deliver to Buyer available Copies of any such warranties. Brokers cannot and will not determine the assignability of warranties.

F. At Close Of Escrow, unless otherwise agreed in writing, Seller shall provide keys, passwords, codes and/or means to operate all locks, mailboxes, security systems, alarms, home automation systems and intranet and Internet-connected devices included in the purchase price, and garage door openers. If the Property is a condominium or located in a common interest subdivision, Buyer may be required to pay a deposit to the Homeowners' Association ("HOA") to obtain keys to accessible HOA facilities.

10. **STATUTORY AND OTHER DISCLOSURES (INCLUDING LEAD-BASED PAINT HAZARD DISCLOSURES) AND CANCELLATION RIGHTS:**

A. **(1)** Seller shall, within the time specified in paragraph 14A, Deliver to Buyer: (i) if required by Law, a fully completed: Federal Lead-Based Paint Disclosures (C.A.R. Form FLD) and pamphlet ("Lead Disclosures"); and **(ii)** unless exempt, fully completed disclosures or notices required by sections 1102 et. seq. and 1103 et. seq. of the Civil Code ("Statutory Disclosures"). Statutory Disclosures include, but are not limited to, a Real Estate Transfer Disclosure Statement ("TDS"), Natural Hazard Disclosure Statement ("NHD"), notice or actual knowledge of release of illegal controlled substance, notice of special tax and/or assessments (or, if allowed, substantially equivalent notice regarding the Mello-Roos Community Facilities Act of 1982 and Improvement Bond Act of 1915) and, if Seller has actual knowledge, of industrial use and military ordnance location (C.A.R. Form SPQ or ESD).

**(2)** Any Statutory Disclosure required by this paragraph is considered fully completed if Seller has answered all questions and completed and signed the Seller section(s) and the Seller's Agent, if any, has completed and signed the Seller's Brokerage Firm section(s), or, if applicable, an Agent Visual Inspection Disclosure (C.A.R. Form AVID). Nothing stated herein relieves a Buyer's Brokerage Firm, if any, from the obligation to (i) conduct a reasonably competent and diligent visual inspection of the accessible areas of the Property and disclose, on Section IV of the TDS, or an AVID, material facts affecting the value or desirability of the Property that were or should have been revealed by such an inspection or (ii) complete any sections on all disclosures required to be completed by Buyer's Brokerage Firm.

**(3) Note to Buyer and Seller:** Waiver of Statutory and Lead Disclosures is prohibited by Law.

**(4)** Within the time specified in paragraph 14A, (i) Seller, unless exempt from the obligation to provide a TDS, shall, complete and provide Buyer with a Seller Property Questionnaire (C.A.R. Form SPQ); (ii) if Seller is not required to provide a TDS, Seller shall complete and provide Buyer with an Exempt Seller Disclosure (C.A.R. Form ESD).

**(5)** Buyer shall, within the time specified in paragraph 14B(1), return Signed Copies of the Statutory, Lead and other disclosures to Seller.

**(6)** In the event Seller or Seller's Brokerage Firm, prior to Close Of Escrow, becomes aware of adverse conditions materially affecting the Property, or any material inaccuracy in disclosures, information or representations previously provided to Buyer, Seller shall promptly provide a subsequent or amended disclosure or notice, in writing, covering those items. **However, a subsequent or amended disclosure shall not be required for conditions and material inaccuracies of which Buyer is otherwise aware, or which are disclosed in reports provided to or obtained by Buyer or ordered and paid for by Buyer.**

**(7)** If any disclosure or notice specified in paragraph 10A(1), or subsequent or amended disclosure or notice is Delivered to Buyer after the offer is Signed, Buyer shall have the right to cancel this Agreement within **3 Days** After Delivery in person, or **5 Days** After Delivery by deposit in the mail, or by an electronic record satisfying the Uniform Electronic Transactions Act (UETA), by giving written notice of cancellation to Seller or Seller's agent.

B. **NATURAL AND ENVIRONMENTAL HAZARD DISCLOSURES AND OTHER BOOKLETS:** Within the time specified in paragraph 14A, Seller shall, if required by Law: (i) Deliver to Buyer earthquake guide(s) (and questionnaire), environmental hazards booklet, and home energy rating pamphlet; (ii) disclose if the Property is located in a Special Flood Hazard Area; Potential Flooding (Inundation) Area; Very High Fire Hazard Zone; State Fire Responsibility Area; Earthquake Fault Zone; and Seismic Hazard Zone; and (iii) disclose any other zone as required by Law and provide any other information required for those zones.

C. **WITHHOLDING TAXES:** Within the time specified in paragraph 14A, to avoid required withholding, Seller shall Deliver to Buyer or qualified substitute, an affidavit sufficient to comply with federal (FIRPTA) and California withholding Law (C.A.R. Form AS or QS).

D. **MEGAN'S LAW DATABASE DISCLOSURE:** Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at **www.meganslaw.ca.gov.** Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides. (Neither Seller nor Brokers are required to check this website. If Buyer wants further information, Broker recommends that Buyer obtain information from this website during Buyer's inspection contingency period. Brokers do not have expertise in this area.)

E. **NOTICE REGARDING GAS AND HAZARDOUS LIQUID TRANSMISSION PIPELINES:** This notice is being provided simply to inform you that information about the general location of gas and hazardous liquid transmission pipelines is available to the public via the National Pipeline Mapping System (NPMS) Internet Web site maintained by the United States Department of Transportation at **http://www.npms.phmsa.dot.gov/.** To seek further information about possible transmission pipelines near the Property, you may contact your local gas utility or other pipeline operators in the area. Contact information for pipeline operators is searchable by ZIP Code and county on the NPMS Internet Web site.

F. **CONDOMINIUM/PLANNED DEVELOPMENT DISCLOSURES:**
**(1) SELLER HAS: 7 (or ____ ) Days** After Acceptance to disclose to Buyer if the Property is a condominium, or is located in a planned development or other common interest subdivision (C.A.R. Form SPQ or ESD).

Buyer's Initials ( _MZ_ ) ( _____ )                    Seller's Initials ( /~ ) ( _____ )        

**RPA-CA REVISED 12/18 (PAGE 4 OF 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT  (RPA-CA PAGE 4 OF 10)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com        6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA 92648-6729**                    Date: **March 26, 2019**

(2) If the Property is a condominium or is located in a planned development or other common interest subdivision, Seller has **3 (or ___ ) Days** After Acceptance to request from the HOA (C.A.R. Form HOA1): **(i)** Copies of any documents required by Law; **(ii)** disclosure of any pending or anticipated claim or litigation by or against the HOA; **(iii)** a statement containing the location and number of designated parking and storage spaces; **(iv)** Copies of the most recent 12 months of HOA minutes for regular and special meetings; and **(v)** the names and contact information of all HOAs governing the Property (collectively, "CI Disclosures"). **(vi)** private transfer fees; **(vii)** Pet fee restrictions; and **(viii)** smoking restrictions. Seller shall itemize and Deliver to Buyer all CI Disclosures received from the HOA and any CI Disclosures in Seller's possession. Buyer's approval of CI Disclosures is a contingency of this Agreement as specified in paragraph 14B(3). The Party specified in paragraph 7, as directed by escrow, shall deposit funds into escrow or direct to HOA or management company to pay for any of the above.

**11. CONDITION OF PROPERTY:** Unless otherwise agreed in writing: **(i)** the Property is sold (a) "AS-IS" in its PRESENT physical condition as of the date of Acceptance and (b) subject to Buyer's Investigation rights; **(ii)** the Property, including pool, spa, landscaping and grounds, is to be maintained in substantially the same condition as on the date of Acceptance; and **(iii)** all debris and personal property not included in the sale shall be removed by Close Of Escrow.

   **A.** Seller shall, within the time specified in paragraph 14A, DISCLOSE KNOWN MATERIAL FACTS AND DEFECTS affecting the Property, including known insurance claims within the past five years, and make any and all other disclosures required by law.

   **B.** Buyer has the right to conduct Buyer Investigations of the Property and, as specified in paragraph 14B, based upon information discovered in those investigations: (i) cancel this Agreement; or (ii) request that Seller make Repairs or take other action.

   **C.** **Buyer is strongly advised to conduct investigations of the entire Property in order to determine its present condition. Seller may not be aware of all defects affecting the Property or other factors that Buyer considers important. Property improvements may not be built according to code, in compliance with current Law, or have had permits issued.**

**12. BUYER'S INVESTIGATION OF PROPERTY AND MATTERS AFFECTING PROPERTY:**

   **A.** Buyer's acceptance of the condition of, and any other matter affecting the Property, is a contingency of this Agreement as specified in this paragraph and paragraph 14B. Within the time specified in paragraph 14B(1), Buyer shall have the right, at Buyer's expense unless otherwise agreed, to conduct inspections, investigations, tests, surveys and other studies ("Buyer Investigations"), including, but not limited to: **(i)** a general physical inspection; **(ii)** an inspection specifically for wood destroying pests and organisms. Any inspection for wood destroying pests and organisms shall be prepared by a registered Structural Pest Control company; shall cover the main building and attached structures; may cover detached structures; shall NOT include water tests of shower pans on upper level units unless the owners of property below the shower consent; shall NOT include roof coverings; and, if the Property is a unit in a condominium or other common interest subdivision, the inspection shall include only the separate interest and any exclusive-use areas being transferred, and shall NOT include common areas; and shall include a report ("Pest Control Report") showing the findings of the company which shall be separated into sections for evident infestation or infections (Section 1) and for conditions likely to lead to infestation or infection (Section 2); **(iii)** inspect for lead-based paint and other lead-based paint hazards; **(iv)** satisfy Buyer as to any matter specified in the attached Buyer's Inspection Advisory (C.A.R. Form BIA); **(v)** review the registered sex offender database; **(vi)** confirm the insurability of Buyer and the Property including the availability and cost of flood and fire insurance; and **(vii)** review and seek approval of leases that may need to be assumed by Buyer. Without Seller's prior written consent, Buyer shall neither make nor cause to be made: invasive or destructive Buyer Investigations, except for minimally invasive testing required to prepare a Pest Control Report; or inspections by any governmental building or zoning inspector or government employee, unless required by Law.

   **B.** Seller shall make the Property available for all Buyer Investigations. Buyer shall **(i)** as specified in paragraph 14B, complete Buyer Investigations and either remove the contingency or cancel this Agreement, and **(ii)** give Seller, at no cost, complete Copies of all such Investigation reports obtained by Buyer, which obligation shall survive the termination of this Agreement.

   **C.** Seller shall have water, gas, electricity and all operable pilot lights on for Buyer's Investigations and through the date possession is made available to Buyer.

   **D.** **Buyer indemnity and seller protection for entry upon property:** Buyer shall: **(i)** keep the Property free and clear of liens; **(ii)** repair all damage arising from Buyer Investigations; and **(iii)** indemnify and hold Seller harmless from all resulting liability, claims, demands, damages and costs. Buyer shall carry, or Buyer shall require anyone acting on Buyer's behalf to carry, policies of liability, workers' compensation and other applicable insurance, defending and protecting Seller from liability for any injuries to persons or property occurring during any Buyer Investigations or work done on the Property at Buyer's direction prior to Close Of Escrow. Seller is advised that certain protections may be afforded Seller by recording a "Notice of Non-Responsibility" (C.A.R. Form NNR) for Buyer Investigations and work done on the Property at Buyer's direction. Buyer's obligations under this paragraph shall survive the termination of this Agreement.

**13. TITLE AND VESTING:**

   **A.** Within the time specified in paragraph 14, Buyer shall be provided a current preliminary title report ("Preliminary Report"). The Preliminary Report is only an offer by the title insurer to issue a policy of title insurance and may not contain every item affecting title. Buyer's review of the Preliminary Report and any other matters which may affect title are a contingency of this Agreement as specified in paragraph 14B. The company providing the Preliminary Report shall, prior to issuing a Preliminary Report, conduct a search of the General Index for all Sellers except banks or other institutional lenders selling properties they acquired through foreclosure (REOs), corporations, and government entities. Seller shall within 7 Days After Acceptance, give Escrow Holder a completed Statement of Information.

   **B.** Title is taken in its present condition subject to all encumbrances, easements, covenants, conditions, restrictions, rights and other matters, whether of record or not, as of the date of Acceptance except for: (i) monetary liens of record (which Seller is obligated to pay off) unless Buyer is assuming those obligations or taking the Property subject to those obligations; and (ii) those matters which Seller has agreed to remove in writing.

   **C.** Within the time specified in paragraph 14A, Seller has a duty to disclose to Buyer all matters known to Seller affecting title, whether of record or not.

   **D.** At Close Of Escrow, Buyer shall receive a grant deed conveying title (or, for stock cooperative or long-term lease, an assignment of stock certificate or of Seller's leasehold interest), including oil, mineral and water rights if currently owned by Seller. Title shall vest as designated in Buyer's supplemental escrow instructions. THE MANNER OF TAKING TITLE MAY HAVE SIGNIFICANT LEGAL AND TAX CONSEQUENCES. CONSULT AN APPROPRIATE PROFESSIONAL.

   **E.** Buyer shall receive a CLTA/ALTA "Homeowner's Policy of Title Insurance", if applicable to the type of property and buyer. If not, Escrow Holder shall notify Buyer. A title company can provide information about the availability, coverage, and cost of other title policies and endorsements. If the Homeowner's Policy is not available, Buyer shall choose another policy, instruct Escrow Holder in writing and shall pay any increase in cost.

Buyer's Initials ( _MF_ ) ( _____ )                                        Seller's Initials ( _____ ) ( _____ )

**RPA-CA REVISED 12/18 (PAGE 5 OF 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 5 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com                    6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA 92648-6729**          Date: **March 26, 2019**

14. **TIME PERIODS; REMOVAL OF CONTINGENCIES; CANCELLATION RIGHTS:** The following time periods may only be extended, altered, modified or changed by mutual written agreement. Any removal of contingencies or cancellation under this paragraph by either Buyer or Seller must be exercised in good faith and in writing (C.A.R. Form CR or CC).

A. **SELLER HAS: 7 (or ___ ) Days** After Acceptance to Deliver to Buyer all Reports, disclosures and information for which Seller is responsible under paragraphs 5, 6, 7, 8B(5), 10A, B, C, and F, 11A and 13A. If, by the time specified, Seller has not Delivered any such item, Buyer after first Delivering to Seller a Notice to Seller to Perform (C.A.R. Form NSP) may cancel this Agreement.

B. **(1) BUYER HAS: 17 (or _0_ ) Days** After Acceptance, unless otherwise agreed in writing, to:
   (i) complete all Buyer Investigations; review all disclosures, reports, lease documents to be assumed by Buyer pursuant to paragraph 8B(5), and other applicable information, which Buyer receives from Seller; and approve all matters affecting the Property; and **(ii)** Deliver to Seller Signed Copies of Statutory and Lead Disclosures and other disclosures Delivered by Seller in accordance with paragraph 10A.
   (2) Within the time specified in paragraph 14B(1), Buyer may request that Seller make repairs or take any other action regarding the Property (C.A.R. Form RR). Seller has no obligation to agree to or respond to (C.A.R. Form RRRR) Buyer's requests.
   (3) By the end of the time specified in paragraph 14B(1) (or as otherwise specified in this Agreement), Buyer shall Deliver to Seller a removal of the applicable contingency or cancellation (C.A.R. Form CR or CC) of this Agreement. However, if any report, disclosure or information for which Seller is responsible is not Delivered within the time specified in paragraph 14A, then Buyer has **5 (or ___ ) Days** After Delivery of any such items, or the time specified in paragraph 14B(1), whichever is later, to Deliver to Seller a removal of the applicable contingency or cancellation of this Agreement.
   (4) **Continuation of Contingency:** Even after the end of the time specified in paragraph 14B(1) and before Seller cancels, if at all, pursuant to paragraph 14D, Buyer retains the right, in writing, to either (i) remove remaining contingencies, or (ii) cancel this Agreement based on a remaining contingency. Once Buyer's written removal of all contingencies is Delivered to Seller, Seller may not cancel this Agreement pursuant to paragraph 14D(1).
   (5) **Access to Property:** Buyer shall have access to the Property to conduct inspections and investigations for **17 (or ___ ) Days** After Acceptance, whether or not any part of the Buyer's Investigation Contingency has been waived or removed.

C. ☐ **REMOVAL OF CONTINGENCIES WITH OFFER: Buyer removes the contingencies specified in the attached Contingency Removal form (C.A.R. Form CR). If Buyer removes any contingency without an adequate understanding of the Property's condition or Buyer's ability to purchase, Buyer is acting against the advice of Broker.**

D. **SELLER RIGHT TO CANCEL:**
   (1) **Seller right to Cancel; Buyer Contingencies:** If, by the time specified in this Agreement, Buyer does not Deliver to Seller a removal of the applicable contingency or cancellation of this Agreement, then Seller, after first Delivering to Buyer a Notice to Buyer to Perform (C.A.R. Form NBP), may cancel this Agreement. In such event, Seller shall authorize the return of Buyer's deposit, except for fees incurred by Buyer.
   (2) **Seller right to Cancel; Buyer Contract Obligations:** Seller, after first delivering to Buyer a NBP, may cancel this Agreement if, by the time specified in this Agreement, Buyer does not take the following action(s): (i) Deposit funds as required by paragraph 3A, or 3B or if the funds deposited pursuant to paragraph 3A or 3B are not good when deposited; (ii) Deliver a notice of FHA or VA costs or terms as required by paragraph 3D(3) (C.A.R. Form FVA); **(iii)** Deliver a letter as required by paragraph 3J(1); **(iv)** Deliver verification, or a satisfactory verification if Seller reasonably disapproves of the verification already provided, as required by paragraph 3C or 3H; **(v)** In writing assume or accept leases or liens specified in 8B5; **(vi)** Return Statutory and Lead Disclosures as required by paragraph 10A(5); or **(vii)** Sign or initial a separate liquidated damages form for an increased deposit as required by paragraphs 3B and 21B; or **(viii)** Provide evidence of authority to sign in a representative capacity as specified in paragraph 19. In such event, Seller shall authorize the return of Buyer's deposit, except for fees incurred by Buyer.

E. **NOTICE TO BUYER OR SELLER TO PERFORM:** The NBP or NSP shall: (i) be in writing; (ii) be signed by the applicable Buyer or Seller; and (iii) give the other Party at least **2 (or ___ ) Days** After Delivery (or until the time specified in the applicable paragraph, whichever occurs last) to take the applicable action. A NBP or NSP may not be Delivered any earlier than **2 Days** Prior to the expiration of the applicable time for the other Party to remove a contingency or cancel this Agreement or meet an obligation specified in paragraph 14.

F. **EFFECT OF BUYER'S REMOVAL OF CONTINGENCIES:** If Buyer removes, in writing, any contingency or cancellation rights, unless otherwise specified in writing, Buyer shall conclusively be deemed to have: (i) completed all Buyer Investigations, and review of reports and other applicable information and disclosures pertaining to that contingency or cancellation right; (ii) elected to proceed with the transaction; and (iii) assumed all liability, responsibility and expense for Repairs or corrections pertaining to that contingency or cancellation right, or for the inability to obtain financing.

G. **CLOSE OF ESCROW:** Before Buyer or Seller may cancel this Agreement for failure of the other Party to close escrow pursuant to this Agreement, Buyer or Seller must first Deliver to the other Party a demand to close escrow (C.A.R. Form DCE). The DCE shall: (i) be signed by the applicable Buyer or Seller; and (ii) give the other Party at least **3 (or ___ ) Days** After Delivery to close escrow. A DCE may not be Delivered any earlier than **3 Days** Prior to the scheduled close of escrow.

H. **EFFECT OF CANCELLATION ON DEPOSITS:** If Buyer or Seller gives written notice of cancellation pursuant to rights duly exercised under the terms of this Agreement, the Parties agree to Sign mutual instructions to cancel the sale and escrow and release deposits, if any, to the party entitled to the funds, less fees and costs incurred by that party. Fees and costs may be payable to service providers and vendors for services and products provided during escrow. Except as specified below, **release of funds will require mutual Signed release instructions from the Parties, judicial decision or arbitration award.** If either Party fails to execute mutual instructions to cancel escrow, one Party may make a written demand to Escrow Holder for the deposit. (C.A.R. Form BDRD or SDRD). Escrow Holder, upon receipt, shall promptly deliver notice of the demand to the other Party. If, within 10 Days After Escrow Holder's notice, the other Party does not object to the demand, Escrow Holder shall disburse the deposit to the Party making the demand. If Escrow Holder complies with the preceding process, each Party shall be deemed to have released Escrow Holder from any and all claims or liability related to the disbursal of the deposit. Escrow Holder, at its discretion, may nonetheless require mutual cancellation instructions. **A Party may be subject to a civil penalty of up to $1,000 for refusal to sign cancellation instructions if no good faith dispute exists as to who is entitled to the deposited funds (Civil Code §1057.3).**

Buyer's Initials ( _MZ_ ) ( ___ )                    Seller's Initials ( ___ ) ( ___ )

**RPA-CA REVISED 12/18 (PAGE 6 OF 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 6 OF 10)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.ziplogix.com                    6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA  92648-6729**          Date: **March 26, 2019**

**15. FINAL VERIFICATION OF CONDITION:** Buyer shall have the right to make a final verification of the Property within 5 (or ___ ) Days Prior to Close Of Escrow, NOT AS A CONTINGENCY OF THE SALE, but solely to confirm: **(i)** the Property is maintained pursuant to paragraph 11; **(ii)** Repairs have been completed as agreed; and **(iii)** Seller has complied with Seller's other obligations under this Agreement (C.A.R. Form VP).

**16. REPAIRS:** Repairs shall be completed prior to final verification of condition unless otherwise agreed in writing. Repairs to be performed at Seller's expense may be performed by Seller or through others, provided that the work complies with applicable Law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all Repairs may not be possible. Seller shall: **(i)** obtain invoices and paid receipts for Repairs performed by others; **(ii)** prepare a written statement indicating the Repairs performed by Seller and the date of such Repairs; and **(iii)** provide Copies of invoices and paid receipts and statements to Buyer prior to final verification of condition.

**17. PRORATIONS OF PROPERTY TAXES AND OTHER ITEMS:** Unless otherwise agreed in writing, the following items shall be PAID CURRENT and prorated between Buyer and Seller as of Close Of Escrow: real property taxes and assessments, interest, rents, HOA regular, special, and emergency dues and assessments imposed prior to Close Of Escrow, premiums on insurance assumed by Buyer, payments on bonds and assessments assumed by Buyer, and payments on Mello-Roos and other Special Assessment District bonds and assessments that are now a lien. The following items shall be assumed by Buyer WITHOUT CREDIT toward the purchase price: prorated payments on Mello-Roos and other Special Assessment District bonds and assessments and HOA special assessments that are now a lien but not yet due. Property will be reassessed upon change of ownership. Any supplemental tax bills shall be paid as follows: **(i)** for periods after Close Of Escrow, by Buyer; and **(ii)** for periods prior to Close Of Escrow, by Seller (see C.A.R. Form SPT or SBSA for further information). TAX BILLS ISSUED AFTER CLOSE OF ESCROW SHALL BE HANDLED DIRECTLY BETWEEN BUYER AND SELLER. Prorations shall be made based on a 30-day month.

**18. BROKERS:**
   **A. COMPENSATION:** Seller or Buyer, or both, as applicable, agree to pay compensation to Broker as specified in a separate written agreement between Broker and that Seller or Buyer. Compensation is payable upon Close Of Escrow, or if escrow does not close, as otherwise specified in the agreement between Broker and that Seller or Buyer.
   **B. SCOPE OF DUTY:** Buyer and Seller acknowledge and agree that Broker: **(i)** Does not decide what price Buyer should pay or Seller should accept; **(ii)** Does not guarantee the condition of the Property; **(iii)** Does not guarantee the performance, adequacy or completeness of inspections, services, products or repairs provided or made by Seller or others; **(iv)** Does not have an obligation to conduct an inspection of common areas or areas off the site of the Property; **(v)** Shall not be responsible for identifying defects on the Property, in common areas, or offsite unless such defects are visually observable by an inspection of reasonably accessible areas of the Property or are known to Broker; **(vi)** Shall not be responsible for inspecting public records or permits concerning the title or use of Property; **(vii)** Shall not be responsible for identifying the location of boundary lines or other items affecting title; **(viii)** Shall not be responsible for verifying square footage, representations of others or information contained in investigation reports, Multiple Listing Service, advertisements, flyers or other promotional material; **(ix)** Shall not be responsible for determining the fair market value of the Property or any personal property included in the sale; **(x)** Shall not be responsible for providing legal or tax advice regarding any aspect of a transaction entered into by Buyer or Seller; and **(xi)** Shall not be responsible for providing other advice or information that exceeds the knowledge, education and experience required to perform real estate licensed activity. Buyer and Seller agree to seek legal, tax, insurance, title and other desired assistance from appropriate professionals.

**19. REPRESENTATIVE CAPACITY:** If one or more Parties is signing this Agreement in a representative capacity and not for him/herself as an individual then that Party shall so indicate in paragraph 31 or 32 and attach a Representative Capacity Signature Disclosure (C.A.R. Form RCSD). Wherever the signature or initials of the representative identified in the RCSD appear on this Agreement or any related documents, it shall be deemed to be in a representative capacity for the entity described and not in an individual capacity, unless otherwise indicated. The Party acting in a representative capacity **(i)** represents that the entity for which that party is acting already exists and **(ii)** shall Deliver to the other Party and Escrow Holder, within **3 Days** After Acceptance, evidence of authority to act in that capacity (such as but not limited to: applicable portion of the trust or Certification Of Trust (Probate Code §18100.5), letters testamentary, court order, power of attorney, corporate resolution, or formation documents of the business entity).

**20. JOINT ESCROW INSTRUCTIONS TO ESCROW HOLDER:**
   **A. The following paragraphs, or applicable portions thereof, of this Agreement constitute the joint escrow instructions of Buyer and Seller to Escrow Holder,** which Escrow Holder is to use along with any related counter offers and addenda, and any additional mutual instructions to close the escrow: paragraphs 1, 3, 4B, 5A, 6, 7, 10C, 13, 14G, 17, 18A, 19, 20, 26, 29, 30, 31, 32 and paragraph D of the section titled Real Estate Brokers on page 10. If a Copy of the separate compensation agreement(s) provided for in paragraph 18A, or paragraph D of the section titled Real Estate Brokers on page 10 is deposited with Escrow Holder by Broker, Escrow Holder shall accept such agreement(s) and pay out from Buyer's or Seller's funds, or both, as applicable, the Broker's compensation provided for in such agreement(s). The terms and conditions of this Agreement not set forth in the specified paragraphs are additional matters for the information of Escrow Holder, but about which Escrow Holder need not be concerned. Buyer and Seller will receive Escrow Holder's general provisions, if any, directly from Escrow Holder and will execute such provisions within the time specified in paragraph 7C(1)(c). To the extent the general provisions are inconsistent or conflict with this Agreement, the general provisions will control as to the duties and obligations of Escrow Holder only. Buyer and Seller will execute additional instructions, documents and forms provided by Escrow Holder that are reasonably necessary to close the escrow and, as directed by Escrow Holder, within **3 (or ___ ) Days,** shall pay to Escrow Holder or HOA or HOA management company or others any fee required by paragraphs 7, 10 or elsewhere in this Agreement.
   **B.** A Copy of this Agreement including any counter offer(s) and addenda shall be delivered to Escrow Holder within **3 Days** After Acceptance (or _____ ). Buyer and Seller authorize Escrow Holder to accept and rely on Copies and Signatures as defined in this Agreement as originals, to open escrow and for other purposes of escrow. The validity of this Agreement as between Buyer and Seller is not affected by whether or when Escrow Holder Signs this Agreement. Escrow Holder shall provide Seller's Statement of Information to Title company when received from Seller. If Seller delivers an affidavit to Escrow Holder to satisfy Seller's FIRPTA obligation under paragraph 10C, Escrow Holder shall deliver to Buyer a Qualified Substitute statement that complies with federal Law.

Buyer's Initials ( **MZ** ) ( ___ )                         Seller's Initials ( ___ ) ( ___ )
**RPA-CA REVISED 12/18 (PAGE 7 OF 10)**



**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 7 OF 10)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com          6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA  92648-6729**                    Date: **March 26, 2019**

    C. Brokers are a party to the escrow for the sole purpose of compensation pursuant to paragraph 18A and paragraph D of the section titled Real Estate Brokers on page 10. Buyer and Seller irrevocably assign to Brokers compensation specified in paragraph 18A, and irrevocably instruct Escrow Holder to disburse those funds to Brokers at Close Of Escrow or pursuant to any other mutually executed cancellation agreement. Compensation instructions can be amended or revoked only with the written consent of Brokers. Buyer and Seller shall release and hold harmless Escrow Holder from any liability resulting from Escrow Holder's payment to Broker(s) of compensation pursuant to this Agreement.

    D. Upon receipt, Escrow Holder shall provide Seller and Seller's Broker verification of Buyer's deposit of funds pursuant to paragraph 3A and 3B. Once Escrow Holder becomes aware of any of the following, Escrow Holder shall immediately notify all Brokers: **(i)** if Buyer's initial or any additional deposit or down payment is not made pursuant to this Agreement, or is not good at time of deposit with Escrow Holder; or **(ii)** if Buyer and Seller instruct Escrow Holder to cancel escrow.

    E. A Copy of any amendment that affects any paragraph of this Agreement for which Escrow Holder is responsible shall be delivered to Escrow Holder within 3 Days after mutual execution of the amendment.

## 21. REMEDIES FOR BUYER'S BREACH OF CONTRACT:

    A. Any clause added by the Parties specifying a remedy (such as release or forfeiture of deposit or making a deposit non-refundable) for failure of Buyer to complete the purchase in violation of this Agreement shall be deemed invalid unless the clause independently satisfies the statutory liquidated damages requirements set forth in the Civil Code.

    B. LIQUIDATED DAMAGES: If Buyer fails to complete this purchase because of Buyer's default, Seller shall retain, as liquidated damages, the deposit actually paid. If the Property is a dwelling with no more than four units, one of which Buyer intends to occupy, then the amount retained shall be no more than 3% of the purchase price. Any excess shall be returned to Buyer. Except as provided in paragraph 14H, release of funds will require mutual, Signed release instructions from both Buyer and Seller, judicial decision or arbitration award. AT THE TIME OF ANY INCREASED DEPOSIT BUYER AND SELLER SHALL SIGN A SEPARATE LIQUIDATED DAMAGES PROVISION INCORPORATING THE INCREASED DEPOSIT AS LIQUIDATED DAMAGES (C.A.R. FORM RID).

Buyer's Initials _MJ_ / _____        Seller's Initials _____ / _____

## 22. DISPUTE RESOLUTION:

    A. MEDIATION: The Parties agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to arbitration or court action through the C.A.R. Real Estate Mediation Center for Consumers (www.consumermediation.org) or through any other mediation provider or service mutually agreed to by the Parties. The Parties also agree to mediate any disputes or claims with Broker(s), who, in writing, agree to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to the Broker. Mediation fees, if any, shall be divided equally among the Parties involved. If, for any dispute or claim to which this paragraph applies, any Party (i) commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then that Party shall not be entitled to recover attorney fees, even if they would otherwise be available to that Party in any such action. THIS MEDIATION PROVISION APPLIES WHETHER OR NOT THE ARBITRATION PROVISION IS INITIALED. **Exclusions from this mediation agreement are specified in paragraph 22C.**

    B. ARBITRATION OF DISPUTES:

    **The Parties agree that any dispute or claim in Law or equity arising between them out of this Agreement or any resulting transaction, which is not settled through mediation, shall be decided by neutral, binding arbitration. The Parties also agree to arbitrate any disputes or claims with Broker(s), who, in writing, agree to such arbitration prior to, or within a reasonable time after, the dispute or claim is presented to the Broker. The arbitrator shall be a retired judge or justice, or an attorney with at least 5 years of residential real estate Law experience, unless the parties mutually agree to a different arbitrator. The Parties shall have the right to discovery in accordance with Code of Civil Procedure §1283.05. In all other respects, the arbitration shall be conducted in accordance with Title 9 of Part 3 of the Code of Civil Procedure. Judgment upon the award of the arbitrator(s) may be entered into any court having jurisdiction. Enforcement of this agreement to arbitrate shall be governed by the Federal Arbitration Act. Exclusions from this arbitration agreement are specified in paragraph 22C.**

        "NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."

        "WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION."

Buyer's Initials _MJ_ / _____        Seller's Initials _____ / _____

    C. ADDITIONAL MEDIATION AND ARBITRATION TERMS:

       (1) EXCLUSIONS: The following matters are excluded from mediation and arbitration: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in Civil Code §2985; (ii) an unlawful detainer action; and (iii) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court.

Buyer's Initials ( _MJ_ ) ( _____ )        Seller's Initials ( _____ ) ( _____ )
RPA-CA REVISED 12/18 (PAGE 8 OF 10)

CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT  (RPA-CA PAGE 8 OF 10)
Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com                    6475 Marigayle

968

Property Address: **6475 Marigayle Circle, Huntington Beach, CA  92648-6729**                    Date: **March 26, 2019**

    (2) **PRESERVATION OF ACTIONS:** The following shall not constitute a waiver nor violation of the mediation and arbitration provisions: (i) the filing of a court action to preserve a statute of limitations; (ii) the filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies; or (iii) the filing of a mechanic's lien.

    (3) **BROKERS:** Brokers shall not be obligated nor compelled to mediate or arbitrate unless they agree to do so in writing. Any Broker(s) participating in mediation or arbitration shall not be deemed a party to this Agreement.

23. **SELECTION OF SERVICE PROVIDERS:** Brokers do not guarantee the performance of any vendors, service or product providers ("Providers"), whether referred by Broker or selected by Buyer, Seller or other person. Buyer and Seller may select ANY Providers of their own choosing.

24. **MULTIPLE LISTING SERVICE ("MLS"):** Brokers are authorized to report to the MLS a pending sale and, upon Close Of Escrow, the sales price and other terms of this transaction shall be provided to the MLS to be published and disseminated to persons and entities authorized to use the information on terms approved by the MLS.

25. **ATTORNEY FEES:** In any action, proceeding, or arbitration between Buyer and Seller arising out of this Agreement, the prevailing Buyer or Seller shall be entitled to reasonable attorney fees and costs from the non-prevailing Buyer or Seller, except as provided in paragraph 22A.

26. **ASSIGNMENT:** Buyer shall not assign all or any part of Buyer's interest in this Agreement without first having obtained the separate written consent of Seller to a specified assignee. Such consent shall not be unreasonably withheld.  Any total or partial assignment shall not relieve Buyer of Buyer's obligations pursuant to this Agreement unless otherwise agreed in writing by Seller. (C.A.R. Form AOAA).

27. **EQUAL HOUSING OPPORTUNITY:** The Property is sold in compliance with federal, state and local anti-discrimination Laws.

28. **TERMS AND CONDITIONS OF OFFER:** This is an offer to purchase the Property on the above terms and conditions. The liquidated damages paragraph or the arbitration of disputes paragraph is incorporated in this Agreement if initialed by all Parties or if incorporated by mutual agreement in a counter offer or addendum. If at least one but not all Parties initial, a counter offer is required until agreement is reached. Seller has the right to continue to offer the Property for sale and to accept any other offer at any time prior to notification of Acceptance. The Parties have read and acknowledge receipt of a Copy of the offer and agree to the confirmation of agency relationships. If this offer is accepted and Buyer subsequently defaults, Buyer may be responsible for payment of Brokers' compensation. This Agreement and any supplement, addendum or modification, including any Copy, may be Signed in two or more counterparts, all of which shall constitute one and the same writing.

29. **TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the Parties are incorporated in this Agreement. Its terms are intended by the Parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Except as otherwise specified, this Agreement shall be interpreted and disputes shall be resolved in accordance with the Laws of the State of California. **Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed, except in writing Signed by Buyer and Seller.**

30. **DEFINITIONS:** As used in this Agreement:

    A. **"Acceptance"** means the time the offer or final counter offer is accepted in writing by a Party and is delivered to and personally received by the other Party or that Party's authorized agent in accordance with the terms of this offer or a final counter offer.

    B. **"Agreement"** means this document and any counter offers and any incorporated addenda, collectively forming the binding agreement between the Parties. Addenda are incorporated only when Signed by all Parties.

    C. **"C.A.R. Form"** means the most current version of the specific form referenced or another comparable form agreed to by the parties.

    D. **"Close Of Escrow"**, including "COE", means the date the grant deed, or other evidence of transfer of title, is recorded.

    E. **"Copy"** means copy by any means including photocopy, NCR, facsimile and electronic.

    F. **"Days"** means calendar days. However, after Acceptance, the last **Day** for performance of any act required by this Agreement (including Close Of Escrow) shall not include any Saturday, Sunday, or legal holiday and shall instead be the next Day.

    G. **"Days After"** means the specified number of calendar days after the occurrence of the event specified, not counting the calendar date on which the specified event occurs, and ending at 11:59 PM on the final day.

    H. **"Days Prior"** means the specified number of calendar days before the occurrence of the event specified, not counting the calendar date on which the specified event is scheduled to occur.

    I. **"Deliver", "Delivered"** or **"Delivery"**, unless otherwise specified in writing, means and shall be effective upon: personal receipt by Buyer or Seller or the individual Real Estate Licensee for that principal as specified in the section titled Real Estate Brokers on page 10, regardless of the method used (i.e., messenger, mail, email, fax, other).

    J. **"Electronic Copy" or "Electronic Signature"** means, as applicable, an electronic copy or signature complying with California Law. Buyer and Seller agree that electronic means will not be used by either Party to modify or alter the content or integrity of this Agreement without the knowledge and consent of the other Party.

    K. **"Law"** means any law, code, statute, ordinance, regulation, rule or order, which is adopted by a controlling city, county, state or federal legislative, judicial or executive body or agency.

    L. **"Repairs"** means any repairs (including pest control), alterations, replacements, modifications or retrofitting of the Property provided for under this Agreement.

    M. **"Signed"** means either a handwritten or electronic signature on an original document, Copy or any counterpart.

31. **EXPIRATION OF OFFER:** This offer shall be deemed revoked and the deposit, if any, shall be returned to Buyer unless the offer is Signed by Seller and a Copy of the Signed offer is personally received by Buyer, or by _____ **Megan Zucaro** _____, who is authorized to receive it, by 5:00 PM on the third Day after this offer is signed by Buyer (or by ☐ _____ ☐ AM/ ☐ PM, on _____(date)).

☐ One or more Buyers is signing this Agreement in a representative capacity and not for him/herself as an individual. See attached Representative Capacity Signature Disclosure (C.A.R. Form RCSD-B) for additional terms.

Date 04/03/2019 9:51:42  BUYER *Megan Zucaro*

(Print name) **Megan Zucaro**

Date _____  BUYER _____

(Print name) _____

☐ Additional Signature Addendum attached (C.A.R. Form ASA).

                               Seller's Initials ( _____ ) ( _____ )

**RPA-CA REVISED 12/18 (PAGE 9 OF 10)**

    **CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT  (RPA-CA PAGE 9 OF 10)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com                    6475 Marigayle

Property Address: **6475 Marigayle Circle, Huntington Beach, CA 92648-6729**                          Date: **March 26, 2019**

**32. ACCEPTANCE OF OFFER:** Seller warrants that Seller is the owner of the Property, or has the authority to execute this Agreement. Seller accepts the above offer, and agrees to sell the Property on the above terms and conditions. Seller has read and acknowledges receipt of a Copy of this Agreement, and authorizes Broker to Deliver a Signed Copy to Buyer.

☐ (If checked) SELLER'S ACCEPTANCE IS **SUBJECT TO ATTACHED COUNTER OFFER (C.A.R. Form SCO or SMCO) DATED:**

☐ One or more Sellers is signing this Agreement in a representative capacity and not for him/herself as an individual. See attached Representative Capacity Signature Disclosure (C.A.R. Form RCSD-S) for additional terms.

Date **4/3/19** SELLER _Anhhn, Trustee_

(Print name) **Mother Nature Trust**

Date _____ SELLER _____

(Print name) _____

☐ Additional Signature Addendum attached (C.A.R. Form ASA).

( ____ / ____ ) **(Do not initial if making a counter offer.) CONFIRMATION OF ACCEPTANCE:** A Copy of Signed Acceptance was
(Initials)    personally received by Buyer or Buyer's authorized agent on (date) _____ at _____
☐ AM/ ☐ PM. **A binding Agreement** is created when a Copy of Signed Acceptance is personally received by **Buyer** or Buyer's authorized agent whether or not confirmed in this document. Completion of this confirmation is not legally required in order to create a binding Agreement; it is solely intended to evidence the date that Confirmation of Acceptance has occurred.

**REAL ESTATE BROKERS:**
**A.** Real Estate Brokers are not parties to the Agreement between Buyer and Seller.
**B.** Agency relationships are confirmed as stated in paragraph 2.
**C.** If specified in paragraph 3A(2), Agent who submitted the offer for Buyer acknowledges receipt of deposit.
**D.** **COOPERATING (BUYER'S) BROKER COMPENSATION:** Seller's Broker agrees to pay Buyer's Broker and Buyer's Broker agrees to accept, out of Seller's Broker's proceeds in escrow, the amount specified in the MLS, provided Buyer's Broker is a Participant of the MLS in which the Property is offered for sale or a reciprocal MLS. If Seller's Broker and Buyer's Broker are not both Participants of the MLS, or a reciprocal MLS, in which the Property is offered for sale, then compensation must be specified in a separate written agreement (C.A.R. Form CBC). Declaration of License and Tax (C.A.R. Form DLT) may be used to document that tax reporting will be required or that an exemption exists.
**E.** **PRESENTATION OF OFFER:** Pursuant to Standard of Practice 1-7, if Buyer's Broker makes a written request, Seller's Broker shall confirm in writing that this offer has been presented to Seller.

| Buyer's Brokerage Firm **John B Spear** 03/2019 | | | DRE Lic. # **00344386** |
|---|---|---|---|
| By _Megan Zucaro_ 09:51 AM PDT | **Megan Zucaro** DRE Lic. # **01905753** | Date | |
| By | DRE Lic. # | Date | |
| Address | City | State | Zip |
| Telephone | Fax | E-mail **m@megazee.com** | |
| Seller's Brokerage Firm _Anh Thy Nguyen_ | | DRE Lic. # | |
| By _Anhhn_ | DRE Lic. # **0193/409** | Date **4/3/19** | |
| By | DRE Lic. # | Date | |
| Address | City | State | Zip |
| Telephone | Fax | E-mail | |

**ESCROW HOLDER ACKNOWLEDGMENT:**
Escrow Holder acknowledges receipt of a Copy of this Agreement, (if checked, ☐ a deposit in the amount of $ _____ ),
counter offer numbers _____ ☐ Seller's Statement of Information and _____
_____, and agrees to act as Escrow Holder subject to paragraph 20 of this Agreement, any
supplemental escrow instructions and the terms of Escrow Holder's general provisions.
Escrow Holder is advised that the date of Confirmation of Acceptance of the Agreement as between Buyer and Seller is _____
Escrow Holder _____ Escrow # _____
By _____ Date _____
Address _____
Phone/Fax/E-mail _____
Escrow Holder has the following license number # _____
☐ Department of Business Oversight, ☐ Department of Insurance, ☐ Department of Real Estate.

| **PRESENTATION OF OFFER:** ( _____ ) Seller's Broker presented this offer to Seller on _____ (date). |
|---|
| Broker or Designee Initials |

| **REJECTION OF OFFER:** ( ____ ) ( ____ ) No counter offer is being made. This offer was rejected by Seller on _____ (date). |
|---|
| Seller's Initials |

©1991- 2018, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

Published and Distributed by:      Buyer Acknowledges that page 10 is part of this Agreement ( _MZ_ ) ( _____ )
REAL ESTATE BUSINESS SERVICES, INC.                                        Buyer's Initials
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020
**RPA-CA REVISED 12/18 (PAGE 10 of 10)**

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 10 OF 10)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com          6475 Marigayle



# ESCROW INSTRUCTIONS

**APEX ESCROW, INC. IS LICENSED BY THE STATE OF CALIFORNIA
DEPARTMENT OF BUSINESS OVERSIGHT LICENSE NO. 963-1581**

### ESCROW NO:00034926-TT
### ESCROW OFFICER:TERRY TRAN
### DATE: 04/05/2019

| | |
|---|---|
| **INITIAL DEPOSIT** | **$0.00** |
| **NEW FIRST TRUST DEED TO FILE** | **$2,047,500.00** |
| **SELLER FINANCING** | **$1,102,500.00** |
| **TOTAL CONSIDERATION** | **$3,150,000.00** |

I/We will hand you the sum of **$3,150,000.00** of which the sum of **$0.00** shall be handed escrow as the initial deposit upon opening of this escrow. I/We will further hand you any and all sufficient funds for closing costs, expenses and prorations between Buyer and Seller, prior to the close of this escrow.

I/We will deliver to you any executed instruments and or funds required to enable you to comply with these instructions, all of which you are authorized to use, provided that on or before 04/12/2019 you are in a position to order a standard policy of title insurance with the usual title company exceptions, provided that said policy has a liability of at least the amount of the above total consideration, covering the property described as follows:

**SEE LEGAL DESCRIPTION EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.**

**COMMONLY KNOWN AS:**

**6475 Marigayle Circle, Huntington Beach, CA 92648**
(Above address not verified by escrow holder)

**SHOWING TITLE VESTED IN:**

**Megan Zucaro**

---

### FREE FROM ENCUMBRANCES EXCEPT

A)  All installment(s) of the General and Special County, and City (if any) Taxes for the current fiscal year, not delinquent, and taxes for the ensuing year, if any, a lien not yet payable.

B)  All taxes, bonds and assessments levied or assessed subsequent to the date of these instructions.

C)  Covenants, conditions, restrictions, reservations, rights, rights of way, easements and the exception or reservation of water, oil, gas, minerals, carbons, hydrocarbons or kindred substances on or under said land, now of record, if any, or in the Deed to file.

D)  New First Deed of Trust to record herein, executed by Buyer, in favor of an Institutional Lender of Buyer's choice, securing a Note in the original principal sum of **$2,047,500.00**, at best prevailing rate and terms. Buyer's execution of the loan documents shall be deemed their full approval of all terms and conditions contained therein. All costs and charges incurred to obtain said new financing shall be born by Buyer. You are authorized and instructed to comply with the instructions of the Lender as they may be deposited into escrow.

E)  New Second Deed of trust to record herein on usual title company form, executed by Buyer in favor of Seller, securing a Note in the original principal amount of **$1,102,500.00**, bearing interest at the rate of **5.000%** per annum, payable in monthly installments of **$4,593.75** accrued interest only, commencing **May 15, 2019**, and continuing on the same day of each calendar month thereafter until **April 15, 2020**, at which time the total sum of principal and interest then remaining unpaid shall become immediately due and payable. If any payment is not made within 15 days after it is due, a late charge of **5.000%** of the installment due, may be charged to Buyer. Privilege is reserved of paying this Note in part or in whole anytime prior to maturity, without penalty.

F)  **PRORATE OR ADJUST THE FOLLOWING ITEMS AS OF DATE OF CLOSE OF ESCROW**

   ♦  **TAXES (BASED ON LAST BILL)**

**15440 Beach Blvd. #131 ● Westminster, CA 92683 ● Tel: (714) 839-2222 ● Fax: (714) 839-2226**

**PLEASE INITIAL**

BUYER(S):_____/_____    SELLER(S)_____/_____

VM Vision Form ESCINSTR

**ESCROW INSTRUCTIONS CONTINUED**
**ESCROW NO.: 00034926-TT**
**PAGE NO.: 2**

♦  **HOMEOWNER'S ASSOCIATION ASSESSMENT**

## INSTRUCTIONS

1) Buyer and property qualifying for new loan set out above. Buyer's execution of loan documents shall constitute Buyer's approval of all terms and conditions contained therein and a satisfaction of this condition.

2) Buyer shall furnish new insurance acceptable to lender and authorizes payment of premium for same when bill is submitted to escrow.

3) Buyer to be furnished with a one year home protection plan issued by **any reliable company** to be paid for by **Seller** in an amount not to exceed **$850.00**. All parties acknowledge the only function of escrow holder is to pay the billing submitted into escrow and distribute copies of the home warranty, if any, to the respective parties at the close of their escrow.

4) Buyer is aware of association dues on the subject property payable approximately **Sto follow** per **month**. You are hereby authorized and instructed to obtain a statement of association status and to prorate the monthly dues to the close of escrow. Charge **Seller** transfer fee(s) and charge seller any past due assessments and key fee, if applicable, if any.

5) Seller is responsible for returning any association keys/tags to the homeowner's association prior to close of escrow and depositing receipt for same in escrow. Otherwise, Seller is aware that Seller will be charged key/tag fees as assessed by homeowner's association.

6) Seller agrees to furnish Buyer with copies of C.C.& R.'s and association by-laws, Articles of Incorporation, Budget, Financial Statement, Rules and Regulations and any other documents required by law for Buyer's approval. Escrow holder is hereby authorized and instructed to obtain those documents from the association which Seller is unable to furnish and is to charge Seller's account with any applicable document fee charged by the association. **SELLER'S FAILURE TO FORWARD ASSOCIATION DOCUMENTS TO ESCROW HOLDER WITH SELLER'S SIGNED ESCROW INSTRUCTIONS WILL BE DEEMED ESCROW HOLDER'S AUTHORITY TO ORDER ALL ASSOCIATION DOCUMENTS FROM THE HOMEOWNER'S ASSOCIATION.**

7) Buyer shall have **0** days from receipt of such association documents to disapprove in writing to escrow holder. Failure to so notify escrow holder as herein provided shall conclusively be considered approval.

8) This escrow is subject to Buyer's approval of the preliminary title report, including all C C & R's, if any, within **0** days of receipt thereof. Absence of notification to escrow holder to the contrary within the allotted time, shall be deemed approval thereof and satisfaction of this requirement.

9) Buyer shall furnish escrow holder with Buyer's vesting prior to the date of preparation of Buyer's loan documents or close of escrow (if Buyer is not obtaining financing). Escrow holder is hereby authorized and instructed to complete and/or correct Buyer's vesting on the already executed Grant Deed over notarized signatures. If the marital status is separated (divorce is not yet final) or married as sole and separate property, Buyer shall furnish escrow holder with the name of Buyer's spouse. Escrow holder is authorized and instructed to prepare an Interspousal Transfer or Quitclaim Deed for Buyer's spouse's signature. Escrow holder is to record same at close of escrow, charging Buyer's account for the preparation and recording fees. Buyer is aware that escrow holder cannot give legal advice regarding how Buyer should take title. Buyer is advised to seek the advice of Buyer's own attorney and/or accountant with regard thereto.

10) ALL PARTIES HEREIN ARE AWARE THAT ANY OWNERS POLICY OF TITLE INSURANCE MAY CEASE TO EXIST UPON RECORDATION OF ANY DOCUMENT WHICH ELIMINATES AN INSURED OWNER AND/OR ADDS A NEW OWNER. ESCROW HOLDER IS HEREBY RELIEVED OF ANY AND ALL LIABILITY AND/OR RESPONSIBILITY IN CONNECTION WITH THE RECORDATION OF ANY SUCH HEREIN DESCRIBED DEED, IF APPLICABLE.

11) Except as otherwise provided for herein, Buyer and Seller each agree to be responsible for their own normal closing costs as is customary in Orange County, State of California.

12) Obtain and pay demands on existing encumbrances of record, if any. Charge parties in interest for whom services were rendered for any excessive long distance calls, express mail, special delivering, notary fees, buyer's third party inspection, wire transfer fee or cashier's check fee, if any.

13) Let this be your authority to release funds from buyer's/borrower's deposit in this escrow as may be necessary to obtain a demand/beneficiary statement from lender(s) of record, and/or new lender that requires money advanced for credit report and appraisal, and/or Homeowners Assoc. demand for release of H.O.A. documents. It is understood and agreed by and between the undersigned, in the event of cancellation, the canceling party will reimburse the other party for any sums released on their behalf.

14) Seller shall pay for any private transfer fee, if applicable.

**PLEASE INITIAL**

BUYER(S):_____/_____        SELLER(S)_____/_____

## ESCROW INSTRUCTIONS CONTINUED
### ESCROW NO.: 00034926-TT
### PAGE NO.: 3

15) ESCROW HOLDER IS INSTRUCTED TO PROCESS AND COMPLETE THIS TRANSACTION IN ACCORDANCE WITH THE PROVISIONS CONTAINED IN THESE WRITTEN ESCROW INSTRUCTIONS. IT IS EXPRESSLY UNDERSTOOD THAT THE ESCROW INSTRUCTIONS ARE NOT INTENDED TO MODIFY, AMEND, SUPERSEDE OR IN ANY WAY CHANGE THE RESIDENTIAL PURCHASE AGREEMENT AND JOINT ESCROW INSTRUCTIONS DATED MARCH 26, 2019 AND ALL COUNTER OFFERS OR ADDENDUMS TO SAID PURCHASE AGREEMENT, WHICH AGREEMENT IS INCORPORATED HEREIN BY REFERENCE ONLY, HOWEVER ALL PARTIES UNDERSTAND THAT THE ESCROW HOLDER'S OBLIGATIONS ARE LIMITED TO ONLY THOSE PROVISIONS CONTAINED IN THESE WRITTEN INSTRUCTIONS.

**AS A MEMORANDUM AGREEMENT ONLY WITH WHICH ESCROW HOLDER IS NOT TO BE CONCERNED**

a) Buyer intends to occupy subject property as Buyer's primary residence.

b) Possession of subject property is to be given to Buyer on the date of close of escrow.

END OF MEMORANDUM AGREEMENT

**BUYER:**
**THE FOREGOING TERMS, CONDITIONS, PROVISIONS AND INSTRUCTIONS, TOGETHER WITH THE GENERAL PROVISIONS SET OUT ON THE FINAL PAGE OF THESE INSTRUCTIONS, ARE UNDERSTOOD AND APPROVED IN THEIR ENTIRETY BY EACH OF THE UNDERSIGNED. I AGREE TO PAY ON DEMAND BUYER'S CUSTOMARY COSTS AND CHARGES INCURRED HEREIN, INCLUDING BUT NOT LIMITED TO, RECORDING FEES, DOCUMENT PREPARATION FEES, ESCROW FEE, ANY COSTS INCURRED BY REASON OF ANY FINANCING OBTAINED OR ASSUMED BY ME, AND ANY OTHER CHARGE INCURRED FOR MY BENEFIT.**

**BUYER:**

Megan Zucaro

**SELLER:**
**THE FOREGOING TERMS, CONDITIONS, PROVISIONS AND INSTRUCTIONS, TOGETHER WITH THE GENERAL PROVISIONS SET OUT ON THE FINAL PAGE OF THESE INSTRUCTIONS ARE UNDERSTOOD, APPROVED AND ACCEPTED IN THEIR ENTIRETY BY EACH OF THE UNDERSIGNED.  I WILL HAND YOU MY EXECUTED GRANT DEED AND/OR OTHER DOCUMENTS OR INSTRUMENTS REQUIRED FROM ME TO CAUSE TITLE TO BE AS SHOWN ABOVE, WHICH YOU ARE AUTHORIZED TO USE AND OR DELIVER WHEN YOU CAN COMPLY WITH THESE INSTRUCTIONS AND WHEN YOU CAN HOLD FOR MY ACCOUNT THE TOTAL CONSIDERATION DUE TO MY ACCOUNT AT THE CLOSE OF ESCROW, YOU ARE AUTHORIZED AND INSTRUCTED TO DEDUCT THE AMOUNT OF ANY REAL ESTATE BROKER'S COMMISSION TO BE PAID BY ME IN ACCORDANCE WITH SEPARATE INSTRUCTIONS, THE AMOUNT OF ANY FUNDS PAID TO ME OUTSIDE OF ESCROW, THE AMOUNT OWING UNDER ANY LIEN OR ENCUMBRANCE REQUIRED TO BE PAID TO PLACE TITLE IN THE CONDITION AS CALLED FOR HEREIN, AND SELLER'S CUSTOMARY COSTS AND CHARGES INCURRED HEREIN, INCLUDING, BUT NOT LIMITED TO, THE PREMIUM FOR THE C.L.T.A. OWNER'S POLICY OF TITLE INSURANCE TO BE PROVIDED TO THE BUYER, THE AMOUNT OF ANY DOCUMENTARY**

**PLEASE INITIAL**

BUYER(S):_____/_____    SELLER(S)_____/_____

VMS Vision Form ESCINSTR

## ESCROW INSTRUCTIONS CONTINUED
### ESCROW NO.: 00034926-TT
### PAGE NO.: 4

TRANSFER TAX OWING ON THE DEED, ESCROW FEE, RECORDING FEES FRO DOCUMENTS, INSTRUMENT RECORDED FOR MY BENEFIT, ANY TRANSFER FEE CHARGED BY ANY ASSOCIATION COVERING THE SUBJECT PROPERTY, THE COST OF OBTAINING ANY STATEMENT(S) OR DEMAND CONCERNING ANY LIEN OR ENCUMBRANCE OF RECORD, AND ANY OTHER COST OR CHARGE INCURRED FOR MY BENEFIT.

**SELLER:**

_____

Mother Nature Trust with Anh Thy Nguyen acting as Trustee

_____

_____

_____

PLEASE INITIAL

BUYER(S):_____/_____    SELLER(S)_____/_____

DHS Vision Form ESC/INSTR



# AMENDMENT TO ESCROW INSTRUCTIONS

May 1, 2019                                             Escrow No: 00034926-TT

**TO: APEX ESCROW**
**RE: 6475 Marigayle Circle, Huntington Beach, CA 92648**

My previous escrow instructions in the above numbered escrow are hereby amended and/or supplemented in the following particulars only:

Vesting through the above referenced escrow shall be as follows: Helping Others International, LLC, a Delaware Limited Liability Company

New first loan in the amount of $1,950,000.00 in favor of United Lender, LLC, a Nevada Limited Liability Company.

Seller Financing in the amount of $1,200,000.00.

Close of escrow date shall be on or before May 3, 2019.

\* \* \* \* \* ALL OTHER TERMS AND CONDITIONS SHALL REMAIN THE SAME.\* \* \* \* \*

**EACH OF THE UNDERSIGNED STATES THAT EACH HAS READ THE FOREGOING INSTRUCTIONS, UNDERSTANDS THEM AND ACKNOWLEDGES RECEIPT OF A COPY OF THESE INSTRUCTIONS.**

Seller:                                                 Buyer:

_____, Trustee              _____

Mother Nature Trust with Anh Thy Nguyen acting    Helping Others International, LLC, a Delaware
as Trustee                                        Limited Liability Company
                                                  By: Megan Zucaro, Its Manager

_____              _____

_____              _____

_____              _____

**15440 Beach Blvd #131. ● Westminster, CA 92683 ● Tel: (714) 839-2222 ● Fax: (714) 839-2226**
Vision Form AMENDMT

975

# EXHIBIT "B"

RECORDING REQUESTED BY:
**FIDELITY NATIONAL TITLE**
Order No.: 00251645-997-OC1-TR2
MAIL TAX STATEMENTS AND
WHEN RECORDED MAIL TO:

**Helping Others International LLC**

4110 Vanetta Place
Studio City, CA 91604

Escrow No.: 00034926-TT

**Recorded in Official Records, Orange County**
**Hugh Nguyen, Clerk-Recorder**

9.00
* S R 0 0 1 0 8 0 8 0 8 3 S *
**2019000146648 4:04 pm 05/02/19**
217 406 D10   2 04
1732.50 1732.50 0.00 0.00 3.00 0.00 0.000,000.00 0.00

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S):

DOCUMENTARY TRANSFER TAX IS $3,465.00
__X__ Computed on full value of property conveyed, or
_____ Computed on full value less liens and encumbrances remaining at time of sale.
_____ Unincorporated area __X__ City of **Huntington Beach**

**Exempt from the fee per GC 27388.1; document recorded with a concurrent transfer subject to the imposition of documentary transfer tax.**

For valuable consideration, receipt of which is hereby acknowledged,

**Mother Nature Trust with Anh Thy Nguyen acting as Trustee**

hereby GRANT(S) to **Helping Others International LLC, a Delaware Limited Liability Company**

Exempt from fee per GC 27388.1 (a)
(2); recorded concurrently in
connection with a transfer subject to
the imposition of documentary
transfer tax

the real property situated in the County of **Orange**, State of California, more particularly described as:

**SEE LEGAL DESCRIPTION EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.**

Also Known as: **6475 Marigayle Circle, Huntington Beach, CA  92648**
APN: 110-511-04

Dated: _May 1, 2019_

_Trustee_
**Mother Nature Trust with Anh Thy Nguyen acting as Trustee**

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA                )
                                   ) SS.
COUNTY OF __ORANGE__               )

On __5/1/2019__ before me, __Mai Vu__ _____, Notary Public, personally appeared
___ANH THY SONG NGUYEN___ _____, who proved to me on
the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

MAI VU
Notary Public – California
Orange County
Commission # 2207243
My Comm. Expires Aug 21, 2021

PRELIMINARY REPORT
YOUR REFERENCE: 00034926-TT

Fidelity National Title Company
ORDER NO.: 00251645-997-OC1-TR2

## EXHIBIT A

### LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF HUNTINGTON BEACH, IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 2 OF TRACT NO. 15690, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON THE MAP FILED IN BOOK 835 OF MISCELLANEOUS MAPS, PAGE(S) 12 AND 13, RECORDS OF ORANGE COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEEDS OF RECORD.

APN: 110-511-04

CLTA Preliminary Report Form – Modified (11/17/06)

Page 3

# EXHIBIT "C"

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

108.00

* S R 0 0 1 0 8 0 8 0 6 4 $ *

2019000146649 4:04 pm 05/02/19

217 406 D11 A34 S02   28

0.00 0.00 0.00 0.00 81.00 0.00 0.000,000.00 9.00

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

United Lender, LLC
3635 S. Fort Apache Rd
Suite 200-20
Las Vegas, NV 89147
Attention: Shawn Ahdoot

INSTRUCTIONS TO COUNTY RECORDER:

Index this instrument as:
    (i)     a Deed of Trust;
    (ii)    an Assignment of Leases and Rents;
    (iii)   a Personal Property Security Agreement; and
    (iv) as a Fixture Filing

APN: 110-511-04

_____

Above Space for Recorder's Use

### DEED OF TRUST, ASSIGNMENT OF LEASES,
### RENTS AND PROFITS, SECURITY AGREEMENT AND FIXTURE FILING

THE PARTIES TO THIS DEED OF TRUST, ASSIGNMENT OF LEASES, RENTS AND PROFITS, SECURITY AGREEMENT AND FIXTURE FILING ("Deed of Trust") made as of February ___, 2019 are **Helping Others International LLC**, a Delaware limited liability company, whose address is 4110 Vanetta Place, Los Angeles, CA 91604 (referred to herein as "Trustor" or "Debtor"), **United Lender, LLC,** a Nevada limited liability company, whose address is 3635 S. Fort Apache Road, Suite 200-20, Las Vegas, NV ("Trustee") and **United Lender, LLC,** a Nevada limited liability company, whose address is 3635 S. Fort Apache Road, Suite 200-20, Las Vegas, NV ("Beneficiary"). Trustor's trade name(s) or style(s), if any, are: N/A.

### ARTICLE I. GRANT IN TRUST

    1.1    **Grant.** For the purposes and upon the terms and conditions in this Deed of Trust and for good and valuable consideration the receipt and adequacy of which are hereby acknowledged, Trustor irrevocably grants, transfers, sets over, conveys and assigns to Trustee, in trust for the benefit of Beneficiary, with power of sale and right of entry and possession, all that real property and/or interests therein located in the City of

Exempt from fee per GC 27388.1 (a) (2); recorded concurrently in connection with a transfer subject to the imposition of documentary transfer tax

Huntington Beach, County of Orange, State of California, described on **Exhibit "A"** attached hereto and by this reference made a part hereof.  Such real property and/or interests therein as set forth below, together with all of the following, are sometimes collectively referred to as the "Subject Property":

(a)    Any and all buildings and other improvements now or hereafter located thereon or appurtenant thereto and all fixtures, construction materials, goods, including consumer goods, equipment, farm products and inventory, and other articles of real and personal property which are now or hereafter affixed to, placed upon or used in connection with the above described real property (collectively the "Improvements");

(b)    All income, rents, security or similar deposits, revenues, issues, royalties, profits, earnings, products and proceeds from any and all of the Subject Property (collectively, the "rents, issues and profits"), together with the right to collect and apply the same to any indebtedness secured hereunder; subject, however, to the right hereinafter given to Trustor to collect the rents, issues, and profits as long as Trustor is not in default hereunder;

(c)    All interest and estate or other rights, in law or in equity, which Trustor now has or may hereafter acquire in the Subject Property, together with all easements and rights used in connection therewith or as a means of access thereto;

(d)    All tenements, hereditaments and appurtenances of or to the Subject Property, including, without limitation, all right, title and interest of Trustor, now owned or hereafter acquired, in and to any land lying within the rightofway of any street, open or proposed, adjoining the Subject Property, and any and all sidewalks, alleys and strips and gores of land adjacent to or used in connection with the Subject Property;

(e)    All oil and gas or other mineral rights in or pertaining to the Subject Property, and all royalty, leasehold and other rights of Trustor pertaining thereto;

(f)    All water and water rights pertaining to the Subject Property, and shares of stock evidencing the same, and all deposits made with or other security given to utility companies by Trustor with respect to the Subject Property;

(g)    All claims or demands relating to insurance or condemnation awards which Trustor now has or may hereafter acquire with respect to the Subject Property and/or to the rents, issues and profits, including, without limitation, all advance payments of insurance premiums made by Trustor with respect thereto;

(h)    All licenses, permits, approvals and similar documents, and any causes of action, pertaining to the development, construction, sale, ownership, management, maintenance and operation of the Subject Property or any part thereof;

(i)    All guaranties, warranties and agreements regarding the quality of construction or other performance, and the quality of workmanship and supplies, equipment and fixtures supplied to, installed or incorporated into the Improvements upon the Subject Property whether or not such guaranties, warranties and agreements are set forth in any contracts relating to the Improvements, together with any and all claims or demands to enforce the same.

1.2    **Address.**  The address of the real property described in Exhibit "A" (if known) is: 6475 Marigayle Circle, City of Huntington Beach, County of Orange, California 92648.  However, neither the failure to designate an address nor any inaccuracy in the address designated shall affect the validity or priority of the lien of this Deed of Trust on the real property as described on **Exhibit "A".**

## ARTICLE II. OBLIGATIONS SECURED

2.1    **Obligations Secured.**  Trustor makes this grant and assignment for the purpose of securing the following obligations ("Secured Obligations"):

(a)    Payment to Beneficiary of all sums which Trustor may become liable to Beneficiary for under that certain Term Note executed by Trustor, as Maker, in favor of Beneficiary, as Lender, dated as of April May 1, 2019 in the original principal amount of $1,957,000.00 ("Note");

(b)    Payment and performance of all obligations of Trustor under this Deed of Trust;

(c)    Payment and performance of all obligations, if any, which any rider attached as an Exhibit to this Deed of Trust recites are secured hereby;

(d)    Payment and performance of all future advances and other obligations that then record owner of all or part of the Subject Property may agree to pay and/or perform (whether as principal, surety or guarantor) for the benefit of Beneficiary, when the obligation is evidenced by a writing which recites that it is secured by this Deed of Trust;

(e)    All interest and charges on all obligations secured hereby, including, without limitation, prepayment charges, late charges and loan fees;

(f)    All modifications, extensions and renewals of any of the obligations secured hereby.  Notwithstanding anything contained elsewhere herein no notice of default may be recorded hereunder unless Lender shall have first given notice hereof to Trustor not less than ten (10 ) days prior to recording of such notice of default; and

(g)    The payment of such additional sums and the performance of all obligations now or hereafter owing from Trustor to Beneficiary, whether otherwise secured or not, payable to or otherwise acquired by Beneficiary, when the instrument evidencing such obligations recites that it is intended to be secured hereby; provided, however, that any and all future advances to Trustor from Beneficiary made for the same purpose as the Note or for the improvement, protection or preservation of the Subject Property or any part thereof, together with interest thereon at the rate then in effect under the Note or such other note as may be taken by Beneficiary to evidence the particular advance, shall be automatically secured hereby.

2.2    **Obligations**.  The term "obligations" is used herein in its broadest and most comprehensive sense and shall be deemed to include without limit all interest and charges, prepayment charges, late charges and loan fees at any time accruing or assessed on any of the Secured Obligations.

2.3    **Incorporation**.  All terms of the Secured Obligations are incorporated herein by this reference.  All persons who may have or acquire an interest in the Subject Property shall be deemed to have notice of the terms of the Secured Obligations and to have notice that if provided therein, (a) the Note may permit borrowing, repayment and re-borrowing, and (b) the rate of interest on one or more Secured Obligations may vary from time to time.

### ARTICLE III. ABSOLUTE ASSIGNMENT OF LEASES, RENTS AND PROFITS

3.1    **Assignment**.  Trustor hereby irrevocably, absolutely and unconditionally assigns and transfers to Beneficiary (and has not heretofore otherwise so assigned or transferred) all the leases, income, rents, issues, deposits, proceeds and profits of the Subject Property for the purposes and upon the terms and conditions set forth below. This assignment of the leases, income, rents, issues, deposits, proceeds and profits constitutes an irrevocable direction and authorization of all tenants under the leases to pay all rent, income, deposits, proceeds and profits to Beneficiary upon demand and without further consent or other action by Trustor.    Trustor irrevocably appoints Beneficiary its true and lawful attorney, at the option of Beneficiary at any time, to demand, receive and enforce payment to give receipts, releases and satisfactions, and to sue, either in the name of Trustor or in the name of Beneficiary, for all such income, rents, issues, deposits, proceeds and profits and apply the same to the indebtedness secured hereby.    This assignment shall not impose upon Beneficiary any duty to produce any leases, income, rents, issues, deposits, proceeds or profits from the Subject Property, or cause Beneficiary to be (a) a "mortgagee in possession" for any purpose; (b) responsible for performing any of the obligations of the lessor under any lease; or (c) responsible for any waste committed by lessees or any other parties, for any dangerous or defective condition of the Subject Property, or for any negligence in the management, upkeep, repair or control of the Subject Property.  This is an absolute assignment, not an assignment for security only, and Beneficiary's right to any leases,

income, rents, issues, deposits, proceeds or profits is not contingent upon, and may be exercised without possession of, the Subject Property.

3.2    **License**.  Notwithstanding anything to the contrary contained herein or in the Note, so long as no Default shall have occurred, Trustor shall have a license ("License") to lease and to collect the income, rents, issues, deposits, proceeds and profits of the Subject Property as they become due and payable, until the occurrence of a Default (hereinafter defined).    Upon a Default, the License shall be deemed automatically revoked, any income, rents, issues, deposits, proceeds or profits received by Trustor shall be delivered in kind to Beneficiary and Beneficiary may collect and retain the income, rents, issues, deposits, proceed and profits without notice and without taking possession of the Subject Property.  This right to collect income, rents, issues, deposits, proceeds and profits shall not grant to Beneficiary or Trustee the right to possession, except as provided below; and neither said right, nor termination of the License shall impose upon Beneficiary or Trustee the duty to produce income, rents, issues, deposits, proceeds or profits or maintain all or any part of the Subject Property. Upon an occurrence of Default, Trustor agrees to deliver the original copy of all leases to Beneficiary.  Trustor hereby irrevocably constitutes and appoints Beneficiary its true and lawful attorney-in-fact to enforce in Trustor's name or in Beneficiary's name or otherwise all rights of Trustor in the instruments, including, without limitation, checks and money orders tendered as payments of rents and to do any and all things necessary and proper to carry out the purposes hereof.

3.3    **Advance Rents; Consent to Leasing**.  Trustor shall not accept any deposit or prepayment of rental or lease payment in excess of one (1) month in advance without Beneficiary's prior written consent.  Trustor agrees not to lease all or any part of the Subject Property, and not to enter into an agreement providing for the management, leasing or operation of the Property without the prior written consent of Beneficiary.

3.4    **Application of Rents**.  Beneficiary, in its sole discretion, may apply or require the application of any rents, issues or profits collected to the payment of any one or more of the Secured Obligations in such order as Beneficiary may elect.

## ARTICLE IV. SECURITY AGREEMENT AND FIXTURE FILING

4.1    **Security Agreement**.  This Deed of Trust shall constitute a security agreement as that term is used in the California Commercial Code and Trustor hereby grants to Beneficiary a security interest in all existing and future fixtures and fittings, now or hereafter owned by Debtor and located at or on or used in connection with the real property described in Exhibit "A" hereto (whether or not such items are stored on such real property or elsewhere), insurance policies and all rights to payment of any kind relating to or arising from the ownership and development of such real property, all licenses, permits, approvals, contracts, agreements, plans and specifications and similar documents pertaining to the development, construction, sale, ownership,

management, maintenance and operation of the real property referenced herein, or any part thereof, and construction of improvements thereon, and any guaranties, warranties and agreements regarding the quality of construction or other performance and of the quality of workmanship and supplies, equipment and fixtures supplied to, installed on or incorporated into the improvements to be constructed upon such real property and all proceeds and products thereof, substitutions therefor and accessions thereto ("Personal Property"). Trustor will procure any document, including, without limitation, mortgagee waivers or landlord disclaimers or subordination agreements, in form and substance satisfactory to Beneficiary, with respect to any and all Personal Property (or fixtures which are a part of the Subject Property), deliver to Beneficiary any instrument, mark any chattel paper, give any notices and take any other actions which are necessary to perfect or to continue the perfection and priority of the security interest created hereunder or to protect the fixtures against the rights, claims, or interests of third persons, and will pay all costs incurred in connection therewith. Notwithstanding anything to the contrary contained in this Deed of Trust, Trustor and Beneficiary agree that Beneficiary is, and shall be deemed to be, the "secured party" as that term is defined in such California Commercial Code. Any sale proceeds which are applied against principal indebtedness shall, to the extent not repaying all indebtedness in full, be applied to principal in the reverse order of maturity. If more than one person has executed this Deed of Trust as "Trustor," the obligations of all such persons hereunder shall be joint and several.

4.2   **Fixture Filing.** The Personal Property in which Beneficiary has a security interest includes goods which are or shall become fixtures on the Subject Property. This Deed of Trust is intended to serve as a fixture filing pursuant to the terms of Section 9502 of the California Commercial Code. This filing is to be recorded in the real estate records of the county in which the Property is located. In that regard, the following information is provided:

> Name of Debtor:  Helping Others International LLC, a Delaware limited liability company.
>
> Address of Debtor:  4110 Vanetta Place, Los Angeles, CA 91604.
>
> Name of Secured Party:  United Lender, LLC, a Nevada limited liability company.
>
> Address of Secured Party:  3635 S. Fort Apache Road, Suite 200-20, Las Vegas, NV, 89147

Trustor warrants and agrees that there is no financing statement covering the foregoing Subject Property, or any part thereof, on file in any public office.

## ARTICLE V. RIGHTS AND DUTIES OF THE PARTIES

5.1    **Title.** Trustor warrants that, except as disclosed to Beneficiary in a writing which refers to this warranty, Trustor lawfully possesses and holds fee simple title to the Subject Property without limitation on the right to encumber, and that this Deed of Trust is a first priority lien on the Subject Property.

5.2    **Taxes and Assessments.** Trustor shall pay prior to delinquency all taxes, assessments, levies and charges imposed by any public or quasi-public authority or utility company which are or which may become a lien upon the Subject Property or any interest therein.   Trustor shall also pay prior to delinquency all taxes, assessments, levies and charges imposed by any public authority upon Beneficiary by reason of its interest in any Secured Obligation or in the Subject Property, or by reason of any payment made to Beneficiary pursuant to any Personal Property, Secured Obligation; but Trustor shall have no obligation to pay taxes which may be imposed from time to time upon Beneficiary and which are measured by and imposed upon Beneficiary's net income.  Nothing contained herein shall impose any duty upon Trustor with respect to the satisfaction of any lien of taxes which is subordinate to this Deed of Trust.

5.3    **Performance of Secured Obligations**.  Trustor shall promptly pay and perform each Secured Obligation when due.

5.4    **Liens, Encumbrances and Charges**.  Subject to paragraph 5.1, Trustor shall immediately discharge any lien not approved by Beneficiary in writing that has or may attain priority over this Deed of Trust. Trustor shall pay when due all obligations secured by or reducible to liens and encumbrances which shall now or hereafter encumber or appear to encumber all or any part of the Subject Property or any interest therein, whether senior or subordinate hereto, including, without limitation, all claims for work or labor performed, or materials or supplies furnished in connection with any work of demolition, alteration, repair, improvement of or construction upon the Subject Property.

5.5    Intentionally Omitted.

5.6    **Insurance**.  Trustor shall at all times provide, maintain, deliver to Beneficiary and keep in full force and effect:

(a)    Policies of insurance insuring the Subject Property against loss or damage by risks embraced in coverage of the type now known as the broad form of all-risk, extended coverage, in an amount not less than the lesser of (i) the original amount of the Note or (ii) the full replacement cost of the Improvements (exclusive of the cost of excavations, foundations, and footings below the lowest basement floor, but including any Improvements hereafter made); and with not more than Five Thousand Dollars ($5,000.00) deductible from the loss payable for any casualty.  The policies of insurance

carried in accordance with this Subsection (a) shall contain the "Replacement Cost Endorsement;"

(b)    Comprehensive public liability insurance (including coverage for elevators and escalators, if any on the Subject Property, and, if any construction of new Improvements occurs after the execution of this Deed of Trust, completed operations coverage for two years after the construction of such Improvements has been completed) on an "occurrence basis" against claims for "personal injury," including, without limitation, bodily injury, death or property damage, occurring on, in or about the Subject Property and the adjoining streets and sidewalks, or arising from or connected with the use, conduct or operation of Trustor's business or interest, **in an amount of not less than Five Million and 00/00 Dollars ($5,000,000.00)** with respect to personal injury or death of one or more persons and with respect to damage to property. Beneficiary shall have the right from time to time to require an increase in the amount of coverage based on the standard practices in the industry and the risks involved in Trustor's business, operations or interest;

(c)    Appropriate worker's compensation insurance against liability arising from claims of workers with respect to and during the period of any work on or about the Subject Property, and also after completion of construction of the Improvements.   Trustor shall require each of its contractors and subcontractors employed to perform work on the Subject Property to furnish a certificate of workers' compensation insurance prior to the commencement of any work.

(d)    Such other insurance against such risks or hazards, or other risks and hazards **(specifically including earthquake and flood coverage)**, and in such amounts, as may from time to time be reasonably required by Beneficiary, also including, without limitation, policies insuring against specified hazards affecting Lender's security as may be required by governmental regulations or as may be reasonably available for improvements similar to the Improvements located in the same locality of the Subject Property.

All policies of insurance shall be with companies approved by Beneficiary. In addition, all policies of insurance, including but not limited to policies insuring against earthquakes, whether or not required by Beneficiary, shall contain the Standard NonContributory Mortgagee Clause and the Standard Lenders' Loss Payable Clause, or their equivalents, in favor of Beneficiary, and shall provide that the proceeds thereof shall be payable to Beneficiary, to the extent applicable. All such policies shall also where appropriate name Beneficiary as additional insured.   In the event of the foreclosure of this Deed of Trust or other transfer of title to the Subject Property in extinguishment, in whole or in part, of the indebtedness secured hereby, all right, title and interest of Trustor in and to any insurance policy then in force shall pass to the purchaser or grantee. Beneficiary shall be furnished with the original of each policy required to be provided by Trustor hereunder, which policy shall provide that it shall not

be modified or cancelled without thirty (30) days' written notice to Beneficiary. Trustor shall furnish Beneficiary with receipts for the payment of premiums on such insurance policies or other evidence of such payment reasonably satisfactory to Beneficiary. In the event Trustor does not deposit with Beneficiary a new policy of insurance with evidence of payment of premium thereon at least thirty (30) days prior to the expiration of any expiring policy, then Beneficiary may, but shall not be obligated to, procure such insurance and Trustor shall pay the premiums thereon promptly upon demand. Beneficiary shall not by the fact of approving, disapproving, accepting, preventing, obtaining or failing to obtain any such insurance, incur any liability for the form or legal sufficiency of insurance contracts, solvency of insurers, or payment of losses, and Trustor hereby expressly assumes full responsibility therefor and all liability, if any, thereunder.

5.7    **Damages; Insurance and Condemnation Proceeds**.

(a)    (i) All awards of damages and all other compensation payable directly or indirectly by reason of a condemnation or proposed condemnation for public or private use affecting all or any part of, or any interest in, the Subject Property; and (ii) all other claims and awards for damages to, or decrease in value of, all or any part of, or any interest in, the Subject Property; and (iii) all proceeds of any insurance policies payable by reason of loss sustained to all or any part of the Subject Property; and (iv) all interest which may accrue on any of the foregoing, are all absolutely and irrevocably assigned to and shall be paid to Beneficiary.  At the absolute discretion of Beneficiary, whether or not its security is or may be impaired but subject to applicable law, if any, and without regard to any requirement contained in Section 5.8(c), Beneficiary may (v) apply all or any of the proceeds it receives to its expenses in settling, prosecuting or defending the claim and apply the balance to the Secured Obligations in any order, and/or (vi) release all or any part of the proceeds to Trustor upon any conditions Beneficiary may impose.  Beneficiary may commence, appear in, defend or prosecute any assigned claim or action and may adjust, compromise, settle and collect all claims and awards assigned to Beneficiary, but shall not be responsible for any failure to collect any claim or award, regardless of the cause of the failure.

(b)    At its sole option, Beneficiary may permit insurance or condemnation proceeds held by Beneficiary to be used for repair or restoration but may condition such application upon the deposit with Beneficiary of such additional funds which Beneficiary determines are needed to pay all cost of the repair or restoration, (including without limit taxes, financing charges, insurance and rent during the repair period), on establishment of an arrangement for lien releases and disbursement of funds acceptable to Beneficiary and on delivery to Beneficiary of:

(i)    plans and specifications for the work, a contract for the work signed by a contractor acceptable to Beneficiary, a cost breakdown for the work and a

payment and performance bond for the work, all of which shall be acceptable to Beneficiary; and

(ii) evidence acceptable to Beneficiary: (aa) that after completion of the work the income from the Subject Property will be sufficient to pay all expenses and debt service for the Subject Property; (bb) of continuation of leases acceptable to and required by Beneficiary; (cc) that, upon completion of the work, the size, capacity and total value of the Subject Property will be at least as great as it was before the damage or condemnation occurred; (dd) that there has been no material or substantial adverse change in the financial condition or credit of Trustor since the date of this Deed of Trust; and (ee) of satisfaction of any additional conditions that Beneficiary may establish to protect its security.

Trustor acknowledges that the specific conditions described above are reasonable.

5.8 **Maintenance and Preservation of the Subject Property.** Trustor covenants: (a) to insure the Subject Property in accordance with the provisions set forth hereinabove and to keep the Subject Property in good condition and repair; (b) except with Beneficiary's prior written consent, not to remove or demolish the Subject Property or any part thereof; not to alter, restore or add to the Subject Property; and not to initiate or acquiesce in any change in any zoning or other land classification which affects the Subject Property; (c) to complete or restore promptly and in good and workmanlike manner the Subject Property or any part thereof which may be damaged or destroyed, unless Beneficiary elects to require that insurance proceeds be used to reduce the Secured Obligations as provided in Section 5.6; (d) not to suffer violation of any, and to comply with all (i) laws, ordinances, regulations and standards, and (ii) all covenants, conditions, restrictions and equitable servitudes, whether public or private, of every kind and character and (iii) requirements of insurance companies and any bureau or agency which establishes standards of insurability, which laws, covenants or requirements affect the Subject Property and pertain to acts committed or conditions existing thereon, including (but without limit) such work or alteration, improvement or demolition as such laws, covenants or requirements mandate; (e) not to commit or permit waste of the Subject Property; (f) not to alter the occupancy or use of all or any part of the Subject Property without the prior written consent of Beneficiary; (g) not to lease the Subject Property other than on a form and on terms approved by Beneficiary; (h) as required by Beneficiary, to perform the lessor's covenants under the leases affecting the Subject Property in which Trustor holds the lessor's interest, and not to cause or permit a modification or termination of any lease or impair the value of the leases to the lessor, or the interest of lessor or Beneficiary in the leases; (i) not to create any deed of trust or encumbrance upon the Subject Property subsequent hereto, without the prior written consent of Beneficiary; (j) to make no further assignment of rents of the Subject Property without Beneficiary's prior written consent; (k) to execute and, where appropriate, acknowledge all further documents, instruments and other papers as Beneficiary or Trustee deems necessary or appropriate to preserve, continue, perfect

and enjoy the security of this Deed of Trust and perform Trustor's obligations, including, without limit, statements of the amount secured hereby then owing and statements of no offset; and (l) to do all other acts which from the character or use of the Subject Property may be reasonably necessary to maintain and preserve its value.

5.9    **Defense and Notice of Losses, Claims and Actions**.    Trustor shall protect, preserve and defend the Subject Property and title to and right of possession of the Subject Property, the security hereof and the rights and powers of Beneficiary and Trustee hereunder at Trustor's sole expense against all adverse claims, whether the claim (i) is against a possessory or a non-possessory interest, (ii) arose prior or subsequent to the date hereof, or (iii) is senior or junior to Trustor's or Beneficiary's rights.    Trustor shall give Beneficiary and Trustee prompt notice in writing of the assertion of any claim, of the filing of any action or proceeding, of the occurrence of any damage to the Subject Property, and of any condemnation offer or action.

5.10    **Acceptance of Trust; Power and Duties of Trustee**.    Trustee accepts this trust when this Deed of Trust is recorded.    From time to time upon written request of Beneficiary and presentation of this Deed of Trust for endorsement, and without affecting the personal liability of any person for payment of any indebtedness or performance of any obligation secured hereby, Trustee may, without liability therefor and without notice:  reconvey all or any part of the Subject Property; consent to the making of any map or plat thereof; join in any grant of easement thereon, any declaration of covenants and restrictions, any extension agreement or any agreement subordinating the lien or charge hereof.    Trustee or Beneficiary may from time to time apply to any court of competent jurisdiction for aid and direction in the execution of the trusts hereunder and the enforcement of the rights and remedies available hereunder, and may obtain orders or decrees directing or confirming or approving acts in the execution of said trusts and the enforcement of said rights and remedies.    Trustee has no obligation to notify any party of any pending sale or any action or proceeding (including, but not limited to actions in which Trustor, Beneficiary or Trustee shall be a party) unless held or commenced and maintained by Trustee under this Deed of Trust.    Trustee shall not be obligated to perform any act required of it hereunder unless the performance of the act is requested in writing and Trustee is reasonably indemnified against loss, cost, liability and expense.

5.11    **Compensation; Exculpation; Indemnification**.

(a)    Intentionally Omitted.

(b)    Trustor indemnifies Trustee and Beneficiary against, and holds them harmless from all losses, damages, liabilities, claims, causes of action, judgments, court costs, attorneys' fees and other legal expenses, cost of evidence of title, cost of evidence of value, and other expenses which either may suffer or incur (i) by reason of this Deed of Trust; or (ii) by reason of the execution of this trust or in performance of

any act required or permitted hereunder or by law; or (iii) as a result of any failure of Trustor to perform Trustor's obligations; or (vi) by reason of any alleged obligation or undertaking on Beneficiary's part to perform or discharge any of the representations, warranties, conditions, covenants or other obligations contained in any other document related to the Subject Property.

(c)    Only the borrowing Trustor's duty to indemnify Trustee and Beneficiary shall survive the release and cancellation of the Secured Obligations and the release and reconveyance or any partial release or reconveyance of this Deed of Trust.

5.12  **Substitution of Trustees**.  From time to time, by a writing signed and acknowledged by Beneficiary and recorded in the Office of the Recorder of the County in which the Subject Property is situated, Beneficiary may appoint another trustee to act in the place and stead of Trustee or any successor.  Such writing shall set forth any information required by law.  The recordation of such instrument of substitution shall discharge Trustee herein named and shall appoint the new trustee as the trustee hereunder with the same effect as if originally named Trustee herein.  A writing recorded pursuant to the provisions of this section shall be conclusive proof of the proper substitution of such new Trustee.

5.13  **Sale or Transfer by Trustor**.  Trustor acknowledges that:  (a) the financial stability, development expertise and managerial and operational ability of Trustor were and are a substantial and material consideration to Beneficiary and, in reliance thereon, Beneficiary has agreed to make the loan to Trustor evidenced by the loan documents; and (b) the transfer of possession of the Subject Property or a change in the person or entity operating and managing the Subject Property may significantly and materially alter or reduce Beneficiary's security for the Note.  Accordingly, as a material inducement to Beneficiary to enter into the transactions contemplated by the loan documents, Trustor shall not transfer the Subject Property or any portion thereof or interest therein without the prior written consent of Beneficiary, except as may be specifically permitted elsewhere herein.  Beneficiary may grant or deny such consent in its sole discretion, not to be unreasonably withheld, and, if consent should be given, any such transfer shall be subject to this Deed of Trust, and any transferee shall assume all of Trustor's obligations hereunder and agree to be bound by all provisions and perform all obligations contained herein.  In the event of any such transfer without the written consent of Beneficiary, Beneficiary may, at its option, without demand or notice, declare all sums secured hereby immediately due and payable.  Any such transfer without Beneficiary's consent shall be void.  Consent to one such transfer shall not be deemed to be a waiver of the right to require consent to future or successive transfers.  As used herein, "transfer" shall mean (i) the sale, agreement to sell, transfer or conveyance of the Subject Property, or any portion thereof or interest therein, including, without limitation, air rights and development rights, whether voluntary, involuntary, by operation of law or otherwise, or the lease of all or substantially all of the Subject Property, but

shall not include the conveyance of easements, licenses or leases reasonably necessary for the operation of the Improvements, or the repair or replacement of any personal property in the ordinary course of business; (ii) any transfer by way of security, including the placing or permitting the placing on the Subject Property of any mortgage, deed of trust, assignment of rents or other security device **with the exception of a lien on the Subject Property subordinate to this Deed of Trust, to secure a purchase money obligation of Trustor to Christianne Tiemann, Trustee of the Mary Placer Trust, dated June 30, 2012, in the amount of <u>not more than</u> $1,043,000.00**; and (iii) if Trustor is a partnership, limited liability company, joint venture, trust, or closely-held corporation: the issuance, sale, conveyance, transfer, disposition or encumbering of more than twenty-five percent (25%) of any class of the currently issued and outstanding capital stock of Trustor other than to an entity of which the transferee is the majority owner; or the issuance, sale, conveyance, transfer, disposition or encumbering of the beneficial interest of such limited liability company membership, partnership, joint venture or trust, or a change of any manager, general partner or any joint venturer, either voluntarily, involuntarily, or otherwise. For purposes of this section, "closely-held corporation" shall mean any corporation not listed on a national or regional stock exchange.

    5.14   **Releases, Extensions, Modifications and Additional Security.** Without notice to or the consent, approval or agreement of any persons or entities having any interest at any time in the Subject Property or in any manner obligated under the Secured Obligations ("Interested Parties"), Beneficiary may, from time to time, release any person or entity from liability for the payment or performance of any Secured Obligation, take any action or make any agreement extending the maturity or otherwise altering the terms or increasing the amount of any Secured Obligation, or accept additional security or release all or a portion of the Subject Property and other security for the Secured Obligations. None of the foregoing actions shall release or reduce the personal liability of any of said Interested Parties, or release or impair the priority of the lien of this Deed of Trust upon the Subject Property.

    5.15   **Full Reconveyance.**   Upon Beneficiary's written request, and upon surrender of this Deed of Trust and any note, instrument, or instruments setting forth all obligations secured hereby to Trustee for cancellation, Trustee shall reconvey, without warranty, the Subject Property or that portion thereof then held hereunder. The recitals of any matters or facts in any reconveyance executed hereunder shall be conclusive proof of the truthfulness thereof. To the extent permitted by law, the reconveyance may describe the grantee as "the person or persons legally entitled thereto." Neither Beneficiary nor Trustee shall have any duty to determine the rights of persons claiming to be rightful grantees of any reconveyance. When the Subject Property has been fully reconveyed, the last such reconveyance shall operate as a reassignment of all future rents, issues and profits of the Subject Property to the person or persons legally entitled thereto.

5.16   **Partial Reconveyance**.   Upon written request by Trustor to Beneficiary requesting partial reconveyance and release of a portion of the Subject Property from the lien or charge of this Deed of Trust, Beneficiary may, in its absolute discretion, and subject to such conditions as it may require, reconvey and release the portion of the Subject Property requested.

5.17   **Loan Statement Fees**.   Trustor shall pay the amount demanded by Beneficiary or its authorized loan servicing agent for any statement regarding the obligations secured hereby; provided, however, that such amount may not exceed the maximum amount allowed by law at the time request for the statement is made.

5.18   **Late Charge.**   If Trustor defaults in the payment of any amount when due and payable under or secured by this Deed of Trust, a late charge as specified in the Note, or, if no such late charge is specified therein, then a late charge of five percent (5%) of the amount of such delinquent payment may be charged by Beneficiary for the purpose of defraying the extra administrative expenses incident to handling such delinquent payment and the loss of the use of funds resulting from Trustor's nonpayment when due.  Such late charge represents a fair and reasonable estimate by Beneficiary and Trustor of a fair average compensation for the loss that may be sustained by the holder of the Note due to the failure of Trustor to make timely payments, the parties recognizing that the damages caused by such extra administrative expenses and loss of use of funds is impracticable or extremely difficult to ascertain.  Such late charge shall be paid without prejudice to the rights of the holder of the Note to collect any other amounts provided to be paid thereunder or to declare a default under the Note, this Deed of Trust or any other Loan Document.

5.19   **Books and Records.**   Trustor shall keep and maintain or cause to be kept and maintained at such place or places as Beneficiary shall reasonably designate, proper and accurate books, records and accounts reflecting all items of income and expense in connection with the operation of the Subject Property, whether such income and expenses are realized by Trustor or by any other person or entity whatsoever. Beneficiary or its designees shall have the right, from time to time and at all times during normal business hours, to examine such books, records and accounts at the office of Trustor or other person or entity maintaining such books, records and accounts and to make copies thereof.

5.20   **Further Assignments**.   Upon demand of Beneficiary, Trustor shall assign to Beneficiary, in addition to the assignment of rents, issues and profits provided hereinbelow and any other grant, transfer or assignment effected under this Deed of Trust, a specific assignment of Trustor's interest in any or all leases, subleases, contracts, licenses and permits affecting the Subject Property, such assignments to be made by instruments in form satisfactory to Beneficiary; provided, however, that no such assignment shall be construed as imposing upon Beneficiary any obligations with respect thereto.  A default by Trustor in the performance of any covenant of any lease

or other instrument so assigned to Beneficiary, by reason of which default the lessee or other party thereunder has the right to cancel such lease or other instrument or to claim any diminution or offset against future rents, issues or profits shall, at the option of Beneficiary, constitute a default hereunder and under the loan documents, and Beneficiary shall have all the rights and remedies herein as if such default had occurred under this Deed of Trust. Beneficiary may, at its option, exercise its rights hereunder or under such specific assignment, and such exercise shall not constitute a waiver of any rights hereunder or under such specific assignment.

    5.21 **Subrogation.**   Beneficiary shall be subrogated to the lien of all encumbrances, whether released of record or not, paid in whole or in part by Beneficiary pursuant to this Deed of Trust or by the proceeds of any loan secured by this Deed of Trust.

    5.22 **Leasehold**. If a leasehold estate constitutes a portion of the Subject Property, Trustor agrees not to amend, change, terminate or modify such leasehold estate or any interest therein without the prior written consent of Beneficiary. Consent to one amendment, change, agreement or modification shall not be deemed to be a waiver of the right to require consent to other, future or successive amendments, changes, agreements or modifications. Trustor shall perform all obligations and agreements under said leasehold and promptly notify Beneficiary in writing with respect to any default or alleged default by any party thereto and deliver to Beneficiary copies of all notices, demands, complaints or other communication received or given by Trustor with respect to any such default or alleged default. Beneficiary shall have the option to cure any such default and to perform any or all of Trustor's obligations thereunder. All sums expended by Beneficiary in curing any such default shall be secured hereby and shall be immediately due and payable without demand or notice and shall bear interest from date of expenditure at the rate then in effect under the Note.

## ARTICLE VI. DEFAULT PROVISIONS

    6.1 **Default.**   Any of the following events shall, at Beneficiary's option, constitute an event of default ("Default") under this Deed of Trust:

        (a)   The failure to pay when due any installment of principal or interest under the Note or any other sum as provided in this Deed of Trust or any other Loan Document and secured by this Deed of Trust;

        (b)   The failure of Trustor to observe or to perform any term, condition, covenant or agreement contained in this Deed of Trust or any Loan Document, or the existence of any other default thereunder;

        (c)   The failure of Trustor to comply with any term, condition, covenant, or agreement now or hereafter affecting the Subject Property, or any part thereof, or

contained in any agreement relating to the Subject Property or the indebtedness secured hereby;

(d)    Trustor, prior to the full payment of all amounts due to Lender under the Note, shall commence any work of improvement upon the Subject Property without Beneficiary's prior written consent, which consent may be withheld in Beneficiary's absolute discretion.

(e)    Any representation, covenant or warranty contained in this Deed of Trust or in any other document evidencing or securing the obligations represented by the Note is, or shall be or become untrue or misleading in any material respect;

(f)    Any transfer of the duties of managing or operating the Property under any management contract to any person, firm, corporation, partnership or other entity without the prior written consent of Beneficiary;

(g)    The application by Trustor (or any guarantor of any of the obligations of Trustor hereunder or under the Note) for or consent to the appointment of a receiver, a trustee or liquidator of all or a substantial portion of its assets; making of a general assignment for the benefit of creditors; being adjudicated a bankrupt or becoming insolvent; filing a voluntary petition in bankruptcy or filing a petition or answer seeking reorganization or an arrangement with creditors or seeking to take advantage of any other law (whether federal or state) relating to relief of debtors, or admitting (by answer, by default or otherwise) the material allegations of a petition filed against it in any bankruptcy, reorganization, arrangement, insolvency or other proceedings (whether federal or state) relating to relief of debtors; admitting in writing that it is unable to pay its debts as they mature or that it is generally not paying its debts as they mature; suffering or permitting to continue unstayed and in effect for ten (10) consecutive days any judgment, decree or order, entered by a court of competent jurisdiction, which approves a petition seeking reorganization of Trustor or which appoints a receiver, trustee or liquidator of Trustor or of all or a substantial part of any of its assets; and/or attachment, execution or other judicial seizure of all or substantially all of Trustor's assets or all or substantially all of the Subject Property, where such seizure is not discharged within ten (10) days;

(h)    The amendment or modification in any manner which would adversely affect Beneficiary without the prior written consent of Beneficiary of the articles of incorporation, bylaws, articles of partnership, certificate of partnership or other charter or enabling documents of (i) Trustor if Trustor is a corporation, partnership or joint venture, and (ii) Trustor's general partners if Trustor is a partnership; and/or

(i)    The existence of a default under any deed of trust, mortgage, lien or security agreement affecting or relating to the Subject Property.

6.2    **Rights and Remedies.** At any time after Default, Beneficiary and Trustee shall have all the following rights and remedies:

(a)    With or without notice, to declare all Secured Obligations immediately due and payable; notwithstanding the foregoing, no notice of default shall be recorded unless and until Trustor shall have been given not less than ten (10) days notice of intention to record;

(b)    Without releasing Trustor from any Secured Obligation, and without becoming a mortgagee in possession, to cure any breach or default of Trustor and, in connection therewith, to enter upon the Subject Property and to do such acts and things as Beneficiary or Trustee deem necessary or desirable to protect the security hereof including, but without limitation, to appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee hereunder; to pay, purchase, contest or compromise any encumbrance, charge, lien or claim of lien which, in the sole judgment of either Beneficiary or Trustee, is or may be senior in priority hereto, the judgment of Beneficiary or Trustee being conclusive as between the parties hereto; to obtain insurance; to pay any premiums or charges with respect to insurance to be carried hereunder; and to employ counsel, accountants, contractors and other appropriate persons to assist them;

(c)    To terminate Trustor's right and license to collect the income, rents, issues, deposits, proceeds and profits and either in person or by agent, with or without bringing any action or proceeding, or by a receiver appointed by a court and without regard to the adequacy of its security, enter upon and take possession of the Subject Property, or any part thereof, in its own name or in the name of Trustee, and do any acts which it deems necessary or desirable to preserve the value, marketability or rentability of the Subject Property, or any part thereof or interest therein, make, modify, enforce, cancel or accept the surrender of any lease, increase the income thereof, or protect the security hereof and, with or without taking possession of the Subject Property, sue for or otherwise collect the income, rents, issues, deposits, proceeds and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection including attorneys' fees, upon any indebtedness secured hereby, all in such order as Beneficiary may determine. The entering upon and taking possession of the Subject Property, the collection of the income, rents, issues, deposits, proceeds and proceeds and the application thereof as aforesaid, or any such acts, shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done in response to such Default or pursuant to such Notice or Default and, notwithstanding the continuance in possession of the Subject Property or the collection, receipt and application of the income, rents, issues, deposits, proceeds or profits, Trustee or Beneficiary shall be entitled to exercise every right provided for in any of the loan documents or by law upon the occurrence of any Default, including the right to exercise the power of sale provided below;

996

(d)    To commence and maintain an action or actions in any court of competent jurisdiction to foreclose this instrument as a mortgagee or to obtain specific enforcement of the covenants of Trustor hereunder, and Trustor agrees that such covenants shall be specifically enforceable by injunction or any other appropriate equitable remedy and that for the purposes of any suit brought under this subparagraph, Trustor waives the defense of laches and any applicable statute of limitations;

(e)    Exercise any or all of the remedies available to a secured party under the California Uniform Commercial Code in such order and in such manner as Beneficiary, in its sole discretion, may determine; provided, however, that the expenses of retaking, holding, preparing for sale or the like as provided thereunder shall include reasonable attorneys' fees and other expenses of Beneficiary and Trustee and shall be additionally secured by this Deed of Trust;

(f)    To apply to a court of competent jurisdiction for and obtain appointment of a receiver of the Subject Property as a matter of strict right and without regard to (i) the adequacy of the security for the repayment of the Secured Obligations, (ii) the existence of a declaration that the Secured Obligations are immediately due and payable, or (iii) the filing of a notice of default; and Trustor consents to such appointment;

(g)    To enter upon, possess, manage and operate the Subject Property or any part thereof; to take and possess all of the documents, books, records, papers and accounts of Trustor or the then owner of the Subject Property and pertaining to the Subject Property; to make, terminate, enforce or modify leases of the Subject Property upon such terms and conditions as Beneficiary deems proper; to make repairs, alterations and improvements to the Subject Property necessary, in Trustee's or Beneficiary's judgment, to protect or enhance the security hereof;

(h)    To execute a written notice of such Default ("Notice of Default") and of its election to cause the Subject Property, or any portion thereof, to be sold to satisfy the Secured Obligations. Upon the request of Beneficiary, Trustor shall assemble and make available to Beneficiary at the real property described in Exhibit "A" any of the Subject Property or Personal Property which is not located thereon or has been removed therefrom. Trustee shall give and record such Notice of Default as the law then requires as a condition precedent to a trustee's sale. When the minimum period of time required by law after such notice has elapsed, Trustee, without notice to or demand upon Trustor except as required by law, shall sell the Subject Property at the time and place of sale fixed by it in the notice of sale, at one or several sales, either as a whole or in separate parcels and in such manner and order, all as Beneficiary in its sole discretion may determine, at public auction to the highest bidder for cash, in lawful money of the United States, payable at time of sale. Neither Trustor nor any other person or entity other than Beneficiary shall have the right to direct the order in which the Subject Property is sold. Subject to requirements and limits imposed by law,

Trustee may postpone sale of all or any portion of the Subject Property by public announcement at such time and place of sale, and from time to time may postpone the sale by public announcement at the time and place fixed by the preceding postponement. Trustee shall deliver to the purchaser at such sale a deed conveying the Subject Property or portion thereof so sold, but without any covenant or warranty, express or implied. The recitals in the deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustee, Trustor or Beneficiary may purchase at the sale. Trustee shall deliver to the purchaser a deed conveying the Subject Property or any portion thereof sold, but without any covenant or warranty, expressed or implied;

(i)     To resort to and realize upon the security hereunder and any other security now or later held by Beneficiary concurrently or successively and in one or several consolidated or independent judicial actions or lawfully taken non-judicial proceedings, or both, and to apply the proceeds received upon the Secured Obligations all in such order and manner as Trustee and Beneficiary or either of them determine in their sole discretion.

(j)     At any sale of the Subject Property held pursuant to this Section, Beneficiary may bid, as the equivalent of cash, the amount of all or any of the Secured Obligations, including without limit, attorney's fees.

6.3     **Application of Foreclosure Sale Proceeds.**  After deducting all costs, fees and expenses of Trustee, and of this trust, including cost of evidence of title and attorney's fees in connection with sale, Trustee shall apply all proceeds of any foreclosure sale to payment of: all sums expended by Beneficiary under the terms hereof and not then repaid, with accrued interest at the rate of interest specified in the Note to be applicable on or after maturity or acceleration of the Note; the payment of all other Secured Obligations in such order and amounts as Beneficiary in its sole discretion determines; and the remainder, if any, to the person or persons legally entitled thereto.

6.4     **Application of Other Sums.**  All sums received by Beneficiary under Section 6.2, less all costs and expenses incurred by it or the receiver under Section 6.2, including attorneys' fees, shall be applied in payment of the Secured Obligations in such order as Beneficiary shall determine in its sole discretion (but Beneficiary shall have no liability for funds not actually received by Beneficiary).

6.5     **No Cure or Waiver; Remedies Not Exclusive.**  Neither Beneficiary's nor Trustee's nor any receiver's entry upon and taking possession of all or any part of the Subject Property, nor any collection of rents, issues, profits, insurance proceeds, condemnation proceeds or damages, other security or proceeds of other security, or other sums, not the application of any collected sum to any Secured Obligation, nor the exercises of any other right or remedy by Beneficiary or Trustee or any receiver shall

cure or waive any breach, Default or notice of Default under this Deed of Trust, or nullify the effect of any notice of Default or notice of sale (unless all Secured Obligations then due have been paid and performed and Trustor has cured all other defaults), or impair the status of the security, or prejudice Beneficiary or Trustee in the exercise of any right or remedy, or be construed as an affirmation by Beneficiary of any tenancy, lease or option or a subordination of the lien of this Deed of Trust. Trustee and Beneficiary, and each of them, shall be entitled to enforce the payment and performance of any indebtedness and obligations secured hereby and to exercise all rights and powers under this Deed of Trust or under any other Loan Document or other Agreement or any laws now or hereafter in force, notwithstanding the fact that some or all of the indebtedness and obligations secured hereby may now or hereafter be otherwise secured, whether by mortgage, deed of trust, pledge, lien, assignment or otherwise. Neither the acceptance of this Deed of Trust nor its enforcement, whether by court action or pursuant to the power of sale or other powers contained herein, shall prejudice or any manner affect Trustees or Beneficiary's right to realize upon or enforce any other security now or hereafter held by Trustee or Beneficiary. Trustee and Beneficiary, and each of them, shall be entitled to enforce this Deed of Trust and any other security now or hereafter held by Beneficiary or Trustee in such order and manner as they or either of them may in their absolute discretion determine. No remedies herein conferred upon or reserved to Trustee or Beneficiary is intended to be inclusive of any other remedy contained herein or by law provided or permitted, but each shall be cumulative and shall be in addition to every other remedy given hereunder or now or hereafter arising at law or in equity or by statute. Every power or remedy given by any of the loan documents to Trustee or Beneficiary or to which either of them or otherwise be entitled, may be exercised, concurrently or independently, from time to time and as often as may be deemed expedient by Trustee or Beneficiary, and either of them may pursue inconsistent remedies.

6.6   **Payment of Costs, Expenses and Attorney's Fees**.  Trustor agrees to pay to Beneficiary immediately and without demand all costs and expenses incurred by Trustee and Beneficiary pursuant to Section 6.2 (including but without limit, court costs and attorney's fees, whether incurred in litigation or not) with interest from the date of expenditure until said sums have been paid at the rate of interest specified in the Note to be applicable on or after maturity or acceleration of the Note.  As provided above, Beneficiary may, at its option, bid at any sale of the Subject Property, the amount of said costs and expenses.

6.7   **Power to File Notices and Cure Defaults**.  Trustor hereby irrevocably appoints Beneficiary and its successors and assigns, as its attorney-in-fact, which agency is coupled with an interest, (a) to execute and/or record any notices of completion, cessation of labor, or any other notices that Beneficiary deems appropriate to protect Beneficiary's interest, and (b) upon the occurrence of an event, act or omission which, with notice or passage of time or both, would constitute a Default, Beneficiary may perform any obligation of Trustor hereunder; provided, that

(i) Beneficiary as such attorney-in-fact shall only be accountable for such funds as are actually received by Beneficiary; and (ii) Beneficiary shall not be liable to Trustor or any other person or entity for any failure to act under this section.

6.8    **Rescission of Notice of Default.** Beneficiary, from time to time before any Trustee's sale as provided above, may rescind any Notice of Default and election to sell or notice of sale by executing and delivering to Trustee a written notice of such rescission, which such notice, when recorded, shall also constitute a cancellation of any prior declaration of Default and demand for sale. The exercise by Beneficiary of such right of rescission shall not constitute a waiver of any breach or default then existing or subsequently occurring, or impair the right of Beneficiary to execute and deliver to Trustee, as above provided, other declarations or Notices of Default and demand for sale of the Subject Property to satisfy the obligations hereof, nor otherwise affect any provision, covenant or condition of any Loan Document or any of the rights, obligations or remedies of Trustee or Beneficiary hereunder or thereunder.

## ARTICLE VII. MISCELLANEOUS PROVISIONS

7.1    **Additional Provisions.** The loan documents contain or incorporate by reference the entire agreement of the parties with respect to matters contemplated herein and supersede all prior negotiations. The loan documents grant further rights to Beneficiary and contain further agreements and affirmative and negative covenants by Trustor which apply to this Deed of Trust and to the Subject Property and such further rights and agreements are incorporated herein by this reference.

7.2    **Non-Waiver.** By accepting late or partial payment or performance of any obligation secured hereby, Beneficiary shall not waive its right against any person obligated directly or indirectly hereunder or on any Secured Obligation, either to require prompt payment and performance when due of all other obligations secured or to declare default for failure to make prompt payment or performance. No waiver of any breach, default or failure of condition under the terms of this Deed of Trust or any other Secured Obligation shall be implied from any failure of Beneficiary to take, or any delay by Beneficiary in taking, action with respect to any such breach, default or failure of condition or from any previous waiver of any similar or unrelated breach, default or failure of condition. No renewal, extension of time for performance, or change in rate of interest or other terms of any Secured Obligation shall release Trustor from personal liability for the Secured Obligations. A waiver of any term of this Deed of Trust or any Secured Obligation must be made in writing and shall be limited to the express written terms of such waiver.

7.3    **Merger.** No merger shall occur as a result of Beneficiary's acquiring any other estate in, or any other lien on, the Subject Property unless Beneficiary consents to a merger in writing.

7.4    **Obligations of Trustor, Joint and Several.** If more than one person has executed this Deed of Trust as "Trustor," the obligations of all such persons hereunder shall be joint and several.

7.5    **Intentionally Omitted.**

7.6    **Rules of Construction.** When the identity of the parties or other circumstances make it appropriate the masculine gender includes the feminine and/or neuter, and the singular number includes the plural. The term "Subject Property" means all and any part of the Subject Property.

7.7    **Successors in Interest.** The terms, covenants, and conditions herein contained shall be binding upon and inure to the benefit to the heirs, successors and assigns of the parties hereto; provided, however, that this Section does not waive the provisions of Section 5.13. Any assignment of this Deed of Trust shall be considered an Assignment of the Note.

7.8    **Incorporation. Exhibit "A"** is incorporated into this Deed of Trust by this reference.

7.9    **Addresses; Request for Notice.** Notice to Beneficiary shall be sent to Beneficiary at the address set forth for Beneficiary hereinabove, with reference to the Term Loan. Any Trustor whose address is set forth hereinabove hereby requests that a copy of notice of Default and notice of sale be mailed to him at that address. Failure to insert an address shall constitute a designation of Trustor's last known address as the address for such notice. Correspondence to Trustee shall be addressed to Trustee at the address set forth hereinabove, with reference to the Term Loan of Beneficiary.

7.10   **Authorization to Rely.** Trustee, upon presentation to it of an affidavit signed by or on behalf of Beneficiary, setting forth any fact or facts showing a Default by Trustor under any of the terms or conditions of this Deed of Trust, is authorized to accept as true and conclusive all facts and statements in such affidavit and to act hereunder in complete reliance thereon.

7.11   **Governing Law.** The provisions of this Deed of Trust governing the contractual rights and obligations of Trustor, Beneficiary and Trustee shall be construed according to the laws of the State of California.

7.12   **Supplemental Provisions.** The provisions of this Deed of Trust are intended to be supplemental and in addition to the provisions contained in the Note of even date herewith. In the event of any direct conflict between any of the provisions of this Deed of Trust and the Note, the latter shall prevail and be controlling.

7.13 **Permitted Contests**. Trustor may contest or object in good faith to the amount or validity of any tax, assessment, claim, demand, levy, lien, encumbrance, charge or notice of noncompliance asserted by a third party (collectively, the "Claim"), but only in accordance with the following conditions:

(a)    Trustor shall first give written notice to Beneficiary and deposit with Beneficiary a bond or cash satisfactory to Beneficiary in such amounts as Beneficiary shall reasonably require, up to 150% of the amount of any Claim or other sum in controversy, and, if the context of such Claim so requires, Trustor shall have provided such additional undertaking as may be required or permitted by law to accomplish a stay of any legal proceedings then pending in connection with any such Claim or controversy;

(b)    Trustor shall promptly and diligently proceed to cause such Claim to be settled and discharged in a manner not prejudicial to Beneficiary or its rights hereunder;

(c)    If Trustor shall fail to discharge diligently any such Claim, then, in addition to any other right or remedy of Beneficiary, Beneficiary may, but shall not be obligated to, discharge the same, either by paying the amount claimed to be due, or by procuring the discharge of such Claim by promptly depositing in court a bond or the amount claimed or otherwise giving security for such Claim, or in such manner as is or may be prescribed by law;

(d)    Beneficiary may employ an attorney or attorneys to protect its rights hereunder, and in the event of such employment, Trustor shall pay Beneficiary the attorneys' fees and expenses incurred by Beneficiary, whether or not an action is actually commenced against Trustor by reason of any default hereunder; and

(e)    Trustor has demonstrated to Beneficiary's reasonable satisfaction that no portion of the Subject Property will be sold to satisfy any such Claim prior to final resolution of such Claim or permitted contest.

7.14 **Statute of Limitations**. Except insofar as now or hereafter prohibited by law, the right to plead, use or assert any statute of limitations as a plea or defense or bar of any kind, or for any purpose, to any debt, demand or obligation secured or to be secured hereby, or to any complaint or other pleading or proceeding filed, instituted or maintained for the purpose of enforcing this Deed of Trust or any rights hereunder, is hereby waived by Trustor.

7.15 **Severability.** The invalidity of any one or more covenants, phrases, clauses, sentences or paragraphs of this Deed of Trust shall not affect the remaining portions of this Deed of Trust or any part thereof, and the same shall be construed as if such invalid covenants, phrases, clauses, sentences or paragraphs, if any, had not

been inserted herein. If the lien of this Deed of Trust is invalid or unenforceable as to any part of the indebtedness secured hereby, or if the lien is invalid or unenforceable as to any part of the Subject Property, the unsecured or partially secured portion of such indebtedness shall be completely paid prior to the payment of the remaining and secured or partially secured position of such indebtedness, and all payments made on such indebtedness, whether voluntary or under foreclosure or other enforcement action or procedure, shall be considered to have been first paid on and applied to the full payment of that portion of such indebtedness which is not secured or fully secured by the lien of this Deed of Trust.

7.16   **Substitution of Trustee**. Beneficiary may, from time to time, by a written instrument executed and acknowledged by Beneficiary and recorded in the county or counties where the Subject Property is located, and by otherwise complying with the provisions of California Civil Code Section 2934a, or any successor section, substitute a successor or successors for the Trustee named herein or acting hereunder.

7.17   **Additional Security**. In the event Beneficiary at any time holds additional security for any of the obligations secured hereby, all such additional security shall be taken, considered and held as cumulative, and Beneficiary may enforce the sale thereof or otherwise realize upon the same, at its option, either before or concurrently with the exercise of any of its rights or remedies hereunder or after a sale is made hereunder. The taking of additional security, execution of partial releases of the security, or any extension of the time of payment of the indebtedness secured hereby, shall not diminish the force, effect or lien of this Deed of Trust and shall not affect or impair the liability of any maker, surety or endorser for the payment of such indebtedness.

7.18   **Captions**. The captions or headings at the beginning of each Section hereof are for the convenience of the parties and are not to be construed as a part of this Deed of Trust.

7.19   **Trust Irrevocable; No Offset**. The trust created hereby is irrevocable by Trustor. No offset or claim that Trustor now or may in the future have against Beneficiary shall relieve Trustor from paying the installments or performing any other obligation contained herein or secured hereby.

7.20   **Corrections**. Trustor shall, upon request of Trustee, promptly correct any defect, error or omission which may be discovered in the contents of this Deed of Trust or in the execution or acknowledgment hereof, and will execute, acknowledge and deliver such further instruments and do such further acts as may be necessary or as may be reasonably requested by Trustee to carry out more effectively the purposes of this Deed of Trust, to be subject to the lien and security interest hereby created any of Trustor's properties, rights or interest covered or intended to be covered hereby, and to perfect and maintain such lien and security interest.

7.21  **Performance Under Other Documents.**  Trustor shall faithfully perform each and every covenant to be performed by Trustor under any lien or encumbrance, lease, sublease, instrument, declaration, covenant, condition, restriction, license, order or other agreement which affects or may affect the Subject Property, in law or in equity, including, without limitation, each and every covenant to be performed by Trustor under any mortgages and any and all other instruments pertaining to such mortgages, including the respective obligations secured thereby. A breach of or a default under any such lien, encumbrance or other instrument which Beneficiary reasonably believes may be prior and superior to the lien or charge of this Deed of Trust shall, at Beneficiary's option, constitute a Default under this Deed of Trust.

7.22  **Inspections.**  Beneficiary, and its agents, representatives and workmen, are authorized to enter at any reasonable time upon or in any part of the Property for the purpose of inspecting the same and for the purpose of performing any of the acts it or Trustor is authorized to perform under the terms of any of the loan documents.

7.23  **Amendments.**  This instrument cannot be waived, changed, discharged or terminated orally, but only by an instrument in writing signed by the party against whom enforcement of any waiver, change, discharge or termination is sought.

7.24  **Defense and Notice of Losses, Claims and Actions.**  Trustor shall protect, preserve and defend the Subject Property and title to and right of possession of the Subject Property, the security hereof and the rights and powers of Beneficiary and Trustee hereunder at Trustor's sole expense against all adverse claims, whether the claim (i) is against a possessory or non-possessory interest, (ii) arose prior or subsequent to the date hereof, or (iii) is senior or junior to Trustor's or Beneficiary's rights.  Trustor shall give Beneficiary and Trustee prompt notice in writing of the assertion of any claim, of the filing of any action or proceeding, of the occurrence of any damage to the Subject Property and of any condemnation offer or action.

7.25  **Waiver of Remedies.**  By accepting payment of any amount secured hereby after its due date, or an amount which is less than the amount then due, or performance of any obligation required hereunder after the date required for such performance, Beneficiary does not waive its rights either to require prompt payments or performance when due of all other amounts or other obligations so secured, or to declare a default as herein provided for the failure so to pay or perform.

7.26  **Trustee's Powers.**  At any time, or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of the original or certified copies of this Deed of Trust and the Note secured hereby for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby or the effect of this Deed of Trust upon the remainder of the Subject Property, Trustee may (i) reconvey any part of the Subject Property, (ii) consent in writing to the making of any map or plat of the Subject Property, or any

part thereof, (iii) join in granting any easement on the Subject Property, or any part thereof, or (iv) join in any extension agreement or any agreement subordinating the lien or charge of this Deed of Trust.

7.27  **Beneficiary Powers**. Without affecting the liability of Trustor or any other person liable for the payment of any obligation secured hereby, and without affecting the lien or charge of this Deed of Trust upon any portion of the Subject Property not then or theretofore released as security for the full amount of all unpaid obligations, Beneficiary may, from time to time and without notice (i) release any person so liable, (ii) extend the maturity or alter any of the terms of any such obligation, or join in any agreement modifying the terms of any Loan Document, (iii) waive any provision hereof or grant other indulgences, (iv) release or reconvey, or cause to be released or reconveyed at any time at Beneficiary's option, the Subject Property or any parcel or portion thereof, (v) take or release any other or additional security for any obligation herein mentioned, (vi) make compositions or other arrangements with debtors in relation thereto, or (vii) subordinate the lien or charge of this Deed of Trust.

IN WITNESS WHEREOF, Trustor has executed this Deed of Trust as of the day and year set forth above.

Helping Others International LLC, a
Delaware limited liability company

Megan Zucaro, Manager of Helping
Others International LLC

(attach notary acknowledgments and Exhibit A)

## ALL-PURPOSE ACKNOWLEDGMENT

**Title of Document:** Deed of Trust, Assignment of Leases, Rents and Profits, Security Agreement and Fixture Filing

**Date of Document:** 5/1/2019

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California        )
                           )ss.
County of Orange           )

On May 1, 2019 ___ before me, Mai Vu _____, Notary Public,

personally appeared Megan Elizabeth Zucaro _____

who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

MAI VU
Notary Public – California
Orange County
Commission # 2207243
My Comm. Expires Aug 21, 2021

FOR NOTARY STAMP

PRELIMINARY REPORT
YOUR REFERENCE: 00034926-TT

Fidelity National Title Company
ORDER NO.: 00251645-997-OC1-TR2

# EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF HUNTINGTON BEACH, IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 2 OF TRACT NO. 15690, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON THE MAP FILED IN BOOK 835 OF MISCELLANEOUS MAPS, PAGE(S) 12 AND 13, RECORDS OF ORANGE COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEEDS OF RECORD.

APN: 110-511-04

CLTA Preliminary Report Form – Modified (11/17/06)

Page 3

# EXHIBIT "D"

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

30.00

* S R 0 0 1 0 8 0 8 0 8 5 $ *
2019000146650 4:04 pm 05/02/19

217 406 D11 A36  5

0.00 0.00 0.00 0.00 12.00 0.00 0.000.000.00 6.00

**RECORDING REQUESTED BY**
**FIDELITY NATIONAL TITLE**
**AND WHEN RECORDED MAIL TO**

Name      **Mother Nature Trust**
Street     **9938 Bolsa Avenue #211**
Address
            **Westminster, CA 92683**

Order
No.
Escrow No. **00034926-TT**
APN:110-511-04

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST AND ASSIGNMENT OF RENTS

This **DEED OF TRUST**, made **May 1, 2019**, between **Helping Others International LLC, a Delaware Limited Liability Company**, herein called Trustor, whose address is **4100 Vanetta Place, Studio City, CA 91604** and **Fidelity National Title Company**, herein called TRUSTEE and **Mother Nature Trust with Anh Thy Nguyen acting as Trustee**, herein called BENEFICIARY,

**WITNESSETH:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the County of ORANGE, State of California, described as:

**SEE LEGAL DESCRIPTION EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.**

**TOGETHER WITH** the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:** (1) Performance of each agreement of Trustor incorporated by reference or contained herein. (2) Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the **PRINCIPAL SUM OF $1,200,000.00** executed by Trustor in favor of Beneficiary or order. (3) Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it so secured.

The following is a copy of provisions (1) to (14), inclusive, of the fictitious Deed of Trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as set forth at length therein.

**To protect the Security of this Deed of Trust, Trustor Agrees:**

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

Exempt from fee per GC 27388.1 (a;
(2); recorded concurrently in
connection with a transfer subject to
the imposition of documentary

5185 Vision Form DOTASSOR

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do, without notice to or demand upon Trustor, and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving onto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

Vision Form DOTASSOR

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Dated: 5/11/9

**Helphing Others International, LLC, a Delaware Limited Liability Company**
**By: Megan Zucaro, Its Manager**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA }
COUNTY OF _ORANGE_ }ss

On _5/1/2019_ before me _Mai Vu_ , Notary Public,

personally appeared _MEGAN ELIZABETH ZUCARO_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

MAI VU
Notary Public – California
Orange County
Commission # 2207243
My Comm. Expires Aug 21, 2021

Vision Form DOTASSOR

PRELIMINARY REPORT
YOUR REFERENCE: 00034926-TT

Fidelity National Title Company
ORDER NO.: 00251645-997-OG1-TR2

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF HUNTINGTON BEACH, IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 2 OF TRACT NO. 15690, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON THE MAP FILED IN BOOK 835 OF MISCELLANEOUS MAPS, PAGE(S) 12 AND 13, RECORDS OF ORANGE COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEEDS OF RECORD.

APN: 110-511-04

# EXHIBIT "E"

**DO NOT DESTROY THIS ORIGINAL NOTE:** When paid, this Note and the Deed of Trust must be surrendered to Trustee with a request for reconveyance.

## NOTE SECURED BY DEED OF TRUST

$1,200,000.00                                     Westminster, California

May 1, 2019 _____ after date, for value received, I/We promise to pay to Mother Nature Trust with Anh Thy Nguyen acting as Trustee   or order at 9938 Bolsa Avenue #211, Westminster, CA 92683 the sum of One Million Two Hundred Thousand and No/100-------Dollars, U.S. $ (1,200,000.00), with interest on the unpaid principal amount from May 1, 2019, at the rate of 5.000% per cent per annum, interest payable in monthly installment of Five Thousand and 00/100 Dollars, U.S. $ (5,000.00), on the 15th day of each and every month beginning on June 15, 2019, until May 15, 2020. At which time, the unpaid principal balance of $1,200,000.00 and any interest remaining due shall become immediately due and payable. If any payment is not made within 15 days after it is due, a late charge of 5.000% of the installment due, may be charged to borrower. Privilege is reserved of paying this Note in part or in whole anytime prior to maturity, without penalty.

If default is made in payment of interest when due, the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note. Principal and interest are payable in lawful money of the United States. If an action is instituted on this note I/We promise to pay such sum as the Court may fix as attorney's fees. This note is secured by a DEED of TRUST to Fidelity National Title Company, as Trustee.

Approved and accepted:

Helphing Others International, LLC, a Delaware Limited Liability Company
By: Megan Zucaro, Its Manager

Vision Form SNOTE

# EXHIBIT "F"

1

**RECORDING REQUESTED BY**

FIDELITY NATIONAL TITLE COMPANY

AND WHEN RECORDED MAIL TO

Name

Street Address  American Financial Center, Inc.

City & State  14930 Ventura Blvd Ste 320

Zip  Sherman Oaks, Ca 91403

**Recorded in Official Records, Orange County**
**Hugh Nguyen, Clerk-Recorder**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ 174.00
* S R 0 0 1 0 9 7 7 8 2 6 $ #
**2019000254315 12:14 pm 07/16/19**
7 414 D11 A36  3
0.00 0.00 0.00 0.00 8.00 0.00 0.000.00150.00 6.00

Title Order No. XX          Escrow No. XX

Assessors Parcel Number:  4319-008-088          **SPACE ABOVE THIS LINE FOR RECORDER'S USE**

**DEED OF TRUST WITH ASSIGNMENT OF RENTS**

This DEED OF TRUST, made  **July 1st, 2019**                                            between

**Helping Others International LLC**                                  herein called TRUSTOR,

whose address is  **4110 Vanetta Place    Studio City,      CA          91604**
(Number and Street)        (City)          (State)      (Zip Code)

CHICAGO TITLE COMPANY, a California Corporation, herein called TRUSTEE, and

American Financial Center, Inc.

, herein called BENEFICIARY,

Trustor irrevocably grants, transfers and assigns to Trustee in Trust, with Power of Sale that property in
**City of Huntington Beach**  County of  **Orange**          . State of California, described as:

The real property situated in the County of Orange, State of California, more particularly described as:

SEE LEGAL DESCRIPTION EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Also known as: 6475 Marigayle Circle, Huntington Beach, CA 92648
APN: 110-511-04

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing (1) payment of the sum of $ 75,000.00          with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of the Beneficiary, and extensions or renewals thereof; (2) the performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his or her successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

A. To protect the security of this Deed of Trust, and with respect to the property above described, Trustor agrees:

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto: all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge, or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his or her reasonable fees.

Page 1

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date, of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby, any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B. It is mutually agreed:

(1) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him or her in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(2) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his or her right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(3) That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(4) That upon written request of beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

(5) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his or her own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or the neuter, and the singular number includes the plural.

(9) The Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by laws. The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him or her at his or her address hereinbefore set forth.

Dated _____

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. | Signature of Trustor(s) |
|---|---|

Helping Others International LLC

STATE OF CALIFORNIA
COUNTY   OF    L o   A n g e l e s

On  0 7 / 0 2 / 1 9 _____ before me,

F a r o o g h   I r a n P o u r
(here insert name and title of the officer)

, notary public, personally appeared  M e g a n   Z u c a r o

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature  F. Iranpour

FOROOGH IRANPOUR
Commission # 2128732
Notary Public - California
Los Angeles County
My Comm. Expires Oct 28, 2019

(This area for official notarial seal)

Page 2

PRELIMINARY REPORT
YOUR REFERENCE: 00034926-TT

## EXHIBIT A
### LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF HUNTINGTON
BEACH, IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS
FOLLOWS:

LOT 2 OF TRACT NO. 15690, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE,
STATE OF CALIFORNIA, AS SHOWN ON THE MAP FILED IN BOOK 835 OF MISCELLANEOUS
MAPS, PAGE(S) 12 AND 13, RECORDS OR ORANGE COUNTY.

EXCPET THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBBON
SUBSTANCES LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID
PROPERTY, BUT WITH NO RIGHT OR SURFACE ENTRY, AS PROVIDED IN DEEDS OF
RECORDS.

<u>APN: 110-511-04</u>

# EXHIBIT "G"

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

|| |||| || || ||||| ||| ||| ||| |||| ||| |||| 90.00
* S R 0 0 1 1 1 3 5 3 2 1 S *
**2019000357454 1:40 pm 09/18/19**
47 422 N15    3
0.00 0.00 0.00 0.00 6.00 0.00 0.000.0075.00 3.00

RECORDING REQUESTED BY:
**WFG National-Default Services**

WHEN RECORDED MAIL TO:
**Western Fidelity Trustees**
**1222 Crenshaw Blvd., SUITE B**
**Torrance, California 90501**
1 35 7344440

TS No.: 2019-0901          Loan No.: **MARIGAYLE CIRCLE**    APN: **110-511-04**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF DEFAULT AND ELECTION TO SELL
## UNDER DEED OF TRUST

**Pursuant to CCC 2923.3 (which does not require recording):**
NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要

참고사항: 본 첨부 문서에 정보 요약서가 있습니다

NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE
BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY
COURT ACTION**, and you may have the legal right to bring your account in good standing
by paying all of your past due payments plus permitted costs and expenses within the time
permitted by law for reinstatement of your account, which is normally five business days prior to
the date set for the sale of your property. No sale date may be set until approximately 90 days
from the date this notice of default may be recorded (which date of recordation appears on this
notice).

This amount is **$126,645.56** as of **9/16/2019**, and will increase until your account
becomes current. While your property is in foreclosure, you still must pay other obligations
(such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to
make future payments on the loan, pay taxes on the property, provide insurance on the property,
or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or
mortgagee may insist that you do so in order to reinstate your account in good standing. In
addition, the beneficiary or mortgagee may require as a condition of reinstatement that you
provide reliable written evidence that you paid all senior liens, property taxes, and hazard
insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of
the entire amount you must pay. You may not have to pay the entire unpaid portion of your
account, even though full payment was demanded, but you must pay all amounts in default at the
time payment is made. However, you and your beneficiary or mortgagee may mutually agree in
writing prior to the time the notice of sale is posted (which may not be earlier than three months
after this notice of default is recorded) to, among other things, (1) provide additional time in
which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of
payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless
the obligation being foreclosed upon or a separate written agreement between you and your
creditor permits a longer period, you have only the legal right to stop the sale of your property by

TS No.: **2019-0901**      Loan No.: **MARIGAYLE CIRCLE**

### NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**UNITED LENDER, LLC**
**C/O Western Fidelity Trustees**
**1222 Crenshaw Blvd., SUITE B**
**Torrance, California 90501**
**Phone: (310) 212-0700**

**If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.**

## REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That **UNITED LENDER, LLC, A NEVADA LIMITED LIABILITY COMPANY** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **5/1/2019**, executed by **HELPING OTHERS INTERNATIONAL LLC, A DELAWARE LIMITED LIABLITY COMPANY**, as Trustor, to secure certain obligations in favor of **UNITED LENDER, LLC, A NEVADA LIMITED LIABILITY COMPANY**,   as beneficiary, recorded **5/2/2019**, as Instrument No. **2019-000146649**, in Book , Page ,    of Official Records in the Office of the Recorder of **Orange** County, California describing land therein as: As more fully described on said Deed of Trust.

SEE EXHIBIT "A" ATTACHED HERETO FOR COMPLIANCE WITH CCC 2923.5.

Including one **NOTE(S) FOR THE ORIGINAL** sum of **$1,957,000.00**, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:
   **Installment of Principal and Interest plus impounds and/or advances which became due on 5/1/2019 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges, plus attorney's fees and trustee's fees and costs.**

   That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**Dated: 9/16/2019**                         **UNITED LENDER, LLC, A NEVADA LIMITED**
                                             **LIABILITY COMPANY, as beneficiary**
                                             By: Western Fidelity Trustees, as agent


BY: _____
**Kathleen Herrera, Trustee Officer**

# Exhibit "A"
## Declaration of Compliance
## (or exemption from)
## Civil Code § 2923.5(b)

Borrower(s):        HELPING OTHERS INTERNATIONAL LLC
Beneficiary:        UNITED LENDER, LLC
                    C/O SHAWN AHDOOT


Property Address:   6475 MARIGAYLE CIRCLE
                    HUNTINGTON BEACH, CA 92648
T.S.No.:            2019-0901

The undersigned, as an authorized agent or employee of the beneficiary named below, declares that:

1. ☐ The beneficiary or his agent has contacted the borrower pursuant to California Civil Code § 2923.5(a)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

2. ☐ The beneficiary or his agent has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.5(e) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the beneficiary because the individual(s) did not meet the definition of "borrower" pursuant to subdivision (c) of Section 2920.5.

4. ☑ The requirements of Cal. Civil Code § 2923.5 do not apply because the loan is secured by a non-owner occupied residential property.

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.


Dated:   9/16/2019          By: Western Fidelity Trustees, as agent for Beneficiary

                            _____
                            Kathleen Herrera, Trustee Officer




Page 1

# EXHIBIT "H"

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

*S R 0 0 1 1 3 3 9 6 3 1 S*  87.00

2019000519301 2:18 pm 12/11/19
37 410 S15   2
0.00 0.00 0.00 0.00 3.00 0.00 0.000.0075.00 3.00

RECORDING REQUESTED BY:

WFG National Title Insurance Company

AND WHEN RECORDED MAIL TO:

Western Fidelity Trustees
1222 Crenshaw Blvd., SUITE B
Torrance, California 90501
13573HCAD

TS No.: 2019-0901                    Loan No.: MARIGAYLE CIRCLE    SPACE ABOVE THIS LINE FOR RECORDER'S USE
APN: 110-511-04
Property Address: 6475 MARIGAYLE CIRCLE, HUNTINGTON BEACH, CA 92648

## SUBSTITUTION OF TRUSTEE

WHEREAS, HELPING OTHERS INTERNATIONAL LLC, A DELAWARE LIMITED LIABLITY COMPANY was the original Trustor, UNITED LENDER, LLC, A NEVADA LIMITED LIABILITY COMPANY was the original Trustee, and UNITED LENDER, LLC, A NEVADA LIMITED LIABILITY COMPANY was the original Beneficiary under that certain Deed of Trust dated 5/1/2019 and recorded on 5/2/2019 as Instrument No. 2019-000146649, in book , page  of Official Records of Orange County, California, and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned substitutes a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

NOW, THEREFORE, the undersigned hereby substitutes WESTERN FIDELITY TRUSTEES, whose address is 1222 Crenshaw Blvd., Ste B Torrance, CA 90501 as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Dated: 10/15/2019

UNITED LENDER, LLC, A NEVADA LIMITED LIABILITY COMPANY

Shawn Ahdoot, authorized signor

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California    } ss.
County of Los Angeles  }

On 10/16/19        before me, Shilo Lee Losino, Notary Publi personally appeared
Shawn Ahdoot                                          who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

SHILO LEE LOSINO
Notary Public - California
Los Angeles County
Commission # 2259919
My Comm. Expires Oct 24, 2022

## AFFIDAVIT OF MAILING
## FOR SUBSTITUTION OF TRUSTEE BY CODE

TS No.: **2019-0901**

Trustor: **HELPING OTHERS INTERNATIONAL LLC, A DELAWARE LIMITED LIABLITY COMPANY**

**I, Angela Mijares,** declare: That I am an officer, agent or employee of **Western Fidelity Trustees** whose business address is:

> 1222 Crenshaw Blvd., SUITE B
> Torrance, California 90501

I am over the age of eighteen years; On **12/10/2019**, by Certified and First Class mail, enclosed in a sealed envelope with postage fully prepaid, I deposited in the United States Mail, a copy of the attached Substitution of Trustee to the trustee of record under the Deed of Trust described in said Substitution, and;

A copy of the attached Substitution has been mailed prior to the recording thereof, in the manner provided in Section 2924(b) of the Civil Code of the State of California to all persons to whom a copy of the Notice of Default would be required to be mailed by the provisions of said section.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **12/10/2019**

Angela Mijares, Trustee Officer

1026

# EXHIBIT "I"

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

**87.00**

*S R 0 0 1 1 3 6 3 4 0 1 S *
**2019000535843 2:57 pm 12/20/19**
37 410 N34  2
0.00 0.00 0.00 0.00 3.00 0.00 0.000.0075.00 3.00

RECORDING REQUESTED BY
**Western Fidelity Trustees**

AND WHEN RECORDED MAIL TO:
**Western Fidelity Trustees**
**1222 Crenshaw Blvd., SUITE B**
**Torrance, California 90501**

1357344 RD

---

T.S. No.: **2019-0901**                                      SPACE ABOVE THIS LINE FOR RECORDER'S USE
APN: **110-511-04**                  Loan No.: **MARIGAYLE CIRCLE**
Property Address: 6475 MARIGAYLE CIRCLE, HUNTINGTON BEACH, CA 92648

## NOTICE OF TRUSTEE'S SALE

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 5/1/2019. UNLESS YOU
TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC
SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING
AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn
by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings
association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this
state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now
held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The
sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or
encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late
charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees,
charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale)
reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Trustor: **HELPING OTHERS INTERNATIONAL LLC, A DELAWARE LIMITED LIABLITY COMPANY**
Duly Appointed Trustee: **WESTERN FIDELITY TRUSTEES**
Recorded 5/2/2019 as Instrument No. **2019-000146649** in book , page   of Official Records in the office of the
Recorder of **Orange** County, California.
Date of Sale: **1/27/2020** at **1:30 PM**
Place of Sale:    **At the north front entrance to the county courthouse at 700 Civic Center Drive West, Santa
Ana, CA  92701**
Amount of unpaid balance and other charges: **$2,207,443.87**
Street Address or other common designation of real property:       **6475 MARIGAYLE CIRCLE**
                                                                    **HUNTINGTON BEACH, CA 92648**

A.P.N.: **110-511-04**

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (916) 939-0772 or visit this Internet Web site www.nationwideposting.com, using the file number assigned to this case 2019-0901. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Date: 12/19/2019

**WESTERN FIDELITY TRUSTEES**
**1222 Crenshaw Blvd., SUITE B**
**Torrance, California 90501**
**Sale Line: (310) 212-0700**

**Kathleen Herrera, Trustee Officer**

# EXHIBIT "J"



United Lender, LLC

July 17, 2019

Dear Hope,

This letterhead is to confirm that Megan Zucaro of Helping Others
International LLC is up to date with her 2 mortgages on 6475 Marigayle
Circle Huntington Beach, 92648 and 4110 Vanetta Place Studio City, CA
91604

Sincerely,

*Shawn Ahdoot*

Shawn Ahdoot
President
United Lender, LLC

3635 South Fort Apache Road
suite 200-20

818-987-5367 – cell
800-691-7174 - fax

# EXHIBIT "4"

# EXHIBIT "4"

CIV-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Andrew A. Smits   (State Bar 146659)<br>Law Offices of Andrew A. Smits<br>36 Executive Park, Suite 160<br>Irvine, CA 92614-4794<br>TELEPHONE NO.: 949 833-1025    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* asmits@smits-law,com<br>ATTORNEY FOR *(Name):* Anh Thy Song Nguyen,Trustee of Mother Nature | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

STREET ADDRESS: 700 Civic Center Drive West

MAILING ADDRESS:

CITY AND ZIP CODE: Santa Ana, CA 92701

BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: Anh Thy Song Nguyen,Trustee of Mother Nature

DEFENDANT/RESPONDENT: United Lender, LLC, et al.

| NOTICE OF ENTRY OF JUDGMENT<br>OR ORDER | CASE NUMBER:<br>30-2020-01124778-CU-FR-CJC |
|---|---|
| *(Check one):*  ☑ **UNLIMITED CASE**<br>(Amount demanded<br>exceeded $25,000)    ☐ **LIMITED CASE**<br>(Amount demanded was<br>$25,000 or less) | |

**TO ALL PARTIES :**

1. A judgment, decree, or order was entered in this action on *(date):* February 11, 2020

2. A copy of the judgment, decree, or order is attached to this notice.

Date: February 12, 2020

Andrew A. Smits
_____
(TYPE OR PRINT NAME OF  ☑ ATTORNEY  ☐ PARTY WITHOUT ATTORNEY)

▶ _____
(SIGNATURE)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CIV-130 [New January 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

www.courtinfo.ca.gov

Electronically Recieved by Superior Court of California, County of Orange, 02/10/2020 03:19:12 PM.
30-2020-01124778-CU-FR-CJC - ROA # 62 - DAVID H. YAMASAKI, Clerk of the Court By ocuser ocuser, Deputy Clerk.
41064866

1  Andrew A. Smits (State Bar No. 146659)
   Law Offices of Andrew A. Smits
2  36 Executive Park, Suite 160
   Irvine, California 92614-4794
3  Telephone: (949) 833-1025
   Email:    asmits@smits-law.com
4
   Attorney for Plaintiff Anh Thy Song Nguyen,
5  Trustee of Mother Nature Trust

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**FEB 1 1 2020**

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11  ANH THY SONG NGUYEN, TRUSTEE OF       Case No.: 30-2020-01124778-CU-FR-CJC
    MOTHER NATURE TRUST,
12                                         Assigned to: Judge Walter Schwarm
                    Plaintiff,             Dept.: C19
13
           vs.                             u.s. 2. 11. 20
14
                                           [PROPOSED] ORDER GRANTING
15  UNITED LENDER, LLC, a Nevada limited   PLAINTIFF'S MOTION FOR
    liability company; SHAWN AHDOOT, an    PRELIMINARY INJUNCTION; AND
16  individual; ALBERT A. AHDOOT, an       PRELIMINARY INJUNCTION
    individual; MEGAN E. ZUCARO, an
17  individual; HELPING OTHERS
    INTERNATIONAL, LLC, a Delaware
18  limited liability company; WESTERN     Date: February 11, 2020
    FIDELITY ASSOCIATES, LLC, a California Time: 1:30 p.m.
19  limited liability company, dba WESTERN Dept.: C19
    FIDELITY TRUSTEES; JOHN B. SPEAR,
20  an individual; AMERICAN FINANCIAL
    CENTER, INC., a California corporation; all
21  other persons unknown, claiming any legal or  Complaint filed: January 15, 2020
    equitable right, title, estate, lien, or interest in  Trial date:    Not set
22  the property described in the complaint
    adverse to Plaintiff's title, or any cloud upon
23  Plaintiff's title thereto; and DOES 1 through
    100, inclusive,
24
                    Defendants.
25

26          The order to show cause re preliminary injunction and motion of plaintiff Anh Thy Song

27  Nguyen, Trustee of Mother Nature Trust ("Plaintiff"), for preliminary injunction came on for

28  hearing on February 11, 2020 at 1:30 p.m., in Department C19 of the above-entitled court, the

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION; AND PRELIMINARY INJUNCTION
1034

1 | Honorable Walter Schwarm, judge presiding. Plaintiff appeared by and through her attorney of

2 | record, Andrew A. Smits. Defendants United Lender, LLC, Shawn Ahdoot and Albert A. Ahdoot

3 | appeared by and through their attorneys of record, Lawrence C. Meyerson, and Snipper Wainer &

4 | Markoff, by Maurice Wainer. There were no other appearances.

5 |     After consideration of all the papers submitted in support of and in opposition to the order

6 | to show cause re preliminary injunction and Plaintiff's motion for preliminary injunction, and

7 | having heard the argument of attorneys for the parties, and on proof to the satisfaction of the Court

8 | that Plaintiff's motion is justified and ought to be granted, the Court finds, adjudges and orders as

9 | follows:

10 |     IT IS ORDERED THAT Plaintiff's motion is granted. Defendants United Lender, LLC,

11 | Western Fidelity Associates, LLC, dba Western Fidelity Trustees, Shawn Ahdoot, Albert A.

12 | Ahdoot, Megan E. Zucaro, Helping Others International, LLC, American Financial Center, Inc.,

13 | and John B. Spear and their officers, employees, agents, and persons acting with them or on their

14 | behalf are enjoined and restrained from conducting or proceeding with any foreclosure sale or

15 | trustee's sale for the real property known as 6475 Marigayle Circle, Huntington Beach, California

16 | 92648 with Assessor's Parcel Number 110-511-04 ("Subject Property"), affecting ownership of,

17 | or transferring any ownership interest in, the Subject Property pending trial of this action or

18 | further order of this Court. For purposes of Plaintiff recording this order and preliminary

19 | injunction, this order further provides that the Subject Property has the following legal description:

20 |     "THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF

21 |     HUNTINGTON BEACH, IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA,

22 |     AND IS DESCRIBED AS FOLLOWS:

23 |

24 |     LOT 2 OF TRACT NO. 15690, IN THE CITY OF HUNTINGTON BEACH, COUNTY

25 |     OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON THE MAP FILED IN

26 |     BOOK 835 OF MISCELLANEOUS MAPS, PAGE(S) 12 AND 13, RECORDS OF

27 |     ORANGE COUNTY.

28 |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION; AND PRELIMINARY INJUNCTION

1035

1      EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON

2      SUBSTANCES LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF

3      SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN

4      DEEDS OF RECORD.

5      APN: 110-511-04"

6

7      IT IS FURTHER ORDERED THAT Plaintiff shall file with the Clerk of the Court within

8  five court days or by February 20, 2020 an undertaking in the amount of $50,000.00 pending trial

9  of this action. Pursuant to California Rules of Court, rule 3.1150(f), the temporary restraining

10  order previously granted in this action shall remain in effect during this time allowed for

11  presentation of the undertaking.

12      The Court reserves jurisdiction to modify or dissolve the injunction as may be required by

13  the interests of justice.

14

15  Dated: February 11, 2020

16                  Walter Schwarm
                      Judge of the Superior Court, County of Orange

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

3

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION; AND PRELIMINARY INJUNCTION

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On February 12, 2020, I served the document described as follows: **NOTICE OF ENTRY OF JUDGMENT OR ORDER** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>468 N. Camden Drive, Suite 201<br>Beverly Hills, CA 90210 | Megan E. Zucaro<br>3430 Indian Ridge Circle<br>Thousand Oaks, CA 91362 |
| Megan E. Zucaro<br>15720 Ventura Boulevard., #405<br>Encino, CA 91436 | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763 |
| Helping Others International, LLC<br>4110 Vanetta Place<br>Studio City, CA 91604 | American Financial Center, Inc.<br>c/o Mark R. Crittenden, Registered Agent<br>14930 Ventura Boulevard, Suite 320<br>Sherman Oaks, CA 91403 |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity<br>Associates, LLC, dba Western Fidelity<br>Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail: leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial<br>Center, Inc. |
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: 310-550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendants United Lender, LLC,<br>a Nevada Limited Liability Company, Shawn<br>Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: 310-827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendants United Lender, LLC,<br>a Nevada Limited Liability Company, Shawn<br>Ahdoot and Albert A. Ahdoot |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

PROOF OF SERVICE

1

Western Fidelity Associates, LLC,
dba Western Fidelity Trustees
1222 Crenshaw Boulevard, Suite "B"
Torrance, CA 90501

2

3

4       [ X ]  **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal

5   Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary
course of business.  I am aware that on motion of the party served, service is presumed invalid if

6   postal cancellation date or postage meter date is more than one day after date of deposit for mailing
in affidavit.

7

8       [ X ]  **(By E-mail/Electronic Service on Lawrence C. Meyerson and Maurice Wainer
only)** I caused the document to be sent to the persons at the electronic service addresses listed above.
I did not receive, within a reasonable time after the transmission, any electronic message or other

9   indication that the transmission was unsuccessful.

10       [ ]  **(By Personal Service)** I caused to be delivered by hand such envelope to the  addressee.
The messenger's proof of service will be prepared and available.

11

12       [ ]  **(By Facsimile)** I caused such document to be transmitted by facsimile to the offices of
the addressee.  Upon completion of the said facsimile transmission, the transmitting machine issued
a transmission report showing the transmission was complete and without error.  A copy of the said

13   transmission report is attached hereto.

14       [ ]  **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above,
by placing the true copies in separate envelopes for each addressee, with the name and address of

15   the person served shown on the envelope and by sealing the envelope and placing it for collection
and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

16

    Executed on February 12, 2020 at Irvine, California.

17

    I declare under penalty of perjury under the laws of the State of California that the above is

18   true and correct.

19

20      KIMBERLY RICHARDSON

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

PROOF OF SERVICE

# EXHIBIT 62



# SUPERIOR COURT OF CALIFORNIA

### COUNTY OF ORANGE

**Superior Court of California, County of Orange**

700 W. Civic Center Drive
Santa Ana,  CA  92702

**E-Filing Transaction #:** 3890859

### PAYMENT RECEIPT

**Receipt #:** 12538757

| **Clerk ID:** swilson | **Transaction No:** 12713378 | **Transaction Date:** 02/21/2020 | **Transaction Time:** 11:53:10 AM |

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2020-01124778-CU-FR-CJC | 36 - Motion or other (not 1st) paper requiring a hearing | 1 | $60.00 | $60.00 | $60.00 | $0.00 |
| | | | | Sales Tax: | $0.00 | |
| | | | | **Total:** | **$60.00** | **Total Rem. Bal:** |

E-Filing :  - OneLegal

| | | |
|---|---|---|
| | E-Filing: | $60.00 |
| | Total Amount Tendered: | $60.00 |
| | Change Due: | **$0.00** |
| | Balance: | **$0.00** |

A $45 fee may be charged for each returned check, electronic funds transfer or credit card payment.

## COPY

# EXHIBIT 63

1041

Case 1:20-ap-01070-VK Doc 1-3 of 1:3 Filed 07/17/20 Entered 07/17/20 12:25:43 Desc
30-2020-01124778-CU-FR-CJC - ROA# 70 - DAVID H. YAMASAKI, Clerk of the Court By e Clerk, Deputy Clerk.
Exhibit 52-7/31. Page 335 of 434

1   Andrew A. Smits (State Bar No. 146659)
    Law Offices of Andrew A. Smits
2   36 Executive Park, Suite 160
    Irvine, California 92614-4794
3   Telephone: (949) 833-1025
    Email:      asmits@smits-law.com
4
    Attorney for Plaintiff Anh Thy Song Nguyen,
5   Trustee of Mother Nature Trust

6

7

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9           **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

| | |
|---|---|
| 11 ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, | Case No.: 30-2020-01124778-CU-FR-CJC |
| 12 | Assigned: Judge Walter Schwarm |
| 13 Plaintiff, | Dept.: C19 |
| 14 vs. | **NOTICE OF FILING UNDERTAKING RE: PRELIMINARY INJUNCTION** |
| 15 UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; all other persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto; and DOES 1 through 100, inclusive, | Date: February 11, 2020 Time: 1:30 p.m. Dept.: C19 |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | Complaint filed: January 15, 2020 Trial date:      Not set |
| 23 | |
| 24 Defendants. | |

25          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

26          PLEASE TAKE NOTICE that plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature

27  Trust, hereby files the undertaking as ordered by the Court in its Order Granting Plaintiff's Motion

28

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

NOTICE OF FILING UNDERTAKING RE: PRELIMINARY INJUNCTION

1042

1    for Preliminary Injunction; and Preliminary Injunction entered February 11, 2020.  The

2    Undertaking of Corporate Surety, Bond No. 602-126451-9, dated February 19, 2020 is attached

3    hereto.

4

5    Dated: February 20, 2020                                  LAW OFFICES OF ANDREW A. SMITS

6

7

8

9    By: _____

                                                              Andrew A. Smits
10                                                            Attorney for Plaintiff Anh Thy Song Nguyen,
                                                              Trustee of Mother Nature Trust
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

NOTICE OF FILING UNDERTAKING RE: PRELIMINARY INJUNCTION

1043

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST,<br><br>Plaintiff(s),<br><br>v.<br><br>UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; all other persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's title Thereto; and DOES 1 through 100, inclusive,<br><br>Defendant(s). | Case No.  30-2020-01124778-CU-FR-CJC<br><br>UNDERTAKING OF CORPORATE SURETY<br><br>Bond No.  602-126451-9 |

WHEREAS, ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, as Principals, desire to give an undertaking for a PRELIMINARY INJUNCTION as provided by Code of Civil Procedure Section 529.

Now, Therefore, UNITED STATE FIRE INSURANCE COMPANY, a corporation authorized to transact the business of Surety in the State of California, does hereby obligate itself, its successors and assigns to the defendants as shown above under said statutory obligations in the sum of  FIFTY THOUSAND DOLLARS AND 00/100 ($50,000.00).

IN WITNESS THEREOF, The official signature of the Surety is hereto affixed and I hereby declare under penalty of perjury that I am its authorized Attorney-in-Fact acting under an unrevoked power of attorney which is properly executed and attached to this official document.

Signed, sealed and dated this 19th day of February, 2020.

UNITED STATES FIRE INSURANCE COMPANY
305 Madison Avenue, Morristown, NJ 07960

By:   Nicholas A. Hanley, Attorney-in-Fact
        CA License No. OG73394

**POWER OF ATTORNEY**
**UNITED STATES FIRE INSURANCE COMPANY**
**PRINCIPAL OFFICE - MORRISTOWN, NEW JERSEY**

06762442020

**KNOW ALL MEN BY THESE PRESENTS:** That United States Fire Insurance Company, a corporation duly organized and existing under the laws of the state of Delaware, has made, constituted and appointed, and does hereby make, constitute and appoint

*Nicholas A. Hanley, April M. Reagan*

each, its true and lawful Attorney(s)-In-Fact, with full power and authority hereby conferred in its name, place and stead, to execute, acknowledge and deliver: Any and all bonds and undertakings of surety and other documents that the ordinary course of surety business may require, and to bind United States Fire Insurance Company thereby as fully and to the same extent as if such bonds or undertakings had been duly executed and acknowledged by the regularly elected officers of United States Fire Insurance Company at its principal office, in amounts or penalties not exceeding: **Seven Million, Five Hundred Thousand Dollars ($7,500,000).**

This Power of Attorney limits the act of those named therein to the bonds and undertakings specifically named therein, and they have no authority to bind United States Fire Insurance Company except in the manner and to the extent therein stated.

This Power of Attorney revokes all previous Powers of Attorney issued on behalf of the Attorneys-In-Fact named above and expires on January 31, 2021.

This Power of Attorney is granted pursuant to Article IV of the By-Laws of United States Fire Insurance Company as now in full force and effect, and consistent with Article III thereof, which Articles provide, in pertinent part:

Article IV, Execution of Instruments - Except as the Board of Directors may authorize by resolution, the Chairman of the Board, President, any Vice-President, any Assistant Vice-President, the Secretary, or any Assistant Secretary shall have power on behalf of the Corporation:

(a) to execute, affix the corporate seal manually or by facsimile to, acknowledge, verify and deliver any contracts, obligations, instruments and documents whatsoever in connection with its business including, without limiting the foregoing, any bonds, guarantees, undertakings, recognizances, powers of attorney or revocations of any powers of attorney, stipulations, policies of insurance, deeds, leases, mortgages, releases, satisfactions and agency agreements;

(b) to appoint, in writing, one or more persons for any or all of the purposes mentioned in the preceding paragraph (a), including affixing the seal of the Corporation.

Article III, Officers, Section 3.11, Facsimile Signatures. The signature of any officer authorized by the Corporation to sign any bonds, guarantees, undertakings, recognizances, stipulations, powers of attorney or revocations of any powers of attorney and policies of insurance issued by the Corporation may be printed, facsimile, lithographed or otherwise produced. In addition, if and as authorized by the Board of Directors, dividend warrants or checks, or other numerous instruments similar to one another in form, may be signed by the facsimile signature or signatures, lithographed or otherwise produced, of such officer or officers of the Corporation as from time to time may be authorized to sign such instruments on behalf of the Corporation. The Corporation may continue to use for the purposes herein stated the facsimile signature of any person or persons who shall have been such officer or officers of the Corporation notwithstanding the fact that he may have ceased to be such at the time when such instruments shall be issued.

**IN WITNESS WHEREOF,** United States Fire Insurance Company has caused these presents to be signed and attested by its appropriate officer and its corporate seal hereunto affixed this 22nd day of August 2019.



UNITED STATES FIRE INSURANCE COMPANY

Anthony R. Slimowicz, Executive Vice President

State of Pennsylvania }
County of Philadelphia }

On this 22nd day of August 2019, before me, a Notary public of the State of Pennsylvania, came the above named officer of United States Fire Insurance Company, to me personally known to be the individual and officer described herein, and acknowledged that he executed the foregoing instrument and affixed the seal of United States Fire Insurance Company thereto by the authority of his office.

**Commonwealth of Pennsylvania – Notary Seal**
**Tamara Watkins, Notary Public**
**Philadelphia County**
**My commission expires August 22, 2023**
**Commission number 1348843**

*Tamara Watkins*

Tamara Watkins                          (Notary Public)

I, the undersigned officer of United States Fire Insurance Company, a Delaware corporation, do hereby certify that the original Power of Attorney of which the foregoing is a full, true and correct copy is still in force and effect and has not been revoked.

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed the corporate seal of United States Fire Insurance Company on the 19 day of  Feb ,2020.



UNITED STATES FIRE INSURANCE COMPANY

Al Wright, Senior Vice President

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On February 20, 2020, I served the document described as follows: **NOTICE OF FILING UNDERTAKING RE: PRELIMINARY INJUNCTION** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>468 N. Camden Drive, Suite 201<br>Beverly Hills, CA 90210 | Megan E. Zucaro<br>3430 Indian Ridge Circle<br>Thousand Oaks, CA 91362 |
| Megan E. Zucaro<br>15720 Ventura Boulevard., #405<br>Encino, CA 91436 | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763 |
| Helping Others International, LLC<br>4110 Vanetta Place<br>Studio City, CA 91604 | American Financial Center, Inc.<br>c/o Mark R. Crittenden, Registered Agent<br>14930 Ventura Boulevard, Suite 320<br>Sherman Oaks, CA 91403 |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail: leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial Center, Inc. |
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: 310-550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendants United Lender, LLC, a Nevada Limited Liability Company, Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: 310-827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendants United Lender, LLC, a Nevada Limited Liability Company, Shawn Ahdoot and Albert A. Ahdoot |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

1046
PROOF OF SERVICE

Western Fidelity Associates, LLC,
dba Western Fidelity Trustees
1222 Crenshaw Boulevard, Suite "B"
Torrance, CA 90501

[ X ] **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[  ] **(By E-mail/Electronic Service on Lawrence C. Meyerson and Maurice Wainer only)** I caused the document to be sent to the persons at the electronic service addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[  ] **(By Personal Service)** I caused to be delivered by hand such envelope to the addressee. The messenger's proof of service will be prepared and available.

[  ] **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above, by placing the true copies in separate envelopes for each addressee, with the name and address of the person served shown on the envelope and by sealing the envelope and placing it for collection and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on February 20, 2020 at Irvine, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

ANDREW A. SMITS

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

1047

PROOF OF SERVICE

# EXHIBIT 64

Case 8:20-ap-01070-SC  Doc 1-3  Filed 07/17/20  Entered 07/17/20 12:25:43  Desc
Exhibit Pg 342 of 434

30-2020-01124778-CU-FR-CJC - ROA # 51 - DAVID H. YAMASAKI, Clerk of the Court By e Clerk, Deputy Clerk.

1  Richard I. Arshonsky [SBN 155624]
   Lori E. Eropkin, Esq. [SBN 253048]
2  **LEVINSON ARSHONSKY & KURTZ, LLP**
   15303 Ventura Blvd., Suite 1650
3  Sherman Oaks, CA 91403
   Telephone:  (818) 382-3434
4  Facsimile:  (818) 382-3433
   E-Mail:       leropkin@laklawyers.com
5  Attorneys for Defendant American Financial Center, Inc.

6

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

10 | ANH THY SONG NGUYEN, TRUSTEE OF | CASE NO. 30-2020-01124778-CU-FR-CJC |
   | MOTHER NATURE TRUST, | |
11 | | Hon. Walter Schwarm, Judge Assigned for |
   | Plaintiff, | All Purposes, Department C19 |
12 | | |
   | vs. | DEFENDANT AMERICAN FINANCIAL |
13 | | CENTER, INC. RESPONSE TO PETITION TO |
   | UNITED LENDER, LLC, a Nevada limited | COMPEL ARBITRATION AND TO STAY |
14 | liability company; SHAWN AHDOOT, an | ACTION PENDING AWARD OF |
   | individual; ALBERT A. AHDOOT, an | ARBITRATOR FILED BY LENDER |
15 | individual; MEGAN E. ZUCARO, an individual; | DEFENDANTS, UNITED LENDER, |
   | HELPING OTHERS INTERNATIONAL, LLC, | LLC, SHAWN AHDOOT AND ALBERT A. |
16 | a Delaware limited liability company; | AHDOOT; DECLARATION OF LORI |
   | WESTERN FIDELITY ASSOCIATES, LLC, a | EROPKIN IN SUPPORT OF RESPONSE |
17 | California limited liability company, dba | |
   | WESTERN FIDELITY TRUSTEES; JOHN B. | DATE: June 30, 2020 |
18 | SPEAR, an individual; AMERICAN | TIME: 1:30 p.m. |
   | FINANCIAL CENTER, INC., a California | DEPT: C19 |
19 | corporation; and DOES 1 through 100, inclusive, | |
   | | **RES. NO.: 73228533** |
20 | Defendants. | |
   | | Action filed: 01/15/2020 |
21

22  TO THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES IN THE ABOVE-ENTITLED

23  ACTION, AND THEIR ATTORNEYS OF RECORD:

24          Defendant American Financial Center, Inc. ("AFCI") hereby responds to the petition to

25  compel arbitration and stay action pending award of arbitrator filed by Lender Defendants, United

26  Lender, LLC, Shawn Ahdoot, and Albert A. Ahdoot.  AFCI does not oppose arbitration.[1]  However,

27

28  _____
    [1]      AFCI's deadline to respond to the First Amended Complaint is March 13, 2020, pursuant to
             agreement of Plaintiff's counsel in connection with the parties' meet and confer under Code

LEVINSON ARSHONSKY & KURTZ, LLP

1  AFCI opposes any stay of proceedings in this action that may delay resolution of AFCI's anticipated

2  demurrer as to Plaintiff's operative complaint. Of the nine causes of action in this litigation, only

3  three are alleged against AFCI.  Each of the causes of action is wholly deficient as pleaded against

4  AFCI.  AFCI requests an opportunity to obtain dismissal, by demurrer, of Plaintiff's limited causes

5  of action against AFCI concurrent with the Court's hearing on the present petition.

6       **I.**     **DISMISSAL, NOT STAY, OF PLAINTIFF'S CAUSES OF ACTION AGAINST**

7            **AFCI IS APPROPRIATE.**

8       This is an action for wrongful foreclosure and cancellation of instruments. It concerns the

9  real property commonly known as 6475 Marigayle Circle, Huntington Beach, California (the

10  "Property").  Plaintiff seeks to set aside its sale of the Property to Helping Others International

11  ("Helping Others") and to cancel instruments granted against the Property by Helping Others.

12  (Plaintiff's First Amended Complaint ("FAC"), at ¶¶ 6, 9, 56-73.)

13       AFCI is named as the third trust holder against the Property. Of the nine causes of action in

14  the operative First Amended Complaint, only three are stated against AFCI. These three are

15  Plaintiff's Seventh Cause of Action for Cancellation of Written Instruments, Eighth Cause of Action

16  for Declaratory Relief, and Ninth Cause of Action for Unfair Business Practices. Each cause of

17  action is wholly deficient and ripe for dismissal as a matter of law, with prejudice, as against AFCI.

18  (FAC, at ¶¶ 9, 56-73.)

19       The crux of the alleged harm to Plaintiff are payment defaults of Helping Others to Plaintiff.

20  According to Plaintiff, it sold the Property to Helping Others in May 2019. Part of the consideration

21  for the sale was a carryback loan that Plaintiff made to Helping Others. The carryback loan was

22  secured by a second deed of trust against the Property. The balance of the sale consideration was

23  paid to Plaintiff from a loan issued by Defendant United Lender LLC secured by a first trust deed

24  against the Property. (FAC, at ¶¶ 9, 56-73.)

25       Here, Plaintiff complains that Helping Others failed to keep the obligations under the first

26  deed of trust current, which resulted in United Lender's initiating foreclosure proceedings. Those

27

28       of Civil Procedure section 430.41. (Declaration of Lori Eropkin, filed herewith, at ¶ 3.)
     AFCI reserves the right to bring its own petition to compel arbitration of this matter.

*LEVINSON ARSHONSKY & KURTZ, LLP*

2968-002/922146.docx

AMERICAN FINANCIAL CENTER, INC.'S RESPONSE TO PETITION
TO COMPEL ARBITRATION

1  foreclosure proceedings threatened to extinguish Plaintiff's second position carryback lien. Plaintiff

2  further alleges that Helping Others missed payments due to Plaintiff under the carryback loan. (FAC,

3  at ¶ 17, Exhs. "B" and "C" (the alleged carryback note and second deed of trust).)

4       AFCI, unlike the other Defendants, is not alleged to have taken any role in the challenged

5  purchase and sale transaction or the pending foreclosure. AFCI was neither seller, nor buyer, nor

6  lender in the challenged sale transaction. And AFCI is not the foreclosing beneficiary or trustee in

7  the challenged foreclosure sale. (FAC, at ¶ 9.) In fact, it was not until months after the challenged

8  purchase and sale transaction that AFCI made a $75,000 commercial loan, secured in part by its third

9  deed of trust against the subject property. (FAC, at ¶¶ 9, 19.)

10      Despite a void of any factual allegations of wrongdoing by AFCI, Plaintiff seeks, as against

11  AFCI in this action an order voiding AFCI's third deed of trust, alleging summarily that the

12  instrument was "procured by fraud." (FAC, ¶ 58.) Plaintiff, further, seeks no less than $3,000,000 in

13  punitive damages against AFCI. (See Notice and Plaintiff's Statement of Right to Seek Punitive

14  Damages against Defendant American Financial Center, Inc., filed January 21, 2020, in this action.)

15      There is no allegation of any representation that AFCI made to Plaintiff to induce it to accept

16  carryback loan transaction. AFCI is not alleged to have been involved in any manner in the

17  inducement of Plaintiff to close the challenged carryback loan transaction. AFCI made a loan,

18  months after the carryback loan transaction, which happened to involve Helping Others' pledging

19  the subject property as collateral. (FAC, at ¶¶ 9, 19.) Moreover, AFCI took its deed of trust in third

20  position—in a position subordinate to Plaintiff's own carryback deed of trust.  (FAC, at ¶ 9.) Here,

21  the complained conduct is an alleged payment default by Helping Others to Plaintiff.  (FAC, at ¶ 18.)

22  If Helping Others failed to pay Plaintiff, Plaintiff's proper remedy as against AFCI would have been

23  to foreclose under the second deed of trust and extinguish AFCI's third deed of trust by operation of

24  law, not sue AFCI, as here, with wholly unsupported claims of fraud and unfair business practices.

25  (FAC, at ¶¶ 9, 18.)

26      Allegedly prejudiced by the conduct of Helping Others, Plaintiff improperly seeks, as against

27  AFCI, relief which the law does not afford her. Even if Helping Others committed payment defaults

28

LEVINSON ARSHONSKY & KURTZ, LLP

1    to Plaintiff,[2] that failure of consideration does not authorize this Court to enter a judgment cancelling

2    AFCI's third deed of trust.  (*Lavely v. Nonemaker*, 212 Cal. 380, 383 (1931) ("It is settled that a deed

3    without fraud in its inception conveys the title, and is not void for any failure of consideration, either

4    in whole or in part.").

5           AFCI, as the lender in last priority, was never in a position to prejudice Plaintiff's second

6    deed of trust against the property. Nevertheless, it is now AFCI who faces the prejudice of the

7    possible languishing of this baseless fraud action under any stay.[3]  AFCI should not be prevented, by

8    any stay of these proceedings, from seeking immediate dismissal of this action, along with related

9    relief, including an award of its attorneys' fees and costs as against Plaintiff.

10   **II.      ANY ORDER COMPELLING ARBITRATION AND STAYING THESE**

11   **PROCEEDINGS SHOULD BE CRAFTED TO ENSURE AN OPPORTUNITY**

12   **TO OBTAIN PROMPT DISMISSAL OF PLAINTIFFS' THREE CAUSES OF**

13   **ACTION AGAINST AFCI.**

14          Dismissal, not stay, of Plaintiffs' claims against AFCI is appropriate. AFCI requests an

15   opportunity to obtain dismissal of Plaintiffs' Seventh Cause of Action for Cancellation of Written

16   Instruments, Eighth Cause of Action for Declaratory Relief, and Ninth Cause of Action for Unfair

17   Business Practices, concurrent with entry of any Order compelling arbitration of the litigation in its

18   entirety or staying the action as between AFCI and Plaintiff.  AFCI requests that its anticipated

19   demurrer be heard concurrently with the Court's consideration of the present petition. AFCI further

20   requests that, any stay order, under Code of Civil Procedure, section 1281.4, afford AFCI a

21   concurrent opportunity to obtain dismissal of the limited causes of action alleged herein against

22   AFCI, each of which is wholly deficient as a matter of law.

23   ///

24   ///

25   _____

26   [2]     AFCI reserves all defenses and objections to Plaintiff's allegations in the First Amended
       Complaint, and AFCI does not hereby concede the veracity of Plaintiff's allegations as
       concerning the challenged carryback loan transaction.

27   [3]     Despite failing to allege a single act of fraud, misconduct, or impropriety by AFCI, Plaintiff

28   has filed in this action a notice of intent to seek no less than $3,000,000 in punitive damages
       against the third trust deed holder.

LEVINSON ARSHONSKY & KURTZ, LLP

1  Dated: March 3, 2020

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEVINSON ARSHONSKY & KURTZ, LLP

By: _____
LORI E. EROPKIN
Attorneys for Defendant American Financial Center,
Inc.

2968-002/922146.docx

5

AMERICAN FINANCIAL CENTER, INC.'S RESPONSE TO PETITION
TO COMPEL ARBITRATION

**DECLARATION OF LORI E. EROPKIN**

I, Lori E. Eropkin, declare as follows:

1.      I am an attorney at law duly licensed to practice before this Court and am a partner with the law firm Levinson Arshonsky & Kurtz, LLP ("LAK"), attorneys of record for Defendant American Financial Center, Inc. ("AFCI"). I submit this declaration in support of AFCI's response to the Petition to Compel Arbitration and to Stay Action Pending Award of Arbitration Filed by Lender Defendants, United Lender, LLC, Shawn Ahdoot, and Albert A. Ahdoot. Attached to this declaration are records maintained in the ordinary course of our firm's business in connection with this litigation. I have personal knowledge of the facts stated herein or have drawn such knowledge from records maintained by our firm in the ordinary course of its business in connection with this litigation, and if called upon as a witness, I would, and could, competently testify thereto.

2.      I have engaged Andrew A. Smits, counsel of record for Plaintiffs, in a meet and confer under California Code of Civil Procedure ("CCP") section 430.41(a) regarding AFCI's anticipated demurrer and motion to strike the First Amended Complaint in this action. Attached hereto as Exhibit "A" is a true and correct copy of my correspondence to Mr. Smits, dated February 19, 2020, inviting a meet and confer.

3.      Mr. Smits and I spoke on February 25, 2020 regarding AFCI's intended demurrer; we did not reach an agreement on the basis for the demurrer; and counsel for Plaintiffs offered a 15-day extension of time for AFCI to respond to the First Amended Complaint to continue the parties' meet and confer under CCP section 430.41(a). Attached hereto as Exhibit "B" is a true and correct copy of an email correspondence from Mr. Smits to me, on February 26, 2020, confirming that extension through March 13, 2020.

4.      AFCI remains hopeful that resolution of the concerns underlying its anticipated demurrer will be reached with plaintiff's counsel through meet and confer under CCP section 430.41(a).

5.      AFCI requests that, in resolving the present petition, the Court afford AFCI an opportunity to obtain dismissal of Plaintiffs' Seventh Cause of Action for Cancellation of Written Instruments, Eighth Cause of Action for Declaratory Relief, and Ninth Cause of Action for Unfair

1  Business Practices.  AFCI requests that its anticipated demurrer be heard concurrently with the

2  Court's consideration of the present petition. Similarly, AFCI requests that, any order, under Code of

3  Civil Procedure, section 1281.4, for stay of this proceeding afford AFCI a concurrent opportunity to

4  obtain dismissal by demurrer as to the limited causes of action alleged against AFCI, which are

5  wholly deficient.

6        I declare under penalty of perjury under the laws of the State of California that the foregoing

7  is true and correct.

8        Executed this _3rd_ day of March, 2020 at McLoud, Oklahoma.

9

10

11        LORI E. EROPKIN, Declarant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEVINSON ARSHONSKY & KURTZ, LLP

2968-002/922146.docx

7

AMERICAN FINANCIAL CENTER, INC.'S RESPONSE TO PETITION
TO COMPEL ARBITRATION

# EXHIBIT "A"



**LEVINSON ARSHONSKY & KURTZ, LLP**
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403
TELEPHONE (818) 382-3434
FACSIMILE (818) 382-3433
www.laklawyers.com

leropkin@laklawyers.com

OUR FILE NUMBER
2968-002

February 19, 2020

**VIA EMAIL & OVERNIGHT MAIL**
Andrew A. Smits
Law Offices of Andrew A. Smits
36 Executive Park, Suite 160
Irvine, California 92614
Email: asmits@smits-law.com

Re:   *Nguyen v. United Lender, LLC*
       Orange County Superior Court Case No.: 30-2020-01124778

Dear Mr. Smits:

As you are aware, this office is counsel to American Financial Center, Inc. ("AFCI"). I request a meet and confer under California Code of Civil Procedure § 430.41(a). <u>Please advise if you would be able to discuss by telephone on Thursday, February 20, at 3pm(PT) or Friday, February 21, at 9am, 10am, or 11am(PT).</u>

Pursuant to California Code of Civil Procedure § 430.41(a)(1), AFCI hereby identifies (i) the causes of action in your clients' First Amended Complaint that we believe are subject to demurrer and (ii) the legal support for the deficiencies. AFCI also discusses briefly below its intent to bring a motion to strike Plaintiff's prayer for punitive damages.

The First Amended Complaint, in its entirety, is subject to demurrer under California Code of Civil Procedure § 430.010(e) and (f), because the First Amended Complaint "does not state facts sufficient to constitute a cause of action" against AFCI and/or fails for uncertainty.

The action concerns the alleged defaults of Megan Zucaro and Helping Others International ("Helping Others") under a May 2019 carryback loan and second deed of trust that Plaintiff holds against the real estate commonly described as 6475 Marigayle Circle, Huntington Beach, CA 92648 (the "Property"). Plaintiff alleges that the borrowers' failed to keep a first deed of trust against the Property current, which resulted in foreclosure proceedings threatening your clients' lien. Plaintiff further alleges that the borrowers have missed payments due to Plaintiff under the carryback loan.

After your client's May 2019 transaction with Ms. Zucaro, AFCI made a $75,000 commercial loan to Ascension Recovery, Inc. Helping Others guaranteed repayment of the loan, and the loan was secured, in part, by a deed of trust against the Property. AFCI's transaction with Helping Others did not occur until a couple of months after Plaintiff recorded its second deed of

Andrew A. Smits
Law Offices of Andrew A. Smits
February 19, 2020
Page 2

trust for the carryback lien. AFCI's deed of trust is in third position, behind the first deed of trust and Plaintiff's second deed of trust. As between your client and AFCI, your client has the superior priority and power to enforce her lien.

## Seventh Cause of Action for Cancellation of Written Instruments and Eighth Cause of Action for Declaratory Relief

With its Seventh and Eighth Causes of Action, Plaintiff seeks an Order voiding AFCI's third deed of trust, alleging that the instrument was "procured by fraud." (FAC, ¶ 58.)

Here, the complained conduct at the heart of Plaintiff's complaint is a default by Helping Others to Plaintiff. There is no allegation of contractual or other relationship between AFCI and Plaintiff. No allegation of any representation that AFCI made to Plaintiff to induce either the United Lender or the carryback loan transactions. No allegation of default or breach by AFCI under any duty owed to Plaintiff. Nor could there be. For AFCI was not involved in any manner in the inducement or closing of the United Lender or carryback loan transaction. AFCI made a loan to a third party, months later, which happened to involve this Property as collateral.

Fraud must be pleaded with particularity. "'It is essential that the facts and circumstances which constitute the fraud should be set out clearly, concisely, and with sufficient particularity to apprise the opposite party of what he is called on to answer, and to enable the court to determine whether, on the facts pleaded, there is any foundation, prima facie at least, for the charge of fraud.'" (*Scalfidi v. Western Loan & Bldg. Co.* (1946) 72 Cal.App.2d 550, 558.)

In alleging fraud against a corporation, like AFCI, Plaintiff must "allege the names of persons" who committed the fraud, "their authority" to act on behalf of the corporation, "to whom they spoke," "what they said or wrote" and "when it was said or written." (*Tarmann v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 157). The liberal construction of a complaint in response to demurrer will not shield a complaint from dismissal for failure to include these basic material allegations. The typical "'policy of liberal construction of the pleadings . . . will not ordinarily be invoked to sustain a pleading that is defective in any material respect.'" (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 644-45.)

The First Amended Complaint does not allege a single misrepresentation or fraudulent act or omission by AFCI. Helping Others' payment defaults to United Lender and Plaintiff, alone, do not establish the requisite fraud. (*Lavely v. Nonemaker*, 212 Cal. 380, 383 (1931) ("It is settled that a deed without fraud in its inception conveys the title, and is not void for any failure of consideration, either in whole or in part."); *Robinson Helicopter Co. v. Dana Corp.,* 34 Cal. 4th 979, 988 (2004) (discussing the economic loss rule, which requires a plaintiff to "recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise")).)

If Helping Others failed to pay the carryback loan, your client's proper remedy as against AFCI would have been to foreclose under the second deed of trust and extinguish AFCI's lien by operation of law, not sue AFCI with baseless claims of fraud.

2968-002/917302

Andrew A. Smits
Law Offices of Andrew A. Smits
February 19, 2020
Page 3

## **Ninth Cause of Action for Unfair Business Practices**

Similarly, to assert a cause of action based on California Business and Professions Code section 17200, for "unlawful" conduct, a complaint must allege facts showing the practice violates the law. (*See People v. McKale* (1979) 25 Cal.3d 626, 635 ("without supporting facts demonstrating the illegality of [the complained issue or conduct], an allegation that it is in violation of a specific statute is purely conclusory and insufficient to withstand demurrer.")).

To assert a section 17200 cause of action based on "unfair conduct," a plaintiff must allege with reasonable particularity that the defendant's "conduct is tethered to an … underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law." (*Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1366; *Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 619 (applying a reasonable particularity pleading standard to causes of action brought under California Business and Professions Code sections 17200, et seq.).)

Here, in her First Amended Complaint, Plaintiff does not allege any facts of unlawful conduct or unfair conduct against AFCI. Instead, Plaintiff alleges that all Defendants, as an undifferentiated whole, committed unfair business practices. How an agency or conspiracy unfolded under the timeline of events in the complaint defies logic.

Again, AFCI did not obtain its deed of trust against the Property until a couple of months after Plaintiff sold the Property to Helping Others. Then, it was not until even later, once Helping Others also defaulted with AFCI, that AFCI initiated its first contact with United Lender and Western Fidelity regarding Helping Others' obligations to AFCI.

The fact that Helping Others defaulted on the first deed of deed of trust and second deed of trust is absolutely no fault or cause of AFCI. Further, the fact that your client also failed to cure the arrearages of the first deed of trust and foreclose on her second deed of trust is also of no fault or cause of AFCI. **If you believe the above to be incorrect, please explain in detail exactly how you think AFCI was the cause of either of the above**.

AFCI has made many unsuccessful attempts, even prior to my firm's retention, to learn from you the basis of Plaintiff's claims against AFCI. You have evaded those communications, and when responding, you characterize the inquiry as rude or nasty. At every turn, you have failed to explain where AFCI was party to any fraud that would provide a plausible basis for the causes of action in the First Amended Complaint against AFCI.

In your February 12 correspondence, you stated that you and the Plaintiff prefer to work with us and AFCI and avoid litigation. If this statement is true, detail the facts of alleged wrongdoing or fraud by AFCI or otherwise dismiss AFCI without prejudice and name it later if you find the facts to support it, which you will not. Even after dismissal, AFCI can be accessible by subpoena in proper form for production of records or testimony. My office would agree to accept service of such subpoena on behalf of AFCI.

Andrew A. Smits
Law Offices of Andrew A. Smits
February 19, 2020
Page 4

## **Punitive Damages**

Finally, a plaintiff seeking punitive damages must assert specific, descriptive facts establishing the defendant's evil motive or intent "to vex, harass and annoy plaintiffs . . . ." (*See Monge v. Superior Court* (1986) 176 Cal.App.3d 503, 510; *G.D. Searle & Co. v. Superior Court* (1975) 49 Cal.App.3d 22, 29-30, abrogation recognized on other grounds in *California Sansome Co. v. U.S. Gypsum* (9th Cir. 1995) 55 F.3d 1402 (holding that "'[t]he *animus malus* must be shown to exist in every case before an award in punitive damages may be made against a defendant . . .").)

AFCI's alleged conduct in making a loan secured by the Property, months after Plaintiff's carryback loan transaction with Helping Others, does not give rise to a basis for punitive damages. **Nothing more than Plaintiff's conclusory allegations of punitive conduct give this litigation any tinge of malfeasance**. Those conclusory allegations are insufficient to state a claim for punitive damages against AFCI. (*See Smithson v. Sparber* (1932) 123 Cal. App. 225, 232 (noting generally that, in evaluating a demurrer, a trial court can disregard conclusory terms, like "fraudulently", "unlawfully", "carelessly," "intentionally," "negligently," "maliciously," "willfully," and "wrongfully").)

## **Conclusion**

AFCI reserves all objections, defenses, and rights in connection with the First Amended Complaint. I request a meet and confer to address (i) what facts support Plaintiff's prayers for relief against AFCI and (ii) what facts support Plaintiff's allegations of conspiracy or agency between AFCI and the other Defendants with regard to the carryback loan transaction.

AFCI reserves the right to seek sanctions against Plaintiff and counsel for the filing of this frivolous action under Code of Civil Procedure 128.7.

Please advise if we can speak on these matters to complete our telephonic meet and confer on Thursday, February 20, at 3pm (PT) or Friday, February 21, at 9am, 10am, or 11am (PT).

On behalf of AFCI, all rights are reserved.

Very truly yours,

*/s/ Lori E. Eropkin*

LORI E. EROPKIN
Levinson Arshonsky & Kurtz, LLP

LEE/sm

2968-002/917302

# EXHIBIT "B"

**Lori E. Eropkin**

| From: | Andrew Smits <asmits@smits-law.com> |
|---|---|
| Sent: | Wednesday, February 26, 2020 2:41 PM |
| To: | Lori E. Eropkin |
| Cc: | kimberly@smits-law.com; Stacia D. McFadden |
| Subject: | RE: Nguyen v. United Lender |

Ms. Eropkin:

This follows up and confirms our meet and confer discussion of yesterday wherein plaintiff Nguyen offered and agreed to a 15-day extension for defendant American Financial Center, Inc., to file its pleading in response to the First Amended Complaint.  The deadline is extended from February 27 to March 13, 2020.  Plaintiff offered the extension with a view toward Defendant continuing its meet and confer and providing Plaintiff with authorities supporting any contention by Defendant that the FAC fails to allege facts sufficient to establish a conspiracy among Defendant and its co-defendants.  Plaintiff contends a conspiracy involving Defendant is adequately plead.  Furthermore, Plaintiff offered the extension with a view toward obtaining information from Defendant and possibly limiting the litigation between Plaintiff and Defendant.  I reiterated yesterday and hereby reiterate today, Plaintiff's request that Defendant provide all documents and information proving that its purported "commercial loan," related guarantee, and related third deed of trust on the subject property are legitimate.  Your letter dated February 19, 2020 includes an affirmative representation that Defendant made a "commercial loan" in the amount of $75,000 to Ascension Recovery, Inc., and defendant Helping Others International, Inc., guaranteed repayment of the purported loan, secured in part by a deed of trust on the subject property.  Plaintiff first requested the documents and information in late January 2020.  As of this date, Defendant still refuses to prove this affirmative representation.  Plaintiff and I sincerely hope Defendant will reconsider its refusal to provide the requested information and actually provide the information before the expiration of the 15-day extension.

If you have any questions or comments regarding the above, please do not hesitate to contact me.

Sincerely,

Andrew A. Smits
Law Offices of Andrew A. Smits
36 Executive Park, Suite 160
Irvine, CA 92614-4794
Telephone: (949) 833-1025
E-mail:    asmits@smits-law.com
Website:    www.smits-law.com



CONFIDENTIALITY NOTICE: This e-mail (including any attachments) is intended for the sole use of the individual or entity to whom it is addressed and may contain information that is private, confidential, or protected by attorney-client or other privilege.  Any dissemination, distribution, copying, or taking of any action in reliance on the contents of this transmission, by someone other than the intended addressee or its authorized agent is strictly prohibited.  If you received this e-mail in error, please delete it from your system without copying it and notify the Law Offices of Andrew A. Smits by reply e-mail, so that our records can be corrected.  Thank you.

IRS Circular 230 Disclosure: Pursuant to Internal Revenue Service Circular 230, only formal opinions satisfying specific requirements may be relied on for the purpose of avoiding certain penalties under the Internal Revenue Code. Any tax advice contained in this communication (including attachments) does not constitute a formal opinion satisfying such requirements. Accordingly, we must advise you that any such tax advice was not intended or written to be used, and

1

cannot be used, by you or any other person as such an opinion for the purpose of (i) avoiding penalties imposed under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any matters addressed herein.

---

**From:** Lori E. Eropkin [mailto:LEropkin@laklawyers.com]
**Sent:** Wednesday, February 26, 2020 8:36 AM
**To:** 'Andrew Smits' <asmits@smits-law.com>
**Cc:** kimberly@smits-law.com; Stacia D. McFadden <smcfadden@laklawyers.com>
**Subject:** Nguyen v. United Lender

Mr. Smits,

I would appreciate your client's 15-day extension of American Financial Center, Inc.'s ("AFCI") deadline to answer or otherwise respond to the First Amended Complaint, per CRC 3.110(d), to permit further discussions with respect to the claims against AFCI. As discussed yesterday, AFCI's current deadline to answer or otherwise respond to the First Amended Complaint is February 27. This 15-day extension, per CRC 3.110(d) would extend that deadline to March 13.

AFCI reserves its positions with regard to the deficiency in the First Amended Complaint as relayed in my February 19 letter. This extension is sought to permit the additional time for our discussion in the hopes that further legal expenses can be avoided.

Please respond to confirm.

Thanks,

Lori E. Eropkin, Esq.
Levinson Arshonsky & Kurtz, LLP
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA  91403
Telephone: (818) 382-3434
Fax:  (818) 382-3433
leropkin@laklawyers.com
Admitted in CA and OK

*Oklahoma Office:*
100 W. 9th Street
Shawnee, OK 74801
Telephone: (405) 395-0516
Fax: (818) 382-3433

 Please consider the environment before printing my email

CONFIDENTIALITY NOTICE:  The information contained in this e-mail transmission is intended only for use of the individual or entity named above.  This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged.  If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited.  If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (818) 382-3434, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner.  Thank you.

IRS CIRCULAR 230 DISCLOSURE: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in, omitted from, or implied by this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

## PROOF OF SERVICE
1013a(3) CCP

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 15303 Ventura Boulevard, Suite 1650, Sherman Oaks, California 91403.

On the date below, I served the foregoing document(s), described as **DEFENDANT AMERICAN FINANCIAL CENTER, INC. RESPONSE TO PETITION TO COMPEL ARBITRATION AND TO STAY ACTION PENDING AWARD OF ARBITRATOR FILED BY LENDER DEFENDANTS, UNITED LENDER, LLC, SHAWN AHDOOT AND ALBERT A. AHDOOT; DECLARATION OF LORI EROPKIN IN SUPPORT OF RESPONSE** on each of the interested parties in this action by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows (or as addressed on the attached mailing list):

**SEE SERVICE LIST**

☒  **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid.

☐  **(BY FACSIMILE)** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above (or on the attached service list). No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐  **(BY OVERNIGHT MAIL)** I enclosed the document in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) set forth above (or on the attached service list). I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery courier.

☒  **(BY E-MAIL)** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above (or on the attached service list). I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 3, 2020, at Sherman Oaks, California.

STACIA MCFADDEN

_____
Signature

LEVINSON ARSHONSKY & KURTZ, LLP

2968-002/922250.docx

## SERVICE LIST
1013a(3) CCP

Attorneys for Defendants
UNITED LENDER, LLC, a Nevada limited liability
company; SHAWN AHDOOT, an
individual; ALBERT A. AHDOOT, an individual

Lawrence C. Meyerson
A Professional Law Corporation
5521 Mission Rd., Ste 399
Bonsall, Ca 92003
Telephone: (310) 827-3344
Email: Lcm@Lcmplc.Com

Maurice Wainer
Snipper Wainer & Markoff
232 North Canon Drive
Beverly Hills, Ca 90210-5302
Telephone: (310) 550-5770
Email: mrwainer@swmfirm.com

---

Attorney for Plaintiff Anh Thy Song
Nguyen, Trustee of Mother Nature Trust
Robert Schachter
Andrew A. Smits
Law Offices of Andrew A. Smits
36 Executive Park, Suite 160
Irvine, CA 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

---

Attorney for Plaintiff Anh Thy Song
Nguyen, Trustee of Mother Nature Trust
Robert Schachter
Hitchcock, Bowman & Schachter
Suite 1030 Del Amo Financial Center
21515 Hawthorne Boulevard
Torrance, CA 90503-6579
Telephone: (310) 540-2202
E-mail: rs@rschachterlaw.com

---

Megan E. Zucaro
468 N. Camden Drive, Suite 201
Beverly Hills, CA 90210

Megan E. Zucaro
3430 Indian Ridge Circle
Thousand Oaks, CA 91362

LEVINSON ARSHONSKY & KURTZ, LLP

2968-002/922250.docx

1    Megan E. Zucaro
     15720 Ventura Boulevard., #405
2    Encino, CA 91436

3
     John B. Spear
4    4959 Palo Verde Street, Suite 205C
     Montclair, CA 91763
5

6    Helping Others International, LLC
     4110 Vanetta Place
     Studio City, CA 91604
7

8    Western Fidelity Associates, LLC, dba Western Fidelity Trustees
     1222 Crenshaw Boulevard, Suite "B"
     Torrance, CA 90501
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEVINSON ARSHONSKY & KURTZ, LLP

**PROOF OF SERVICE**

2968-002/922250.docx

# EXHIBIT 65

LAWRENCE C. MEYERSON (SBN 54136)
A PROFESSIONAL LAW CORPORATION
5521 Mission Rd., Ste 399
Bonsall, CA 92003
Telephone: (310) 827-3344
Email: *lcm@lcmplc.com*

MAURICE WAINER (SBN 121678)
SNIPPER WAINER & MARKOFF
232 North Canon Drive
Beverly Hills, CA 90210-5302
Telephone: (310) 550-5770
Email: *mrwainer@swmfirm.com*

Attorneys for Defendants
UNITED LENDER, LLC, a Nevada limited
liability company; SHAWN AHDOOT, an
individual; ALBERT A. AHDOOT, an individual

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 30-2020-01124778-CU-FR-CJC<br><br>Hon. Walter Schwarm, Judge Assigned for All Purposes, Department C19<br><br>**[PROPOSED] ORDER ADVANCING HEARING ON PETITION TO COMPEL ARBITRATION AND TO STAY ACTION PENDING AWARD FILED BY LENDER DEFENDANTS, UNITED LENDER, LLC, SHAWN AHDOOT AND ALBERT A. AHDOOT (RELATED TO ROA #71)**<br><br><u>Ex Parte Hearing Date:</u><br>DATE: March 5, 2020<br>TIME: 8:30 a.m.<br>DEPT: C19<br><br><u>Current Petition Hearing Date:</u><br>DATE: June 30, 2020<br>TIME: 1:30 p.m.<br>DEPT: C19<br>RES. NO.: 73228533<br><br>Action filed: 01/15/2020 |

1

---

**EX PARTE APPLICATION FOR ORDER ADVANCING HEARING ON LENDER DEFENDANTS'
PETITION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES**

The Court, having read and considered the Ex Parte Application for Order Advancing Hearing (the "Application") on the Petition to Compel Arbitration and to Stay Action Pending Award of Arbitrator (the "Petition"), and opposing and reply papers thereto, and hearing oral argument of the parties, the the ex parte hearing held on March 4, 2020, at 8:30 a.m., in Department C19, and good cause appearing therefor, the Court hereby **ORDERS, ADJUDGED AND DECREES:**

1.      That the Petition presently set for hearing on June 30, 2020 at 1:30 p.m. is advanced to_____, 2020, at_____m., in Department C19;

2.      That opposing papers shall be filed and served no later than _____, 2020,

3.      That reply papers, if any shall be filed and served (via email) no later than _____, 2020.

DATED:

_____
HON. WALTER SCHWARM
JUDGE OF THE SUPERIOR COURT

2

# EXHIBIT 66

1071

1 | LAWRENCE C. MEYERSON (SBN 54136)
A PROFESSIONAL LAW CORPORATION
2 | 5521 Mission Rd., Ste 399
Bonsall, CA 92003
3 | Telephone: (310) 827-3344
Email: *lcm@lcmplc.com*
4 |
5 | MAURICE WAINER (SBN 121678)
SNIPPER WAINER & MARKOFF
6 | 232 North Canon Drive
Beverly Hills, CA 90210-5302
7 | Telephone: (310) 550-5770
Email: *mrwainer@swmfirm.com*
8 | Attorneys for Defendants
UNITED LENDER, LLC, a Nevada limited
9 | liability company; SHAWN AHDOOT, an
individual; ALBERT A. AHDOOT, an individual
10 |

11 | <div align="center">**SUPERIOR COURT OF THE STATE OF CALIFORNIA**</div>

12 | <div align="center">**FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**</div>

13 |

| | | |
|---|---|---|
| 14 | ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, ) | Case No. 30-2020-01124778-CU-FR-CJC |
| 15 | ) | Hon. Walter Schwarm, Judge Assigned for All Purposes, Department C19 |
| 16 | Plaintiff, ) | |
| 17 | vs. ) | **EX PARTE APPLICATION FOR ORDER ADVANCING HEARING ON** |
| 18 | UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an ) | **LENDER DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO** |
| 19 | individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an ) | **STAY ACTION PENDING AWARD OF ARBITRATOR; MEMORANDUM OF** |
| 20 | individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited ) | **POINTS AND AUTHORITIES (RELATED TO ROA #71)** |
| 21 | liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited ) | *[Filed with Declaration of Maurice Wainer;* |
| 22 | liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; ) | *Request for Judicial Notice; and Proposed Order]* |
| 23 | AMERICAN FINANCIAL CENTER, INC., a California corporation; and DOES 1 through ) | Ex Parte Hearing Date: |
| 24 | 100, inclusive, ) | DATE: March 5, 2020 TIME: 8:30 a.m. |
| 25 | Defendants. ) | DEPT: C19 Current Petition Hearing Date: |
| 26 | ) | DATE: June 30, 2020 TIME: 1:30 p.m. |
| 27 | _____ ) | DEPT: C19 RES. NO.: 73228533 |
| 28 | ) | Action filed: 01/15/2020 |

<div align="center">1</div>

---

<div align="center">**EX PARTE APPLICATION FOR ORDER ADVANCING HEARING ON  LENDER DEFENDANTS'
PETITION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES**</div>

# I. Summary of Argument

On February 20, 2020, United Lender, Shawn Ahdoot and Albert Ahdoot (collectively, "Lender Defendants" or "Applicants") filed and served their Notice of Petition and Petition to Compel Arbitration and to Stay Action Pending Award of Arbitrator (the "Petition") set for hearing on June 30, 2020, at 1:30 p.m., the first hearing date available on the court's reservation system. If the Petition is not heard until June 30, 2020, it would cause the filing of unnecessary motions and Plaintiff would seek to exploit the situation to argue it is excused from its agreement to arbitrate due to waiver. Efficient use of Court time and resources is served by having the Petition heard before other motions, and if the Petition is granted then any further motions would occur in arbitration. In addition, Megan E. Zucaro ("Zucaro") and Helping Others International, LLC ("Helping Others") (collectively, the "Zucaro Defendants") are not presently maintaining or managing the at issue property at 6475 Marigayle Circle, Huntington Beach, California 92648 (the "Property"), which is unoccupied. There are a multitude of tasks that must be performed to protect the value of the Property that is part of Lender Defendants' collateral, *as well as* the collateral of the Plaintiff.

# II. Argument

**A.    Pursuant to California Rules of Court 1005 this Court is Authorized to Advance the Hearing Date of Applicants' Petition to Compel Arbitration and Stay Action.**

*California Rules For Court* Rule 1005, sets forth the parameters for an ex parte application to advance a hearing date. Section 1005(b) states in pertinent part as follows:

> "Unless otherwise ordered or specifically provided by law, all moving and supporting papers shall be served and filed at least 16 court days before the hearing... ***The Court, or a judge thereof, may prescribe a shorter time.***"
> (Emphasis added.)

///

2

**B.**    **Good Cause Exists to Advance the Hearing Date because Movant is at Risk of Irreparable Harm.**

If Applicants' Petition to Compel Arbitration is not heard until June 30, 2020, Applicants would be compelled to file  motions, which Plaintiff would likely seek to argue constitutes a waiver. As noted above, in addition to the Petition, if this action were to proceed in Court, which it should not, Lender Defendants would file additional motions against other parties in the action. Pursuant to C.C.P. §1005(b), the court may prescribe a shorter time within which to consider Applicants' Petition based upon a showing of good cause.

Further, the Property which is collateral of the Lender Defendants (and the Plaintiff) is at risk of irreparable harm if the hearing on their Petition to Compel Arbitration does not occur on or before June 30, 2020. Further, Plaintiff will suffer no prejudice if the hearing date is expedited, as Applicants have already served the Petition to Compel Arbitration in accordance with the requisite notice requirements, papers of which are also attached herein to the Applicants' Request for Judicial Notice.

**C.**    **The Court Has the Inherent Equitable Power to Advance the Hearing Date on the Petition to Compel Arbitration in the Interests of the Efficient Use of Court Time and  Resources and to Expedite the Resolution of the Disputed Matters.**

The Request for Judicial Notice filed concurrently herewith attaches Applicants' Petition. One of the fundamental purposes of any arbitration provision is to provide an efficient and speedy proceeding to resolve disputes arising from the agreement. In light of the strong public policy in favor of arbitration, the dispute between Plaintiff and Defendants should be ordered into binding arbitration in accordance with the arbitration provision set forth in the RPA and the applicable law. As established by the accompanying Declaration of Maurice Wainer, Applicants' counsel has previously requested Plaintiff's counsel to agree to arbitrate but that request was ignored. Accordingly, good cause exists for this Court to advance the hearing date on the Petition.

///

3

### III. Conclusion

For all the foregoing reasons, this Court should advance the hearing date on Applicants'

Petition to Compel Arbitration and to Stay Action Pending Award of Arbitrator (the "Petition")

from June 30, 2020 to an earlier date available on the Court's calendar.


Respectfully submitted,

LAWRENCE C. MEYERSON,
A Professional Law Corporation


Dated: March 3, 2020          By:    _/s/ Lawrence C. Meyerson_
                                     _____
                                     Lawrence C. Meyerson, Esq.


                                     SNIPPER, WAINER & MARKOFF


Dated: March 3, 2020          By:    _/s/ Maurice Wainer_
                                     _____
                                     Maurice Wainer, Esq.


                                     Attorneys for Defendants
                                     UNITED LENDER, LLC, a Nevada limited
                                     liability company; SHAWN AHDOOT, an
                                     individual; ALBERT A. AHDOOT, an individual

4

**EX PARTE APPLICATION FOR ORDER ADVANCING HEARING ON  LENDER DEFENDANTS'
PETITION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES**

# EXHIBIT 67

1  LAWRENCE C. MEYERSON (SBN 54136)
   A PROFESSIONAL LAW CORPORATION
2  5521 Mission Rd., Ste 399
   Bonsall, CA 92003
3  Telephone: (310) 827-3344
   Email: *lcm@lcmplc.com*
4
   MAURICE WAINER (SBN 121678)
5  SNIPPER WAINER & MARKOFF
   232 North Canon Drive
6  Beverly Hills, CA 90210-5302
   Telephone: (310) 550-5770
7  Email: *mrwainer@swmfirm.com*
8  Attorneys for Defendants
   UNITED LENDER, LLC, a Nevada limited
9  liability company; SHAWN AHDOOT, an
   individual; ALBERT A. AHDOOT, an individual
10
11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
12         **FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**
13

| | |
|---|---|
| 14  ANH THY SONG NGUYEN, TRUSTEE OF <br> MOTHER NATURE TRUST, | ) Case No. 30-2020-01124778-CU-FR-CJC <br> ) |
| 15                    Plaintiff, | ) Hon. Walter Schwarm, Judge Assigned for <br> ) All Purposes, Department C19 |
| 16  vs. | ) |
| 17  UNITED LENDER, LLC, a Nevada limited | ) **REQUEST FOR JUDICIAL NOTICE IN** <br> ) **SUPPORT OF EX PARTE** <br> ) **APPLICATION FOR ORDER** |
| 18  liability company; SHAWN AHDOOT, an <br> individual; ALBERT A. AHDOOT, an | ) **ADVANCING HEARING ON  LENDER** <br> ) **DEFENDANTS' PETITION TO** |
| 19  individual; MEGAN E. ZUCARO, an <br> individual; HELPING OTHERS | ) **COMPEL ARBITRATION AND TO** <br> ) **STAY ACTION PENDING AWARD OF** |
| 20  INTERNATIONAL, LLC, a Delaware limited <br> liability company; WESTERN FIDELITY | ) **ARBITRATOR** <br> ) **(RELATED TO ROA #71)** |
| 21  ASSOCIATES, LLC, a California limited <br> liability company, dba WESTERN FIDELITY | ) <br> ) *[Filed with Ex Parte Application;* |
| 22  TRUSTEES; JOHN B. SPEAR, an individual; <br> AMERICAN FINANCIAL CENTER, INC., a | ) *Memoranduim of Points & Authorities; and* <br> ) *Declaration of Maurice Wainer]* |
| 23  California corporation; and DOES 1 through <br> 100, inclusive, | ) Ex Parte Hearing Date: <br> ) DATE: March 4, 2020 |
| 24                    Defendants. | ) TIME: 8:30 a.m. <br> ) DEPT: C19 |
| 25 | ) Current Petition Hearing Date: <br> ) DATE: June 30, 2020 |
| 26 | ) TIME: 1:30 p.m. <br> ) DEPT: C19 |
| 27  _____ | ) RES. NO.: 73228533 <br> ) Action filed: 01/15/2020 |
| 28 | |

<div align="center">1</div>

---

**REQEUST FOR JUDICIAL NOTICE IN SUPPORT OF EX PARTE APPLICATION FOR ORDER
ADVANCING HEARING ON  LENDER DEFENDANTS' PETITION TO COMPEL ARBITRATION**

Request is hereby made that the Court take judicial notice of the documents listed below, filed 02/20/2020 (ROA # 71), in connection with the above-entitled Ex Parte Application:

1.    Notice of Petition to Compel Arbitration and to Stay Action Pending Award of Arbitrator Filed by Lender  Defendants, United Lender, LLC,  Shawn Ahdoot and Albert A. Ahdoot;

2.    Memorandum of Points and Authorities in Support of Lender Defendants' Petition to Compel Arbitration and to Stay Action Pending Award of Arbitrator;

3.    Declaration of Maurice Wainer in Support of Lender Defendants' Petition to Compel Arbitration and to Stay Action Pending Award of Arbitrator;

4.    Request for Judicial Notice in Support of Lender Defendants' Petition to Compel Arbitration and to Stay Action Pending Award of Arbitrator; and

5.    Proof of Service in Support of Lender Defendants' Petition to Compel Arbitration and to Stay Action Pending Award of Arbitrator.

LAWRENCE C. MEYERSON,
A Professional Law Corporation

Dated: March 3, 2020          By:    _/s/ Lawrence C. Meyerson_
                                      Lawrence C. Meyerson, Esq.

SNIPPER, WAINER & MARKOFF

Dated: March 3, 2020          By:    _/s/ Maurice Wainer_
                                      Maurice Wainer, Esq.

Attorneys for Defendants
UNITED LENDER, LLC, a Nevada limited
liability company; SHAWN AHDOOT, an
individual; ALBERT A. AHDOOT, an individual

2

# EXHIBIT 68

1079

1    LAWRENCE C. MEYERSON (SBN 54136)
     A PROFESSIONAL LAW CORPORATION
2    5521 Mission Rd., Ste 399
     Bonsall, CA 92003
3    Telephone: (310) 827-3344
     Email: *lcm@lcmplc.com*
4
     MAURICE WAINER (SBN 121678)
5    SNIPPER WAINER & MARKOFF
     232 North Canon Drive
6    Beverly Hills, CA 90210-5302
     Telephone: (310) 550-5770
7    Email: *mrwainer@swmfirm.com*

8    Attorneys for Defendants
     UNITED LENDER, LLC, a Nevada limited
9    liability company; SHAWN AHDOOT, an
     individual; ALBERT A. AHDOOT, an individual
10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12          **FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

13

| | |
|---|---|
| 14  ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, <br><br> 15            Plaintiff, <br> 16 <br> 17 vs. <br> 18 UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an 19 individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS 20 INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY 21 ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY 22 TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a 23 California corporation; and DOES 1 through 100, inclusive, <br> 24            Defendants. | Case No. 30-2020-01124778-CU-FR-CJC <br><br> Hon. Walter Schwarm, Judge Assigned for All Purposes, Department C19 <br><br> **FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LENDER DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY ACTION PENDING AWARD OF ARBITRATOR** <br><br> *[Filed concurrently with First Amended Notice of Petition; First Amended Declaration of Maurice Wainer, First Amended Request for Judicial Notice; and First Amended Proof of Service]* <br><br> DATE: June 30, 2020 <br> TIME: 1:30 p.m. <br> DEPT: C19 <br><br> **RES. NO.: 73228533** <br><br> Action filed: 01/15/2020 |

25

26

27

28

1

---

**FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITIES ISO LENDER DEFENDANTS'
PETITION TO COMPEL ARBITRATION AND TO STAY ACTION PENDING AWARD**

1

## I. Summary of Argument

2

3        This case presents a classic example of a Plaintiff seeking to avoid responsibility for its

4   own business judgment in agreeing to sell the property at 6475 Marigayle Circle, Huntington

5   Beach, California 92648 (the "Property") to Megan E. Zucaro ("Zucaro") and Helping Others

6   International, LLC ("Helping Others") (collectively, the "Zucaro Defendants"). Plaintiff lumps

7   together United Lender, Shawn Ahdoot and Albert Ahdoot (collectively, "Lender Defendants")

8   alleging in its First Amended Complaint ("FAC") (at ¶¶ 12 & 24.) that the Lender Defendants

    acted as agents for the Zucaro Defendants, and vice versa.

9        Plaintiff has already obtained a preliminary injunction to enjoin the foreclosure sale set by

10   United Lender, claiming by way of the Declaration of Anh Thy Song Nguyen dated 01/22/2020

11   ("Nguyen Decl.") that it would be wrongful to treat the loan of the Lender Defendants separately

12   from the Zucaro Defendants' purchase of the Property from Plaintiff. (*See* Declaration of

13   Maurice Wainer ["Wainer Decl."], ¶¶ 2-6, and Request for Judicial Notice ["RJN"].) Because

14   Plaintiff has alleged that the Lender Defendants are mere agents of the Zucaro Defendants, and

15   because the Zucaro Defendants and Plaintiff agreed in the California Residential Purchase

16   Agreement and Joint Escrow Instructions ("RPA") (attached as Exhibit "A" to both the FAC and

17   the Nguyen Decl.) to submit "any dispute or claim in law or equity arising between them out of

18   [the RPA] or any resulting transaction" to binding arbitration, the Lender Defendants, as is their

19   right, move to compel Plaintiff and the other parties in this Action to arbitrate the entirety of this

20   dispute. To date, Plaintiff has refused to submit its claims with the Lender Defendants, or anyone

21   else, to binding arbitration. (Wainer Decl., ¶¶ 2-6; Exh. 5)

22        Lender Defendants further seek arbitration based on Paragraph 21 of the Promissory Note

23   entered into by and between United Lender and Helping Others on or about May 1, 2019 (the

24   "Note"), attached as Exhibit "6" to the accompanying First Amended Declaration of Maurice

25   Wainer filed herein.

26                                ## II. Argument

27   **A.        The Arbitration Provision Is Legal and Fully Enforceable.**

28        One of the fundamental purposes of any arbitration provision is to provide an efficient

2

1  and speedy proceeding to resolve disputes arising from the agreement. In light of the strong

2  public policy in favor of arbitration, the dispute between Plaintiff and Defendants should be

3  ordered into binding arbitration in accordance with the arbitration provision set forth in the RPA

4  and the applicable law. The at issue Arbitration clause reads, in pertinent part, as follows:

5  **ARBITRATION OF DISPUTES:**

6  **The Parties agree that any dispute or claim in Law or equity arising between them out of this Agreement or any resulting transaction, which Is not settled through mediation, shall be decided by neutral, binding arbitration. The Parties also agree to arbitrate any disputes or claims with Broker(s), who, in writing, agree to such arbitration prior to, or within a reasonable time after, the dispute or claim is presented to the Broker. The arbitrator shall be a retired judge or Justice, or an attorney with at least 5 years of residential real estate Law experience, unless the parties mutually agree to a different arbitrator. The Parties shall have the right to discovery In accordance with Code of Civil Procedure §1283.05. *** Enforcement of this agreement to arbitrate shall be governed by the Federal Arbitration Act. Exclusions from this arbitration agreement are specified in paragraph 22C.**

12  **"NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. *** IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY." *****

17  **[Buyer's Initials _ __ / Seller's Initials / _____]**

18  (Emphasis in original.) (*See* RPA, Exh. A to both FAC and Nguyen Decl., at p. 8, ¶ 22(B).)

19  The Plaintiff placed its initials next to the Arbitration clause, acknowledging its

20  agreement to submit (or be compelled to submit) disputes to arbitration. (*Ibid.*) Because of the

21  public policy favoring the enforceability of arbitration agreements, any doubts as to the validity

22  of any defense to enforceability of an arbitration agreement will be resolved against the party

23  asserting the defense. (*Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street*

24  (1983) 35 Cal.3d 312, 320 [arbitration clauses are to be liberally construed in favor of

25  arbitration].) The moving party bears the burden to establish an arbitration provision exists, and

26  Movants have done that here. (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14

27  Cal.4th 394, 413-14.) *The party opposing arbitration bears the burden of proving that the*

28  *arbitration provision is unenforceable. (Ibid.)*

3

The Note entered into by and between United Lender and Helping Others dated on or about May 1, 2019 also provides for arbitration of disputes at its Paragraph 21, as follows:

"Maker and Lender agree that all disputes, claims and controversies between them, whether individual, joint, or class in nature, arising from this Note or otherwise, including without limitation contract and tort disputes, shall be arbitrated pursuant to the Rules of the American Arbitration Association, upon request of either party. No act to take or dispose of any collateral securing this Note shall constitute a waiver of this arbitration agreement or be prohibited by this arbitration agreement. This includes, without limitation, obtaining injunctive or a temporary restraining order; invoking a power of sale under any deed of trust or mortgage; obtaining a writ of attachment or imposition of a receiver; or exercising any rights relating to personal property, including taking or disposing of such property with or without judicial process pursuant to Article 9 of the Uniform Commercial Code. Any disputes, claims, or controversies concerning the lawfulness or reasonableness of any act, or exercise of any right, concerning any collateral securing this Note, including any claim to rescind, reform, or otherwise modify any agreement relating to the collateral securing this Note, shall also be arbitrated, provided however that no arbitrator shall have the right or the power to enjoin or restrain any act of any party. Maker and Lender agree that in the event of an action for judicial foreclosure pursuant to California Code of Civil Procedure Section 726, or any similar provision in any other state, the commencement of such an action will not constitute a waiver of the right to arbitrate and the court shall refer to arbitration as much of such action, including counterclaims, as lawfully may be referred to arbitration. Judgment upon any award rendered by any arbitrator may be entered in any court having jurisdiction. Nothing in this Note shall preclude any party from seeking equitable relief from a court of competent jurisdiction. The statute of limitations, estoppel, waiver, laches, and similar doctrines which would otherwise be applicable in an action brought by a party shall be applicable in any arbitration proceeding, and the commencement of an arbitration proceeding shall be deemed the commencement of an action for these purposes. The Federal Arbitration Act shall apply to the construction, interpretation, and enforcement of this arbitration provision."

(*See* Note, Exh. 6 to First Amended Declaration of Maurice Wainer, at pp. 6-7, ¶ 21.)

**B.   This Court Should Compel Arbitration Based on the Clear and Unambiguous Language Set Forth in Both the RPA and Note.**

Plaintiff cannot dispute it has alleged all of the Lender Defendants are agents of all other Defendants. In, the operative FAC, as in the initial Complaint, Plaintiff alleges that:

"United Lender, Shawn Ahdoot, Albe1i Ahdoot, Zucaro, Helping Others International, Western Fidelity, Spear, American Financial, and Does 1 through 100, inclusive (hereinafter collectively referred to as "Defendants"), were at all times relevant herein the principal, partner, co-venturer, *agent*, servant, employee, or co-conspirator of each of the remaining co-defendants, and knowingly engaged in the acts and omissions alleged herein with permission and consent of each other co-defendant and *acted within the course and scope of such partnership, agency, venture. employment or conspiracy.*" (Emphasis added.) (FAC, ¶ 12, 5:3-9.)

4

1   Because Plaintiff has alleged the Lender Defendants are agents of the Zucaro Defendants,

2   and the Zucaro Defendants are parties to an RPA with a provision for arbitration of disputes,

3   Plaintiff's claims against the Lender Defendants are subject to arbitration. *See, e.g., Westra v.*

4   *Marcus & Millichap Real Estate Inv. Brokerage Co., Inc.* (2005) 129 Cal.App.4th 759, 761

5   [allowed "certain present or former employees" of the broker to enforce an arbitration clause

6   under agency principles]; *Nguyen v. Tran* (2007) 157 Cal.App.4th 1032, 1034-1035 [corporate-

7   broker and its individual employee permitted to enforce the RPA-clause against the buyer-

8   plaintiff "as agents of one of the parties [i.e., the buyer] to the agreement.").

9   Plaintiff will presumably contend agency principles do not apply here because it also

10  alleges the Lender Defendants are knowing, direct participants in unlawful conduct. However,

11  agent-defendants are routinely accused of directly participating in unlawful conduct and may still

12  compel arbitration under agency principles. (*See, e.g., Nguyen, supra,* 157 Cal.App.4th at 1039

13  [alleged failure to disclose]; *Westra, supra,* 129 Cal.App.4th at pp. 762, 766 [alleged fraud];

14  *Thomas v. Westlake* (2012) 204 Cal.App.4th 605, 610 [alleging conspiracy to churn investment]).

15  Here, Plaintiff chose to include agency allegations in its initial Complaint and FAC, and

16  the Plaintiff is now "bound by the legal consequences of [its] allegations." As such, the Lender

17  Defendants are permitted to compel arbitration. (*Thomas, supra,* 204 Cal.App.4th at 614-615).

18  Further, Plaintiff has made allegations suggesting that Lender Defendants are also third

19  party beneficiaries of the RPA. (*See* FAC, ¶ 24, at 10:23-35: "No legitimate lender would loan to

20  a buyer . . . unless the lender is participating in a fraudulent scheme to steal . . . the real

21  property.") In *Keller v. Kashani* (1990) 220 Cal. App. 3d 322, the court recognized that a general

22  partner is logically a beneficiary of any agreement entered into on behalf of the partnership, and

23  permitted the general partner to compel arbitration. *See, also, Westra, supra,* 129 Cal.App.4th at

24  p. 763, where the court recognized the third party beneficiary argument of a broker and its

25  employees under an RPA was "arguably correct, but moot" because arbitration was compelled

26  [on different grounds] on agency principles. (Brackets added.) (*Id.; see also Nguyen, supra,* 157

27  Cal.App.4th at 1037 [recognizing third party beneficiary exception in context of RPA ]). Even if

28  the third party beneficiary exception is limited to partners (or officers) of an arbitral party (and it

5

1    is not), Plaintiff has also alleged that the Lender Defendants are partners of Zucaro and Helping

2    Others (FAC, ¶ 12, at 5:3-9), such that this case falls squarely within the holding of Keller, supra

3    ("As an agent and beneficiary of the partnership, to require him to be a party to the arbitration is

4    inconsistent with what the last Justices Raymond Peters and Matthew Tobriner labeled a 'strong

5    public policy in favor of arbitrations'." Accordingly, the Lender Defendants may also compel

6    arbitration as alleged third party beneficiaries.

7    **C.    Whether Agents or Third Party Beneficiaries, Non-Signatory Defendants May**

8    **Compel Arbitration Based On Equitable Estoppel.**

9    Here the Plaintiff contends that the RPA is the central document governing the

10   relationship among the many Defendants working to consummate the real estate transaction and

11   that the separate loan transactions cannot and must not be viewed separately. Plaintiff has alleged

12   and argued that the rights and obligations of the parties depend on and are inextricably

13   intertwined with the obligations imposed by the RPA.

14   Indeed, to obtain its preliminary injunction Plaintiff alleged and argued the Lender

15   Defendants acted within the course and scope of a venture with the Zucaro Defendants. (*See*

16   RJN, Exh. 3, Nguyen Decl.) Accordingly, based on equitable estoppel the Lender Defendants are

17   entitled to compel arbitration, because in arguing against separate consideration of the Lender

18   Defendants' loan agreements, Plaintiff has both explicitly and implicitly argued that "the causes

19   of action against the non- signatory [Lender Defendants]" are 'intimately founded in and

20   intertwined' with the underlying contract obligations" (*Garcia v. Pexco, LLC* (2017) 11 Cal.

21   App. 5th 782, 786, review denied (Aug. 23, 2017) and therefore "the claims [against the

22   non-signatory Lender Defendants] are 'based on the same facts and are inherently inseparable'

23   from the arbitrable claims against signatory defendants." (*Id.*). It cannot be disputed that the

24   entirety of Plaintiff's request for injunctive relief was framed on the basis that its claims to enjoin

25   the Lender Defendants' foreclosure "relies on," "depends on" or "arises from" the RPA and the

26   events surrounding the execution of the RPA such that (according to Plaintiff) there is a straight

27   and continuous nexus between the RPA and the First Deed of Trust.

28   Plaintiff cannot accept the benefit of the argument that the Lender Defendants are agents

6

while not accepting the burden of that allegation. When nonsignatories seek to compel arbitration against a signatory, equitable estoppel prevents a signatory from taking the benefits of the terms and obligations of a contract without the burden of the arbitration provision. This doctrine, discussed in *Goldman v. KPMG, LLP* (2009) 173 Cal.App.4th 209, prevents signatories alleging concerted misconduct among signatories and nonsignatories from naming nonsignatories to avoid arbitration altogether. (*Goldman, supra,* 173 Cal.App.4th at p. 221 [the "purpose[] of the doctrine [is] to prevent a party from using the terms or obligations of an agreement as the basis for his claims against a nonsignatory, while at the same time refusing to arbitrate with the nonsignatory under another clause of that same agreement"]; *Metalclad Corp. v. Ventana Environmental Organizational Partnership* (2003) 109 Cal.App.4th 1705, 1713 [equitable estoppel applies "when a party has signed an agreement to arbitrate but attempts to avoid arbitration by suing nonsignatory defendants"]; *see generally* 19 Witkin Sum. Cal. Law (11th ed. 2017), Equity, § 212.) See *Thomas v. Westlake* (2012) 204 Cal. App. 4th 605, 614., where the Court compelled arbitration, when the movants were [like in this case] non-signatories to the arbitration agreement, and the claims were based on breach of fiduciary duty, negligence, and fraud, among others, and the Plaintiff had alleged agency in the FAC. (*Thomas v. Westlake, supra,* 204 Cal. App. 4th 605, 614.)

In California, the standard for whether a nonsignatory may enforce an arbitration clause based on equitable estoppel is whether the claims against the nonsignatory are dependent on or inextricably intertwined with the contractual obligations of the agreement containing the arbitration clause. (*See, e.g., Goldman, supra,* 173 Cal.App.4th at pp. 229-230 ["equitable estoppel applies only if plaintiffs' claims against the nonsignatory are dependent upon, or inextricably bound up with, the obligations imposed by the contract plaintiff has signed with the signatory defendant"]; *Boucher v. Alliance Title* (2005), 127 Cal.App.4th 262, at pp. 271-272 [equitable estoppel applies "when the causes of action against the nonsignatory are 'intimately founded in and intertwined' with the underlying contract obligations"]; see also *JSM Tuscany, LLC v. Superior Court* (2011) 193 Cal.App.4th 1222, 1228; *Rowe v. Exline* (2007) 153 Cal. App. 4th 1276, 1287.)

7

Because Plaintiff has already alleged the reason to enjoin the foreclosure sale of the Lender Defendants is ultimately based on the real estate purchase itself, Plaintiff's claims depend on the obligations imposed by the RPA. The Plaintiff has argued it is the RPA itself that forms the basis for the arrangement among the buyer, seller, broker, agents, and lenders. The FAC identifies and specifies directives to the Zucaro Defendants from the Lender Defendants and also addresses the compensation to be paid. Paragraphs 23 and 24 of the operative FAC read, in pertinent part, as follows:

> [23.]    Since being notified of the trustee's sale set for January 27, 2020 on the First Deed of Trust, Plaintiff discovered the beneficiary under the First Deed of Trust, United Lender, sent a letter to a broker for a repotted $30,000 unsecured loan to Zucaro and Helping Others International, stating Zucaro and Helping Others were current on the loan secured by the First Deed of Trust. *** This letter [Exh. "H"] was sent by United Lender to assist Zucaro and Helping Others International in obtaining a reported $30,000 unsecured loan.

> [24.]    *** . . . Helping Others International (and Zucaro) acts as the buyer, the sellers take a note secured by a second deed of trust, Helping Others International (and Zucaro) defaults on a loan provided by United Lender, Shawn Ahdoot, Albert Ahdoot (or an entity related to these Defendants) and secured by the first deed of trust, and the beneficiary under the first deed of trust initiates foreclosure proceedings through trustee Western Fidelity to eliminate junior lienholders, including the beneficiary under the second deed of trust. Furthermore, American Financial purportedly loaned $75,000 to Helping Others International and obtained a third deed of trust in connection therewith on the real property located in Agua Dulce referenced below. ***

Thus, according to the Plaintiff, the RPA is a necessary link. Without the link argued for by the Plaintiff, the foreclosure sale should not and could not have been enjoined and it is the Plaintiff who alleges there was interdependent conduct among the signatories and nonsignatories and that the claims against the nonsignatory Lender Defendants' claims are derivative of those against the signatories. It is axiomatic that insofar as the Lender Defendants, but for the Plaintiff's asserted liability and agreements of the Zucaro Defendants (see RJN, Exhs. 2, 3 & 4), there could be no secondary liability of the Lender Defendants. Altogether, Plaintiff's claims are thus inextricably bound up with the RPA's obligations.

Plaintiff will presumably argue that equitable estoppel does not apply because its claims against Lender Defendants are based not on contract law but on statutory violations and tort law. This logic "ignores the fact that a claim '"arising out of"' contract does not need to be

8

1  contractual" and also ignores Plaintiff is seeking to restore title in its name, rescind the RPA,

2  with all its attendant terms, including subordination to a senior loan. (*Garcia, supra,* 11 Cal.

3  App. 5th at p. 786, citing *Coast Plaza Doctors Hospital v. Blue Cross of California* (2000) 83

4  Cal.App.4th 677, 686 ["It has long been the rule in California that a broadly worded arbitration

5  clause, such as we have here, may extend to tort claims that may arise under or from the

6  contractual relationship."].) Thus, while the claims here against the Lender Defendants are not

7  formally contractual, this Plaintiff must admit, its claims against the Lender Defendants "arise

8  out of" the RPA contract. Thus, arbitration is available, as to all defendants – not just some.

9  Accordingly, the circumstances here are the "sine qua non for application of equitable estoppel"

10  under dependent upon, or founded in and inextricably intertwined with the underlying contractual

11  obligations of the agreement containing the arbitration clause." (*Goldman, supra,* 173

12  Cal.App.4th at 217-18)

13      To be clear, the Lender Defendants do not argue Plaintiff and the other defendants must

14  arbitrate because Plaintiff alleges a "conspiracy" with a signatory. The claims against Movants

15  are arbitrable because of the agency and/or third party relationship and/or equitable estoppel, and

16  because the claims as they relate to the RPA, are the source or origin of the claims against the

17  Lender Defendants.

18      The claims against some of the Cross-Defendants as alleged in the Lender Defendants'

19  Cross-Complaint are arbitrable because of the plain language of the Note (Exh. 6). As Plaintiff

20  must and has in fact argued, because the claims against the Lender Defendants as set forth in the

21  Cross-Complaint are derivative of the claims against the Zucaro Defendants, they are necessarily

22  based on the same facts and the RPA such that they are inherently inseparable from the claims

23  against the Zucaro Defendants. (*Richard B. LeVine, Inc. v. Higashi* (2005) 131 Cal. App. 4th

24  566, 574 [aiding and abetting is a derivative claim]). Thus, Plaintiff's allegations are more than

25  just a cursory linking of Defendants through allegations of collusion; the claims are

26  interdependent, and that Plaintiff to date has not distinguished between the Zucaro Defendants

27  and the Lender Defendants. Plaintiff's own allegations serve to prove the various claims are

28  inherently inseparable because the conduct alleged is two sides of the same coin. Plaintiff's

9

1  position is, the same evidence will support its attempt to try to prove each claim, against each

2  defendant, and such evidence is the same, because it is on that basis Plaintiff has argued that the

3  loan and sale transaction must each be rescinded based on the same facts and is not entitled to

4  separate consideration.

5  **D.      United Lender's Merits Defense Cannot Preclude It from Enforcing Its Right to**

6  **Arbitrate.**

7       The Lender Defendants cannot be forced to choose between enforcing a contractual right

8  to arbitrate disputes or concede that they are, as Plaintiff has alleged, agents of the Zucaro

9  Defendants or any of the other Defendants at this juncture. This is improper as a matter of logic

10 and precedent. Adopting a view (that merits arguments constitute cause to deny a motion to

11 compel arbitration) disregards California's arbitration statute-Code of Civil Procedure section

12 1281.2 – which requires only that Movant prove the existence of the arbitration agreement by the

13 preponderance of the evidence. (*Molecular Analytical Sys. v. Ciphergen Biosystems, Inc.* (2010)

14 186 Cal.App.4th 696, 705.) Furthermore, the Rules of Court do not impose such a cumbersome

15 requirement on parties seeking to compel arbitration. (*Cal. Rules of Court*, rule 3.1330 [petitioner

16 need only state the provision of the agreement and the paragraph that provides for arbitration.].

17      In other words, all Movant needs to do is establish that the RPA agreement exists and that

18 it is possible that the claims at issue were arbitrable. Movant has accomplished both of these

19 tasks. To hold otherwise would unduly burden a party's right to arbitration and contravene

20 California (and federal) policy favoring contractual arbitration. (*Code Civ. Proc.,* § 1281.2

21 [section 1281.2, states that if a court determines that an agreement to arbitrate a controversy

22 exists then it "shall order the petitioner and the respondent to arbitrate the controversy."];

23 *Wagner Constr. Co. v. Pac. Mech. Corp.* (2007) 41 Cal.4th 19, 25-26 ["Sections 1281 and

24 1281.2, which govern petitions to compel arbitration, reflect a 'strong public policy in favor of

25 arbitration as a speedy and relatively inexpensive means of dispute resolution.'"]; *Espejo v. So.*

26 *Cal. Permanente Medical Group* (2016) 246 Cal.App.4th 1047, at p. 1057, citation omitted

27 [section 1281.2 "establishes 'a summary proceeding' for resolving . . . petitions to compel

28 arbitration"].) At this stage of the proceedings Movants need not admit the underlying claims are

10

meritorious and remains free to make those arguments in arbitration." Any other position fails to comport with legislative intent or precedent favoring arbitration. (*Coast Plaza Doctors Hosp. v. Blue Cross of California* (2000) 83 Cal.App.4th 677, 686 as modified (Sept. 7, 2000) ["California law, like federal law, establishes a presumption in favor of arbitrability"]; *Larkin v. Williams, Wooley, Cogswell, Nakazawa & Russell* (1999) 76 Cal.App.4th 227, 230.)

**E.      High Threshold Required to Show Waiver.**

"Although a court may deny a petition to compel arbitration on the ground of waiver (*Code Civ. Proc.,* § 1281.2, subd. (a)), waivers are not to be lightly inferred and the party seeking to establish a waiver bears a heavy burden of proof." (*St. Agnes Medical Center v. PacifiCare of Cal.* (2003) 31 Cal.4th 1187, 1195.) In light of the significant hurdle a finding of waiver, California courts are loath to do so, even holding a "legal challenge to the validity of the [contract] is not inconsistent with an intent to invoke arbitration pursuant to that contract," and does not "amount to a waiver of its contractual arbitration rights." (*Id.* at p. 1200.)

**F.      Separate Loan Documents Under the Facts Present Is Not Good Cause to Justify Arbitration.**

Where several agreements are "closely connected in purpose," "no unreasonable intrusion on the parties' expectation occurs when all their disputes are subjected to an arbitration provision which appears in one of several interdependent documents." (*Marsch v. Williams* (1994) 23 Cal. App. 4th 250, 256, citing *Pioneer Take Out Corp v. Bhavsar* (1989) 209 Cal. App. 3d at pp. 1355-1358.) Accordingly, given the multitude of arbitrable issues in this case, the Court should order the arbitrable issues and disputes to arbitration.

**G.      Any Non-Arbitrable Claims Should Be Stayed Pursuant to *Code of Civil Procedure* Section 1281.4.**

*Code of Civil Procedure* section 1281.4 contains an unequivocal directive: a court "shall" stay any proceedings during the pendency of a petition to compel arbitration or during ongoing arbitration proceedings. Thus, if either the Lender Defendants or the Zucaro Defendants have demanded arbitration Plaintiff stands on thin legal grounds in contending that a stay is not necessary or that this Court has no authority to order such a stay. Here, the Note underlying the

11

1   RPA loan transaction provides for arbitration. (Exh. 6, at pp. 6-7, ¶ 21.) Accordingly, with

2   respect to those arbitrable claims under the Note, it is respectfully requested that the Court

3   compel arbitration.

4                                   **III. Conclusion**

5           For all of the foregoing reasons, this Court must compel arbitration based on the clear and

6   plain arbitration clause language set forth in both the RPA and the Note.

7                                           Respectfully submitted,

8                                           LAWRENCE C. MEYERSON,
                                            A Professional Law Corporation
9

10

11                                          */s/ Lawrence C. Meyerson*
    Dated: March 3, 2020          By:    _____
12                                          Lawrence C. Meyerson, Esq.

13
                                            SNIPPER, WAINER & MARKOFF
14

15

16                                          */s/ Maurice Wainer*
    Dated: March 3, 2020          By:    _____
17                                          Maurice Wainer, Esq.

18
                                            Attorneys for Defendants
19                                          UNITED LENDER, LLC, a Nevada limited
                                            liability company; SHAWN AHDOOT, an
20                                          individual; ALBERT A. AHDOOT, an individual

21

22

23

24

25

26

27

28

**FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITIES ISO LENDER DEFENDANTS'
PETITION TO COMPEL ARBITRATION AND TO STAY ACTION PENDING AWARD**

# EXHIBIT 69

LAWRENCE C. MEYERSON (SBN 54136)
A PROFESSIONAL LAW CORPORATION
5521 Mission Rd., Ste 399
Bonsall, CA 92003
Telephone: (310) 827-3344
Email: *lcm@lcmplc.com*

MAURICE WAINER (SBN 121678)
SNIPPER WAINER & MARKOFF
232 North Canon Drive
Beverly Hills, CA 90210-5302
Telephone: (310) 550-5770
Email: *mrwainer@swmfirm.com*

Attorneys for Defendants
UNITED LENDER, LLC, a Nevada limited
liability company; SHAWN AHDOOT, an
individual; ALBERT A. AHDOOT, an individual

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 30-2020-01124778-CU-FR-CJC<br>Hon. Walter Schwarm, Judge Assigned for All Purposes, Department C19<br><br>**DECLARATION OF MAURICE WAINER IN SUPPORT OF EX PARTE APPLICATION FOR ORDER ADVANCING HEARING ON PETITION TO COMPEL ARBITRATION AND TO STAY ACTION PENDING AWARD OF ARBITRATOR (RELATED TO ROA #71)**<br><br>*[Filed with Ex Parte Application, Memorandum of Points and Authorities; Request for Judicial Notice; and Proposed Order]*<br>Ex Parte Application Hearing Date:<br>DATE: March 5, 2020<br>TIME: 8:30 a.m.<br>DEPT: C19<br>Current Petition Hearing Date:<br>DATE: June 30, 2020<br>TIME: 1:30 p.m.<br>DEPT: C19<br>RES. NO.: 73228533<br>Action filed: 01/15/2020 |

1

**DECLARATION OF MAURICE WAINER ISO EX PARTE APPLICATION FOR ORDER ADVANCING HEARING ON PETITION TO COMPEL ARBITRATION**

I, Maurice Wainer, declare:

1.     I am an attorney at law admitted to practice before all courts of the State of California. I am a partner in the firm of Snipper, Wainer & Markoff, one of the attorneys for the Defendants UNITED LENDER, LLC, a Nevada limited liability company, SHAWN AHDOOT, an individual, and ALBERT A. AHDOOT, an individual (collectively, the "Lender Defendants" or "Applicants").

2.     I have personal knowledge of the matters set forth herein, except as to those matters stated on information and belief and as to those matters I believe them to be true. If called upon as a witness I could and would competently testify to the matters declared herein.

3.     I make this declaration in support of Applicants' ex Parte Application for Order Advancing Hearing on Lender Defendants' Petition to Compel Arbitration and to Stay Action Pending Award of Arbitrator, presently set for hearing on June 30, 2020, at 1:30 pm.

4.     On March 4, 2020, I sent ex parte notice to all parties by way of a group email, and attaching (a) my letter dated March 4, 2020, a true copy of which is attached hereto as **Exhibit "6"** setting forth notice of an ex parte hearing set for Monday, March 5, 2020, at 8:30 a.m., in Dept. C19, as well as the (b) Ex Parte Application for Order Advancing Hearing on Lender Defendants' Petition to Compel Arbitration and to Stay Action Pending Award of Arbitrator; Memorandum of Points and Authorities; (c) [this] Declaration of Maurice Wainer; the (d) Request for Judicial Notice; and (a) Proposed Order Advancing Hearing Date on Petition to Compel Arbitration and to Stay Action Pending Award of Arbitrator, filed concurrently herewith; as follows:

a.     Andrew A. Smits, Law Offices of Andrew A. Smits, Attorney for Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust, email: asmits@smits-law.com;

b.     Robert Schachter, Hitchcock, Bowman & Schachter, Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees, email: rs@rschachterlaw.com;

c.     Lori E. Eropkin, Levinson Arshonsky & Kurtz, LLP, Attorneys for Defendant American Financial Center, Inc., email: leropkin@laklawyers.com;

2

**DECLARATION OF MAURICE WAINER ISO EX PARTE APPLICATION FOR ORDER ADVANCING HEARING ON PETITION TO COMPEL ARBITRATION**

d.      Megan E. Zucaro, on behalf of Megan E. Zucaro, an individual, and Helping Others International, LLC,  a Delaware limited liability company Others") (collectively, the "Zucaro Defendants"), email: m@megazee.com; and

e.      John B. Spear (Real Estate Broker), email: JohnBSpear@gmail.com.

5.      If the Petition is not heard until June 30, 2020, it would cause the filing of unnecessary motions and Plaintiff would seek to exploit the situation to argue it is excused from its agreement to arbitrate due to waiver. Efficient use of Court time and resources is served by having the Petition heard before other motions, and if the Petition is granted then any further motions would occur in arbitration.

6.      In addition, Megan E. Zucaro ("Zucaro") and Helping Others International, LLC ("Helping Others") (collectively, the "Zucaro Defendants") are not presently maintaining or managing the at issue property at 6475 Marigayle Circle, Huntington Beach, California 92648 (the "Property"), which is unoccupied.

7.      There are a multitude of tasks that must be performed to protect the value of the Property that is part of Lender Defendants' collateral, *as well as* the collateral of the Plaintiff.

8.      Accordingly, it is respectfully submitted that good cause exists for this Court to advance the hearing date on Applicants' Petition to Compel Arbitration and to Stay Action Pending Award of Arbitrator (the "Petition") from June 30, 2020 to an earlier date available on the Court's calendar.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on March 3, 2020, at Beverly Hills, California.

*/s/ Maurice Wainer*
_____
Maurice Wainer

3

**DECLARATION OF MAURICE WAINER ISO EX PARTE APPLICATION FOR ORDER ADVANCING
HEARING ON PETITION TO COMPEL ARBITRATION**

STEPHEN J. SNIPPER
(RETIRED)
MAURICE WAINER
NANCY YOUNG MARKOFF

LAW OFFICES
**SNIPPER, WAINER & MARKOFF**
232 North Canon Drive
Beverly Hills, California 90210-5302

TELEPHONE
(310) 550-5770

March 3, 2020

*VIA EMAIL*

*VIA EMAIL ONLY*

*Andrew A. Smits, Esq., Law Offices of Andrew A. Smits, Attorney for Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust, via email asmits@smits-law.com*

*Robert Schachter, Hitchcock, Bowman & Schachter, Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees, via email: rs@rschachterlaw.com*

*Lori E. Eropkin, Levinson Arshonsky & Kurtz, LLP, Attorneys for Defendant American Financial Center, Inc., via email: leropkin@laklawyers.com;*

*Megan E. Zucaro, on behalf of Megan E. Zucaro, an individual, and Helping Others International, LLC, a Delaware limited liability company Others") (collectively, the "Zucaro Cross Defendants"), via email: m@megazee.com;*

*John B. Spear (Real Estate Broker)and Tri Star Equity. via email: JohnBSpear@gmail.com*

Re:   *Ex Parte Notice of Application to Advance Hearing on Petition to Compel Arbitration*
      *Ex Parte Notice Of Application for Appointment of Receiver, etc.*
      *United Lender, LLC adv. Nguyen – OCSC Case No. 30-2020-01124778-CU-FR-CJC*

Dear Counsel:

This letter shall provide your client, by and through your office, with ex parte notice that on March 5, 2020, at 8:30 a.m., in Department C19 of the Orange County Superior Court, Central Justice Center, 700 Civic Center Drive, Santa Ana, CA 92701, Defendant and Cross-Complainant, United Lender, LLC, a Nevada limited liability company ("United Lender") and Defendants Shawn Ahdoot, an individual, and Albert A. Ahdoot, an individual (collectively, "Lender Defendants"), will apply to the court, Ex Parte, for an order advancing the hearing on Lender Defendants' Petition to Compel Arbitration and to Stay Action Pending Award of Arbitrator (the "Application To Advance") filed and served herein and presently set for hearing on June 30, 2020, at 1:30 p.m. We have also filed other documents in support of the Application to Advance which you have been served with and which are identified in the Declaration of Maurice Wainer.

At the same date, time and place as the Application To Advance on March 5, 2020, at 8:30 a.m., in Department C19 of the Orange County Superior Court, Central Justice Center, 700 Civic Center Drive, Santa Ana, CA 92701 United Lender will bring an Ex Parte Application for the Appointment of a Receiver on behalf of United Lender which application is also being served



Exhibit "6"

**SNIPPER, WAINER & MARKOFF**
Hon. Jacqueline Connor
July 13, 2018
Page 2 of XXX

and filed ("Appointment of a Receiver"). The papers in support of the Ex Parte Application for
the Appointment of a Receiver are described in the Declaration of Maurice Wainer Re; Notice
For Ex Parte Hearing in support of the Appointment of the Receiver which have been emailed to
you.

The Ex Parte Application to Advance is made on the grounds and pursuant to the
provisions of Rule 1005(b) of the *California Rules For Court* Rule 1005, because if the Petition
is not heard until June 30, 2020, it would cause the filing of unnecessary motions and Plaintiff or
Helping Others may seek to exploit the need to file motions to protect the Property which is the
subject of this Action or argue it/she is excused from an agreement to arbitrate due to waiver.
Efficient use of Court time and resources is served by having the Petition to Compel Arbitration
heard before other motions, and if the Petition is granted then any further motions would likely
occur in arbitration. In addition, Megan E. Zucaro ("Zucaro") and Helping Others International,
LLC ("Helping Others") (collectively, the "Zucaro Defendants") are not presently maintaining or
managing the at issue property at 6475 Marigayle Circle, Huntington Beach, California 92648
(the "Property") and rents are being diverted, causing irreparable injury as detailed in the Ex
Parte Application to Appoint Receiver . There are a multitude of tasks that must be performed to
protect the value of the Property that is part of Lender Defendants' collateral, *as well as* the
collateral of the Plaintiff. The grounds for the Appointment Of the Receiver are set forth in the
papers filed in support that are also identified in the declaration of Maurice Wainer re: Notice in
support of Ex Parte. These documents have been emailed to you.

Please advise if you will oppose the foregoing Ex Parte Applications. If you have any
questions or concerns please phone or email me.

Very truly yours,

SNIPPER, WAINER & MARKOFF

Maurice Wainer
*mrwainer@swmfirm.com*

cc: Lawrence C. Meyerson, Esq.

1097

# EXHIBIT 70

30-2020-01124778-CU-FR-CJC - ROA # 9 - DAVID H. YAMASAKI, Clerk of the Court By Amy Van Arkel, Deputy Clerk.

1  LAWRENCE C. MEYERSON (SBN 54136)
   A PROFESSIONAL LAW CORPORATION
2  5521 Mission Rd., Ste 399
   Bonsall, CA 92003
3  Telephone: (310) 827-3344
   Email: *lcm@lcmplc.com*
4
   MAURICE WAINER (SBN 121678)
5  SNIPPER WAINER & MARKOFF
   232 North Canon Drive
6  Beverly Hills, CA 90210-5302
   Telephone: (310) 550-5770
7  Email: *mrwainer@swmfirm.com*

8  Attorneys for Defendants
   UNITED LENDER, LLC, a Nevada limited
9  liability company; SHAWN AHDOOT, an
   individual; ALBERT A. AHDOOT, an individual
10

11          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12      **FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

13

14  ANH THY SONG NGUYEN, TRUSTEE OF      )  Case No. 30-2020-01124778-CU-FR-CJC
    MOTHER NATURE TRUST,                )
15                                      )  Hon. Walter Schwarm, Judge Assigned for
                    Plaintiff,          )  All Purposes, Department C19
16                                      )
    vs.                                 )  **FIRST AMENDED DECLARATION OF**
17                                      )  **MAURICE WAINER IN SUPPORT OF**
    UNITED LENDER, LLC, a Nevada limited )  **LENDER DEFENDANTS' PETITION**
18  liability company; SHAWN AHDOOT, an  )  **TO COMPEL ARBITRATION AND TO**
    individual; ALBERT A. AHDOOT, an     )  **STAY ACTION PENDING AWARD OF**
19  individual; MEGAN E. ZUCARO, an      )  **ARBITRATOR**
    individual; HELPING OTHERS           )
20  INTERNATIONAL, LLC, a Delaware limited )  *[Filed concurrently with First Amended*
    liability company; WESTERN FIDELITY  )  *Notice of Petition; First Amended*
21  ASSOCIATES, LLC, a California limited )  *Memorandum of Points & Authorities; First*
    liability company, dba WESTERN FIDELITY )  *Amended Request for Judicial Notice; and*
22  TRUSTEES; JOHN B. SPEAR, an individual; )  *First Amended Proof of Service]*
    AMERICAN FINANCIAL CENTER, INC., a   )
23  California corporation; and DOES 1 through )  DATE: June 30, 2020
    100, inclusive,                      )  TIME: 1:30 p.m.
24                                       )  DEPT: C19
                                         )
25                  Defendants.          )  **RES. NO.: 73228533**
                                         )
26  _____  )  Action filed: 01/15/2020

27

28                                  1
    _____
    **FIRST AMENDED DECLARATION OF MAURICE WAINER ISO LENDER DEFENDANTS' PETITION
    TO COMPEL ARBITRATION AND TO STAY ACTION PENDING AWARD OF ARBITRATOR**

I, Maurice Wainer, declare:

1.    I am an attorney at law admitted to practice before all courts of the State of California. I am a partner in the firm of Snipper, Wainer & Markoff, one of the attorneys for the Defendants UNITED LENDER, LLC, a Nevada limited liability company, SHAWN AHDOOT, an individual, and ALBERT A. AHDOOT, an individual (collectively, the "Lender Defendants").

2.    I have personal knowledge of the matters set forth herein, except as to those matters stated on information and belief and as to those matters I believe them to be true. If called upon as a witness I could and would competently testify to the matters declared herein.

3.    I make this first amended declaration in support of the Lender Defendants' Petition to Compel Arbitration and to Stay Action Pending Award of Arbitrator (the "Petition").

4.    On February 13, 2020, I sent a letter, a true and correct copy of which is attached hereto as **Exhibit "5"** and incorporated herein by reference, via email and U.S. mail, to Andrew A. Smits, Esq., of the Law Offices of Andrew A. Smits, counsel for Plaintiff ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST ("Plaintiff") in this action, requesting that Plaintiff agree to arbitrate its claims as more fully set forth in the attached letter (Exh. 3).

5.    The February 13, 2020 letter (Exh. 3) requests Mr. Smits, as time is of the essence, to respond by no later than close of business, Tuesday, February 18, 2020.

6.    Attached hereto as **Exhibit "6"** and incorporated herein by reference is a true and correct copy of the at Promissory Note entered into by and between United Lender and Helping Others dated on or about May 1, 2019 (the "Note").

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on March 3, 2020, at Beverly Hills, California.

*/s/ Maurice Wainer*
Maurice Wainer

2

**FIRST AMENDED DECLARATION OF MAURICE WAINER ISO LENDER DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY ACTION PENDING AWARD OF ARBITRATOR**

LAW OFFICES

# SNIPPER, WAINER & MARKOFF

STEPHEN J. SNIPPER (RET)
MAURICE WAINER
NANCY YOUNG MARKOFF

232 NORTH CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210

TELEPHONE
(310) 550-5770

February 13, 2020

*Via Email and U.S. Mail*

Andrew A. Smits, Esq.
Law Offices of Andrew A. Smits
36 Executive Park, Suite 160
Irvine, CA 92614-4794

Re:   *United Lender, LLC adv. Nguyen – OCSC Case No. 30-2020-01124778-CU-FR-CJC*

Dear Mr. Smits:

As you know, this office along with the Lawrence C. Meyerson, Esq. of Lawrence C. Meyerson of A Professional Law Corporation ("Mr. Meyerson"), represents Defendants United Lender, LLC ("UL"), Shawn Ahdoot and Albert A. Ahdoot (collectively, "Defendants"), in the above-referenced lawsuit (the "Action") brought by Anh Thy Song Nguyen ("Nguyen"),  Trustee of Mother Nature Trust (the "Trust") ("Plaintiff").

As you also know, Megan Zucaro as Buyer and Ms. Nguyen entered into a Residential Purchase Agreement and Joint Escrow Instructions dated March 26, 2019 (the "Contract") for the purchase and sale of the real property located at 6475 Marigayle Circle, Huntington Beach, California 92648 (the "Property"). That Contract obligates the Parties to mediate and arbitrate any dispute or claim arising between them out of the Contract or any resulting transaction.

Therefore, pursuant to Paragraph 22(A)(B) of the Contract, Defendants United Lender, LLC, Shawn Ahdoot and Albert A. Ahdoot, and each of them, hereby demand mediation and arbitration in an attempt to resolve and/or adjudicate the disputes alleged by Plaintiff in the Complaint and First Amended Complaint on file in the above-referenced Action.

Defendants United Lender, LLC, Shawn Ahdoot and Albert A. Ahdoot, and each of them, hereby further confirm and agree to mediation and arbitration with C.A.R. Real Estate Mediation Center and agree that an arbitrator who shall be a retired judge or justice or an attorney with at least five years of residential real estate law experience also be appointed, whom is mutually agreeable to our respective clients. If you have a different mediator proposal and or a mediation provider other than C.A.R. Real Estate Mediation Center, please provide that information.

Exhibit "6"

SNIPPER, WAINER & MARKOFF
Andrew A. Smits, Esq.
*Re: United Lender, LLC adv. Nguyen*
February 13, 2020
Page 2 of 3


Under California law, our clients, as nonsignatories to the at issue Contract with the mediation and arbitration clause, are entitled to compel your client to mediate and arbitrate with them because the causes of action alleged in the Complaint and the First Amended Complaint, are "intimately founded on and intertwined with" the Contract obligations. Your client may not equitably repudiate the mediation and arbitration clauses to avoid mediation and arbitration by suing nonsignatory defendants for claims that are based on the same set of facts and are apparently inseparable from the claims that are subject to mediation and arbitration, against the signatory defendants. Your client cannot use the obligations of the Contract as a basis for its claims against our nonsignatory clients while concurrently refusing to abide by the mediation and arbitration clause of the very same Contract.

The nexus between the Contract and the causes of action asserted by your client compels the conclusion that it is appropriate on demand that your client mediate and arbitrate with our clients, especially given the strong public policy in favor of the mediation and arbitration of disputes, of which I am sure you are well aware. It would certainly be an anomalous situation if Megan Zucaro were compelled to arbitrate (or could compel arbitration) while our clients could not, as there would be a possibility of conflicting rulings on common questions of fact and law.

After all, the pleadings filed by you on behalf of the Plaintiff allege that Megan Zucaro violated her obligations under the Contract by performing fraudulent acts concerning the sale and financing of the Property that benefitted our respective clients. Furthermore, the operative First Amended Complaint, at Paragraph 12, like the initial Complaint, alleges that "United Lender, Shawn Ahdoot, Albert Ahdoot, Zucaro, Helping Others International, Western Fidelity, Spear, American Financial, and Does I through 100, inclusive (hereinafter collectively referred to as "Defendants"), were at all times relevant herein the principal, partner, co-venturer, agent, servant, employee, or co-conspirator of each of the remaining co-defendants, and knowingly engaged in the acts and omissions alleged herein with permission and consent of each other co-defendant and acted within the course and scope of such partnership, agency, venture. employment or conspiracy."

Plaintiff's allegations of a principal and/or agency relationship among Defendants, and the asserted nexus, are sufficient to allow our clients as the alleged agents and principal to invoke the benefits of mediation and arbitration pursuant to the Contract, even though they are not parties to the Contract. (*Thomas v. Westlake* (2012) 204 Cal. App. 4th 605, 614-615.) Of course, it would be patently unfair to United Lender, LLC, Shawn Ahdoot and Albert A. Ahdoot, and each of them, to allow your client as Plaintiff to invoke principal and/or agency relationships when it is to Plaintiff's advantage to do so, while also at the same to disavow those same principles and

SNIPPER, WAINER & MARKOFF
Andrew A. Smits, Esq.
*Re: United Lender, LLC adv. Nguyen*
February 13, 2020
Page 3 of 3

relationships when it is not. (*Smith v. Microskills San Diego* (2007) 153 Cal. App. 4th 892, 896-897 (an "agency relationship" makes it "equitable to impose the duty to arbitrate on a nonsignatory").)

  In closing, as time is of the essence, as provided for in the at issue Contract, please confirm, in writing, that your client does agree to mediate and arbitrate the claims alleged by Plaintiff against United Lender, LLC, Shawn Ahdoot and Albert A. Ahdoot, and each of them, by no later than close of business, Tuesday, February 18, 2020. A failure to confirm that your clients agree to mediate and arbitrate its claims against United Lender, LLC, Shawn Ahdoot and Albert A. Ahdoot, and each of them, will be interpreted as a refusal to mediate and arbitration, and in that regard, we direct your attention to Paragraph 22(A)(B) of the Contract, among other provisions.

  We await your response.

        Very truly yours,

        SNIPPER, WAINER & MARKOFF

        Maurice Wainer
        *mrwainer@swmfirm.com*

cc: Lawrence C. Meyerson, Esq.
 (*lcm@lcmplc.com*)

# TERM NOTE SECURED BY
# REAL PROPERTY

| Loan Amount | Loan Rate | Los Angeles, California |
|---|---|---|
| $1,957,000.00 | 10.00% | Dated as of April___, 2019 |

For value received, the undersigned, Helping Others International LLC, a Delaware limited liability company (hereinafter referred to as "Maker" or "Borrower"), promises to pay to United Lender, LLC, a Nevada limited liability company (hereinafter referred to as "Lender"), or order, at 3635 S. Fort Apache Road, Suite 200-20, Las Vegas, NV, 89147, or at such other place and payable to the order of whomever may be designated in writing by the holder of this Term Note Secured By Real Property (hereinafter referred to as the "Note"), the principal sum of One Million Nine Hundred Fifty Seven Thousand and 00/100 Dollars ($1,957,000.00), or such lesser amount as shall equal the then remaining amount of the principal balance, together with interest accrued thereon as provided hereinbelow.  The maturity date of this Note is April___ 2020 (hereinafter referred to as the "Initial Maturity Date").

1.  **Definitions.**

   A.   "Business Day" shall mean a day on which banks are open and are not required or authorized to close in Los Angeles County, California.

   B.   "The Closing Date" shall mean April___, 2019.

2.  **Interest Rate.**  Commencing on the Closing Date, interest shall accrue on the unpaid principal balance of this Note at a rate per 360-day period equal to ten and 00/100 percent (10.00%) per annum (the "Loan Rate").

3.  **Terms and Conditions of Payment.**

   A.   Eleven (11) monthly payments of Sixteen Thousand Three Hundred Eight and 34/00 Dollars ($16,308.34) beginning May 1st 2019, with all subsequent payments due on the same day of each month thereafter ("Monthly Payment Date").

   B.   Except as may be provided herein below in Section 5 of this Note, on April 1st, 2020 (the "Initial Maturity Date) the principal balance hereof remaining unpaid, together with any and all accrued and unpaid interest hereunder, shall be paid in full.

   C.   All sums paid by the undersigned to Lender in connection with this Note shall be applied first to sums, other than principal and interest, due to Lender

1

Exhibit "7"

1104

pursuant to the Loan Documents, next to accrued but unpaid interest, and the balance, if any, to principal.

4.   **Secured Obligation**.   This Note is secured by real property collateral more particularly described in that certain Deed of Trust of even date and commonly referred to as 6475 Marigayle Circle, Huntington Beach, California 92648.

5.   **Option to Extend**.   On the Initial Maturity Date, Borrower may elect to extend the maturity of this Note for an additional one year on the same terms and conditions as herein stated, except that the new maturity date shall be April __, 2021 ("First Extended Maturity Date"). Conditions precedent to Borrower's right to exercise the election to extend the maturity date are: there is not then existing a default under this Note; a written notice of election has been received by Lender on or within seven (7) business days prior to the Initial Maturity Date; Borrower has made a principal reduction payment in an amount of not less than $57,000.00 representing the deferred loan fees due at inception on or before the Initial Maturity Date; and an extension fee to be paid on the First Extended Maturity Date has been agreed to be paid by Borrower to Lender equal to three percent (3%) of the then outstanding principal balance of this Note, and which agreement is acknowledged by Borrower's execution below.

6.   **Conditions Precedent to Disbursement of Loan Proceeds**. Conditions precedent to Lender's obligation to disburse the loan proceeds to Borrower are Borrower's payment to Lender's counsel of the transactional expenses incurred by Lender in connection with this transaction of $3,500.00 (payment of which is acknowledged to have been make by Borrower).

7.   **Late Payments**.   Maker acknowledges that if any payment required under this Note is not paid within ten (10) days after the same becomes due and payable, the holder hereof will incur extra administrative expenses (i.e., in addition to expenses incident to receipt of timely payment) and the loss of the use of funds in connection with the delinquency in payment. Because, from the nature of the case, the actual damages suffered by the holder hereof by reason of such extra administrative expenses and loss of use of funds would be impracticable or extremely difficult to ascertain, Maker agrees that five percent (5%) of the amount of the delinquent payment shall be the amount of damages to which such holder is entitled, upon such breach, in compensation therefore. Therefore, Maker shall, in such event, without further notice, pay to the holder hereof as such holder's sole monetary recovery to cover such extra administrative expenses and loss of use of funds, liquidated damages in the amount of five percent (5%) of the amount of such delinquent payment. The provisions of this paragraph are intended to govern only the determination of damages in the event of a breach in the performance of the obligation of Maker to make timely payments hereunder. Nothing in this Note shall be construed as an express or implied agreement by the holder hereof to forbear in the collection of any delinquent payment, or be construed as in any way giving Maker the right, express or implied, to fail to make timely payments hereunder, whether upon payment of such damages or otherwise. The right of the holder hereof to receive payment of such liquidated and actual damages, and receipt thereof, are without

2

prejudice to the right of such holder to collect such delinquent payments and any other amounts provided to be paid hereunder or under any security for this Note or to declare a Default hereunder or under any security for this Note.

8.    **Due on Transfer**.  As more particularly set forth in the Deed of Trust, should Maker, without the consent in writing of the holder hereof, sell, transfer, or convey, or permit to be sold, transferred, conveyed or encumbered by agreement for sale or in any other manner, Maker's interest in the property described in the Deed of Trust, or any portion thereof or interest therein, then the holder hereof may declare all sums secured thereby immediately due and payable.  This provision shall apply to each and every sale, transfer, or conveyance, regardless whether or not the holder hereof has consented to, or waived its rights hereunder, whether by action or non-action, in connection with any previous sale, transfer, or conveyance.

9.    **Default**.

   A. **Events of Default**.

   **Payment Default.**  Borrower fails to make any payment within ten (10) days of when due under this Note.

   **Other Defaults.**  Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents, including any guaranty provided in connection herewith,  or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

   **False Statements.**  Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

   **Adverse Change.**  A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

   **Insecurity.**  Lender in good faith believes itself insecure.

   **Creditor or Forfeiture Proceedings.**  Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan.  However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

3

TERM NOTE SECURED BY REAL PROPERTY

**Work of Improvement.** Borrower, prior to the full payment of all amounts due to Lender under this Note, shall commence any work of improvement upon the Collateral without Lender's prior written consent, which consent may be withheld in Lender's absolute discretion.

**Cure Provisions.** If any default, other than a default in payment is curable and if Borrower has not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured if Borrower, after Lender sends written notice to Borrower demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

B.   **Default Interest.** From and after the Initial Maturity Date or such applicable Extended Maturity Date, as the case may be, or such earlier date as all sums owing under this Note or any of the other loan documents, including the Deed of Trust, become due and payable by acceleration or otherwise, all such sums shall bear interest until paid in full at a rate equal to five percent (5%) per annum above the Loan Rate set forth herein, payable on the Monthly Payment Date of each and every month, which rate shall remain effective until any Default hereunder or under any of the other loan documents, including the Deed of Trust, is fully cured to Lender's reasonable satisfaction.

C.   **Acceleration.** Upon the occurrence of a Default hereunder, Lender may, at its option subject to any automatic Defaults as set forth in any of the loan documents, including the Deed of Trust, declare immediately due and owing the entire unpaid principal sum together with all interest thereon, plus any other sums owing at the time of such declaration pursuant to this Note and any other loan documents, including the Deed of Trust.

10.   **Form of Payment**. All sums owing hereunder are payable in lawful money of the United States of America.

11.   **Joint and Several Liability**. If this Note is executed by more than one person or entity as Maker, the obligations of each such person or entity shall be joint and several. No person or entity shall be a mere accommodation maker, but each shall be primarily and directly liable hereunder.

12.   **Attorneys' Fees**. If any attorney is engaged by Lender to enforce or construe any provision of this Note or the Deed of Trust, or as a consequence of any Default or Event of Default under the loan documents, with or without the filing of any legal action or proceeding, then Maker shall immediately pay on demand all attorneys' fees and other costs incurred by Lender, together with interest thereon from the date of such demand until paid at the rate applicable to the principal owing hereunder as if such unpaid attorneys' fees and costs had been added to the principal.

4

13.  **No Waiver**.  No previous waiver and no failure or delay by Lender in acting with respect to the terms of this Note or any other loan document shall constitute a waiver of any breach, Default or failure of condition under this Note, any other loan document, including the Deed of Trust, or the obligation secured thereby.  A waiver of any term of this Note, any other loan document, including the Deed of Trust, or of any of the obligations secured thereby must be made in writing and shall be limited to the express written terms of such waiver.

14.  **Waiver of Presentment, Protest, Offset, Demand and Other Notices**.  Maker waives presentment; demand; notice of dishonor; notice of Default or delinquency; notice of acceleration; notice of protest and nonpayment; notice of costs, expenses or losses and interest thereon; notice of interest on interest and late charges; and diligence in taking any action to collect any sums owing under this Note or in proceeding against any of the rights or interests in or to properties securing payment of this Note.  Maker and any guarantor of Maker waive any right of offset it now has or may hereafter have against Lender, and its successors and assigns, and agrees to make the payments called for hereunder in accordance with the terms hereof notwithstanding any such right of offset.

15.  **Time.**  Time is of the essence with respect to every provision hereof.

16.  **Governing Law**.  This Note shall be construed and enforced in accordance with the laws of the State of Nevada, except to the extent that Federal laws preempt the laws of the State of Nevada, and all persons and entities in any manner obligated under this Note consent to the jurisdiction of any Federal or State court within the State of Nevada having proper venue and also consent to service of process by any means authorized by California or Federal law.

17.  **Choice of Venue.**  If there is a lawsuit, Borrower agrees, upon Lender's request, to submit to the jurisdiction of the courts of Clark County, State of Nevada.

18.  **Usury.**  All agreements between Maker and Lender are expressly limited so that in no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof, acceleration of maturity of the unpaid principal balance hereof, or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of the money to be advanced hereunder exceed the highest lawful rate permissible under the applicable usury law.  If, from any circumstances whatsoever, fulfillment of any provision hereof or any other agreement relating to this Note, at the time performance of such provision shall be due, shall involve transcending the limit of validity prescribed by law which a court of competent jurisdiction may deem applicable hereto, then ipso facto, the obligation to be fulfilled shall be reduced to the limit of such validity, and if from any circumstance, Lender shall ever receive as interest an amount which would exceed the highest lawful rate, such amount which would be excessive interest shall be applied to the reduction of the unpaid principal balance due hereunder as of the date such amount is received or deemed to be received by Lender and not to

5
**TERM NOTE SECURED BY REAL PROPERTY**

the payment of interest.  This provision shall control every other provision of all agreements between the Maker and Lender.

19.  **Notices.**  All notices, with the exception of a Notice of Election, or other communications required or permitted to be given hereunder shall be in writing and shall be considered effective upon personal delivery, or upon the earlier of:  (i) one (1) business day after delivery for sending by a nationwide overnight commercial courier service; (ii) two (2) business days after deposit in the United States mail, postage prepaid, registered or certified with return receipt requested if such deposit is within Los Angeles County, California and, if deposited elsewhere, four (4) business days following such deposit; (iii) actual receipt as shown by the return receipt; or, facsimile transmittal; or (iv) one (1) business day after delivery by e-mail to the address of Lender or Borrower provided below . For purposes of notice, the mailing addresses and e-mail addresses of Maker and Lender shall be as set forth on the signature page hereof; provided, however, that any party shall have the right to change its address for notice hereunder to any other location by giving notice to the other party in the manner set forth above.

20.  **Waiver of Trial by Jury.**  Maker and Lender each waive any right to trial by jury in any action or proceeding relating to this note.

21.  **Arbitration.**  Maker and Lender agree that all disputes, claims and controversies between them, whether individual, joint, or class in nature, arising from this Note or otherwise, including without limitation contract and tort disputes, shall be arbitrated pursuant to the Rules of the American Arbitration Association, upon request of either party.  No act to take or dispose of any collateral securing this Note shall constitute a waiver of this arbitration agreement or be prohibited by this arbitration agreement.  This includes, without limitation, obtaining injunctive or a temporary restraining order; invoking a power of sale under any deed of trust or mortgage; obtaining a writ of attachment or imposition of a receiver; or exercising any rights relating to personal property, including taking or disposing of such property with or without judicial process pursuant to Article 9 of the Uniform Commercial Code.  Any disputes, claims, or controversies concerning the lawfulness or reasonableness of any act, or exercise of any right, concerning any collateral securing this Note, including any claim to rescind, reform, or otherwise modify any agreement relating to the collateral securing this Note, shall also be arbitrated, provided however that no arbitrator shall have the right or the power to enjoin or restrain any act of any party.  Maker and Lender agree that in the event of an action for judicial foreclosure pursuant to California Code of Civil Procedure Section 726, or any similar provision in any other state, the commencement of such an action will not constitute a waiver of the right to arbitrate and the court shall refer to arbitration as much of such action, including counterclaims, as lawfully may be referred to arbitration.  Judgment upon any award rendered by any arbitrator may be entered in any court having jurisdiction.  Nothing in this Note shall preclude any party from seeking equitable relief from a court of competent jurisdiction.  The statute of limitations, estoppel, waiver, laches, and similar doctrines which would otherwise be applicable in an action brought by a party shall be applicable in any arbitration proceeding, and the

6

commencement of an arbitration proceeding shall be deemed the commencement of an action for these purposes. The Federal Arbitration Act shall apply to the construction, interpretation, and enforcement of this arbitration provision.

19. **Modification.** This Note shall not be changed or modified orally, but in each instance only by an instrument in writing signed by the party against which enforcement of such change, modification, or waiver is sought.

20. **Prepayment.** Maker shall have no right to prepay any portion of the outstanding principal balance of this Note other than as provided is Section 5 hereof.

**MAKER:**

Helping Others International LLC, a
Delaware limited liability company

Megan Zucaro, Manager of Helping
Others International LLC

**Lender's Address:**
3635 S. Fort Apache Road
Suite 200-20
Las Vegas, NV 89147

**Maker's Address:**
4110 Vanetta Place
Los Angeles, CA 91604

**Lender's E-Mail Address:**
Shawn.ahdoot@gmail.com

**Maker's E-Mail Address:**
m@megazee.com

7

# EXHIBIT 71

1111

1   LAWRENCE C. MEYERSON (SBN 54136)
A PROFESSIONAL LAW CORPORATION

2   5521 Mission Rd., Ste 399
Bonsall, CA 92003

3   Telephone: (310) 827-3344
Email: *lcm@lcmplc.com*

4

5   MAURICE WAINER (SBN 121678)
SNIPPER WAINER & MARKOFF

6   232 North Canon Drive
Beverly Hills, CA 90210-5302

7   Telephone: (310) 550-5770
Email: *mrwainer@swmfirm.com*

8   Attorneys for Defendants
UNITED LENDER, LLC, a Nevada limited

9   liability company; SHAWN AHDOOT, an
individual; ALBERT A. AHDOOT, an individual

10

11           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12       **FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

13

| | |
|---|---|
| 14  ANH THY SONG NGUYEN, TRUSTEE OF<br>MOTHER NATURE TRUST, | Case No. 30-2020-01124778-CU-FR-CJC |
| 15 | Hon. Walter Schwarm, Judge Assigned for<br>All Purposes, Department C19 |
|         Plaintiff, | |
| 16 | **FIRST AMENDED NOTICE OF** |
| 17  vs. | **PETITION TO COMPEL** |
| | **ARBITRATION AND TO STAY** |
| 18  UNITED LENDER, LLC, a Nevada limited<br>liability company; SHAWN AHDOOT, an | **ACTION PENDING AWARD OF**<br>**ARBITRATOR FILED BY LENDER** |
| 19  individual; ALBERT A. AHDOOT, an<br>individual; MEGAN E. ZUCARO, an | **DEFENDANTS, UNITED LENDER,**<br>**LLC, SHAWN AHDOOT AND ALBERT** |
| 20  individual; HELPING OTHERS<br>INTERNATIONAL, LLC, a Delaware limited | **A. AHDOOT** |
| 21  liability company; WESTERN FIDELITY<br>ASSOCIATES, LLC, a California limited | *[Filed concurrently with First Amended* |
| 22  liability company, dba WESTERN FIDELITY<br>TRUSTEES; JOHN B. SPEAR, an individual; | *Memorandum of Points & Authorities; First*<br>*Amended Declaration of Maurice Wainer;* |
| 23  AMERICAN FINANCIAL CENTER, INC., a<br>California corporation; and DOES 1 through | *First Amended Request for Judicial Notice;*<br>*and First Amended Proof of Service]* |
|     100, inclusive, | |
| 24 | DATE: June 30, 2020 |
|         Defendants. | TIME: 1:30 p.m. |
| 25 | DEPT: C19 |
| 26 | **RES. NO.: 73228533** |
| 27  _____ | Action filed: 01/15/2020 |

28

<div align="center">1</div>

---

**TO THE ABOVE-ENTITLED HONORABLE COURT, AND TO ALL PARTIES IN THE ABOVE-ENTITLED ACTION, AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on June 30, 2020, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Department C19 located at the above-entitled court, located at 700 Civic Center Drive, Santa Ana, CA 92701, Defendants UNITED LENDER, LLC, a Nevada limited liability company, SHAWN AHDOOT, an individual, and ALBERT A. AHDOOT, an individual (collectively, the "Lender Defendants" or "Petitioners"), will and hereby do petition the Court pursuant to *Code of Civil Procedure* Section 1281, et seq., for an Order to Compel Arbitration of the above-entitled action, including all disputed matters and all parties, and to Stay Action Pending Award of Arbitrator pursuant to *Code of Civil Procedure* Section 1281.4 (the "Petition")

This Petition is made on the grounds that Plaintiff has alleged that Petitioners are the agents or third party beneficiaries of Defendants MEGAN E. ZUCARO, an individual ("Zucaro"), and/or Helping Others International, LLC, a Delaware limited liability company ("Helping Others") (collectively, the "Zucaro Defendants"), and Zucaro and/or Helping Others, along with the Plaintiff, entered into a California Residential Purchase Agreement and Joint Escrow Instructions ("RPA") (attached as Exhibit "A" to both the First Amended Complaint and the Declaration of ANH THY SONG NGUYEN dated 01/22/2020, on file in this action), to arbitrate all disputes relating to the RPA.

This Petition is *__ALSO__* made on the ground that Paragraph 21 of the Term Note Secured by Real Property ("Promissory Note") entered into by and between United Lender and Helping Others on or about May 1, 2019, attached as **Exhibit "6"** to the accompanying First Amended Declaration of Maurice Wainer filed herein.

///

///

///

///

///

2

1   This Petition is further based on this First Amended Notice of Petition, the accompanying

2   First Amended Memorandum of Points and Authorities, the First Amended Declaration of

3   Maurice Wainer and First Amended Request for Judicial Notice, and Exhibits attached thereto,

4   the First Amended Proof of Service, the court file and records in this action, and on such other

5   and further evidence, both oral and documentary, as may be presented at the time of hearing.

6

7                                        LAWRENCE C. MEYERSON,
                                         A Professional Law Corporation
8

9

10

11  Dated: March 3, 2020          By:    /s/ Lawrence C. Meyerson
                                         _____
12                                       Lawrence C. Meyerson, Esq.

13                                       SNIPPER, WAINER & MARKOFF

14

15

16  Dated: March 3, 2020          By:    /s/ Maurice Wainer
                                         _____
17                                       Maurice Wainer, Esq.

18                                       Attorneys for Defendants
                                         UNITED LENDER, LLC, a Nevada limited
19                                       liability company; SHAWN AHDOOT, an
                                         individual; ALBERT A. AHDOOT, an individual
20

21

22

23

24

25

26

27

28

3

# EXHIBIT 72

1115

1  LAWRENCE C. MEYERSON (SBN 54136)
   A PROFESSIONAL LAW CORPORATION
2  5521 Mission Rd., Ste 399
   Bonsall, CA 92003
3  Telephone: (310) 827-3344
   Email: *lcm@lcmplc.com*
4
   MAURICE WAINER (SBN 121678)
5  SNIPPER WAINER & MARKOFF
   232 North Canon Drive
6  Beverly Hills, CA 90210-5302
   Telephone: (310) 550-5770
7  Email: *mrwainer@swmfirm.com*
8  Attorneys for Defendant and Cross-Complainant
   UNITED LENDER, LLC, a Nevada limited
9  liability company; and Defendants
   SHAWN AHDOOT, an individual; and
10 ALBERT A. AHDOOT, an individual

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12          **FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

13

14 ANH THY SONG NGUYEN, TRUSTEE OF    )  Case No. 30-2020-01124778-CU-FR-CJC
   MOTHER NATURE TRUST,               )
15                                    )  Hon. Walter Schwarm, Judge Assigned for
              Plaintiff,              )  All Purposes, Department C19
16                                    )
   vs.                                )
17                                    )  **EX PARTE APPLICATION FOR:**
   UNITED LENDER, LLC, a Nevada limited )
18 liability company; SHAWN AHDOOT, an )  **(1)  APPOINTMENT OF A**
   individual; ALBERT A. AHDOOT, an   )  **RECEIVER;**
19 individual; MEGAN E. ZUCARO, an    )  **(2)  ORDER TO SHOW CAUSE WHY**
   individual; HELPING OTHERS         )  **THE APPOINTMENT OF A**
20 INTERNATIONAL, LLC, a Delaware limited )  **RECEIVER SHOULD NOT BE**
   liability company; WESTERN FIDELITY )  **CONFIRMED;**
21 ASSOCIATES, LLC, a California limited )  **(3)  TEMPORARY RESTRAINING**
   liability company, dba WESTERN FIDELITY )  **ORDER;**
22 TRUSTEES; JOHN B. SPEAR, an individual; )  **(4)  ORDER TO SHOW CAUSE WHY**
   AMERICAN FINANCIAL CENTER, INC., a )  **A PRELIMINARY INJUNCTION**
23 California corporation; and DOES 1 through )  **SHOULD NOT BE GRANTED;**
   100, inclusive,                    )  **OR, IN THE ALTERNATIVE,**
24                                    )  **(5)  TEMPORARY RESTRAINING**
              Defendants.             )  **ORDER AND ORDER TO SHOW**
25                                    )  **CAUSE RE RECEIVER**
                                      )  **APPOINTMENT AND WHY A**
26 _____ )  **PRELIMINARY INJUNCTION**
                                         **SHOULD NOT BE GRANTED ON**
27                                       **SHORTENED NOTICE; OR IN**
                                         **THE ALTERNATIVE,**
28                                    **(6)  FOR AN ORDER SHORTENING**
                                         **TIME ON THE SERVICE AND**
                                         **FILING OF NOTICED MOTION;**

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

*Declarations of Shawn Ahdoot and Maurice Wainer, the Proposed Ex Parte Order; and Proof of Service]*

DATE: March 5, 2020
TIME: 8:30 p.m.
DEPT: C19

**RES. NO.:**

Action filed: 01/15/2020

Defendant UNITED LENDER, LLC, a Nevada limited liability company ("United Lender" or"Applicant"), applies to the Court, ex parte, for the following: (1) Appointment of a Receiver; (2) Order to Show Cause Why the Appointment of a Receiver Should Not Be Confirmed; (3) Temporary Restraining Order; ( 4) Order to Show Cause Why a Preliminary Injunction Should Not Be Granted; Or, in the Alternative, (5) Temporary Restraining Order and Order to Show Cause re: Receiver Appointment and Why a Preliminary Injunction Should Not Be Granted on Shortened Notice.

This Application will made on the grounds and pursuant to the provisions of Civil Code Procedure §§ 526(a)(2), 564(b)(2),  564(9), 564(b)(11), 564(b)(12) and 1005(b), and Civil Code § 2938.

///
///
///
///
///
///
///
///
///
///

2

The Application will be based on this application, the accompanying declarations of Shawn Ahdoot and Maurice Wainer, the attached Memorandum of Points and Authorities, the accompanying Proposed Ex Parte Order, the papers, records and files in this action, any matters of which the Court takes judicial notice, and any oral and documentary evidence presented at the hearing on this application.

LAWRENCE C. MEYERSON,
A Professional Law Corporation

Dated: March 3, 2020            By:   /s/ Lawrence C. Meyerson
                                     _____
                                     Lawrence C. Meyerson, Esq.

SNIPPER, WAINER & MARKOFF

Dated: March 3, 2020            By:   /s/ Maurice Wainer
                                     _____
                                     Maurice Wainer, Esq.

Attorneys for Defendant and Cross-Complainant UNITED LENDER, LLC, a Nevada limited liability company; and Defendants SHAWN AHDOOT, an individual and ALBERT A. AHDOOT, an individual

3

EX PARTE APPLICATION FOR APPOINTMENT OF RECEIVER FILED BY UNITED LENDER, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

Applicant, United Lender, LLC ("United Lender") made a loan to HELPING OTHERS INTERNATIONAL, LLC ("Helping Others"), the proceeds of which loan was to be used to purchase the real property at 6475 Marigayle Circle, Huntington Beach, California 92648 (the "Property"). The loan became due and payable by its terms when Helping Others failed to pay as agreed. The loan is now in default.

The Property was pledged as security for the sums due Applicant. The Property which is the subject matter of this action is certain real property, together with related improvements, furniture, fixtures, equipment and personalty located within the County of Orange, California and more particularly described in **Exhibit "1"** attached to the accompanying Declaration of Shawn Ahdoot ("Ahdoot Decl.").

**Applicant United Lender seeks the appointment of a receiver with respect to the Property.** This Application is made without prejudice to United Lender's rights to demand arbitration or  to file such other and further motions as may be necessary to protect its interests and any modification to the pending injunction preventing United Lender from nonjudicially foreclosing on its deed of trust. United Lender seeks to grant the Receiver the powers described in the Proposed Order.

If a Receiver is not appointed immediately, United Lender will be prevented from enjoying the right to receive and collect the rents, issues and profits from the Property, because the tenants of such Property will have paid such rents to Borrower and will have forever discharged the liability for rents upon such payment. (Ahdoot Decl., at ¶17). It is impractical or impossible for United Lender to enjoy the security otherwise granted to it under the Deed of Trust without the immediate appointment of a Receiver who has the power and authority to take possession of the Property and to manage and operate the Property, including any rents, income, earnings, issues and profits generated therefrom. (Ahdoot Decl. at ¶16-18). Moreover and more importantly, it is apparent from the photographs attached to the Declaration of Shawn Ahdoot (at ¶13 the Property is in a state of neglect and that a business is being operated from the Property.

As far as can be presently ascertained, the Property is not insured or licensed as a halfway house, sober living or similar facility and certainly there is increased risk and exposure given the use being made of the Property. Requests for such proof of insurance and for a license have been ignored. (Ahdoot Decl. at ¶20).

## II. Promissory Note and Deeds of Trust

On or about May 1, 2019, United Lender and Helping Others agreed to, and did, enter into a loan transaction pursuant to which Applicant United Lender provided financing to Helping Others in the amount of $1,957,000 in compliance with the terms of a Promissory Note of even date (the "Note"), **Exhibit "2"** to the accompanying Declaration of Shawn Ahdoot and incorporated herein by this reference as though fully set forth herein. The Note is secured by:

a.  A Deed of Trust dated May 1, 2019 from Helping Others as Trustor and in favor of Applicant as Beneficiary ("Deed of Trust"). The Deed of Trust, attached as **Exhibit "3"** to the accompanying Declaration of Shawn Ahdoot and incorporated herein by this reference as though fully set forth herein, was duly recorded in the Official Records of Orange County on May 2, 2019 as Instrument No. 2019000146649 and encumbers the Property described therein.

## III. Monies Due on Note

By reason of Helping Others' failure to cure the defaults under the Note, the Deed of Trust and by reason of the maturity of same, Applicant has exercised its option and elected to declare the whole sum of principal and interest under the Note immediately due and payable. Helping Others currently owes United Lender the total sum of $2,234,390.66, as of January 31, 2020, plus other accrued charges.

## V. Maturity and Default

The Note has matured according to its terms and is now due and payable.

As of the date of this Application, Helping Others has failed and refused, and continues to fail and refuse to cure its defaults under the Note. Helping Others' failures to pay pursuant to the Note which it executed clearly reflects its failure to satisfy its legal obligations to Applicant.

## VI. Status of the Property and Receiver Duties.

5

1    The Property is being occupied. (Ahdoot Decl. at ¶13). In addition, Applicant United

2    Lender is informed and believes the Property is being rented to several individuals living in an

3    unlicensed halfway house or sober living type facility. Shawn Ahdoot inspected the Property on

4    February 23, 2020, and determined the home is being used as some type of halfway house or

5    sober living facility, based on a bulletin board and sign in sheet observed by him. (See Exhibit

6    "4" to Ahdoot Decl.).  Helping Others is unresponsive to a request for a  license to operate a

7    business from the Property or for proof of insurance as required by the Deed of Trust. (Ahdoot

8    Decl. at ¶20. Helping Others did not obtain the approval of United Lender to rent our any portion

9    of the Property.  (Ahdoot Decl. at ¶16)

10    Amongst other things and as provided in the Order

11    A. The receiver, prior to entry of his duties, shall take an oath to support the constitutions

12    of the United States and the State of California and shall be bonded according to law. B. The

13    receiver shall be authorized, empowered and directed: (1). To marshal, collect, review, observe,

14    discover and take charge of the Property.  The receiver shall report to this Court the results of the

15    review, observation, discovery and abstracts resulting from the activities of the receiver as

16    ordered by this Court. (2). To employ attorneys to assist the receiver in the performance of his

17    duties and responsibilities, such employment to be approved by the Court upon ex parte

18    application of the receiver; (3). To employ other such persons, including accountants,

19    investigators, clerical and professional personnel, and the receiver's in-house staff and counsel, to

20    perform such tasks as may be necessary to aid the receiver in the performance of his duties and

21    responsibilities, without further order of the Court; (4). To file, within 30 days of his

22    qualification and appointment hereunder, an initial inventory of all property which he shall then

23    have reviewed, observed and/or discovered pursuant to this Court's order;(5). To undertake an

24    independent review into the affairs and  transactions with respect to the operation of any sober

25    living facility or like kind of business operated from the Property. Defendants and to file with

26    this Court, within 120 days, and every six months thereafter.(6) To bring such proceedings as are

27    necessary to enforce the provisions of the Deed with respect to the operation of a business, to

28    operate or close any business being operated from the Property not in compliance with the Deed

6

of trust in favor of United Lender (7). To bring such proceedings as are necessary to modify the

provisions hereof, as the receiver deems appropriate; (8). To make such payments and

disbursements from the funds or rents so taken into custody, control and possession of the

receiver or otherwise received by him from the operation of any business out of the Property , as

may be necessary and advisable in discharging his duties as receiver, without further order of the

Court, including, without limitation, the payment of interim compensation to the receiver and

persons or entities under (b) and © above, subject to the provisions of the Order ; (9). To

institute, prosecute, defend, compromise, intervene in and become a party, either in his own

name, to such suits, actions or proceedings as may be necessary for the protection, maintenance,

recoupment or preservation of the Property or any business operated from the Property, or in his

custody, in his discretion, without further order of the Court; and (10). To divert, take possession

of and secure all mail to the Property , in order to screen such mail, retaining so much as it relates

to the Property or any business operated from the Property, and forwarding to the individual or

other appropriate addresses so much as is not, in the receiver's opinion, appropriate for retention

by hire(11The receiver shall cooperate fully *with the Plaintiff and United Lender,* matters

relating to the conduct or business from the Property or the property.


# VII. Argument

**1.      Code of Civil Procedure Section 564(b)(2) Establishes Applicant's Right To Have A**

**Receiver Appointed.**

Courts may appoint a receiver "in an action by a secured lender of a deed of trust or

mortgage upon which there is a lien under a deed of trust or mortgage, where it appears that the

property is in danger of being lost, removed, or materially injured, or that the condition of the

deed of trust or mortgage has not been performed, and that the property probably is insufficient to

discharge the deed of trust or mortgage debt." As shown by the Declaration of Shawn Ahdoot

Section 564(b)(2) applies here because the Property is in danger of being materially injured by

the unlicensed use of a Property as a halfway house or a sober living facility. The Property is in

7

danger of being materially injured due to waste, and potentially damage to the Property from the unlicensed use of the Property to conduct a business. Code of Civil Procedure section 564 provides at least three bases entitling Applicants to appointment of a receiver.

Applicant is entitled to appointment of a receiver **on an ex parte basis** under California Rule of Court 3.1175, based on the imminent and irreparable loss and injury the Property face due to the number of people living at the Property and the unauthorized and unlicensed operation of a business from the home.

United Lender has established each of the requirements for appointment of a receiver under section 564(b)(2). Applicant is a secured creditor under the Deeds of Trust. Plaintiff holds a perfected security interest in the Property and the Rents. (Ahdoot Decl., ¶8-11)In addition under section 564(9) Applicant's collateral is particularly at risk of being "materially injured," because the an unlicensed business is being operated out of the home causing waste.(Ahdoot Decl., ¶20) In addition, at least one condition of the Deeds of Trust has not been performed, in that the Trustee shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property and or that the Property shall be insured and not rented without permission of United Lender. (Ahdoot Decl., ¶20-27, Exh.3.)The Deed of Trust at ¶ 5.8 requires the Borrower to maintain insurance, comply with the laws and obtain the permission of Lender with respect to the rental of the Property. (Ahdoot Decl., ¶10, Exh.3.) Applicant will suffer irreparable injury from the continued erosion of the value of the Property (i.e. Applicant's collateral) and non-comliance by borrower with the terms of the Deed Of Trust. Therefore, appointment of a receiver is both appropriate and necessary.

In Title Insurance and Trust Co. v. California Dev. Co. (1912) 164 Cal. 58, 62, the Supreme Court held that a court may appoint a receiver where the mortgaged property was in danger of material injury to the extent that its value would substantially depreciate and thereafter fail to provide adequate security for the satisfaction of the mortgage debt. Although Plaintiff need not make this showing because of the actual agreement to the appointment of a receiver upon a default, as discussed below, Plaintiff asserts that circumstances are such that appointment of a receiver under 564(b)(2), which allows for broader powers, would be appropriate. First, further

EX PARTE APPLICATION FOR APPOINTMENT OF RECEIVER FILED BY UNITED LENDER, LLC

future rents, both from the tenants, are in danger of being lost. Second, the continued used of the Property in the manner shown by the photographs attached as **Exhibit "4"** to the declaration of Shawn Ahdoot expose all lenders to a loss of their collateral. Thus, Plaintiff is entitled to the appointment of a receiver under Code of Civil Procedure 564(b)(2) and 564(9) and 564(b)(11), and on an ex parte basis.

**2.      A Receiver May Be Appointed When a Probable Right of Interest in Property Is Shown and a Receiver Is Appropriate to Protect the Property.**

If it appears that a party seeking an appointment of a receiver has at least a probable right or interest in the property sought to be placed in receivership and that the property and income derived therefrom are in danger of destruction, removal or misappropriation, a receiver may be appointed, and that appointment will not be reversed on appeal. Maaaiora v. Palo. Alto Inn, Inc. (1967) 249 Cal.App.2d 706, 710;Sachs v. Killeen (1958) 165 Cal.App.2d 205, 213. The terms of the note and deed of trust attached to the Declaration of Shawn Ahdoot show that Plaintiff is a secured creditor which holds interest in the Property presently in the possession of defendants. Clearly, the requisite interest in the Property exists to meet the  test of Code of Civil Procedure 564.

**3.      Applicant Is Entitled to the Appointment of a Receiver under Code of Civil Procedure Section 564(b)(11) Which Expressly Authorizes 'The Appointment of a Receiver in an Action by a Secured Lender for Specific Performance of an Assignment of Rents Provision in a Deed of Trust.**

Code of Civil Procedure ("CCP") § 564(b)(11) expressly authorizes the appointment of a receiver "[i]n an action by a secured lender for specific performance of an assignment of rents provision in a deed of trust, mortgage or separate assignment document."

Applicant has no adequate remedy at law to enforce the provisions of the Deed of Trust with respect to the assignment and collection of rents from the Property other than specific enforcement of the assignment of rents provision contained within the Deed of Trust. Moreover, such appointment is now expressly authorized under CCP § 564(b)(11) in connection with either a judicial or nonjudicial foreclosure.

1   Accordingly, under CCP § 564(b)(11), Applicant is expressly entitled to the appointment

2   of a receiver on the Property in this action for specific performance of the assignment of rents

3   provisions of the Deed of Trust, including. without limitation during the pendency of this Action.

4   **4.      Code of Civil Procedure Section 564(b)(12) Expressly, Authorizes the Appointment**

5   **of a Receiver in an Action by a Lender as Assignee under an Assignment of Rents**

6   **Provision on a Deed of Trust.**

7   CCP § 564(b)(12) expressly authorizes the appointment of a receiver "[i]n a case brought

8   by an assignee under an assignment of leases, rents, issues or profits pursuant to subdivision (g)

9   of Section 2938 of the Civil Code."

10  Civil Code ("Civ. Code") § 2938 provides that an assignment of rents in a real property

11  secured loan transaction, such as the loan at issue here, constitutes a present and perfected

12  transfer of interest in the rents. § 2938 provides, in part:

13          "(a) A written assignment of interest in rents, issues, and profits of

14          real property made in connection with a loan secured by real

15          property, irrespective of whether the assignment is denoted as

16          absolute, absolute conditioned upon default, additional security for

17          an obligation, or otherwise, shall, upon execution and delivery by

18          the assignor, be effective to create a present security interest in

19          existing and future leases, rents, issues, or profits of that real

20          property.

21          (b) An assignment of an interest in leases, rents, issues, or profits

22          of real property may be recorded in the records of the county

23          recorder in which the underlying real property is located . . . and

24          when so duly recorded . . . (2) the interest granted by the

25          assignment shall be deemed fully perfected as of the time of

26          recondition . . ." (Emphasis Added).

27  Civ. Code § 2938© expressly provides that:

28          "© Upon default of the assignor under the obligation secured by

10

1   the assignment of leases, rents, issues and profits, the assignor shall

2   be entitled to enforce the assignment . . . by one or more of the

3   following: (1) <u>The appointment of a receiver</u>." (Emphasis Added).

4   Civ. Code section 2938(g) makes reference to the enforcement options set forth in

5   § 2938(c)expressly including the entitlement to enforce the assignment of leases, rents, issues

6   and profits through the appointment of a receiver by the court.

7   Pursuant to Civ. Code § 2938, CCP § 564(b)(12), and the express terms of the Loan

8   Documents, Applicant is entitled as a matter of law to the appointment of a receiver on the

9   Property.

10  **5.    Applicant Is Also Contractually and Equitably Entitled to the Appointment of a**

11  **Receiver under Code of Civil Procedure Section 564(b)(9) and the Deed of Trust**.

12  Even apart from the express authority under CCP §§ 564(b)(11) and 564(b)(12),

13  as a matter of equity a receiver is warranted under CCP § 564(b)(9) based upon the relevant

14  provisions of the Loan Documents and Borrower's defaults under the Loan Documents. CCP §

15  564 authorizes the appointment of receivers in specific circumstances, including "cases where

16  necessary to preserve the property or rights of any party." See CCP §564(b)(9). The courts of this

17  state routinely exercise this authority by appointing an "assignment-of-rents" receivers following

18  a debtor's default under a deed of trust, especially in actions such as this to specifically enforce

19  an "assignment-of-rents" clause in loan documents. *See, e.g.,* ***Barclays Bank of California v.***

20  ***Superior Court*** (1977) 69 Cal.App.3d 593, 599-600.

21  "[T]he express agreement of the mortgagor [that a receiver shall be

22  appointed upon a default] is an equity that should not ordinarily be

23  ignored and <u>from an agreement it may reasonably be inferred that</u>

24  <u>the mortgagor himself deemed the appointment of a receiver</u>

25  <u>proper</u>. [I]t reasonably follows that it presents a *prima facie*, but

26  rebuttable, evidentiary showing of the beneficiary's entitlement to

27  the appointment of a receiver." (Emphasis Added). ***Barclays Bank***,

28  69 Cal.App.3d at 602.

11

The Deed of Trust, at ¶6.2©, provides for the appointment of such a receiver, as follows:

"© To terminate Trustor's right and license to collect the income, rents, issues, deposits, proceeds and profits and either in person or by agent, with or without bringing any action or proceeding, or by a receiver appointed by a court and without regard to the adequacy of its security, enter upon and take possession of the Subject Property, or any part thereof, in its own name or in the name of Trustee, and do any acts which it deems necessary or desirable to preserve the value, marketability or rentability of the Subject Property, or any part thereof or interest therein, make, modify, enforce, cancel or accept the surrender of any lease, increase the income thereof, or protect the security hereof and, with or without taking possession of the Subject Property, sue for or otherwise collect the income, rents, issues, deposits, proceeds and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection including attorneys' fees, upon any indebtedness secured hereby, all in such order as Beneficiary may determine. The entering upon and taking possession of the Subject Property, the collection of the income, rents, issues, deposits, proceeds and proceeds and the application thereof as aforesaid, or any such acts, shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done in response to such Default or pursuant to such Notice or Default and, notwithstanding the continuance in possession of the Subject Property or the collection, receipt and application of the income, rents, issues, deposits, proceeds or profits, Trustee or Beneficiary shall be entitled to exercise every right provided for in any of the loan documents or by law upon the occurrence of any Default, including the right to exercise the power of sale provided below;"

Here, Borrower expressly consented to the appointment of a receiver to manage the Property and collect the rents and revenues thereof. Because Applicant (United Lender) elects to seek the appointment of a receiver for the Property, Borrower (Helping Others), by its execution of the Deed of Trust has expressly consented to the appointment of such receiver. (See above

12

1    cited language from Deed of Trust, at ¶6.2©, which Deed of Trust is attached as **Exhibit "3 "** to

2    the declaration of Shawn Ahdoot.

3         As shown by the express language of the Deed of Trust, the Borrower here (Helping

4    Others) agreed to the appointment of a receiver should the Borrower default. In the words of the

5    *Barclays* court, the Borrower has "deemed the appointment of a receiver proper." *Barclays* at

6    602. As described above, Helping Others is now in default under the Note and Deed of Trust.

7    Thus, under the principles enunciated in *Barclays*, United Lender has made a *prima facie*

8    showing of its entitlement to a receiver.

9         Helping Others cannot make the required showing of countervailing equities necessary to

10   rebut United Lender's *prima facie* showing when the equitable considerations regarding the

11   appointment of an "Assignment of Rents" receiver weigh so heavily in favor of appointment. The

12   usual reluctance to appoint a receiver does not apply where a receiver is sought to enforce an

13   assignment of rents provision in a deed of trust, because the parties have agreed in advance to the

14   appointment. Moreover, there is less potential for harm in an assignment of rents receivership;

15   making such receiverships quite common.

16        Under the Note and Deed of Trust, United Lender is entitled to immediate possession of

17   those Rents. Yet, so long as the Borrower remains in possession of the Property, Applicant is

18   denied the Rents to which it is entitled. Thus, the equities favor the appointment of a receiver

19   pursuant to the provisions of the Deed of Trust to which Helping Others  has expressly agreed.

20   The irreparable harm of forever losing its right to the Rents under the Deed of Trust justifies

21   United Lender's request that such appointment be made *ex parte* before the next rents are paid to

22   Helping Others.

23   **6.      Applicant Is Entitled to an Order to Show Cause Why the Appointment of a**

24           **Receiver Should Not Be Confirmed.**

25        An *Ex Parte* Application for a Receiver followed by an Order to Show Cause Why the

26   Appointment of a Receiver Should Not Be Confirmed is a proper procedure for having a receiver

27   appointed when the Defendants have not yet made an appearance in the action. Olson v. Comora

28   (1977) 73 Cal.App.3d 642. Because the Defendants may have not yet appeared in this action and

13

**EX PARTE APPLICATION FOR APPOINTMENT OF RECEIVER FILED BY UNITED LENDER, LLC**

1  United Lender is entitled to the appointment of a receiver, and an Order to Show Cause Why the

2  Appointment of a Receiver Should Not Be Confirmed should issue.

3  **7.    Alternatively. Applicant Is Entitled to an Order Shortening Time for Service of the**

4  **Order to Show Cause and Supporting Papers.**

5  California CCP § 1005(b) specifically provides that the court may shorten time for

6  service of notice of a motion. As set forth in the accompanying Declaration of Shawn Ahdoot,

7  good cause exists for an order shortening time so that the Order to Show Cause re Appointment

8  of a Receiver and Preliminary Injunction can be heard as soon as possible in order to avoid

9  irreparable injury that will result to United Lender when additional rents are diverted by Helping

10  Others. (See Ahdoot Decl. at ¶¶11-17.) Once diverted, these rents are forever lost. Therefore, the

11  interest of justice would be served by an order shortening time for a hearing regarding the

12  appointment of a receiver to secure the Property and take possession of the Rents.

13  **8.    Under Either Alternative. The Court Should Enter a Temporary Restraining Order**

14  **to Protect Applicant's, Possessory Interest in the Rents and to Prevent Wrongful**

15  **Diversion of the Rents.**

16  Applicant, United Lender, is entitled to immediate possession of Rents. Unless a

17  Temporary Restraining Order is granted, the Borrower will remain free to irreparably harm

18  United Lender by diverting the Rents. CCP § 526(a)(2).

19  Civ. Code § 2938 provides that an absolute assignment of rents in a real property secured

20  loan transaction, such as the loan at issue here, constitutes a present and perfected transfer of

21  interest in the rents. Section 2938 provides, in part:

22  "(a) A written assignment of an interest in leases, rents, issues, or profits of real

23  property made in connection with an obligation secured by real property,

24  irrespective of wether the assignment is denoted as absolute, absolute conditioned

25  upon default, additional security for an obligation, or otherwise, shall, upon

26  execution and deliver by the assignor, be effective to create a present security

27  interest in existing and future leases, rents, issues, or profits of that real property.

28  As used in this section, "leases, rents, issues, and profits of real property" include

14

1   the cash proceeds thereof. The term "cash proceeds" means cash, checks, deposit

2   accounts, and the like."

3   (b) An assignment of an interest in leases, rents, issues, or profits of real

4   property...shall be deemed fully perfected as of the time of the recondition with

5   the same force and effect as any other duly recorded conveyance or an interest in

6   real property. . . ."

7   Once a lender has perfected a security interest in rents, it has the right to possess the rents.

8   See *Title Guaranty Trust Co. v. Monson* (1938) 11 Ca1.2d 621, 625-26. Because the Deed of

9   Trust absolutely assign the Rents to United Lender, United Lender is entitled to possession of the

10  Rents pursuant to the Deed of Trust which provides, at ¶6.2©, provides as follows:

11  "© To terminate Trustor's right and license to collect the income, rents, issues,

12  deposits, proceeds and profits and either in person or by agent, with or without

13  bringing any action or proceeding, or by a receiver appointed by a court and

14  without regard to the adequacy of its security, enter upon and take possession of

15  the Subject Property, or any part thereof, in its own name or in the name of

16  Trustee, and do any acts which it deems necessary or desirable to preserve the

17  value, marketability or rentability of the Subject Property, or any part thereof or

18  interest therein, make, modify, enforce, cancel or accept the surrender of any

19  lease, increase the income thereof, or protect the security hereof and, with or

20  without taking possession of the Subject Property, sue for or otherwise collect the

21  income, rents, issues, deposits, proceeds and profits, including those past due and

22  unpaid, and apply the same, less costs and expenses of operation and collection

23  including attorneys' fees, upon any indebtedness secured hereby, all in such order

24  as Beneficiary may determine. The entering upon and taking possession of the

25  Subject Property, the collection of the income, rents, issues, deposits, proceeds

26  and proceeds and the application thereof as aforesaid, or any such acts, shall not

27  cure or waive any Default or Notice of Default hereunder or invalidate any act

28  done in response to such Default or pursuant to such Notice or Default and,

15

1  notwithstanding the continuance in possession of the Subject Property or the

2  collection, receipt and application of the income, rents, issues, deposits, proceeds

3  or profits, Trustee or Beneficiary shall be entitled to exercise every right provided

4  for in any of the loan documents or by law upon the occurrence of any Default,

5  including the right to exercise the power of sale provided below;"

6  Applicant, United Lender, needs and is entitled to a Temporary Restraining Order to

7  protect its right to the Rents currently in Defendant's possession and/or those which will soon be

8  generated by the Property.

9  **IV. Conclusion**

10  As set forth above, Applicant, United Lender, is entitled to the immediate appointment of

11  a receiver on the Property pursuant to CCP §§ 564(b)(11), 564(b)(12), and 564(b)(9), 564(d) and

12  pursuant to relevant provisions of the Deed of Trust.

13  Applicant, United Lender, respectfully submits that this Court should grant Applicant's

14  Motion for the immediate appointment of a Receiver on the Property, and issue an Order to Show

15  Cause Why the Appointment of a Receiver Should Not Be Confirmed and Why a Preliminary

16  Injunction Should Not Be Granted. Alternatively, the Court should issue a Temporary

17  Restraining Order to protect the Rents pending the hearing on an Order to Show Cause Why a

18  Receiver Should Not Be Appointed and Why a Preliminary Injunction Should Not Be Granted,

19  and shorten time for service of an Order to Show Cause.

20  Respectfully submitted,

21  LAWRENCE C. MEYERSON,
    A Professional Law Corporation

22

23

24

25  Dated: March 3, 2020          By:    */s/ Lawrence C. Meyerson*
    _____
    Lawrence C. Meyerson, Esq.

26

27  SNIPPER, WAINER & MARKOFF

28

16

1

2    Dated: March 3, 2020                    By:    */s/ Maurice Wainer*
                                                   _____
3                                                  Maurice Wainer, Esq.

4                                                  Attorneys for Defendant and Cross-Complainant
                                                   UNITED LENDER, LLC, a Nevada limited
5                                                  liability company; and
                                                   Defendants SHAWN AHDOOT, an individual and
6                                                  ALBERT A. AHDOOT, an individual

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

**EX PARTE APPLICATION FOR APPOINTMENT OF RECEIVER FILED BY UNITED LENDER, LLC**

## DECLARATION OF ROBERT P. MOSIER

I, Robert P. Mosier, declare and affirm as follows:

1.    I am the principal officer and owner of Mosier & Company, Inc. located at 3151 Airway Avenue, Suite A-1, Costa Mesa, California 92626.  Our primary business activity is acting as Court-appointed Receiver, Provisional Director, Partition Referee and Trustee for many types of entities including real estate projects and operating companies.  I am briefly familiar with the motion for the appointment of a Receiver to take charge of a home that is rented to a sobor living facility in Orange County, CA. the assignment is to manage and potentially sell the property.  I believe that I am both qualified/capable of performing the duties as contemplated therein.

2.    I serve as a Court-appointed Receiver for both the State and Federal Courts.  Over the past thirty-five years, I have served as a Court-appointed fiduciary in approximately 640 cases, and many of these cases involve the sale of property(ies) throughout the United States.  I have also served or serve as a Federal Equity Receiver for the Central District Courts in Los Angeles, San Francisco and Orange Counties, Oregon and Florida.   Many of these receivership cases involve the sale of commercial and residential real estate properties.

3.   I have served on the Panel of Trustees in the Santa Ana Division of the Central District of California, Federal Bankruptcy System.   To date, I have served as a Chapter 7 Trustee in well over 4,000 cases, and I have served as a Chapter 11 Trustee in approximately 65 cases.  Many of these cases have involved taking charge of commercial real estate.  I also serve as an Examiner and as a Federal Bankruptcy Trustee in Chapter 11 and Chapter 7 cases.

4.    In the last two years, I have sold over 20 homes in Southern California from $250,000 (San Bernardino County) to $17.5 million (a small ocean-view mansion in Montecito).  I used both conventional brokers and/or a firm that specializes in real estate auctions for these sales.  The individuals I engage for these sales specialize in selling distressed assets that typically require court approval to proceed in order to close a sale.

5.      For managing a property and/or preparing it for sale, I use agents who are part of my regular staff.  Billings for the agents who assist me in the administration of the case are computed on an hourly basis.  Specific billable rates include the following: paralegal, assistant bookkeeper and controller bill at $55 to $105 per hour.  The lead field agent, Jim LeSieur, a retired Bank president and former CPA, bills at $225 per hour.  Craig Collins, a practicing CPA, typically prepares the cash flow budget for the project and then periodically monitors or updates the budget versus actual results as the case moves forward.  His rate is $295 per hour.

6.      As Receiver, I personally get involved in setting the guidelines for the case and I monitor progress by on-site visits/inspections and through the project manager and the bookkeeping staff.  I also oversee the preparation of (a) the inventory (Rules of Court 3.1181), (b) monthly reports required (Rules of Court 3.1182), (c) the final account and report (Rules of Court 3.1184) and (d) petitions for instructions as needed.  My rate is $395 per hour.  In recent cases, our blended hourly rates were $195 per hour.

7.      The fee applications of the Receiver and the agents are typically circulated on a monthly basis and paid (if consistent with the terms of the appointing order and there being no objections).  These interim fees are subject to final approval by the Court.

8.      When warranted, and subject to further Court approval, I sometimes retain the services of counsel to assist in bringing or defending lawsuits or resolving complex legal matters such as getting out of a lease or handle complex title issues.

9.      A true and correct copy of my resume along with those of staff members is attached hereto.  To amplify, I am a founding member of the California Receivers Forum.  The goal of the Receivers Forum is to provide educational programs, training, and literature to improve the professionalism and competency of the State-wide Receivership community.  I am a past President of the State Board of the Receivers Forum.  I have headed the Education/Ethics Committees and co-authored five, two-day programs at Loyola Law School (from 2000 to 2013) dealing exclusively with Receivership issues and training.  The next Loyola seminar will be conducted in January 2020.

10.    I am also the Publisher of the Receivership News, a quarterly trade journal that presents timely articles on California Receivership issues.  I am also a member of the National Association of Federal Equity Receivers the focus of which is the resolution of fraud cases brought by governmental regulatory agencies such as the Securities and Exchange Commission, Internal Revenue Service, Department of Labor, Department of Justice and other Federal enforcement agencies.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  This declaration was executed by me on February 28, 2020, in Costa Mesa, California.

_____

Robert P. Mosier

# EXHIBIT 73

1136

<table>
<tr><td>1</td><td>LAWRENCE C. MEYERSON (SBN 54136)<br>A PROFESSIONAL LAW CORPORATION</td></tr>
</table>

1  LAWRENCE C. MEYERSON (SBN 54136)
   A PROFESSIONAL LAW CORPORATION
2  5521 Mission Rd., Ste 399
   Bonsall, CA 92003
3  Telephone: (310) 827-3344
   Email: *lcm@lcmplc.com*
4
   MAURICE WAINER (SBN 121678)
5  SNIPPER WAINER & MARKOFF
   232 North Canon Drive
6  Beverly Hills, CA 90210-5302
   Telephone: (310) 550-5770
7  Email: *mrwainer@swmfirm.com*

8  Attorneys for Defendant and Cross-Complainant
   UNITED LENDER, LLC, a Nevada limited
9  liability company; and Defendants
   SHAWN AHDOOT, an individual; and
10 ALBERT A. AHDOOT, an individual

11            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12       **FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

13

| | | |
|---|---|---|
| 14 | ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, | ) ) | Case No. 30-2020-01124778-CU-FR-CJC |
| 15 | Plaintiff, | ) ) ) | Hon. Walter Schwarm, Judge Assigned for All Purposes, Department C19 |
| 16 | vs. | ) ) | **DECLARATION OF MAURICE** |
| 17 | UNITED LENDER, LLC, a Nevada limited | ) ) | **WAINER RE: NOTICE IN SUPPORT OF EX PARTE APPLICATION FOR** |
| 18 | liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an | ) ) | **APPOINTMENT OF RECEIVER** |
| 19 | individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS | ) ) | *[Filed concurrently with Ex Parte Application and Memorandum of Points and* |
| 20 | INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY | ) ) | *Authorities; Declaration of Shawn Ahdoot; Request for Judicial Notice; and Proof of* |
| 21 | ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY | ) ) | *Service]* |
| 22 | TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a | ) ) | DATE: March 5, 2020 TIME: 8:30 p.m. |
| 23 | California corporation; and DOES 1 through 100, inclusive, | ) ) | DEPT: C19 |
| 24 | | ) ) | **RES. NO.:** |
| 25 | Defendants. | ) ) | Action filed: 01/15/2020 |
| 26 | _____ | ) ) | |
| 27 | and Cross-Complaint. | ) ) | |
| 28 | _____ | ) | |

                                           1
_____
     **DECLARATION OF MAURICE WAINER IN SUPPORT OF UNITED LENDER, LLC'S EX PARTE**
                    **APPLICATION FOR APPOINTMENT OF RECEIVER**

I, Maurice Wainer, declare:

1.  I am an attorney at law admitted to practice before all courts of the State of California. I am a partner in the firm of Snipper, Wainer & Markoff, one of the attorneys for the Defendant and Cross-Complainant UNITED LENDER, LLC, a Nevada limited liability company ("United Lender"); and Defendants SHAWN AHDOOT, an individual, and ALBERT A. AHDOOT, an individual (collectively, the "Lender Defendants").

2.  I have personal knowledge of the matters set forth herein, except as to those matters stated on information and belief and as to those matters I believe them to be true. If called upon as a witness I could and would competently testify to the matters declared herein.

3.  I make this declaration in support of the United Lender's Ex Parte Application for Appointment of a Receiver, (the "Petition").

4.  On March 3, 2020 , I sent ex parte notice to all parties to this Action by way of a group email at the addresses listed below, and attaching (a) my letter dated March 3, 2020, a true copy of which is attached hereto as **Exhibit "6"** setting forth notice of an ex parte hearing set for Thursday, March 5, 2020, at 8:30 a.m., in Dept. C19 of the Orange County Superior located at 700 West Civic Center Drive Santa Ana, together with the (b) Ex Parte Application for Appointment of a Receiver; (c) Order to Show Cause Why the Appointment of a Receiver Should Not Be Confirmed with Proposed Temporary Restraining Order and/or  Order Confirming Appointment of Receiver ex parte, (d)  Declaration of Shawn Ahdoot in Support of Lender Defendants Petition to Compel Arbitration; the (e) Request for Judicial Notice; and ;  (f) Declaration of Robert Mosier, filed concurrently herewith; as follows:

      a.  Andrew A. Smits, Law Offices of Andrew A. Smits, Attorney for Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust, email: asmits@smits-law.com;

      b.  Robert Schachter, Hitchcock, Bowman & Schachter, Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees,  email: rs@rschachterlaw.com;

      c.  Lori E. Eropkin, Levinson Arshonsky & Kurtz, LLP, Attorneys for

2

**DECLARATION OF MAURICE WAINER IN SUPPORT OF UNITED LENDER, LLC'S EX PARTE APPLICATION FOR APPOINTMENT OF RECEIVER**

1                   Defendant American Financial Center, Inc., email:

2                   leropkin@laklawyers.com;

3        d.     Megan E. Zucaro, on behalf of Megan E. Zucaro, an individual, and

4                   Helping Others International, LLC, a Delaware limited liability company

5                   Others") (collectively, the "Zucaro Cross Defendants"), email:

6                   m@megazee.com; and

7        e.     John B. Spear (Real Estate Broker), email: JohnBSpear@gmail.com on

8                   behalf of John Spear and Tri Star Equity

9     5.     It is my understanding that as of the preparation of this declaration that Plaintiff

10 opposes the relief requested, American Financial Center Inc does not have a position and that

11 Western Fidelity also does not take a position. My efforts to learn of the position of Defendants

12 Helping Others and Megan Zucaro with respect to this Application have been unsuccessful as of

13 the preparation of this declaration. Except for an ex parte application to advance the hearing date

14 of United Lender, Shawn Ahdoot and Albert Ahdoot's request to compel arbitration Movant has

15 not previously brought any other ex- parte applications. Plaintiff did file and serve an application

16 for Temporary Restraining Order and Preliminary Injunction to enjoin a then pending non-

17 judicial foreclosure that was granted.

18     I declare under penalty of perjury under the laws of the State of California that the

19 foregoing is true and correct and that this declaration was executed on March 3, 2020, at Beverly

20 Hills, California.

21

22                   /s/ Maurice Wainer

23                   Maurice Wainer

24

25

26

27

28

<center>3</center>

---

**DECLARATION OF MAURICE WAINER IN SUPPORT OF UNITED LENDER, LLC'S EX PARTE
APPLICATION FOR APPOINTMENT OF RECEIVER**

STEPHEN J. SNIPPER
(RETIRED)
MAURICE WAINER
NANCY YOUNG MARKOFF

LAW OFFICES

## SNIPPER, WAINER & MARKOFF

232 North Canon Drive

Beverly Hills, California 90210-5302

TELEPHONE
(310) 550-5770

March 3, 2020

*VIA EMAIL*

*VIA EMAIL ONLY*

*Andrew A. Smits, Esq., Law Offices of Andrew A. Smits, Attorney for Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust, via email asmits@smits-law.com*

*Robert Schachter, Hitchcock, Bowman & Schachter, Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees, via email: rs@rschachterlaw.com*

*Lori E. Eropkin, Levinson Arshonsky & Kurtz, LLP, Attorneys for Defendant American Financial Center, Inc., via email: leropkin@laklawyers.com;*

*Megan E. Zucaro, on behalf of Megan E. Zucaro, an individual, and Helping Others International, LLC, a Delaware limited liability company Others") (collectively, the "Zucaro Cross Defendants"), via email: m@megazee.com;*

*John B. Spear (Real Estate Broker)and Tri Star Equity. via email: JohnBSpear@gmail.com*

Re:   *Ex Parte Notice of Application to Advance Hearing on Petition to Compel Arbitration
      Ex Parte Notice Of Application for Appointment of Receiver, etc.
      United Lender, LLC adv. Nguyen – OCSC Case No. 30-2020-01124778-CU-FR-CJC*

Dear Counsel:

This letter shall provide your client, by and through your office, with ex parte notice that on March 5, 2020, at 8:30 a.m., in Department C19 of the Orange County Superior Court, Central Justice Center, 700 Civic Center Drive, Santa Ana, CA 92701, Defendant and Cross-Complainant, United Lender, LLC, a Nevada limited liability company ("United Lender") and Defendants Shawn Ahdoot, an individual, and Albert A. Ahdoot, an individual (collectively, "Lender Defendants"), will apply to the court, Ex Parte, for an order advancing the hearing on Lender Defendants' Petition to Compel Arbitration and to Stay Action Pending Award of Arbitrator (the "Application To Advance") filed and served herein and presently set for hearing on June 30, 2020, at 1:30 p.m. We have also filed other documents in support of the Application to Advance which you have been served with and which are identified in the Declaration of Maurice Wainer.

At the same date, time and place as the Application To Advance on March 5, 2020, at 8:30 a.m., in Department C19 of the Orange County Superior Court, Central Justice Center, 700 Civic Center Drive, Santa Ana, CA 92701 United Lender will bring an Ex Parte Application for the Appointment of a Receiver on behalf of United Lender which application is also being served

**SNIPPER, WAINER & MARKOFF**
Hon. Jacqueline Connor
July 13, 2018
Page 2 of XXX

and filed ("Appointment of a Receiver"). The papers in support of the Ex Parte Application for the Appointment of a Receiver are described in the Declaration of Maurice Wainer Re; Notice For Ex Parte Hearing in support of the Appointment of the Receiver which have been emailed to you.

The Ex Parte Application to Advance is made on the grounds and pursuant to the provisions of Rule 1005(b) of the *California Rules For Court* Rule 1005, because if the Petition is not heard until June 30, 2020, it would cause the filing of unnecessary motions and Plaintiff or Helping Others may seek to exploit the need to file motions to protect the Property which is the subject of this Action or argue it/she is excused from an agreement to arbitrate due to waiver. Efficient use of Court time and resources is served by having the Petition to Compel Arbitration heard before other motions, and if the Petition is granted then any further motions would likely occur in arbitration. In addition, Megan E. Zucaro ("Zucaro") and Helping Others International, LLC ("Helping Others") (collectively, the "Zucaro Defendants") are not presently maintaining or managing the at issue property at 6475 Marigayle Circle, Huntington Beach, California 92648 (the "Property") and rents are being diverted, causing irreparable injury as detailed in the Ex Parte Application to Appoint Receiver . There are a multitude of tasks that must be performed to protect the value of the Property that is part of Lender Defendants' collateral, *as well as* the collateral of the Plaintiff. The grounds for the Appointment Of the Receiver are set forth in the papers filed in support that are also identified in the declaration of Maurice Wainer re: Notice in support of Ex Parte. These documents have been emailed to you.

Please advise if you will oppose the foregoing Ex Parte Applications. If you have any questions or concerns please phone or email me.

Very truly yours,

SNIPPER, WAINER & MARKOFF

Maurice Wainer
*mrwainer@swmfirm.com*

.
cc: Lawrence C. Meyerson, Esq.