# EXHIBIT 124

1589



# SUPERIOR COURT OF CALIFORNIA

### COUNTY OF ORANGE

**Superior Court of California, County of Orange**

700 W. Civic Center Drive
Santa Ana,  CA  92702

E-Filing Transaction #: 3910201

### PAYMENT RECEIPT

Receipt #:  12564163

| Clerk ID: b2brown | Transaction No: 12737864 | Transaction Date: 06/10/2020 | Transaction Time: 02:45:49 PM |
|---|---|---|---|

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2020-01124778-CU-FR-CJC | 195 - Answer or other 1st paper | 1 | $435.00 | $435.00 | $435.00 | $0.00 |
| 30-2020-01124778-CU-FR-CJC | 195 - Answer or other 1st paper | 1 | $435.00 | $435.00 | $435.00 | $0.00 |
| | | | | Sales Tax: | $0.00 | |
| | | | | **Total:** | **$870.00** | Total Rem. Bal: |
| E-Filing :  - OneLegal | | | | | | |

E-Filing:  $870.00

Total Amount Tendered:  $870.00

Change Due:  **$0.00**

Balance:  **$0.00**

A $45 fee may be charged for each returned check, electronic funds transfer or credit card payment.

## COPY

# EXHIBIT 125

1591

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

**Superior Court of California, County of Orange**

700 W. Civic Center Drive
Santa Ana, CA 92702

**E-Filing Transaction #:** 1737437

### PAYMENT RECEIPT

**Receipt #:** 12564434

| Clerk ID: ndorfman | Transaction No: 12738115 | Transaction Date: 06/11/2020 | Transaction Time: 09:11:47 AM |
|---|---|---|---|

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2020-01124778-CU-FR-CJC | 36 - Motion or other (not 1st) paper requiring a hearing | 1 | $60.00 | $60.00 | $60.00 | $0.00 |
| | | | | Sales Tax: | $0.00 | |
| | | | | **Total:** | **$60.00** | Total Rem. Bal: |

E-Filing : - OneLegal

E-Filing: $60.00

Total Amount Tendered: $60.00

Change Due: **$0.00**

Balance: **$0.00**

A $45 fee may be charged for each returned check, electronic funds transfer or credit card payment.

## COPY

1592

# EXHIBIT 126

1593

# SUPERIOR COURT OF CALIFORNIA

### COUNTY OF ORANGE

**Superior Court of California, County of Orange**

700 W. Civic Center Drive
Santa Ana,  CA  92702

**E-Filing Transaction #:** 1741118

### PAYMENT RECEIPT

**Receipt #:** 12564438

| **Clerk ID:** ggalon | **Transaction No:** 12738119 | **Transaction Date:** 06/11/2020 | **Transaction Time:** 09:17:20 AM |
|---|---|---|---|

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2020-01124778-CU-FR-CJC | 36 - Motion or other (not 1st) paper requiring a hearing | 1 | $60.00 | $60.00 | $60.00 | $0.00 |
| | | | Sales Tax: | | $0.00 | |
| | | | **Total:** | | **$60.00** | **Total Rem. Bal:** |

E-Filing :  - OneLegal

| E-Filing: | $60.00 |
|---|---|
| Total Amount Tendered: | $60.00 |
| Change Due: | **$0.00** |
| Balance: | **$0.00** |

A $45 fee may be charged for each returned check, electronic funds transfer or credit card payment.

## COPY

# EXHIBIT 127

1595

# SUPERIOR COURT OF CALIFORNIA

### COUNTY OF ORANGE

**Superior Court of California, County of Orange**

700 W. Civic Center Drive
Santa Ana,  CA  92702

**PAYMENT RECEIPT**

**E-Filing Transaction #:** 2907547

**Receipt #:** 12564475

| **Clerk ID:** ggalon | **Transaction No:** 12738156 | **Transaction Date:** 06/11/2020 | **Transaction Time:** 09:51:55 AM |
|---|---|---|---|

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2020-01124778-CU-FR-CJC | 36 - Motion or other (not 1st) paper requiring a hearing | 1 | $60.00 | $60.00 | $60.00 | $0.00 |
| 30-2020-01124778-CU-FR-CJC | 36 - Motion or other (not 1st) paper requiring a hearing | 1 | $60.00 | $60.00 | $60.00 | $0.00 |
| | | | | Sales Tax: | $0.00 | |
| | | | | Total: | $120.00 | Total Rem. Bal: |

E-Filing :  - AmericanLegalNet

| | |
|---|---|
| E-Filing: | $120.00 |
| Total Amount Tendered: | $120.00 |
| Change Due: | $0.00 |
| Balance: | $0.00 |

A $45 fee may be charged for each returned check, electronic funds transfer or credit card payment.

## COPY

# EXHIBIT 128

1597

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | |
| SHORT TITLE: Nguyen vs. United Lender, LLC | |

| | CASE NUMBER: |
|---|---|
| **NOTICE OF REJECTION OF ELECTRONIC FILING** | 30-2020-01124778-CU-FR-CJC |

The electronic filing described by the summary data below was reviewed and rejected by the Superior Court of California, County of Orange

## E-Filing Summary Data

Electronically Submitted By: Megan Zucaro

On Behalf of:

Transaction Number:       41091088

Court received Date:       06/11/2020

Court received Time:       03:30:37 PM

Amount not to Exceed:

## Documents Electronically Filed

Cross-Complaint

This electronic filing was rejected based on the following reason(s):

**Reject Reason 1:**    Other
Clerk's comments to submitter:
Leave of court required. Cross-complainant may bring an action against any party that hasn't sued him/her before the matter is set for trial.

## E-Filing Service Provider Information

Name:                OneLegal
Email:               support@onelegal.com
Contact Person:  Customer Support
Phone:               8009388815

# EXHIBIT 129

1599

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | FOR COURT USE ONLY<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
| PLAINTIFF: Anh Thy Song Nguyen | |
| DEFENDANT: United Lender, LLC et.al. | **Jun 12, 2020** |
| Short Title: NGUYEN VS. UNITED LENDER, LLC | Clerk of the Superior Court<br>By: Maria Romero, Deputy |
| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2020-01124778-CU-FR-CJC |

Please take notice that a(n), <u>Jury Trial</u> has been scheduled for hearing on <u>08/27/2021</u> at <u>09:00:00 AM</u> in Department <u>C19</u> of this court, located at <u>Central Justice Center</u>.

**IMPORTANT:**  Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
www.occourts.org/media-relations/CoronaVirusUpdate.html

**IMPORTANTE:**  Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
www.occourts.org/media-relations/CoronaVirusUpdate.html

**QUAN TRỌNG:**  Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.  www.occourts.org/media-relations/CoronaVirusUpdate.html

Clerk of the Court,  By: _____*M. Romero*_____ , Deputy

**NOTICE OF HEARING**                                                Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** NGUYEN VS. UNITED LENDER, LLC

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:**<br>**30-2020-01124778-CU-FR-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 06/12/2020. Following standard court practice the mailing will occur at Sacramento, California on 06/15/2020.

Clerk of the Court, by: _____ , Deputy

LAWRENCE C. MEYERSON, APLC
5521 MISSION ROAD # 399
BONSALL, CA 92003

SNIPPER WAINER & MARKOFF
232 N CANON DRIVE
BEVERLY HILLS, CA 90210

LAW OFFICES OF ANDREW A. SMITS
36 EXECUTIVE PARK # 160
IRVINE, CA 92614-4794

LAWRENCE C. MEYERSON, A PROFESSIONAL
LAW CORP.
5521 MISSION ROAD # 399
BONSALL, CA 92003

LEVINSON ARSHONSKY & KURTZ, LLP
15303 VENTURA BOULEVARD # 1650
SHERMAN OAKS, CA 91403

MEGAN E ZUCARO
4501 W CHANNEL ISLAND BOULEVARD # 94
OXNARD, CA 90305

HELPING OTHERS INTERNATIONAL, LLC
4501 W CHANNEL ISLAND BOULEVARD # 94
OXNARD, CA 90305

WESTERN FIDELITY ASSOCIATES, LLC
1222 CRENSHAW BOULEVARD # B
TORRANCE, CA 90501

# EXHIBIT 130

1602

1

Lori E. Eropkin, Esq. [SBN 253048]
**LEVINSON ARSHONSKY & KURTZ, LLP**

2

15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA 91403

3

Telephone:  (818) 382-3434
Facsimile:   (818) 382-3433

4

E-Mail:      leropkin@laklawyers.com

5

Attorneys for Defendant American Financial Center, Inc.

6

SUPERIOR COURT OF THE STATE OF CALIFORNIA

7

FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

8

9

ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST,

10

Plaintiff,

11

vs.

12

UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; and DOES 1 through 100, inclusive,

13

14

15

16

17

18

19

Defendants.

CASE NO. 30-2020-01124778-CU-FR-CJC

Hon. Walter Schwarm, Judge Assigned for All Purposes, Department C19

**NOTICE OF CONTINUED HEARING ON DEFENDANT AMERICAN FINANCIAL CENTER, INC.'S MOTION FOR MONETARY SANCTIONS PURSUANT TO C.C.P. SECTION 128.7 AGAINST PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, AND ITS COUNSEL, ANDREW SMITS**

Date:      October 20, 2020
Time:     1:30 PM
Dept:     C19

Action filed: 01/15/2020

**RES. NO.: 73261225**

20

21

22

23

24

25

26

27

28

LEVINSON ARSHONSKY & KURTZ, LLP

2968-002/1008940

1

1   **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2       PLEASE TAKE NOTICE that the hearing date for DEFENDANT AMERICAN

3   FINANCIAL CENTER, INC'S ("AFCI") MOTION FOR MONETARY SANCTIONS PURSUANT

4   TO C.C.P. SECTION 128.7 AGAINST PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF

5   MOTHER NATURE TRUST, AND ITS COUNSEL, ANDREW SMITS ("Plaintiff"), previously

6   noticed for July 28, 2020, has been rescheduled, by the Court, to be heard on October 20, 2020 at

7   1:30 p.m. in Department C19 of the above-entitled court, at 700 Civic Center Drive West, Santa

8   Ana, CA 92701.

9

10   Dated: June 15, 2020               LEVINSON ARSHONSKY & KURTZ, LLP

11

12                        By: _____

13                           LORI E. EROPKIN
                          Attorneys for Defendant American Financial Center,
                          Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2968-002/1008940

NOTICE OF CONTINUED HEARING RE: DEFENDANT AMERICAN FINANCIAL CENTER, INC.'S
MOTION FOR SANCTION AGAINST PLAINTIFF

LEVINSON ARSHONSKY & KURTZ, LLP

**LEVINSON ARSHONSKY & KURTZ, LLP**

## PROOF OF SERVICE
1013a(3) CCP

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 15303 Ventura Boulevard, Suite 1650, Sherman Oaks, California 91403.

On the date below, I served the foregoing document(s), described as

- **NOTICE OF CONTINUED HEARING ON DEFENDANT AMERICAN FINANCIAL CENTER, INC.'S MOTION FOR MONETARY SANCTIONS PURSUANT TO C.C.P. SECTION 128.7 AGAINST PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, AND ITS COUNSEL, ANDREW SMITS**

on each of the interested parties in this action by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows (or as addressed on the attached mailing list):

**SEE SERVICE LIST**

☐ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid.

☐ **(BY FACSIMILE)** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above (or on the attached service list). No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **(BY OVERNIGHT MAIL)** I enclosed the document in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) set forth above (or on the attached service list). I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery courier.

☒ **(BY E-MAIL)** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above (or on the attached service list). I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 15, 2020, at Sherman Oaks, California.

STACIA MCFADDEN                               /s/ Stacia McFadden

                                                                              *Signature*

2968-002/922250.docx

LEVINSON ARSHONSKY & KURTZ, LLP

1

## <u>SERVICE LIST</u>
1013a(3) CCP

2

Attorneys for Defendants

3 UNITED LENDER, LLC, a Nevada limited liability
company; SHAWN AHDOOT, an

4 individual; ALBERT A. AHDOOT, an individual

5 Lawrence C. Meyerson
A Professional Law Corporation

6 5521 Mission Rd., Ste 399
Bonsall, Ca 92003

7 Telephone: (310) 827-3344
Email: Lcm@Lcmplc.Com

8

9 Maurice Wainer
Snipper Wainer & Markoff
232 North Canon Drive

10 Beverly Hills, Ca 90210-5302
Telephone: (310) 550-5770

11 Email: mrwainer@swmfirm.com

12 _____

13 Attorney for Plaintiff Anh Thy Song
Nguyen, Trustee of Mother Nature Trust

14 Andrew A. Smits
Law Offices of Andrew A. Smits

15 36 Executive Park, Suite 160
Irvine, CA 92614-4794

16 Telephone: (949) 833-1025
Email: asmits@smits-law.com

17

18 _____

19 Robert Schachter
Hitchcock, Bowman & Schachter

20 Suite 1030 Del Amo Financial Center
21515 Hawthorne Boulevard

21 Torrance, CA 90503-6579
Telephone: (310) 540-2202

22 Email: rs@rschachterlaw.com

23 _____

24 Defendant
Megan Zucaro

25 4501 W. Channel Island Blvd. #94
Oxnard, CA 90305

26 Mobile: (424) 288-1364
Email: m@megazee.com

27

28

2968-002/922250.docx

# EXHIBIT 131

1607

Case 8:20-ap-01070-MW Doc 1-5 Filed 07/17/20 Entered 07/17/20 12:25:43 Desc
Exhibit 1241171 XAPOSAKIP Page 20 of 429

30-2020-01124778-CU-FR-CJC - ROA - 124 - 08/17/20 09:12:33 AM Received By Briana Jurado, Deputy Clerk.

LAWRENCE C. MEYERSON (SBN 54136)
A PROFESSIONAL LAW CORPORATION
5521 Mission Rd., Ste 399
Bonsall, CA 92003
Telephone: (310) 827-3344
Email: *lcm@lcmplc.com*

MAURICE WAINER (SBN 121678)
SNIPPER WAINER & MARKOFF
232 North Canon Drive
Beverly Hills, CA 90210-5302
Telephone: (310) 550-5770
Email: *mrwainer@swmfirm.com*

Attorneys for Defendant and Cross-Complainant
UNITED LENDER, LLC, a Nevada limited
liability company; and Defendants
SHAWN AHDOOT, an individual; and
ALBERT A. AHDOOT, an individual

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. <br><br>_____ <br><br> and Cross-Complaint. | Case No. 30-2020-01124778-CU-FR-CJC <br><br> Hon. Walter Schwarm, Judge Assigned for All Purposes, Department C19 <br><br> **NOTICE OF CONTINUANCE OF HEARING ON UNITED LENDER, LLC'S MOTION FOR:** <br><br> **(1) APPOINTMENT OF A RECEIVER;** <br> **(2) ORDER TO SHOW CAUSE WHY THE APPOINTMENT OF A RECEIVER SHOULD NOT BE CONFIRMED;** <br> **(3) TEMPORARY RESTRAINING ORDER; AND** <br> **(4) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED** <br><br> <u>**New Hearing:**</u> <br> DATE: July 28, 2020 <br> TIME: 9:00 a.m. <br> DEPT: C19 <br> RES. NO.: <br><br> Action filed: 01/15/2020 |

1

**TO ALL INTERESTED PARTIES AND TO THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that the above-entitled Honorable Court has continued the

hearing on the Motion of UNITED LENDER, LLC, a Nevada limited liability company ("United

Lender") for: (1) Appointment of a Receiver; (2) Order to Show Cause Why the Appointment of

a Receiver Should Not Be Confirmed; (3) Temporary Restraining Order; and (4) Order to Show

Cause Why a Preliminary Injunction Should Not Be Granted, to July 28, 2020, at 9:00 a.m., in

Department C19 of the above-entitled Court, located at 700 Civil Center Drive West, Santa Ana,

CA 92701.



                                        LAWRENCE C. MEYERSON,
                                        A Professional Law Corporation



                                        /s/ Lawrence C. Meyerson
Dated: June 16, 2020          By:_____
                                        Lawrence C. Meyerson, Esq.



                                        SNIPPER, WAINER & MARKOFF



                                        /s/ Maurice Wainer
Dated: June 16, 2020          By:_____
                                        Maurice Wainer, Esq.

                                        Attorneys for Defendant and Cross-Complainant
                                        UNITED LENDER, LLC, a Nevada limited
                                        liability company; and Defendants
                                        SHAWN AHDOOT, an individual; and
                                        ALBERT A. AHDOOT, an individual

2

**NOTICE OF CONTINUANCE OF HEARING ON UNITED LENDER, LLC'S MOTION FOR
APPOINTMENT OF RECEIVER**

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 232 North Canon Drive, Beverly Hills, CA 90210.

On **June 16, 2020,** I served true and correct copies of document(s) described as:

**NOTICE OF CONTINUANCE OF HEARING ON UNITED LENDER, LLC'S MOTION FOR:**
**(1)    APPOINTMENT OF A RECEIVER;**
**(2)    ORDER TO SHOW CAUSE WHY THE APPOINTMENT OF A RECEIVER**
**        SHOULD NOT BE CONFIRMED;**
**(3)    TEMPORARY RESTRAINING ORDER; AND**
**(4)    ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD**
**        NOT BE GRANTED**

on the following interested party or parties in this action:

•    Andrew A. Smits, Esq., Law Offices of Andrew A. Smits, Attorney for Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust, via email asmits@smits-law.com

•    Robert Schachter, Hitchcock, Bowman & Schachter, Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees, via email: rs@rschachterlaw.com

•    Lori E. Eropkin, Levinson Arshonsky & Kurtz, LLP, Attorneys for Defendant American Financial Center, Inc., via email: leropkin@laklawyers.com;

•    Megan E. Zucaro, on behalf of Megan E. Zucaro, an individual, and Helping Others International, LLC, a Delaware limited liability company Others"), via email: m@megazee.com;

•    John B. Spear (Real Estate Broker)and Tri Star Equity; via email: JohnBSpear@gmail.com

**[XX]    BY ELECTRONIC SERVICE (E-MAIL)** - Pursuant to CRC Rule 2.251(f)(1), I served a true copy of the foregoing document(s) by electronic mail via a court approved electronic filing service provider, directed to the addressee's email address(es), if available, as that list is maintained and made available by the court pursuant to CRC 2.251(e). In addition, I provided a courtesy copy of the foregoing document(s) by electronic mail to the addressee's e-mail address (if available), as set forth above.
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **June 16, 2020**, at Beverly Hills, California.

*/s/ Kristina Dow*

_____
KRISTINA DOW

3

# EXHIBIT 132

1611

<div style="text-align:center">1</div>
LAWRENCE C. MEYERSON (SBN 54136)
A PROFESSIONAL LAW CORPORATION
<div style="text-align:center">2</div>
5521 Mission Rd., Ste 399
Bonsall, CA 92003
<div style="text-align:center">3</div>
Telephone: (310) 827-3344
Email: *lcm@lcmplc.com*
<div style="text-align:center">4</div>

<div style="text-align:center">5</div>
MAURICE WAINER (SBN 121678)
SNIPPER WAINER & MARKOFF
232 North Canon Drive
<div style="text-align:center">6</div>
Beverly Hills, CA 90210-5302
Telephone: (310) 550-5770
<div style="text-align:center">7</div>
Email: *mrwainer@swmfirm.com*

<div style="text-align:center">8</div>
Attorneys for Defendant and Cross-Complainant
UNITED LENDER, LLC, a Nevada limited
<div style="text-align:center">9</div>
liability company; and Defendants
SHAWN AHDOOT, an individual; and
<div style="text-align:center">10</div>
ALBERT A. AHDOOT, an individual

<div style="text-align:center">11</div>
**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

<div style="text-align:center">12</div>
**FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

<div style="text-align:center">13</div>

| | |
|---|---|
| 14 — ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, | Case No. 30-2020-01124778-CU-FR-CJC |
| 15 | Hon. Walter Schwarm, Judge Assigned for All Purposes, Department C19 |
| — Plaintiff, | |
| 16 | |
| 17 — vs. | **NOTICE OF CONTINUANCE OF HEARING ON PETITION TO COMPEL ARBITRATION AND TO STAY ACTION PENDING AWARD OF ARBITRATOR FILED BY LENDER DEFENDANTS, UNITED LENDER, LLC, SHAWN AHDOOT AND ALBERT A. AHDOOT** |
| 18 — UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; and DOES 1 through 100, inclusive, | |
| 19 | |
| 20 | |
| 21 | **New Hearing**: |
| 22 | DATE: September 29, 2020 TIME: 1:30 p.m. DEPT: C19 |
| 23 | **RES. NO.: 73228533** |
| 24 — Defendants. | Action filed: 01/15/2020 |
| 25 | |
| 26 | |
| 27 — and Cross-Complaint. | |
| 28 | |

<div style="text-align:center">1</div>

---

<div style="text-align:center">**NOTICE OF CONTINUANCE OF HEARING ON UNITED LENDER, LLC'S PETITION TO COMPEL ARBITRATION**</div>

**TO ALL INTERESTED PARTIES AND TO THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that the above-entitled Honorable Court has continued the

hearing on the Petition of UNITED LENDER, LLC, a Nevada limited liability company,

SHAWN ADHOOT AND ALBERT A. AHDOOT to Compel Arbitration and to Stay Action

Pending Award of Arbitrator,pto September 29, 2020, at 1:30 p.m., in Department C19 of the

above-entitled Court, located at 700 Civil Center Drive West, Santa Ana, CA 92701.


LAWRENCE C. MEYERSON,
A Professional Law Corporation


Dated: June 16, 2020          By: _____
                                   */s/ Lawrence C. Meyerson*
                                   Lawrence C. Meyerson, Esq.


SNIPPER, WAINER & MARKOFF


Dated: June 16, 2020          By: _____
                                   */s/ Maurice Wainer*
                                   Maurice Wainer, Esq.

                                   Attorneys for Defendant and Cross-Complainant
                                   UNITED LENDER, LLC, a Nevada limited
                                   liability company; and Defendants
                                   SHAWN AHDOOT, an individual; and
                                   ALBERT A. AHDOOT, an individual

2

NOTICE OF CONTINUANCE OF HEARING ON UNITED LENDER, LLC'S PETITION TO COMPEL
ARBITRATION

1613

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 232 North Canon Drive, Beverly Hills, CA 90210.

On **June 16, 2020,** I served true and correct copies of document(s) described as:

**NOTICE OF CONTINUANCE OF HEARING ON PETITION TO COMPEL ARBITRATION AND TO STAY ACTION PENDING AWARD OF ARBITRATOR FILED BY LENDER DEFENDANTS, UNITED LENDER, LLC, SHAWN AHDOOT AND ALBERT A. AHDOOT**

on the following interested party or parties in this action:

• Andrew A. Smits, Esq., Law Offices of Andrew A. Smits, Attorney for Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust, via email asmits@smits-law.com

• Robert Schachter, Hitchcock, Bowman & Schachter, Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees, via email: rs@rschachterlaw.com

• Lori E. Eropkin, Levinson Arshonsky & Kurtz, LLP, Attorneys for Defendant American Financial Center, Inc., via email: leropkin@laklawyers.com;

• Megan E. Zucaro, on behalf of Megan E. Zucaro, an individual, and Helping Others International, LLC, a Delaware limited liability company Others"), via email: m@megazee.com;

• John B. Spear (Real Estate Broker)and Tri Star Equity; via email: JohnBSpear@gmail.com

**[XX]   BY ELECTRONIC SERVICE (E-MAIL)** - Pursuant to CRC Rule 2.251(f)(1), I served a true copy of the foregoing document(s) by electronic mail via a court approved electronic filing service provider, directed to the addressee's email address(es), if available, as that list is maintained and made available by the court pursuant to CRC 2.251(e). In addition, I provided a courtesy copy of the foregoing document(s) by electronic mail to the addressee's e-mail address (if available), as set forth above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **June 16, 2020**, at Beverly Hills, California.

*/s/ Kristina Dow*

_____
KRISTINA DOW

3

# EXHIBIT 133

1615

# SUPERIOR COURT OF CALIFORNIA

### COUNTY OF ORANGE

**Superior Court of California, County of Orange**

700 W. Civic Center Drive
Santa Ana,  CA  92702

**PAYMENT RECEIPT**

**E-Filing Transaction #:** 41090038

**Receipt #:** 12567571

**Clerk ID:** bjurado          **Transaction No:** 12741190          **Transaction Date:** 06/17/2020          **Transaction Time:** 04:00:42 PM

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2020-01124778-CU-FR-CJC | 209 - Advanced Jury Fee (non-refundable) | 1 | $150.00 | $150.00 | $150.00 | $0.00 |
| | | | | Sales Tax: | $0.00 | |
| | | | | **Total:** | **$150.00** | Total Rem. Bal: |

E-Filing :  - AmericanLegalNet

E-Filing:          $150.00

Total Amount Tendered:          $150.00

Change Due:          **$0.00**

Balance:          **$0.00**

A $45 fee may be charged for each returned check, electronic funds transfer or credit card payment.

## COPY

1616

# EXHIBIT 134

1617

1 | LAWRENCE C. MEYERSON (SBN 54136)
A PROFESSIONAL LAW CORPORATION
2 | 5521 Mission Road, Suite 399
Bonsall, California 92003
3 | Telephone: (310) 827-3344
Email: lcm@lcmplc.com
4 |

5 | MAURICE WAINER (SBN 121678)
SNIPPER WAINER & MARKOFF
6 | 232 North Canon Drive
Beverly Hills, California 90210-5302
7 | Telephone: (310) 550-5770
Email: mrwainer@swmfirm.com
8 |

9 | Attorneys for Defendant and Cross-Complainant
UNITED LENDER, LLC; and
10 | Defendants SHAWN AHDOOT and ALBERT A. AHDOOT

11 | VINCENT J. DAVITT (SBN 130649)
ANITA JAIN (SBN 192961)
12 | MEYLAN DAVITT JAIN AREVIAN & KIM LLP
444 South Flower Street, Suite 1850
13 | Los Angeles, California 90071
Telephone: (213) 225-6000
14 |

15 | Email: vdavitt@mdjalaw.com/ajain@mdjalaw.com
Attorneys for Defendant UNITED LENDER, LLC
16 |

17 |

18 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

19 | **FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

20 |

21 | ANH THY SONG NGUYEN, TRUSTEE OF
MOTHER NATURE TRUST,

22 |                    Plaintiff,

23 | vs.

24 | UNITED LENDER, LLC, a Nevada limited
liability company; SHAWN AHDOOT, an
25 | individual; ALBERT A. AHDOOT, an
individual; MEGAN E. ZUCARO, an individual;
26 | HELPING OTHERS INTERNATIONAL, LLC,
a Delaware limited liability company;
27 | WESTERN FIDELITY ASSOCIATES, LLC, a
California limited liability company, dba
28 | WESTERN FIDELITY TRUSTEES; JOHN B.

CASE NO. 30-2020-01124778-CU-FR-CJC

Assigned for all purposes to:
Hon. Walter Schwarm, Department C19

**DEFENDANT UNITED LENDER, LLC'S
NOTICE OF ASSOCIATION OF COUNSEL**

Complaint filed: January 15, 2020

1

| | |
|---|---|
| 1 | SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; and DOES 1 through 100, inclusive, |
| 2 | |
| 3 | Defendants. |
| 4 | UNITED LENDER, LLC, a Nevada limited liability company, |
| 5 | |
| 6 | Cross-Complainant, |
| 7 | vs. |
| 8 | HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; ANH THY SONG NGUYEN, individually and as Trustee of MOTHER NATURE TRUST; MEGAN E. ZUCARO, an individual; JOHN B. SPEAR, an individual; TRI STAR EQUITY GROUP CORP., a California corporation, aka TRI STAR EQUITY GROUP INC.; and ROES 1 through 100, inclusive, |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | Cross-Defendants. |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, effective immediately, LAWRENCE C. MEYERSON, a Professional Law Corporation, and SNIPPER WAINER & MARKOFF hereby associate in MEYLAN DAVITT JAIN AREVIAN & KIM LLP as co-counsel in this action for Defendant UNITED LENDER, LLC.

The information for such associated counsel is as follows:

MEYLAN DAVITT JAIN AREVIAN & KIM LLP
Vincent J. Davitt, Esq. and Anita Jain, Esq.
444 South Flower Street, Suite 1850
Los Angeles, California 90071
Telephone: (213) 225-6000
Email: vdavitt@mdjalaw.com/ajain@mdjalaw.com

///

///

///

1

2  DATED:  June 18, 2020          LAWRENCE C. MEYERSON
                                  A PROFESSIONAL LAW CORPORATION
3

4

5                                 By:  _____
                                      Lawrence C. Meyerson
6                                     Attorneys for Defendant and Cross-Complainant
                                      UNITED LENDER, LLC; and Defendants
7                                     SHAWN AHDOOT and ALBERT A. AHDOOT

8

9  DATED:  June 18, 2020          SNIPPER WAINER & MARKOFF

10

11

12                                By:  _____
                                      Maurice Wainer
13                                    Attorneys for Defendant and Cross-Complainant
                                      UNITED LENDER, LLC; and Defendants
14                                    SHAWN AHDOOT and ALBERT A. AHDOOT

15

16

17

18  DATED:  June 18, 2020         MEYLAN DAVITT JAIN AREVIAN & KIM LLP

19

20

21                                By:  _____
                                      Anita Jain
22                                    Attorneys for Defendant
                                      UNITED LENDER, LLC

23

24

25

26

27

28

---

3

DEFT. UNITED LENDER, LLC'S NOTICE OF ASSOCIATION OF COUNSEL

1

2

<u>PROOF OF SERVICE</u>

3

I, **RONI M. IWATA**, declare:

4

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to this action.  My business address is 444 South Flower Street, Suite 1850, Los Angeles, California  90071, (213) 225-6000.

5

6

On **June 18, 2020**, I served the document(s) described as **DEFENDANT UNITED LENDER, LLC'S NOTICE OF ASSOCIATION OF COUNSEL** on the interested parties in this action:

7

**SEE ATTACHED SERVICE LIST**

8

☒      BY E-MAIL/ELECTRONIC TRANSMISSION:  Based on the California Rules of Court, a court order, and/or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be transmitted to an electronic filing service provider or to the persons at the email addresses listed on the within service list.  I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

9

10

11

12

☒      [State]  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

13

Executed on **June 18, 2020**, at Los Angeles, California.

14

15

16

_____
RONI M. IWATA

17

18

19

20

21

22

23

24

25

26

27

28

4

DEFT. UNITED LENDER, LLC'S NOTICE OF ASSOCIATION OF COUNSEL

SERVICE LIST

Andrew A. Smits, Esq.
Law Offices of Andrew A. Smits
36 Executive Park, Suite 160
Irvine, CA 92614-4794
Tel: (949) 833-1025
Email: asmits@smits-law.com
*Attorneys for Plaintiff Anh Thy Song
Nguyen, Trustee of Mother Nature*

Maurice Wainer, Esq.
Snipper Wainer & Markoff
232 North Canon Drive
Beverly Hills, CA 90210-5302
Tel: (310) 550-5770
Email: mrwainer@swmfirm.com
*Attorneys for Defendant and Cross-Complainant
United Lender, LLC and Defendants Shawn
Ahdoot and Albert A. Ahdoot*

Lawrence C. Meyerson, Esq.
5521 Mission Road, Suite 399
Bonsall, CA 92003
Tel: (310) 827-3344
Email: lcm@lcmpls.com
*Attorneys for Defendant and Cross-
Complainant United Lender, LLC and
Defendants Shawn Ahdoot and Albert A.
Ahdoot*

Robert Schachter, Esq.
Hitchcock, Bowman & Schachter
Del Amo Financial Center, Ste. 1030
21515 Hawthorne Boulevard
Torrance, CA 90503-6579
Tel: (310) 540-2202
Email: rs@rschacterlaw.com
*Attorneys for Defendant Western Fidelity
Associates, LLC dba Western Fidelity Trustees*

Lori E. Eropkin Esq.
Levinson Arshonsky & Kurtz LLP
15303 Ventura Boulevard, Suite 1650
Sherman Oaks, CA 91403
Tel: (818) 382-3434
Email: leropkin@laklawyers.com
*Attorneys for Defendant American
Financial Center, Inc.*

Megan E. Zucaro
4501 W. Channel Island Blvd. #94
Oxnard, CA 288-1364
Email: m@megazee.com
*In Pro Per (Defendants Megan E. Zucaro and
Helping Others International)*

John B. Spear
4959 Palo Verde Street, Suite 205C
Montclair, CA 91763
Email: johnbspear@gmail.com
*Defendant and Cross-Defendant*

# EXHIBIT 135

1623

Richard I. Arshonsky, Esq. [SBN 155624]
Lori E. Eropkin, Esq. [SBN 253048]
**LEVINSON ARSHONSKY & KURTZ, LLP**
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA 91403
Telephone: (818) 382-3434
Facsimile: (818) 382-3433
E-Mail:    rarshonsky@laklawyers.com
          leropkin@laklawyers.com

Attorneys for Defendant American Financial Center, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 30-2020-01124778-CU-FR-CJC<br><br>Hon. Walter Schwarm, Judge Assigned for All Purposes, Department C19<br><br>**DEFENDANT AMERICAN FINANCIAL CENTER, INC. DEMAND FOR JURY TRIAL AND NOTICE OF POSTING FEE UNDER CODE OF CIVIL PROCEDURE 631(B)**<br><br><br>Action filed: 01/15/2020 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

In response to Local Emergency Rule 1 and the Court's Notice of Hearing re scheduling of

trial, mailed June 15, 2020, Defendant American Financial Center, Inc. ("AFCI") hereby makes its

demand for a jury trial in the above-entitled action. AFCI further provides notice of its concurrent

posting of the fee required by Code of Civil Procedure section 631(b).

.

LEVINSON ARSHONSKY & KURTZ, LLP

1624    1

1  Dated: June 19, 2020

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEVINSON ARSHONSKY & KURTZ, LLP

By: _____
LORI E. EROPKIN
Attorneys for Defendant American Financial Center,
Inc.

2968-002/1011153.docx

2
DEMAND FOR JURY TRIAL AND NOTICE OF POSTING FEE

LEVINSON ARSHONSKY & KURTZ, LLP

1625

**LEVINSON ARSHONSKY & KURTZ, LLP**

**PROOF OF SERVICE**
1013a(3) CCP

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 15303 Ventura Boulevard, Suite 1650, Sherman Oaks, California 91403.

On the date below, I served the foregoing document(s), described as

- **DEFENDANT AMERICAN FINANCIAL CENTER, INC. DEMAND FOR JURY TRIAL AND NOTICE OF POSTING FEE UNDER CODE OF CIVIL PROCEDURE 631(B)**

on each of the interested parties in this action by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows (or as addressed on the attached mailing list):

**SEE SERVICE LIST**

☒    **(BY MAIL)**  By placing the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid.

☐    **(BY FACSIMILE)**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above (or on the attached service list).  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which I printed out, is attached.

☐    **(BY OVERNIGHT MAIL)**  I enclosed the document in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) set forth above (or on the attached service list).  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery courier.

☒    **(BY E-MAIL)**  Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above (or on the attached service list).  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 19, 2020, at Sherman Oaks, California.

STACIA MCFADDEN                                     /s/ Stacia McFadden

*Signature*

2968-002/922250.docx

LEVINSON ARSHONSKY & KURTZ, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SERVICE LIST
### 1013a(3) CCP

| | |
|---|---|
| Andrew A. Smits<br>Law Offices of Andrew A. Smits<br>36 Executive Park, Suite 160<br>Irvine, CA 92614-4794<br>Telephone: (949) 833-1025<br>Email: asmits@smits-law.com | Attorney for Plaintiff ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST |
| Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Rd., Ste 399<br>Bonsall, Ca 92003<br>Telephone: (310) 827-3344<br>Email: Lcm@Lcmplc.Com<br><br>Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, Ca 90210-5302<br>Telephone: (310) 550-5770<br>Email: mrwainer@swmfirm.com | Attorneys for Defendants<br>UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual |
| Vincent J. Davitt<br>Anita Jain<br>MEYLAN DAVITT JAIN AREVIAN & KIM LLP<br>444 South Flower Street, Suite 1850<br>Los Angeles, California 90071<br>Telephone: (213) 225-6000<br>Email: vdavitt@mdjalaw.com/ajain@mdjalaw.com | Attorneys for Defendant UNITED LENDER, LLC |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br>Telephone: (310) 540-2202<br>Email: rs@rschachterlaw.com | Attorneys for Defendant WESTERN FIDELITY ASSOCIATES, LLC DBA WESTERN FIDELITY TRUSTEES |
| Megan Zucaro<br>4501 W. Channel Island Blvd. #94<br>Oxnard, CA 90305<br>Mobile: (424) 288-1364<br>Email: m@megazee.com | Defendant |

# EXHIBIT 136

1628

1   Andrew A. Smits (State Bar No. 146659)
    Law Offices of Andrew A. Smits
2   36 Executive Park, Suite 160
    Irvine, California 92614-4794
3   Telephone: (949) 833-1025
    Email:     asmits@smits-law.com
4
    Attorney for Plaintiff Anh Thy Song Nguyen,
5   Trustee of Mother Nature Trust, and Cross-defendant
    Anh Thy Song Nguyen, Trustee of Mother Nature Trust,
6   and an individual

7

8                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11  ANH THY SONG NGUYEN, TRUSTEE OF            Case No.: 30-2020-01124778-CU-FR-CJC
    MOTHER NATURE TRUST,
12                                             Assigned:  Judge Walter Schwarm
                   Plaintiff,                            Dept.: C19
13
                   vs.
14                                             **NOTICE OF JURY TRIAL AND**
    UNITED LENDER, LLC, a Nevada limited       **MANDATORY SETTLEMENT**
15  liability company; SHAWN AHDOOT, an        **CONFERENCE**
    individual; ALBERT A. AHDOOT, an
16  individual; MEGAN E. ZUCARO, an            Trial Date: August 27, 2021
    individual; HELPING OTHERS                 Time:       9:00 a.m.
17  INTERNATIONAL, LLC, a Delaware             Dept.:      C19
    limited liability company; WESTERN
18  FIDELITY ASSOCIATES, LLC, a California     Mandatory Settlement Conference
    limited liability company, dba WESTERN     Date:       July 23, 2021
19  FIDELITY TRUSTEES; JOHN B. SPEAR,          Time:       8:30 a.m.
    an individual; AMERICAN FINANCIAL          Dept.:      C19
20  CENTER, INC., a California corporation; all
    other persons unknown, claiming any legal or
21  equitable right, title, estate, lien, or interest in
    the property described in the complaint
22  adverse to Plaintiff's title, or any cloud upon
    Plaintiff's title thereto; and DOES 1 through
23  100, inclusive,
                   Defendants.
24

25  AND RELATED CROSS-ACTIONS.                 Complaint filed: January 15, 2020
                                               Trial date:       August 27, 2021
26

27          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

28          PLEASE TAKE NOTICE that the Court has set a jury trial of this action for August 27,

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

                                              1
NOTICE OF JURY TRIAL AND MANDATORY SETTLEMENT CONFERENCE

1    2021 at 9:00 a.m. in Department C19 of the Orange County Superior Court, Central Justice Center,

2    located at 700 Civic Center Drive West, Santa Ana, California 92701.

3        PLEASE TAKE FURTHER NOTICE that the Court set a Mandatory Settlement Conference

4    for July 23, 2021 at 8:30 a.m. in Department C19 of the above-entitled court.

5        Attached hereto is a copy of the Court's Notice of Hearing dated June 12, 2020 setting the

6    jury trial.  Also attached hereto is a copy of the Court's Notice of Hearing dated May 27, 2020

7    setting the Mandatory Settlement Conference.

8    Dated: June 19, 2020                          LAW OFFICES OF ANDREW A. SMITS

9

10

11

12    By: _____

13        Andrew A. Smits
        Attorney for Plaintiff Anh Thy Song Nguyen,
        Trustee of Mother Nature Trust, and Cross-
14        defendant Anh Thy Song Nguyen, Trustee of
        Mother Nature Trust, and an individual

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

1630

NOTICE OF JURY TRIAL AND MANDATORY SETTLEMENT CONFERENCE

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | FOR COURT USE ONLY<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
| PLAINTIFF: Anh Thy Song Nguyen | |
| DEFENDANT: United Lender, LLC et.al. | **Jun 12, 2020** |
| Short Title: NGUYEN VS. UNITED LENDER, LLC | Clerk of the Superior Court<br>By Maria Romero, Deputy |
| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2020-01124778-CU-FR-CJC |

Please take notice that a(n), Jury Trial has been scheduled for hearing on 08/27/2021 at 09:00:00 AM in Department C19 of this court, located at Central Justice Center.

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
www.occourts.org/media-relations/CoronaVirusUpdate.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
www.occourts.org/media-relations/CoronaVirusUpdate.html

**QUAN TRONG** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị. www.occourts.org/media-relations/CoronaVirusUpdate.html

Clerk of the Court, By: _____ , Deputy

**NOTICE OF HEARING** Page: 1

1631

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | FOR COURT USE ONLY<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
|---|---|
| PLAINTIFF: Anh Thy Song Nguyen | **May 27, 2020** |
| DEFENDANT: United Lender, LLC et.al. | Clerk of the Superior Court<br>By: Brett Crabtree, Deputy |
| Short Title: NGUYEN VS. UNITED LENDER, LLC | |
| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2020-01124778-CU-FR-CJC |

Please take notice that a(n),<u>Mandatory Settlement Conference</u> has been scheduled for hearing on <u>07/23/2021</u> at <u>08:30:00 AM</u> in Department <u>C19</u> of this court, located at <u>Central Justice Center</u>.

**IMPORTANT:**  Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
www.occourts.org/media-relations/CoronaVirusUpdate.html

**IMPORTANTE:**  Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
www.occourts.org/media-relations/CoronaVirusUpdate.html

**QUAN TRỌNG:**  Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.  www.occourts.org/media-relations/CoronaVirusUpdate.html

Clerk of the Court,  By: _____, Deputy

**NOTICE OF HEARING**                                                    Page: 1

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On June 19, 2020, I served the document described as follows: **NOTICE OF JURY TRIAL AND MANDATORY SETTLEMENT CONFERENCE** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant, Cross-defendant and Cross-complainant in *pro per* | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail: leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial Center, Inc. |
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: (310) 550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: (310) 827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

1633
PROOF OF SERVICE

1

Vincent J. Davitt and Anita Jain
Meylan Davitt Jain Arevian & Kim LLP

2

444 S. Flower Street, Suite 1850
Los Angeles, CA 90071

3

Telephone: (213) 225-6000

4

Email: vdavitt@mdjalaw.com
ajain@mdjalaw.com

5

Attorneys for defendant United Lender, LLC

Ascension Recovery, Inc.,
dba Restored Life Recovery
c/o Megan E. Zucaro
4501 W. Channel Island Blvd., #94
Oxnard, CA 90305

Email: m@megazee.com

Defendant

6

7        [  ] **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal

8  Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary
course of business. I am aware that on motion of the party served, service is presumed invalid if

9  postal cancellation date or postage meter date is more than one day after date of deposit for mailing
in affidavit.

10

11        [ X ] **(By E-mail/Electronic Service)** I caused the document to be sent to the persons at
the electronic service addresses listed above. I did not receive, within a reasonable time after the
transmission, any electronic message or other indication that the transmission was unsuccessful.

12

13        [  ] **(By Personal Service)** I caused to be delivered by hand such envelope to the addressee.
The messenger's proof of service will be prepared and available.

14        [  ] **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above,
by placing the true copies in separate envelopes for each addressee, with the name and address of

15  the person served shown on the envelope and by sealing the envelope and placing it for collection
and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

16

17        Executed on June 19, 2020 at Irvine, California. I declare under penalty of perjury under the
laws of the State of California that the above is true and correct.

18

19        KIMBERLY RICHARDSON

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

1634

PROOF OF SERVICE

# EXHIBIT 137

1635

Case 8:20-ap-01070-VK  Doc 15  Filed 07/17/20  Entered 07/17/20 12:25:43  Desc
Exhibit 12-H-1 &#x2013; APOS-SKIP  Page 48 of 429
30-2020-01124778-CU-FR-CJC - ROA # 80 - DAVID H. YAMASAKI, Clerk of the Court By Briana Jurado, Deputy Clerk.

1  Richard I. Arshonsky, Esq. [SBN 155624]
   Lori E. Eropkin, Esq. [SBN 253048]
2  **LEVINSON ARSHONSKY & KURTZ, LLP**
   15303 Ventura Blvd., Suite 1650
3  Sherman Oaks, CA 91403
   Telephone:  (818) 382-3434
4  Facsimile:  (818) 382-3433
   E-Mail:     rarshonsky@laklawyers.com
5              leropkin@laklawyers.com

6  Attorneys for Defendant American Financial Center, Inc.

7  SUPERIOR COURT OF THE STATE OF CALIFORNIA

8  FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

9

| 10 | ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, | CASE NO. 30-2020-01124778-CU-FR-CJC |
|---|---|---|
| 11 | Plaintiff, | Hon. Walter Schwarm, Judge Assigned for All Purposes, Department C19 |
| 12 | vs. | **DEFENDANT AMERICAN FINANCIAL CENTER, INC. DEMAND FOR JURY TRIAL AND NOTICE OF POSTING FEE UNDER CODE OF CIVIL PROCEDURE 631(B)** |
| 13 | UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; and DOES 1 through 100, inclusive, | |
| 14 | | |
| 15 | | |
| 16 | | Action filed: 01/15/2020 |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | Defendants. | |

21

22  **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

23  In response to Local Emergency Rule 1 and the Court's Notice of Hearing re scheduling of

24  trial, mailed June 15, 2020, Defendant American Financial Center, Inc. ("AFCI") hereby makes its

25  demand for a jury trial in the above-entitled action. AFCI further provides notice of its concurrent

26  posting of the fee required by Code of Civil Procedure section 631(b).

27  .

28

LEVINSON ARSHONSKY & KURTZ, LLP

Dated:  June 19, 2020

LEVINSON ARSHONSKY & KURTZ, LLP

By: _____
LORI E. EROPKIN
Attorneys for Defendant American Financial Center,
Inc.

DEMAND FOR JURY TRIAL AND NOTICE OF POSTING FEE

2968-002/1011153.docx

**PROOF OF SERVICE**
1013a(3) CCP

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 15303 Ventura Boulevard, Suite 1650, Sherman Oaks, California 91403.

     On the date below, I served the foregoing document(s), described as

- **DEFENDANT AMERICAN FINANCIAL CENTER, INC. DEMAND FOR JURY TRIAL AND NOTICE OF POSTING FEE UNDER CODE OF CIVIL PROCEDURE 631(B)**

on each of the interested parties in this action by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows (or as addressed on the attached mailing list):

**SEE SERVICE LIST**

☒    **(BY MAIL)**  By placing the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid.

☐    **(BY FACSIMILE)**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above (or on the attached service list).  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which I printed out, is attached.

☐    **(BY OVERNIGHT MAIL)**  I enclosed the document in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) set forth above (or on the attached service list).  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery courier.

☒    **(BY E-MAIL)**  Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above (or on the attached service list).  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on June 19, 2020, at Sherman Oaks, California.

STACIA MCFADDEN                     /s/ Stacia McFadden

                                           *Signature*

LEVINSON ARSHONSKY & KURTZ, LLP

2968-002/922250.docx

LEVINSON ARSHONSKY & KURTZ, LLP

1

## SERVICE LIST
### 1013a(3) CCP

2

3

| | |
|---|---|
| Andrew A. Smits<br>Law Offices of Andrew A. Smits<br>36 Executive Park, Suite 160<br>Irvine, CA 92614-4794<br>Telephone: (949) 833-1025<br>Email: asmits@smits-law.com | Attorney for Plaintiff ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST |
| Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Rd., Ste 399<br>Bonsall, Ca 92003<br>Telephone: (310) 827-3344<br>Email: Lcm@Lcmplc.Com<br><br>Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, Ca 90210-5302<br>Telephone: (310) 550-5770<br>Email: mrwainer@swmfirm.com | Attorneys for Defendants<br>UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual |
| Vincent J. Davitt<br>Anita Jain<br>MEYLAN DAVITT JAIN AREVIAN & KIM LLP<br>444 South Flower Street, Suite 1850<br>Los Angeles, California 90071<br>Telephone:  (213) 225-6000<br>Email: vdavitt@mdjalaw.com/ajain@mdjalaw.com | Attorneys for Defendant UNITED LENDER, LLC |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br>Telephone: (310) 540-2202<br>Email: rs@rschachterlaw.com | Attorneys for Defendant WESTERN FIDELITY ASSOCIATES, LLC DBA WESTERN FIDELITY TRUSTEES |
| Megan Zucaro<br>4501 W. Channel Island Blvd. #94<br>Oxnard, CA 90305<br>Mobile: (424) 288-1364<br>Email: m@megazee.com | Defendant |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2968-002/922250.docx

# EXHIBIT 138

1640

Megan Zucaro
4501 W. Channel Island Blvd. #94
Oxnard, CA 90305
Mobile: (424) 288-1364
Email: m@megazee.com

Defendant, In Pro Per

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST,<br><br>Plaintiff,<br><br>*vs.*<br><br>UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.: 30-2020-01124778-CU-FR-CJC<br><br>*Case assigned to:*<br>*Honorable Judge Walter Schwarm*<br><br>**DEFENDANT MEGAN E. ZUCARO'S MOTION FOR LEAVE TO FILE CROSS-COMPLAINT.**<br><br>Date:       July 28, 2020<br>Time:       1:30 p.m.<br>Place:      Dept. C19<br><br>*Reservation no. 73326910*<br><br>Complaint Filed:   1/15/2020<br>Trial Date:          8/27/2021 |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on July 28, 2020 at 1:30 p.m., or as soon thereafter as the matter may be

heard in Department C19 of the above-entitled court, Defendant MEGAN E. ZUCARO will move this

Court located at 700 W Civic Center Dr., Santa Ana, CA, 92701, for an order permitting Defendant,

MEGAN E. ZUCARO to file the proposed Cross-Complaint attached hereto as **Exhibit A** and a copy of

1

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CROSS COMPLAINT

which is served herewith.  This motion is based on this Notice of Motion, the proposed Cross

Complaint, the supporting Memorandum of Points and Authorities, Declaration of MEGAN E.

ZUCARO filed with this motion, the papers and pleadings on file; and any other such evidence as may

be presented at the time of the hearing.

This motion will be made under Code of Civil of Procedure Section 426.50 on the ground that

the proposed Cross Complaint arises out of the same transaction as the complaint; and that allowing

such filing at the present time is in the interest of justice and will promote the efficient resolution of all

claims between parties.   This motion is brought in good faith, and that it is in the interest of justice that

this motion be granted.


June ____24____, 2020                          By:_____
                                                        MEGAN E. ZUCARO
                                                        Defendant, In Pro Per

2
NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CROSS COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.  INTRODUCTION

The foreclosure action filed by Plaintiff is frivolous in that the so-called "facts" alleged in the Complaint are couched in fraud.  The facts that will be presented at trial will unveil that it was the wrongful actions of the Plaintiff that started the transaction of events leading to this lawsuit.  These facts are alleged in Defendant MEGAN E. ZUCARO's proposed Cross Complaint.

It should be clearly understood that Defendant MEGAN E. ZUCARO has not answered the original Complaint that initiated this lawsuit.  MEGAN E. ZUCARO filed her demurrer to the original Complaint.  No hearing yet has taken place to decide upon the merits of MEGAN E. ZUCARO's demurrer.  And yet, without having the opportunity to exercise her right to file a responsive pleading to the original complaint, MEGAN E. ZUCARO now finds herself being required to ask leave to file this Cross Complaint, which should be a matter of right. Defendant MEGAN E. ZUCARO now brings this motion to file her Cross Complaint.

## 2.  STATEMENT OF FACTS

The Declaration of Defendant MEGAN E. ZUCARO ("Decl.") indicates there should be additional parties added to this case and cause. Defendant MEGAN E. ZUCARO (hereinafter "Zucaro") filed a Demurrer to the Complaint, but has not filed an Answer to the Complaint.  There is a trial date already scheduled on calendar in this case for August 27, 2021.  The existence of this trial date forces Zucaro to request leave of court to file her Cross Complaint.

Zucaro is requesting to add non-parties that are not currently listed as parties to this case and cause. Zucaro brings this motion for leave to file her Cross-Complaint. The proposed Cross-Complaint is attached to this motion as **Exhibit A**.  All of the defendants that are named in the proposed Cross-Complaint belong in this action.

## 3.  ARGUMENT

## I.  <u>LEAVE TO FILE THE CROSS COMPLAINT SHOULD BE GRANTED LIBERALLY TO AVOID FORFEITURE OF DEFENDANT'S CLAIM.</u>

The Code of Civil Procedure Section 426.50 states:

A party who fails to plead a cause of action… whether through oversight,

MOTION FOR LEAVE TO FILE CROSS COMPLAINT

inadvertence, mistake, neglect, or other cause, may apply to the court for leave to … file a cross-complaint, to assert such cause at any time during the course of the action.   The court … shall grant, upon such terms as may be just to the parties, leave to … file the cross-complaint, to assert such cause if the party who failed to plead the cause acted in good faith.   This subdivision shall be liberally construed to avoid forfeiture of causes of action. [Code of Civil Procedure, Section 426.50].

Leave to file a Complaint may be granted under Code of Civil Procedure Section 428.50, which provides:

(a) A party shall file a Complaint against any of the parties who filed the complaint or Complaint against him or her before or at the same time as the answer to the complaint or Complaint.

(b) Any other Complaint may be filed at any time before the court has set a date for trial.

(c) A party shall obtain leave of court to file any Complaint except one filed within the time specified in subdivision (a) or (b). Leave may be granted in the interest of justice at any time during the course of the action.

In this instant case, the Defendant Zucaro only filed a Demurrer to the Complaint, and not officially filed an Answer to Plaintiff's Complaint. Due to Zucaro not having filed an answer to the Complaint, pursuant to the Code of Civil Procedure Section 428.50(a), Defendant Zucaro should be granted leave to file her Cross-Complaint.

Further, the Code of Civ. Proc. Section 428.10(b) further provides that a defendant can complain against a third party only if the cause of action asserted: (1) arises out of the same transaction, occurrence, or series of transactions or occurrences set forth in the complaint, or (2) asserts a claim, right, or interest in the property or controversy that is the subject of the cause of action brought against him.

In the instant case, the Defendants named in Zucaro's Cross Complaint have acted as agents, servants, representatives and employees of the other Cross-Defendants and each of them, were acting within the course and scope of such agency and employment, and should be included in this case and cause.  Further, each of the Cross-Defendants listed in Zucaro's Cross-Complaint conspired with each other to commit the wrongful acts complained of in the Cross-Complaint.

Zucaro seeks leave of this court to file this proposed compulsory cross complaint under C.C.P. Section 426.30 in that it arises out of the same transaction as the existing pleadings in this case.

MOTION FOR LEAVE TO FILE CROSS COMPLAINT

As long as the proposed cross-complaint arises out of the same transaction as the plaintiff's complaint, Section 426.50 authorizes leave to file the cross-complaint after answering, and specifically provides that is shall be "construed liberally to avoid forfeiture" of cross-complainant's claim. Here, Zucaro never filed any responsive pleading to the original Complaint, as she instead demurred. So, the filing of her proposed cross complaint should be granted leave as a matter of right.

## II.   WHEREVER A PARTY FAILS TO JOIN SOME PERSON NECESSARY FOR A JUST ADJUDICATION THE COURT SHALL ORDER THAT PERSON BE MADE A PARTY TO THE ACTION.

The Code of Civil Procedure Section 389(a) states:

> A person... shall be joined as a party in the action if... he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may... leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined **the court shall order that he be made a party**. [Code of Civil Procedure, Section 389(a)].

The Code of Civil Procedure further states that if this indispensable person "cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice." [Code of Civil Procedure, Section 389(b)].

In the instant case, the Cross-Defendants named in Zucaro's proposed Cross-Complaint have an interest relating to the subject of this action due to each of them acting within the course and scope of such agency and employment which is related to this case and cause. Each Cross-Defendant listed in Zucaro's Cross-Complaint should be made a party to the instant case.

## III.   LEAVE TO FILE THE CROSS COMPLAINT SHOULD BE GRANTED LIBERALLY TO AVOID FORFEITURE OF DEFENDANT'S CLAIM.

Under Code of Civil Procedure Section 426.50, a party may move for leave to file a compulsory Complaint at any time before trial. The Code of Civil Procedure states:

> A party who fails to plead a cause of action... whether through oversight, inadvertence, mistake, neglect, or other cause, may apply to the court for leave

to … file a Complaint, to assert such cause at any time during the course of the action.   The court … shall grant, upon such terms as may be just to the parties, leave to … file the Complaint, to assert such cause if the party who failed to plead the cause acted in good faith.   This subdivision shall be **liberally** construed to avoid forfeiture of causes of action. [Code of Civil Procedure, Section 426.50].

Leave to file a Complaint may also be granted under Code of Civil Procedure Section 428.50, which provides:

> (a) A party shall file a Complaint against any of the parties who filed the complaint or Complaint against him or her before or at the same time as the answer to the complaint or Complaint.
> (b) Any other Complaint may be filed at any time before the court has set a date for trial.
> (c) A party shall obtain leave of court to file any Complaint except one filed within the time specified in subdivision (a) or (b).  Leave may be granted in the interest of justice at any time during the course of the action.

The Code of Civ. Proc. Section 428.10(b) further provides that a defendant can complain against a third party only if the cause of action asserted: (1) arises out of the same transaction, occurrence, or series of transactions or occurrences set forth in the complaint, or (2) asserts a claim, right, or interest in the property or controversy that is the subject of the cause of action brought against him.

The court in *Silver Organizations Limited v. Frank* (1990) 217 Cal. App. 3d 94, the defendants hired a new attorney just before trial.  After obtaining a short continuance and doing some discovery, the attorney determined that he had grounds to cross complain against the plaintiffs.  He moved for leave to file a Complaint under Section 426.50 right before the new trial date.  The trial court denied his motion. In reversing the trial court's decision, the appellate court held that, because the attorney had acted in good faith and without a substantial showing of bad faith, the court had improperly denied the motion:

> While it may be argued that appellants, acting as their own counsel, may have been guilty of neglect, inadvertence or oversight, thereby causing delay, section 426.50 expressly disallows denial of a motion based on these grounds.  There must be bad faith and this record fails to demonstrate that element.  We conclude the late filing of the motion to file a compulsory Complaint absent some evidence of bad faith is insufficient evidence to support denial of the motion. (*Silver*, p. 101)

In *Silver*, the Court of Appeal ruled that a time period of less than six months between the filing of a complaint and a motion to file a compulsory cross-complaint did not constitute bad faith.

MOTION FOR LEAVE TO FILE CROSS COMPLAINT

In this instant case, there are multiple parties and numerous issues in dispute. The Complaint was only filed January 15, 2020, and yet there is already a trial date that bars Zucaro's ability to file her cross complaint in response to Plaintiff's Complaint. Plaintiff barely has had a hand few of weeks to file her responsive pleading to the Complaint.

Plaintiff Zucaro responded to this lawsuit in a reasonable amount of time after being served the Complaint. Plaintiff exercised her right to appear in this case with a Demurrer to the Complaint of which the hearing on her demurrer has not taken place yet or been ruled upon. Plaintiff is still not yet required to file a responsive pleading to the Complaint. Hence, this motion is being made timely.

### IV.    A CASE IS NOT AT ISSUE UNLESS THE PLEADING STAGE IS COMPLETE.

The common understanding of the term "at-issue" is that all defendants as to whom judgment is sought have been served, that their answers are on file, and that no further pleadings are required or expected from any party [*Contract Engineers, Inc. v. Wellborn* (1968) 258 Cal. App. 2d 553, 557, 65 Cal. Rptr. 903, 905-906].

The declaration of Zucaro indicates that Defendant plans to file a Cross-Complaint and serve to Thuy Rucks aka Rina Rucks, an individual; Christianne Tiemann, an individual; Ha Nguyen, an individual; Christina Khouie, an individual; Behavioral Health Solutions, an unknown entity; Orlando Spado aka Ori Spado, an individual; Michelle Thomas, an individual, and Roes 1-10, inclusive. Due to Zucaro not having answered the Complaint, and only filing a Demurrer to the Complaint, the pleading stage is incomplete and she should be allowed to file her Cross-Complaint.

### V.    THE COURT SHOULD GRANT THE MOTION FOR LEAVE TO FILE CROSS-COMPLAINT BECAUSE DEFENDANT ZUCARO HAS NOT FILED AN ANSWER TO THE COMPLAINT AND SHE WOULD BE PREJUDICED IF SHE WAS NOT ABLE TO FILE HER CROSS-COMPLAINT.

It is a judicial policy to resolve all disputes between parties on their merits, and to allow amendment of pleadings to put all such disputes at issue at the time of trial. The court in *Calif. Cas. Gen. Ins. Co. v. Superior Court* (1985) 173 Cal. App. 3d 274, 278 stated while a motion to permit an amendment to a pleading to be filed is one addressed to the discretion of the court:

…it is a rare case in which 'a court will be justified in refusing a party leave to amend his pleadings so that he may properly his case…'"[Citations] "If the motion to amend is timely made and granting of the motion will not prejudice the opposing party, it is error to refuse permission to amend and where the refusal also results in a party being deprived of the right to assert a meritorious cause of action or a meritorious defense, it is not only error, but an abuse of discretion.

The court in *Atkinson v. Elk Corp.* (2003) 109 Cal.App.4th 739, 761 noted the policy favoring leave to amend is so strong that it is an abuse of discretion to deny any amendment unless the adverse party can show meaningful prejudice, such as the running of the statue of limitation, trial delay, the loss of critical evidence, or added preparation costs. And the court in *Kittredge Sports Co. v. Superior Ct* (1989) 213 Cal. App. 3d 1045, 1048 reasoned absent a showing of such prejudice, delay alone is not grounds for denial of motion to amend.

In the instant case, due to Defendant Zucaro not having filed an Answer to Plaintiff's Complaint, she is timely filing her motion in requesting to file a Cross-Complaint to add additional parties in this case and cause. Zucaro would be prejudiced if she is not allowed to file her Cross-Complaint to add the additional parties.

## VI.    GOOD CAUSE EXISTS FOR GRANTING THE CONTINUANCE OF THE TRIAL DATE IN THAT A SIGNIFICANT CHANGE IN CASE STATUS IS EXPECTED BY A CHANGE IN THE PARTIES OR PLEADINGS.

The California Rules of Court, Appendix, Div. I, Section 9(5) states:

The following matters should, under normal circumstances, be considered good cause for granting the continuance of a trial date: …(5) Significant change in status of case: A significant change in the status of the case where, because of a change in the parties or pleadings ordered by the court, the case is not ready for trial. [California Rules of Court, Appendix, Div. I, Section 9(4)(5)].

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

MOTION FOR LEAVE TO FILE CROSS COMPLAINT

### 4.  CONCLUSION

For these reasons, leave for MEGAN E. ZUCARO to file her proposed Cross Complaint should be granted.

DATED: June __24__, 2020

Respectfully submitted,

_____

MEGAN E. ZUCARO,
Defendant, In Pro Per

MOTION FOR LEAVE TO FILE CROSS COMPLAINT

1649

## DECLARATION OF MEGAN E. ZUCARO

I, Megan E. Zucaro, declare:

1.   I am one of the Defendants in the action, *Anh Thy Song Nguyen, Trustee of Mother Nature Trust vs. United Lender, LLC, a Nevada limited liability company; Shawn Ahdoot, an individual; Albert A. Ahdoot, an individual; Megan E. Zucaro, an individual; Helping Others International, LLC, a Delaware limited liability company; Western Fidelity Associates, LLC, a California lifted liability company, dba Western Fidelity Trustees; John B. Spear, an individual; American Financial Center, Inc., a California Corporation; and Does 1-100, inclusive*, case no. 30-2020-01124778-CU-FR-CJC.  I have personal knowledge of each matter stated herein and if called upon to testify as to these matters, I could and would competently do so.

2.   The allegations in the proposed Cross-Complaint are all based upon the same transaction of events pled in the Complaint.

3.   I would have requested leave of this court sooner to file the cross-complaint.  However, I have only filed a Demurrer to Plaintiff's Complaint, and have not answered the Complaint. The trial court has set a trial date before all the pleadings and documents are filed in this case and cause. When filing my Answer to the Complaint, I would have been able to file my Cross-Complaint to add the additional parties to this matter.

4.   I now request the court to accept the filing of this proposed Cross-Complaint, which is attached to this noticed motion, served and filed concurrently with this Declaration.

5.   All of the defendants that are named in this Cross-Complaint belong in this action.  Any allegations that were previously found by the court to be defective have been either removed or corrected, such that all the remaining claims are now legally fit in stating a cause of action against each and every named defendant in the Cross-Complaint.

6.   I bring this motion for leave to file my proposed Cross-Complaint in good faith to honor the rulings made by this court.

7.   It would be in the furtherance of justice for the court to grant Defendant Megan E. Zucaro leave to file the Cross-Complaint so that the complaint may conform to the preferred causes of action and remedies recognized in California based upon the material facts of this case.

Page 1 of 2

DECLARATION OF MEGAN ZUCARO IN SUPPORT OF                Case No.: 30-2020-01124778-CU-FR-CJC
MOTION FOR LEAVE TO FILE CROSS COMPLAINT.

8.   To the best of my knowledge, allowing Defendant to file the proposed Cross-Complaint would not prejudice the current parties to this action in any manner.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

June _____24_____, 2020

_____
Declarant, Megan E. Zucaro

Page 2 of 2

DECLARATION OF MEGAN ZUCARO IN SUPPORT OF
MOTION FOR LEAVE TO FILE CROSS COMPLAINT.

Case No.: 30-2020-01124778-CU-FR-CJC

# EXHIBIT A

## PROPOSED CROSS COMPLAINT

1652

Megan Zucaro
4501 W Channel Island Blvd #94
Oxnard, CA 90305
Telephone: (424) 288-1364
Email: m@megazee.com

Defendant / Cross-Complainant, In *pro per*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; and DOES 1-100, inclusive,<br><br>        Defendants.<br><hr>MEGAN E. ZUCARO, an individual,<br><br>        Cross-Complainant,<br><br>v.<br><br>THUY RUCKS aka TINA RUCKS, an individual, CHRISTIANNE TIEMANN, an individual, HA NGUYEN, an individual, CHRISTINA KHOUIE, an individual, BEHAVIORAL SOLUTIONS, LLC, ORLANDO SPADO, an individual, MICHELLE THOMAS, an individual, and ROES 1-10, inclusive,<br><br>        Cross-Defendants. | CASE NO.: 30-2020-01124778-CU-FR-CJC<br><br>CASE ASSIGNED FOR ALL PURPOSES TO THE HON. WALTER SCHWARM, DEPT. C19.<br><br>CROSS-COMPLAINT FOR:<br><br>1.  BREACH OF PURCHASE AGREEMENT<br>2.  CONSPIRACY TO COMMIT FRAUD<br>3.  PROMISSORY FRAUD<br>4.  BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING<br>5.  INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS<br>6.  CONVERSION<br>7.  DECLARATORY RELIEF<br>8.  MONEY HAD AND RECEIVED<br>9.  ACCOUNTING |

- 1 -

Cross-Complainant MEGAN E. ZUCARO allege as follows:

**PRELIMINARY ALLEGATIONS**

1.      Cross-Complainant MEGAN E. ZUCARO ("Zucaro") is an individual who, at all times herein, was a resident in the County of Los Angeles.

2.      Cross-Defendants to this action, THUY RUCKS, also known as TINA RUCKS ("Rucks"), CHRISTIANNE TIEMANN ("Tiemann"), HA NGUYEN ("Nguyen"), CHRISTINA KHOUIE ("Khouie"), BEHAVIORAL SOLUTIONS, LLC ("Behavioral Solutions"), ORLANDO SPADO ("Spado"), and MICHELLE THOMAS ("Thomas") are individuals or entities who, at all times relevant to this Cross-Complaint, were doing business in and/or residing in Orange County, California.   Behavioral Solutions is a California Limited Liability Company, registration no. 201803910098.

3.      The true names and capacities, whether individual, corporate, associate or otherwise, of the Cross-Defendants named herein as ROES 1 through 10, inclusive, are unknown to Cross-Complainant who therefore sue said Cross-Defendants by such fictitious names. Cross-Complainant will seek leave to amend her Cross-Complaint to show their true names and capacities when the same have been ascertained.

4.      Cross-Complainant is informed and believes and on such information and belief alleges that at all times herein mentioned, Cross-Defendants, and each of them, were the agents, servants, representatives and employees of the other Cross-Defendants, and each of them, and in doing the things herein alleged, were acting within the course and scope of such agency and employment. Alternatively, at all times mentioned herein, each of the Cross-Defendants conspired with each other to commit the wrongful acts complained of herein. Although not all of the Cross-Defendants committed all of the acts of the conspiracy or were members of the conspiracy at all times during its existence, each Cross-Defendant knowingly performed one or more acts in direct furtherance of the objectives of the conspiracy. Therefore, each Cross-Defendant is liable for the acts of all of the other conspirators.

5.      Cross-Complainant is informed and believes and thereon alleges that each of the Cross-Defendants designated herein as a Roe is responsible in some manner for the happenings and

- 2 -

events hereinafter alleged and negligently or otherwise caused the losses and/or damages as herein alleged. Cross-Complainant will seek to amend the cross-complaint when the names and capacities of such fictitiously named cross-defendants are ascertained.  As alleged herein, "Cross-Defendants" shall mean all named cross-defendants and all fictitiously named cross-defendants.

## FACTUAL STATEMENT

6.    In January 2019, Cross-Complainant Zucaro learned of a potential purchase opportunity to acquire Ascension Recovery, Inc. ("Ascension"), a detoxification company that was duly licensed by the State of California.  The principal place of business for Ascension was 6475 Marigayle Circle, Huntington Beach, California ("Marigayle Circle Location"). The Marigayle Circle Location was owned by the Mother Nature Trust, Ahn Thy Nguyen ("Ahn"), as Trustee. Zucaro decided to purchase both Ascension and its place of operation, the Marigayle Circle Location.

7.    Zucaro decided to purchase both Ascension and its place of operation, the Marigayle Circle Location.

8.    On April 3, 2019, Zucaro agreed to purchase the Marigayle Circle Location for $3,150,000 from Ahn, as Trustee of the Mother Nature Trust.  The parties opened escrow on April 5, 2019.

9.    On April 18, 2019, Zucaro contacted Cross-Defendant Khouie, an owner of Cross-Defendant Behavioral Solutions. Behavioral Solutions performed billing services for Ascension at this time. Zucaro notified Khouie that billing information for a new patient would be sent. Khouie confirmed Zucaro's primary email address so that Khouie could begin sharing billing reports with Zucaro.

10.    On April 22, 2019, Zucaro purchased Ascension, including all its assets, from Cross-Defendant Rucks for $300,000.00. Included in this purchase were Ascension's lease at the Marigayle Circle Location, one Toyota Sienna van, and all bank accounts in the name of Ascension.  As a result of the purchase, Zucaro was directed to take over all corporate responsibilities and was provided with Ascension's corporate document book and license by Rucks and Rucks' assistant, Chris Tiemann ("Chris").

- 3 -

11.    On May 1, 2019, the parties closed escrow on the Marigayle Circle Location.

12.    On May 9th, 2019, Zucaro was notified that a new patient had been admitted to Ascension. Zucaro directed her staff to complete all required clinical work for this patient.

13.    On May 11, 2019, Zucaro received addiction counseling certifications from Anthony Fata ("Fata"). Zucaro decided that Fata would join her staff on May 22, 2019.

14.    On May 16, 2019, Zucaro directed her staff to transfer all utilities for the Marigayle Circle Location, including water, trash, electricity, gas, internet, phone and cable, as well as gardening and pool cleaning services, into her name.

15.    On May 22, 2019, Zucaro received contact information for Kathryn Dolezal, the Account Executive for the Joint Commission assigned to Ascension. Zucaro received this information from Denise Dien at the Doctors Surgery Center, the same surgery center where Cross-Defendant Rucks was employed at this time. Denise Dien told Zucaro that Zucaro could choose one of her staff members to act as the Security Administrator for purposes of interacting with the Joint Commission.

16.    On May 29, 2019, Zucaro appointed Fata as the Executive Director of Ascension. This same day, Fata requested and received billing information for Ascension's Cathay Bank and U.S. Bank Accounts. Fata e-mailed Cross-Defendant Khouie with a list of eight checks, asking Khouie to contact the insurance company and determine whether these eight checks were cashed or deposited and if deposited, determine by who.

17.    On June 1, 2019, the Cathay Bank account in Ascension's name was transferred to Zucaro by Cross-Defendant Rucks.

18.    On June 2, 2019, Fata contacted Cross-Defendant Nguyen, who, at this time served as a shared accountant to both Zucaro and Cross-Defendant Rucks. Fata requested that Nguyen provide bank statements for Ascension's Cathay Bank and U.S. Bank accounts.

19.    On June 3, 2019, Fata sent Cross-Defendant Nguyen a list of nineteen checks paid out of Ascension's Cathay Bank account. Fata requested Nguyen provide the payee name, reason for payment and the name of the party who authorized the check for each of the checks listed.  This same day, Nguyen responded with a spreadsheet listing all information requested by Fata. Nguyen

- 4 -

indicated to Fata that all checks were authorized by Cross-Defendant Rucks. Fata responded to Nguyen, clarifying that the only individuals authorized to make deductions or request deductions from either of Ascension's bank accounts were Zucaro and Fata. On this same day, Zucaro and Fata met with Cross-Defendants Nguyen and Rucks to go line-by-line through Ascension's finances.

20.    On June 4, 2019, Fata provided Zucaro with the amounts of Ascension's expenses, income, and profit/loss based on the bank statements for Ascension's Cathay Bank and U.S. Bank accounts. Later this day, Cross-Defendant Nguyen indicated that she no longer wanted to provide accounting services to Ascension and resigned.

21.    The next day, on June 5, 2019, Zucaro told Fata that the numbers Fata reported in his June 4th e-mail to her did not align with the amount of Ascension's earnings provided to Zucaro by Cross-Defendant Behavioral Solutions. This same day, insurance checks were not received at the Marigayle Circle Location. Fata e-mailed Behavioral Solutions, requesting that Behavioral Solutions notify all insurance companies that bills from April 22, 2019 forward should be sent to the Marigayle Circle Location. This same day, Zucaro received Joint Commission access on behalf of Ascension.

22.    On June 10, 2019, Nguyen sent Zucaro a copy of Ascension's 2018 Federal Tax Extension. Given that Ascension opened in March, 2018, there were no other tax documents available.

23.    On June 17, 2019, Fata e-mailed Chris, stating that Ascension's U.S. Bank account, as intellectual property of Ascension, belonged to Zucaro. Fata directed Cross-Defendant Rucks to either close the account or transfer the account to Zucaro as was done with Ascension's Cathay Bank account.

24.    On June 18, 2019, Zucaro asked Chris to provide her with a copy of the Bill of Sale for Ascension and a Notarized Resolution showing that the previous owners and shareholders had transferred ownership to Zucaro. Zucaro received the Bill of Sale from Chris later that day.

25.    On June 25, 2019, Cross-Defendant Nguyen e-mailed McGrath notifying him that Nguyen would no longer be working with Ascension. Nguyen directed McGrath to contact Zucaro or Fata with any questions.

- 5 -

26.     On July 1, 2019, Cross-Defendant Rucks e-mailed Zucaro refusing to transfer or close Ascension's U.S. Bank account. In this e-mail, Rucks indicated that she had previously requested that Zucaro create a new U.S. Bank account and transfer Ascension's Detox License into Zucaro's name. Rucks stated that she wanted to keep the U.S. Bank Account open under her name to ensure that she would be able to collect any money deposited into that account that was owed to her as the previous owner of Ascension. Rucks indicated to Zucaro that if money belonging to Zucaro was deposited into the U.S. Bank account, she would be immediately notified. Later this day, Zucaro contacted the Valley Police Department. Zucaro informed the police that Rucks had been receiving insurance checks on behalf of Ascension that belonged to Zucaro. Zucaro accompanied the police to the Doctors Surgery Center where Rucks was confronted by police about the checks. While Rucks initially denied possession of any checks, after police officer's threatened to arrest her, Rucks produced insurance checks from her purse.   Later this month, Zucaro returned to the Doctors Surgery Center to speak with Rucks regarding any Ascension insurance checks that were still in Rucks Possession. Rucks threatened to take out a restraining order against Zucaro if Zucaro returned to Rucks's office again.

27.     On July 2, 2019, Zucaro received Ascension's billing reports and confirmed that $130,000.00 was owed by Ascension as of May, 2019.

28.     On July 14, 2019, Zucaro sent a letter to Andrew Mack ("Mack") with the Department of Health Care Services. In her letter, Zucaro indicated that she had purchased Ascension and has appointed Fata as her Director. Zucaro authorized Fata to speak with Mack on behalf of Ascension regarding any matter involving the Department of Health Care Services.

29.     On July 19, 2019, Chris e-mailed Zucaro regarding money owed by Zucaro to Cross-Defendant Rucks.

30.     On July 29, 2019, the State confirmed Ascension's change of ownership.

31.     On August 6, 2019, Fata e-mailed the insurance company stating that the address on the insurance checks being mailed to Ascension was still incorrect after multiple attempts to have it changed to the Marigayle Circle Location. This same day, Zucaro was notified by the State Licensing Board that Cross-Defendant Rucks had terminated Ascension's Detox License. Zucaro

- 6 -

was told by the State Licensing Board that she had 30 days to obtain licensing.

32.     On August 13, 2019, Zucaro spoke with Cross-Defendant Spado who told Zucaro he might be able to help her with the problems she was experiencing as a result of her purchase of Ascension. Spado indicated that he was in contact with substantial investors. This same day, Zucaro sent Anthem Blue Cross a copy of the Institutional Provider Change Request Form showing the Marigayle Circle Location as the correct mailing address for Ascension.

33.     On August 16, 2019, Zucaro sent a Cease and Desist Letter addressed to multiple parties affiliated with Cross-Defendant Behavioral Solutions, including Cross-Defendants Rucks and Tiemann. This letter requested that all parties listed no longer use the U.S. Bank account or Federal Tax Identification Number associated with Ascension.

34.     In August 2019, Zucaro went to the United States Postal Service ("U.S.P.S.") to determine why mail was not being received at the Marigayle Circle Location. Zucaro was informed that the mail intended to be delivered to that address had been forwarded. Zucaro contacted the fraud department of U.S.P.S. and filed a claim.

35.     On August 26, 2019, Zucaro received the first $10,000.00 USD of a $30,000.00 loan taken out by Zucaro from individuals she was introduced to through Cross-Defendant Spado.

36.     On August 28, 2019, Cross-Defendant Khouie e-mailed Zucaro, notifying Zucaro that Cross-Defendant Behavioral Solutions was terminating any and all billing services on behalf of Ascension. Zucaro was separately informed that Cross-Defendant Rucks had told a staff member at Behavioral Solutions that Rucks would compensate that staff member if they would send all Ascension insurance checks to Rucks.

37.     On September 11, 2019, Zucaro fired Ascension's staff and shut down the facility as a result of the license cancellation. Given that Zucaro had not received many of the insurance checks she was owed, Zucaro was required to take out a loan to ensure all employees were adequately compensated.

38.     On September 17, 2019, Zucaro met with Cross-Defendant Thomas wherein Thomas stated that she would be willing to take on responsibility for the Marigayle Circle Location and pay all bills owed. Zucaro then sent Thomas all financials and bills for the Marigayle Circle Location.

- 7 -

1  Zucaro subsequently learned that Thomas was only interested in taking over the Marigayle Circle
2  Location property, and not Ascension.  Zucaro decided to decline Thomas' proposal.

3      39.    On September 29, 2019, Zucaro received a notice of foreclosure for the Marigayle
4  Circle Location.

5      40.    On October 5, 2019, Zucaro began receiving harassing phone calls, text messages and
6  e-mails from Cross-Defendants Thomas and Spado. The correspondence Zucaro received from these
7  individuals was threatening to both her and her children. Thomas and Spado went as far as to contact
8  Zucaro's past employees, her driver and Zucaro's ex-husband who was living in Africa. It is at this
9  time that Cross-Defendants Thomas and Spado began conspiring with Cross-Defendant Rucks.

10     41.    On November 12, 2019, Zucaro received an e-mail from U.S.P.S. confirming that
11  there had been mail fraud.

12                          **FIRST CAUSE OF ACTION**

13                        **Breach of Purchase Agreement**

14        **(Against Ahn Thy Nguyen as Trustee of the Mother Nature Trust)**

15     42.    Cross-Complainant refers to Paragraphs 1 through 41 of her Cross-Complaint and
16  incorporate the same herein by reference as though fully set forth at length.

17     43.    As alleged hereinabove, Cross-Complainant and Cross-Defendant entered into a
18  written purchase agreement as more fully set forth hereinabove, including Cross-Complainant's
19  purchase of Cross-Defendant's property, the Marigayle Circle location.

20     44.    Pursuant to the Purchase Agreement, ¶22(A) provides for a Mediation Clause, as
21  follows:

22          "The Parties agree to mediate any dispute or claim arising between them out
23          of this Agreement, or any resulting transaction, before resorting to arbitration or court
24          action through the C.A.R Real Estate Mediation Center for Consumers or through any
25          other mediation provider or service mutually agreed to by the Parties. The Parties also
26          agree to mediate any disputes or claims with Broker(s), who, in writing, agree to such
27          mediation prior to, or within a reasonable time after, the dispute or claim is presented
28          to the Broker. Mediation fees, if any, shall be divided equally among the Parties

- 8 -

1    involved. If, for any dispute or claim to which this paragraph applies, any Party (i)

2    commences an action without first attempting to resolve the matter through

3    mediation, or (ii) before commencement of an action, refuses to mediate after a

4    request has been made, then that Party shall not be entitled to recover attorney fees,

5    even if they would otherwise be available to that Party in any such action. This

6    mediation provision applies whether or not the arbitration provision is installed."

7    45.    Further, the Purchase Agreement, under ¶22(B), provides an Arbitration Clause if any

8    dispute or claim in Law or equity arising between them out of the Purchase Agreement or any

9    resulting action is not settled through mediation.

10    46.    Cross-Defendant breached said agreement's Mediation Clause. Cross-Defendant filed

11    a complaint against Cross-Complainant for causes of action arising out of transaction outlined in the

12    Parties' Purchase Agreement and, therefore, failed to exercise the alternative dispute resolutions

13    required by the Purchase Agreement.

14    47.    Cross-Complainant has been damaged by having to defend herself to a unnecessary

15    civil proceeding without first attempting to resolve the case according to the agreement of the

16    parties.  As such, Cross-Complainant has been damaged for amounts incurred to defend herself in

17    this proceeding.

18    **SECOND CAUSE OF ACTION**

19    **Conspiracy to Commit Fraud**

20    **(Against Tina Rucks, Christina Khouie, Behavioral Solutions,**

21    **Ori Spado and Michelle Thomas)**

22    48.    Cross-Complainant refers to Paragraphs 1 through 47 of her Cross-Complaint and

23    incorporate the same herein by reference as though fully set forth at length.

24    49.    As alleged hereinabove, each of the Cross-Defendants committed all of the acts of the

25    conspiracy or were members of the conspiracy at all times during its existence, each Cross-

26    Defendant knowingly performed one or more acts in direct furtherance of the objectives of the

27    conspiracy. Therefore, each Cross-Defendant is liable for the acts of all of the other conspirators.

28    / / / /

50.     After Ruck's April 22nd sale of Ascension to Cross-Complainant, Khouie, employee of Behavioral Solutions, transferred Ascension's insurance payments to Rucks. Despite Cross-Complainant's repeated requests via email and text that the payments be sent to the Marigayle Circle Location and the Valley Police Department's retrieval of three of Ascension's checks from Rucks, the transfer of Ascension's mail to Rucks continued. The Cross-Defendants' conduct assisted in the furtherance of the unlawful act of mail fraud, 18 U.S. Code, Section 1341, that allowed Rucks to commit fraud by wire under 19 U.S. Code Section 1343, as Rucks received and accessed incoming funds for payments of services paid to Ascension after April 22, 2019.

51.     While Cross-Complainant requested Behavioral Solutions send insurance payments to the Marigayle Circle location via email on June 22nd, 2019, the Marigayle Circle location did not receive the insurance payments. Behavioral Solutions later confirmed in August that Rucks had requested the insurance checks be sent to her, rather than the Marigayle Circle location, and that Rucks agreed to pay the billing provider a cut of any of the proceeds received.

52.     On November 18th, the United States Post Office confirmed that the mail, including Ascension's insurance payments, intended for the Marigayle Circle location had been forwarded to Ruck's place of employment, the surgical center.

53.     As a proximate result of said conspiracy, Cross-Complainant was damaged in an amount to be proven at trial.

54.     The aforementioned acts of Cross-Defendants were willful, wanton, malicious, and oppressive, undertaken with the action to defraud within the meaning of Civil Code section 3294, and justify the awarding of exemplary and punitive damages in an amount subject to proof at trial.

**THIRD CAUSE OF ACTION**

**Promissory Fraud**

**(Against Tina Rucks)**

55.     Cross-Complainant refers to Paragraphs 1 through 54 of her Cross-Complaint and incorporates the same herein by reference as though fully set forth at length.

56.     As alleged hereinabove, Rucks made false representations to Cross-Complainant at the time of entering into the oral agreement with respect to Cross-Complainant's purchase of

- 10 -

1  Ascension including Ascension's business checking account at U.S. Bank because Rucks maintained

2  access to the account.

3      57.    Rucks knew at the time of the sale of Ascension, on April 22, that she had no intent to

4  transfer the U.S. Bank account, as she did with the Cathay Bank account, because Rucks maintained

5  access to the account and later told Cross-Complainant, on June 7th, she would not transfer or cancel

6  the U.S. Bank account because she intended to keep the U.S. Bank account open to receive potential

7  insurance payments owed prior to April 22nd.

8      58.    Cross-Complainant reasonably relied on Rucks representation, prior to the purchase,

9  that Cross-Complainant's purchase of Ascension would include all property real and intellectual,

10  including both business checking accounts by purchasing Ascension.

11      59.    As a proximate result of said fraud, Cross-Complainant was damaged in an amount to

12  be proven at trial.

13      60.    The aforementioned acts of Cross-Defendant were willful, wanton, malicious, and

14  oppressive, undertaken with the action to defraud within the meaning of Civil Code section 3294,

15  and justify the awarding of exemplary and punitive damages in an amount subject to proof at trial.

16  **FOURTH CAUSE OF ACTION**

17  **Breach of the Covenant of Good Faith and Fair Dealing**

18  **(Against Tina Rucks)**

19      61.    Cross-Complainant refers to Paragraphs 1 through 60 of her Cross-Complaint and

20  incorporates the same herein by reference as though fully set forth at length.

21      62.    As alleged hereinabove, Cross-Complainant and Cross-Defendants entered into an

22  agreement for the sale of Ascension to Cross-Complainant.

23      63.    Cross-Complainant did all, or substantially all of the significant actions that the

24  contract required them to do, except as excused by Cross-Defendant's breach.

25      64.    All conditions required for Cross-Defendant's performance had either occurred or

26  were excused by Cross-Defendant's breach.

27      65.    All conditions required for Cross Defendant's performance had either occurred or

28  were excused by Cross-Defendant's breach and subsequent termination.

- 11 -

66.    Cross-Defendant breached the implied covenant of good faith and fair dealing, and acted in a manner calculated to interfere with the Cross-Complainant's right to receive the benefits of the contract by engaging in the acts and omissions set forth hereinabove, including: (a) withholding insurance payments from Ascension; (b) failure to close or transfer Ascension's bank accounts to Cross-Complainant after the sale of Ascension; (c) collaborating with Cross-Defendant Behavioral Solutions and Cross-Defendant Christina Khouie, after Cross-Defendant's sale of Ascension, to forward mail payments to Cross-Defendant's place of employment, the Surgical Center, rather than Ascension's Marigayle Circle Location; (d) interfering with third party contracts related to Ascension through withholding insurance payments; (e) inhibiting Cross-Complainant from receiving the expected funds necessary to the operation of Ascension which, ultimately, lead to its closure on September 11, 2019; (f) jeopardizing Cross-Complainant's ability to pay Ascension's employees.

67.    Cross-Defendant's conduct harmed Cross-Complainant in an amount in excess of four-hundred thousand dollars ($400,000).

<div align="center">

**FIFTH CAUSE OF ACTION**

**Intentional Interference with Contractual Relations**

**(Against Tina Rucks, Christianne Tiemann, Christina Khouie, and Behavioral Solutions)**

</div>

68.    Cross-Complainant refers to Paragraphs 1 through 67 of her Cross-Complaint and incorporates the same herein by reference as though fully set forth at length.

69.    Cross-Complainant has a written purchase agreement with Cross-Defendant Ahn Nguyen for the Marigayle Circle property that serves as Ascension's place of business.

70.    At all relevant times, Cross-Defendants were aware of the agreement between Cross-Complainant and Nguyen.

71.    Rucks and her employee intended to disrupt the performance of this agreement by maintaining access to the U.S. Bank account after the April 22nd sale of Ascension and by having Khouie, an employee of Behavioral Solutions, transfer Ascension's insurance payments to Rucks for a cut of the proceeds received.

/ / / /

- 12 -

72.     Cross-Complainant's employee told Behavioral Solutions to notify all insurance companies that bills from April 22, 2019 forward should be sent to the Marigayle Circle location.

73.     Further, on August 16, 2019, Cross-Complainant sent a cease and desist letter addressed to multiple parties affiliated with Behavioral Solutions, including Rucks and Tiemann, to request all parties listed no longer use the U.S. Bank account or Federal Tax ID Number associated with Ascension.  Despite this communication, the mail fraud, confirmed by the United States Post Office on November 18, 2019 continued, and Cross-Complainant never received her insurance payments that Behavioral Solutions employee. Khouie, transferred to Rucks. Thus, Cross-Complainant's ability to perform the purchase agreement with Nguyen was severely frustrated because she could not make payments on the property.

74.     Cross-Complainant has been harmed by Cross-Defendants' conduct in an amount to be determined at trial, in excess of four-hundred thousand dollars ($400,000).

75.     Cross-Defendants' conduct was a substantial factor in causing Cross-Complainant's harm.

76.     The aforementioned acts of Cross-Defendants were willful, wanton, malicious, and oppressive, undertaken with the action to defraud within the meaning of Civil Code section 3924, and justify the awarding of exemplary and punitive damages in an amount subject to proof at trial.

## SIXTH CAUSE OF ACTION

### Conversion

**(Against Cross-Defendants Tina Rucks, Christina Khouie, and Behavioral Solutions)**

77.     Cross-Complainant refers to Paragraphs 1 through 76 of her Cross-Complaint and incorporates the same herein by reference as though fully set forth at length.

78.     Cross-Complainant had a right to possess all insurance payments made to Ascension after Cross-Defendant Rucks sold Ascension to Cross-Complainant on April 22, 2019.

79.     Cross-Defendants intentionally and substantially interfered with and damaged Cross-Complainant's property when Cross-Defendant Christina Khouie, employee of Behavioral Solutions, delivered insurance checks, belonging to Cross-Complainant, to Cross-Defendant Rucks, who repeatedly refused to both surrender Cross-Complainant's property and terminate her access to

- 13 -

CROSS COMPLAINT

1  Ascension's U.S. Bank account.

2      80.    Cross-Complainant never authorized Cross-Defendant Christina Khouie, employee of

3  Behavioral Solutions, to transfer insurance checks belonging to Ascension to Rucks' place of

4  employment, the surgery center, and Cross-Defendants continue to have no authority over the four-

5  hundred thousand dollars ($400,000) in insurance payments that are the property of Ascension.

6      81.    By performing the aforementioned acts, Cross-Defendants have converted the Cross-

7  Complainant's property for their own use.

8      82.    As a result of Cross-Defendants' conversion of the Cross-Complainant's property,

9  Cross-Complainant has been harmed in that she has been permanently deprived of said property and

10  has suffered damages in excess of four-hundred thousand dollars ($400,000).

11      83.    Between the time of Cross-Defendants' conversion of Cross-Complainant's property

12  and the filing of this cross-complaint, Cross-Complainant expended time and money in the pursuit of

13  the converted property, all to her further damage, in the amount subject to proof at trial.

14      84.    The aforementioned acts of Cross-Defendants were willful, wanton, malicious, and

15  oppressive, undertaken with the action to defraud within the meaning of Civil Code section 3294,

16  and justify the awarding of exemplary and punitive damages in an amount subject to proof at trial.

17                          **SEVENTH CAUSE OF ACTION**

18                              **Declaratory Relief**

19                      **(Against Cross-Defendant Tina Rucks)**

20      85.    Cross-Complainant incorporates paragraphs 1 to 84 as though fully set forth herein.

21      86.    An actual dispute and controversy exists between Cross-Complainant and Cross-

22  Defendant as to whether Cross-Complainant received all outstanding payments owed to Ascension.

23      87.    Cross-Complainant believes she has not received the four-hundred thousand dollars

24  ($400,000) in outstanding payments that Cross-Defendant had transferred to her place of

25  employment, the surgery center.

26      88.    Cross-Defendant disputes Cross Complainant's contentions. Cross-Complainant

27  therefore desires and requests a judicial determination and declaration of the respective rights and

28  obligations of the parties.

- 14 -

CROSS COMPLAINT

**EIGHTH CAUSE OF ACTION**

**Money Had and Received**

**(Against Cross-Defendant Tina Rucks)**

89.    Cross-Complainant incorporates paragraphs 1 to 88 as though fully set forth herein.

90.    Cross-Defendant received money that was intended to be used for the benefit and use by Cross-Complainant.

91.    The money received by Cross-Defendant was not used for the benefit of Cross-Complainant.

92.    Cross-Defendant has not given the money that was to be used for Cross-Complainant's benefit, to Cross-Complainant.

93.    As a proximate result thereof, Cross-Complainant is entitled to all amounts Cross-Defendant received that were for Cross-Complainant's benefit, together with all prejudgment interest thereon.

**NINTH CAUSE OF ACTION**

**Accounting**

**(Against Cross-Defendant Tina Rucks)**

94.    Cross-Complainant incorporates paragraphs 1 to 93 as though fully set forth herein.

95.    As a result of the aforementioned, Cross-Defendant has received money, a portion of which is due to Cross-Complainant, as previously alleged.

96.    The amount of money due from Cross-Defendant to Cross-Complainant is unknown to Cross-Complainant and cannot be ascertained without an accounting of the insurance payments that Cross-Defendant received of which belong to Cross-Complainant. Cross-Complainant is informed and believes and thereon alleges that the amount due to Cross-Complainant exceeds $400,000.00.

97.    Cross-Complainant has demanded an accounting of the aforementioned insurance proceeds and payment of the amount found due but Cross-Defendant has failed and refused, and continues to fail and refuse, to render such an accounting and to pay such sum.

/ / / /

- 15 -

1

## PRAYER

2

3   **WHEREFORE, CROSS-COMPLAINANT prays:**

4      1.   For all damages in an amount to be determined at trial.

5      2.   For punitive and exemplary damages.

6      3.   For damages for time and money properly expended in pursuit of the converted property in

7           an amount subject to proof at trial.

8      4.   For prejudgment interest.

9      5.   For a declaration of rights and obligations.

10     6.   For an accounting between Cross-Complainant and Tina Rucks.

11     7.   For costs of suit incurred herein;

12     8.   For attorneys' fees;

13     9.   For such other and further relief as is just and proper.

14

15   Date:   June 11, 2020                    By:   _____

16                                                  Megan Zucaro

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE
1013A (3) CCP Revised 05/01/88
*Anh Thy Song Nguyen v. United Lender, et al*
*Case No.: 30-2020-01124778-CU-FR-CJC*

STATE OF CALIFORNIA, COUNTY OF ORANGE:

    I am employed in the County of San Bernardino, State of California. I am over the age of eighteen and not a party to the within action.  My business address is
     11022 Lancelet Ave., Apple Valley, CA 92308       .

    On June 24, 2020, I served the document(s) described as:

### MEGAN ZUCARO'S MOTION FOR LEAVE TO FILE CROSS COMPLAINT, WITH EXHIBIT A PROPOSED CROSS COMPLAINT ATTACHED

on all interested parties in this action as named ____ below __X__ on the attached mailing list by placing __X__ a true copy ____ the original in a separate sealed envelope for each addressee named, with the  name and address of the person served shown on the envelope as follows:

### SEE ATTACHED SERVICE LIST

__X__ **BY MAIL:** I caused such envelope(s), with postage thereon fully prepaid, to be placed in the United States Mail at Apple Valley, California, to the addressee(s) listed above.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in the affidavit.


__X__ **STATE:**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and is executed this June 24, 2020 at Apple Valley, California.


        _____
        Emily Wilson

SERVICE LIST:

| | |
|---|---|
| Andrew A. Smits<br>LAW OFFICE OF ANDREW A. SMITS<br>36 Executive Park, Suite 160<br>Irvine, CA 92614-4794<br>Telephone: (949) 833-1025<br>Email: asmits@smits-law.com<br>Attorney for Plaintiffs Anh Thy Song Nguyen,<br>Trustee of Mother Nature Trust | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br>Email: wftrustees@cs.com<br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br>Telephone: (31 0) 540-2202<br>E-mail: rs@rschachterlaw.com<br>Attorneys for Defendant Western Fidelity<br>Associates, LLC, dba Western Fidelity<br>Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br>Telephone: (818) 382-3434<br>E-mail: leropkin@laklawyers.com<br>Attorneys for Defendant American Financial<br>Center, Inc. |
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br>Telephone: (31 0) 550-5770<br>Email: mrwainer@swmfirm.com<br>Attorneys for Defendant and Cross-<br>Complainant<br>United Lender, LLC, a Nevada<br>Limited Liability Company, and Defendants<br>Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br>Telephone: (310) 827-3344<br>Email: lcm@lcmplc.com<br>Attorney for Defendant and Cross-<br>Complainant<br>United Lender, LLC, a Nevada<br>Limited Liability Company, and Defendants<br>Shawn Ahdoot and Albert A. Ahdoot |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br>Email: m@megazee.com<br>Defendant and Cross-defendant | Vincent J. Davitt, Esq. and Anita Jain, Esq<br>MEYLAN DAVITT JAIN AREVIAN & KIM<br>LLP<br>444 South Flower Street, Suite 1850<br>Los Angeles, California 90071<br>Telephone: (213) 225-6000 Email:<br>vdavitt@mdjalaw.com<br>Email: ajain@mdjalaw.com<br>Co-Counsel for United Lender, LLC |

# EXHIBIT 139

1671



# SUPERIOR COURT OF CALIFORNIA

### COUNTY OF ORANGE

**Superior Court of California, County of Orange**

700 W. Civic Center Drive
Santa Ana,  CA  92702

**E-Filing Transaction #:** 3914589

### PAYMENT RECEIPT

**Receipt #:** 12571723

**Clerk ID:** bjurado          **Transaction No:** 12745284          **Transaction Date:** 06/25/2020          **Transaction Time:** 03:56:45 PM

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2020-01124778-CU-FR-CJC | 209 - Advanced Jury Fee (non-refundable) | 1 | $150.00 | $150.00 | $150.00 | $0.00 |
|  | | | | Sales Tax: | $0.00 | |
|  | | | | **Total:** | **$150.00** | Total Rem. Bal: |

E-Filing :  - OneLegal

E-Filing:          $150.00

Total Amount Tendered:          $150.00

Change Due:          **$0.00**

Balance:          **$0.00**

A $45 fee may be charged for each returned check, electronic funds transfer or credit card payment.

## COPY

1672

# EXHIBIT 140

1673

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Andrew A. Smits \| SBN: 146659<br>Law Offices of Andrew A. Smits<br>36 Executive Park, Suite 160  Irvine, CA 92614<br><br>TELEPHONE NO.: (949) 833-1025 \| FAX NO.  \| E-MAIL ADDRESS *(Optional):* asmits@smitslaw.com<br>ATTORNEY FOR *(Name):*: | |

| **ORANGE COUNTY SUPERIOR COURT** |
|---|
| STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: SANTA ANA, CA 92702-0838 |
| BRANCH NAME: SANTA ANA |

| PLAINTIFF:  ANH Thy Song Nguyen, Trustee of Mother Nature Trust | CASE NUMBER: |
|---|---|
| DEFENDANT:  United Lender, LLC, a Nevada limited liability company, et al. | 30-2020-001124778-CU-FR-CJC |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons

   b. ☐ Complaint

   c. ☐ Alternative Dispute Resolution (ADR) package

   d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*

   e. ☐ Cross-complaint

   f. ☑ other *(specify documents):*  **First Amended Complaint; Amendment to First Amended Complaint; Notice - Re Punitive Damages**

3. a. Party served *(specify name of party as shown on documents served):*

   Ascension Recovery, Inc. dba Restored Life Recovery

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   Megan E. Zucaro, CEO and Agent for Service of Process

4. Address where the party was served:

   **4501 W. Channel Islands Blvd., #94**
   **Oxnard, CA 93035**

5. I served the party *(check proper box)*

   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*    (2) at *(time):*

   b. ☒ **by substituted service.** On  06/24/2020    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*     **or** ☐ a declaration of mailing is attached.

   (5) ☑ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PETITIONER:  ANH Thy Song Nguyen, Trustee of Mother Nature Trust | CASE NUMBER: |
|---|---|
| RESPONDENT:  United Lender, LLC, a Nevada limited liability company, et al. | 30-2020-001124778-CU-FR-CJC |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*              (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☑ **by other means** *(specify means of service and authorizing code section):*
    **Left at door. I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc. §415.20) I mailed the documents on 6/24/2020 from Ventura**

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☐ On behalf of *(specify):* Ascension Recovery, Inc. dba Restored Life Recovery
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)         ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                          ☐ other:

7. **Person who served papers**

    a. Name:  **Alexander Guzman - Beyond e-Discovery**

    b. Address:  **18103 Sky Park S, Suite A  Irvine, CA 92614**

    c. Telephone number:  **(949) 576-2614**

    d. The fee for service was: $245.00

    e. I am:

        (1) ☐ not a registered California process server.

        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☑ registered California process server:

            (i) ☐ owner    ☐ employee    ☑ independent contractor.

            (ii) Registration No.:  **482**

            (iii) County:  **Ventura**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  **6/25/2020**

**Beyond e-Discovery**
**18103 Sky Park S, Suite A**
**Irvine, CA 92614**
**(949) 576-2614**

| **Alexander Guzman** | ▶ |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Andrew A. Smits \| SBN: 146659<br>Law Offices of Andrew A. Smits<br>36 Executive Park, Suite 160   Irvine, CA 92614<br><br>TELEPHONE NO.: (949) 833-1025 \| FAX NO. \| E-MAIL ADDRESS *(Optional):* asmits@smitslaw.com<br>ATTORNEY FOR *(Name):* : | |

**ORANGE COUNTY SUPERIOR COURT**
STREET ADDRESS: 700  CIVIC CENTER DRIVE WEST
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ANA, CA 92702-0838
BRANCH NAME: SANTA ANA

| PLAINTIFF/PETITIONER:  ANH Thy Song Nguyen, Trustee of Mother Nature Trust | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  United Lender, LLC, a Nevada limited liability company, et al. | 30-2020-001124778-CU-FR-CJC |

| **DECLARATION OF DILIGENCE** | Ref. No. or File No. |
|---|---|

I, Alexander Guzman , declare: I am a Registered Process Server and was retained to serve process in the above-referenced matter on the following person or entity: Ascesion Recovery, Inc. dba Restored Life Recovery as follows:
Documents:

   Summons; First Amended Complaint; Amendment to First Amended Complaint; Notice - Re Punitive Damages;

I attempted personal service on the following dates and times with the following results:

| Date | Time | Location | Results |
|---|---|---|---|
| 6/15/2020 | 8:45 AM | Business | Mobile Home. Spoke with white male in his late 60's who stated this person or company is not at this address and is unknown. - Alexander Guzman<br>4501 W. Channel Islands Blvd., #94,  Oxnard, CA 93035 |
| 6/18/2020 | 7:53 PM | Business | No answer at door. BMW X3 in driveway Lic #6SXZ969 - Alexander Guzman<br>4501 W. Channel Islands Blvd., #94,  Oxnard, CA 93035 |
| 6/20/2020 | 3:40 PM | Business | No answer at door. Blinds shut, no noise... Same vehicle in driveway - Alexander Guzman<br>4501 W. Channel Islands Blvd., #94,  Oxnard, CA 93035 |
| 6/23/2020 | 7:15 AM | Business | No answer at door, same vehicle in driveway - Alexander Guzman<br>4501 W. Channel Islands Blvd., #94,  Oxnard, CA 93035 |

Fee for Service: $245.00
   County: **Ventura**
   Registration No.: **482**
**Beyond e-Discovery**
**18103 Sky Park S, Suite A**
**Irvine, CA 92614**
**(949) 576-2614**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on  June 25, 2020.

Signature: *l494*

Alexander Guzman

**AFFIDAVIT OF REASONABLE DILIGENCE**





# EXHIBIT 141

1679

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

**Superior Court of California, County of Orange**

700 W. Civic Center Drive
Santa Ana,  CA  92702

**E-Filing Transaction #:** 1747275

### PAYMENT RECEIPT

**Receipt #:**  12572362

**Clerk ID:**  ggalon          **Transaction No:**  12745903     **Transaction Date:**  06/29/2020     **Transaction Time:**  09:19:05 AM

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2020-01124778-CU-FR-CJC | 36 - Motion or other (not 1st) paper requiring a hearing | 1 | $60.00 | $60.00 | $60.00 | $0.00 |
| | | | | Sales Tax: | $0.00 | |
| | | | | **Total:** | **$60.00** | Total Rem. Bal: |
| E-Filing :  - OneLegal | | | | | | |

E-Filing:                     $60.00

Total Amount Tendered:        $60.00

Change Due:                   **$0.00**

Balance:                      **$0.00**

A $45 fee may be charged for each returned check, electronic funds transfer or credit card payment.

## COPY

1680

# EXHIBIT 142

1681

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

**Superior Court of California, County of Orange**

700 W. Civic Center Drive
Santa Ana,  CA  92702

## PAYMENT RECEIPT

**Receipt #:** 12572489

**Clerk ID:** l2ho          **Transaction No:** 12746030          **Transaction Date:** 06/29/2020          **Transaction Time:** 11:14:58 AM

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2020-01124778-CU-FR-CJC | 36 - Motion or other (not 1st) paper requiring a hearing | 1 | $60.00 | $0.00 | $-60.00 | $0.00 |
| 30-2020-01124778-CU-FR-CJC | 36 - Motion or other (not 1st) paper requiring a hearing | 1 | $60.00 | $0.00 | $-60.00 | $0.00 |
| | | | | Sales Tax: | $0.00 | |
| | | | | **Total:** | **$0.00** Total Rem. Bal: | $0.00 |
| | | | | E-Filing | $-120.00 | |

Total Amount Tendered:          $0.00

**Change Due:**

**Balance:**          **$0.00**

# VOID

# EXHIBIT 143

1683

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045

PLAINTIFF/PETITIONER: ANH THY SONG NGUYEN

DEFENDANT/RESPONDENT: UNITED LENDER, LLC

| **ELECTRONIC FILING NOTICE OF FEES DUE** | CASE NUMBER:<br>30-2020-01124778-CU-FR-CJC |
|---|---|

The amount received by the Court for payment of filing fee(s) for electronic filing transaction #2907547 was less than the required fee(s) for the following document(s):

| TITLE OF DOCUMENT(S): | FILING DATE: | FILED BY: | REQUIRED FEE |
|---|---|---|---|
| Motion to Strike | 5/26/20 | Anh Thy Song Nguyen | 120.00 |

| Amount Paid: | 0.00 |
|---|---|
| Balance Due: | 120.00 |

Total balance due within 20 days from the date of mailing of this notice is $120.00. Payment must be made by cash, check payable to the Clerk of the Court, or credit card (complete information below) and mailed or delivered to the address checked above.

**TO CHARGE YOUR VISA, MASTERCARD, DINERS CLUB, AMERICAN EXPRESS, OR DISCOVER CARD:**
Card #:_____ Expiration Date: _____ Amount: $_____
Cardholder's signature: _____ Daytime phone number: _____
Printed name of cardholder: _____

**NOTE: DO NOT SEND CASH THROUGH THE MAIL.**

If full payment is not received within 20 days of the date of this notice, or prior to any trial or other hearing that is scheduled to be heard before the expiration of the 20-day period, any filing associated with the fee shown above will be voided, and the court will proceed as if it had not been filed. If you do not wish to proceed with the filing of this document, you request a refund of the partial payment, in writing, within 20 days from the date on which the remainder of the required fee was due.

CLERK'S CERTIFICATE OF MAILING

I certify that I am not a party to this cause. I certify that the following document(s), Notice of Fees Due Electronic Filing, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on June 29, 2020, at 11:20:13 AM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

AMERICAN LEGALNET                      LAW OFFICES OF ANDREW A. SMITS
ESERVICE@EFILINGPORTAL.COM             ASMITS@SMITS-LAW.COM

Clerk of the Court, by: _____

_____, Deputy

Court Use Only
L-1002 (N12/13)

**ELECTRONIC FILING NOTICE OF FEES DUE**

# EXHIBIT 144

1685

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 Civic Center Dr. West<br>MAILING ADDRESS: 700 Civic Center Dr. West<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | *FOR COURT USE ONLY* |
|---|---|
| PLAINTIFF/PETITIONER: Anh Thy Song Nguyen | |
| DEFENDANT/RESPONDENT: United Lender, LLC | |
| SHORT TITLE: Anh Thy Song Nguyen vs. United Lender, LLC | |
| **NOTICE OF CONTINUANCE** | CASE NUMBER:<br>30-2020-01124778-CU-FR-CJC |

Please be advised that:

The Motion to Strike Cross-Complaint in the above entitled action has been continued to 07/21/2020 at 09:00:00 AM in C19 of the above named court.

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions. www.occourts.org/media-relations/CoronaVirusUpdate.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas. www.occourts.org/media-relations/CoronaVirusUpdate.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mớI nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giảI đáp những thắc mắc của quý vị. www.occourts.org/media-relations/CoronaVirusUpdate.html

---

**NOTICE OF CONTINUANCE**

**Page: 1**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

**SHORT TITLE:** Nguyen vs. United Lender, LLC

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER: **30-2020-01124778-CU-FR-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Continuance has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 7/1/20. Following standard court practice the mailing will occur at Sacramento, California on 7/2/20.

HELPING OTHERS INTERNATIONAL, LLC
4501 W CHANNEL ISLAND BOULEVARD 94
OXNARD, CA 90305

LAWRENCE C. MEYERSON, A PROFESSIONAL
LAW CORP.
5521 MISSION ROAD 399
BONSALL, CA 92003

LAWRENCE C. MEYERSON, APLC
5521 MISSION ROAD 399
BONSALL, CA 92003

MEGAN E. ZUCARO
4501 W CHANNEL ISLAND BOULEVARD 94
OXNARD, CA 90305

SNIPPER WAINER & MARKOFF
232 N CANON DRIVE
BEVERLY HILLS, CA 90210

WESTERN FIDELITY ASSOCIATES, LLC
1222 CRENSHAW BOULEVARD B
TORRANCE, CA 90501

Clerk of the Court, by: *Kimberley Handing* , Deputy

I certify that I am not a party to this cause. I certify that the following document(s), Notice of Continuance, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on July 1, 2020, at 3:29:30 PM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

LAW OFFICES OF ANDREW A. SMITS
ASMITS@SMITS-LAW.COM

LEVINSON ARSHONSKY & KURTZ, LLP
LEROPKIN@LAKLAWYERS.COM

MEYLAN DAVITT JAIN AREVIAN & KIM LLP
AJAIN@MDJALAW.COM

MEYLAN DAVITT JAIN AREVIAN & KIM LLP
VDAVITT@MDJALAW.COM

Clerk of the Court, by: *Kimberley Handing* , Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

1687

Code of Civ. Procedure , § CCP1013(a)

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

1688

# EXHIBIT 145

1689

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 Civic Center Dr. West<br>MAILING ADDRESS: 700 Civic Center Dr. West<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | *FOR COURT USE ONLY* |
|---|---|
| PLAINTIFF/PETITIONER: Anh Thy Song Nguyen | |
| DEFENDANT/RESPONDENT: United Lender, LLC | |
| SHORT TITLE: Anh Thy Song Nguyen vs. United Lender, LLC | |
| **NOTICE OF CONTINUANCE** | CASE NUMBER:<br>30-2020-01124778-CU-FR-CJC |

Please be advised that:

The Demurrer to Cross-Complaint in the above entitled action has been continued to 07/21/2020 at 09:00:00 AM in C19 of the above named court.

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions. www.occourts.org/media-relations/CoronaVirusUpdate.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas. www.occourts.org/media-relations/CoronaVirusUpdate.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị. www.occourts.org/media-relations/CoronaVirusUpdate.html

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

**SHORT TITLE:** Nguyen vs. United Lender, LLC

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2020-01124778-CU-FR-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Continuance has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 7/1/20. Following standard court practice the mailing will occur at Sacramento, California on 7/2/20.

HELPING OTHERS INTERNATIONAL, LLC
4501 W CHANNEL ISLAND BOULEVARD 94
OXNARD, CA 90305

LAWRENCE C. MEYERSON, A PROFESSIONAL
LAW CORP.
5521 MISSION ROAD 399
BONSALL, CA 92003

LAWRENCE C. MEYERSON, APLC
5521 MISSION ROAD 399
BONSALL, CA 92003

MEGAN E. ZUCARO
4501 W CHANNEL ISLAND BOULEVARD 94
OXNARD, CA 90305

SNIPPER WAINER & MARKOFF
232 N CANON DRIVE
BEVERLY HILLS, CA 90210

WESTERN FIDELITY ASSOCIATES, LLC
1222 CRENSHAW BOULEVARD B
TORRANCE, CA 90501

Clerk of the Court, by: *Kimberley Handing* , Deputy

I certify that I am not a party to this cause. I certify that the following document(s), Notice of Continuance, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on July 1, 2020, at 3:29:31 PM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

LAW OFFICES OF ANDREW A. SMITS
ASMITS@SMITS-LAW.COM

LEVINSON ARSHONSKY & KURTZ, LLP
LEROPKIN@LAKLAWYERS.COM

MEYLAN DAVITT JAIN AREVIAN & KIM LLP
AJAIN@MDJALAW.COM

MEYLAN DAVITT JAIN AREVIAN & KIM LLP
VDAVITT@MDJALAW.COM

Clerk of the Court, by: *Kimberley Handing* , Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

1691

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

1692

# EXHIBIT 146

1693



# SUPERIOR COURT OF CALIFORNIA

### COUNTY OF ORANGE

**Superior Court of California, County of Orange**

700 W. Civic Center Drive
Santa Ana,  CA  92702

### PAYMENT RECEIPT

**Receipt #:** 12576343

| | | | | | |
|---|---|---|---|---|---|
| **Clerk ID:** t2thomas | | **Transaction No:** 12749948 | **Transaction Date:** 07/08/2020 | **Transaction Time:** 12:10:13 PM | |

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2020-01124778-CU-FR-CJC | 36 - Motion or other (not 1st) paper requiring a hearing | 1 | $60.00 | $60.00 | $60.00 | $0.00 |
| 30-2020-01124778-CU-FR-CJC | 36 - Motion or other (not 1st) paper requiring a hearing | 1 | $60.00 | $60.00 | $60.00 | $0.00 |

|  |  |
|---|---|
| Sales Tax: | $0.00 |
| **Total:** | **$120.00** Total Rem. Bal: |

Check : 4610 - Law Office of Andrew A. Smits

|  |  |
|---|---|
| Check: | $120.00 |
| Total Amount Tendered: | $120.00 |
| Change Due: | $0.00 |
| Balance: | $0.00 |

A $45 fee may be charged for each returned check, electronic funds transfer or credit card payment.

## COPY

1694

# EXHIBIT 147

1695

1 | LAWRENCE C. MEYERSON (SBN 54136)
A PROFESSIONAL LAW CORPORATION
2 | 5521 Mission Rd., Ste 399
Bonsall, CA 92003
3 | Telephone: (310) 827-3344
Email: *lcm@lcmplc.com*
4

5 | MAURICE WAINER (SBN 121678)
SNIPPER WAINER & MARKOFF
6 | 232 North Canon Drive
Beverly Hills, CA 90210-5302
7 | Telephone: (310) 550-5770
Email: *mrwainer@swmfirm.com*

8 | Attorneys for Defendant and Cross-Complainant
UNITED LENDER, LLC, a Nevada limited
9 | liability company; and Defendants
SHAWN AHDOOT, an individual; and
10 | ALBERT A. AHDOOT, an individual

11 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12 | **FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

13

14 | ANH THY SONG NGUYEN, TRUSTEE OF      ) Case No. 30-2020-01124778-CU-FR-CJC
MOTHER NATURE TRUST,                 )
15 |                                      ) Hon. Walter Schwarm, Judge Assigned for
                   Plaintiff,          ) All Purposes, Department C19
16 |                                      )
vs.                                  ) **OPPOSITION OF UNITED LENDER**
17 |                                      ) **TO CROSS-DEFENDANT'S  MOTION**
UNITED LENDER, LLC, a Nevada limited ) **TO STRIKE CROSS-COMPLAINT**
18 | liability company; SHAWN AHDOOT, an   )
individual; ALBERT A. AHDOOT, an     )
19 | individual; MEGAN E. ZUCARO, an       ) **New Hearing:**
individual; HELPING OTHERS           ) DATE: July 21, 2020
20 | INTERNATIONAL, LLC, a Delaware limited) TIME: 9:00 a.m.
liability company; WESTERN FIDELITY  ) DEPT: C19
21 | ASSOCIATES, LLC, a California limited ) RES. NO.:
liability company, dba WESTERN FIDELITY)
22 | TRUSTEES; JOHN B. SPEAR, an individual;) Action filed: 01/15/2020
AMERICAN FINANCIAL CENTER, INC., a   )
23 | California corporation; and DOES 1 through)
100, inclusive,                      )
24 |                                      )
                   Defendants.        )
25 |                                      )
                                     )
26 | _____    )
                                     )
27 | and Cross-Complaint.                 )
_____    )
28 |                                      )

1

**OPPOSITION OF UNITED LENDER TO CROSS-DEFENDANT'S  MOTION TO STRIKE CROSS-COMPLAINT**

1
2
Comes Now UNITED LENDER, LLC, a Nevada limited liability company, and hereby opposes the Motion to Strike of Cross-Defendant Nguyen.

3
**A CROSS-COMPLAINT MAY BE FILED ANY TIME BEFORE THE ANSWER**

4
5
6
Code of Civil Procedure § 428.50 provides that a Cross-Complaint may be filed against a Plaintiff "<u>before</u>" or at the same time as the answer to the Complaint without leave of Court. Section 428.50 provides:

7
8
9
(a) A party shall file a cross-complaint against any of the parties who filed the complaint or cross-complaint against him or her **before or** at the same time as the answer to the complaint or cross-complaint.

10
11
(b) Any other cross-complaint may be filed at any time before the court has set a date for trial.

12
13
14
(c) A party shall obtain leave of court to file any cross-complaint except one filed within the time specified in subdivision (a) or (b). Leave may be granted in the interest of justice at any time during the course of the action" [emphasis added]

15
16
17
18
19
20
21
22
The Legislative Committee Comments to the foregoing section provide " The first sentence of Section 428.50 continues the substance of a portion of former Code of Civil Procedure Section 442 except that it makes clear that a cross-complaint may be filed "before" as well as at the same time as the answer. As under former Section 442, permission of the court is required to file a cross-complaint subsequent to the answer. The language "may be granted" of Section 428.50 places the question of leave to file a cross-complaint after the answer wholly in the discretion of the court; it is to be distinguished from the mandatory language "shall grant" of Section 426.50 relating to compulsory cross-complaints. [Senate Journal, April 1, 1971.]

23
24
25
26
27
28
Because a petition to compel an arbitration was filed by UL and UL has  yet to file an Answer, the law allows the instant Cross-Complaint wthout leave of Court. The above statute does not refer to a responsive pleading but rightly refers to an Answer, which is a term of art. *See* Code of Civil Procedure Section 431.30. Furthermore, Movant has also failed to demonstrate that even if an answer includes a responsive pleading of the kind filed by UL, Movant has not and will be prejudiced by the filing of the Cross-Complaint at this early stage of this case.

2

OPPOSITION OF UNITED LENDER TO CROSS-DEFENDANT'S  MOTION TO STRIKE CROSS-COMPLAINT

1    If and only if, the Court is of the view that leave of court was mandatory, Respondent

2  Cross-Complainant respectfully requests that this Motion be granted with leave to amend the

3  Cross-Complaint. This Court can exercise its discretion at <u>any time</u> to allow an amendment or

4  grant leave to amend in the interests of justice under CCP § 428.50.

5                                     <u>**CONCLUSION**</u>

6    For all of the foregoing reasons, the Motion to Strike the Cross-Complaint should be

7  overruled or permission granted to file a Cross-Complaint.

8

9                                     LAWRENCE C. MEYERSON,
                                      A Professional Law Corporation
10

11                                    */s/ Lawrence C. Meyerson*
12  Dated: July 8, 2020            By:_____
                                      Lawrence C. Meyerson, Esq.
13

14                                    SNIPPER, WAINER & MARKOFF
15

16                                    */s/ Maurice Wainer*
17  Dated: July 8, 2020            By:_____
                                      Maurice Wainer, Esq.
18
                                      Attorneys for Defendant and Cross-Complainant
19                                    UNITED LENDER, LLC, a Nevada limited
                                      liability company; and Defendants
20                                    SHAWN AHDOOT, an individual; and
                                      ALBERT A. AHDOOT, an individual
21

22

23

24

25

26

27

28

3

**OPPOSITION OF UNITED LENDER TO CROSS-DEFENDANT'S MOTION TO STRIKE CROSS-COMPLAINT**

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 232 North Canon Drive, Beverly Hills, CA 90210.

On **July 8, 2020,** I served true and correct copies of document(s) described as:

**OPPOSITION OF CROSS-COMPLAINANT UNITED LENDERS' TO MOTION TO STRIKE OF CROSS-DEFENDANT NGUYEN**

on the following interested party or parties in this action:

•       Andrew A. Smits, Esq., Law Offices of Andrew A. Smits, Attorney for Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust, via email asmits@smits-law.com

•       Robert Schachter, Hitchcock, Bowman & Schachter, Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees, via email: rs@rschachterlaw.com

•       Lori E. Eropkin, Levinson Arshonsky & Kurtz, LLP, Attorneys for Defendant American Financial Center, Inc., via email: leropkin@laklawyers.com;

•       Megan E. Zucaro, on behalf of Megan E. Zucaro, an individual, and Helping Others International, LLC, a Delaware limited liability company Others"), via email: m@megazee.com;

•       John B. Spear (Real Estate Broker)and Tri Star Equity; via email: JohnBSpear@gmail.com;

•       Anita Jain, Attorney for Defendant United Lender, via email: AJain@mdjalaw.com

**[XX]   BY ELECTRONIC SERVICE (E-MAIL)** - Pursuant to CRC Rule 2.251(f)(1), I served a true copy of the foregoing document(s) by electronic mail via a court approved electronic filing service provider, directed to the addressee's email address(es), if available, as that list is maintained and made available by the court pursuant to CRC 2.251(e). In addition, I provided a courtesy copy of the foregoing document(s) by electronic mail to the addressee's e-mail address (if available), as set forth above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **July 8, 2020**, at Beverly Hills, California.

*/s/ Kristina Dow*

_____
KRISTINA DOW

OPPOSITION OF UNITED LENDER TO CROSS-DEFENDANT'S MOTION TO STRIKE CROSS-COMPLAINT

# EXHIBIT 148

1700

1  LAWRENCE C. MEYERSON (SBN 54136)
   A PROFESSIONAL LAW CORPORATION
2  5521 Mission Rd., Ste 399
   Bonsall, CA 92003
3  Telephone: (310) 827-3344
   Email: *lcm@lcmplc.com*
4
5  MAURICE WAINER (SBN 121678)
   SNIPPER WAINER & MARKOFF
6  232 North Canon Drive
   Beverly Hills, CA 90210-5302
7  Telephone: (310) 550-5770
   Email: *mrwainer@swmfirm.com*
8  Attorneys for Defendant and Cross-Complainant
   UNITED LENDER, LLC, a Nevada limited
9  liability company; and Defendants
   SHAWN AHDOOT, an individual; and
10 ALBERT A. AHDOOT, an individual

11          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12      **FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

13

14 ANH THY SONG NGUYEN, TRUSTEE OF     )    Case No. 30-2020-01124778-CU-FR-CJC
   MOTHER NATURE TRUST,                )
15                                     )    Hon. Walter Schwarm, Judge Assigned for
                  Plaintiff,           )    All Purposes, Department C19
16                                     )
   vs.                                 )    **OPPOSITION OF UNITED LENDER**
17                                     )    **TO DEMURRER OF CROSS-**
   UNITED LENDER, LLC, a Nevada limited )   **DEFENDANT NGUYEN TO UNITED**
18 liability company; SHAWN AHDOOT, an )    **LENDERS' CROSS-COMPLAINT**
   individual; ALBERT A. AHDOOT, an    )
19 individual; MEGAN E. ZUCARO, an     )
   individual; HELPING OTHERS          )
20 INTERNATIONAL, LLC, a Delaware limited )  **New Hearing:**
   liability company; WESTERN FIDELITY )    DATE: July 21, 2020
21 ASSOCIATES, LLC, a California limited )   TIME: 9:00 a.m.
   liability company, dba WESTERN FIDELITY )  DEPT: C19
22 TRUSTEES; JOHN B. SPEAR, an individual; )  RES. NO.: **73260120**
   AMERICAN FINANCIAL CENTER, INC., a  )
23 California corporation; and DOES 1 through )  Action filed: 01/15/2020
   100, inclusive,                     )
24                                     )
                  Defendants.          )
25                                     )
                                       )
26 _____ )
                                       )
27 and Cross-Complaint.                )
   _____ )
28

                                   1

1    **COMES NOW** Cross-Complainant UNITED LENDER, LLC, a Nevada limited liability

2    company ("UL"); and files this Opposition to the Demurrer of Plaintiff Anh Thy Song Nguyen

3    ("Movant") to UL's Cross-Complaint of Defendant.

4

5                                      **BACKGROUND**

6        United Lender, LLC ("United Lender") made a loan to HELPING OTHERS

7    INTERNATIONAL, LLC ("Helping Others"), the proceeds of which were to be used to purchase

8    the real property at 6475 Marigayle Circle, Huntington Beach, California 92648 (the "Property").

9    The loan became due and payable by its terms when Helping Others failed to pay as agreed. The

10   loan is now in default. The Property was pledged as security for the sums due United Lender. The

11   Property, which is the subject of this action, is certain real property, together with related

12   improvements, furniture, fixtures, equipment and personalty located within the County of

13   Orange, California.

14       Plaintiff has already obtained a preliminary injunction to enjoin the foreclosure sale set by

15   United Lender, claiming that it would be wrongful to treat the loan of United Lender separately

16   from Helping Others' purchase of the Property from Plaintiff. Helping Others has now filed for

17   bankruptcy.

18       Before the bankruptcy was filed, United Lender filed a Cross-Complaint against Helping

19   Others and the Plaintiff. The Cross-Complaint alleges that the bankrupt Debtor Helping Others

20   and the Cross-Defendant Nguyen perpetrated a fraud on UL as Lender. Nguyen has admitted in

21   her Declaration dated December 22, 2019 filed in support of the Ex Parte Application of Plaintiff

22   Anh Thy Song Nguyen, Trustee of Mother Nature Trust, for Temporary Restraining Order and

23   Order to Show Cause Re: Preliminary Injunction ("Nguyen Declaration"),  a true and correct

24   copy of which is attached to the Cross-Complaint, that Nguyen prepared and submitted the

25   California Residential Purchase Agreement and Joint Escrow Instructions ("RPA") with a sale

26   price of $3,150,000, for the purpose of inducing United Lender to make and fund a loan, and

27   without disclosing that the price had been artificially inflated such that the sales price was not

28   arrived at by way of an arms length negotiation. In preparing the RPA, Nguyen owed United

<center>2</center>

Lender a duty to act in accordance with the law and in accordance with custom, practices and

standards of conduct of a broker or agent, prevailing in the real estate industry. In breach of that

duty, the RPA contained material omissions, misrepresentations, failures and deficiencies

including, but not limited to, negligently misrepresenting the price at which the Plaintiff Trust

was willing to sell the Property, and that Nguyen and Zucaro and others had artificially inflated

the sale price of the Property. *See* ¶¶ 64 and 65 of the Cross-Complaint.

At the time the RPA was prepared, Cross-Defendant Nguyen had no reasonable grounds

for believing the express and implied representations contained in the RPA including, but not

limited to, that the sale price was arrived at by way of an arms length transaction. Cross-

Complaint had no reasonable grounds to suspect that the sale price was arrived at in the

manner described in the Nguyen Declaration. *See*, ¶¶ 64 and 65 of the Cross-Complaint. The

Cross-Complaint alleges 11 causes of action.

## DEMURRER FOR UNCERTAINTY

Here Nguyen claims the Cross-Complaint is uncertain. Demurrers for uncertainty are

disfavored.  Movant complains the exhibits referenced in the Cross-Complaint were not attached.

When the parties met and conferred, this was brought to Cross-Complainant's attention.  On

April 6, 2020, and in advance of the filing of their Demurrer, Daniel Harris, former paralegal and

secretary to Maurice Wainer, sent counsel for Movant a copy of the Cross-Complaint, with

Exhibits 1-5 bookmarked. A copy of that email is attached as **Exhibit "1"** to this Opposition.

Therefore, any argument that the Cross-Complaint is uncertain because the exhibits were not

attached must fail. Moreover, demurrers for **uncertainty** "are **disfavored**, and are granted only if

the pleading is so incomprehensible that a defendant cannot reasonably respond." *Lickiss v.

Financial Industry Regulatory Authority,* 208 Cal.App.4th 1125 (2012). "Ambiguities can

reasonably be clarified under modern rules of discovery." (*Khoury v. Maly's of California, Inc.,*

14 Cal.App.4th 612, 616 (1993).

Here, every cause of action in the Cross-Complaint is pled in ordinary language. The

facts underlying each cause of action are clear and Cross-Defendants have the Exhibits and the

3

Exhibits are from other pleadings already filed and a part of the Court's records, as also referenced in the Cross-Complaint. Because Cross-Defendant Nguyen is able to determine what issues must be admitted or denied, the Cross-Complaint is not uncertain. Accordingly, the special demurrer to each cause of action for uncertainty must be overruled.

## A.    FIRST CAUSE OF ACTION FOR JUDICIAL FORECLOSURE

Movant argues that the Cross-Complaint fails because a junior lender AFCI was not joined in the First Cause of Action for Judicial Foreclosure. However, as Movant correctly cites, if a party is not joined, that interest or lien is not affected. Movant, cites no law that Cross-Complainant requires any particular party, in this case an acknowledged junior lender to be joined as a Defendant in a judicial foreclosure action. Plaintiff's assertion that just because Cross-Complaints failed to name AFCI as a Cross-Defendant this means that AFCI and UL are conspirators, is of course an argument Nguyen can make to a jury, but there is no law that a junior lienholder be named in a Judicial Foreclosure cause of action. Therefore, the First Cause of Action is not deficient because AFCI is not an indispensable party because its lien is subordinate and AFCI has acknolwedged that position before this Court. *See* Motion of AFCI for monetary sanctions filed against Plaintiff that is set for hearing before this Court wherein AFCI admits that it is in a junior position to the lien of UL and indeed Nguyen.

"Whether a party is necessary and/or indispensable is a matter of trial court discretion in which the court weighs 'factors of practical realities and other considerations.' " *Hayes v. State Dept. of Developmental Services,* 138 Cal.App.4th 1523, 1529 (2006). Courts have considerable discretion in weighing the four factors to determine whether a case should proceed without an indispensable party. *See, Las Virgenes Educators Assn. v. Las Virgenes Unified School Dist.,* 86 Cal.App.4th 1, 8 (2001). " 'A court has the power to proceed with a case even if indispensable parties are not joined. Courts must be careful to avoid converting a discretionary power or rule of fairness into an arbitrary and burdensome requirement that may thwart rather than further justice.'" *RiverWatch v. Olivenhain Municipal Water Dist.,* 170 Cal.App.4th 1186, 1216 (2009), quoting *County of Imperial v. Superior Court*, 152 Cal.App.4th 13, 26 (2007).

/ / /

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In short if Cross-Complainants were able to obtain their requested relief, AFCI rights and obligations would not necessarily be affected and neither would Cross-Defendant Nguyen be subjected to "double, multiple or otherwise inconsistent obligations." *Edwards v. Fed. Home Loan Mortg. Corp.,* (N.D. Cal. Nov. 13, 2012) No. C 12-04868, 2012 U.S. Dist. LEXIS 162179 at *10. AFCI is therefore not a "necessary" party in this action and the Demurrer must be overruled.

### B.    SECOND, THIRD AND FOURTH CAUSES OF ACTION

Movant argues that the Second, Third and Fourth Causes of Actions are deficient for the reasons that the First Cause of Action is deficient. Responding party UL incorporates its response to the First Cause of Action. Because Movant has failed to provide any legal authority for the proposition advanced that an acknowledged junior lienholder is indispensable to the causes of action for the specific performance of an assignment of rent clause (the Second Cause of Action), for appointment of a receiver (Third Cause of Action), or a claim for injunctive relief (Fourth Cause of Action) the demurrer must be overruled.

### C.    SIXTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION

Movant suggests that the Cross-Complaint's claim for Negligent Misrepresentation fails because the declaration of Nguyen was not attached. That defect was cured through the meet and confer process. *See* discussion above and email attached to this Opposition. Movant also suggests that a negligent misrepresentation requires a positive assertion not merely an omission. Cross-Complainant respectfully disagrees that it has not alleged a "positive assertion." The negligent misrepresentation here is the "implied representation that the sales price was agreed by way of an arms length negotiation and in good faith" and was not artificially inflated," when it was not. *See* ¶ 64 of the Cross-Complaint.

Movant also asserts that Nguyen did not owe UL, as the lender, a duty. That is not the law. While real estate brokers owe their own clients fiduciary duties, they owe third parties who are not their clients, including others  parties in a real estate transaction, duties imposed by regulatory statutes. (*Padgett v. Phariss,* 54 Cal.App.4th 1270, 1279 (1997)  [63 Cal.Rptr. 2d 373].) These duties include a general obligation of ""honesty, fairness and full disclosure toward

5

all parties.'" *Holmes v. Summer*, 188 Cal.App.4th 1510, 1524 (2010) [116 Cal.Rptr. 3d 419],

quoting *Norman I. Krug Real Estate Investments, Inc. v. Praszker*, 220 Cal.App.3d 35, 43 (1990)

[269 Cal.Rptr. 228]; *see*, *Field v. Century 21 Klowden-Forness Realty*, 63 Cal.App.4th 18, 24–27

(1998) [73 Cal.Rptr. 2d 784], [distinguishing duties owed by brokers to their clients from duties

owed to nonclients].) ["Every person is bound, without contract, to abstain from injuring the

person or property of another, or infringing upon any of his or her rights"].) Here Cross-

Defendant had an independent duty to abstain from injuring UL. The duties owed by Cross-

Defendant Nguyen  could not be abrogated simply by agreeing with others that *they* will do the

wrong. If this were the case  a defendant could *never* be held liable for a tort by virtue of

conspiracy. That is clearly not the law.

### D.    SEVENTH CAUSE OF ACTION FOR FRAUD

Movant complains that the fraud cause of action is not alleged factually and specifically.

The allegations of the Cross-Complaint simply cannot be described as vague and non-specific.

Indeed, the claim for fraud is straightforward and clear. *See* ¶¶ 64 and 65 of the Cross- Complaint

that describes the fraud. Indeed Nguyen admits the fraud in her Declaration, so there is no

mystery here.  Cross- Defendants' argument shows a lack of understanding of the theory

underlying Plaintiff's fraud claim, as this cause of action is predicated on non-disclosure of

material facts and the inflation of the sales price to induce the making of a loan. Though the

particularity requirement generally mandates that a Plaintiff plead facts, this is more difficult to

apply when as here Cross-Defendants Nguyen and Zucaro committed fraud in by wrongfully

inflating the purchase price to secure a loan of UL.

### E.    EIGHTH CAUSE OF ACTION FOR NEGLIGENCE

Movant asserts that the Eighth Cause of Action fails for the same reasons that the Sixth

 and Seventh Causes of Action fail. Accordingly, Defendant incorporates its response to the Sixth

and Seventh Causes of Action, and submits for those reasons, the Demurrer should be overruled

as to the Eighth Cause of Action.

/ / /

/ / /

6

### F.    NINTH CAUSE OF ACTION FOR NEGLIGENT HIRING

Cross-Defendant Nguyen is both a real estate broker and also acted as the agent. Cross-Defendant Nguyen, wearing her "broker" hat, had a duty to supervise Nguyen in her capacity as real estate salesperson/agent.  In her capacity as a broker, Cross-Defendant Nguyen is liable to Plaintiff for breach of those additional duties. Cross-Complainant is of course, entitled to plead in the alternative with respect to those duties that when owed UL.

### G.    TENTH CAUSE OF ACTION FOR CONSPIRACY

As shown by the pleadings and indeed the declaration of Nguyen herself, Cross-Defendant Nguyen and Cross-Defendants conspired to commit a  fraud. Mortgage fraud is a material misstatement, misrepresentation, or omission relied upon by a lender to fund, purchase, or insure a loan. That has been extensively alleged in Cross-Complainant. Thus, for pleading purposes, the allegations of civil conspiracy state a viable causes of action against Nguyen because the underlying injury-causing civil wrong - the fraudulent loan application package and improper inflation of the purchase price - has been alleged, and defendants were personally bound by a duty violated by the alleged wrongdoing of their co-conspirators. *See*, *Doctors' Co. v. Superior Court, 49 Cal. 3d, 39.*

### H.    ELEVENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT

Movant argues that a cause of action for Unjust enrichment is merely a remedy not a cause of action. Courts of Appeal in the Second and Fourth Districts disagree with Movant on whether unjust enrichment is a valid claim under California law. *See, Lectrodryer v. SeoulBank* 77 Cal.App.4th 723, 726 (2000) (2nd District stating unjust enrichment is a claim) and *Melchior v. New Line Prods., Inc.,* 106 Cal.App.4th 779, 793 (2003) (2nd District stating unjust enrichment is not claim); *see also, Peterson v. Cellco*, 164 Cal.App.4th 1583, 1593 (4th District, stating elements of unjust enrichment) and *Durell v. Sharp Healthcare,* 183 Cal.App.4th 1350, 1370 (2010) (4th District stating unjust enrichment is not a claim).)

The First District has stated the elements for unjust enrichment. In *Elder v. Pacific Bell Telephone Co.,* 205 Cal.App.4th 841, 857 (2012), the First District stated that "[t]his allegation satisfies 'the elements for a claim of unjust enrichment: receipt of a benefit and unjust retention

7

of the benefit at the expense of another. [Citation.]' *Lectrodryer, supra*; *see, Ghirardo v. Antonioli*, 14 Cal.4th 39, 50 (1996) [in accord].)" This Court should follow those courts that have found that unjust enrichment is a claim under California law. Therefore, the motion should be denied as to this cause of action.

## **CONCLUSION**

For all of the foregoing reasons, this Opposition of United Lender to Demurrer of Cross-Defendant Nguyen to United Lenders' Cross-Complaint should be granted.


LAWRENCE C. MEYERSON,
A Professional Law Corporation


*/s/ Lawrence C. Meyerson*
Dated: July 8, 2020            By:_____
Lawrence C. Meyerson, Esq.


SNIPPER, WAINER & MARKOFF


*/s/ Maurice Wainer*
Dated: July 8, 2020            By:_____
Maurice Wainer, Esq.

Attorneys for Defendant and Cross-Complainant
UNITED LENDER, LLC, a Nevada limited
liability company; and Defendants
SHAWN AHDOOT, an individual; and
ALBERT A. AHDOOT, an individual

8

# EXHIBIT "1"

# EXHIBIT "1"

1709



☰  M Gmail          🔍  smits



207

# Re: Further to our telephone meet and confer today Nguyen



**Daniel Harris** <daniel@swmfirm.com>
to Andrew, me, Kimberly, Lawrence

Mr. Smits--

On behalf of Maurice Wainer, attached please find UL's Cross-Complaint with Exhibits 1 through 5 (book

Very truly yours,

SNIPPER, WAINER & MARKOFF

*Daniel Harris*
Paralegal & Legal Secretary to Maurice Wainer
*daniel@swmfirm.com*



On Mon, Apr 6, 2020 at 4:44 PM Andrew Smits <asmits@smits-law.com> wrote:

> Maurice:
>
> I disagree with the sum and substance of your email below as it misstates my comments during ou
> engage in your practice of casting insults during our telephone conversation and making false repr
> not reach an agreement resolving Plaintiff's objections to the cross-complaint.  United Lender decl
> deficiencies and including exhibit numbers 1 through 5 (which are not attached to the cross-compl
> the pleading should be decided by the court by way of motion to strike and demurrer.
>
> Sincerely,
>
> Andrew A. Smits
> Law Offices of Andrew A. Smits
> 36 Executive Park, Suite 160

No re
Start

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 232 North Canon Drive, Beverly Hills, CA 90210.

On **July 8, 2020,** I served true and correct copies of document(s) described as:

**OPPOSITION OF UNITED LENDER TO DEMURRER OF CROSS-DEFENDANT NGUYEN TO UNITED LENDERS' CROSS-COMPLAINT**

on the following interested party or parties in this action:

• Andrew A. Smits, Esq., Law Offices of Andrew A. Smits, Attorney for Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust, via email asmits@smits-law.com

• Robert Schachter, Hitchcock, Bowman & Schachter, Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees, via email: rs@rschachterlaw.com

• Lori E. Eropkin, Levinson Arshonsky & Kurtz, LLP, Attorneys for Defendant American Financial Center, Inc., via email: leropkin@laklawyers.com;

• Megan E. Zucaro, on behalf of Megan E. Zucaro, an individual, and Helping Others International, LLC, a Delaware limited liability company Others") , via email: m@megazee.com;

• John B. Spear (Real Estate Broker) and Tri Star Equity; via email: JohnBSpear@gmail.com;

• Anita Jain, Attorney for Defendant United Lender, via email: AJain@mdjalaw.com

**[XX]   BY ELECTRONIC SERVICE (E-MAIL)** - Pursuant to CRC Rule 2.251(f)(1), I served a true copy of the foregoing document(s) by electronic mail via a court approved electronic filing service provider, directed to the addressee's email address(es), if available, as that list is maintained and made available by the court pursuant to CRC 2.251(e). In addition, I provided a courtesy copy of the foregoing document(s) by electronic mail to the addressee's e-mail address (if available), as set forth above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **July 8, 2020**, at Beverly Hills, California.

*/s/ Kristina Dow*

_____
KRISTINA DOW

9

# EXHIBIT 149

1712

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Maurice Wainer SBN 121678<br>SNIPPER, WAINER & MARKOFF<br>232 N Canon Dr<br>Beverly Hills CA 90210<br>ATTORNEY FOR    Defendant | (310) 550-5770<br><br>Ref. No. or File No.<br>United Lenders, LLC | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE - CENTRAL |
|---|
| 700 Civic Center Drive West<br>Santa Ana, CA 92701 |

| SHORT TITLE OF CASE: |
|---|
| Nguyen vs. United Lender, LLC |

| INVOICE NO. | DATE: | TIME: | DEP./DIV. | CASE NUMBER: |
|---|---|---|---|---|
| 3673608-02 | | | | 30-2020-01124778-CU-FR-CJC |

1. I am at least 18 years old.

   a. My residence or business address is 232 N Canon Dr, Beverly Hills, CA 90210

   b. My electronic service address is mkern@directlegal.com

2. I electronically served the following documents:

Proof of Electronic Service
Opposition
Opposition

3. I electronically served the documents listed in 2 as follows:

   a. Name of person(s) Served:        b. Electronic service address of person(s) served:

Spear, John B. ,  Defendant,  JohnBSpear@gmail.com
Zucaro, Megan E. ,  Defendant,  m@megazee.com
Law Offices of Andrew A. Smits,  Attorney,  asmits@smits-law.com
Lawrence C. Meyerson, A Professional Law Corp.,  Attorney,  mrwainer@swmfirm.com
Lawrence C. Meyerson, APLC,  Attorney,  AJain@mdjalaw.com
Levinson Arshonsky & Kurtz, LLP,  Attorney,  leropkin@laklawyers.com
Meylan Davitt Jain Arevian & Kim LLP,  Attorney,  vdavitt@mdjalaw.com
Tri Star Equity Group Corp,  Cross - Defendant,  JohnBSpear@gmail.com
Western Fidelity Associates, LLC,  Defendant,  rs@rschachterlaw.com

   c. On: 07/08/2020

   d. At: 15:45:45

Date: 07/08/2020

CONTINUED ON NEXT PAGE

1713

| PLAINTIFF/PETITIONER: | Anh Thy Song Nguyen | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Albert A. Ahdoot | 30-2020-01124778-CU-FR-CJC |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Michael Kern

7/8/2020

>

1714

# EXHIBIT 150

1715

1    Andrew A. Smits (State Bar No. 146659)
     Law Offices of Andrew A. Smits
2    36 Executive Park, Suite 160
     Irvine, California 92614-4794
3    Telephone:  (949) 833-1025
     Email:    asmits@smits-law.com
4
     Attorney for Plaintiff Anh Thy Song Nguyen,
5    Trustee of Mother Nature Trust, and Cross-defendant
     Anh Thy Song Nguyen, Trustee of Mother Nature Trust,
6    and an individual

7

8                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9             **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11   ANH THY SONG NGUYEN, TRUSTEE OF        Case No.: 30-2020-01124778-CU-FR-CJC
     MOTHER NATURE TRUST,
12                                          Assigned:  Judge Walter Schwarm
                   Plaintiff,                          Dept.: C19
13
            vs.
14                                          **NOTICE OF CONTINUANCE OF
     UNITED LENDER, LLC, a Nevada limited   HEARING ON MOTION OF PLAINTIFF
15   liability company; SHAWN AHDOOT, an    AND CROSS-DEFENDANT ANH THY
     individual; ALBERT A. AHDOOT, an       SONG NGUYEN, TRUSTEE OF
16   individual; MEGAN E. ZUCARO, an        MOTHER NATURE TRUST, AND AS AN
     individual; HELPING OTHERS             INDIVIDUAL, TO STRIKE CROSS-
17   INTERNATIONAL, LLC, a Delaware         COMPLAINT OF UNITED LENDER,
     limited liability company; WESTERN     LLC**
18   FIDELITY ASSOCIATES, LLC, a California
     limited liability company, dba WESTERN
19   FIDELITY TRUSTEES; JOHN B. SPEAR,      Date:   July 21, 2020
     an individual; AMERICAN FINANCIAL      Time:  9:00 a.m.
20   CENTER, INC., a California corporation; all   Dept.: C19
     other persons unknown, claiming any legal or
21   equitable right, title, estate, lien, or interest in
     the property described in the complaint
22   adverse to Plaintiff's title, or any cloud upon
     Plaintiff's title thereto; and DOES 1 through
23   100, inclusive,
                   Defendants.
24

25   AND RELATED CROSS-ACTIONS.          Complaint filed: January 15, 2020
                                         Trial date:      August 27, 2021
26

27            TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

28                                          1

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

NOTICE OF CONTINUANCE OF HEARING ON MOTION OF PLAINTIFF AND CROSS-DEFENDANT
ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, AND AS AN INDIVIDUAL,
TO STRIKE CROSS-COMPLAINT OF UNITED LENDER, LLC

1716

1       PLEASE TAKE NOTICE that the Court has continued the hearing on the motion of

2   plaintiff and cross-defendant Anh Thy Song Nguyen, Trustee of Mother Nature Trust, and as an

3   individual, to strike Cross-complaint of cross-complainant United Lender, LLC, from July 21,

4   2020 at 1:30 p.m. in Department C19 to July 21, 2020 at **9:00 a.m.** in Department C19 of the

5   above-entitled court.  A copy of the Court's Notice of Continuance is attached hereto.

6

7   Dated: July 7, 2020                                                   LAW OFFICES OF ANDREW A. SMITS

8

9

10

11                           By: _____

12                               Andrew A. Smits
                            Attorney for Plaintiff Anh Thy Song Nguyen,
                            Trustee of Mother Nature Trust, and Cross-

13                               defendant Anh Thy Song Nguyen, Trustee of
                            Mother Nature Trust, and an individual

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

NOTICE OF CONTINUANCE OF HEARING ON MOTION OF PLAINTIFF AND CROSS-DEFENDANT
ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, AND AS AN INDIVIDUAL,
TO STRIKE CROSS-COMPLAINT OF UNITED LENDER, LLC

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS: 700 Civic Center Dr. West<br>MAILING ADDRESS: 700 Civic Center Dr. West<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | |
| PLAINTIFF/PETITIONER: Anh Thy Song Nguyen | |
| DEFENDANT/RESPONDENT: United Lender, LLC | |
| SHORT TITLE: Anh Thy Song Nguyen vs. United Lender, LLC | |
| **NOTICE OF CONTINUANCE** | CASE NUMBER:<br>30-2020-01124778-CU-FR-CJC |

Please be advised that:

The Motion to Strike Cross-Complaint in the above entitled action has been continued to 07/21/2020 at 09:00:00 AM in C19 of the above named court.

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions. www.occourts.org/media-relations/CoronaVirusUpdate.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas. www.occourts.org/media-relations/CoronaVirusUpdate.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị. www.occourts.org/media-relations/CoronaVirusUpdate.html

---

**NOTICE OF CONTINUANCE**                                              **Page: 1**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

**SHORT TITLE:** Nguyen vs. United Lender, LLC

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER: **30-2020-01124778-CU-FR-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Continuance has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 7/1/20. Following standard court practice the mailing will occur at Sacramento, California on 7/2/20.

HELPING OTHERS INTERNATIONAL, LLC
4501 W CHANNEL ISLAND BOULEVARD 94
OXNARD, CA 90305

LAWRENCE C. MEYERSON, A PROFESSIONAL
LAW CORP.
5521 MISSION ROAD 399
BONSALL, CA 92003

LAWRENCE C. MEYERSON, APLC
5521 MISSION ROAD 399
BONSALL, CA 92003

MEGAN E. ZUCARO
4501 W CHANNEL ISLAND BOULEVARD 94
OXNARD, CA 90305

SNIPPER WAINER & MARKOFF
232 N CANON DRIVE
BEVERLY HILLS, CA 90210

WESTERN FIDELITY ASSOCIATES, LLC
1222 CRENSHAW BOULEVARD B
TORRANCE, CA 90501

Clerk of the Court, by: *Kimberley Handing* , Deputy

I certify that I am not a party to this cause. I certify that the following document(s), Notice of Continuance, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on July 1, 2020, at 3:29:30 PM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

LAW OFFICES OF ANDREW A. SMITS
ASMITS@SMITS-LAW.COM

LEVINSON ARSHONSKY & KURTZ, LLP
LEROPKIN@LAKLAWYERS.COM

MEYLAN DAVITT JAIN AREVIAN & KIM LLP
AJAIN@MDJALAW.COM

MEYLAN DAVITT JAIN AREVIAN & KIM LLP
VDAVITT@MDJALAW.COM

Clerk of the Court, by: *Kimberley Handing* , Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

1719                    Code of Civ. Procedure , § CCP1013(a)

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On July 8, 2020, I served the document described as follows: **NOTICE OF CONTINUANCE OF HEARING ON MOTION OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, AND AS AN INDIVIDUAL, TO STRIKE CROSS-COMPLAINT OF UNITED LENDER, LLC,** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant, Cross-defendant, and Cross-complainant in *pro per* | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail: leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial Center, Inc. |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

PROOF OF SERVICE

| | |
|---|---|
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: (310) 550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: (310) 827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot |
| Vincent J. Davitt and Anita Jain<br>Meylan Davitt Jain Arevian & Kim LLP<br>444 S. Flower Street, Suite 1850<br>Los Angeles, CA 90071<br><br>Telephone:  (213) 225-6000<br>Email: vdavitt@mdjalaw.com<br>            ajain@mdjalaw.com<br><br>Attorneys for defendant United Lender, LLC | Ascension Recovery, Inc.,<br>dba Restored Life Recovery<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant |

[   ] **(By U.S. Mail)**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ] **(By E-mail/Electronic Service)**  I caused the document to be sent to the persons at the electronic service addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[   ] **(By Personal Service)** I caused to be delivered by hand such envelope to the  addressee. The messenger's proof of service will be prepared and available.

[   ] **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above, by placing the true copies in separate envelopes for each addressee, with the name and address of the person served shown on the envelope and by sealing the envelope and placing it for collection and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on July 8, 2020 at Irvine, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

KIMBERLY RICHARDSON

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

PROOF OF SERVICE

# EXHIBIT 151

1722

1   Andrew A. Smits (State Bar No. 146659)
    Law Offices of Andrew A. Smits
2   36 Executive Park, Suite 160
    Irvine, California 92614-4794
3   Telephone:  (949) 833-1025
    Email:     asmits@smits-law.com
4

5   Attorney for Plaintiff Anh Thy Song Nguyen,
    Trustee of Mother Nature Trust, and Cross-defendant
    Anh Thy Song Nguyen, Trustee of Mother Nature Trust,
6   and an individual

7

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9         **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11   ANH THY SONG NGUYEN, TRUSTEE OF     Case No.: 30-2020-01124778-CU-FR-CJC
    MOTHER NATURE TRUST,
12                            Assigned:  Judge Walter Schwarm
            Plaintiff,                      Dept.: C19
13

14       vs.
                                     **NOTICE OF CONTINUANCE OF**
15   UNITED LENDER, LLC, a Nevada limited       **HEARING ON DEMURRER OF**
    liability company; SHAWN AHDOOT, an        **PLAINTIFF AND CROSS-DEFENDANT**
    individual; ALBERT A. AHDOOT, an         **ANH THY SONG NGUYEN, TRUSTEE**
16   individual; MEGAN E. ZUCARO, an          **OF MOTHER NATURE TRUST, AND AS**
    individual; HELPING OTHERS              **AN INDIVIDUAL, TO CROSS-**
17   INTERNATIONAL, LLC, a Delaware         **COMPLAINT OF UNITED LENDER,**
    limited liability company; WESTERN         **LLC**
18   FIDELITY ASSOCIATES, LLC, a California
    limited liability company, dba WESTERN
19   FIDELITY TRUSTEES; JOHN B. SPEAR,     Date:  July 21, 2020
    an individual; AMERICAN FINANCIAL      Time:  9:00 a.m.
20   CENTER, INC., a California corporation; all   Dept.:  C19
    other persons unknown, claiming any legal or
21   equitable right, title, estate, lien, or interest in
    the property described in the complaint
22   adverse to Plaintiff's title, or any cloud upon
    Plaintiff's title thereto; and DOES 1 through
23   100, inclusive,
            Defendants.
24

25   AND RELATED CROSS-ACTIONS.         Complaint filed: January 15, 2020
                                           Trial date:        August 27, 2021
26

27           TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

28                                    1

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

NOTICE OF CONTINUANCE OF HEARING ON DEMURRER OF PLAINTIFF AND CROSS-DEFENDANT
ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, AND AS AN INDIVIDUAL,
TO CROSS-COMPLAINT OF UNITED LENDER, LLC

1   PLEASE TAKE NOTICE that the Court has continued the hearing on demurrer of plaintiff

2   and cross-defendant Anh Thy Song Nguyen, Trustee of Mother Nature Trust, and as an individual,

3   to the Cross-complaint of cross-complainant United Lender, LLC, from July 21, 2020 at 1:30 p.m.

4   in Department C19 to July 21, 2020 at **9:00 a.m.** in Department C19 of the above-entitled court.

5   A copy of the Court's Notice of Continuance is attached hereto.

6

7   Dated: July 7, 2020                                      LAW OFFICES OF ANDREW A. SMITS

8

9

10

11   By: _____

12   Andrew A. Smits
     Attorney for Plaintiff Anh Thy Song Nguyen,
     Trustee of Mother Nature Trust, and Cross-
13   defendant Anh Thy Song Nguyen, Trustee of
     Mother Nature Trust, and an individual

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

NOTICE OF CONTINUANCE OF HEARING ON DEMURRER OF PLAINTIFF AND CROSS-DEFENDANT
ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, AND AS AN INDIVIDUAL,
TO CROSS-COMPLAINT OF UNITED LENDER, LLC

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 Civic Center Dr. West<br>MAILING ADDRESS: 700 Civic Center Dr. West<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | |
| PLAINTIFF/PETITIONER: Anh Thy Song Nguyen | |
| DEFENDANT/RESPONDENT: United Lender, LLC | |
| SHORT TITLE: Anh Thy Song Nguyen vs. United Lender, LLC | |

| **NOTICE OF CONTINUANCE** | CASE NUMBER:<br>30-2020-01124778-CU-FR-CJC |
|---|---|

Please be advised that:

The Demurrer to Cross-Complaint in the above entitled action has been continued to 07/21/2020 at 09:00:00 AM in C19 of the above named court.

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions. www.occourts.org/media-relations/CoronaVirusUpdate.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas. www.occourts.org/media-relations/CoronaVirusUpdate.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị. www.occourts.org/media-relations/CoronaVirusUpdate.html

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

**SHORT TITLE:** Nguyen vs. United Lender, LLC

| CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | CASE NUMBER: 30-2020-01124778-CU-FR-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Continuance has been placed for collection and mailing in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 7/1/20. Following standard court practice the mailing will occur at Sacramento, California on 7/2/20.

HELPING OTHERS INTERNATIONAL, LLC
4501 W CHANNEL ISLAND BOULEVARD 94
OXNARD, CA 90305

LAWRENCE C. MEYERSON, A PROFESSIONAL
LAW CORP.
5521 MISSION ROAD 399
BONSALL, CA 92003

LAWRENCE C. MEYERSON, APLC
5521 MISSION ROAD 399
BONSALL, CA 92003

MEGAN E. ZUCARO
4501 W CHANNEL ISLAND BOULEVARD 94
OXNARD, CA 90305

SNIPPER WAINER & MARKOFF
232 N CANON DRIVE
BEVERLY HILLS, CA 90210

WESTERN FIDELITY ASSOCIATES, LLC
1222 CRENSHAW BOULEVARD B
TORRANCE, CA 90501

Clerk of the Court, by: *Kimberley Handing* , Deputy

I certify that I am not a party to this cause. I certify that the following document(s), Notice of Continuance, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on July 1, 2020, at 3:29:31 PM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

LAW OFFICES OF ANDREW A. SMITS
ASMITS@SMITS-LAW.COM

LEVINSON ARSHONSKY & KURTZ, LLP
LEROPKIN@LAKLAWYERS.COM

MEYLAN DAVITT JAIN AREVIAN & KIM LLP
AJAIN@MDJALAW.COM

MEYLAN DAVITT JAIN AREVIAN & KIM LLP
VDAVITT@MDJALAW.COM

Clerk of the Court, by: *Kimberley Handing* , Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

1726                    Code of Civ. Procedure , § CCP1013(a)

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On July 8, 2020, I served the document described as follows: **NOTICE OF CONTINUANCE OF HEARING ON DEMURRER OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, AND AS AN INDIVIDUAL, TO CROSS-COMPLAINT OF UNITED LENDER, LLC,** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant, Cross-defendant, and Cross-complainant in *pro per* | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail:  leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial Center, Inc. |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

1727
PROOF OF SERVICE

| | |
|---|---|
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: (310) 550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: (310) 827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot |
| Vincent J. Davitt and Anita Jain<br>Meylan Davitt Jain Arevian & Kim LLP<br>444 S. Flower Street, Suite 1850<br>Los Angeles, CA 90071<br><br>Telephone:  (213) 225-6000<br>Email: vdavitt@mdjalaw.com<br>ajain@mdjalaw.com<br><br>Attorneys for defendant United Lender, LLC | Ascension Recovery, Inc.,<br>dba Restored Life Recovery<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant |

[ ] **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ] **(By E-mail/Electronic Service)** I caused the document to be sent to the persons at the electronic service addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] **(By Personal Service)** I caused to be delivered by hand such envelope to the addressee. The messenger's proof of service will be prepared and available.

[ ] **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above, by placing the true copies in separate envelopes for each addressee, with the name and address of the person served shown on the envelope and by sealing the envelope and placing it for collection and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on July 8, 2020 at Irvine, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

KIMBERLY RICHARDSON

LAW OFFICES OF ANDREW A. SMITS<br>36 Executive Park<br>Suite 160<br>Irvine, California 92614-4794<br>Telephone: (949) 833-1025<br>Email: asmits@smits-law.com

2

1728
PROOF OF SERVICE

# EXHIBIT 152

1729

Andrew A. Smits (State Bar No. 146659)
Law Offices of Andrew A. Smits
36 Executive Park, Suite 160
Irvine, California 92614-4794
Telephone:  (949) 833-1025
Email:      asmits@smits-law.com

Attorney for Plaintiff Anh Thy Song Nguyen,
Trustee of Mother Nature Trust

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; all other persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto; and DOES 1 through 100, inclusive, <br><br> Defendants. <br><br> AND RELATED CROSS-ACTIONS. | Case No.: 30-2020-01124778-CU-FR-CJC <br><br> Assigned: Judge Walter Schwarm <br> Dept.: C19 <br><br> **NOTICE OF MOTION AND MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF DEFENDANT UNITED LENDER, LLC, FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.; AND REQUEST FOR SANCTIONS** <br><br> **[Separate Statement, Declaration of Andrew A. Smits and proposed Order submitted herewith]** <br><br> DATE:  November 24, 2020 <br> TIME:   1:30 p.m. <br> DEPT.:  C19 <br><br> RESERVATION NUMBER: 73335194 <br><br> Complaint filed: January 15, 2020 <br> Trial date:      August 27, 2021 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 24, 2020 at 1:30 p.m., or as soon thereafter as

1

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

NOTICE OF MOTION AND MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF
MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF DEFENDANT UNITED
LENDER, LLC, FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.

1   the matter can be heard by the Honorable Walter Schwarm, judge presiding, in Department C19 of

2   the Orange County Superior Court, Central Justice Center, located at 700 Civic Center Drive

3   West, Santa Ana, California 92701, plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature

4   Trust ("Plaintiff"), will move, and hereby does move, for an order to quash or modify the

5   deposition subpoena of defendant United Lender, LLC, for production of business records to Apex

6   Escrow Inc., dated June 22, 2020.

7       PLEASE TAKE FURTHER NOTICE that Plaintiff seeks an award of sanctions against

8   defendant United Lender, LLC, in the form of reasonable expenses and attorney fees incurred in

9   making this motion. The amount of sanctions requested herein is $1,985.00.

10       This motion is made based on the following facts:

11      1.     On or about June 22, 2020, defendant United Lender, LLC, issued a deposition

12   subpoena for business records to Apex Escrow Inc., commanding that Apex Escrow produce

13   business records pertaining to, among other things, Escrow No. 00034926-TT involving the

14   property located at 6475 Marigayle Circle, Huntington Beach, California 92648 that is the subject

15   of this action. The subpoena seeks "personal records" defined in Code of Civil Procedure section

16   1985.3 pertaining to "consumer" and plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature

17   Trust. The subpoena calls for production of the records on July 17, 2020.

18      2.     Apex Escrow is a qualified "witness" within the meaning of section 1985.3

19      3.     Plaintiff is a qualified "consumer" within the meaning of section 1985.3.

20      4.     Plaintiff objects to the subpoena and production of records pursuant thereto on

21   numerous grounds, including but not limited to the following: the subpoena invades Plaintiff's

22   inalienable right of privacy provided under the California Constitution, Article 1, Section 1; the

23   subpoena is not reasonably calculated to lead to the discovery of admissible evidence, is overbroad

24   and vague; the subpoena invades the attorney-client privilege; and the subpoena is oppressive.

25       This motion is made pursuant to Code of Civil Procedure sections 1985.3, subdivision (g),

26   1987.1, 1987.2 and 2017.010 and the California Rules of Court, rule 3.1345.

27   / /

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

NOTICE OF MOTION AND MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF
MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF DEFENDANT UNITED
LENDER, LLC, FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.

1     This motion is based on the notice of motion, the memorandum of points and authorities

2 attached hereto, the separate statement and declaration of Andrew A. Smits submitted herewith,

3 the pleadings and papers on file with the Court, any matters the Court may judicially notice, and

4 on such other matters as may properly come before the Court.

5

6 Dated: July 10, 2020                       LAW OFFICES OF ANDREW A. SMITS

7

8

9                             By: _____

10                               Andrew A. Smits
                              Attorney for Plaintiff Anh Thy Song Nguyen,
                              Trustee of Mother Nature Trust

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

3

NOTICE OF MOTION AND MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF
MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF DEFENDANT UNITED
LENDER, LLC, FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

1.    INTRODUCTION...........................................................................................................1

2.    THE SUBPOENA AT ISSUE IN THIS MOTION TO QUASH .......................................3

3.    THE COURT SHOULD QUASH OR MODIFY THE SUBPOENA ...............................3

4.    THE COURT SHOULD AWARD SANCTIONS AGAINST UNITED LENDER ..........4

5.    CONCLUSION ..............................................................................................................5

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

i

NOTICE OF MOTION AND MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF
MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF DEFENDANT UNITED
LENDER, LLC, FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.

# TABLE OF AUTHORITIES

Page

**STATUTES**

Code of Civil Procedure § 1985.3 ................................................................................................. 3

Code of Civil Procedure § 1985.3, subd. (g) ............................................................................... 3

Code of Civil Procedure § 1987.1 ................................................................................................ 3

Code of Civil Procedure § 1987.2 ................................................................................................ 4

Code of Civil Procedure § 2020.020, subd. (b) ........................................................................... 3

**OTHER AUTHORITIES**

California Constitution, Article 1, Section 1 ............................................................................. 3, 4

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

ii

1734

NOTICE OF MOTION AND MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF
MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF DEFENDANT UNITED
LENDER, LLC, FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    INTRODUCTION

This is a real estate fraud case wherein plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust ("Plaintiff"), sold a $3.1 million home located in Huntington Beach, California to defendant Megan Zucaro ("Zucaro") and her Delaware limited liability company, defendant Helping Others International, LLC ("Helping Others"). Zucaro/Helping Others used a private lender, defendant and cross-complainant United Lender, LLC, a Nevada limited liability company ("United Lender"), to fund a $1.9 million purchase loan. Zucaro talked Plaintiff into seller carryback financing wherein Plaintiff funded a $1.2 million loan to the buyer of record, Helping Others, secured by a second deed of trust. Helping Others defaulted on the first payments due on United Lender's and Plaintiff's loans. United Lender promptly commenced foreclosure proceedings on its first deed of trust, seeking to eliminate Plaintiff's junior deed of trust. United Lender and Zucaro have engaged in this real estate equity fraud scheme in at least four other instances in Southern California.

On January 15, 2020, Plaintiff filed the complaint in this action, alleging, among other things, that the defendants have engaged in the above-described, real estate equity theft fraud scheme with respect to Plaintiff and at least four other home sellers in Southern California. On January 21, 2020, Plaintiff filed the first amended complaint herein.

On February 11, 2020, this Court issued a preliminary injunction enjoining any foreclosure sale by the defendants with respect to the Huntington Beach property.

Defendants Zucaro, Helping Others International, and United Lender, which is owned and operated by defendants Shawn Ahdoot and Albert A. Ahdoot, have engaged in at least four other similar transactions in Southern California in an apparent equity theft scheme. Public records reflect that trustor and debtor under the first deed of trust and second deed of trust on the Subject Property, Helping Others International (and Zucaro), has defaulted on the first and the second secured obligations in the similar transactions, setting up United Lender's fraudulent foreclosure proceeding to eliminate the second deed of trust or junior lienholder, who is the seller of the

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

NOTICE OF MOTION AND MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF
MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF DEFENDANT UNITED
LENDER, LLC, FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.

1    property in the transactions. The other similar transactions indicate that United Lender continues

2    to lend to Helping Others International and Zucaro in purchasing the properties even though

3    Helping Others International and Zucaro have a long history of defaults, and Zucaro has a history

4    of multiple bankruptcies.  No lender lends money to someone who is a serious credit risk and in

5    default with him on multiple loans unless that lender is a conspirator in a scheme to steal the home

6    seller's equity.  The evidence that has been previously provided to this Court and will be

7    introduced at trial of this action indicates Defendants have conspired to foreclose on purchased

8    properties, eliminating junior lienholders, including the sellers of the properties like Plaintiff

9    herein, and stealing the equity.

10    Defendant American Financial Center, Inc. ("AFCI"), provided a $75,000 loan to

11    defendant Ascension Recovery, Inc., dba Restored Life Recovery, which is owned and operated

12    by Zucaro.  AFCI required and obtained guarantees by Zucaro and Helping Others International

13    for repayment of the loan.  Also, AFCI secured repayment of its loan by recording a third deed of

14    trust against the subject property in Huntington Beach and a property in Agua Dulce, California,

15    which is one of the other four, similar equity theft transactions referenced above.  AFCI provided

16    the loan even though Zucaro was not a qualified borrower, having a history of defaulting on loans

17    and filing multiple bankruptcy cases, and there was an insufficient equity cushion in the subject

18    Huntington Beach property to satisfy repayment of AFCI's loan.  AFCI maintains its third deed of

19    trust against the Huntington Beach property in order to cloud title and impair and impede

20    Plaintiff's right to rescind the fraudulent transaction involving the property.  The foregoing facts

21    indicate that AFCI is involved in the fraudulent scheme of Zucaro, United Lender, et al.

22    Law enforcement is catching up with the Defendants.  In the first days of March 2020,

23    Zucaro was arrested and charged in Ventura County with three felony counts of financial and real

24    estate-related fraud separate from the five equity fraud scams described above.  On or about July

25    8, 2020, Zucaro plead guilty to one of the three felony counts – felony diversion of construction

26    funds.  Thus, Zucaro is a convicted felon.

27

28

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

1  In addition, Zucaro filed a Chapter 11 bankruptcy case on June 8, 2020; however, it is the

2  subject of the U.S. Trustee's motion to dismiss or convert case, to which Zucaro has filed a notice

3  of non-opposition. That bankruptcy case will likely be dismissed soon. Zucaro admitted in her

4  pending bankruptcy case that she has filed no less than three other personal bankruptcy cases

5  (1996, 2007 and 2017).

6  Zucaro's business entity, Helping Others International, apparently filed a Chapter 11

7  bankruptcy case on June 29, 2020. In all likelihood, that case too will be dismissed or converted

8  to a liquidation case under Chapter 7.

9  **2.   THE SUBPOENA AT ISSUE IN THIS MOTION TO QUASH**

10  On or about June 22, 2020, defendant United Lender issued a deposition subpoena for

11  business records on non-party Apex Escrow Inc., under Code of Civil Procedure section 2020.020,

12  subdivision (b), commanding Apex Escrow to produce business records pertaining to, among

13  other things, Escrow No. 00034926-TT and the subject sale transaction involving the Huntington

14  Beach property (6475 Marigayle Circle, Huntington Beach, California 92648). The subpoena

15  seeks "personal records" as defined in Code of Civil Procedure section 1985.3 pertaining to a

16  "consumer," who is Plaintiff. A copy of the subpoena and related notice to consumer is attached

17  as **Exhibit "A"** to the Declaration of Andrew A. Smits submitted herewith.

18  The subpoena calls for the production of "personal records" maintained by Apex Escrow,

19  which is a qualified "witness" within the meaning of Section 1985.3. Plaintiff is a qualified

20  "consumer" within the meaning of Section 1985.3.

21  **3.   THE COURT SHOULD QUASH OR MODIFY THE SUBPOENA**

22  Code of Civil Procedure section 1985.3, subdivision (g), authorizes a party, who is a

23  consumer whose personal records are sought by records subpoena, to bring a motion under Code

24  of Civil Procedure section 1987.1 to quash or modify the subpoena. As more fully set forth in the

25  separate statement submitted herewith, Plaintiff objects to the subpoena and production of records

26  pursuant thereto on numerous grounds, including but not limited to the following: the subpoena

27  invades Plaintiff's inalienable right of privacy provided under the California Constitution, Article

28

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

3

NOTICE OF MOTION AND MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF
MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF DEFENDANT UNITED
LENDER, LLC, FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.

1, Section 1; the subpoena is not reasonably calculated to lead to the discovery of admissible

evidence, is overbroad and vague; the subpoena invades the attorney-client privilege; and the

subpoena is oppressive.

In the interests of economy and brevity, Plaintiff declines to repeat in this memorandum of

points and authorities, the arguments and authorities in support of quashing or modifying the

subpoena.  Plaintiff relies on the separate statement accordingly.

**4.    THE COURT SHOULD AWARD SANCTIONS AGAINST UNITED LENDER**

Code of Civil Procedure section 1987.2 authorizes this Court to award sanctions against a

party who opposes a motion to quash in bad faith or without substantial justification or in

circumstances wherein one or more of the requirements of the subpoena is oppressive.  Plaintiff

seeks an award of sanctions against defendant United Lender, LLC, in the form of reasonable

expenses and attorney fees incurred in making this motion.  As set forth in the Declaration of

Andrew A. Smits submitted herewith, the amount of sanctions requested herein is $1,985.00.

An award of sanctions against United Lender is appropriate, because the document

requests in the subpoena are oppressive, calling for the production of information that is Plaintiff's

private information and for information that is not reasonably calculated to lead to the discovery of

admissible evidence.  For instance, the subpoena calls for production of documents containing

Plaintiff's private information, including her social security number, California driver's license

number and trust information.

Furthermore, the subpoena calls for the production of documents containing information

not related to issues for trial in this action.  For instance, the subpoena (Request No. 4) calls for

the production of "ALL DOCUMENTS RELATING TO communications with any individuals on

behalf of either party to the escrow."  Such documents may include communications unrelated to

the sale transaction involving the subject Huntington Beach property.  Furthermore, such

documents may include privileged communications with attorneys or communications regarding

private matters.

//

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

NOTICE OF MOTION AND MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF
MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF DEFENDANT UNITED
LENDER, LLC, FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.

1       Based on the foregoing and as more fully discussed in the separate statement submitted

2 herewith, the records subpoena is unreasonably overbroad and oppressive, warranting an award of

3 sanctions against United Lender.

4 **5.**     **CONCLUSION**

5       Based on the foregoing and the papers submitted in support of this motion, Plaintiff

6 respectfully requests the Court order the subpoena quashed or modified to protect against

7 disclosure of information that is not proper for discovery in this action.

8

9 Dated: July 10, 2020                     LAW OFFICES OF ANDREW A. SMITS

10

11

12                            By: _____

13                              Andrew A. Smits
                             Attorney for Plaintiff Anh Thy Song Nguyen,
                             Trustee of Mother Nature Trust

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

5

NOTICE OF MOTION AND MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF
MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF DEFENDANT UNITED
LENDER, LLC, FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On July 10, 2020, I served the document described as follows: **NOTICE OF MOTION AND MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF DEFENDANT UNITED LENDER, LLC, FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.; AND REQUEST FOR SANCTIONS** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant, Cross-defendant, and Cross-complainant in *pro per* | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail:  leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial Center, Inc. |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

1740

PROOF OF SERVICE

| | |
|---|---|
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: (310) 550-5770<br>Email: mrwainer@swmfirm.com | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: (310) 827-3344<br>Email: lcm@lcmplc.com |
| Attorneys for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot | Attorney for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot |
| Vincent J. Davitt and Anita Jain<br>Meylan Davitt Jain Arevian & Kim LLP<br>444 S. Flower Street, Suite 1850<br>Los Angeles, CA 90071<br><br>Telephone:  (213) 225-6000<br>Email: vdavitt@mdjalaw.com<br>          ajain@mdjalaw.com<br><br>Attorneys for defendant United Lender, LLC | Ascension Recovery, Inc.,<br>dba Restored Life Recovery<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant |

[  ] **(By U.S. Mail)**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ] **(By E-mail/Electronic Service)**  I caused the document to be sent to the persons at the electronic service addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ X ] **(By Overnight Delivery)**  I caused overnight delivery of the document(s) listed above, by placing the true copies in separate envelopes for each addressee listed below with the name and address of the person served shown on the envelope and by sealing the envelope and placing it for collection and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

| | |
|---|---|
| Larry Perez<br>Ace Attorney Service, Inc.<br>811 Wilshire Boulevard, Suite 900<br>Los Angeles, CA 90017 | Custodian of Records<br>Apex Escrow, Inc.<br>15440 Beach Boulevard, Suite 131<br>Westminster, CA 90017 |
| Deposition Officer | Witness |

Executed on July 10, 2020 at Irvine, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

KIMBERLY RICHARDSON

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

PROOF OF SERVICE

# EXHIBIT 153

1742

Andrew A. Smits (State Bar No. 146659)
Law Offices of Andrew A. Smits
36 Executive Park, Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email:     asmits@smits-law.com

Attorney for Plaintiff Anh Thy Song Nguyen,
Trustee of Mother Nature Trust

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

| | |
|---|---|
| ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; all other persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: 30-2020-01124778-CU-FR-CJC <br><br> Assigned: Judge Walter Schwarm <br> Dept.: C19 <br><br> **DECLARATION OF ANDREW A. SMITS IN SUPPORT OF MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF DEFENDANT UNITED LENDER, LLC, FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.; AND REQUEST FOR SANCTIONS** <br><br> DATE:   November 24, 2020 <br> TIME:   1:30 p.m. <br> DEPT.:  C19 <br><br> RESERVATION NUMBER: 73335194 |
| AND RELATED CROSS-ACTIONS. | Complaint filed: January 15, 2020 <br> Trial date:       August 27, 2021 |

I, Andrew A. Smits, declare as follows:

1

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

DECLARATION OF ANDREW A. SMITS IN SUPPORT OF MOTION OF PLAINTIFF ANH THY SONG
NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF
DEF. UNITED LENDER, LLC, FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.

1743

1      1.      I am an attorney admitted to practice law in the State of California and am attorney

2  of record for plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust ("Plaintiff"), in the

3  above-captioned action.  I have personal knowledge of all of the matters set forth in this

4  Declaration and if called upon to testify thereto, I could and would competently do so.

5      2.      This Declaration is submitted in support of the motion of Plaintiff to quash or

6  modify deposition subpoena of defendant United Lender, LLC, for production of business records

7  of Apex Escrow Inc.; and request for sanctions.

8      3.      Defendant United Lender, LLC, issued a deposition subpoena for business records

9  dated June 22, 2020 on Apex Escrow Inc., commanding that Apex Escrow produce the personal

10  records of a consumer, who is Plaintiff in this action, including records pertaining to Escrow No.

11  00034926-TT involving the property located at 6475 Marigayle Circle, Huntington Beach,

12  California 92648.  The subpoena calls for production of the records on July 17, 2020.  Attached

13  hereto as **Exhibit "A"** is a true and correct copy of the deposition subpoena for production of

14  business records and notice to consumer dated June 22, 2020.  I received a copy of the subpoena

15  and notice to consumer by electronic mail.

16      4.      Plaintiff has incurred attorney fees and costs in bringing this motion.  I have been

17  practicing law in the state and federal courts in California since 1990.  I am a graduate of Loyola

18  Law School in Los Angeles, California.  My regular billing rate charged to my clients is $385 per

19  hour.  I spent no less than five (5) hours addressing the issues raised by the subpoena and

20  preparing pleadings and papers as follows:

21      •  reviewing and analyzing the overbroad and oppressive subpoena;

22      •  preparing the notice of motion and motion to quash;

23      •  preparing the memorandum of points and authorities in support of the motion;

24      •  preparing the separate statement in support of the motion;

25      •  preparing this declaration in support of the motion; and

26      •  preparing the proposed order.

27  Thus, the amount of attorney fees incurred by Plaintiff in bringing this motion is not less than

28

2

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

DECLARATION OF ANDREW A. SMITS IN SUPPORT OF MOTION OF PLAINTIFF ANH THY SONG
NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF
DEF. UNITED LENDER, LLC, FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.

1  $1,925.00 (5 hours x $385).  In addition, Plaintiff will incur attorney fees for reviewing any

2  opposition papers, preparing a written reply thereto, and traveling to and attending the hearing on

3  this motion.

4         5.      Plaintiff incurred costs in an amount not less than $60.00 to file this motion.

5         6.      In summary, Plaintiff has incurred no less than $1,985.00 in attorney fees and costs

6  in bringing this motion to quash.

7         I declare under penalty of perjury under the laws of the State of California that the

8  foregoing is true and correct and that this Declaration is executed this 10th day of July 2020.

9

10

11                                          Andrew A. Smits

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

DECLARATION OF ANDREW A. SMITS IN SUPPORT OF MOTION OF PLAINTIFF ANH THY SONG
NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF
DEF. UNITED LENDER, LLC, FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.

1745

# EXHIBIT "A"

**SUBP-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Anita Jain (SBN 192961) / Meylan Davitt Jain Arevian & Kim LLP<br>444 South Flower Street, Suite 1850 Los Angeles CA 90071<br><br>TELEPHONE NO.: **(213) 225-6000**    FAX NO.:<br>E-MAIL ADDRESS: **ajain@mdjalaw.com**<br>ATTORNEY FOR *(Name):* **Defendant United Lender, LLC** | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: Anh Thy Song Nguyen, Trustee of Mother Nature Trust

DEFENDANT/RESPONDENT: United Lender, LLC, et al.

| DEPOSITION SUBPOENA<br>FOR PRODUCTION OF BUSINESS RECORDS | CASE NUMBER:<br>30-2020-01124778-CU-FR-CJC |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known):*
Custodian of Records, Apex Escrow Inc., 15440 Beach Boulevard, Suite 131, Westminster, CA 92683

1. **YOU ARE ORDERED TO PRODUCE THE BUSINESS RECORDS** described in item 3, as follows:

To *(name of deposition officer):* **Larry Perez, Ace Attorney Service, Inc.**
On *(date)* : **July 17, 2020**                    At *(time):* **10:00 a.m.**
Location *(address):* **811 Wilshire Boulevard, Suite 900, Los Angeles, CA 90017**

**Do not release the requested records to the deposition officer prior to the date and time stated above.**

a. ☑ by delivering a true, legible, and durable **copy** of the business records described in item 3, enclosed in a sealed inner wrapper with the title and number of the action, name of witness, and date of subpoena clearly written on it. The inner wrapper shall then be enclosed in an outer envelope or wrapper, sealed, and mailed to the deposition officer at the address in item 1.

b. ☐ by delivering a true, legible, and durable **copy** of the business records described in item 3 to the deposition officer at the witness's address, on receipt of payment in cash or by check of the reasonable costs of preparing the copy, as determined under Evidence Code section 1563(b).

c. ☐ by making the **original** business records described in item 3 available for inspection at your business address by the attorney's representative and permitting **copying** at your business address under reasonable conditions during normal business hours.

2. *The records are to be produced by the date and time shown in item 1 (but not sooner than 20 days after the issuance of the deposition subpoena, or 15 days after service, whichever date is later). Reasonable costs of locating records, making them available or copying them, and postage, if any, are recoverable as set forth in Evidence Code section 1563(b). The records shall be accompanied by an affidavit of the custodian or other qualified witness pursuant to Evidence Code section 1561.*

3. *The records to be produced are described as follows (if electronically stored information is demanded, the form or forms in which each type of information is to be produced may be specified):*
**See Attachment 3**

☑ Continued on Attachment 3.

4. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued:   **June 22, 2020**

**Anita Jain**
_____                    _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PERSON ISSUING SUBPOENA)

Attorneys for Deft. United Lender, LLC
_____
(Proof of service on reverse)                (TITLE)                    **Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUBP-010 [Rev. January 1, 2012] | **DEPOSITION SUBPOENA FOR PRODUCTION<br>OF BUSINESS RECORDS** | Code of Civil Procedure, §§ 2020.410–2020.440;<br>Government Code, § 68097.1<br>www.courts.ca.gov |
|---|---|---|

**SUBP-010**

| PLAINTIFF/PETITIONER: Anh Thy Song Nguyen, Trustee of Mother Nature Trust | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: United Lender, LLC, et al. | 30-2020-01124778-CU-FR-CJC |

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR
## PRODUCTION OF BUSINESS RECORDS

1. I served this *Deposition Subpoena for Production of Business Records* by personally delivering a copy to the person served as follows:

   a. Person served *(name)*:

   b. Address where served:

   c. Date of delivery:

   d. Time of delivery:

   e. (1) ☐ Witness fees were paid.
      Amount: . . . . . . . . . . . . . . $ _____
      (2) ☐ Copying fees were paid.
      Amount: . . . . . . . . . . . . . . $ _____

   f. Fee for service: . . . . . . . . . . . . . . . . . $ _____

2. I received this subpoena for service on *(date)*:

3. Person serving:
   a. ☐ Not a registered California process server.
   b. ☐ California sheriff or marshal.
   c. ☐ Registered California process server.
   d. ☐ Employee or independent contractor of a registered California process server.
   e. ☐ Exempt from registration under Business and Professions Code section 22350(b).
   f. ☐ Registered professional photocopier.
   g. ☐ Exempt from registration under Business and Professions Code section 22451.
   h. Name, address, telephone number, and, if applicable, county of registration and number:

**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(SIGNATURE)

**(For California sheriff or marshal use only)**
**I certify** that the foregoing is true and correct.

Date:

_____
(SIGNATURE)

SUBP-010 [Rev. January 1, 2012]      **DEPOSITION SUBPOENA FOR PRODUCTION**      Page 2 of 2
**OF BUSINESS RECORDS**

**ATTACHMENT 3**

**DEFINITIONS**

The following definitions shall apply to the requests set forth below:

1.      "**DOCUMENT**" means any and all "writings," as that term is defined in California

Evidence Code section 250 and California Code of Civil Procedure section 2031.010, including but not

limited to any tangible items which contain handwriting, typewriting, printing, photostatic

reproduction, photographic reproduction, electronic reproduction, and any other form of

communications or representation whether produced, reproduced or stored on paper, cards, tapes,

discs, belts, charts, films (including microfilm or microfiche), computer storage devices or any other

medium of recordation that are in YOUR possession, custody or control, or the possession, custody or

control of any of YOUR agents, attorneys, accountants or representatives.  A DOCUMENT is deemed

to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical

custody of any other person and you either own such DOCUMENT in whole or in part or have a right

by contract, statute or otherwise to use, inspect, examine or copy such DOCUMENT on demand or on

any terms; or if you have an understanding, express or implied, that you may use, inspect, examine or

copy such DOCUMENT on any terms; or you have, as a practical matter, been able to use, inspect,

examine or copy such DOCUMENT when you have sought to do so.  Such DOCUMENTS shall

include, but are not limited to, originals (or copies where originals are not available), any information

preserved in electronic form, and any marginal or interlineal comment appearing on any

DOCUMENTS.

2.      "**RELATING TO**" means constituting, concerning, pertaining to, referring to,

describing, mentioning, containing, evidencing, discussing, considering, analyzing, reporting on,

commenting on, setting forth, supporting, recommending, or otherwise concerning in any manner, in

whole or in part, whatsoever the subject matter of the inquiry.

**INSTRUCTIONS**

1.      The DOCUMENTS produced pursuant to this Subpoena must be segregated and

identified according to the specific request to which they are responsive.  Duplicate copies of

Attachment 3 – Page 1

1  DOCUMENTS which are responsive to more than one request need not be produced more than once if

2  the specific requests to which such DOCUMENTS relate are designated.

3      2.    The DOCUMENTS requested hereby specifically include, but are not limited to, those

4  DOCUMENTS in YOUR possession, custody or control, or the possession, custody or control of

5  YOUR employees, agents, representatives, attorneys, accountants, auditors, affiliates, advisers,

6  consultants, and any other person or entity acting, or who has acted, on YOUR behalf.

7      3.    If any of the DOCUMENTS requested below are claimed to be privileged or are

8  otherwise withheld, set forth, with respect to each such DOCUMENT, facts of sufficient specificity to

9  permit the Court to make a full determination as to whether the claim of privilege is valid, including

10  each and every fact or basis upon which said privilege is claimed.

11                              **DOCUMENTS REQUESTED**

12      1.    All DOCUMENTS RELATING TO Escrow No. 00034926-TT involving the property

13  located at 6475 Marigayle Circle, Huntington Beach, CA 92648, including but not limited to YOUR

14  entire escrow file.

15      2.    All DOCUMENTS RELATING TO communications with parties to the escrow about

16  the transaction.

17      3.    All DOCUMENTS RELATING TO communications with third parties about the

18  transaction; the sub-escrow file.

19      4.    All DOCUMENTS RELATING TO communications with any individuals on behalf of

20  either party to the escrow.

21

22

23

24

25

26

27

28

Attachment 3 – Page 2

**SUBP-025**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Anita Jain (SBN 192961)<br>Meylan Davitt Jain Arevian & Kim LLP<br>444 South Flower Street, Suite 1850 Los Angeles CA 90071<br><br>TELEPHONE NO.: **(213) 225-6000**   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: **ajain@mdjalaw.com**<br>ATTORNEY FOR *(Name)*: **Defendant United Lender, LLC** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange |
|---|
| STREET ADDRESS: **700 Civic Center Drive West** |
| MAILING ADDRESS: **Same as above** |
| CITY AND ZIP CODE: **Santa Ana 92701** |
| BRANCH NAME: **Central Justice Center** |

| PLAINTIFF/ PETITIONER: Anh Thy Song Nguyen, Trustee of Mother Nature Trust | CASE NUMBER:<br>**30-2020-01124778-CU-FR-CJC** |
|---|---|
| DEFENDANT/ RESPONDENT: United Lender, LLC. et al. | |

| NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION<br>(Code Civ. Proc., §§ 1985.3,1985.6) | |
|---|---|

### NOTICE TO CONSUMER OR EMPLOYEE

**TO** *(name)*: Anh Thy Song Nguyen, Trustee of Mother Nature Trust

1. PLEASE TAKE NOTICE THAT **REQUESTING PARTY** *(name)*: Defendant United Lender, LLC
   SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on *(specify date)*: July 17, 2020
   The records are described in the subpoena directed to **witness** *(specify name and address of person or entity from whom records are sought)*: Custodian of Records, Apex Escrow, Inc., 15440 Beach Boulevard, Suite 131, Westminster, CA 92683
   A copy of the subpoena is attached.

2. IF YOU OBJECT to the production of these records, YOU MUST DO ONE OF THE FOLLOWING BEFORE THE DATE SPECIFIED. IN ITEM a. OR b. BELOW:
   a. If you are a party to the above-entitled action, you must file a motion pursuant to Code of Civil Procedure section 1987.1 to quash or modify the subpoena and give notice of that motion to the **witness** and the **deposition officer** named in the subpoena at least five days before the date set for production of the records.
   b. If you are not a party to this action, you must serve on the **requesting party** and on the **witness,** before the date set for production of the records, a written objection that states the specific grounds on which production of such records should be prohibited. You may use the form below to object and state the grounds for your objection. You must complete the Proof of Service on the reverse side indicating whether you personally served or mailed the objection. The objection should **not** be filed with the court. **WARNING:** IF YOUR OBJECTION IS NOT RECEIVED BEFORE THE DATE SPECIFIED IN ITEM 1, YOUR RECORDS MAY BE PRODUCED AND MAY BE AVAILABLE TO ALL PARTIES.

3. YOU OR YOUR ATTORNEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: **June 22, 2020**

**Anita Jain**
_____           ▶  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF [ ] REQUESTING PARTY [✔] ATTORNEY)

### OBJECTION BY NON-PARTY TO PRODUCTION OF RECORDS

1. [ ]  I object to the production of all of my records specified in the subpoena.
2. [ ]  I object only to the production of the following specified records:

3. The specific grounds for my objection are as follows:

Date:

_____           ▶  _____
(TYPE OR PRINT NAME)                              (SIGNATURE)

(Proof of service on reverse)

**Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUBP-025 [Rev. January 1, 2008] | **NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION** | Code of Civil Procedure,<br>§§ 1985.3. 1985.6,<br>2020.010–2020.510<br>www.courtinfo.ca.gov |
|---|---|---|

**SUBP-025**

| PLAINTIFF/PETITIONER: Anh Thy Song Nguyen, Trustee of Mother Nature Trust | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: United Lender, LLC, et al. | 30-2020-01124778-CU-FR-CJC |

### PROOF OF SERVICE OF NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION
### (Code Civ. Proc., §§ 1985.3,1985.6)
☐ **Personal Service** ☐ **Mail**

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**
2. I served a copy of the *Notice to Consumer or Employee and Objection* as follows *(check either a or b):*
   a. ☐ **Personal service.** I personally delivered the *Notice to Consumer or Employee and Objection* as follows:
      (1) Name of person served:          (3) Date served:
      (2) Address where served:           (4) Time served:

   b. ☐ **Mail.** I deposited the *Notice to Consumer or Employee and Objection* in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed as follows:
      (1) Name of person served:          (3) Date of mailing:
      (2) Address:                        (4) Place of mailing *(city and state):*

      (5) I am a resident of or employed in the county where the *Notice to Consumer or Employee and Objection* was mailed.
   c. My residence or business address is *(specify):*
   d. My phone number is *(specify):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

▶

_____          _____
(TYPE OR PRINT NAME OF PERSON WHO SERVED)          (SIGNATURE OF PERSON WHO SERVED)

### PROOF OF SERVICE OF OBJECTION TO PRODUCTION OF RECORDS
### (Code Civ. Proc., §§ 1985.3,1985.6)
☐ **Personal Service** ☐ **Mail**

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**
2. I served a copy of the *Objection to Production of Records* as follows *(complete either a or b):*
   a. ON THE REQUESTING PARTY
      (1) ☐ **Personal service.** I personally delivered the *Objection to Production of Records* as follows:
         (i) Name of person served:          (iii) Date served:
         (ii) Address where served:          (iv) Time served:

      (2) ☐ **Mail.** I deposited the *Objection to Production of Records* in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed as follows:
         (i) Name of person served:          (iii) Date of mailing:
         (ii) Address:                       (iv) Place of mailing *(city and state):*

         (v) I am a resident of or employed in the county where the *Objection to Production of Records* was mailed.
   b. ON THE WITNESS
      (1) ☐ **Personal service.** I personally delivered the *Objection to Production of Records* as follows:
         (i) Name of person served:          (iii) Date served:
         (ii) Address where served:          (iv) Time served:

      (2) ☐ **Mail.** I deposited the *Objection to Production of Records* in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed as follows:
         (i) Name of person served:          (iii) Date of mailing:
         (ii) Address:                       (iv) Place of mailing *(city and state):*

         (v) I am a resident of or employed in the county where the *Objection to Production of Records* was mailed.
3. My residence or business address is *(specify):*
4. My phone number is *(specify):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

▶

_____          _____
(TYPE OR PRINT NAME OF PERSON WHO SERVED)          (SIGNATURE OF PERSON WHO SERVED)

SUBP-025 [Rev. January 1, 2008]          **NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION**          Page 2 of 2

1752

1

## PROOF OF SERVICE

2      I, **RONI M. IWATA**, declare:

3      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and
not a party to this action.  My business address is 444 South Flower Street, Suite 1850, Los Angeles,
4      California  90071, (213) 225-6000.

5      On **June 22, 2020**, I served the document(s) described as **NOTICE TO CONSUMER OR
EMPLOYEE** on the interested parties in this action:
6

7                    **SEE ATTACHED SERVICE LIST**

8      ☒      BY E-MAIL/ELECTRONIC TRANSMISSION: Based on the California Rules of Court, a
court order, and/or an agreement of the parties to accept service by e-mail or electronic transmission, I
9      caused the document(s) to be transmitted to an electronic filing service provider or to the persons at the
email addresses listed on the within service list.  I did not receive within a reasonable time after the
10     transmission, any electronic message or other indication that the transmission was unsuccessful.

11     ☒      [State]  I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.
12

13     Executed on **June 22, 2020**, at Los Angeles, California.

14

15     _____

16                    RONI M. IWATA

17

18

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**

2

3   Andrew A. Smits, Esq.                      Maurice Wainer, Esq.
    Law Offices of Andrew A. Smits             Snipper Wainer & Markoff
4   36 Executive Park, Suite 160               232 North Canon Drive
    Irvine, CA 92614-4794                      Beverly Hills, CA 90210-5302
5   Tel: (949) 833-1025                        Tel: (310) 550-5770
    Email: asmits@smits-law.com                Email: mrwainer@swmfirm.com
6   *Attorneys for Plaintiff Anh Thy Song*     *Attorneys for Defendant and Cross-Complainant*
    *Nguyen, Trustee of Mother Nature*         *United Lender, LLC and Defendants Shawn*
7                                              *Ahdoot and Albert A. Ahdoot*

8

9   Lawrence C. Meyerson, Esq.                 Robert Schachter, Esq.
    5521 Mission Road, Suite 399               Hitchcock, Bowman & Schachter
10  Bonsall, CA 92003                          Del Amo Financial Center, Ste. 1030
    Tel: (310) 827-3344                        21515 Hawthorne Boulevard
11  Email: lcm@lcmplc.com                      Torrance, CA 90503-6579
    *Attorneys for Defendant and Cross-*       Tel: (310) 540-2202
12  *Complainant United Lender, LLC and*       Email: rs@rschacterlaw.com
    *Defendants Shawn Ahdoot and Albert A.*    *Attorneys for Defendant Western Fidelity*
13  *Ahdoot*                                   *Associates, LLC dba Western Fidelity Trustees*

14

15  Lori E. Eropkin Esq.                       Megan E. Zucaro
    Levinson Arshonsky & Kurtz LLP             4501 W. Channel Island Blvd. #94
16  15303 Ventura Boulevard, Suite 1650        Oxnard, CA 288-1364
    Sherman Oaks, CA 91403                     Email: m@megazee.com
17  Tel: (818) 382-3434                        *In Pro Per (Defendants Megan E. Zucaro and*
    Email: leropkin@laklawyers.com             *Helping Others International)*
18  *Attorneys for Defendant American*
    *Financial Center, Inc.*
19

    John B. Spear
20  4959 Palo Verde Street, Suite 205C
    Montclair, CA 91763
21  Email: johnbspear@gmail.com
    *Defendant and Cross-Defendant*
22

23

24

25

26

27

28

MEYLAN DAVITT
JAIN AREVIAN & KIM LLP

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3

   I am employed in the County of Orange, State of California. I am over the age of 18 and not
a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California

4

92614-4794. My email address is kimberly@smits-law.com.

5

   On July 10, 2020, I served the document described as follows: **DECLARATION OF
ANDREW A. SMITS IN SUPPORT OF MOTION OF PLAINTIFF ANH THY SONG**

6

**NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, TO QUASH OR MODIFY
DEPOSITION SUBPOENA OF DEFENDANT UNITED LENDER, LLC,  FOR**

7

**PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC., AND REQUEST
FOR SANCTIONS** on interested parties in this action by placing a true copy thereof enclosed in

8

a sealed envelope addressed as set forth below:

9

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant, Cross-defendant, and Cross-complainant in *pro per* | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity<br>Associates, LLC, dba Western Fidelity<br>Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail:  leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial<br>Center, Inc. |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

1755
PROOF OF SERVICE

| | |
|---|---|
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: (310) 550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: (310) 827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot |
| Vincent J. Davitt and Anita Jain<br>Meylan Davitt Jain Arevian & Kim LLP<br>444 S. Flower Street, Suite 1850<br>Los Angeles, CA 90071<br><br>Telephone:  (213) 225-6000<br>Email: vdavitt@mdjalaw.com<br>ajain@mdjalaw.com<br><br>Attorneys for defendant United Lender, LLC | Ascension Recovery, Inc.,<br>dba Restored Life Recovery<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant |

   [ ] **(By U.S. Mail)**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

   [ X ] **(By E-mail/Electronic Service)**  I caused the document to be sent to the persons at the electronic service addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

   [ X ] **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above, by placing the true copies in separate envelopes for each addressee listed below with the name and address of the person served shown on the envelope and by sealing the envelope and placing it for collection and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

| | |
|---|---|
| Larry Perez<br>Ace Attorney Service, Inc.<br>811 Wilshire Boulevard, Suite 900<br>Los Angeles, CA 90017<br><br>Deposition Officer | Custodian of Records<br>Apex Escrow, Inc.<br>15440 Beach Boulevard, Suite 131<br>Westminster, CA 90017<br><br>Witness |

   Executed on July 10, 2020 at Irvine, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.


   KIMBERLY RICHARDSON

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

# EXHIBIT 154

1757

1    Andrew A. Smits (State Bar No. 146659)
Law Offices of Andrew A. Smits
2    36 Executive Park, Suite 160
Irvine, California 92614-4794
3    Telephone:  (949) 833-1025
Email:        asmits@smits-law.com
4
Attorney for Plaintiff Anh Thy Song Nguyen,
5    Trustee of Mother Nature Trust

6

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

| | |
|---|---|
| 11  ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, | Case No.: 30-2020-01124778-CU-FR-CJC |
| 12                          Plaintiff, | Assigned:  Judge Walter Schwarm Dept.: C19 |
| 13            vs. | |
| 14  UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; all other persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto; and DOES 1 through 100, inclusive,                          Defendants. | **SEPARATE STATEMENT IN SUPPORT OF MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF DEFENDANT UNITED LENDER, LLC, FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.; AND REQUEST FOR SANCTIONS**

DATE:  November 24, 2020
TIME:  1:30 p.m.
DEPT.:  C19

RESERVATION NUMBER: 73335194 |
| 25  AND RELATED CROSS-ACTIONS. | Complaint filed: January 15, 2020 Trial date:        August 27, 2021 |

27

28                                        1

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

SEPARATE STATEMENT IN SUPPORT OF MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE
OF MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF DEF. UNITED
LENDER, LLC, FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.

AT58

1    Pursuant to Code of Civil Procedure section 1987.1 and California Rules of Court, rule

2   3.1345, plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust ("Plaintiff"), submits this

3   separate statement in support of her motion to quash or modify deposition subpoena of defendant

4   United Lender, LLC, for production of business records re Apex Escrow, Inc., and request for

5   sanctions.

6    Please note that the text of all definitions and instructions required to understand each

7   discovery request are set forth below at the end of this separate statement.

8

9   **DOCUMENT REQUEST NUMBER 1:**

10    All DOCUMENTS RELATING TO Escrow No. 0034926-TT involving the property

11   located at 6475 Marigayle Circle, Huntington Beach, CA 9264, including but not limited to

12   YOUR entire escrow file.

13   **REASON FOR QUASHING OR LIMITING REQUEST NUMBER 1:**

14    The term "DOCUMENTS" (see below) is vague, overbroad and not reasonably calculated

15   to the lead to the discovery of admissible evidence.  (Code Civ. Proc. § 2017.010.)  Furthermore,

16   the term includes documents in the possession of attorneys, agents and representatives, and as

17   such calls for the production of attorney-client communications that are protected from disclosure.

18   The term "RELATING TO" (see below) is vague, overbroad and not reasonably calculated to the

19   lead to the discovery of admissible evidence.  The entire request invades Plaintiff's inalienable

20   right of privacy provided under the California Constitution, Article 1, Section 1.  For instance,

21   Plaintiff's social security number, California driver's license number and confidential trust

22   information are protected from disclosure under the right of privacy.

23    Based on the foregoing, the request is oppressive within the meaning of Code of Civil

24   Procedure section 1987.2.

25   / /

26   / /

27

28

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

SEPARATE STATEMENT IN SUPPORT OF MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE
OF MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF DEF. UNITED
LENDER, LLC, FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.

1  **DOCUMENT REQUEST NUMBER 2:**

2       All DOCUMENTS RELATING TO communications with parties to the escrow about the

3  transaction.

4  **REASON FOR QUASHING OR LIMITING REQUEST NUMBER 2:**

5       The term "DOCUMENTS" (see below) is vague, overbroad and not reasonably calculated

6  to the lead to the discovery of admissible evidence. (Code Civ. Proc. § 2017.010.) Furthermore,

7  the term includes documents in the possession of attorneys, agents and representatives, and as

8  such calls for the production of attorney-client communications that are protected from disclosure.

9  The term "RELATING TO" (see below) is vague, overbroad and not reasonably calculated to the

10  lead to the discovery of admissible evidence. The entire request invades Plaintiff's inalienable

11  right of privacy provided under the California Constitution, Article 1, Section 1. For instance,

12  Plaintiff's social security number, California driver's license number and confidential trust

13  information are protected from disclosure under the right of privacy.

14       Based on the foregoing, the request is oppressive within the meaning of Code of Civil

15  Procedure section 1987.2.

16

17  **DOCUMENT REQUEST NUMBER 3:**

18       All DOCUMENTS RELATING TO communications with third parties about the

19  transaction; the sub-escrow file.

20  **REASON FOR QUASHING OR LIMITING REQUEST NUMBER 3:**

21       The term "DOCUMENTS" (see below) is vague, overbroad and not reasonably calculated

22  to the lead to the discovery of admissible evidence. (Code Civ. Proc. § 2017.010.) Furthermore,

23  the term includes documents in the possession of attorneys, agents and representatives, and as

24  such calls for the production of attorney-client communications that are protected from disclosure.

25  The term "RELATING TO" (see below) is vague, overbroad and not reasonably calculated to the

26  lead to the discovery of admissible evidence. The entire request invades Plaintiff's inalienable

27  right of privacy provided under the California Constitution, Article 1, Section 1. For instance,

28

3

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

SEPARATE STATEMENT IN SUPPORT OF MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE
OF MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF DEF. UNITED
LENDER, LLC, FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.

1  Plaintiff's social security number, California driver's license number and confidential trust

2  information are protected from disclosure under the right of privacy.

3      Based on the foregoing, the request is oppressive within the meaning of Code of Civil

4  Procedure section 1987.2.

5

6  **DOCUMENT REQUEST NUMBER 4:**

7      All DOCUMENTS RELATING TO communications with any individuals on behalf of

8  either party to the escrow.

9  **REASON FOR QUASHING OR LIMITING REQUEST NUMBER 4:**

10      This entire request is overbroad and not reasonably calculated to the lead to the discovery

11  of admissible evidence.  (Code Civ. Proc. § 2017.010.)  The subpoena calls for the production of

12  documents containing information not related to issues for trial in this action.  For instance, the

13  subpoena calls for the production of documents that include communications unrelated to the sale

14  transaction involving the subject Huntington Beach property.  Furthermore, such documents

15  include privileged communications with attorneys or communications protected from disclosure

16  under the Constitutional right of privacy.

17      The term "DOCUMENTS" (see below) is vague, overbroad and not reasonably calculated

18  to the lead to the discovery of admissible evidence.  Furthermore, the term includes documents in

19  the possession of attorneys, agents and representatives, and as such calls for the production of

20  attorney-client communications that are protected from disclosure.  The term "RELATING TO"

21  (see below) is vague, overbroad and not reasonably calculated to the lead to the discovery of

22  admissible evidence.  The entire request invades Plaintiff's inalienable right of privacy provided

23  under the California Constitution, Article 1, Section 1.  For instance, Plaintiff's social security

24  number, California driver's license number and confidential trust information are protected from

25  disclosure under the right of privacy.

26      Based on the foregoing, the request is oppressive within the meaning of Code of Civil

27  Procedure section 1987.2.

28

4

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

SEPARATE STATEMENT IN SUPPORT OF MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE
OF MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF DEF. UNITED
LENDER, LLC, FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.

1761

1    For purposes of understanding the requests set forth above, the text of all definitions and

2  instructions required to understand each discovery request are set forth below.

3                                    **DEFINITIONS**

4    1.    "**DOCUMENT**" means any and all "writings," as that term is defined in California

5  Evidence Code section 250 and California Code of Civil Procedure section 2031.010, including

6  but not limited to any tangible items which contain handwriting, typewriting, printing, photostatic

7  reproduction, photographic reproduction, electronic reproduction, and any other form of

8  communications or representation whether produced, reproduced or stored on paper, cards, tapes,

9  discs, belts, charts, films (including microfilm or microfiche), computer storage devices or any

10  other medium of recordation that are in YOUR possession, custody or control, or the possession,

11  custody or control of any of YOUR agents, attorneys, accountants or representatives.  A

12  DOCUMENT is deemed to be in your possession, custody, or control if it is in your physical

13  custody, or if it is in the physical custody of any other person and you either own such

14  DOCUMENT in whole or in part or have a right by contract, statute or otherwise to use, inspect,

15  examine or copy such DOCUMENT on demand or on any terms; or if you have an understanding,

16  express or implied, that you may use, inspect, examine or copy such DOCUMENT on any terms;

17  or you have, as a practical matter, been able to use, inspect, examine or copy such DOCUMENT

18  when you have sought to do so.  Such DOCUMENTS shall include, but are not limited to,

19  originals (or copies where originals are not available), any information preserved in electronic

20  form, and any marginal or interlineal comment appearing on any DOCUMENTS.

21    2.    "**RELATING TO**" means constituting, concerning, pertaining to, referring to,

22  describing, mentioning, containing, evidencing, discussing, considering, analyzing, reporting on,

23  commenting on, setting forth, supporting, recommending, or otherwise concerning in any manner,

24  in whole or in part, whatsoever the subject matter of the inquiry.

25                                    **INSTRUCTIONS**

26    1.    The DOCUMENTS produced pursuant to this Subpoena must be segregated and

27  identified according to the specific request to which they are responsive.  Duplicate copies of

28                                        5

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1    DOCUMENTS which are responsive to more than one request need not be produced more than

2    once if the specific requests to which such DOCUMENTS relate are designated.

3          2.      The DOCUMENTS requested hereby specifically include, but are not limited to,

4    those DOCUMENTS in YOUR possession, custody or control, or the possession, custody or

5    control of YOUR employees, agents, representatives, attorneys, accountants, auditors, affiliates,

6    advisers, consultants, and any other person or entity acting, or who has acted, on YOUR behalf.

7          3.      If any of the DOCUMENTS requested below are claimed to be privileged or are

8    otherwise withheld, set forth, with respect to each such DOCUMENT, facts of sufficient

9    specificity to permit the Court to make a full determination as to whether the claim of privilege is

10   valid, including each and every fact or basis upon which said privilege is claimed.

11

12   Dated: July 10, 2020                              LAW OFFICES OF ANDREW A. SMITS

13

14

15                                       By: _____
                                             Andrew A. Smits
16                                           Attorney for Plaintiff Anh Thy Song Nguyen,
                                             Trustee of Mother Nature Trust

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

6

1

# PROOF OF SERVICE

2

## STATE OF CALIFORNIA, COUNTY OF ORANGE

3

4
    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

5

6

7

8
    On July 10, 2020, I served the document described as follows: **SEPARATE STATEMENT IN SUPPORT OF MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF DEFENDANT UNITED LENDER, LLC,  FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.; AND REQUEST FOR SANCTIONS** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant, Cross-defendant, and Cross-complainant in *pro per* | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail:  leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial Center, Inc. |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

1764

| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: (310) 550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: (310) 827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot |
|---|---|
| Vincent J. Davitt and Anita Jain<br>Meylan Davitt Jain Arevian & Kim LLP<br>444 S. Flower Street, Suite 1850<br>Los Angeles, CA 90071<br><br>Telephone:  (213) 225-6000<br>Email: vdavitt@mdjalaw.com<br>           ajain@mdjalaw.com<br><br>Attorneys for defendant United Lender, LLC | Ascension Recovery, Inc.,<br>dba Restored Life Recovery<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant |

[ X ]  **(By E-mail/Electronic Service)**  I caused the document to be sent to the persons at the electronic service addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ X ]  **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above, by placing the true copies in separate envelopes for each addressee listed below with the name and address of the person served shown on the envelope and by sealing the envelope and placing it for collection and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

| Larry Perez<br>Ace Attorney Service, Inc.<br>811 Wilshire Boulevard, Suite 900<br>Los Angeles, CA 90017<br><br>Deposition Officer | Custodian of Records<br>Apex Escrow, Inc.<br>15440 Beach Boulevard, Suite 131<br>Westminster, CA 90017<br><br>Witness |
|---|---|

Executed on July 10, 2020 at Irvine, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

KIMBERLY RICHARDSON



# EXHIBIT 155

1766

1   Andrew A. Smits (State Bar No. 146659)
    Law Offices of Andrew A. Smits
2   36 Executive Park, Suite 160
    Irvine, California 92614-4794
3   Telephone:  (949) 833-1025
    Email:      asmits@smits-law.com
4
    Attorney for Plaintiff Anh Thy Song Nguyen,
5   Trustee of Mother Nature Trust

6

7

8                   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11  ANH THY SONG NGUYEN, TRUSTEE OF        Case No.: 30-2020-01124778-CU-FR-CJC
    MOTHER NATURE TRUST,
12                                         Assigned:  Judge Walter Schwarm
                  Plaintiff,                          Dept.: C19
13
              vs.
14                                         **[PROPOSED] ORDER ON MOTION OF**
15  UNITED LENDER, LLC, a Nevada limited   **PLAINTIFF ANH THY SONG NGUYEN,**
    liability company; SHAWN AHDOOT, an    **TRUSTEE OF MOTHER NATURE**
16  individual; ALBERT A. AHDOOT, an       **TRUST, TO QUASH OR MODIFY**
    individual; MEGAN E. ZUCARO, an        **DEPOSITION SUBPOENA OF**
    individual; HELPING OTHERS             **DEFENDANT UNITED LENDER, LLC,**
17  INTERNATIONAL, LLC, a Delaware         **FOR PRODUCTION OF BUSINESS**
    limited liability company; WESTERN     **RECORDS RE APEX ESCROW, INC.;**
18  FIDELITY ASSOCIATES, LLC, a California  **AND REQUEST FOR SANCTIONS**
    limited liability company, dba WESTERN
19  FIDELITY TRUSTEES; JOHN B. SPEAR,
    an individual; AMERICAN FINANCIAL
20  CENTER, INC., a California corporation; all   DATE:   November 24, 2020
    other persons unknown, claiming any legal or  TIME:   1:30 p.m.
21  equitable right, title, estate, lien, or interest in  DEPT.:  C19
    the property described in the complaint
22  adverse to Plaintiff's title, or any cloud upon  RESERVATION NUMBER: 73335194
    Plaintiff's title thereto; and DOES 1 through
23  100, inclusive,
                                           Complaint filed: January 15, 2020
                  Defendants.              Trial date:      Not set
24

25  AND RELATED CROSS-ACTION.

26

27          The motion of plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust

28                                                                                  1

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1    ("Plaintiff"), to quash or modify the deposition subpoena of defendant United Lender, LLC, for

2    production of business records to Apex Escrow Inc.; and request for sanctions came on for hearing

3    on November 24, 2020 at 1:30 p.m., in Department C19 of the above-entitled court, the Honorable

4    Walter Schwarm, judge presiding.  Plaintiff appeared by and through her attorney of record,

5    Andrew A. Smits.  Defendants United Lender, LLC, appeared by and through its attorneys of

6    record Lawrence C. Meyerson, Snipper Wainer & Markoff, by Maurice Wainer, and Meylan

7    Davitt Jain Arevian & Kim, LLP, by Anita Jain.  Shawn Ahdoot and Albert A. Ahdoot appeared

8    by and through their attorneys of record, Lawrence C. Meyerson, and Snipper Wainer & Markoff,

9    by Maurice Wainer.  There were no other appearances.

10        After consideration of all the papers submitted in support of and in opposition to the

11    motion, and having heard the argument of attorneys for the parties, and on proof to the satisfaction

12    of the Court that Plaintiff's motion is justified and ought to be granted, the Court finds, adjudges

13    and orders as follows:

14        IT IS ORDERED that Plaintiff's motion is granted, and the deposition subpoena for

15    production of business records dated June 22, 2020 and issued to Apex Escrow, Inc., is quashed.

16        IT IS FURTHER ORDERED that defendant United Lender, LLC, shall pay sanctions in

17    the amount of $1,985.00 to Plaintiff, and that Defendant shall deliver the sanctions payment to

18    Plaintiff's attorney of record within 10 calendar days of the date of entry of this Order.

19

20    Dated: _____

21    Walter Schwarm
      Judge of the Superior Court, County of Orange

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

ORDER ON MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST,
TO QUASH OR MODIFY DEPOSITION SUBPOENA OF DEFENDANT UNITED LENDER, LLC, FOR
PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.; AND REQUEST FOR SANCTIONS

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On July 10, 2020, I served the document described as follows: **[PROPOSED] ORDER ON MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, TO QUASH OR MODIFY DEPOSITION SUBPOENA OF DEFENDANT UNITED LENDER, LLC, FOR PRODUCTION OF BUSINESS RECORDS RE APEX ESCROW, INC.; AND REQUEST FOR SANCTIONS** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant, Cross-defendant, and Cross-complainant in *pro per* | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail:  leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial Center, Inc. |

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1769

PROOF OF SERVICE

1

| | |
|---|---|
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: (310) 550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: (310) 827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot |
| Vincent J. Davitt and Anita Jain<br>Meylan Davitt Jain Arevian & Kim LLP<br>444 S. Flower Street, Suite 1850<br>Los Angeles, CA 90071<br><br>Telephone:  (213) 225-6000<br>Email: vdavitt@mdjalaw.com<br>ajain@mdjalaw.com<br><br>Attorneys for defendant United Lender, LLC | Ascension Recovery, Inc.,<br>dba Restored Life Recovery<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant |

[   ] **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]  **(By E-mail/Electronic Service)** I caused the document to be sent to the persons at the electronic service addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ X ] **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above, by placing the true copies in separate envelopes for each addressee listed below with the name and address of the person served shown on the envelope and by sealing the envelope and placing it for collection and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

| | |
|---|---|
| Larry Perez<br>Ace Attorney Service, Inc.<br>811 Wilshire Boulevard, Suite 900<br>Los Angeles, CA 90017<br><br>Deposition Officer | Custodian of Records<br>Apex Escrow, Inc.<br>15440 Beach Boulevard, Suite 131<br>Westminster, CA 90017<br><br>Witness |

Executed on July 10, 2020 at Irvine, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

KIMBERLY RICHARDSON

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1770
PROOF OF SERVICE

2

# EXHIBIT 156

1771



# SUPERIOR COURT OF CALIFORNIA

### COUNTY OF ORANGE

**Superior Court of California, County of Orange**

700 W. Civic Center Drive
Santa Ana,  CA  92702

**E-Filing Transaction #:** 2922478

### PAYMENT RECEIPT

**Receipt #:** 12577832

**Clerk ID:** j2aguilar          **Transaction No:** 12751453          **Transaction Date:** 07/13/2020          **Transaction Time:** 08:11:21 AM

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2020-01124778-CU-FR-CJC | 36 - Motion or other (not 1st) paper requiring a hearing | 1 | $60.00 | $60.00 | $60.00 | $0.00 |
| | | | | Sales Tax: | $0.00 | |
| | | | | **Total:** | **$60.00** | Total Rem. Bal: |

E-Filing :  - AmericanLegalNet

E-Filing:          $60.00

Total Amount Tendered:          $60.00

Change Due:          **$0.00**

Balance:          **$0.00**

A $45 fee may be charged for each returned check, electronic funds transfer or credit card payment.

## COPY

1772

# EXHIBIT 157

1773

Megan Zucaro
4501 W. Channel Island Blvd. #94
Oxnard, CA 90305
Telephone: (424) 288-1364
Email: m@megazee.com

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE—CENTRAL JUSTICE CENTER

| | |
|---|---|
| ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUS, <br><br> Plaintiff, <br> v. <br><br> UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC. a California corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. <br><br> AND ALL RELATED CROSS-CLAIMS. | CASE NO.: 30-2020-01124778-CU-FR-CJC <br><br> CASE ASSIGNED FOR ALL PURPOSES TO THE HON. WALTER SCHWARM, DEPT. C19 <br><br> **DEFENDANT MEGAN E. ZUCARO'S OPPOSITION TO DEFENDANT UNITED LENDER, LLC'S MOTION TO APPOINT RECEIVER** <br><br> *[Filed Concurrently with: Defendant Megan E. Zucaro's Declaration In Support Of The Opposition To Defendant United Lender, LLC's Motion To Appoint Receiver]* <br><br> Date:     July 28, 2020 <br> Time:     9:00 am <br> Dept.:     C19 |

Defendant / Cross-Complainant MEGAN E. ZUCARO hereby submits her Memorandum of Points and Authorities in opposition to Defendant UNITED LENDER, LLC's Motion to Appoint Receiver.

1

OPPOSITION TO MOTION TO APPOINT RECEIVER

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**:

Defendant/Cross-Complainant MEGAN E. ZUCARO ("Zucaro") opposes the Motion to Appoint Receiver filed by Defendant UNITED LENDER, LLC.  Her Opposition is based on the following grounds:

1.    Defendant Zucaro filed for Chapter 11 bankruptcy, which puts an automatic stay which provides a period of time in which all judgments, collection activities, foreclosures, and repossessions of property are suspended and may not be pursued by the creditors on any debt or claim that arose before the filing of the bankruptcy petition.

2.    UNITED LENDER, LLC has not shown that there is no other remedy, less severe in its results, which will adequately protect its rights in the property.

**II.    STATEMENT OF FACTS**:

This matter arises from a real estate transaction in which Defendant Zucaro purchased the property located at 6475 Marigayle Circle, Huntington Beach, CA 92648 (hereinafter "Subject Property") from Plaintiff Anh Thy Song Nguyen. The majority of the mortgage for the Subject Property was held by Defendant UNITED LENDER, LLC.

Through the various fraudulent actions undertaken by Plaintiff and the Cross-Defendants which were described in Defendant Zucaro's proposed Cross-Complaint, Defendant Zucaro was unable to make timely payments on the mortgage. While she initially recovered and satisfied her payments in July of 2019 she soon fell behind again despite diligent efforts to continue making payments.

As a result of the circumstances that Defendant Zucaro has found herself in, she was forced to file for Chapter 11 Bankruptcy on June 8, 2020. As a result, there is an automatic stay on all pending matters until the bankruptcy and reorganization of debts is settled.

**III.    LEGAL STANDARD**:

The power to appoint a receiver is a "drastic, harsh and dangerous one" and "ought never to be made except in cases of necessity upon a clear showing that [an] emergency exists." *Tcherepnin v. Franz*, 277 F. Supp. 472, 474 (N.D. Ill. 1966) (citing *Connolly v. Gishwiller*, 162

1    F.2d 428, 435 (7th Cir. 1947)); 12 Wright & Miller, Federal Practice and Procedure § 2983

2    (2007) (appointment of a receiver should be granted "only in cases of clear necessity to protect

3    plaintiff's interests in the property.")

4        A motion for the appointment of a receiver prior to a determination of the dispute on the

5    merits should be granted "only under the extremist of circumstances." *Kolb Coal Co. v. Sauter*,

6    295 F. 690, 690 (7th Cir. 1924); *Tcherepnin*, 277 F. Supp. at 474 (N.D. Ill. 1966)

7        In the instant matter, Defendant UNITED LENDER, LLC's interest in the property can

8    be preserved via less extreme measures.  As such, there is no emergency or any extreme set of

9    circumstances to warrant such action. The Motion to Appoint a Receiver can and properly

10   should be DENIED.

11   **IV.    ARGUMENT**:

12       **A.    The Subject Property Cannot be Placed in Receivership Because it is no**

13   **Longer under the Jurisdiction of the State Courts.**

14       Under the Bankruptcy Code (Title 11 USC), a bankruptcy petition, once filed,

15   automatically stays any action involving the bankrupt debtor or its property. See 11 USC §362.

16   Barring entry of an order granting relief from the automatic stay, the filing of a bankruptcy

17   petition that involves property of the receivership estate automatically divests the state court of

18   jurisdiction in the receivership proceeding.

19       28 U.S.C. section 1334 states in relevant part that, "(a) Except as provided in subsection

20   (b) of this section, the district courts shall have original and *exclusive* jurisdiction of all cases

21   under title 11," and that the district court in which a case under chapter 11 is commenced "shall

22   have exclusive jurisdiction . . . of all the property, wherever located, of the debtor as of the

23   commencement of such case, and of property of the estate." (Italics added.) Indeed, it has been

24   further confirmed that "bankruptcy courts have exclusive jurisdiction over bankruptcy cases and

25   "all matters connected with the bankruptcy estate." See *In re Gruntz,* 202 F.3d 1074, 1081-82

26   (9th Cir. 2000).

27   / / / /

28   / / / /

Defendant Zucaro was forced to file for Chapter 11 bankruptcy on June 8, 2020 (See Exhibit "A" to Zucaro Declaration). As such, an automatic stay has been enacted and the Subject Property cannot be passed into the possession of a Receiver.

For this reason alone, this Motion to Appoint a Receiver must be DENIED, as the Subject Property is now a part of the bankruptcy estate and cannot be passed into the State Court's jurisdiction.

**B.    Defendant UNITED LENDER LLC has not Shown that the Appointment is Necessary under C.C.P. § 564(b)(2).**

A receiver may be appointed only as permitted by Code of Civil Procedure section 564. (*Barclay's Bank of California v. Superior Court* (1977) 69 Cal.App.3d 593, 597; *Stock and Bond Guarantee Co. v. Superior Court* (1930) 108 Cal. App. 360, 362.) Code of Civil Procedure section 564 states, in pertinent part:

> *(a) A receiver may be appointed, in the manner provided in this chapter, by the court in which an action or proceeding is pending in any case in which the court is empowered by law to appoint a receiver.*
>
> *(b) A receiver may be appointed by the court in which an action or proceeding is pending, or by a judge thereof, in the following cases:*
>
> *(2) In an action by a secured lender for the foreclosure of a deed of trust or mortgage and sale of property upon which there is a lien under a deed of trust or mortgage, where it appears that the property is in danger of being lost, removed, or materially injured, or that the condition of the deed of trust or mortgage has not been performed, and that the property is probably insufficient to discharge the deed of trust or mortgage debt.*

It is well-established that the appointment of a receiver largely rests in the sound discretion of the court. However, the Court in *Alhambra-Shumway Mines, Inc. v. Alhambra Gold Mine, Inc.* (1953) 116 Cal.App.2d 869, 873 ruled such power is not entirely uncontrolled and must be exercised with due regard to the facts presented in each particular case.

The *Alhambra* court stated, "Because the remedy of receivership is so drastic in character, 'Ordinarily, if there is any other remedy, less severe in its results, which will

4

OPPOSITION TO MOTION TO APPOINT RECEIVER

1    adequately protect the rights of the parties, a court should not take property out of the hands of

2    its owners" (116 Cal.App.2d at p. 873, collecting cases). The Court in *Jackson v. Jackson*

3    (1967) 253 Cal.App.2d 1026, 1040 held, "Generally, because of its drastic nature, receivership

4    should not be resorted to unless other remedies are inadequate."

5         Clearly, receiverships are an extraordinary remedy that must only be used in

6    extraordinary circumstances. In this matter, the Defendant UNITED LENDERS has not shown

7    that such as action is necessary under subsection (b)(2) of the statute. The current value of the

8    home is listed at $2,640,561 (See Exhibit "B" to the Zucaro Declaration).

9         Therefore, these facts being as they are, the final element of section (b)(2) that the

10   property value is insufficient to discharge the debt has not been met. Defendant claims that the

11   property is being depreciated in value due to the use of the property as a sober living facility,

12   however, has provided no proof of such activities. The photographs cited by Shawn Adhoot

13   were not attached to his declaration as claimed.

14       **C.    Defendant UNITED LENDER LLC has not Shown that the Appointment is**

15   **Necessary under C.C.P. § 564(b)(11).**

16       While CCP 564 (b)(11) does provide for the appointment of a receiver for an

17   Assignment of Rents Provision of a Deed of Trust, there is no need for such a receiver in this

18   matter. By the Defendant's own motion, they claim that the tenants of the property are patients

19   of an illegally operated sober living facility, and as such, would be forced to vacate the home

20   and no rent would be collected.

21       It is clear that an Injunction order forcing the removal of all tenants of the home would

22   be sufficient to protect the rights of Defendant UNITED LENDER, and as such, a receiver is

23   unnecessary as "a receiver should not be appointed where the desired result can be obtained by

24   less stringent means calculated to protect the rights of all parties." See *Dabney Oil Co. v.*

25   *Providence Oil Co.*, 22 Cal. App. 233, 239 (Cal. Ct. App. 1913).

26   ////

27   ////

28   ////

---

5

OPPOSITION TO MOTION TO APPOINT RECEIVER

**D.    Defendant UNITED LENDER LLC has not Shown that the Appointment is Necessary under C.C.P. § 564(b)(12).**

While Defendant UNITED LENDER claims under section (b)(12) of the code that it is entitled to the appointment of a receiver, this is not what case law indicates. Indeed, the case law cited by the Defendant states that "We therefore hold it to be the law of California that although a trust deed's recital that upon default the beneficiary shall be entitled to the appointment of a receiver is not binding upon the courts, such a recital nevertheless has some evidentiary weight." See *Barclays Bank of California v. Superior Court*, 69 Cal.App.3d 593, 602 (Cal. Ct. App. 1977).

Further, the Court in *Turner v. Superior Court*, 72 Cal.App.3d 804, 811 (Cal. Ct. App. 1977) determined, "[A]lthough couched in terms of specific performance of a contractual provision, jurisdiction of the court to appoint a receiver under such circumstances is not derived from an agreement between the parties but rather from the omnibus statutory provision contained in subdivision 7 of section 564."

As such, Defendant UNITED LENDER must show why such a receivership is necessary. The Defendant has failed to do so. The current value of the home will cover the costs needed to cover the debt of UNITED LENDER's Deed of Trust, and no rents should be collected if, as UNITED LENDER admits in its own Motion, the current tenants are not legal tenants that should be evicted.

**V.    CONCLUSION**:

For all the above, Defendant MEGAN E. ZUCARO respectfully requests that this Court DENY the Defendant UNITED LENDER, LLC's Motion to Appoint Receiver.

DATED: July 14, 2020                    Respectfully Submitted,

By: _____

Megan E. Zucaro, Defendant/Cross-Complainant,
In Pro Per

Megan Zucaro
4501 W. Channel Island Blvd. #94
Oxnard, CA 90305
Telephone: (424) 288-1364
Email: m@megazee.com

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE—CENTRAL JUSTICE CENTER

| | |
|---|---|
| ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUS,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC. a California corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants.<br><br>AND ALL RELATED CROSS-CLAIMS. | CASE NO.: 30-2020-01124778-CU-FR-CJC<br><br>CASE ASSIGNED FOR ALL PURPOSES TO THE HON. WALTER SCHWARM, DEPT. C19<br><br>**DEFENDANT MEGAN E. ZUCARO'S DECLARATION IN SUPPORT OF THE OPPOSITION TO DEFENDANT UNITED LENDER, LLC'S MOTION TO APPOINT RECEIVER**<br><br>*[Filed Concurrently with: Defendant Megan E. Zucaro's Opposition To Defendant United Lender, LLC's Motion To Appoint Receiver]*<br><br>Date:     July 28, 2020<br>Time:    9:00 A.M.<br>Dept.:    C19 |

1

DECLARATION OF MEGAN ZUCARO IN OPPOSITION TO MOTION TO APPOINT RECEIVER

## <u>DECLARATION OF MEGAN E. ZUCARO</u>

I, Megan E. Zucaro do declare as follows:

1.    I am the Defendant here and I am self represented in this matter.

2.    I have personal firsthand knowledge of the facts set forth herein and if called as a witness I could and would testify competently to the truth of the facts set forth in this declaration.

3.    I purchased the property located at 6475 Marigayle Circle, Huntington Beach, CA 92648 from the Plaintiff as a business venture as it was operating as a successful sober living facility.

4.    However, soon after the purchase, the Plaintiff, and the various cross-defendants began taking actions that severely affected the efficacy of the business. These actions are fully described in my Cross-Complaint, but included, but are not limited to: intercepting insurance checks, forwarding mail to their own possession, refusing to transfer the company bank account, and cancelling the company licensing.

5.    As a result of these actions, I had trouble making timely mortgage payments on the property. While I did recover from the initial default in July 2019, I quickly fell behind again and the property went into foreclosure.

6.    I have attempted several ways to receive additional funding to cover the payments, but have been unsuccessful. As a result, I was forced to file for Chapter 11 bankruptcy on June 8, 2020 (See Exhibit "A" to this Declaration).

7.    I do not believe that a receiver in this matter is necessary, nor would it be required. Indeed, such an expense would be a waste of resources as any remaining tenants at the property will need to be evicted and as such no rents would be recoverable. Further, the home has a current value of $2,640,561 (See Exhibit "B" to this Declaration), which would cover the amount sought by Defendant United in the event of a sale.

////

////

////

DECLARATION OF MEGAN ZUCARO IN OPPOSITION TO MOTION TO APPOINT RECEIVER

8.    For these reasons, and the reasons outlined in the Memorandum of Points and Authorities for the Opposition to the Motion to Appoint a Receiver, I respectfully request that the Court DENY Defendant United Lender, LLC's Motion.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on July 14, 2020, at Oxnard, California.

Dated: July 14, 2020

_megan zucaro_

_____

Megan E. Zucaro, Declarant

---

3

DECLARATION OF MEGAN ZUCARO IN OPPOSITION TO MOTION TO APPOINT RECEIVER

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of San Bernardino, State of California. I am over the age of 18 and am not a party to the within action. My business address is 11022 Lancelet Avenue, Apple Valley, CA 92308.

On July 14, 2020, I served the within document(s) described as:

**DEFENDANT MEGAN E. ZUCARO'S OPPOSITION TO DEFENDANT UNITED LENDER, LLC'S MOTION TO APPOINT RECEIVER; DEFENDANT MEGAN E. ZUCARO'S DECLARATION IN SUPPORT OF THE OPPOSITION TO DEFENDANT UNITED LENDER, LLC'S MOTION TO APPOINT RECEIVER,**

on the interested parties in this action by placing ☐ the original, ☒ a true copy thereof, in sealed envelopes to be delivered, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY PERSONAL SERVICE:** I caused said envelope(s), to be hand- delivered by _____ on _____ 2020, addressed as listed above.

☒ **BY MAIL:** I caused said envelope(s), with postage fully prepaid, to be placed in the U.S. Mail at Apple Valley, California on the below date. I am readily familiar with the firm's practice for collection and processing of mail. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing set forth in this affidavit, addressed as listed above.

☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on the above date, at Apple Valley, California.

_____
EMILY WILSON

1
PROOF OF SERVICE

1

SERVICE LIST:

2

| | |
|---|---|
| Andrew A. Smits<br>LAW OFFICE OF ANDREW A. SMITS<br>36 Executive Park, Suite 160<br>Irvine, CA 92614-4794<br>Telephone: (949) 833-1025<br>Email: asmits@smits-law.com<br>Attorney for Plaintiffs Anh Thy Song Nguyen, Trustee of Mother Nature Trust | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br>Email: wftrustees@cs.com<br>Defendant |
| Robert Schachter<br>HITCHCOCK, BOWMAN & SCHACHTER<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br>Telephone: (31 0) 540-2202<br>E-mail: rs@rschachterlaw.com<br>Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees | Lori E. Eropkin<br>LEVINSON ARSHONSKY & KURTZ, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br>Telephone: (818) 382-3434<br>E-mail: leropkin@laklawyers.com<br>Attorneys for Defendant American Financial Center, Inc. |
| Maurice Wainer<br>SNIPPER WAINER & MARKOFF<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br>Telephone: (31 0) 550-5770<br>Email: mrwainer@swmfirm.com<br>Attorneys for Defendant and Cross-Complainant<br>United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A PROFESSIONAL LAW CORPORATION<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br>Telephone: (310) 827-3344<br>Email: lcm@lcmplc.com<br>Attorney for Defendant and Cross-Complainant<br>United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br>Email: m@megazee.com<br>Defendant and Cross-defendant | Vincent J. Davitt, Esq.<br>Anita Jain, Esq.<br>MEYLAN DAVITT JAIN AREVIAN & KIM LLP<br>444 South Flower Street, Suite 1850<br>Los Angeles, California 90071<br>Telephone: (213) 225-6000<br>Email: vdavitt@mdjalaw.com<br>Email: ajain@mdjalaw.com<br>Co-Counsel for United Lender, LLC |

2

PROOF OF SERVICE

# EXHIBIT 158

1785

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS:  700  W. Civic Center DRIVE<br>MAILING ADDRESS:  700 W. Civic Center Drive<br>CITY AND ZIP CODE:  Santa Ana, CA  92701<br>BRANCH NAME:    Central Justice Center | |
| SHORT TITLE: Nguyen vs. United Lender, LLC | |

| | CASE NUMBER: |
|---|---|
| **NOTICE OF REJECTION OF ELECTRONIC FILING** | 30-2020-01124778-CU-FR-CJC |

The electronic filing described by the summary data below was reviewed and rejected by the Superior Court of California, County of Orange

## E-Filing Summary Data

Electronically Submitted By: Megan Zucaro

On Behalf of:

| | |
|---|---|
| Transaction Number: | 3913129 |
| Court received Date: | 06/11/2020 |
| Court received Time: | 03:29:00 PM |
| Amount not to Exceed: | |

## Documents Electronically Filed

Summons

This electronic filing was rejected based on the following reason(s):

**Reject Reason 1:**  Other
Clerk's comments to submitter:
No cross complaint on file. Missing attorney information at bottom.

## E-Filing Service Provider Information

| | |
|---|---|
| Name: | OneLegal |
| Email: | support@onelegal.com |
| Contact Person: | Customer Support |
| Phone: | 8009388815 |

# EXHIBIT 159

1787

Lori E. Eropkin, Esq. [SBN 253048]
**LEVINSON ARSHONSKY & KURTZ, LLP**
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA 91403
Telephone:  (818) 382-3434
Facsimile:  (818) 382-3433
E-Mail:     leropkin@laklawyers.com
Attorneys for Defendant American Financial Center, Inc.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, | CASE NO. 30-2020-01124778-CU-FR-CJC |
| Plaintiff, | Hon. Walter Schwarm, Judge Assigned for All Purposes, Department C19 |
| vs. | **DEFENDANT AMERICAN FINANCIAL CENTER, INC.'S RESPONSE TO MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTION NATURE TRUST, TO QUASH OR MODIFY SUBPOENA OF DEFENDANT UNITED LENDER, LLC, FOR PRODUCTION OF RECORDS RE APEX ESCROW, INC.** |
| UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; and DOES 1 through 100, inclusive, | |
| Defendants. | DATE: November 24, 2020<br>TIME: 1:30 p.m.<br>DEPT: C19<br><br>RES. NO.: 73335194<br><br>Action filed: 01/15/2020<br>Trial date:    08/27/2021 |

TO THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES IN THE ABOVE-ENTITLED

ACTION, AND THEIR ATTORNEYS OF RECORD:

Defendant American Financial Center, Inc. ("AFCI") hereby responds to Plaintiff Nguyen's

Motion to Quash or Modify Subpoena of Defendant United Lender, LLC ("Motion"). Plaintiff uses

this Motion to recklessly smear AFCI with allegations of criminal conduct and fraud. Plaintiff has

stated no cause of action in this matter against AFCI. AFCI should be dismissed from this action,

with prejudice. AFCI reserves all rights under Code of Civil Procedure section 128.7.

2968-0021020320

LEVINSON ARSHONSKY & KURTZ, LLP

**A.    The subpoena pursues fundamental questions about the challenged real estate sale that deserve a response.**

This is an action for wrongful foreclosure and cancellation of instruments. It concerns the real property commonly known as 6475 Marigayle Circle, Huntington Beach, California (the "Subject Property").  Plaintiff seeks to set aside its May 2019 sale of the Subject Property to Helping Others International, LLC ("Helping Others"). In that sale, Plaintiff received a portion of the sale price by purchase money loan extended by United Lender, LLC ("United Lender") and secured by a first deed of trust against the Subject Property, and then by carryback loan, secured by a second deed of trust issued in favor of Plaintiff against the Subject Property at the closing of the sale. Months after the May 2019 sale transaction, AFCI received a third deed of trust against the Subject Property. AFCI's third deed of trust concerned a $75,000 business loan, and it was recorded in subordinate and junior position to Plaintiff's second deed of trust.  After the closing, Helping Others allegedly defaulted on its payment obligations to many creditors, including United Lender and Plaintiff. United Lender commenced foreclosure proceedings. In response, with this action, Plaintiff sought to enjoin the foreclosure sale and obtained a preliminary injunction. Plaintiff, herself, a licensed California Real Estate Broker, alleges that she was duped into selling the Subject Property to Helping Others and seeks both equitable and legal remedies against every entity touching the Subject Property at or after the May 2019 sale transaction. Despite AFCI's lack of involvement in the challenged sale transaction, AFCI remains hostage to this litigation under Plaintiff's demand for no less than $3,000,000 in punitive damages on account of AFCI's junior, subordinate, deed of trust securing a $75,000 business loan. (Plaintiff's First Amended Complaint ("FAC"), at ¶¶ 6, 9, 56-73; Notice and Plaintiff's Statement of Right to Seek Punitive Damages against Defendant American Financial Center, Inc., filed January 21, 2020; Declaration of Mark Crittenden in Support of Defendant American Financial, Center, Inc.'s Motion for Monetary Sanctions Pursuant to C.C.P. Section 128.7, docketed on June 11, 2020, at ¶¶ 1-10.)

The challenged subpoena seeks the escrow file in the May 2019 sale transaction. It is logical and appropriate for the escrow file to be produced. The escrow file is a neutral third-party's record of

LEVINSON ARSHONSKY & KURTZ, LLP

2968-0021020320

2

1789

1  the challenged sale transaction. Its contents should evidence central facts like the terms of the sale

2  and the consideration paid to, or for the benefit of, Plaintiff.

3      Plaintiff objects to the subpoena on two grounds—(1) that the escrow file may contain

4  attorney-client communications and (2) that the escrow file may contain the driver's license or social

5  security numbers of the Plaintiff trustee or unidentified confidential trust information about the trust.

6  [Plaintiff's Separate Statement in support of Motion to Quash Subpoena, at page 2, line 15 through

7  22; page 3, line 26 to page 4, line 2.]

8      While the party issuing the subpoena, Defendant United Lender, LLC, undoubtedly would

9  like to be heard on the objections, AFCI offers that the objections should not entirely stop production

10  of the escrow file. First, confidentiality is threshold requirement for the application of California's

11  lawyer-client privilege. Cal. Evid. Code § 954. If Plaintiff's attorney-client communications were

12  disclosed to an escrow company, they were not confidential. If not confidential, the communications

13  are not privileged. Second, Plaintiff's driver's license or social security numbers or other personal

14  financial identifiers can be redacted, and/or the parties could enter a stipulated protective order to

15  govern confidentiality of records produced.

16  **B.    Plaintiff and its counsel misconstrue facts to demean AFCI in this Motion; their**

17      **conduct should no longer go unchecked.**

18      Further, Plaintiff does not justify obstruction of this fundamental discovery with its

19  disparaging misrepresentations regarding AFCI in the Motion.  AFCI hereby responds in part.

20      **1.  No one duped Plaintiff, a licensed California Real Estate Broker, into**

21          **selling the Subject Property on the terms agreed.**

22      Plaintiff contends that AFCI participated in a fraudulent scheme to deprive Plaintiff of equity

23  in the property. No one duped Plaintiff, a licensed California Real Estate Broker (license #

24  01931409) into agreeing to sell the Subject Property. Plaintiff alleges participating in negotiations

25  with Defendant Megan Zucaro over the sale terms. Plaintiff's complaint sets forth her receipt of

26  consideration in the sale. That consideration apparently included an agreed portion of United Lender,

27  LLC's $1.9 million purchase money loan *plus* Plaintiff's second deed of trust securing Helping

28  Others' nearly $1.2 million carryback loan obligation to Plaintiff. (FAC at ¶¶ 6, 9, 17, 56-73.)

LEVINSON ARSHONSKY & KURTZ, LLP

3

AMERICAN FINANCIAL CENTER, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH OR MODIFY
SUBPOENA

LEVINSON ARSHONSKY & KURTZ, LLP

1    When Helping Others defaulted, instead of just pursuing her remedies against Helping Others

2    and/or the Subject Property, Plaintiff tries to hold other lienholders, including United Lender and

3    AFCI, responsible for the payment defaults of Helping Others. Against the lienholders, Plaintiff

4    concocts a five-property "equity theft scheme" allegedly involving Defendants Zucaro, Helping

5    Others, and United Lender. [Plaintiff's Motion to Quash, at page 1, line 21 through page 2, line 21.]

6    Plaintiff loosely ropes in AFCI by alleging that Defendant Zucaro had terrible credit, AFCI

7    had no possible legitimate reason to lend[1] $75,000 to a business run by Defendant Zucaro, and

8    therefore, AFCI must be party to a five-property equity theft scheme.  [Plaintiff's Motion to Quash,

9    at page 2, lines 10-21.]  AFCI's credit decision regarding its borrower no more implicates AFCI than

10   it would Plaintiff.  Plaintiff, herself, elected to extend credit to a Defendant Zucaro company

11   (Helping Others) to the tune of nearly $1.2 million in the carryback loan that was part of the May

12   2019 sale. (AFCI's $75,000 business loan pales in comparison.) (FAC at ¶¶ 6, 9, 17, 56-73.)

13   Moreover, in connection with the same $75,000 business loan, AFCI perfected another junior

14   lien as to just one other parcel of real property, then also owned by Helping Others. That real estate

15   is located in Agua Dulce. (Request for Judicial Notice in Support of AFCI's Demurrer, docketed in

16   this action on June 2, 2020, at Exh. "A" (copy of AFCI's deed of trust against the Agua Dulce

17   property).) Plaintiff has asserted no ownership interest in, or other lien or encumbrance against, that

18   real estate. (FAC at ¶ 24.)

19        **2.    Plaintiff's broad-brush labeling of AFCI as subject to criminal**

20             **investigation or complaint is unfounded and reckless.**

21   In the Motion, Plaintiff also contends that "law enforcement is catching up with defendants. "

22   [Plaintiff's Motion to Quash, at page 1, line 22.] Plaintiff cites the recent arrest of Defendant Zucaro

23   and her apparent guilty plea to a charge of diversion of construction funds in Ventura County.

24   Plaintiff asserts no interest in the property at issue in the Ventura County matter. Nor does she

25

26   [1]    In prior communications, Plaintiff, also without facts, challenged AFCI's $75,000 business
           loan as only "purported" as though AFCI never actually funded the loan. Plaintiff now seems

27         to acknowledge the funding of the loan but complains about AFCI's credit risk assessment in
           making the loan. Plaintiff was neither borrower nor guarantor under AFCI's business loan,

28         nor was Plaintiff even owner of the Subject Property at the time of AFCI's loan. Plaintiff's
           sale transaction closed months earlier.

1  explain how the arrest portends convictions of any parties other than the one individual (Zucaro)

2  who was actually charged and convicted. Instead, she drops the news and asks the Court to conclude

3  that surely all defendants, here, are headed to the slammer. Plaintiff's flippant and caustic

4  accusations cannot be left unchecked, and AFCI reserves all rights in response. As concerns

5  Plaintiff's claims against AFCI, the evidence of Zucaro's arrest is irrelevant, confuses the issues, and

6  should be inadmissible under California Evidence Code sections 350 and/or 403.[2]

7  **3.  This is a breach of contract case, not a scheme to defraud.**

8  Despite the dramatic window dressings, this case is about a breach of contract. Plaintiff's

9  alleged loss arose from Helping Others' payment defaults on its obligations to Plaintiff and the

10 senior deed of trust holder. Plaintiff's remedy in response was, and remains, to foreclose in

11 accordance with applicable law under her still-preserved deed of trust against the Subject Property.

12 No set of facts alleged in either the operative Complaint or this Motion demonstrates an

13 impingement of such rights by AFCI.

14 To recap, Plaintiff alleges that, in or about March 26, 2019, Plaintiff agreed to sell Subject

15 Property to Defendant Megan Zucaro. (FAC, ¶ 17.)   Zucaro, by and through Helping Others, would

16 close the sale based on financing from two sources: (i) an approximate $1.9 million purchase money

17 loan from Defendant, United Lender, LLC ("United Lender") and (ii) a nearly $1.2 million carry-

18 back loan extended by the Plaintiff.  (FAC, ¶ 17; Exhibit C to the FAC.)  At the close of the sale

19 transaction, United Lender allegedly held a first deed of trust against the Subject Property, and

20 Plaintiff held a second deed of trust. (FAC, ¶ 17.) Months later, in July 2019, AFCI obtained a third

21 deed of trust against the Subject Property to secure a $75,000 obligation.  (FAC, ¶¶ 15(i), 19.) This

22 put AFCI in third position on the property behind both United Lender and Plaintiff.

23 A few months later, Helping Others had allegedly committed payment defaults to both

24 Plaintiff and United Lender. United Lender initiated foreclosure proceedings. (FAC, ¶¶ 20-23.)

25 This action commenced. From the payment default and pending foreclosure, Plaintiff spirals the case

26

27 [2]     AFCI reserves all defenses and objections to Plaintiff's allegations in the First Amended

28       Complaint, and AFCI does not hereby concede the veracity of Plaintiff's allegations as
         concerning the challenged carryback loan transaction or any fraud in the commission of the
         foreclosure sale under United Lender's deed of trust.

LEVINSON ARSHONSKY & KURTZ, LLP

1  into a tornado of allegations against all defendants, lumping in AFCI, as the subordinated lienholder,

2  into an alleged scheme to defraud Plaintiff in the May 2019 sale transaction. However, again, there

3  is no allegation of AFCI's involvement in the sale transaction at all (nor could there be).[3]

4       With respect to AFCI, Plaintiff's only substantive allegation is that AFCI made a $75,000

5  loan, months after the sale transaction, secured by a third deed of trust against the Subject Property.

6  It is an undisputed fact that AFCI's deed of trust is in third position, and Plaintiff has the superior

7  lien priority and power to enforce her lien as to the Subject Property.

8       Plaintiff now apparently tries to link AFCI to a fraudulent scheme in the May 2019 sale

9  transaction by contending that no lender would have made a $75,000 loan where "Zucaro was not a

10  qualified borrower, having a history of defaulting on loans and filing multiple bankruptcy cases . . ."

11  [Motion to Quash, at page 2, lines 14 through 18.][4]  Plaintiff incredulously overlooks the fact that the

12  Plaintiff trust, itself, elected to extend Defendant Zucaro's Helping Others a carryback loan of

13  approximately $1.2 million. (FAC, ¶ 17.) Each creditor assessed its own credit risk. Neither

14  creditor's act of assessing that credit risk constituted a fraud against the other creditor.

15       **4.   AFCI is not impeding Plaintiff or its rights as to the Subject Property**

16            **by maintaining its third deed of trust.**

17       In the motion to quash, Plaintiff and its counsel also improperly state that AFCI is now

18  impeding Plaintiff's rights as to the Subject Property. [Motion to Quash, at page 2, lines 18 through

19  20.] Again, AFCI took a third deed of trust subordinate and subject to Plaintiff's own second deed of

20  trust. Plaintiff has the superior lien priority and power to enforce her lien.  If Helping Others or

21  Megan Zucaro failed to pay Plaintiff the carryback loan, Plaintiff's proper remedy as against AFCI

22  would have been to foreclose under Plaintiff's second deed of trust and extinguish AFCI's third deed

23  of trust by operation of law.

24

25

_____

26  [3]     Plaintiff has identified no involvement of AFCI with either the Subject Property, the sale, the broker, the Plaintiff, or the lender, United Lender, at or even near the time of the sale transaction.

27  [4]     AFCI reserves all arguments in response, including that it was Zucaro's business, with

28  apparent revenue, that was AFCI's borrower, not Zucaro, the individual. Zucaro, individually, only provided a guarantee in support of the commercial loan from AFCI.

LEVINSON ARSHONSKY & KURTZ, LLP

1    Not taking advantage of its own foreclosure remedies, Plaintiff, instead, summarily alleges

2    that AFCI's third trust deed was "procured by fraud" and, therefore, is subject to cancellation. (FAC,

3    at ¶ 58.)  Plaintiff incredulously also seeks no less than $3,000,000 in punitive damages against

4    AFCI for fraud and unfair business practices. (See Notice and Plaintiff's Statement of Right to Seek

5    Punitive Damages against Defendant American Financial Center, Inc., filed January 21, 2020, in this

6    action.)

7    In reality, Plaintiff, herself, has impeded her own potential relief against the Subject Property

8    without any clear reasoning. As mentioned, Plaintiff could have initiated her own foreclosure

9    proceedings under the second deed of trust. Plaintiff apparently did not. Plaintiff, also, could have

10   pursued or supported the appointment of a receiver over the Subject Property in this litigation.

11   However, Plaintiff opposed United Lender's early application for a receiver, without apparent

12   justification. It makes little sense why Plaintiff would tout Defendant Zucaro as a criminal, and yet

13   not wholeheartedly support the appointment of a third-party receiver to take away from Zucaro the

14   control of the Subject Property and its rental income (if any).

**C.     Provided that there is compliance with any applicable automatic stay,**

**fundamental third-party discovery, like this subpoena, should proceed.**

17   The case is perplexing. It purports to concern fraud in a sale and carryback loan transaction.

18   AFCI is named in connection therewith under threat of a $3,000,000 punitive damages award. Yet,

19   there is no allegation of any representation that AFCI made to Plaintiff to induce it to accept the

20   challenged carryback loan transaction. Plaintiff, a licensed California Real Estate Broker alleges her

21   own negotiation of the terms of the sale. AFCI is not alleged to have had any involvement at all in

22   the transaction. Instead, AFCI is alleged to have made a loan, months after the carryback loan

23   transaction, which happened to involve Helping Others' pledging the subject property as collateral.

24   (FAC, at ¶¶ 9, 19.)  Indisputably, AFCI took its deed of trust in third position—subordinate to the

25   carryback deed of trust that benefitted Plaintiff.  (FAC, at ¶ 9.)

26   Even after taking its third deed of trust, AFCI is not alleged to have foreclosed against

27   Plaintiff's collateral, to have induced Plaintiff to subordinate her lien to AFCI, or to have impeded

28   Plaintiff's exercise of rights under Plaintiff's higher priority second deed of trust.

LEVINSON ARSHONSKY & KURTZ, LLP

2968-0021020320

1        Nevertheless, in the present Motion, Plaintiff's allegations against AFCI turn even more

2    extreme, again without evidence in support.  AFCI asks that the Court weigh Plaintiff's cherry-

3    picked factual allegations carefully.  Provided that there is compliance with any applicable stay,

4    fundamental third-party discovery, like the United Lender subpoena, should not be delayed.

5    Dated:  July 14, 2020    LEVINSON ARSHONSKY & KURTZ, LLP

6

7    By: _____

8         LORI E. EROPKIN
     Attorneys for Defendant American Financial Center,
9    Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEVINSON ARSHONSKY & KURTZ, LLP

8

AMERICAN FINANCIAL CENTER, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH OR MODIFY
SUBPOENA

**LEVINSON ARSHONSKY & KURTZ, LLP**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE
1013a(3) CCP

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 15303 Ventura Boulevard, Suite 1650, Sherman Oaks, California 91403.

On the date below, I served the foregoing document(s), described as

**DEFENDANT AMERICAN FINANCIAL CENTER, INC.'S RESPONSE TO MOTION OF PLAINTIFF ANH THY SONG NGUYEN, TRUSTEE OF MOTION NATURE TRUST, TO QUASH OR MODIFY SUBPOENA OF DEFENDANT UNITED LENDER, LLC, FOR PRODUCTION OF RECORDS RE APEX ESCROW, INC.**

on each of the interested parties in this action by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows (or as addressed on the attached mailing list):

**SEE SERVICE LIST**

☐ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid.

☐ **(BY FACSIMILE)** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above (or on the attached service list). No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒ **(BY OVERNIGHT MAIL)** I enclosed the document in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) set forth above (or on the attached service list). I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery courier.

☒ **(BY E-MAIL)** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above (or on the attached service list). I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 14, 2020, at Sherman Oaks, California.

STACIA MCFADDEN _____        /s/ Stacia McFadden _____

                                                                                    *Signature*

2968-002/922250.docx

1796

**LEVINSON ARSHONSKY & KURTZ, LLP**

<u>**SERVICE LIST**</u>
1013a(3) CCP

| | |
|---|---|
| Andrew A. Smits<br>Law Offices of Andrew A. Smits<br>36 Executive Park, Suite 160<br>Irvine, CA 92614-4794<br>Telephone: (949) 833-1025<br>Email: asmits@smits-law.com | Attorney for Plaintiff ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST |
| Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Rd., Ste 399<br>Bonsall, Ca 92003<br>Telephone: (310) 827-3344<br>Email: Lcm@Lcmplc.Com<br><br>Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, Ca 90210-5302<br>Telephone: (310) 550-5770<br>Email: mrwainer@swmfirm.com | Attorneys for Defendants<br>UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual |
| Vincent J. Davitt<br>Anita Jain<br>MEYLAN DAVITT JAIN AREVIAN & KIM LLP<br>444 South Flower Street, Suite 1850<br>Los Angeles, California 90071<br>Telephone:  (213) 225-6000<br>Email: vdavitt@mdjalaw.com/ajain@mdjalaw.com | Attorneys for Defendant UNITED LENDER, LLC |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br>Telephone: (310) 540-2202<br>Email: rs@rschachterlaw.com | Attorneys for Defendant WESTERN FIDELITY ASSOCIATES, LLC DBA WESTERN FIDELITY TRUSTEES |
| Ascention Recovery, Inc.<br>dba Restored Life Recovery<br>c/o Megan Zucaro<br>4501 W. Channel Island Blvd. #94<br>Oxnard, CA 93935-3970 | |
| Helping Others International, LLC<br>c/o Megan Zucaro<br>4501 W. Channel Island Blvd. #94<br>Oxnard, CA 93935-3970 | |

| | |
|---|---|
| John B. Spear<br>4059 Palo Verde Street, Suite 205C<br>Montclair, CA  91763<br>Email: johnspear@gmail.com | Defendant and Cross-defendant |
| Megan Zucaro<br>4501 W. Channel Island Blvd. #94<br>Oxnard, CA 93935-3970<br>Email: m@megazee.com | Defendant |
| | |
| Via Overnight Mail: | |
| Larry Perez<br>Ace Attorney Service, Inc.<br>811 Wilshire Boulevard, Suite 900<br>Los Angeles, CA  90017 | Custodian of Records<br>Apex Escrow, Inc.<br>15440 Beach Boulevard, Suite 131<br>Westminster, CA  90017 |
| Deposition Officer | Witness |

LEVINSON ARSHONSKY & KURTZ, LLP

PROOF OF SERVICE

# EXHIBIT 160

1799

Case 1:20-ap-01070-VK    Doc 1-5 Filed 07/17/20    Entered 07/17/20 12:25:43    Desc
Exhibit 224-147 P & POS    Page 212 of 429

30-2020-01124778-CU-FR-CJC - ROA # 115 - DAVID H. YAMASAKI, Clerk of the Court By e Clerk, Deputy Clerk.

Megan Zucaro
4501 W. Channel Island Blvd. #94
Oxnard, CA 90305
Telephone: (424) 288-1364
Email: m@megazee.com

Defendant, In Pro Per

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE—CENTRAL JUSTICE CENTER

| | |
|---|---|
| ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUS,<br><br>            Plaintiff,<br><br>      v.<br><br>UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC. a California corporation; and DOES 1 through 100, inclusive,<br><br>            Defendants. | CASE NO.: 30-2020-01124778-CU-FR-CJC<br><br>CASE ASSIGNED FOR ALL PURPOSES TO THE HON. WALTER SCHWARM, DEPT. C19<br><br>**DEFENDANT MEGAN E. ZUCARO'S NOTICE OF ERRATA REGARDING HER OPPOSITION TO DEFENDANT UNITED LENDER, LLC'S MOTION TO APPOINT RECEIVER**<br><br><br>Date:        July 28, 2020<br>Time:        9:00 am<br>Dept.:        C19 |
| AND ALL RELATED CROSS-CLAIMS. | |

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

1

NOTICE OF ERRATA

PLEASE TAKE NOTICE that Defendant Megan E. Zucaro hereby respectfully submits this Notice of Errata for her Opposition to the Defendant United Lenders Motion to Appoint Receiver, filed on July 14, 2020.

Due to an oversight, the Exhibits to Defendant Zucaro's Declaration in support of her opposition were omitted from the Opposition to Motion to appoint a receiver. The Exhibits are attached hereto as Attachment "A" and incorporated herein by reference.

DATED:  July 14, 2020              Respectfully Submitted,

By: _____
                Megan Zucaro, Defendant/Cross-
                Complainant, In Pro Per

2
NOTICE OF ERRATA

1801

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of San Bernardino, State of California.  I am over the age of 18 and am not a party to the within action.  My business address is 11022 Lancelet Avenue, Apple Valley, CA 92308.

On July 15, 2020**,** I served the within document(s) described as: **DEFENDANT MEGAN E. ZUCARO'S NOTICE OF ERRATA REGARDING HER OPPOSITION TO DEFENDANT UNITED LENDER, LLC'S MOTION TO APPOINT RECEIVER;**  on the interested parties in this action by placing ☐ the original, ☒ a true copy thereof, in sealed envelopes to be delivered, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐    **BY PERSONAL SERVICE:**  I caused said envelope(s), to be hand- delivered by _____ on _____ 2020, addressed as listed above.

☒    **BY MAIL:**   I caused said envelope(s), with postage fully prepaid, to be placed in the U.S. Mail at Apple Valley, California on the below date.  I am readily familiar with the firm's practice for collection and processing of mail.  It is deposited with the U.S. Postal Service on the same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing set forth in this affidavit, addressed as listed above.

☒    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on the above date, at Apple Valley, California.

_____
EMILY WILSON

# ATTACHMENT A

# Exhibit A
# Chapter 11 Bankruptcy

# U.S. Bankruptcy Court
## Central District of California

Thank you. Your transaction in the amount of **$1717.00** has been completed.

Please print a copy of your transaction receipt for future reference. The transaction number is **51224351**.

**Detail description:**
Voluntary Petition (Chapter 11)(9:20-bk-10714) [misc,volp11] (1717.00)

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

**Central District of California**

Case number (*if known*): _____

Chapter you are filing under:
- ☐ Chapter 7
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

04/20

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Identify Yourself

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name** Write the name that is on your government-issued picture identification (for example, your driver's license or passport). Bring your picture identification to your meeting with the trustee. | Megan _____ First name E _____ Middle name Zucaro _____ Last name _____ Suffix (Sr., Jr., II, III) | _____ First name _____ Middle name _____ Last name _____ Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years** Include your married or maiden names. | Megan E Johnson Megan E Polley | |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – 7 6 2 2 OR 9 xx – xx –___ ___ ___ ___ | xxx – xx –___ ___ ___ ___ OR 9 xx – xx –___ ___ ___ ___ |

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

About Debtor 1:

☐ I have not used any business names or EINs.

Helping Others International LLC
_____
Business name

Ascension Recovery
_____
Business name

██████████ _____
EIN

██████████ _____
EIN

About Debtor 2 (Spouse Only in a Joint Case):

☐ I have not used any business names or EINs.

_____
Business name

_____
Business name

_____
EIN

_____
EIN

**5. Where you live**

4501 W. Channel Island Blvd.
_____
Number    Street

#94
_____

Oxnard                    CA    93035
_____
City              State    ZIP Code

Ventura County
_____
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

██████████ _____
Number    Street

████ _____
P.O. Box

████████████ _____ ████ ████████
City              State    ZIP Code

**If Debtor 2 lives at a different address:**

_____
Number    Street

_____

_____
City              State    ZIP Code

_____
County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

_____
Number    Street

_____
P.O. Box

_____
City              State    ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
    (See 28 U.S.C. § 1408.)

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
    (See 28 U.S.C. § 1408.)

| Part 2: | Tell the Court About Your Bankruptcy Case |
|---|---|

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☑ Chapter 11

☐ Chapter 12

☐ Chapter 13

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☐ No

☑ Yes.   District **Central District of California**   When **11/14/2017**   Case number **1:17-13038**

District _____   When _____   Case number _____

District _____   When _____   Case number _____

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

☐ Yes.

Debtor _____   Relationship to you _____

District _____   When _____   Case number, if known _____

Debtor _____   Relationship to you _____

District _____   When _____   Case number, if known _____

**11. Do you rent your residence?**

☐ No.   Go to line 12.

☑ Yes.   Has your landlord obtained an eviction judgment against you?

☑ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

| Part 3: | Report About Any Businesses You Own as a Sole Proprietor |
|---|---|

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☐ No. Go to Part 4.

☑ Yes. Name and location of business

Helping Others International LLC
Name of business, if any

4110 Vanetta Place
Number        Street

Studio City                                         CA          91604
City                                               State       ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☑ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor* or a debtor as defined by 11 U. S. C. § 1182(1)?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor or a debtor choosing to proceed under Subchapter V so that it can set appropriate deadlines. If you indicate that you are a small business debtor or you are choosing to proceed under Subchapter V, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☐ No.  I am not filing under Chapter 11.

☑ No.  I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes. I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankrutpcy Code, and I choose to proceed under Subchatper V of Chapter 11.

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |
|---|---|

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No

☐ Yes.  What is the hazard?

If immediate attention is needed, why is it needed?

Where is the property?

**Part 5:** Explain Your Efforts to Receive a Briefing About Credit Counseling

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

1810

**Part 6:** Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☑ No. Go to line 16b.
☐ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☑ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

**17. Are you filing under Chapter 7?**

☑ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

**18. How many creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☑ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☑ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**Part 7:** Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| ✗ _____ | ✗ _____ |
|---|---|
| Signature of Debtor 1 | Signature of Debtor 2 |
| Executed on  05/28/2020 | Executed on _____ |
| MM / DD / YYYY | MM / DD / YYYY |

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

X _____     Date    06/05/2020
Signature of Attorney for Debtor                          MM  /  DD  / YYYY

Todd Cleary
_____
Printed name

Law Office of Todd J Cleary
_____
Firm name

10720 McCune Avenue
_____
Number    Street

_____

Los Angeles                          CA          90034
_____
City                                 State       ZIP Code

Contact phone  310-456-4972           Email address  cleary1@pacbell.net

144358                               CA
_____
Bar number                           State

| Debtor 1 | Megan E Zucaro | | Case number *(if known)*_____ |
|---|---|---|---|
| | First Name    Middle Name    Last Name | | |

### Continuation Sheet for Official Form 101

**12) Sole proprietor businesses**

| ASCENSION RECOVERY INC. | 6475 Marigayle Circle, Huntington Beach, CA 92648 | Health Care Business as defined in 11 USC  10127A |
|---|---|---|
| God's Grace International | 139 Beverly Drive, No 235, Beverly Hills, CA 90212 | None of the above |

Off c a  Form 101                    **Voluntary Petition for Individuals Filing for Bankruptcy**

# Exhibit B
# Zillow Estimate for Property



LIST FOR RENT    ♡ SAVE    ☒ SHARE    MORE ⌄                    ✕ CLOSE    Sign in

California · Huntington Beach · 92648 · 92648 · 6475 Marigayle Cir

6475 Marigayle C

Public View    Owner View

**Public View**    Owner View

1 of 12

**d Homes**
rt by: Newest ⌄

Street View                              ⬇ Street View

# 6475 Marigayle Cir Huntington Beach, CA 92648

**SOLD:**
**$3,150,000**
Sold on
05/01/19

**Zestimate®:**
**$2,640,561**

**Est. refi payment:**
$14,032/mo

💲 Get current ra

4 beds · 4.5 baths · 4,268 sqft



# Home Shoppers are Waiting



Ask an agent about market conditions in your neighborhood.

👤 Your name

📞 Phone

✉ Email

I own this home and would like to ask an agent about selling 6475 Marigayle Cir, Huntington Beach, CA 92648.

Contact Agent

Or call 714-709-2490 for more info



4 ba | 3,860 sqft



6 ba | 5,245 sqft

4.5 ba | 4,268 sqft

---

**Is this your rental?**

Get a monthly local market report with comparable rentals in your area.

◯ I own and manage this rental

◯ I manage this rental for the owner

Enter email

Subscribe

Claim this home as your residence

---

## Nearby Similar Sales

**SOLD: $2,930,000**
Sold on 06/02/20
4 bds, 5 ba, 4,228 sqft
6395 Fairwind Cir, Huntington Beach, CA 92648



1815

1

2

SERVICE LIST:

| Andrew A. Smits<br>LAW OFFICE OF ANDREW A. SMITS<br>36 Executive Park, Suite 160<br>Irvine, CA 92614-4794<br>Telephone: (949) 833-1025<br>Email: asmits@smits-law.com<br>Attorney for Plaintiffs Anh Thy Song<br>Nguyen, Trustee of Mother Nature Trust | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br>Email: wftrustees@cs.com<br>Defendant |
|---|---|
| Robert Schachter<br>HITCHCOCK, BOWMAN & SCHACHTER<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br>Telephone: (31 0) 540-2202<br>E-mail: rs@rschachterlaw.com<br>Attorneys for Defendant Western Fidelity<br>Associates, LLC, dba Western Fidelity<br>Trustees | Lori E. Eropkin<br>LEVINSON ARSHONSKY & KURTZ, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br>Telephone: (818) 382-3434<br>E-mail: leropkin@laklawyers.com<br>Attorneys for Defendant American Financial<br>Center, Inc. |
| Maurice Wainer<br>SNIPPER WAINER & MARKOFF<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br>Telephone: (31 0) 550-5770<br>Email: mrwainer@swmfirm.com<br>Attorneys for Defendant and Cross-<br>Complainant<br>United Lender, LLC, a Nevada<br>Limited Liability Company, and Defendants<br>Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A PROFESSIONAL LAW CORPORATION<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br>Telephone: (310) 827-3344<br>Email: lcm@lcmplc.com<br>Attorney for Defendant and Cross-<br>Complainant<br>United Lender, LLC, a Nevada<br>Limited Liability Company, and Defendants<br>Shawn Ahdoot and Albert A. Ahdoot |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br>Email: m@megazee.com<br>Defendant and Cross-defendant | Vincent J. Davitt, Esq.<br>Anita Jain, Esq.<br>MEYLAN DAVITT JAIN AREVIAN & KIM LLP<br>444 South Flower Street, Suite 1850<br>Los Angeles, California 90071<br>Telephone: (213) 225-6000<br>Email: vdavitt@mdjalaw.com<br>Email: ajain@mdjalaw.com<br>Co-Counsel for United Lender, LLC |

28

2
PROOF OF SERVICE

# EXHIBIT 161

1817

1   Andrew A. Smits (State Bar No. 146659)
    Law Offices of Andrew A. Smits
2   36 Executive Park, Suite 160
    Irvine, California 92614-4794
3   Telephone: (949) 833-1025
    Email:    asmits@smits-law.com
4
    Attorney for Plaintiff Anh Thy Song Nguyen,
5   Trustee of Mother Nature Trust, and Cross-defendant
    Anh Thy Song Nguyen, Trustee of Mother Nature Trust,
6   and an individual

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11  ANH THY SONG NGUYEN, TRUSTEE OF         Case No.: 30-2020-01124778-CU-FR-CJC
    MOTHER NATURE TRUST,
12                                          Assigned: Judge Walter Schwarm
                    Plaintiff,                        Dept.: C19
13
          vs.
14
    UNITED LENDER, LLC, a Nevada limited    **REPLY OF PLAINTIFF AND CROSS-**
15  liability company; SHAWN AHDOOT, an     **DEFENDANT ANH THY SONG NGUYEN,**
    individual; ALBERT A. AHDOOT, an        **TRUSTEE OF MOTHER NATURE**
16  individual; MEGAN E. ZUCARO, an         **TRUST, IN SUPPORT OF MOTION TO**
    individual; HELPING OTHERS              **STRIKE CROSS-COMPLAINT OF**
17  INTERNATIONAL, LLC, a Delaware          **UNITED LENDER, LLC**
    limited liability company; WESTERN      **(RELATED TO ROA #160)**
18  FIDELITY ASSOCIATES, LLC, a California
    limited liability company, dba WESTERN
19  FIDELITY TRUSTEES; JOHN B. SPEAR,
    an individual; AMERICAN FINANCIAL       Date:  July 21, 2020
20  CENTER, INC., a California corporation; all  Time:  9:00 a.m.
    other persons unknown, claiming any legal or  Dept.: C19
21  equitable right, title, estate, lien, or interest in
    the property described in the complaint
22  adverse to Plaintiff's title, or any cloud upon
    Plaintiff's title thereto; and DOES 1 through
23  100, inclusive,
                    Defendants.
24                                          Complaint filed: January 15, 2020
                                            Trial date:       August 27, 2021
25  AND RELATED CROSS-ACTIONS.

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

                                            1

REPLY OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER
NATURE TRUST, IN SUPPORT OF MOTION TO STRIKE CROSS-COMPLAINT OF UNITED LENDER, LLC

1

## TABLE OF CONTENTS

2                                                                                    **Page**

3

4   1.   THE CROSS-COMPLAINT IS NOT PROPERLY FILED WITH THIS

5        COURT ...................................................................................................................... 1

6   2.   CONCLUSION .......................................................................................................... 2

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

i

REPLY OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER
NATURE TRUST, IN SUPPORT OF MOTION TO STRIKE CROSS-COMPLAINT OF UNITED LENDER, LLC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page

**Statutes**

Code of Civil Procedure § 428.50 ................................................................................................. 1

Code of Civil Procedure § 428.5, subd. (a) .................................................................................. 1

Code of Civil Procedure § 428.5, subd. (c) .................................................................................. 2

Code of Civil Procedure § 436, subd. (b) ..................................................................................... 2

Code of Civil Procedure § 1281.2 ................................................................................................. 1

Code of Civil Procedure § 1281.7 ................................................................................................. 1


**Other Authorities**

Black's Law Dictionary
    (5th Ed. 1979) ....................................................................................................................... 1

Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial
    (The Rutter Group 2020) ¶ 6:551 ....................................................................................... 2

Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial
    (The Rutter Group 2020) ¶ 6:552 ....................................................................................... 2

Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial
    (The Rutter Group 2020) ¶ 6:555 ....................................................................................... 2

Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial
    (The Rutter Group 2020) ¶ 7:174 ....................................................................................... 2

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

ii

REPLY OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, IN SUPPORT OF MOTION TO STRIKE CROSS-COMPLAINT OF UNITED LENDER, LLC

1820

1    Plaintiff and cross-defendant Anh Thy Song Nguyen, Trustee of Mother Nature Trust, in

2    all named capacities ("Plaintiff"), submits this reply brief in support of her motion to strike the

3    cross-complaint of defendant and cross-complainant United Lender, LLC.

4    **1.    THE CROSS-COMPLAINT IS NOT PROPERLY FILED WITH THIS COURT**

5        To be clear, defendant United Lender, LLC ("United Lender") filed its response to

6    Plaintiff's First Amended Complaint ("FAC") on **February 20, 2020**. United Lender's response

7    to the FAC is a petition to compel arbitration. (See, Court's ROA #69.) United Lender (and its

8    alter egos, defendants Shawn Ahdoot and Albert A. Ahdoot) filed the petition to compel

9    arbitration pursuant to Code of Civil Procedure sections 1281.2 and 1281.7. Section 1281.7

10   provides in relevant part as follows:

11       "A petition pursuant to Section 1281.2 may be filed **in lieu of** an answer to a complaint

12       (emphasis added)."

13   Black's Law Dictionary defines "in lieu of" as follows: "Instead of; in place of; in substitution of."

14   (Black's Law Dictionary (5th Ed. 1979.) Based on the foregoing, the petition to compel

15   arbitration was filed "in place of" or "in substitution of" of an answer to the FAC.

16       The filing of a cross-complaint is governed by Code of Civil Procedure section 428.50

17   provides as follows:

18       "(a) A party shall file a cross-complaint against any of the parties who filed the complaint

19       or cross-complaint against him or her before or at the same time as the answer to the

20       complaint or cross-complaint."

21       (b) Any other cross-complaint may be filed at any time before the court has set a date for

22       trial.

23       (c) A party shall obtain leave of court to file any cross-complaint except one filed within

24       the time specified in subdivision (a) or (b).  Leave may be granted in the interest of justice

25       at any time during the course of the action."

26

27       Under Section 428.5, subdivision (a), United Lender's cross-complaint was due to be filed

28   "before or at the same time" as the answer to the FAC.  Since United Lender's petition to compel

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

1    arbitration was filed "in substitution of" its answer to the FAC on February 20, United Lender was

2    required to file its cross-complaint before or on February 20.  However, United Lender did not file

3    its cross-complaint by February 20.  Rather, United Lender belatedly filed its cross-complaint on

4    March 4, 2020 (see, Court's ROA #96) when it figured out it wanted to bring on March 4 an ex

5    parte application for appointment of a receiver, which of course required a pleading such as a

6    cross-complaint seeking such affirmative relief from this Court (and not an arbitrator pursuant to a

7    petition to compel arbitration, which United Lender implicitly acknowledges will not likely be

8    granted).

9        Because United Lender failed to timely file its cross-complaint by February 20, it is

10   required under Code of Civil Procedure section 428.5, subdivision (c), to obtain leave of court to

11   file it.  United Lender did not seek or obtain leave of court when it filed its cross-complaint on

12   March 4.  Consequently, the cross-complaint is not "filed in conformity with the laws of this

13   state." (Code Civ. Proc. § 436, subd. (b); (Weil & Brown, Cal. Practice Guide: Civil Procedure

14   Before Trial (The Rutter Group 2020) ¶¶ 6:551, 6:552, 6:555, 7:174.)

15   **2.    CONCLUSION**

16       United Lender filed its cross-complaint in disregard of the laws of this state.  What's more

17   and as discussed in Plaintiff's demurrer to the cross-complaint to be heard concurrently herewith,

18   the cross-complaint has numerous fatal defects, including but not limited to omitting all the

19   exhibits referenced therein and upon which it is based.  So, not only is the cross-complaint

20   improperly before this Court, it is incomplete and uncertain as a matter of law, and therefore it is

21   an invalid pleading.  Plaintiff respectfully requests the cross-complaint be stricken in its entirety.

22   Dated: July 14, 2020                          LAW OFFICES OF ANDREW A. SMITS

23

24

25                                                 By: _____
                                                       Andrew A. Smits
26                                                     Attorney for Plaintiff Anh Thy Song Nguyen,
                                                       Trustee of Mother Nature Trust, and Cross-
27                                                     defendant Anh Thy Song Nguyen, Trustee of
                                                       Mother Nature Trust, and an individual
28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On July 14, 2020, I served the document described as follows: **REPLY OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, IN SUPPORT OF MOTION TO STRIKE CROSS-COMPLAINT OF UNITED LENDER, LLC** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant, Cross-defendant, and Cross-complainant in *pro per* | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail: leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial Center, Inc. |
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: (310) 550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: (310) 827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

1823
PROOF OF SERVICE

| | |
|---|---|
| Vincent J. Davitt and Anita Jain<br>Meylan Davitt Jain Arevian & Kim LLP<br>444 S. Flower Street, Suite 1850<br>Los Angeles, CA 90071<br><br>Telephone:  (213) 225-6000<br>Email: vdavitt@mdjalaw.com<br>           ajain@mdjalaw.com<br><br>Attorneys for defendant United Lender, LLC | Ascension Recovery, Inc.,<br>dba Restored Life Recovery<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant |

1
2
3
4
5
6

7      [  ] **(By U.S. Mail)**  I am "readily familiar" with the firm's practice of collection and
8  processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal
   Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary
9  course of business.  I am aware that on motion of the party served, service is presumed invalid if
   postal cancellation date or postage meter date is more than one day after date of deposit for mailing
10 in affidavit.

      [ X ] **(By E-mail/Electronic Service)**  I caused the document to be sent to the persons at
11 the electronic service addresses listed above.  I did not receive, within a reasonable time after the
   transmission, any electronic message or other indication that the transmission was unsuccessful.
12

      [  ] **(By Personal Service)** I caused to be delivered by hand such envelope to the  addressee.
13 The messenger's proof of service will be prepared and available.

14      [  ] **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above,
   by placing the true copies in separate envelopes for each addressee, with the name and address of
15 the person served shown on the envelope and by sealing the envelope and placing it for collection
   and delivery with delivery fees paid or provided for in accordance with ordinary business practices.
16

17      Executed on July 14, 2020 at Irvine, California. I declare under penalty of perjury under the
   laws of the State of California that the above is true and correct.

18

19   KIMBERLY RICHARDSON

20
21
22
23
24
25
26
27
28

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

1824
PROOF OF SERVICE

# EXHIBIT 162

1825

1  Andrew A. Smits (State Bar No. 146659)
   Law Offices of Andrew A. Smits
2  36 Executive Park, Suite 160
   Irvine, California 92614-4794
3  Telephone:  (949) 833-1025
   Email:    asmits@smits-law.com
4
5  Attorney for Plaintiff Anh Thy Song Nguyen,
   Trustee of Mother Nature Trust, and Cross-defendant
   Anh Thy Song Nguyen, Trustee of Mother Nature Trust,
6  and an individual
7
8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9          **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**
10
11 ANH THY SONG NGUYEN, TRUSTEE OF      Case No.: 30-2020-01124778-CU-FR-CJC
   MOTHER NATURE TRUST,
12                                      Assigned:  Judge Walter Schwarm
                Plaintiff,                        Dept.: C19
13
              vs.
14
15 UNITED LENDER, LLC, a Nevada limited     **REQUEST FOR JUDICIAL NOTICE OF**
   liability company; SHAWN AHDOOT, an      **PLAINTIFF AND CROSS-DEFENDANT**
16 individual; ALBERT A. AHDOOT, an         **ANH THY SONG NGUYEN, TRUSTEE**
   individual; MEGAN E. ZUCARO, an          **OF MOTHER NATURE TRUST, IN**
17 individual; HELPING OTHERS               **SUPPORT OF DEMURRER TO CROSS-**
   INTERNATIONAL, LLC, a Delaware           **COMPLAINT OF DEFENDANT AND**
18 limited liability company; WESTERN       **CROSS-COMPLAINANT UNITED**
   FIDELITY ASSOCIATES, LLC, a California   **LENDER, LLC**
   limited liability company, dba WESTERN   **(RELATED TO ROA #165)**
19 FIDELITY TRUSTEES; JOHN B. SPEAR,
   an individual; AMERICAN FINANCIAL
20 CENTER, INC., a California corporation; all   Date:  July 21, 2020
   other persons unknown, claiming any legal or  Time:  9:00 a.m.
21 equitable right, title, estate, lien, or interest in  Dept.:  C19
   the property described in the complaint
22 adverse to Plaintiff's title, or any cloud upon
   Plaintiff's title thereto; and DOES 1 through
23 100, inclusive,
                Defendants.
24
25 AND RELATED CROSS-ACTIONS.            Complaint filed: January 15, 2020
                                         Trial date:       August 27, 2021
26
27         Pursuant to Code of Civil Procedure section 430.70 and Evidence Code sections 452 and
28                                          1

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

REQUEST FOR JUDICIAL NOTICE OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN,
TRUSTEE OF MOTHER NATURE TRUST, IN SUPPORT OF DEMURRER TO CROSS-COMPLAINT OF
DEFENDANT AND CROSS-COMPLAINANT UNITED LENDER, LLC

1826

1   453, plaintiff and cross-defendant Anh Thy Song Nguyen, Trustee of Mother Nature Trust, in all

2   named capacities ("Plaintiff"), makes this request for judicial notice in support of her demurrer to

3   the cross-complaint of United Lender, LLC.

4          Plaintiff requests the Court take judicial notice of the following documents attached hereto

5   that are either in the Court's file in this action or on file with the California Secretary of State:

6          1.     Amendment to First Amended Complaint – Doe 1 (ROA #141) as Ascension

7   Recovery, Inc., dba Restored Life Recovery, dated May 27, 2020, attached hereto as **Exhibit "B"**;

8          2.     Proof of Service for Amendment to First Amended Complaint – Doe 1 (ROA #190)

9   as Ascension Recovery, Inc., dba Restored Life Recovery, dated June 25, 2020, attached hereto as

10  **Exhibit "C"**; and

11         3.     Statement of Information for Ascension Recovery, Inc., filed with the California

12  Secretary of State August 1, 2019, attached hereto as **Exhibit "D."**

13

14  Dated: July 14, 2020                          LAW OFFICES OF ANDREW A. SMITS

15

16

17                                               By: _____

18                                                  Andrew A. Smits
                                                    Attorney for Plaintiff Anh Thy Song Nguyen,
19                                                  Trustee of Mother Nature Trust, and Cross-
                                                    defendant Anh Thy Song Nguyen, Trustee of
                                                    Mother Nature Trust, and an individual

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

REQUEST FOR JUDICIAL NOTICE OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN,
TRUSTEE OF MOTHER NATURE TRUST, IN SUPPORT OF DEMURRER TO CROSS-COMPLAINT OF
DEFENDANT AND CROSS-COMPLAINANT UNITED LENDER, LLC

1827

# EXHIBIT "B"

Case 1:20-ap-01070-VK    Doc 1-5    Filed 07/17/20    Entered 07/17/20 12:25:43    Desc
Exhibit 12A-17 1 & POS    Page 241 of 429
Electronically Filed by Superior Court of California, County of Orange, 05/27/2020 02:57:00 PM.
30-2020-01124778-CU-FR-CJC - ROA # 141 - DAVID H. YAMASAKI, Clerk of the Court By Briana Brown, Deputy Clerk.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO.: 146659<br>NAME: Andrew A. Smits<br>FIRM NAME: Law Offices of Andrew A. Smits<br>STREET ADDRESS: 36 Executive Park, Suite 160<br>CITY: Irvine              STATE: CA         ZIP CODE: 92614<br>TELEPHONE NO.: 949 833-1025         FAX NO.:<br>E-MAIL ADDRESS: asmits@smits-law.com<br>ATTORNEY FOR *(name):* Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust | *FOR COURT USE ONLY* |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☑ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701<br>☐ Harbor- Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North - 1275 N. Berkeley Ave., P. O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-4593 | |
| PLAINTIFF: Anh Thy Song Nguyen, Trustee of Mother Nature Trust | CASE NUMBER: |
| DEFENDANT: United Lender, LLC, et al. | 30-2020-01124778-CU-FR-CJC |
| AMENDMENT TO ☒      FIRST      ☐ CROSS-COMPLAINT<br><br>AMENDED COMPLAINT | Case assigned to:<br>Judge: Walter Schwarm<br>Department: C19<br>Date complaint filed: Jan. 15, 2020<br>Hearing/trial date: Trial not set |

FICTITIOUS NAME UNDER SECTION 474, CODE OF CIVIL PROCEDURE (NO ORDER REQUIRED)

I have discovered the true name of ☑ Doe  1    ☐ Roe _____ to be Ascension Recovery, Inc., dba Restored Life Recovery

The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: 5/27/20

Andrew A. Smits
(TYPE OR PRINT NAME)                                                                (SIGNATURE OF PARTY OR ATTORNEY)

---

INCORRECT NAME UNDER SECTION 473, CODE OF CIVIL PROCEDURE (ORDER REQUIRED)

The complaint/cross-complaint incorrectly named the defendant/cross-defendant as_____.

I have discovered the true name of the party to be _____.

I request the complaint/cross-complaint be amended to reflect the true name wherever it appears in the pleading.

Date: _____

_____
(TYPE OR PRINT NAME)                                                                (SIGNATURE OF PARTY OR ATTORNEY)

ORDER
The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date:_____                                        _____
                                                                                                    JUDICIAL OFFICER

---

Approved for Optional Use
L-0132 (Rev. March 2019)         **AMENDMENT TO COMPLAINT/CROSS-COMPLAINT**         Code of Civil Procedure,
                                                                                                              §§ 473, 474

For your protection and privacy please press the
CLEAR THIS FORM button after you have
printed the form

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On May 27, 2020, I served the document described as follows: **AMENDMENT TO FIRST AMENDED COMPLAINT** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity<br>Associates, LLC, dba Western Fidelity<br>Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail:  leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial<br>Center, Inc. |
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: (310) 550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendant and Cross-<br>complainant United Lender, LLC, a Nevada<br>Limited Liability Company, and Defendants<br>Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: (310) 827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendant and Cross-<br>complainant United Lender, LLC, a Nevada<br>Limited Liability Company, and Defendants<br>Shawn Ahdoot and Albert A. Ahdoot |

1

PROOF OF SERVICE

1

[ ] **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal
2  Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary
course of business. I am aware that on motion of the party served, service is presumed invalid if
3  postal cancellation date or postage meter date is more than one day after date of deposit for mailing
in affidavit.

4

[ X ] **(By E-mail/Electronic Service)** I caused the document to be sent to the persons at
5  the electronic service addresses listed above. I did not receive, within a reasonable time after the
transmission, any electronic message or other indication that the transmission was unsuccessful.

6

[ ] **(By Personal Service)** I caused to be delivered by hand such envelope to the addressee.
7  The messenger's proof of service will be prepared and available.

8

[ ] **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above,
by placing the true copies in separate envelopes for each addressee, with the name and address of
9  the person served shown on the envelope and by sealing the envelope and placing it for collection
and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

10

Executed on May 27, 2020 at Irvine, California. I declare under penalty of perjury under the
11  laws of the State of California that the above is true and correct.

12

13    KIMBERLY RICHARDSON

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

PROOF OF SERVICE

# EXHIBIT "C"

Electronically Filed by Superior Court of California, County of Orange, 06/26/2020 11:23:00 AM.
30-2020-01124778-CU-FR-CJC - ROA # 190 - DAVID H. YAMASAKI, Clerk of the Court By James M Haines, Deputy Clerk.
POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Andrew A. Smits \| SBN: 146659<br>Law Offices of Andrew A. Smits<br>36 Executive Park, Suite 160  Irvine, CA 92614<br><br>TELEPHONE NO.: (949) 833-1025 \| FAX NO. \| E-MAIL ADDRESS *(Optional)*: asmits@smitslaw.com<br>ATTORNEY FOR *(Name)*: : | |

**ORANGE COUNTY SUPERIOR COURT**

STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST

MAILING ADDRESS:

CITY AND ZIP CODE: SANTA ANA, CA 92702-0838

BRANCH NAME: SANTA ANA

| PLAINTIFF: ANH Thy Song Nguyen, Trustee of Mother Nature Trust | CASE NUMBER: |
|---|---|
| DEFENDANT: United Lender, LLC, a Nevada limited liability company, et al. | 30-2020-001124778-CU-FR-CJC |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons

   b. ☐ Complaint

   c. ☐ Alternative Dispute Resolution (ADR) package

   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ Cross-complaint

   f. ☑ other *(specify documents)*: **First Amended Complaint; Amendment to First Amended Complaint; Notice - Re Punitive Damages**

3. a. Party served *(specify name of party as shown on documents served)*:

   Ascension Recovery, Inc. dba Restored Life Recovery

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

   Megan E. Zucaro, CEO and Agent for Service of Process

4. Address where the party was served:

   **4501 W. Channel Islands Blvd., #94**
   **Oxnard, CA 93035**

5. I served the party *(check proper box)*

   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*    (2) at *(time):*

   b. ☒ **by substituted service.** On  06/24/2020    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*    **or** ☐ a declaration of mailing is attached.

   (5) ☑ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]
PROOF OF SERVICE OF SUMMONS
Code of Civil Procedure, § 417.10
POS010-1/A18905

1833

| PETITIONER: ANH Thy Song Nguyen, Trustee of Mother Nature Trust | CASE NUMBER: |
|---|---|
| RESPONDENT: United Lender, LLC, a Nevada limited liability company, et al. | 30-2020-001124778-CU-FR-CJC |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*           (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☑ **by other means** *(specify means of service and authorizing code section):*
Left at door. I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc. §415.20) I mailed the documents on 6/24/2020 from Ventura

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☐ On behalf of *(specify):* Ascension Recovery, Inc. dba Restored Life Recovery
    under the following Code of Civil Procedure section:

      ☑ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                                     ☐ other:

7. **Person who served papers**
  a. Name: **Alexander Guzman - Beyond e-Discovery**
  b. Address: **18103 Sky Park S, Suite A  Irvine, CA 92614**
  c. Telephone number: **(949) 576-2614**
  d. **The fee** for service was: $245.00
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
      (i) ☐ owner    ☐ employee    ☑ independent contractor.
      (ii) Registration No.: **482**
      (iii) County: **Ventura**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

    Date: **6/25/2020**

    **Beyond e-Discovery**
    **18103 Sky Park S, Suite A**
    **Irvine, CA 92614**
    **(949) 576-2614**

    **Alexander Guzman**           ▶               (SIGNATURE)
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

POS-010 [Rev January 1, 2007]        **PROOF OF SERVICE OF SUMMONS**        Page 2 of 2
                                                  POS-010/A18905

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Andrew A. Smits \| SBN: 146659<br>Law Offices of Andrew A. Smits<br>36 Executive Park, Suite 160  Irvine, CA 92614<br><br>TELEPHONE NO.: (949) 833-1025 \| FAX NO. \| E-MAIL ADDRESS *(Optional)*: asmits@smitslaw.com<br>ATTORNEY FOR *(Name)*:: | |

**ORANGE COUNTY SUPERIOR COURT**

STREET ADDRESS: 700  CIVIC CENTER DRIVE WEST

MAILING ADDRESS:

CITY AND ZIP CODE: SANTA ANA, CA 92702-0838

BRANCH NAME: SANTA ANA

| PLAINTIFF/PETITIONER:  ANH Thy Song Nguyen, Trustee of Mother Nature Trust | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  United Lender, LLC, a Nevada limited liability company, et al. | 30-2020-001124778-CU-FR-CJC |
| **DECLARATION OF DILIGENCE** | Ref. No. or File No. |

I, Alexander Guzman , declare: I am a Registered Process Server and was retained to serve process in the above-referenced matter on the following person or entity: Ascesion Recovery, Inc. dba Restored Life Recovery as follows:
Documents:

   **Summons; First Amended Complaint; Amendment to First Amended Complaint; Notice - Re Punitive Damages;**

I attempted personal service on the following dates and times with the following results:

| Date | Time | Location | Results |
|---|---|---|---|
| 6/15/2020 | 8:45 AM | Business | Mobile Home. Spoke with white male in his late 60's who stated this person or company is not at this address and is unknown. - Alexander Guzman<br>4501 W. Channel Islands Blvd., #94,  Oxnard, CA 93035 |
| 6/18/2020 | 7:53 PM | Business | No answer at door. BMW X3 in driveway Lic #6SXZ969 - Alexander Guzman<br>4501 W. Channel Islands Blvd., #94,  Oxnard, CA 93035 |
| 6/20/2020 | 3:40 PM | Business | No answer at door. Blinds shut, no noise... Same vehicle in driveway - Alexander Guzman<br>4501 W. Channel Islands Blvd., #94,  Oxnard, CA 93035 |
| 6/23/2020 | 7:15 AM | Business | No answer at door, same vehicle in driveway - Alexander Guzman<br>4501 W. Channel Islands Blvd., #94,  Oxnard, CA 93035 |

Fee for Service: $245.00
   County: **Ventura**
   Registration No.: **482**
   **Beyond e-Discovery**
   **18103 Sky Park S, Suite A**
   **Irvine, CA 92614**
   **(949) 576-2614**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on  June 25, 2020.

Signature: _____

Alexander Guzman

**AFFIDAVIT OF REASONABLE DILIGENCE**





# EXHIBIT "D"

# State of California   S
## Secretary of State

### Statement of Information
(Domestic Stock and Agricultural Cooperative Corporations)
FEES (Filing and Disclosure): $25.00.
If this is an amendment, see instructions.
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

**G835379**

## FILED

In the office of the Secretary of State
of the State of California

**AUG-01 2019**

1. **CORPORATE NAME**

ASCENSION RECOVERY, INC.

2. **CALIFORNIA CORPORATE NUMBER**

C4087213

This Space for Filing Use Only

**No Change Statement** (Not applicable if agent address of record is a P.O. Box address. See instructions.)

3. If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.
☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed to Item 17.

**Complete Addresses for the Following** (Do not abbreviate the name of the city. Items 4 and 5 cannot be P.O. Boxes.)

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE<br>6475 MARIGAYLE CIRCLE, HUNTINGTON BEACH, CA 92648 | | | | |
| 5. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY<br>6475 MARIGAYLE CIRCLE, HUNTINGTON BEACH, CA 92648 | | | | |
| 6. MAILING ADDRESS OF CORPORATION, IF DIFFERENT THAN ITEM 4 | | | | |

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 7. CHIEF EXECUTIVE OFFICER/<br>MEGAN ZUCARO | 6475 MARIGAYLE CIRCLE, HUNTINGTON BEACH, CA 92648 | | | |
| 8. SECRETARY<br>RANDY GOSS | 6475 MARIGAYLE CIRCLE, HUNTINGTON BEACH, CA 92648 | | | |
| 9. CHIEF FINANCIAL OFFICER/<br>ANTHONY FATA | 6475 MARIGAYLE CIRCLE, HUNTINGTON BEACH, CA 92648 | | | |

**Names and Complete Addresses of All Directors, Including Directors Who are Also Officers** (The corporation must have at least one director. Attach additional pages, if necessary.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 10. NAME<br>ANTHONY FATA | 6475 MARIGAYLE CIRCLE, HUNTINGTON BEACH, CA 92648 | | | |
| 11. NAME | ADDRESS | CITY | STATE | ZIP CODE |
| 12. NAME | ADDRESS | CITY | STATE | ZIP CODE |

13. NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY:  0

**Agent for Service of Process** If the agent is an individual, the agent must reside in California and Item 15 must be completed with a California street address, a P.O. Box address is not acceptable. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 15 must be left blank.

14. NAME OF AGENT FOR SERVICE OF PROCESS
MEGAN ZUCARO

| 15. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, **IF AN INDIVIDUAL** | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 6475 MARIGAYLE CIRCLE, HUNTINGTON BEACH, CA 92648 | | | |

**Type of Business**

16. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION
SUBSTANCE ABUSE RECOVERY/DETOX

17. BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE CALIFORNIA SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| 08/01/2019 | ANTHONY N FATA | EXECUTIVE DIRECTOR | |
|---|---|---|---|
| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |

| SI-200 (REV 01/2013) | Page 1 of 1 | APPROVED BY SECRETARY OF STATE |
|---|---|---|

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On July 14, 2020, I served the document described as follows: **REQUEST FOR JUDICIAL NOTICE OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, IN SUPPORT OF DEMURRER TO CROSS-COMPLAINT OF DEFENDANT AND CROSS-COMPLAINANT UNITED LENDER, LLC,** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant, Cross-defendant, and Cross-complainant in *pro per* | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail: leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial Center, Inc. |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1625
Email: asmits@smits-law.com

1

1840

PROOF OF SERVICE

| | |
|---|---|
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: (310) 550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: (310) 827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot |
| Vincent J. Davitt and Anita Jain<br>Meylan Davitt Jain Arevian & Kim LLP<br>444 S. Flower Street, Suite 1850<br>Los Angeles, CA 90071<br><br>Telephone: (213) 225-6000<br>Email: vdavitt@mdjalaw.com<br>ajain@mdjalaw.com<br><br>Attorneys for defendant United Lender, LLC | Ascension Recovery, Inc.,<br>dba Restored Life Recovery<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant |

[  ] **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ] **(By E-mail/Electronic Service)** I caused the document to be sent to the persons at the electronic service addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[  ] **(By Personal Service)** I caused to be delivered by hand such envelope to the addressee. The messenger's proof of service will be prepared and available.

[  ] **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above, by placing the true copies in separate envelopes for each addressee, with the name and address of the person served shown on the envelope and by sealing the envelope and placing it for collection and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on July 14, 2020 at Irvine, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

KIMBERLY RICHARDSON

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

1841
PROOF OF SERVICE

# EXHIBIT 163

1842

1  Andrew A. Smits (State Bar No. 146659)
   Law Offices of Andrew A. Smits
2  36 Executive Park, Suite 160
   Irvine, California 92614-4794
3  Telephone:  (949) 833-1025
   Email:      asmits@smits-law.com
4
5  Attorney for Plaintiff Anh Thy Song Nguyen,
   Trustee of Mother Nature Trust, and Cross-defendant
   Anh Thy Song Nguyen, Trustee of Mother Nature Trust,
6  and an individual
7
8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9         **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**
10

| | |
|---|---|
| 11  ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, | Case No.: 30-2020-01124778-CU-FR-CJC |
| 12 | Assigned:  Judge Walter Schwarm |
| 13          Plaintiff, | Dept.: C19 |
| 14          vs. | **REPLY OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, IN SUPPORT OF DEMURRER TO CROSS-COMPLAINT OF UNITED LENDER, LLC (RELATED TO ROA #165)** |
| 15  UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; all other persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto; and DOES 1 through 100, inclusive, | |
| 16 | |
| 17 | **[Request for Judicial Notice submitted herewith]** |
| 18 | |
| 19 | |
| 20 | Date:  July 21, 2020 |
| 21 | Time:  9:00 a.m. |
| 22 | Dept.:  C19 |
| 23          Defendants. | |
| 24 | |
| 25  AND RELATED CROSS-ACTIONS. | Complaint filed: January 15, 2020 |
| 26 | Trial date:      August 27, 2021 |

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

                                    1

REPLY OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER
NATURE TRUST, IN SUPPORT OF DEMURRER TO CROSS-COMPLAINT OF UNITED LENDER, LLC

**TABLE OF CONTENTS**

Page

1.    THE OMISSION OF THE EXHIBITS TO THE CROSS-COMPLAINT
MAKES THE CROSS-COMPLAINT FATALLY DEFECTIVE ...................................... 1

2.    THE FIRST CAUSE OF ACTION FOR JUDICIAL FORECLOSURE FAILS TO
PROPERLY ADDRESS ISSUES RE THE HOLDER OF THE THIRD DEED OF
TRUST, AFCI ........................................................................................................... 1

3.    THE FIRST CAUSE OF ACTION FOR JUDICIAL FORECLOSURE FAILS TO
PROPERLY ADDRESS ISSUES RE NEW DEFENDANT ASCENSION
RECOVERY, INC., DBA RESTORED LIFE RECOVERY, WHO OCCUPIES
THE SUBJECT PROPERTY ..................................................................................... 2

4.    THE SECOND, THIRD AND FOURTH CAUSES OF ACTION FAIL TO
PROPERLY ADDRESS ISSUES RE ASCENSION, WHO OCCUPIES THE
SUBJECT PROPERTY ............................................................................................. 3

5.    THE SIXTH CAUSE OF ACTION BASED ON NEGLIGENT
MISREPRSENTATION FAILS AS A MATTER OF LAW ......................................... 3

6.    THE SEVENTH CAUSE OF ACTION BASED ON FRAUD FAILS TO SATISFY
THE SPECIFICITY PLEADING REQUIREMENTS FOR FRAUD .............................. 4

7.    THE EIGHTH CAUSE OF ACTION BASED ON NEGLIGENCE FAILS AS A
MATTER OF LAW .................................................................................................. 4

8.    THE NINTH CAUSE OF ACTION BASED ON NEGLIGENT HIRING IS
INCOMPREHNSIBLE AND FAILS ......................................................................... 4

9.    CONCLUSION ....................................................................................................... 5

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

i

REPLY OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER
NATURE TRUST, IN SUPPORT OF DEMURRER TO CROSS-COMPLAINT OF UNITED LENDER, LLC

1

## TABLE OF AUTHORITIES

2                                                                                        **Page**

3    **Statutes**

4    Code of Civil Procedure § 389 ................................................................................................. 2, 3

5    Code of Civil Procedure § 389, subd. (c) ................................................................................ 2, 3

6    Code of Civil Procedure § 430.10, subd. (e) .............................................................................. 1

7    Code of Civil Procedure § 430.10, subd. (f) .............................................................................. 1

8    Code of Civil Procedure § 701.630 ........................................................................................... 2

9    Code of Civil Procedure § 726, subd. (c) ............................................................................... 1, 2

10

11   **Other Authorities**

12

13   Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial
            (The Rutter Group 2020) ¶ 2:151 .................................................................................. 2, 3
14

15   Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial
            (The Rutter Group 2020) ¶ 2:157 .................................................................................. 2, 3
16

17   Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial
            (The Rutter Group 2020) § 6:127 ....................................................................................... 1
18

19   Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial
            (The Rutter Group 2020) ¶¶ 6:233 – 6:236 ........................................................................ 1

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

ii

REPLY OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER
NATURE TRUST, IN SUPPORT OF DEMURRER TO CROSS-COMPLAINT OF UNITED LENDER, LLC

1    Plaintiff and cross-defendant Anh Thy Song Nguyen, Trustee of Mother Nature Trust, in

2    all named capacities ("Plaintiff"), submits this reply brief in support of her demurrer to the cross-

3    complaint of United Lender, LLC ("United Lender").   This reply brief is based on the points and

4    authorities set forth below and on the request for judicial notice and exhibits thereto submitted

5    herewith.

6    **1.   THE OMISSION OF THE EXHIBITS TO THE CROSS-COMPLAINT MAKES**

7    **THE CROSS-COMPLAINT FATALLY DEFECTIVE**

8    United Lender's cross-complaint on file with the Court omits all five exhibits referenced

9    and incorporated therein.  (See, Court's ROA # 96.)  The exhibits are incorporated into all 10

10   causes of action asserted in the pleading.  The omission of the exhibits makes the entire pleading

11   incomplete.  The pleading fails not only on the ground that it is uncertain (Code Civ. Proc. §

12   430.10, subd. (f)), but also on the ground that it fails to state facts sufficient to constitute a cause

13   of action (Code Civ. Proc. § 430.10, subd. (e)).

14   "Plaintiff may attach a copy of a document to the complaint and incorporate it by

15   reference.  By doing so, the documents become part of the complaint as if set forth verbatim

16   therein.  Thus, the contents of the *exhibit may supply the ultimate facts* required to state a cause of

17   action. [citations omitted.]" (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial

18   (The Rutter Group 2020) ¶¶ 6:233 – 6:236.)

19   Failure to plead ultimate facts subjects the complaint to demurrer for failure to state facts

20   sufficient to constitute a cause of action.  (Weil & Brown, *supra*, § 6:127.)

21   The omission of the exhibits makes all 10 causes of action fail for uncertainty and for

22   failure to state facts sufficient to constitute a cause of action.  Accordingly, the demurrer to all 10

23   causes of action should be sustained.

24   **2.   THE FIRST CAUSE OF ACTION FOR JUDICIAL FORECLOSURE FAILS TO**

25   **PROPERLY ADDRESS ISSUES RE THE HOLDER OF THE THIRD DEED OF**

26   **TRUST, AFCI**

27   Irrespective of the requirements of Code of Civil Procedure section 726, subdivision (c), as

28   discussed in the moving papers, United Lender does not identify the holder of the third deed of

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

1846

REPLY OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER
NATURE TRUST, IN SUPPORT OF DEMURRER TO CROSS-COMPLAINT OF UNITED LENDER, LLC

1   trust, AFCI, in the cross-complaint, nor does United Lender state the reasons why it has not joined

2   AFCI.  This is contrary to the requirements of Code of Civil Procedure section 389, subdivision

3   (c), and makes the first cause of action deficient as a matter of law.  United Lender not only fails

4   to name AFCI as a cross-defendant or interested party in the pleading, but United Lender

5   conspicuously fails to state in its opposition papers the reasons why AFCI has not been joined.

6   (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2020) ¶¶

7   2:151, 2:157.)

8       United Lender's failure to address junior lienholder AFCI in its cross-complaint makes the

9   first cause of action for judicial foreclosure deficient as matter of law.

10  **3.   THE FIRST CAUSE OF ACTION FOR JUDICIAL FORECLOSURE FAILS TO**

11      **PROPERLY ADDRESS ISSUES RE NEW DEFENDANT ASCENSION**

12      **RECOVERY, INC., DBA RESTORED LIFE RECOVERY, WHO OCCUPIES THE**

13      **SUBJECT PROPERTY**

14      Defendant Ascension Recovery, Inc., dba Restored Life Recovery ("Ascension"), became

15  a defendant in this action on May 27, 2020 when Plaintiff filed the Amendment to First Amended

16  Complaint – Doe 1, and Plaintiff served a copy of the same on United Lender.  (RJN, Ex. **"B."**)

17  Plaintiff served United Lender on June 25, 2020 with a copy of the proof of service of summons,

18  complaint and amendment re Ascension.  (RJN, **Ex. "C."**)  Public records on file with the

19  California Secretary of State reflect that Ascension occupies the Huntington Beach real property

20  that is the subject of this action.  (RJN, **Ex. "D."**)

21      Despite sufficient notice of the foregoing facts, United Lender has not amended its cross-

22  complaint or named Ascension as a cross-defendant in its cross-action.  In light of the facts

23  regarding Ascension's role and/or status with respect to the subject property, the cross-complaint

24  is deficient as a matter of law.   Again, anyone having a subordinate interest or lien that is

25  recorded as of the commencement of a foreclosure action must be joined as a defendant, otherwise

26  that interest or lien will not be affected by the judicial sale.  (Code Civ. Proc. § 726, subd. (c).)  If

27  a subordinate interest is properly included in the action, it will generally be terminated by the sale.

28  (Code Civ. Proc. § 701.630.)  Curiously, United Lender, who claims to hold a first deed of trust,

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

1847

REPLY OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER
NATURE TRUST, IN SUPPORT OF DEMURRER TO CROSS-COMPLAINT OF UNITED LENDER, LLC

1   does not sue Ascension, who is apparently owned and/or operated by defendant Megan Zucaro, its

2   co-conspirator.   The title of this cause of action requests a declaration as to "inferior interests,"

3   yet Ascension is not named as a cross-defendant.   United Lender's decision not to sue Ascension

4   underscores Plaintiff's allegations in the first amended complaint that Zucaro and her business

5   entities and United Lender are co-conspirators to defraud Plaintiff.

6        A plaintiff or cross-complainant must join as parties to the action all persons whose

7   interests are so directly involved that the court cannot render a fair adjudication in their absence.

8   (Code Civ. Proc. § 389; Weil & Brown, *supra*, ¶ 2:151.)  If any such persons are not named as

9   parties to the lawsuit, the cross-complaint must state their names and the reasons why they have

10  not been joined. (Code Civ. Proc. § 389, subd. (c); Weil & Brown, *supra*, ¶ 2:157.)

11       Based on the foregoing, United Lender's failure to address issues involving Ascension

12  makes the first cause of action defective.

13  **4.    THE SECOND, THIRD AND FOURTH CAUSES OF ACTION FAIL TO**

14      **PROPERLY ADDRESS ISSUES RE ASCENSION, WHO OCCUPIES THE**

15      **SUBJECT PROPERTY**

16       The second through fourth causes of action for specific performance of assignment of

17  rents, for appointment of receiver, and for injunctive relief are all based on United Lender's

18  purported first deed of trust and promissory note.   These causes of action fail because they do not

19  name Ascension as a cross-defendant.   United Lender must comply with the requirements of

20  Code of Civil Procedure section 389 as to all persons whose interests are directly involved in the

21  causes of actions, and United Lender has not so complied as to AFCI or Ascension.

22  **5.    THE SIXTH CAUSE OF ACTION BASED ON NEGLIGENT**

23      **MISREPRSENTATION FAILS AS A MATTER OF LAW**

24       United Lender does not provide any authority in support of its novel claim that an action

25  by a buyer's hard money lender lies against a seller (Plaintiff) of real property for negligent

26  misrepresentation.   Furthermore, United Lender does not provide any authority for its contention

27  that Plaintiff "had an independent duty to abstain from injuring UL."  (See, opp., p. 6, line 7.)

28  There is no authority, because there is no such duty.   The cause of action fails as a matter of law.

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

3

REPLY OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER
NATURE TRUST, IN SUPPORT OF DEMURRER TO CROSS-COMPLAINT OF UNITED LENDER, LLC

1843

**6.      THE SEVENTH CAUSE OF ACTION BASED ON FRAUD FAILS TO SATISFY THE SPECIFICITY PLEADING REQUIREMENTS FOR FRAUD**

Hornbook law provides that fraud must be plead with specificity.  The seventh cause of action based on fraud does not meet these pleading requirements.  Exhibit number 5 upon which it is based is omitted from the pleading.  The allegations in paragraphs 64 and 65 are not specific.  Furthermore, United Lender provides no authority for the proposition that a hard money lender for the buyer of real property has a cognizable legal claim for alleged harm caused by the seller (Plaintiff) in "wrongfully inflating the purchase price" of the subject property.  There is no tort for "wrongfully inflating the purchase price" of real property.  A seller may agree to sell her property for a price that a buyer is willing to pay.

The seventh cause of action based on fraud fails to state facts sufficient to constitute a cause of action.

**7.      THE EIGHTH CAUSE OF ACTION BASED ON NEGLIGENCE FAILS AS A MATTER OF LAW**

For all the reasons discussed above with respect to the sixth and seventh causes of action, the eighth cause of action based on negligence fails as a matter of law.

**8.      THE NINTH CAUSE OF ACTION BASED ON NEGLIGENT HIRING IS INCOMPREHNSIBLE AND FAILS**

United Lender does not provide any authority in support of its novel claim that Plaintiff negligently hired herself and that doing so harmed United Lender.  This cause of action is indicative of the entire cross-complaint.  The negligent hiring cause of action fails as a matter of law.

/ /

/ /

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

4

1849

REPLY OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, IN SUPPORT OF DEMURRER TO CROSS-COMPLAINT OF UNITED LENDER, LLC

1  **9.     CONCLUSION**

2          For all the reasons discussed in the initial demurrer papers and in this reply brief, the 10

3  causes of action alleged against Plaintiff fail as a matter of law, and this demurrer should be

4  sustained.

5

6  Dated: July 14, 2020                                    LAW OFFICES OF ANDREW A. SMITS

7

8

9                                                         By: _____

10                                                             Andrew A. Smits
                                                             Attorney for Plaintiff Anh Thy Song Nguyen,
                                                             Trustee of Mother Nature Trust, and Cross-
11                                                           defendant Anh Thy Song Nguyen, Trustee of
                                                             Mother Nature Trust, and an individual

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

5

REPLY OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER
NATURE TRUST, IN SUPPORT OF DEMURRER TO CROSS-COMPLAINT OF UNITED LENDER, LLC

# PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On July 14, 2020, I served the document described as follows: **REPLY OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, IN SUPPORT OF DEMURRER TO CROSS-COMPLAINT OF UNITED LENDER, LLC** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant, Cross-defendant, and Cross-complainant in *pro per* | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail:  leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial Center, Inc. |
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: (310) 550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: (310) 827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

PROOF OF SERVICE

1

| Vincent J. Davitt and Anita Jain | Ascension Recovery, Inc., |
| Meylan Davitt Jain Arevian & Kim LLP | dba Restored Life Recovery |
| 444 S. Flower Street, Suite 1850 | c/o Megan E. Zucaro |
| Los Angeles, CA 90071 | 4501 W. Channel Island Blvd., #94 |
| | Oxnard, CA 90305 |
| Telephone: (213) 225-6000 | |
| Email: vdavitt@mdjalaw.com | Email: m@megazee.com |
| ajain@mdjalaw.com | |
| | Defendant |
| Attorneys for defendant United Lender, LLC | |

2

3

4

5

6

7    [  ] **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and
8    processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal
Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary
9    course of business. I am aware that on motion of the party served, service is presumed invalid if
postal cancellation date or postage meter date is more than one day after date of deposit for mailing
in affidavit.

10

11    [ X ] **(By E-mail/Electronic Service)** I caused the document to be sent to the persons at
the electronic service addresses listed above. I did not receive, within a reasonable time after the
transmission, any electronic message or other indication that the transmission was unsuccessful.

12

13    [  ] **(By Personal Service)** I caused to be delivered by hand such envelope to the addressee.
The messenger's proof of service will be prepared and available.

14    [  ] **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above,
15    by placing the true copies in separate envelopes for each addressee, with the name and address of
the person served shown on the envelope and by sealing the envelope and placing it for collection
and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

16

17    Executed on July 14, 2020 at Irvine, California. I declare under penalty of perjury under the
laws of the State of California that the above is true and correct.

18

19    KIMBERLY RICHARDSON

20

21

22

23

24

25

26

27

28

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

1852
PROOF OF SERVICE

# EXHIBIT 164

1853

1   Andrew A. Smits (State Bar No. 146659)
    Law Offices of Andrew A. Smits
2   36 Executive Park, Suite 160
    Irvine, California 92614-4794
3   Telephone:  (949) 833-1025
    Email:     asmits@smits-law.com
4
    Attorney for Plaintiff Anh Thy Song Nguyen,
5   Trustee of Mother Nature Trust

6

7

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

| 11 | ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, | Case No.: 30-2020-01124778-CU-FR-CJC |
|---|---|---|
| 12 | | Assigned:  Judge Walter Schwarm |
| 13 | Plaintiff, | Dept.: C19 |
| 14 | vs. | **OPPOSITION OF PLAINTIFF ANH THY SONG NGUYEN TO MOTION OF DEFENDANT UNITED LENDER, LLC, FOR:** |
| 15 | UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an | |
| 16 | individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an | **(1) APPOINTMENT OF A RECEIVER;** **(2) ORDER TO SHOW CAUSE WHY THE** |
| 17 | individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware | **APPOINTMENT OF A RECEIVER SHOULD NOT BE CONFIRMED;** |
| 18 | limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California | **(3) TEMPORARY RESTRAINING ORDER; AND** |
| 19 | limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, | **(4) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION** |
| 20 | an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; all | **SHOULD NOT BE GRANTED** |
| 21 | other persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in | **[Request for Judicial Notice, Dec. of Andrew A. Smits, Evidentiary Objections to Dec. of** |
| 22 | the property described in the complaint adverse to Plaintiff's title, or any cloud upon | **Shawn Ahdoot, Evid. Obj. to Suppl. Dec. of Shawn Ahdoot, Evid. Obj. to Dec. of Alfredo** |
| 23 | Plaintiff's title thereto; and DOES 1 through 100, inclusive, | **Velasquez, and Evid. Obj. to Dec. of Jesse Bosque submitted herewith]** |
| 24 | | Date:  July 28, 2020 |
| 25 | Defendants. | Time: 9:00 a.m. Dept.: C19 |
| 26 | AND RELATED CROSS-ACTIONS. | Complaint filed: January 15, 2020 Trial date:      August 27, 2021 |
| 27 | | |

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

1854

OPPOSITION OF PLAINTIFF ANH THY SONG NGUYEN TO MOTION OF
DEFENDANT UNITED LENDER, LLC, FOR APPOINTMENT OF A RECEIVER

# TABLE OF CONTENTS

**Page**

1.  INTRODUCTION AND STATEMENT OF FACTS OF THE CASE ...................................... 1

2.  THE REQUEST FOR A RECEIVER MUST BE DENIED BECAUSE IT IS BASED
    ON A CROSS-COMPLAINT THAT IS IMPROPERLY BEFORE THIS COURT
    AND IS THE SUBJECT OF A MOTION TO STRIKE ........................................................ 3

3.  UNITED LENDER FAILS TO MAKE THE NECESSARY SHOWING FOR
    APPOINTMENT OF A RECEIVER ................................................................................... 4

    A.  The Declarations Submitted In Support Of The Motion Are Several Months
        Old And Contain Stale, Irrelevant And Inadmissible Testimony ........................... 4

    B.  The Motion Is Not Supported By Evidence Establishing A Statutory Ground
        For Appointment Of A Receiver ............................................................................. 5

    C.  The Motion Is Not Supported By Evidence Showing Irreparable Injury And
        Inadequacy Of Other Remedies ............................................................................. 5

4.  UNITED LENDER HAS NOT GIVEN NOTICE OF ITS PURPORTED CROSS-
    COMPLAINT OR MOTION TO A NECESSARY PARTY, DEFENDANT
    ASCENSION RECOVERY, INC., WHO OCCUPIES THE SUBJECT PROPERTY ......... 6

5.  UNITED LENDER MAY NOT OBTAIN A RECEIVER AND COLLECT RENTS
    PURSUANT TO ITS DEED OF TRUST THAT WAS OBTAINED BY FRAUD .............. 8

6.  UNITED LENDER FAILS TO MAKE THE NECESSARY SHOWING FOR AN
    OSC WHY A RECEIVER SHOULD NOT BE CONFIRMED ........................................... 7

7.  UNITED LENDER FAILS TO MAKE THE NECESSARY SHOWING FOR A TRO ...... 8

8.  UNITED LENDER FAILS TO MAKE THE NECESSARY SHOWING FOR AN
    OSC WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED ............... 8

9.  IF THE COURT IS INCLINED TO APPOINT A RECEIVER, THEN TWO
    SEPARATE BONDS SHOULD BE ORDERED ................................................................ 8

10. CONCLUSION ................................................................................................................. 9

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

i

OPPOSITION OF PLAINTIFF ANH THY SONG NGUYEN TO MOTION OF
DEFENDANT UNITED LENDER, LLC, FOR APPOINTMENT OF A RECEIVER

# TABLE OF AUTHORITIES

**Page**

**Statutes**

California Rules of Court, rule 3.1175 .................................................................................... 6

California Rules of Court, rule 3.1176 ................................................................................. 4, 6

California Rules of Court, rule 3.1176(b) ............................................................................... 6

California Rules of Court, rule 3.1176(c) ............................................................................... 6

California Rules of Court, rule 3.1178 .................................................................................... 8

Code of Civil Procedure § 428.5, subd. (c) ............................................................................ 3

Code of Civil Procedure § 436, subd. (b) ............................................................................... 4

Code of Civil Procedure § 564 ................................................................................................ 5

Code of Civil Procedure § 564, subd. (a) ............................................................................... 4

Code of Civil Procedure § 564, subd. (b) ............................................................................... 4

Code of Civil Procedure § 564, subd. (b)(2) .......................................................................... 5

Code of Civil Procedure § 564, subd. (c) ............................................................................... 4

Code of Civil Procedure § 566 ................................................................................................ 8

Code of Civil Procedure § 567 ................................................................................................ 8

**Other Authorities**

Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial
    (The Rutter Group 2020) ¶ 6:127 ..................................................................................... 4

Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial
    (The Rutter Group 2020) ¶¶ 6:233 – 6:236) ...................................................................... 4

Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial
    (The Rutter Group 2020) ¶ 9.743) ..................................................................................... 5

Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial
    (The Rutter Group 2020) ¶ 9.753) ..................................................................................... 5

Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial
    (The Rutter Group 2020) ¶ 9.758) ..................................................................................... 6

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

OPPOSITION OF PLAINTIFF ANH THY SONG NGUYEN TO MOTION OF
DEFENDANT UNITED LENDER, LLC, FOR APPOINTMENT OF A RECEIVER

1856

1

Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial
    (The Rutter Group 2020) ¶ 9.759) .................................................................................... 5

2

Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial
    (The Rutter Group 2020) ¶ 9.760-9:761.1e) ...................................................................... 8

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

iii

OPPOSITION OF PLAINTIFF MINH THY SONG NGUYEN TO MOTION OF
DEFENDANT UNITED LENDER, LLC, FOR APPOINTMENT OF A RECEIVER

1      Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust ("Plaintiff"), opposes the

2   motion of defendant United Lender, LLC ("Defendant" or "United Lender"), for: (1) appointment

3   of a receiver; (2) order to show cause why the appointment of a receiver should not be confirmed;

4   (3) temporary restraining order; and (4) order to show cause why a preliminary injunction should

5   not be granted.  This opposition is based on the points and authorities set forth below and on the

6   following papers submitted herewith: request for judicial notice and the exhibits attached thereto;

7   declaration of Andrew A. Smits; evidentiary objections to the declaration of Shawn Ahdoot;

8   evidentiary objections to the supplemental declaration of Shawn Ahdoot; evidentiary objections to

9   the declaration of Alfredo Velasquez; and the evidentiary objections to the declaration of Jesse

10   Bosque.

11      As requested in each of the sets of evidentiary objections, Plaintiff respectfully requests the

12   Court issue rulings on the objections.

13   **1.      INTRODUCTION AND STATEMENT OF FACTS OF THE CASE**

14      This is a real estate fraud case wherein plaintiff Anh Thy Song Nguyen, Trustee of Mother

15   Nature Trust ("Plaintiff"), sold a $3.1 million home located in Huntington Beach, California to

16   defendant Megan Zucaro ("Zucaro") and her Delaware limited liability company, defendant

17   Helping Others International, LLC ("Helping Others").  Zucaro/Helping Others used a private

18   lender, defendant and cross-complainant United Lender, LLC, a Nevada limited liability company

19   ("United Lender"), to fund a $1.9 million purchase loan.  Zucaro talked Plaintiff into seller

20   carryback financing wherein Plaintiff funded a $1.2 million loan to the buyer of record, Helping

21   Others, secured by a second deed of trust.  Helping Others defaulted on the first payments due on

22   United Lender's and Plaintiff's loans.  United Lender promptly commenced foreclosure

23   proceedings on its first deed of trust, seeking to eliminate Plaintiff's junior deed of trust.  United

24   Lender and Zucaro have engaged in this real estate equity fraud scheme in at least four other

25   instances in Southern California.

26      On January 15, 2020, Plaintiff filed the complaint in this action, alleging, among other

27   things, that the defendants have engaged in the above-described, real estate equity theft fraud

28   scheme with respect to Plaintiff and at least four other home sellers in Southern California.  On

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

OPPOSITION OF PLAINTIFF ANH THY SONG NGUYEN TO MOTION OF
DEFENDANT UNITED LENDER, LLC, FOR APPOINTMENT OF A RECEIVER

1   January 21, 2020, Plaintiff filed the first amended complaint herein.

2   On February 11, 2020, this Court issued a preliminary injunction enjoining any foreclosure

3   sale by the defendants with respect to the Huntington Beach property.

4   Defendants Zucaro, Helping Others International, and United Lender, which is owned and

5   operated by defendants Shawn Ahdoot and Albert A. Ahdoot, have engaged in at least four other

6   similar transactions in Southern California in an apparent equity theft scheme.  Public records

7   reflect that trustor and debtor under the first deed of trust and second deed of trust on the Subject

8   Property, Helping Others International (and Zucaro), has defaulted on the first and the second

9   secured obligations in the similar transactions, setting up United Lender's fraudulent foreclosure

10  proceeding to eliminate the second deed of trust or junior lienholder, who is the seller of the

11  property in the transactions. The other similar transactions indicate that United Lender continues

12  to lend to Helping Others International and Zucaro in purchasing the properties even though

13  Helping Others International and Zucaro have a long history of defaults, and Zucaro has a history

14  of multiple bankruptcies.  No lender lends money to someone who is a serious credit risk and in

15  default with him on multiple loans unless that lender is a conspirator in a scheme to steal the home

16  seller's equity.  The evidence that has been previously provided to this Court and will be

17  introduced at trial of this action indicates Defendants have conspired to foreclose on purchased

18  properties, eliminating junior lienholders, including the sellers of the properties like Plaintiff

19  herein, and stealing the equity.

20  Defendant American Financial Center, Inc. ("AFCI"), provided a $75,000 loan to

21  defendant Ascension Recovery, Inc., dba Restored Life Recovery, which is owned and operated

22  by Zucaro.  AFCI required and obtained guarantees by Zucaro and Helping Others International

23  for repayment of the loan.  Also, AFCI secured repayment of its loan by recording a third deed

24  of trust against the subject property in Huntington Beach and a property in Agua Dulce, California,

25  which is one of the other four, similar equity theft transactions referenced above.  AFCI provided

26  the loan even though Zucaro was not a qualified borrower, having a history of defaulting on loans

27  and filing multiple bankruptcy cases, and there was an insufficient equity cushion in the subject

28  Huntington Beach property to satisfy repayment of AFCI's loan.  AFCI maintains its third deed of

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

1859

OPPOSITION OF PLAINTIFF BICH THY SONG NGUYEN TO MOTION OF
DEFENDANT UNITED LENDER, LLC, FOR APPOINTMENT OF A RECEIVER

1  trust against the Huntington Beach property in order to cloud title and impair and impede

2  Plaintiff's right to rescind the fraudulent transaction involving the property. The foregoing facts

3  indicate that AFCI is involved in the fraudulent scheme of Zucaro, United Lender, et al.

4      Law enforcement is catching up with the Defendants. In the first days of March 2020,

5  Zucaro was arrested and charged in Ventura County with three felony counts of financial and real

6  estate-related fraud separate from the five equity fraud scams described above. On or about July

7  8, 2020, Zucaro plead guilty to one of the three felony counts – felony diversion of construction

8  funds. Thus, Zucaro is a convicted felon and has forfeited her real estate agent's license.

9      In addition, Zucaro filed a Chapter 11 bankruptcy case on June 8, 2020; however, it is the

10  subject of the U.S. Trustee's motion to dismiss or convert case, to which Zucaro has filed a notice

11  of non-opposition. That bankruptcy case will likely be dismissed soon. Zucaro admitted in her

12  pending bankruptcy case that she has filed no less than three other personal bankruptcy cases

13  (1996, 2007 and 2017).

14      Zucaro's business entity, Helping Others International, apparently filed a Chapter 11

15  bankruptcy case on June 29, 2020. In all likelihood, that case too will be dismissed or converted

16  to a liquidation case under Chapter 7.

17  **2.      THE REQUEST FOR A RECEIVER MUST BE DENIED BECAUSE IT IS BASED**

18  **ON A CROSS-COMPLAINT THAT IS IMPROPERLY BEFORE THIS COURT**

19  **AND IS THE SUBJECT OF A MOTION TO STRIKE**

20      United Lender has no right or authority to request appointment of a receiver, because

21  United Lender has not filed a valid cross-complaint seeking such affirmative relief. United

22  Lender's purported cross-complaint filed March 4, 2020 was filed improperly and without leave of

23  court. (RJN, ¶ 1.) Plaintiff, who is a named cross-defendant, filed a motion to strike the cross-

24  complaint, and the hearing on the motion to strike (and the demurrer) is set for July 21, 2020.

25  (RJN, ¶¶ 1 – 8, **Exs. "A" – "E."**) As set forth in Plaintiff's motion to strike and reply brief,

26  because United Lender failed to timely file its cross-complaint by February 20 when it filed its

27  response to the First Amended Complaint, it is required under Code of Civil Procedure section

28  428.5, subdivision (c), to obtain leave of court to file it. (RJN, **Exs. "A" and "B."**) United

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

3

1860

OPPOSITION OF PLAINTIFF ANH THY SONG NGUYEN TO MOTION OF
DEFENDANT UNITED LENDER, LLC, FOR APPOINTMENT OF A RECEIVER

1    Lender did not seek or obtain leave of court when it filed its cross-complaint on March 4.

2    Consequently, the cross-complaint is not "filed in conformity with the laws of this state" and

3    should be stricken.  (Code Civ. Proc. § 436, subd. (b).)

4         As discussed in Plaintiff's demurrer to the cross-complaint, the purported cross-complaint

5    is incomplete, uncertain and fails to state facts sufficient to constitute a cause of action.  The cross-

6    complaint omits all five exhibits upon which it is based and that are incorporated by reference.

7    Consequently and as a matter of law, the cross-complaint fails to state facts sufficient to constitute

8    a cause of action.  Plaintiff will not repeat the arguments and authorities here.  Plaintiff requests

9    the Court take judicial notice of her demurrer (ROA #165) and her reply brief in support of the

10   demurrer (ROA #231).  (RJN, ¶ 5.)  (Weil & Brown, Cal. Practice Guide: Civil Procedure Before

11   Trial (The Rutter Group 2020) ¶¶ 6:127, 6:233 – 6:236).

12        Code of Civil Procedure section 564, subdivisions (a), (b) and (c), authorizes the

13   appointment of a receiver in a pending action for such relief.  Here, United Lender does not have a

14   valid pending action for appointment of a receiver.

15        What's more, California Rules of Court, rule 3.1176, provides that United Lender is

16   required to serve on each adverse party a valid cross-complaint (along with a motion for

17   appointment of receiver).  Here, since United Lender has not filed a cross-complaint in accordance

18   with the law, it has not served on adverse parties a valid cross-complaint.  Again, the cross-

19   complaint is improperly before this Court because United Lender did not obtain leave of court to

20   file it.

21        Absent a valid cross-complaint seeking affirmative relief for appointment of a receiver,

22   United Lender may not bring a motion for such relief.  Accordingly, the motion must be denied.

23   **3.    UNITED LENDER FAILS TO MAKE THE NECESSARY SHOWING FOR**

24        **APPOINTMENT OF A RECEIVER**

25        **A.    The Declarations Submitted In Support Of The Motion Are Several Months**

26             **Old And Contain Stale, Irrelevant And Inadmissible Testimony**

27        United Lender submits four declarations in support of the motion that are dated in

28   February and March 2020.  The Declarations include: the original Declaration of Shawn Ahdoot

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

4

186

OPPOSITION OF PLAINTIFF TIMOTHY SONG NGUYEN TO MOTION OF
DEFENDANT UNITED LENDER, LLC, FOR APPOINTMENT OF A RECEIVER

1    dated February 27; the Supplemental Declaration of Shawn Ahdoot dated March 30; the

2    Declaration of Jesse Bosque dated March 24; and the Declaration of Alfredo Velasquez dated

3    March 24.  The Declarations are approximately four months old.  Plaintiff has filed evidentiary

4    objections to all these Declarations.  The stale Declarations should be stricken on the ground of

5    relevance.  The testimony does not provide relevant information regarding facts and circumstances

6    that exist as of July 15, 2020.  The testimony in the Declarations is inadmissible for other reasons

7    as specifically stated in the evidentiary objections accompanying this opposition brief.

8    **B.**    **The Motion Is Not Supported By Evidence Establishing A Statutory Ground**

9    **For Appointment Of A Receiver**

10    A receivership is a time-consuming, expensive and potentially unjust remedy.  It should

11    not be requested unless it is "absolutely essential." (Weil & Brown, *supra*, ¶ 9:743.)

12    The moving papers must contain facts establishing one of the statutory grounds for

13    appointment of a receiver.  (Weil & Brown, *supra*, ¶ 9:759.)  As discussed above and in Plaintiff's

14    evidentiary objections, the motion is not supported by facts establishing grounds for appointment

15    of a receiver under Code of Civil Procedure section 564.   There is no showing that the subject

16    property is in danger of being lost, removed or materially injured and that the property is probably

17    insufficient to discharge the deed of trust or mortgage debt.  (Code Civ. Proc. § 564, subd. (b)(2).)

18    There is no showing of damages.  There is no showing that the property value is being eroded.

19    **C.**    **The Motion Is Not Supported By Evidence Showing Irreparable Injury And**

20    **Inadequacy Of Other Remedies**

21    Since a receivership is an equitable remedy, the equitable considerations in an injunction

22    proceeding apply, i.e., there must be a showing of irreparable injury and inadequacy of other

23    remedies.  (Weil & Brown, *supra*, ¶¶ 9:753, 9:759.)  There is no showing of irreparable injury.

24    There is no evidence of current, existing conditions regarding the property.  United Lender's

25    reliance on the stale Declarations is a sufficient basis for concluding that there is no irreparable

26    injury, not to mention that irrespective of the stale nature of the testimony, it still fails to establish

27    irreparable injury to United Lender.

28    //

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

5

1862

1    The Declarations fail to satisfy the showing required under California Rules of Court, rule

2    3.1175.  For instance, there is no evidence of the name, address and telephone numbers of the

3    persons in possession of the property.  In fact, the motion does not identify Ascension Recovery.

4    Similarly, the Declarations do not show that the appointment of receiver is "absolutely

5    essential" to protecting its alleged interest in the property.

6    United Lender has not made the necessary showing for an extreme and expensive remedy

7    such as appointment of a receiver.

8    **4.    UNITED LENDER HAS NOT GIVEN NOTICE OF ITS PURPORTED CROSS-**

9    **COMPLAINT OR MOTION TO A NECESSARY PARTY, DEFENDANT**

10    **ASCENSION RECOVERY, INC., WHO OCCUPIES THE SUBJECT PROPERTY**

11    As discussed above, California Rules of Court, rule 3.1176, requires United Lender not

12    only serve a valid cross-complaint on all interested parties, but also it must serve its motion for

13    appointment of receiver on all adverse parties.  (Cal. Rules of Court, rule 3.1176(b); Weil &

14    Brown, *supra*, ¶ 9:758.)  Absent providing proper and full notice to all interested parties of a valid

15    cross-complaint and the motion for appointment of receiver, the motion should be denied. (Cal.

16    Rules of Court, rule 3.1176(b), (c).)

17    Here, United Lender has not named as a cross-defendant nor served its motion on a party

18    to this action, defendant (Doe 1) Ascension Recovery, Inc., dba Restored Life Recovery

19    ("Ascension"), who would be directly affected by the appointment of a receiver.

20    Plaintiff learned in discovery from defendant American Financial Services, Inc. ("AFCI"),

21    that Ascension is the borrower on the loan from AFCI and secured by AFCI's third deed of trust

22    on the subject property.  (Smits Dec., ¶ 3, **Ex. "I."**)  AFCI's loan documents and public records

23    with the California Secretary of State (RJN, **Ex. "H"**) reflect that Ascension occupies or possesses

24    the subject property.  AFCI obtained loan guarantees from defendant Helping Others International,

25    LLC, and defendant Megan Zucaro who reportedly owns and operates Ascension.  The guarantee

26    provided by Helping Others International, who bought the property from Plaintiff, is the basis for

27    AFCI's third deed of trust.

28    / /

LAW OFFICES OF ANDREW A. SMITH
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

6

1863

OPPOSITION OF PLAINTIFF BICH THY SONG NGUYEN TO MOTION OF
DEFENDANT UNITED LENDER, LLC, FOR APPOINTMENT OF A RECEIVER

1    United Lender has had sufficient time to give notice of its motion to Ascension but has

2    failed to provide any notice.  United Lender learned of Ascension being named as defendant on

3    May 27, 2020 when Plaintiff filed an Amendment to the First Amended Complaint re Doe 1

4    (Ascension) and served all parties herein, including United Lender.  (RJN, **Ex. "F."**)  On June 25,

5    2020, Plaintiff served all parties with the proof of service showing that Ascension was served with

6    the summons, first amended complaint and related papers. (RJN, **Ex. "G."**)

7    United Lender's failure to give notice of its motion to Ascension is reason alone to deny

8    the motion.

9    **5.    UNITED LENDER MAY NOT OBTAIN A RECEIVER AND COLLECT RENTS**

10   **PURSUANT TO ITS DEED OF TRUST THAT WAS OBTAINED BY FRAUD**

11   Plaintiff has alleged in this action that United Lender obtained its first deed of trust by

12   fraudulent means and as part of a conspiracy among Megan Zucaro, who is a recently convicted

13   felon re a financial crime, and the other defendants to steal the equity of Plaintiff.  Plaintiff sold

14   the subject property and took back a promissory note in the amount of $1.2 million secured by a

15   second deed of trust in connection with the sale.  Plaintiff has further alleged with specificity that

16   United Lender and the other defendants herein have conspired to steal the equity of at least four

17   other sellers of residential properties in Southern California.  On February 11, 2020 and based on

18   compelling evidence submitted by Plaintiff in support of her request for a preliminary injunction,

19   this Court issued a preliminary injunction enjoining United Lender from conducting a foreclosure

20   sale, which would have eliminated Plaintiff's junior lien against the property.

21   United Lender seeks the appointment of receiver, which is an equitable remedy.  However,

22   by all indications and the evidence presented by Plaintiff to date in this action, United Lender has

23   not done equity.  A maxim of jurisprudence provides that one who seeks equity must do equity.

24   Applying this maxim, United Lender is not entitled to the equitable remedy it seeks in this motion.

25   **6.    UNITED LENDER FAILS TO MAKE THE NECESSARY SHOWING FOR AN**

26   **OSC WHY A RECEIVER SHOULD NOT BE CONFIRMED**

27   For all the reasons discussed above, United Lender fails to make the necessary showing for

28   an order to show cause why a receiver should not be confirmed.  Accordingly, United Lender's

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

7

OPPOSITION OF PLAINTIFF HANH THY SONG NGUYEN TO MOTION OF
DEFENDANT UNITED LENDER, LLC, FOR APPOINTMENT OF A RECEIVER

1   request for the OSC should be denied.

2   **7.      UNITED LENDER FAILS TO MAKE THE NECESSARY SHOWING FOR A TRO**

3          For all the reasons discussed above, United Lender fails to make the necessary showing for

4   a temporary restraining order.  Accordingly, United Lender's request for the TRO should be

5   denied.

6   **8.      UNITED LENDER FAILS TO MAKE THE NECESSARY SHOWING FOR AN**

7   **          OSC WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED**

8          For all the reasons discussed above, United Lender fails to make the necessary showing

9   for an order to show cause why a preliminary injunction should not be granted.  Accordingly,

10  United Lender's request for the OSC should be denied.

11  **9.      IF THE COURT IS INCLINED TO APPOINT A RECEIVER, THEN TWO**

12  **          SEPARATE BONDS SHOULD BE ORDERED**

13         Although Plaintiff opposes United Lender's request for appointment of a receiver, if the

14  Court is inclined to grant the request, then the Court should order two separate bonds be posted as

15  a condition for granting the request.  However, United Lender does not satisfy its burden in this

16  regard either.  United Lender does not propose an amount or provide evidence in support of an

17  amount of any bond, which it is required to do.  (Cal. Rules of Court, rule 3.1178.)

18         First, a receiver is required to post a bond before he enters upon performance of his duties.

19  (Code Civ. Proc. § 567.)  A court should fix the amount of the bond high enough to cover the

20  value of any cash or transferable personal property coming into the receiver's possession.

21  However, United Lender does not make the necessary showing to establish a value for the bond.

22         Second, this Court has the power and discretion to require United Lender to post a bond to

23  cover the damages to Plaintiff (and other interested parties) that may result if the appointment of a

24  receiver turned out to be erroneous.  (Code Civ. Proc. § 566; Weil & Brown, *supra*, ¶¶ 9:760 –

25  9:761.1e.)

26  //

27  //

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

8

1865

OPPOSITION OF PLAINTIFF ANH THY SONG NGUYEN TO MOTION OF
DEFENDANT UNITED LENDER, LLC, FOR APPOINTMENT OF A RECEIVER

1    **10.    CONCLUSION**

2        Based on the foregoing, Plaintiff respectfully requests the Court deny United Lender's

3    motion for the appointment of a receiver.

4

5    Dated: July 15, 2020                                LAW OFFICES OF ANDREW A. SMITS

6

7                                        By: _____

8                                            Andrew A. Smits
                                             Attorney for Plaintiff Anh Thy Song Nguyen,
9                                            Trustee of Mother Nature Trust

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

                                            9

OPPOSITION OF PLAINTIFF ANH THY SONG NGUYEN TO MOTION OF
DEFENDANT UNITED LENDER, LLC, FOR APPOINTMENT OF A RECEIVER

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On July 15, 2020, I served the document described as follows: **OPPOSITION OF PLAINTIFF ANH THY SONG NGUYEN TO MOTION OF DEFENDANT UNITED LENDER, LLC, FOR: (1) APPOINTMENT OF A RECEIVER; (2) ORDER TO SHOW CAUSE WHY THE APPOINTMENT OF A RECEIVER SHOULD NOT BE CONFIRMED; (3) TEMPORARY RESTRAINING ORDER; AND (4) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant, Cross-defendant, and Cross-complainant in *pro per* | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail: leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial Center, Inc. |

LAW OFFICES OF ANDREW A. SMITS<br>36 Executive Park<br>Suite 160<br>Irvine, California 92614-4794<br>Telephone: (949) 833-1025<br>Email: asmits@smits-law.com

1

1867

PROOF OF SERVICE

| | |
|---|---|
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: 310-550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: 310-827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot |
| Vincent J. Davitt and Anita Jain<br>Meylan Davitt Jain Arevian & Kim LLP<br>444 S. Flower Street, Suite 1850<br>Los Angeles, CA 90071<br><br>Telephone: (213) 225-6000<br>Email: vdavitt@mdjalaw.com<br>      ajain@mdjalaw.com<br><br>Attorneys for defendant United Lender, LLC | Ascension Recovery, Inc.,<br>dba Restored Life Recovery<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant |

 [  ] **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

 [ X ] **(By E-mail/Electronic Service)** I caused the document to be sent to the persons at the electronic service addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

 [  ] **(By Personal Service)** I caused to be delivered by hand such envelope to the addressee. The messenger's proof of service will be prepared and available.

 [  ] **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above, by placing the true copies in separate envelopes for each addressee, with the name and address of the person served shown on the envelope and by sealing the envelope and placing it for collection and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

 Executed on July 15, 2020 at Irvine, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.


 KIMBERLY RICHARDSON

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

PROOF OF SERVICE

# EXHIBIT 165

1869

Andrew A. Smits (State Bar No. 146659)
Law Offices of Andrew A. Smits
36 Executive Park, Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email:    asmits@smits-law.com

Attorney for Plaintiff Anh Thy Song Nguyen,
Trustee of Mother Nature Trust

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; all other persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto; and DOES 1 through 100, inclusive,<br><br>Defendants.<br>_____<br><br>AND RELATED CROSS-ACTIONS. | Case No.: 30-2020-01124778-CU-FR-CJC<br><br>Assigned: Judge Walter Schwarm<br>            Dept.: C19<br><br>**REQUEST FOR JUDICIAL NOTICE OF PLAINTIFF ANH THY SONG NGUYEN RE OPPOSITION TO MOTION OF DEFENDANT UNITED LENDER, LLC, FOR:**<br><br>**(1) APPOINTMENT OF A RECEIVER;**<br>**(2) ORDER TO SHOW CAUSE WHY THE APPOINTMENT OF A RECEIVER SHOULD NOT BE CONFIRMED;**<br>**(3) TEMPORARY RESTRAINING ORDER; AND**<br>**(4) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED**<br><br>Date:   July 28, 2020<br>Time:   9:00 a.m.<br>Dept.:  C19<br><br>Complaint filed: January 15, 2020<br>Trial date:      August 27, 2021 |

Pursuant to Evidence Code sections 452 and 453, plaintiff Anh Thy Song Nguyen, Trustee

of Mother Nature Trust ("Plaintiff"), makes this request for judicial notice in support of her

1

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

REQUEST FOR JUDICIAL NOTICE OF PLAINTIFF ANH THY SONG NGUYEN RE OPPOSITION TO
MOTION OF DEFENDANT UNITED LENDER, LLC, FOR APPOINTMENT OF A RECEIVER

1    opposition to the motion of defendant United Lender, LLC, for:  (1) appointment of a receiver; (2)

2    order to show cause why the appointment of a receiver should not be confirmed; (3) temporary

3    restraining order; and (4) order to show cause why a preliminary injunction should not be granted.

4        Plaintiff requests the Court take judicial notice of the following documents in the Court's

5    file in this action:

6        1.    Cross-complaint dated March 4, 2020, filed by defendant United Lender, LLC

7    (ROA #96);

8        2.    Notice of Motion and Motion of Plaintiff Anh Thy Song Nguyen to Strike Cross-

9    complaint of Defendant United Lender, LLC; and Memorandum of Points and Authorities in

10   Support Thereof dated April 7, 2020 (ROA #160), a copy of which is attached hereto as **Exhibit**

11   **"A";**

12       3.    Request for Judicial Notice of Plaintiff Anh Thy Song Nguyen in Support of

13   Motion to Strike Cross-complaint of Defendant United Lender, LLC dated April 7, 2020 (ROA

14   #162);

15       4.    Reply of Plaintiff and Cross-defendant Anh Thy Song Nguyen, Trustee of Mother

16   Nature Trust, in Support of Motion to Strike Cross-complaint of United Lender, LLC (ROA

17   #229), a copy of which is attached hereto as **Exhibit "B";**

18       5.    Notice of Demurrer and Demurrer of Plaintiff Anh Thy Song Nguyen to Cross-

19   complaint of Defendant United Lender, LLC; and Memorandum of Points and Authorities in

20   Support Thereof dated April 7, 2020 (ROA #165);

21       6.    Declaration of Maurice Wainer in Support of Ex Parte Application for Order

22   Advancing Hearing on Petition to Compel Arbitration and to Stay Action Pending Award of

23   Arbitrator dated March 3, 2020 (ROA# 90 or 94), wherein he states that the property at-issue is

24   **"unoccupied."**  A copy of the declaration is attached hereto as **Exhibit "C."**

25       7.    Notice of Continuance of Hearing on Motion of Plaintiff and Cross-defendant Anh

26   Thy Song Nguyen, Trustee of Mother Nature Trust, and as an Individual, to Strike Cross-complaint

27   of United Lender, LLC, dated July 7, 2020 (ROA #212), a copy of which is attached hereto as

28   **Exhibit "D."**

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

187

REQUEST FOR JUDICIAL NOTICE OF PLAINTIFF ANH THY SONG NGUYEN RE OPPOSITION TO
MOTION OF DEFENDANT UNITED LENDER, LLC, FOR APPOINTMENT OF A RECEIVER

1    8.    Notice of Continuance of Hearing on Demurrer of Plaintiff and Cross-defendant Anh

2  Thy Song Nguyen, Trustee of Mother Nature Trust, and as an Individual, to Cross-complaint of

3  United Lender, LLC, dated July 7, 2020 (ROA #213), a copy of which is attached hereto as **Exhibit**

4  **"E."**

5    9.    Amendment to First Amended Complaint – Doe 1 (ROA #141) as Ascension

6  Recovery, Inc., dba Restored Life Recovery, dated May 27, 2020, a copy of which is attached

7  hereto as **Exhibit "F"**;

8    10.    Proof of Service for Amendment to First Amended Complaint – Doe 1 (ROA #190)

9  as Ascension Recovery, Inc., dba Restored Life Recovery, dated June 25, 2020, a copy of which is

10  attached hereto as **Exhibit "G"**; and

11    11.    Statement of Information for Ascension Recovery, Inc., filed on August 1, 2019

12  with the California Secretary of State, a copy of which is attached hereto as **Exhibit "H."**

13

14  Dated: July 15, 2020                                    LAW OFFICES OF ANDREW A. SMITS

15

16

17                                          By: _____

18                                              Andrew A. Smits
                                                Attorney for Plaintiff Anh Thy Song Nguyen,
19                                              Trustee of Mother Nature Trust

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

3

REQUEST FOR JUDICIAL NOTICE OF PLAINTIFF ANH THY SONG NGUYEN RE OPPOSITION TO
MOTION OF DEFENDANT UNITED LENDER, LLC, FOR APPOINTMENT OF A RECEIVER

1872

# EXHIBIT "A"

Case 1:20-ap-01070-VK    Doc 1-5    Filed 07/17/20    Entered 07/17/20 12:25:43    Desc
Exhibit d 24 4 J-7 & POS    Page 286 of 429
Electronically Filed by Superior Court of California, County of Orange, 03/29/2020 06:00:00 PM.
30-2020-01124778-CU-FR-CJC - ROA # 160 - DAVID H. YAMASAKI, Clerk of the Court By Giovanni Galon, Deputy Clerk.

1    Andrew A. Smits (State Bar No. 146659)
     Law Offices of Andrew A. Smits
2    36 Executive Park, Suite 160
     Irvine, California 92614-4794
3    Telephone: (949) 833-1025
     Email:    asmits@smits-law.com
4
     Attorney for Plaintiff Anh Thy Song Nguyen,
5    Trustee of Mother Nature Trust, and Cross-defendant
     Anh Thy Song Nguyen, Trustee of Mother Nature
6    Trust, and an individual

7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9        **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

| | |
|---|---|
| 11  ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, | Case No.: 30-2020-01124778-CU-FR-CJC |
| 12 | Assigned: Judge Walter Schwarm |
| 13           Plaintiff, |          Dept.: C19 |
| 14        vs. | |
| 15  UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an | **NOTICE OF MOTION AND MOTION OF PLAINTIFF ANH THY SONG NGUYEN TO STRIKE CROSS-** |

UNITED LENDER, LLC, a Nevada limited
liability company; SHAWN AHDOOT, an
individual; ALBERT A. AHDOOT, an
individual; MEGAN E. ZUCARO, an
individual; HELPING OTHERS
INTERNATIONAL, LLC, a Delaware
limited liability company; WESTERN
FIDELITY ASSOCIATES, LLC, a California
limited liability company, dba WESTERN
FIDELITY TRUSTEES; JOHN B. SPEAR,
an individual; AMERICAN FINANCIAL
CENTER, INC., a California corporation; all
other persons unknown, claiming any legal or
equitable right, title, estate, lien, or interest in
the property described in the complaint
adverse to Plaintiff's title, or any cloud upon
Plaintiff's title thereto; and DOES 1 through
100, inclusive,

          Defendants.

AND RELATED CROSS-COMPLAINT

**NOTICE OF MOTION AND MOTION
OF PLAINTIFF ANH THY SONG
NGUYEN TO STRIKE CROSS-
COMPLAINT OF DEFENDANT UNITED
LENDER, LLC; AND MEMORANDUM
OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF**

**[Decl. of Andrew A. Smits and Request for
Judicial Notice submitted herewith]**

Date:  July 21, 2020
Time:  1:30 p.m.
Dept.:  C19

Reservation Number: 73260120

Complaint filed: January 15, 2020
Trial date:    Not set

27

28

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

                                  1

# TABLE OF CONTENTS

Page

1.  STATEMENT OF PERTINENT FACTS ........................................................................... 1

2.  SUMMARY OF ARGUMENT ...................................................................................... 2

3.  THE CROSS-COMPLAINT SHOULD BE STRICKEN .................................................. 2

    A.  This Court Is Authorized To Strike An Entire Pleading ......................................... 2

    B.  United Lender Is Required To Obtain Leave Of Court To File The Cross-
        complaint, And It Failed To Do So .................................................................... 2

4.  CONCLUSION .......................................................................................................... 3

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

i

NOTICE OF MOTION AND MOTION OF PLAINTIFF ANH THY SONG NGUYEN TO STRIKE CROSS-
COMPLAINT OF DEFENDANT UNITED LENDER, LLC; AND MEMO. OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ferraro v. Camarlinghi* (2008) 161 Cal.App.4th 509...................................................................2

**STATUTES**

Code of Civil Procedure § 428.50 ................................................................................................ 3

Code of Civil Procedure § 428.50, subd. (c) ............................................................................... 3

Code of Civil Procedure § 435 ..................................................................................................... 2

Code of Civil Procedure § 436 ..................................................................................................... 2

Code of Civil Procedure § 436, subd. (b) .................................................................................... 2

**OTHER AUTHORITIES**

Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial

    (The Rutter Group 2020) ¶¶ 6:551, 6:552, 6:555 .............................................................. 2

Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial

    (The Rutter Group 2020) ¶ 7:174 ...................................................................................... 2

LAW OFFICES OF ANDREW A. SMITS
16 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1023
Email: asmits@smits-law.com

ii

NOTICE OF MOTION AND MOTION OF PLAINTIFF ANH THY SONG NGUYEN TO STRIKE CROSS-
COMPLAINT OF DEFENDANT UNITED LENDER, LLC; AND MEMO. OF POINTS AND AUTHORITIES

1876

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that on July 21, 2020 at 1:30 p.m., or as soon thereafter as the

3  matter can be heard by the Honorable Walter Schwarm, judge presiding, in Department C19 of the

4  Orange County Superior Court, Central Justice Center, located at 700 Civic Center Drive West,

5  Santa Ana, California 92701, plaintiff and cross-defendant Anh Thy Song Nguyen, in all named

6  capacities, will move, and hereby does move, for an order to strike the Cross-complaint dated

7  March 4, 2020 of defendant and cross-complainant United Lender, LLC.

8    This motion is made based on the following facts:

9    1.    On January 15, 2020, plaintiff and cross-defendant Anh Thy Song Nguyen, Trustee

10  of Mother Nature Trust ("Plaintiff"), filed the complaint in this this action, alleging, among other

11  things, that the defendants have engaged in a real estate equity theft fraud scheme with respect to

12  Plaintiff and several other persons in Southern California who sold their homes.

13    2.    On January 21, 2020, Plaintiff filed the first amended complaint herein.

14    3.    On February 21, 2020, defendant United Lender, LLC, and its principals and alter

15  egos, defendants Shawn Ahdoot and Albert A. Ahdoot responded to the first amended complaint

16  by filing a petition to compel arbitration in lieu of an answer.  Defendants filed the petition to

17  compel arbitration even though none of them are a party to, or a third-party beneficiary of, the

18  standard California Residential Purchase Agreement under which they seek to compel arbitration

19  of this action.

20    4.    On March 4, 2020, defendant and cross-complainant United Lender, LLC ("United

21  Lender"), filed a cross-complaint, asserting 11 purported causes of action, 10 of which name

22  Plaintiff as a cross-defendant.

23    This motion is made pursuant to Code of Civil Procedure sections 435, 435.5, 436 and 437,

24  which authorize the Court to strike a pleading that is not drawn or filed in conformity with the

25  laws of this state or a court rule.  This motion is also made pursuant to and based on Code of Civil

26  Procedure section 428.50 on the grounds that United Lender's cross-complaint is filed in violation

27  of a deadline and the requirement of obtaining prior leave of court.  Section 428.50 requires a

28  cross-complaint by a party to be filed before or simultaneously with the party's response to a

LAW OFFICES OF ANDREW A. SMITH
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmith@smith-law.com

1

NOTICE OF MOTION AND MOTION OF PLAINTIFF ANH THY SONG NGUYEN TO STRIKE CROSS-
COMPLAINT OF DEFENDANT UNITED LENDER, LLC; AND MEMO. OF POINTS AND AUTHORITIES

1    complaint. Under section 428.50, subdivision (c), if a cross-complaint is not filed before or

2    simultaneously with the response to the complaint, then leave of court is required in order to file it.

3    Here, United Lender filed its cross-complaint on March 4, which is nearly two weeks after having

4    filed its response to the first amended complaint on February 21, 2020. United Lender did not

5    obtain leave of court to file its cross-complaint. Therefore, the entire cross-complaint should be

6    stricken.

7          This motion is based on the notice of motion, the memorandum of points and authorities

8    attached hereto, the declaration of Andrew A. Smits submitted herewith, the request for judicial

9    notice filed herewith, the pleadings and papers on file with the Court, any matters the Court may

10    judicially notice, and on such other matters as may properly come before the Court.

11

12    Dated: April 7, 2020                          LAW OFFICES OF ANDREW A. SMITS

13

14

15    By: _____

16                                               Andrew A. Smits
                                               Attorney for Plaintiff Anh Thy Song Nguyen,
17                                               Trustee of Mother Nature Trust, and Cross-
                                               defendant Anh Thy Song Nguyen, Trustee of
                                               Mother Nature Trust, and an individual

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
16 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

NOTICE OF MOTION AND MOTION OF PLAINTIFF ANH THY SONG NGUYEN TO STRIKE CROSS-
COMPLAINT OF DEFENDANT UNITED LENDER, LLC; AND MEMO. OF POINTS AND AUTHORITIES

1878

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    STATEMENT OF PERTINENT FACTS

This is a real estate fraud case wherein plaintiff and cross-defendant Anh Thy Song Nguyen, Trustee of Mother Nature Trust ("Plaintiff"), sold a $3.1 million home located in Huntington Beach, California to defendant Megan Zucaro ("Zucaro") and her Delaware limited liability company, defendant Helping Others International, LLC ("Helping Others"). Zucaro/Helping Others used a private lender, defendant and cross-complainant United Lender, LLC, a Nevada limited liability company ("United Lender"), to fund a $1.9 million purchase loan. Zucaro talked Plaintiff into seller carryback financing wherein Plaintiff funded a $1.2 million loan to the buyer of record, Helping Others, secured by a second deed of trust. Helping Others defaulted on the first payments due on United Lender's and Plaintiff's loans. United Lender promptly commenced foreclosure proceedings on its first deed of trust, seeking to eliminate Plaintiff's junior deed of trust. United Lender and Zucaro have engaged in this real estate equity fraud scheme in at least four other instances in Southern California.

On January 15, 2020, plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust ("Plaintiff"), filed the complaint in this this action, alleging, among other things, that the defendants have engaged in the above-described, real estate equity theft fraud scheme with respect to Plaintiff and at least four other home sellers in Southern California. On January 21, 2020, Plaintiff filed the first amended complaint herein.

On February 11, 2020, this Court issued a preliminary injunction enjoining any foreclosure sale by the defendants with respect to the Huntington Beach property.

On February 21, 2020, United Lender and its principals and alter egos, defendants Shawn Ahdoot and Albert A. Ahdoot, responded to the first amended complaint by filing a petition to compel arbitration in lieu of an answer. Defendants filed the petition to compel arbitration even though none of them are a party to, or a third-party beneficiary of, the standard California Residential Purchase Agreement under which they seek to compel arbitration of this action.

/ /

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone (949) 833-1025
Email: asmits@smits-law.com

1

NOTICE OF MOTION AND MOTION OF PLAINTIFF ANH THY SONG NGUYEN TO STRIKE CROSS-COMPLAINT OF DEFENDANT UNITED LENDER, LLC; AND MEMO. OF POINTS AND AUTHORITIES

1879

1    Nearly two weeks after responding to the first amended complaint, United Lender filed a

2    cross-complaint dated March 4, 2020, asserting 11 purported causes of action, 10 of which name

3    Plaintiff as a cross-defendant.  Incredibly, the gist of the cross-complaint is that Plaintiff, who was

4    the seller in the subject real estate transaction, committed fraud as to the buyer's (Zucaro/Helping

5    Others) private lender and co-conspirator, United Lender.

6    Law enforcement is catching up with the Defendants.  In the first days of March 2020,

7    Zucaro was arrested and charged in Ventura County with three felony counts of financial and real

8    estate-related fraud separate from the five equity fraud scams described above.  Now that the

9    Defendants are aware they are being investigated and pursued by government authorities, the

10   finger-pointing among the Defendants has begun.  United Lender and its alter ego, defendant

11   Shawn Ahdoot, filed a cross-complaint on March 4 and other papers on March 30, accusing

12   Zucaro of misconduct. (Req. Judicial Notice, Exs. "E" and "F.")

13   **2.    SUMMARY OF ARGUMENT**

14   United Lender's cross-complaint is improperly before this Court.  The law is clear.  A

15   cross-complaint by a party must be filed before or simultaneously with the party's response to a

16   complaint.  If a cross-complaint is not filed before or simultaneously with the response to the

17   complaint, then leave of court is required in order to file it.  Here, United Lender filed its cross-

18   complaint nearly two weeks after it filed its response to the first amended complaint.  Therefore,

19   the entire cross-complaint should be stricken.

20   **3.    THE CROSS-COMPLAINT SHOULD BE STRICKEN**

21   **A.    This Court Is Authorized To Strike An Entire Pleading**

22   Code of Civil Procedure sections 435 and 436 authorize the Court to strike an entire

23   pleading that is not drawn or filed in conformity with the laws of this state or a court rule.  Code of

24   Civil Procedure section 436, subdivision (b), is commonly invoked to challenge pleadings filed in

25   violation of a deadline or requirement of prior leave of court.  (Weil & Brown, Cal. Practice

26   Guide: Civil Procedure Before Trial (The Rutter Group 2020) ¶ 7:174 (citing *Ferraro v.*

27   *Camarlinghi* (2008) 161 Cal.App.4th 509, 528.)

28   //

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

NOTICE OF MOTION AND MOTION OF PLAINTIFF ANH THY SONG NGUYEN TO STRIKE CROSS-
COMPLAINT OF DEFENDANT UNITED LENDER, LLC; AND MEMO. OF POINTS AND AUTHORITIES

1880

1  **B.** **United Lender Is Required To Obtain Leave Of Court To File The Cross-**

2  **complaint, And It Failed To Do So**

3  United Lender's cross-complaint is filed in violation of a deadline and the requirement of

4  obtaining prior leave of court. Code of Civil Procedure section 428.50 requires a cross-complaint

5  by a party to be filed before or simultaneously with the party's response to a complaint. Under

6  section 428.50, subdivision (c), if a cross-complaint is not filed before or simultaneously with the

7  response to the complaint, then leave of court is required in order to file it. (Weil & Brown, *supra*,

8  ¶¶ 6:551, 6:552, 6:555.)

9  Here, United Lender filed its cross-complaint on March 4, which is weeks after having

10  filed its response to the first amended complaint on February 21, 2020. United Lender did not

11  obtain leave of court to file its cross-complaint. Therefore, the entire cross-complaint should be

12  stricken.

13  **4.** **CONCLUSION**

14  United Lender violated Code of Civil Procedure section 428.50 by failing to obtain leave

15  of court to file its cross-complaint. As such, the cross-complaint is not filed in conformity with

16  the laws of this state and should be stricken.

17

18  Dated: April 7, 2020                    LAW OFFICES OF ANDREW A. SMITS

19

20

21  By: _____

    Andrew A. Smits

22  Attorney for Plaintiff Anh Thy Song Nguyen,
    Trustee of Mother Nature Trust, and Cross-

23  defendant Anh Thy Song Nguyen, Trustee of
    Mother Nature Trust, and an individual

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

3

NOTICE OF MOTION AND MOTION OF PLAINTIFF ANH THY SONG NGUYEN TO STRIKE CROSS-
COMPLAINT OF DEFENDANT UNITED LENDER, LLC; AND MEMO. OF POINTS AND AUTHORITIES

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On April 7, 2020, I served the document described as follows: **DECLARATION OF ANDREW A. SMITS RE MEET AND CONFER AND IN SUPPORT OF MOTION OF PLAINTIFF ANH THY SONG NGUYEN TO STRIKE CROSS-COMPLAINT OF DEFENDANT UNITED LENDER, LLC** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>Todd Road Jail-In custody<br>600 S. Todd Road<br>Santa Paula, CA 93060<br><br>Defendant and Cross-defendant | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>Todd Road Jail-In custody<br>600 S. Todd Road<br>Santa Paula, CA 93060<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail: leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial Center, Inc. |
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: 310-550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: 310-827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

PROOF OF SERVICE

1882

[ X ] **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ] **(By E-mail/Electronic Service Only to Maurice Wainer, Lawrence C. Meyerson, and Lori E. Eropkin)** I caused the document to be sent to the persons at the electronic service addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[   ] **(By Personal Service)** I caused to be delivered by hand such envelope to the addressee. The messenger's proof of service will be prepared and available.

[   ] **(By Facsimile)** I caused such document to be transmitted by facsimile to the offices of the addressee. Upon completion of the said facsimile transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error. A copy of the said transmission report is attached hereto.

[   ] **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above, by placing the true copies in separate envelopes for each addressee, with the name and address of the person served shown on the envelope and by sealing the envelope and placing it for collection and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on April 7, 2020 at Irvine, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

KIMBERLY RICHARDSON

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

PROOF OF SERVICE

1883

# EXHIBIT "B"

1   Andrew A. Smits (State Bar No. 146659)
    Law Offices of Andrew A. Smits
2   36 Executive Park, Suite 160
    Irvine, California 92614-4794
3   Telephone: (949) 833-1025
    Email:      asmits@smits-law.com
4
5   Attorney for Plaintiff Anh Thy Song Nguyen,
    Trustee of Mother Nature Trust, and Cross-defendant
    Anh Thy Song Nguyen, Trustee of Mother Nature Trust,
6   and an individual
7
8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9               **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**
10
11  ANH THY SONG NGUYEN, TRUSTEE OF          Case No.: 30-2020-01124778-CU-FR-CJC
    MOTHER NATURE TRUST,
12                                            Assigned: Judge Walter Schwarm
                        Plaintiff,                      Dept.: C19
13
14          vs.
15  UNITED LENDER, LLC, a Nevada limited      **REPLY OF PLAINTIFF AND CROSS-
    liability company; SHAWN AHDOOT, an       DEFENDANT ANH THY SONG NGUYEN,
    individual; ALBERT A. AHDOOT, an          TRUSTEE OF MOTHER NATURE
16  individual; MEGAN E. ZUCARO, an           TRUST, IN SUPPORT OF MOTION TO
    individual; HELPING OTHERS                STRIKE CROSS-COMPLAINT OF
17  INTERNATIONAL, LLC, a Delaware            UNITED LENDER, LLC
    limited liability company; WESTERN        (RELATED TO ROA #160)**
18  FIDELITY ASSOCIATES, LLC, a California
    limited liability company, dba WESTERN
19  FIDELITY TRUSTEES; JOHN B. SPEAR,
    an individual; AMERICAN FINANCIAL         Date:  July 21, 2020
20  CENTER, INC., a California corporation; all    Time:  9:00 a.m.
    other persons unknown, claiming any legal or   Dept.:  C19
21  equitable right, title, estate, lien, or interest in
    the property described in the complaint
22  adverse to Plaintiff's title, or any cloud upon
    Plaintiff's title thereto; and DOES 1 through
23  100, inclusive,
                        Defendants.
24                                            Complaint filed: January 15, 2020
                                             Trial date:      August 27, 2021
25  AND RELATED CROSS-ACTIONS.
26
27
28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

                                             1

REPLY OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER
NATURE TRUST, IN SUPPORT OF MOTION TO STRIKE CROSS-COMPLAINT OF UNITED LENDER, LLC

# TABLE OF CONTENTS

Page

1.    THE CROSS-COMPLAINT IS NOT PROPERLY FILED WITH THIS

COURT ........................................................................................................................... 1

2.    CONCLUSION .............................................................................................................. 2

Law Offices of Andrew A. Smits
16 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

i

1886

REPLY OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER
NATURE TRUST, IN SUPPORT OF MOTION TO STRIKE CROSS-COMPLAINT OF UNITED LENDER, LLC

# TABLE OF AUTHORITIES

Page

**Statutes**

Code of Civil Procedure § 428.50 .................................................................................................. 1

Code of Civil Procedure § 428.5, subd. (a) ................................................................................... 1

Code of Civil Procedure § 428.5, subd. (c) ................................................................................... 2

Code of Civil Procedure § 436, subd. (b)....................................................................................... 2

Code of Civil Procedure § 1281.2 .................................................................................................. 1

Code of Civil Procedure § 1281.7 .................................................................................................. 1


**Other Authorities**

Black's Law Dictionary
    (5th Ed. 1979)......................................................................................................................... 1

Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial
    (The Rutter Group 2020) ¶ 6:551 .......................................................................................... 2

Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial
    (The Rutter Group 2020) ¶ 6:552 .......................................................................................... 2

Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial
    (The Rutter Group 2020) ¶ 6:555 .......................................................................................... 2

Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial
    (The Rutter Group 2020) ¶ 7:174 .......................................................................................... 2

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone (949) 833-1025
Email: asmits@smits-law.com

ii

REPLY OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER
NATURE TRUST, IN SUPPORT OF MOTION TO STRIKE CROSS-COMPLAINT OF UNITED LENDER, LLC

1    Plaintiff and cross-defendant Anh Thy Song Nguyen, Trustee of Mother Nature Trust, in

2    all named capacities ("Plaintiff"), submits this reply brief in support of her motion to strike the

3    cross-complaint of defendant and cross-complainant United Lender, LLC.

4    **1.    THE CROSS-COMPLAINT IS NOT PROPERLY FILED WITH THIS COURT**

5    To be clear, defendant United Lender, LLC ("United Lender") filed its response to

6    Plaintiff's First Amended Complaint ("FAC") on **February 20, 2020**.  United Lender's response

7    to the FAC is a petition to compel arbitration.  (See, Court's ROA #69.)  United Lender (and its

8    alter egos, defendants Shawn Ahdoot and Albert A. Ahdoot) filed the petition to compel

9    arbitration pursuant to Code of Civil Procedure sections 1281.2 and 1281.7.  Section 1281.7

10   provides in relevant part as follows:

11   "A petition pursuant to Section 1281.2 may be filed **in lieu of** an answer to a complaint

12   (emphasis added)."

13   Black's Law Dictionary defines "in lieu of" as follows: "Instead of; in place of; in substitution of."

14   (Black's Law Dictionary (5th Ed. 1979.)  Based on the foregoing, the petition to compel

15   arbitration was filed "in place of" or "in substitution of" of an answer to the FAC.

16   The filing of a cross-complaint is governed by Code of Civil Procedure section 428.50

17   provides as follows:

18   "(a) A party shall file a cross-complaint against any of the parties who filed the complaint

19   or cross-complaint against him or her before or at the same time as the answer to the

20   complaint or cross-complaint."

21   (b) Any other cross-complaint may be filed at any time before the court has set a date for

22   trial.

23   (c) A party shall obtain leave of court to file any cross-complaint except one filed within

24   the time specified in subdivision (a) or (b).  Leave may be granted in the interest of justice

25   at any time during the course of the action."

26

27   Under Section 428.5, subdivision (a), United Lender's cross-complaint was due to be filed

28   "before or at the same time" as the answer to the FAC.  Since United Lender's petition to compel

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone  (949) 833-1025
Email: asmits@smits-law.com

1

REPLY OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER
NATURE TRUST, IN SUPPORT OF MOTION TO STRIKE CROSS-COMPLAINT OF UNITED LENDER, LLC

1    arbitration was filed "in substitution of" its answer to the FAC on February 20, United Lender was

2    required to file its cross-complaint before or on February 20.  However, United Lender did not file

3    its cross-complaint by February 20.  Rather, United Lender belatedly filed its cross-complaint on

4    March 4, 2020 (see, Court's ROA #96) when it figured out it wanted to bring on March 4 an ex

5    parte application for appointment of a receiver, which of course required a pleading such as a

6    cross-complaint seeking such affirmative relief from this Court (and not an arbitrator pursuant to a

7    petition to compel arbitration, which United Lender implicitly acknowledges will not likely be

8    granted).

9         Because United Lender failed to timely file its cross-complaint by February 20, it is

10   required under Code of Civil Procedure section 428.5, subdivision (c), to obtain leave of court to

11   file it.  United Lender did not seek or obtain leave of court when it filed its cross-complaint on

12   March 4.  Consequently, the cross-complaint is not "filed in conformity with the laws of this

13   state." (Code Civ. Proc. § 436, subd. (b); (Weil & Brown, Cal. Practice Guide: Civil Procedure

14   Before Trial (The Rutter Group 2020) ¶¶ 6:551, 6:552, 6:555, 7:174.)

15   **2.    CONCLUSION**

16        United Lender filed its cross-complaint in disregard of the laws of this state.  What's more

17   and as discussed in Plaintiff's demurrer to the cross-complaint to be heard concurrently herewith,

18   the cross-complaint has numerous fatal defects, including but not limited to omitting all the

19   exhibits referenced therein and upon which it is based.  So, not only is the cross-complaint

20   improperly before this Court, it is incomplete and uncertain as a matter of law, and therefore it is

21   an invalid pleading.  Plaintiff respectfully requests the cross-complaint be stricken in its entirety.

22   Dated: July 14, 2020                                  LAW OFFICES OF ANDREW A. SMITS

23

24

25   By: _____
                                                         Andrew A. Smits
26                                                       Attorney for Plaintiff Anh Thy Song Nguyen,
                                                         Trustee of Mother Nature Trust, and Cross-
27                                                       defendant Anh Thy Song Nguyen, Trustee of
                                                         Mother Nature Trust, and an individual

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF ORANGE

1

2      I am employed in the County of Orange, State of California. I am over the age of 18 and not
a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California
3      92614-4794. My email address is kimberly@smits-law.com.

4      On July 14, 2020, I served the document described as follows: **REPLY OF PLAINTIFF
AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER
5      NATURE TRUST, IN SUPPORT OF MOTION TO STRIKE CROSS-COMPLAINT OF
UNITED LENDER, LLC** on interested parties in this action by placing a true copy thereof
6      enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant, Cross-defendant, and Cross-complainant in *pro per* | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity<br>Associates, LLC, dba Western Fidelity<br>Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail: leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial<br>Center, Inc. |
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: (310) 550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendant and Cross-complainant United Lender, LLC, a Nevada<br>Limited Liability Company, and Defendants<br>Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: (310) 827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendant and Cross-complainant United Lender, LLC, a Nevada<br>Limited Liability Company, and Defendants<br>Shawn Ahdoot and Albert A. Ahdoot |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

1890

PROOF OF SERVICE

| | |
|---|---|
| Vincent J. Davitt and Anita Jain<br>Meylan Davitt Jain Arevian & Kim LLP<br>444 S. Flower Street, Suite 1850<br>Los Angeles, CA 90071<br><br>Telephone: (213) 225-6000<br>Email: vdavitt@mdjalaw.com<br>         ajain@mdjalaw.com<br><br>Attorneys for defendant United Lender, LLC | Ascension Recovery, Inc.,<br>dba Restored Life Recovery<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant |

[ ]  **(By U.S. Mail)**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]  **(By E-mail/Electronic Service)**  I caused the document to be sent to the persons at the electronic service addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]  **(By Personal Service)** I caused to be delivered by hand such envelope to the  addressee.  The messenger's proof of service will be prepared and available.

[ ]  **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above, by placing the true copies in separate envelopes for each addressee, with the name and address of the person served shown on the envelope and by sealing the envelope and placing it for collection and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on July 14, 2020 at Irvine, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.


KIMBERLY RICHARDSON

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

PROOF OF SERVICE

# EXHIBIT "C"

1 | LAWRENCE C. MEYERSON (SBN 54136)
A PROFESSIONAL LAW CORPORATION
2 | 5521 Mission Rd., Ste 399
Bonsall, CA 92003
3 | Telephone: (310) 827-3344
Email: *lcm@lcmplc.com*
4 |
5 | MAURICE WAINER (SBN 121678)
SNIPPER WAINER & MARKOFF
232 North Canon Drive
6 | Beverly Hills, CA 90210-5302
Telephone: (310) 550-5770
7 | Email: *mrwainer@swmfirm.com*
8 | Attorneys for Defendants
UNITED LENDER, LLC, a Nevada limited
9 | liability company; SHAWN AHDOOT, an
individual; ALBERT A. AHDOOT, an individual
10 |

11 | <center>**SUPERIOR COURT OF THE STATE OF CALIFORNIA**</center>

12 | <center>**FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**</center>

13 |

14 | ANH THY SONG NGUYEN, TRUSTEE OF
MOTHER NATURE TRUST,
15 |
    Plaintiff,
16 |
vs.
17 |
UNITED LENDER, LLC, a Nevada limited
18 | liability company; SHAWN AHDOOT, an
individual; ALBERT A. AHDOOT, an
19 | individual; MEGAN E. ZUCARO, an
individual; HELPING OTHERS
20 | INTERNATIONAL, LLC, a Delaware limited
liability company; WESTERN FIDELITY
21 | ASSOCIATES, LLC, a California limited
liability company, dba WESTERN FIDELITY
22 | TRUSTEES; JOHN B. SPEAR, an individual;
AMERICAN FINANCIAL CENTER, INC., a
23 | California corporation; and DOES 1 through
100, inclusive,
24 |
    Defendants.
25 |
26 |
27 |
28 |

Case No. 30-2020-01124778-CU-FR-CJC
Hon. Walter Schwarm, Judge Assigned for
All Purposes, Department C19

**DECLARATION OF MAURICE
WAINER IN SUPPORT OF EX PARTE
APPLICATION FOR ORDER
ADVANCING HEARING ON
PETITION TO COMPEL
ARBITRATION AND TO STAY
ACTION PENDING AWARD OF
ARBITRATOR
(RELATED TO ROA #71)**

*[Filed with Ex Parte Application,
Memorandum of Points and Authorities;
Request for Judicial Notice; and Proposed
Order]*

Ex Parte Application Hearing Date:
DATE: March 5, 2020
TIME: 8:30 a.m.
DEPT: C19
Current Petition Hearing Date:
DATE: June 30, 2020
TIME: 1:30 p.m.
DEPT: C19
RES. NO.: 73228533
Action filed: 01/15/2020

<center>1</center>

---

<center>**DECLARATION OF MAURICE WAINER ISO EX PARTE APPLICATION FOR ORDER ADVANCING
HEARING ON PETITION TO COMPEL ARBITRATION**</center>

d.     Megan E. Zucaro, on behalf of Megan E. Zucaro, an individual, and Helping Others International, LLC, a Delaware limited liability company Others") (collectively, the "Zucaro Defendants"), email: m@megazee.com; and

e.     John B. Spear (Real Estate Broker), email: JohnBSpear@gmail.com.

5.     If the Petition is not heard until June 30, 2020, it would cause the filing of unnecessary motions and Plaintiff would seek to exploit the situation to argue it is excused from its agreement to arbitrate due to waiver. Efficient use of Court time and resources is served by having the Petition heard before other motions, and if the Petition is granted then any further motions would occur in arbitration.

6.     In addition, Megan E. Zucaro ("Zucaro") and Helping Others International, LLC ("Helping Others") (collectively, the "Zucaro Defendants") are not presently maintaining or managing the at issue property at 6475 Marigayle Circle, Huntington Beach, California 92648 (the "Property"), which is unoccupied.

7.     There are a multitude of tasks that must be performed to protect the value of the Property that is part of Lender Defendants' collateral, *as well as* the collateral of the Plaintiff.

8.     Accordingly, it is respectfully submitted that good cause exists for this Court to advance the hearing date on Applicants' Petition to Compel Arbitration and to Stay Action Pending Award of Arbitrator (the "Petition") from June 30, 2020 to an earlier date available on the Court's calendar.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on March 3, 2020, at Beverly Hills, California.


*/s/ Maurice Wainer*
_____
Maurice Wainer


3

**DECLARATION OF MAURICE WAINER ISO EX PARTE APPLICATION FOR ORDER ADVANCING HEARING ON PETITION TO COMPEL ARBITRATION**

STEPHEN J. SNIPPER
(RETIRED)
MAURICE WAINER
NANCY YOUNG MARKOFF

LAW OFFICES
**SNIPPER, WAINER & MARKOFF**
232 North Canon Drive
Beverly Hills, California 90210-5302

TELEPHONE
(310) 550-5770

March 3, 2020

*VIA EMAIL*

*VIA EMAIL ONLY*

*Andrew A. Smits, Esq., Law Offices of Andrew A. Smits, Attorney for Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust, via email asmits@smits-law.com*

*Robert Schachter, Hitchcock, Bowman & Schachter, Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees, via email: rs@rschachterlaw.com*

*Lori E. Eropkin, Levinson Arshonsky & Kurtz, LLP, Attorneys for Defendant American Financial Center, Inc., via email: leropkin@laklawyers.com;*

*Megan E. Zucaro, on behalf of Megan E. Zucaro, an individual, and Helping Others International, LLC, a Delaware limited liability company Others") (collectively, the "Zucaro Cross Defendants"), via email: m@megazee.com;*

*John B. Spear (Real Estate Broker)and Tri Star Equity. via email: JohnBSpear@gmail.com*

Re:   *Ex Parte Notice of Application to Advance Hearing on Petition to Compel Arbitration*
      *Ex Parte Notice Of Application for Appointment of Receiver, etc.*
      *United Lender, LLC adv. Nguyen – OCSC Case No. 30-2020-01124778-CU-FR-CJC*

Dear Counsel:

This letter shall provide your client, by and through your office, with ex parte notice that on March 5, 2020, at 8:30 a.m., in Department C19 of the Orange County Superior Court, Central Justice Center, 700 Civic Center Drive, Santa Ana, CA 92701, Defendant and Cross-Complainant, United Lender, LLC, a Nevada limited liability company ("United Lender") and Defendants Shawn Ahdoot, an individual, and Albert A. Ahdoot, an individual (collectively, "Lender Defendants"), will apply to the court, Ex Parte, for an order advancing the hearing on Lender Defendants' Petition to Compel Arbitration and to Stay Action Pending Award of Arbitrator (the "Application To Advance") filed and served herein and presently set for hearing on June 30, 2020, at 1:30 p.m. We have also filed other documents in support of the Application to Advance which you have been served with and which are identified in the Declaration of Maurice Wainer.

At the same date, time and place as the Application To Advance on March 5, 2020, at 8:30 a.m., in Department C19 of the Orange County Superior Court, Central Justice Center, 700 Civic Center Drive, Santa Ana, CA 92701 United Lender will bring an Ex Parte Application for the Appointment of a Receiver on behalf of United Lender which application is also being served

Exhibit "6"

**SNIPPER, WAINER & MARKOFF**
Hon. Jacqueline Connor
July 13, 2018
Page 2 of XXX

and filed ("Appointment of a Receiver"). The papers in support of the Ex Parte Application for the Appointment of a Receiver are described in the Declaration of Maurice Wainer Re; Notice For Ex Parte Hearing in support of the Appointment of the Receiver which have been emailed to you.

The Ex Parte Application to Advance is made on the grounds and pursuant to the provisions of Rule 1005(b) of the *California Rules For Court* Rule 1005, because if the Petition is not heard until June 30, 2020, it would cause the filing of unnecessary motions and Plaintiff or Helping Others may seek to exploit the need to file motions to protect the Property which is the subject of this Action or argue it/she is excused from an agreement to arbitrate due to waiver. Efficient use of Court time and resources is served by having the Petition to Compel Arbitration heard before other motions, and if the Petition is granted then any further motions would likely occur in arbitration. In addition, Megan E. Zucaro ("Zucaro") and Helping Others International, LLC ("Helping Others") (collectively, the "Zucaro Defendants") are not presently maintaining or managing the at issue property at 6475 Marigayle Circle, Huntington Beach, California 92648 (the "Property") and rents are being diverted, causing irreparable injury as detailed in the Ex Parte Application to Appoint Receiver . There are a multitude of tasks that must be performed to protect the value of the Property that is part of Lender Defendants' collateral, *as well as* the collateral of the Plaintiff. The grounds for the Appointment Of the Receiver are set forth in the papers filed in support that are also identified in the declaration of Maurice Wainer re: Notice in support of Ex Parte. These documents have been emailed to you.

Please advise if you will oppose the foregoing Ex Parte Applications. If you have any questions or concerns please phone or email me.

Very truly yours,

SNIPPER, WAINER & MARKOFF

Maurice Wainer
*mrwainer@swmfirm.com*

cc: Lawrence C. Meyerson, Esq.

# EXHIBIT "D"

Electronically Filed by Superior Court of California, County of Orange, 07/08/2020 10:11:00 AM.
30-2020-01124778-CU-FR-CJC - ROA # 212 - DAVID H. YAMASAKI, Clerk of the Court By Briana Brown, Deputy Clerk.

1  Andrew A. Smits (State Bar No. 146659)
   Law Offices of Andrew A. Smits
2  36 Executive Park, Suite 160
   Irvine, California 92614-4794
3  Telephone: (949) 833-1025
   Email:    asmits@smits-law.com
4
   Attorney for Plaintiff Anh Thy Song Nguyen,
5  Trustee of Mother Nature Trust, and Cross-defendant
   Anh Thy Song Nguyen, Trustee of Mother Nature Trust,
6  and an individual
7
8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9          **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**
10
11  ANH THY SONG NGUYEN, TRUSTEE OF        Case No.: 30-2020-01124778-CU-FR-CJC
    MOTHER NATURE TRUST,
12                                          Assigned: Judge Walter Schwarm
                  Plaintiff,                         Dept.: C19
13
14        vs.
                                            **NOTICE OF CONTINUANCE OF**
15  UNITED LENDER, LLC, a Nevada limited    **HEARING ON MOTION OF PLAINTIFF**
    liability company; SHAWN AHDOOT, an     **AND CROSS-DEFENDANT ANH THY**
16  individual; ALBERT A. AHDOOT, an        **SONG NGUYEN, TRUSTEE OF**
    individual; MEGAN E. ZUCARO, an         **MOTHER NATURE TRUST, AND AS AN**
17  individual; HELPING OTHERS              **INDIVIDUAL, TO STRIKE CROSS-**
    INTERNATIONAL, LLC, a Delaware          **COMPLAINT OF UNITED LENDER,**
18  limited liability company; WESTERN      **LLC**
    FIDELITY ASSOCIATES, LLC, a California
19  limited liability company, dba WESTERN
    FIDELITY TRUSTEES; JOHN B. SPEAR,       Date:   July 21, 2020
20  an individual; AMERICAN FINANCIAL       Time:   9:00 a.m.
    CENTER, INC., a California corporation; all  Dept.:  C19
21  other persons unknown, claiming any legal or
    equitable right, title, estate, lien, or interest in
22  the property described in the complaint
    adverse to Plaintiff's title, or any cloud upon
23  Plaintiff's title thereto; and DOES 1 through
    100, inclusive,
24                Defendants.
25
26  AND RELATED CROSS-ACTIONS.              Complaint filed: January 15, 2020
                                            Trial date:      August 27, 2021
27
28        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

                                      1
Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

NOTICE OF CONTINUANCE OF HEARING ON MOTION OF PLAINTIFF AND CROSS-DEFENDANT
ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, AND AS AN INDIVIDUAL,
TO STRIKE CROSS-COMPLAINT OF UNITED LENDER, LLC

1898

1        PLEASE TAKE NOTICE that the Court has continued the hearing on the motion of

2  plaintiff and cross-defendant Anh Thy Song Nguyen, Trustee of Mother Nature Trust, and as an

3  individual, to strike Cross-complaint of cross-complainant United Lender, LLC, from July 21,

4  2020 at 1:30 p.m. in Department C19 to July 21, 2020 at **9:00 a.m.** in Department C19 of the

5  above-entitled court.  A copy of the Court's Notice of Continuance is attached hereto.

6

7  Dated: July 7, 2020                  LAW OFFICES OF ANDREW A. SMITS

8

9

10

11             By: _____

12               Andrew A. Smits
             Attorney for Plaintiff Anh Thy Song Nguyen,

13               Trustee of Mother Nature Trust, and Cross-
             defendant Anh Thy Song Nguyen, Trustee of

14               Mother Nature Trust, and an individual

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 Civic Center Dr. West<br>MAILING ADDRESS: 700 Civic Center Dr. West<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | *FOR COURT USE ONLY* |
|---|---|
| PLAINTIFF/PETITIONER: Anh Thy Song Nguyen | |
| DEFENDANT/RESPONDENT: United Lender, LLC | |
| SHORT TITLE: Anh Thy Song Nguyen vs. United Lender, LLC | |

| NOTICE OF CONTINUANCE | CASE NUMBER:<br>30-2020-01124778-CU-FR-CJC |
|---|---|

Please be advised that:

The Motion to Strike Cross-Complaint in the above entitled action has been continued to 07/21/2020 at 09:00:00 AM in C19 of the above named court.

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions. www.occourts.org/media-relations/CoronaVirusUpdate.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas. www.occourts.org/media-relations/CoronaVirusUpdate.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị. www.occourts.org/media-relations/CoronaVirusUpdate.html

NOTICE OF CONTINUANCE                                           Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

**SHORT TITLE:** Nguyen vs. United Lender, LLC

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | **CASE NUMBER:** 30-2020-01124778-CU-FR-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Continuance has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 7/1/20. Following standard court practice the mailing will occur at Sacramento, California on 7/2/20.

HELPING OTHERS INTERNATIONAL, LLC
4501 W CHANNEL ISLAND BOULEVARD 94
OXNARD, CA 90305

LAWRENCE C. MEYERSON, A PROFESSIONAL
LAW CORP.
5521 MISSION ROAD 399
BONSALL, CA 92003

LAWRENCE C. MEYERSON, APLC
5521 MISSION ROAD 399
BONSALL, CA 92003

MEGAN E. ZUCARO
4501 W CHANNEL ISLAND BOULEVARD 94
OXNARD, CA 90305

SNIPPER WAINER & MARKOFF
232 N CANON DRIVE
BEVERLY HILLS, CA 90210

WESTERN FIDELITY ASSOCIATES, LLC
1222 CRENSHAW BOULEVARD B
TORRANCE, CA 90501

Clerk of the Court, by: *Kimberley Handing* , Deputy

I certify that I am not a party to this cause. I certify that the following document(s), Notice of Continuance, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on July 1, 2020, at 3:29:30 PM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

LAW OFFICES OF ANDREW A. SMITS
ASMITS@SMITS-LAW.COM

LEVINSON ARSHONSKY & KURTZ, LLP
LEROPKIN@LAKLAWYERS.COM

MEYLAN DAVITT JAIN AREVIAN & KIM LLP
AJAIN@MDJALAW.COM

MEYLAN DAVITT JAIN AREVIAN & KIM LLP
VDAVITT@MDJALAW.COM

Clerk of the Court, by: *Kimberley Handing* , Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)

Code of Civ. Procedure , § CCP1013(a)

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On July 8, 2020, I served the document described as follows: **NOTICE OF CONTINUANCE OF HEARING ON MOTION OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, AND AS AN INDIVIDUAL, TO STRIKE CROSS-COMPLAINT OF UNITED LENDER, LLC,** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant, Cross-defendant, and Cross-complainant in *pro per* | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail: leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial Center, Inc. |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

PROOF OF SERVICE

1902

| | |
|---|---|
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: (310) 550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: (310) 827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot |
| Vincent J. Davitt and Anita Jain<br>Meylan Davitt Jain Arevian & Kim LLP<br>444 S. Flower Street, Suite 1850<br>Los Angeles, CA 90071<br><br>Telephone: (213) 225-6000<br>Email: vdavitt@mdjalaw.com<br>    ajain@mdjalaw.com<br><br>Attorneys for defendant United Lender, LLC | Ascension Recovery, Inc.,<br>dba Restored Life Recovery<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant |

[ ] **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ] **(By E-mail/Electronic Service)** I caused the document to be sent to the persons at the electronic service addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] **(By Personal Service)** I caused to be delivered by hand such envelope to the addressee. The messenger's proof of service will be prepared and available.

[ ] **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above, by placing the true copies in separate envelopes for each addressee, with the name and address of the person served shown on the envelope and by sealing the envelope and placing it for collection and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on July 8, 2020 at Irvine, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.


KIMBERLY RICHARDSON

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

# EXHIBIT "E"

Electronically Filed by Superior Court of California, County of Orange, 07/08/2020 10:11:00 AM.
30-2020-01124778-CU-FR-CJC - ROA # 213 - DAVID H. YAMASAKI, Clerk of the Court By Briana Brown, Deputy Clerk.

1   Andrew A. Smits (State Bar No. 146659)
    Law Offices of Andrew A. Smits
2   36 Executive Park, Suite 160
    Irvine, California 92614-4794
3   Telephone: (949) 833-1025
    Email:      asmits@smits-law.com
4
    Attorney for Plaintiff Anh Thy Song Nguyen,
5   Trustee of Mother Nature Trust, and Cross-defendant
    Anh Thy Song Nguyen, Trustee of Mother Nature Trust,
6   and an individual

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11  ANH THY SONG NGUYEN, TRUSTEE OF        Case No.: 30-2020-01124778-CU-FR-CJC
    MOTHER NATURE TRUST,
12                                          Assigned: Judge Walter Schwarm
                    Plaintiff,                        Dept.: C19
13
                vs.
14                                          **NOTICE OF CONTINUANCE OF**
    UNITED LENDER, LLC, a Nevada limited   **HEARING ON DEMURRER OF**
15  liability company; SHAWN AHDOOT, an    **PLAINTIFF AND CROSS-DEFENDANT**
    individual; ALBERT A. AHDOOT, an       **ANH THY SONG NGUYEN, TRUSTEE**
16  individual; MEGAN E. ZUCARO, an        **OF MOTHER NATURE TRUST, AND AS**
    individual; HELPING OTHERS             **AN INDIVIDUAL, TO CROSS-**
17  INTERNATIONAL, LLC, a Delaware         **COMPLAINT OF UNITED LENDER,**
    limited liability company; WESTERN     **LLC**
18  FIDELITY ASSOCIATES, LLC, a California
    limited liability company, dba WESTERN
19  FIDELITY TRUSTEES; JOHN B. SPEAR,      Date:  July 21, 2020
    an individual; AMERICAN FINANCIAL      Time:  9:00 a.m.
20  CENTER, INC., a California corporation; all   Dept.: C19
    other persons unknown, claiming any legal or
21  equitable right, title, estate, lien, or interest in
    the property described in the complaint
22  adverse to Plaintiff's title, or any cloud upon
    Plaintiff's title thereto; and DOES 1 through
23  100, inclusive,
                    Defendants.
24

25  AND RELATED CROSS-ACTIONS.            Complaint filed: January 15, 2020
                                          Trial date:      August 27, 2021
26

27              TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

28
                                        1

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

NOTICE OF CONTINUANCE OF HEARING ON DEMURRER OF PLAINTIFF AND CROSS-DEFENDANT
ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, AND AS AN INDIVIDUAL,
TO CROSS-COMPLAINT OF UNITED LENDER, LLC

1905

1      PLEASE TAKE NOTICE that the Court has continued the hearing on demurrer of plaintiff

2  and cross-defendant Anh Thy Song Nguyen, Trustee of Mother Nature Trust, and as an individual,

3  to the Cross-complaint of cross-complainant United Lender, LLC, from July 21, 2020 at 1:30 p.m.

4  in Department C19 to July 21, 2020 at **9:00 a.m.** in Department C19 of the above-entitled court.

5  A copy of the Court's Notice of Continuance is attached hereto.

6

7  Dated: July 7, 2020                     LAW OFFICES OF ANDREW A. SMITS

8

9

10

11  By: _____

12  Andrew A. Smits
   Attorney for Plaintiff Anh Thy Song Nguyen,
   Trustee of Mother Nature Trust, and Cross-
   defendant Anh Thy Song Nguyen, Trustee of
13  Mother Nature Trust, and an individual

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone (949) 833-1025
Email: asmits@smits-law.com

NOTICE OF CONTINUANCE OF HEARING ON DEMURRER OF PLAINTIFF AND CROSS-DEFENDANT
ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, AND AS AN INDIVIDUAL,
TO CROSS-COMPLAINT OF UNITED LENDER, LLC

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE** | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS: 700 Civic Center Dr. West<br>MAILING ADDRESS: 700 Civic Center Dr. West<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | |

| PLAINTIFF/PETITIONER: Anh Thy Song Nguyen |
|---|
| DEFENDANT/RESPONDENT: United Lender, LLC |
| SHORT TITLE: Anh Thy Song Nguyen vs. United Lender, LLC |

| **NOTICE OF CONTINUANCE** | CASE NUMBER:<br>30-2020-01124778-CU-FR-CJC |
|---|---|

Please be advised that:

The Demurrer to Cross-Complaint in the above entitled action has been continued to 07/21/2020 at 09:00:00 AM in C19 of the above named court.

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions. www.occourts.org/media-relations/CoronaVirusUpdate.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas. www.occourts.org/media-relations/CoronaVirusUpdate.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị. www.occourts.org/media-relations/CoronaVirusUpdate.html

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

**SHORT TITLE:** Nguyen vs. United Lender, LLC

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | **CASE NUMBER:** 30-2020-01124778-CU-FR-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Continuance has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 7/1/20. Following standard court practice the mailing will occur at Sacramento, California on 7/2/20.

HELPING OTHERS INTERNATIONAL, LLC
4501 W CHANNEL ISLAND BOULEVARD 94
OXNARD, CA 90305

LAWRENCE C. MEYERSON, A PROFESSIONAL
LAW CORP.
5521 MISSION ROAD 399
BONSALL, CA 92003

LAWRENCE C. MEYERSON, APLC
5521 MISSION ROAD 399
BONSALL, CA 92003

MEGAN E. ZUCARO
4501 W CHANNEL ISLAND BOULEVARD 94
OXNARD, CA 90305

SNIPPER WAINER & MARKOFF
232 N CANON DRIVE
BEVERLY HILLS, CA 90210

WESTERN FIDELITY ASSOCIATES, LLC
1222 CRENSHAW BOULEVARD B
TORRANCE, CA 90501

Clerk of the Court, by: *Kimberley Handing* , Deputy

I certify that I am not a party to this cause. I certify that the following document(s), Notice of Continuance, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on July 1, 2020, at 3:29:31 PM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

LAW OFFICES OF ANDREW A. SMITS
ASMITS@SMITS-LAW.COM

LEVINSON ARSHONSKY & KURTZ, LLP
LEROPKIN@LAKLAWYERS.COM

MEYLAN DAVITT JAIN AREVIAN & KIM LLP
AJAIN@MDJALAW.COM

MEYLAN DAVITT JAIN AREVIAN & KIM LLP
VDAVITT@MDJALAW.COM

Clerk of the Court, by: *Kimberley Handing* , Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)

Code of Civ. Procedure , § CCP1013(a)

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On July 8, 2020, I served the document described as follows: **NOTICE OF CONTINUANCE OF HEARING ON DEMURRER OF PLAINTIFF AND CROSS-DEFENDANT ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, AND AS AN INDIVIDUAL, TO CROSS-COMPLAINT OF UNITED LENDER, LLC,** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant, Cross-defendant, and Cross-complainant in *pro per* | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail: leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial Center, Inc. |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

PROOF OF SERVICE

1909

| | |
|---|---|
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: (310) 550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: (310) 827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot |
| Vincent J. Davitt and Anita Jain<br>Meylan Davitt Jain Arevian & Kim LLP<br>444 S. Flower Street, Suite 1850<br>Los Angeles, CA 90071<br><br>Telephone: (213) 225-6000<br>Email: vdavitt@mdjalaw.com<br>ajain@mdjalaw.com<br><br>Attorneys for defendant United Lender, LLC | Ascension Recovery, Inc.,<br>dba Restored Life Recovery<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant |

[  ] **(By U.S. Mail)**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ] **(By E-mail/Electronic Service)**  I caused the document to be sent to the persons at the electronic service addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[  ] **(By Personal Service)** I caused to be delivered by hand such envelope to the addressee. The messenger's proof of service will be prepared and available.

[  ] **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above, by placing the true copies in separate envelopes for each addressee, with the name and address of the person served shown on the envelope and by sealing the envelope and placing it for collection and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on July 8, 2020 at Irvine, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

KIMBERLY RICHARDSON

LAW OFFICES OF ANDREW A. SMITS<br>36 Executive Park<br>Suite 160<br>Irvine, California 92614-4791<br>Telephone: (949) 833-1025<br>Email: asmits@smits-law.com

2

PROOF OF SERVICE
1910

# EXHIBIT "F"

Electronically Filed by Superior Court of California, County of Orange, 05/27/2020 02:57:00 PM.
30-2020-01124778-CU-FR-CJC - ROA # 141 - DAVID H. YAMASAKI, Clerk of the Court By Briana Brown, Deputy Clerk.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO.: 146659<br>NAME: Andrew A. Smits<br>FIRM NAME: Law Offices of Andrew A. Smits<br>STREET ADDRESS: 36 Executive Park, Suite 160<br>CITY: Irvine        STATE: CA        ZIP CODE: 92614<br>TELEPHONE NO.: 949 833-1025        FAX NO.:<br>E-MAIL ADDRESS: asmits@smits-law.com<br>ATTORNEY FOR *(name)*: Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE |
|---|
| JUSTICE CENTER:<br>■ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701<br>☐ Harbor- Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North - 1275 N. Berkeley Ave., P. O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-4593 |

| PLAINTIFF: Anh Thy Song Nguyen, Trustee of Mother Nature Trust<br><br>DEFENDANT: United Lender, LLC, et al. | CASE NUMBER:<br><br>30-2020-01124778-CU-FR-CJC |
|---|---|

| AMENDMENT TO ☒   FIRST   ☐ CROSS-COMPLAINT<br><br>AMENDED COMPLAINT | Case assigned to:<br>Judge: Walter Schwarm<br>Department: C19<br>Date complaint filed: Jan. 15, 2020<br>Hearing/trial date: Trial not set |
|---|---|

**FICTITIOUS NAME UNDER SECTION 474, CODE OF CIVIL PROCEDURE (NO ORDER REQUIRED)**

I have discovered the true name of ■ Doe 1 ☐ Roe _____ to be Ascension Recovery, Inc., dba Restored Life Recovery

The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: 5/27/20

Andrew A. Smits
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY)


**INCORRECT NAME UNDER SECTION 473, CODE OF CIVIL PROCEDURE (ORDER REQUIRED)**

The complaint/cross-complaint incorrectly named the defendant/cross-defendant as _____.

I have discovered the true name of the party to be _____

I request the complaint/cross-complaint be amended to reflect the true name wherever it appears in the pleading.

Date: _____

_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY)

**ORDER**
The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: _____                              _____
                                                              JUDICIAL OFFICER

| Approved for Optional Use<br>L-0132 (Rev. March 2019) | **AMENDMENT TO COMPLAINT/CROSS-COMPLAINT** | Code of Civil Procedure,<br>§§ 473, 474 |
|---|---|---|

For your protection and privacy please press the
CLEAR THIS FORM button after you have
printed the form

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On May 27, 2020, I served the document described as follows: **AMENDMENT TO FIRST AMENDED COMPLAINT** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail: leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial Center, Inc. |
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: (310) 550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: (310) 827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

PROOF OF SERVICE

1913

1

[ ] **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal

2

Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary
course of business. I am aware that on motion of the party served, service is presumed invalid if

3

postal cancellation date or postage meter date is more than one day after date of deposit for mailing
in affidavit.

4

5

[ X ] **(By E-mail/Electronic Service)** I caused the document to be sent to the persons at
the electronic service addresses listed above. I did not receive, within a reasonable time after the

6

transmission, any electronic message or other indication that the transmission was unsuccessful.

7

[ ] **(By Personal Service)** I caused to be delivered by hand such envelope to the addressee.
The messenger's proof of service will be prepared and available.

8

[ ] **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above,

9

by placing the true copies in separate envelopes for each addressee, with the name and address of
the person served shown on the envelope and by sealing the envelope and placing it for collection

10

and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

11

Executed on May 27, 2020 at Irvine, California. I declare under penalty of perjury under the
laws of the State of California that the above is true and correct.

12

13    KIMBERLY RICHARDSON

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of Andrew A. Smits
16 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

PROOF OF SERVICE

# EXHIBIT "G"

Electronically Filed by Superior Court of California, County of Orange, 06/26/2020 11:23:00 AM.
30-2020-01124778-CU-FR-CJC - ROA # 190 - DAVID H. YAMASAKI, Clerk of the Court By James M Haines, Deputy Clerk

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Andrew A. Smits \| SBN: 146659<br>Law Offices of Andrew A. Smits<br>36 Executive Park, Suite 160  Irvine, CA 92614<br><br>TELEPHONE NO.: (949) 833-1025 \| FAX NO. \| E-MAIL ADDRESS *(Optional)*: asmits@smitslaw.com<br>ATTORNEY FOR *(Name)*: : | |

**ORANGE COUNTY SUPERIOR COURT**

STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST

MAILING ADDRESS:

CITY AND ZIP CODE: SANTA ANA, CA 92702-0838

BRANCH NAME: SANTA ANA

| PLAINTIFF: ANH Thy Song Nguyen, Trustee of Mother Nature Trust | CASE NUMBER: |
|---|---|
| DEFENDANT: United Lender, LLC, a Nevada limited liability company, et al. | 30-2020-001124778-CU-FR-CJC |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons

   b. ☐ Complaint

   c. ☐ Alternative Dispute Resolution (ADR) package

   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ Cross-complaint

   f. ☑ other *(specify documents):* **First Amended Complaint; Amendment to First Amended Complaint; Notice - Re Punitive Damages**

3. a. Party served *(specify name of party as shown on documents served):*

   Ascension Recovery, Inc. dba Restored Life Recovery

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   Megan E. Zucaro, CEO and Agent for Service of Process

4. Address where the party was served:

   **4501 W. Channel Islands Blvd., #94**
   **Oxnard, CA 93035**

5. I served the party *(check proper box)*

   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*   (2) at *(time):*

   b. ☒ **by substituted service.** On  06/24/2020    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*      **or** ☐ a declaration of mailing is attached.

      (5) ☑ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

---

Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]    **PROOF OF SERVICE OF SUMMONS**    Code of Civil Procedure, § 417.10<br>POS010-1/A18905

| PETITIONER: ANH Thy Song Nguyen, Trustee of Mother Nature Trust | CASE NUMBER: |
|---|---|
| RESPONDENT: United Lender, LLC, a Nevada limited liability company, et al. | 30-2020-001124778-CU-FR-CJC |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                 (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☑ **by other means** *(specify means of service and authorizing code section):*
Left at door. I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc. §415.20) I mailed the documents on 6/24/2020 from Ventura

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* Ascension Recovery, Inc. dba Restored Life Recovery
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: **Alexander Guzman - Beyond e-Discovery**
  b. Address: **18103 Sky Park S, Suite A  Irvine, CA 92614**
  c. Telephone number: **(949) 576-2614**
  d. **The fee** for service was: $245.00
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
      (i) ☐ owner    ☐ employee    ☒ independent contractor.
      (ii) Registration No.: **482**
      (iii) County: **Ventura**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
  or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

    Date: **6/25/2020**

    **Beyond e-Discovery**
    **18103 Sky Park S, Suite A**
    **Irvine, CA 92614**
    **(949) 576-2614**

    **Alexander Guzman**          ▶                            
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)              (SIGNATURE)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Andrew A. Smits | SBN: 146659<br>Law Offices of Andrew A. Smits<br>36 Executive Park, Suite 160  Irvine, CA 92614<br><br>TELEPHONE NO.: (949) 833-1025 | FAX NO. | E-MAIL ADDRESS *(Optional):* asmits@smitslaw.com<br>ATTORNEY FOR *(Name):* | |

**ORANGE COUNTY SUPERIOR COURT**

STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST

MAILING ADDRESS:

CITY AND ZIP CODE: SANTA ANA, CA 92702-0838

BRANCH NAME: SANTA ANA

| | |
|---|---|
| PLAINTIFF/PETITIONER:  ANH Thy Song Nguyen, Trustee of Mother Nature Trust | CASE NUMBER:<br>30-2020-001124778-CU-FR-CJC |
| DEFENDANT/RESPONDENT:  United Lender, LLC, a Nevada limited liability company, et al. | |

| **DECLARATION OF DILIGENCE** | Ref. No. or File No. |
|---|---|

I, Alexander Guzman , declare: I am a Registered Process Server and was retained to serve process in the above-referenced matter on the following person or entity: Ascesion Recovery, Inc. dba Restored Life Recovery as follows:
Documents:

**Summons; First Amended Complaint; Amendment to First Amended Complaint; Notice - Re Punitive Damages;**

I attempted personal service on the following dates and times with the following results:

| Date | Time | Location | Results |
|---|---|---|---|
| 6/15/2020 | 8:45 AM | Business | Mobile Home. Spoke with white male in his late 60's who stated this person or company is not at this address and is unknown. - Alexander Guzman<br>4501 W. Channel Islands Blvd., #94,  Oxnard, CA 93035 |
| 6/18/2020 | 7:53 PM | Business | No answer at door. BMW X3 in driveway Lic #6SXZ969 - Alexander Guzman<br>4501 W. Channel Islands Blvd., #94,  Oxnard, CA 93035 |
| 6/20/2020 | 3:40 PM | Business | No answer at door. Blinds shut, no noise... Same vehicle in driveway - Alexander Guzman<br>4501 W. Channel Islands Blvd., #94,  Oxnard, CA 93035 |
| 6/23/2020 | 7:15 AM | Business | No answer at door, same vehicle in driveway - Alexander Guzman<br>4501 W. Channel Islands Blvd., #94,  Oxnard, CA 93035 |

Fee for Service: $245.00
  County: **Ventura**
   Registration No.: **482**
   **Beyond e-Discovery**
   **18103 Sky Park S, Suite A**
   **Irvine, CA 92614**
   **(949) 576-2614**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on  June 25, 2020.

Signature: _____
**Alexander Guzman**

**AFFIDAVIT OF REASONABLE DILIGENCE**





# EXHIBIT "H"

# State of California
## Secretary of State

**S**

### Statement of Information
(Domestic Stock and Agricultural Cooperative Corporations)
FEES (Filing and Disclosure): $25.00.
If this is an amendment, see instructions.
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

**G835379**

# FILED

In the office of the Secretary of State
of the State of California

**AUG-01 2019**

1. **CORPORATE NAME**
ASCENSION RECOVERY, INC.

2. **CALIFORNIA CORPORATE NUMBER**
C4087213

This Space for Filing Use Only

**No Change Statement** (Not applicable if agent address of record is a P.O. Box address. See instructions.)

3. If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.
☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed **to Item 17.**

**Complete Addresses for the Following** (Do not abbreviate the name of the city. Items 4 and 5 cannot be P.O. Boxes.)

| | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE<br>6475 MARIGAYLE CIRCLE, HUNTINGTON BEACH, CA 92648 | | | |
| 5. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY<br>6475 MARIGAYLE CIRCLE, HUNTINGTON BEACH, CA 92648 | | | |
| 6. MAILING ADDRESS OF CORPORATION, IF DIFFERENT THAN ITEM 4 | | | |

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 7. CHIEF EXECUTIVE OFFICER/<br>MEGAN ZUCARO | 6475 MARIGAYLE CIRCLE, HUNTINGTON BEACH, CA 92648 | | | |
| 8. SECRETARY<br>RANDY GOSS | 6475 MARIGAYLE CIRCLE, HUNTINGTON BEACH, CA 92648 | | | |
| 9. CHIEF FINANCIAL OFFICER/<br>ANTHONY FATA | 6475 MARIGAYLE CIRCLE, HUNTINGTON BEACH, CA 92648 | | | |

**Names and Complete Addresses of All Directors, Including Directors Who are Also Officers** (The corporation must have at least one director. Attach additional pages, if necessary.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 10. NAME<br>ANTHONY FATA | 6475 MARIGAYLE CIRCLE, HUNTINGTON BEACH, CA 92648 | | | |
| 11. NAME | | | | |
| 12. NAME | | | | |

13. NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY: 0

**Agent for Service of Process** If the agent is an individual, the agent must reside in California and Item 15 must be completed with a California street address, a P.O. Box address is not acceptable. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 15 must be left blank.

14. NAME OF AGENT FOR SERVICE OF PROCESS
MEGAN ZUCARO

| 15. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, **IF AN INDIVIDUAL** CITY | STATE | ZIP CODE |
|---|---|---|
| 6475 MARIGAYLE CIRCLE, HUNTINGTON BEACH, CA 92648 | | |

**Type of Business**

16. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION
SUBSTANCE ABUSE RECOVERY/DETOX

17. BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE CALIFORNIA SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| 08/01/2019 | ANTHONY N FATA | EXECUTIVE DIRECTOR | |
|---|---|---|---|
| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |

| SI-200 (REV 01/2013) | Page 1 of 1 | APPROVED BY SECRETARY OF STATE |
|---|---|---|

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On July 15, 2020, I served the document described as follows: **REQUEST FOR JUDICIAL NOTICE OF PLAINTIFF ANH THY SONG NGUYEN RE OPPOSITION TO MOTION OF DEFENDANT UNITED LENDER, LLC, FOR: (1) APPOINTMENT OF A RECEIVER; (2) ORDER TO SHOW CAUSE WHY THE APPOINTMENT OF A RECEIVER SHOULD NOT BE CONFIRMED; (3) TEMPORARY RESTRAINING ORDER; AND (4) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant, Cross-defendant, and Cross-complainant in *pro per* | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail: leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial Center, Inc. |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

1923

PROOF OF SERVICE

| | |
|---|---|
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: 310-550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendant and Cross-<br>complainant United Lender, LLC, a Nevada<br>Limited Liability Company, and Defendants<br>Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: 310-827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendant and Cross-<br>complainant United Lender, LLC, a Nevada<br>Limited Liability Company, and Defendants<br>Shawn Ahdoot and Albert A. Ahdoot |
| Vincent J. Davitt and Anita Jain<br>Meylan Davitt Jain Arevian & Kim LLP<br>444 S. Flower Street, Suite 1850<br>Los Angeles, CA 90071<br><br>Telephone: (213) 225-6000<br>Email: vdavitt@mdjalaw.com<br>    ajain@mdjalaw.com<br><br>Attorneys for defendant United Lender, LLC | Ascension Recovery, Inc.,<br>dba Restored Life Recovery<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant |

    [  ] **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    [ X ] **(By E-mail/Electronic Service)** I caused the document to be sent to the persons at the electronic service addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    [  ] **(By Personal Service)** I caused to be delivered by hand such envelope to the addressee. The messenger's proof of service will be prepared and available.

    [  ] **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above, by placing the true copies in separate envelopes for each addressee, with the name and address of the person served shown on the envelope and by sealing the envelope and placing it for collection and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

    Executed on July 15, 2020 at Irvine, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

KIMBERLY RICHARDSON

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

# EXHIBIT 166

1925

Andrew A. Smits (State Bar No. 146659)
Law Offices of Andrew A. Smits
36 Executive Park, Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email:      asmits@smits-law.com

Attorney for Plaintiff Anh Thy Song Nguyen,
Trustee of Mother Nature Trust

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL CENTER, INC., a California corporation; all other persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto; and DOES 1 through 100, inclusive, <br><br> Defendants. <br><br> AND RELATED CROSS-ACTIONS. | Case No.: 30-2020-01124778-CU-FR-CJC <br><br> Assigned: Judge Walter Schwarm <br> Dept.: C19 <br><br> **DECLARATION OF ANDREW A. SMITS RE: OPPOSITION OF PLAINTIFF ANH THY SONG NGUYEN TO MOTION OF DEFENDANT UNITED LENDER, LLC, FOR:** <br><br> **(1) APPOINTMENT OF A RECEIVER;** <br> **(2) ORDER TO SHOW CAUSE WHY THE APPOINTMENT OF A RECEIVER SHOULD NOT BE CONFIRMED;** <br> **(3) TEMPORARY RESTRAINING ORDER; AND** <br> **(4) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED** <br><br> Date:   July 28, 2020 <br> Time:  9:00 a.m. <br> Dept.:  C19 <br><br> Complaint filed: January 15, 2020 <br> Trial date:        August 27, 2020 |

I, Andrew A. Smits, declare as follows:

1.    I am an attorney admitted to practice law in the State of California and am attorney

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

DECLARATION OF ANDREW A. SMITS RE: OPPOSITION OF PLAINTIFF ANH THY SONG
NGUYEN TO MOTION OF DEFENDANT UNITED LENDER, LLC, FOR APPOINTMENT OF A RECEIVER

1926

1  of record for Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust ("Plaintiff"), in the

2  above-captioned action. I have personal knowledge of all of the matters set forth in this

3  Declaration and if called upon to testify thereto, I could and would competently do so.

4       2.    This Declaration is submitted in opposition to the motion of defendant United

5  Lender, LLC, for: (1) appointment of a receiver; (2) order to show cause why the appointment of a

6  receiver should not be confirmed; (3) temporary restraining order; and (4) order to show cause

7  why a preliminary injunction should not be granted.

8       3.    I am informed by defendant American Financial Center, Inc. ("AFCI"), that

9  defendant Ascension Recovery Inc., dba Restored Life Recovery, occupies the subject property

10  located at 6475 Marigayle Circle, Huntington Beach, California 92648 for which United Lender

11  seeks appointment of a receiver. Attached hereto and collectively identified as **Exhibit "I"** is the

12  Loan and Security Agreement and related guarantees and Deed of Trust (Bates-numbered AFCI

13  00001 – AFCI 00032) showing: (1) Ascension Recovery as the borrower for the loan secured by

14  AFCI's third deed of trust; and (2) Ascension Recovery's address is the subject property.

15      I declare under penalty of perjury under the laws of the State of California that the

16  foregoing is true and correct and that this Declaration is executed this 15th day of July 2020.

17

18

19  Andrew A. Smits

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

1927

DECLARATION OF ANDREW A. SMITS RE: OPPOSITION OF PLAINTIFF ANH THY SONG
NGUYEN TO MOTION OF DEFENDANT UNITED LENDER, LLC, FOR APPOINTMENT OF A RECEIVER

# EXHIBIT "I"

## LOAN AND SECURITY AGREEMENT

This **LOAN AND SECURITY LOAN AGREEMENT** (this "Loan Agreement") is made and entered into as of this 28th day of June, 2019 (the "Effective Date") by and between Ascension Recovery Inc. d/b/a Restored Life Recovery, a California corporation (the "Company"), having a principal address located at 6475 Marigayle Circle, Huntington Beach, CA 92648 and American Financial Center, Inc. d/b/a Ocean Capital Factors ("Ocean Capital"), a California corporation with a principal address of 14930 Ventura Blvd., Suite 320, Sherman Oaks, CA 91403

### WITNESSETH

**WHEREAS,** Company desires Ocean Capital provide certain extensions of credit, loans or other financial accommodations to Company; and

**WHEREAS,** Ocean Capital is willing to extent credit, loans and other financial accommodations to Company, solely and exclusively on the terms and subject to the conditions set forth in this Loan Agreement and the other documents, instruments and agreements executed and delivered pursuant to this Loan Agreement or referenced herein.

**NOW THEREFORE,** in consideration of the mutual promises and understandings of Company and Ocean Capital set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Company and Ocean Capital hereby agree as set forth in this Loan Agreement.

1.    **OBLIGATION.** Upon execution of this Loan Agreement, Ocean Capital agrees to make a term loan to the Company in the principal sum of Seventy-Five Thousand Dollars ($75,000) (the "Principal Amount"). In consideration of the loan of the Principal Amount, the Company shall pay Ocean Factors the repayment amount of One Hundred Eight Thousand Seven Hundred Forty-Eight and 71/100 Dollars ($108,748.71)(the "Repayment Amount") in lawful money of the United States of America and in immediately available funds at its offices set forth above or at such other location as Ocean Capital may designate from time to time. Certain disclosures of the terms and conditions of this Loan Agreement are set forth in Schedule 1 attached hereto and incorporated herein by this reference. The Principal Amount and all funds received from Ocean Capital shall be used solely for a business and/or commercial purpose and shall not be used for personal, family or household purposes.

2.    **FEES.** In connection with the transactions set forth herein, Company agrees to pay Ocean Capital the following fees and expenses: (a) an account set up fee in the amount of One Thousand Nine Hundred Ninety-Five and 00/100 Dollars ($1,995.00), which shall be deduced from the Principal Amount; (b) wire fees in the amount of Thirty Five Dollars ($35.00), which shall be due and payable when incurred; (c) insufficient funds charge of fifty dollars ($50) per occurrence; and (d) any costs and expenses incurred by Ocean Capital, including but not limited to attorney's fees and costs in the preparation of this Loan Agreement and related documents.

AFCI 00001

1929

3.    **PAYMENT TERMS**.    Company shall pay the Repayment Amount by paying Ocean Capital in one hundred eighty-nine equal payments in the amount of **Five Hundred Seventy-Five and 39/100 Dollars ($575.39) each Business Day.**    All payments for the Repayment Amount and the other Obligations shall be made to Ocean Capital from the deposit account identified in Schedule 1 (the "Deposit Account") by way of by way of ACH debit as set forth in the ACH authorization form attached hereto as Schedule 2 (the "ACH Authorization").  The Company shall maintain the Deposit Account and the ACH Authorization in full force and effect until all Obligations due Ocean Capital have been paid in full and Company has received written confirmation of the same from Ocean Capital.  All funds shall received by Ocean Capital shall be applied as Ocean Capital shall determine in its sole discretion.  "Business Day" shall mean any day excluding Saturday, Sunday and any day which is a legal holiday under the laws of the State of California or the laws of the State in which the Company's Designated Deposit Account is located or is a day on which banking institutions located in such States are closed.

4.    **EVENTS OF DEFAULT**.

The occurrence of any of the following events will be deemed to be an "Event of Default" under this Loan Agreement:  (i) the nonpayment of the Repayment Amount or any other indebtedness under this Loan Agreement when due; (ii) the filing by or against Company of any proceeding in bankruptcy, receivership, insolvency, reorganization, liquidation, conservatorship or similar proceeding; (iii) any assignment by Company for the benefit of creditors, or any levy, garnishment, attachment or similar proceeding is instituted against any property of Company; (iv) the commencement of any foreclosure or forfeiture proceeding, execution or attachment against any collateral securing the obligations of Company to Ocean Capital; (v) enforcement action taken by any judgment creditor against Company; (vi) any material adverse change in Company's business, assets, operations, prospects, financial condition or results of operations; (vii) Company ceases doing business as a going concern; (viii) the Company terminates the Deposit Account; and/or (ix) any representation or warranty made by Company to Ocean Capital hereunder or in any other agreement or documents by and between Company and Ocean Capital, now or in the future, is false, erroneous or misleading in any material respect.

5.    **DEFAULT REMEDIES AND DEFAULT RATE**.

5.1    **Default Remedies**.  Without limiting any of the rights and remedies of Ocean Capital set forth in this Loan Agreement, upon the occurrence and during the continuance of an Event of Default: (a) the Repayment Amount hereunder together with any additional amounts payable hereunder, at the sole discretion of Ocean Capital, shall be immediately due and payable without demand or notice of any kind; (c) this Loan Agreement will bear interest at the Default Rate from the date of the occurrence of the Event of Default until such Event of Default is cured within the applicable time period; (d) Ocean Capital may pursue any and all other rights, remedies and recourse available to Ocean Capital hereof, including, but not limited to, any such rights, remedies or

*Loan and Security Agreement*          Page 2 of 8

Company Initials
Ocean Capital Initials

AFCI 00002

recourse available to such Ocean Capital under this Loan Agreement or at law or in equity, including but not limited to foreclosing all liens securing the payment of this Loan Agreement; or (e) pursue any combination of the foregoing.

**5.2   Default Rate.**   Upon maturity, whether by acceleration, demand or otherwise, and at Ocean Capital's option upon the occurrence of any Event of Default, the Repayment Amount outstanding under this Loan Agreement shall bear interest at per annum rate of 52% (the "Default Rate"). The Default Rate shall continue to apply whether or not judgment shall be entered on this Loan Agreement. The Default Rate is imposed for the purpose of defraying Ocean Capital's expenses incident to the handling of delinquent payments, and is in addition to, and not in lieu of, Ocean Capital's exercise of any rights and remedies hereunder, or under applicable law, and any fees and expenses of any agents or attorneys which Ocean Capital may employ.   In addition, the Default Rate reflects the increased credit risk to Ocean Capital.   Company agrees that the Default Rate is a reasonable forecast of just compensation for anticipated and actual harm incurred by Ocean Capital, and that the actual harm incurred by Ocean Capital cannot be estimated with certainty and without difficulty.

**6.**   **INDEMNITY.**   Company shall indemnify and hold harmless Ocean Capital and its shareholders, members, managers, officers, directors, principals, partners, employees, agents, representatives and affiliates (each being an "Indemnified Party") from and against any and all losses, claims (including Avoidance Claims), actions, damages and liabilities, joint or several, to which such Indemnified Party may become subject under any applicable federal or state law, made by any third party or otherwise, relating to or in connection with the Loan Agreement, and Company will reimburse any Indemnified Party for all costs and expenses (including, without limitation, reasonable attorneys' fees and expenses) as they are incurred in connection with the investigation of, preparation for or defense of any pending or threatening claim, or any action or proceeding arising therefrom, whether or not such Indemnified Party is a party thereto.   In the event, after termination, Company breaches its duty to indemnify Ocean Capital or any other Indemnified Party under this section, all of Ocean Capital's rights hereunder shall be deemed reinstated, including but not limited to Ocean Capital's rights to file any previously terminated UCC financing statements to perfect Ocean Capital's rights as a secured party, which rights shall not be terminated until such breach is remedied.   This Section 6 shall survive termination of this Loan Agreement.   "Avoidance Claim" as used herein shall mean the assertion of any claim that any payment received by Ocean Capital Factors is avoidable under the U.S. Bankruptcy Code or any other debtor relief statute.   Company shall notify Ocean Capital Factors as soon as possible after Company becomes aware of the assertion of an Avoidance Claim and Company shall pay to Ocean Capital Factors on demand the amount thereof.   Following the termination of this Loan Agreement and payment in full of all Obligations hereunder, Ocean Capital shall be entitled to retain its security interest in the Collateral as security for the Avoidance Claim indemnity.

**7.**   **GRANT OF SECURITY INTEREST.**   (a) To secure all Obligations due hereunder, Company grants to Ocean Capital a continuing first priority and security interest in all of Company's existing and later acquired assets, including but not limited to Accounts,

Chattel Paper, Deposit Accounts, Documents, Equipment, General Intangibles, Inventory, Investment Property, Instruments, Letter of Credit Rights and all Supporting Obligations including all of Company's books and records evidencing and/or related to all Accounts, any Commercial Tort Claim that Company may come to have and that is subsequently specifically referenced by written amendment, as well as all of Company's software programs, stored data, aging schedules, customer lists, books, records, returned merchandise and all property of Company at any time coming into Ocean Capital's possession; and all lien rights associated with the Accounts, whether arising by operation of law or pursuant to contract or agreement, including but not limited to mechanic's lien rights and all Proceeds thereof of each of the foregoing (the "Collateral").

Company covenants and agrees that until all Obligations due and owing to Ocean Capital under this Loan Agreement are paid in full and Ocean Capital terminates its financing statement, Company will not (i) grant a security interest in any assets of Company to any party other than Ocean Capital; (ii) enter into any agreement with any party which authorizes such party to initiate ACH transfers or other withdrawals from any Company deposit account; or (iii) enter into a merchant cash advance agreement or any agreement for an unsecured loan.

The term "Obligation" as used in this Loan Agreement shall mean all present and future obligations owing by Company to Ocean Capital under this Loan Agreement or any other agreement entered into among Company and Ocean Capital, including but not limited to any loan agreements, letters of credit, third party agreements or vendor payment agreements, whether or not for the payment of money and whether or not evidenced by any note or other instrument, and includes all advances, loans, fees, debts, liabilities and obligations due to Ocean Capital by the Company, including but not limited to liability for breach of any warranty, representation or covenant and duty, of every kind and description that Company owes to Ocean Capital under this Loan Agreement or otherwise, whether or not evidenced by a writing and whether or not for the payment of money, direct or indirect, absolute or contingent, due or to become due, joint or several, primary or secondary, liquidated or unliquidated, secured or unsecured, original or renewed   or extended, whether arising before, during or after the commencement of any bankruptcy case in which Company is a Debtor, including but not limited to any obligations that Ocean Capital reasonably anticipates are likely to occur or that may adversely affect Ocean Capital Factors' ability to collect the amounts due hereunder.

8.   **TERM**.  This Loan Agreement shall terminate at such time as the Company has paid in full the Repayment Amount and all other Obligations due and owing from the Company to Ocean Capital have been paid and performed in full.

9.   **GENERAL PROVISIONS**

   **(A)**   **NOTICES**. Any notice, demand or other communication required or permitted hereunder shall be in writing and shall be deemed to have been given if and when

personally delivered, or on the third business day after being deposited in United States certified mail, return receipt requested, postage prepaid, or on the next business day after being deposited with Federal Express or other similar nationally recognized overnight courier and addressed to the party at the address set forth in the preamble, or such other address as a party may have provided in writing to all other parties.

**(B)    NO WAIVER.**  No delay or omission on the part of Ocean Capital to exercise any right or power arising hereunder will impair any such right or power or be considered a waiver of any such right or power, nor will any action or inaction by Ocean Capital impair any such right or power.  Ocean Capital's rights and remedies hereunder are cumulative and not exclusive of any other rights or remedies which Ocean Capital may have under other agreements, at law or in equity.  No waiver of any Event of Default shall be construed, taken or held to be a waiver, acquiescence in or consent to any further or succeeding default of the same nature.

**(C)    AMENDMENT.**  No modification, amendment or waiver of, or consent to any departure by Ocean Capital from any provision of this Loan Agreement will be effective unless made in a writing signed by Ocean Capital, and then such waiver or consent shall be effective only in the specific instance and for the purpose for which given. Email correspondence shall not be considered prior written consent for purposes of an amendment or modification hereunder.

**(D)    COMPANY INFORMATION.**  Company gives its irrevocable authorization to Ocean Capital to disclose, release and exchange all information, including but not limited to any confidential information, regarding Company and to communicate without limitation as to any matters related to Company as Ocean Capital Factors deems necessary or advisable from time to time and at its option with any third parties or any other persons claiming an interest or right in or to the Collateral.

**(E)    PROFESSIONAL SERVICES.**  Company acknowledges and agrees that Ocean Capital shall have the right at any time to utilize accounting, legal and other professionals in the ordinary course of its business, which third parties and professionals may have access to certain information regarding Company.

**(F)    COMPANY IDENTITY.**  Upon request of Ocean Capital, Company shall provide documentary and other evidence of Company's identity as may be requested by Ocean Capital at any time to enable Ocean Capital to verify Company's identity or to comply with any applicable federal or state law or regulation, including but not limited to the USA Patriot Act of 2001.

**(G)    ATTORNEY'S FEES.**  Company agrees to pay on demand all costs and expenses reasonably incurred by Ocean Capital in the enforcement of its rights in this Loan Agreement and in any security therefor, including without limitation reasonable legal and attorney fees and expenses.

**(H)    SEVERABILITY.**  If any provision of this Loan Agreement or the application thereof to any party or circumstance is held invalid or unenforceable, the remainder of

*Loan and Security Agreement*          Page 5 of 8                    Company Initials
                                                                      Ocean Capital Initials

AFCI 00005

- 1933

this Loan Agreement and the application of such provision to other parties or circumstances will not be affected thereby and the provisions of this Loan Agreement shall be severable in any such circumstance.

(I)  WAIVER OF DEFENSES.  Company and all endorsers and other persons obligated hereon hereby waive (i) presentment, demand, protest, notice of demand, notice of protest and notice of nonpayment; and (ii) all defenses based on suretyship or impairment of collateral.

(J)  ENTIRE AGREEMENT. This Loan Agreement, including the Recitals, Exhibits, Schedules and Annexes hereto which are incorporated herein by this reference, contains the entire understanding of the Parties hereto and relating to the subject matter hereof and is the final and complete expression of their intent.  No prior or contemporaneous negotiations, promises, agreements, covenants, or representations of any kind or nature, whether made orally or in writing, have been made by Ocean Capital in negotiations leading to this Loan Agreement or relating to the subject matter hereof, which are not expressly contained herein, or which have not become merged and finally integrated into this Loan Agreement; it being the intention of the Parties hereto that in the event of any subsequent litigation, controversy, or dispute concerning the terms and provisions of this Loan Agreement, Company shall not be permitted to offer or introduce oral or extrinsic evidence concerning the terms and conditions hereof that are not included or referred to herein and not reflected in writing.  No conditions exist to the legal effectiveness of this Loan Agreement unless expressly set forth herein.

(K)  CONSTRUCTION.  Company has read this Loan Agreement, understand its contents, and represents that Company has full and complete authority to sign this Loan Agreement and that the execution, delivery and performance hereunder has been duly authorized by Company.  Company has had an opportunity to consult with its legal counsel prior to executing this Loan Agreement.  In the event an ambiguity or question of intent or interpretation arises, this Loan Agreement shall be construed as if drafted jointly by the Company and Ocean Capital and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any of the provisions of this Loan Agreement.

(L)  Merger/No Reliance.  Company specifically acknowledges and agrees that Ocean Capital has not made and shall not at any time be deemed to have made and hereby disclaims any representations, warranties, promises, covenants, agreements or guaranties of any kind or character whatsoever, whether express or implied, oral or written, past, present or future by Ocean Capital Factors except as specifically set forth herein.  This Loan Agreement is executed freely and voluntarily and without reliance upon any statement or representation of Ocean Capital Factors or any of Ocean Capital Factors' attorneys, agents, or other representatives in connection therewith except as set forth herein.  There are no and Company is not relying on any written or oral representations not expressly written in this Loan Agreement.

(M)  NO TRANSFER OF ASSETS.  The Repayment Amount and all Obligations due and owing hereunder shall be immediately due and payable upon Company's (i) transfer

Company Initials
Ocean Capital Initials _____

AFCI 00006

1934

or pledge any portion of assets; or (ii) sale of all or substantially all the assets of Company or any of its successors or assigns or the direct or indirect acquisition by any person (or group of persons acting in concert) of ownership or control of a controlling interest in the voting securities (or the power to vote the same) of Company or any of its successors or assigns.

**(N)** <u>MAXIMUM INTEREST</u>. In no event shall the amount of interest due and payable under this Loan Agreement exceed the maximum rate of interest allowed by applicable law; and in the event any such payment is inadvertently paid by Company or inadvertently received by Ocean Capital of this Loan Agreement, such excess sum shall be credited as a payment of principal, unless Company shall notify the holder of this Loan Agreement in writing that Company elects to have such excess sum returned to it forthwith.

**(O)** <u>SUCCESSORS AND ASSIGNS</u>. This Agreement will be binding upon and inure to the benefit of each of the parties hereto and their respective successors and assigns, provided, however, that Company may not assign this Loan Agreement without the prior written consent of Ocean Capital, which consent shall be in the sole discretion of Ocean Capital.

**(P)** <u>GOVERNING LAW</u>. This Loan Agreement has been delivered to and accepted by Ocean Capital and shall be deemed to be made in the State of California. THIS NOTE SHALL BE INTERPRETED AND THE RIGHTS AND LIABILITIES OF COMPANY AND OCEAN CAPITAL DETERMINED IN ACCORDANCE WITH THE LAWS OF THE STATE OF CALIFORNIA, EXCLUDING ITS CONFLICT OF LAWS RULES. Company hereby irrevocably consents to the exclusive jurisdiction of the federal and state courts for the Central District of California or any court of the State of California located in the City and County of Los Angeles, State of California; *provided, however,* that nothing contained in this Loan Agreement will prevent Ocean Capital from bringing any action, enforcing any award or judgment or exercising any rights against Company, against any security or against any property of Company within any other county, state or other foreign or domestic jurisdiction. Company waives any objection to venue and any objection based on a more convenient forum in any action instituted under this Loan Agreement.

**(Q)** <u>WAIVER OF JURY TRIAL</u>. EACH OF COMPANY AND OCEAN CAPITAL IRREVOCABLY WAIVES ANY AND ALL RIGHTS SUCH PARTY MAY HAVE TO A TRIAL BY JURY IN ANY ACTION, PROCEEDING OR CLAIM OF ANY NATURE RELATING TO THIS NOTE AND ANY DOCUMENTS EXECUTED IN CONNECTION WITH THIS NOTE OR ANY TRANSACTION CONTEMPLATED IN ANY OF SUCH DOCUMENTS. EACH OF COMPANY AND OCEAN CAPITAL ACKNOWLEDGES THAT THE FOREGOING WAIVER IS KNOWING AND VOLUNTARY.

**(R)** <u>CLL</u>. Ocean Capital Factors conducts business under California commercial finance lender license number 60DBO54134

*Loan and Security Agreement*          Page 7 of 8          Company Initials
                                                            Ocean Capital Initials *ml*

AFCI 00007

**IN WITNESS WHEREOF**, the parties hereto have caused this Loan Agreement to be executed and delivered as of the date first above written.

Ascension Recovery Inc. d/b/a Restored Life Recovery,
a California corporation

By: _____

    Name:      Megan Zucaro

    Title:       President

American Financial Center, Inc. d/b/a Ocean Capital Factors,
a California corporation

By: _____

    Name:    Mark Crittenden

    Title:     President

Company Initials _____
Ocean Capital Initials _____

AFCI 00008



# Schedule 1

# American Financial Center, Inc.
## d/b/a Ocean Capital Factors

## Addendum To Loan And Security Agreement With Ascension Recovery

### KEY BUSINESS TERMS AND DEFINITIONS:

| | | |
|---|---|---|
| Principal Amount | $75,000.00 | The amount of the loan to the Company. |
| Repayment Amount | $108,748.71 | The total amount that Company agrees to pay to Ocean Capital in repayment of the Principal Amount. |
| Total Principal Amount Sent to Company | $72,970.00 | Net of Account Setup Fees, Wire Fees and Payments to 3rd Parties. |
| Loan Payments | $575.39 Per Day | The loan payment amount due from the Company to Ocean Capitals each Business Day. |
| Account Setup Fees | $1,995.00 | The amount Purchaser will withhold from the Principal Amount, which represents the due diligence and costs of the Company in performing its analysis for this agreement. |
| Estimated Term of this Agreement | 9 Months | The estimated Term of this Loan Agreement is the period commencing on the date when the Principal Amount is loaned to the Company and expiring on the date when the Repayment Amount and all Obligations are paid in full to the Company. |
| Business Day | Business Days Only, No Weekends or Holidays | Monday through Friday during the Term of this Agreement except the days when the banking institutions in the state where the Company's business is located are closed for holidays and do not process ACH transfers. |
| Total Interest Paid by Merchant | $33,748.71 | This is the total interest received by AFCI for funding loan to merchant. |
| Interest Rate | 44.99828% for 9 months | Total interest paid to AFCI throughout the term of the loan. |

Ascension Recovery Inc DBA Restore Life Recovery

By:

Name: Megan Zucaro
Title:  President
Date:  June 28, 2019

14930 Ventura Blvd, Ste 320, Sherman Oaks, CA 91403   *   Ph: (818) 981-1034   *   Fx: (888) 417-4581   *   afincen@gmail.com

**AFCI 00009**

## SCHEDULE 2

**Account Name:**    Ascension Recovery DBA Restored Life Recovery
**Bank Name:**

**ABA Number:**
**Routing Number:**        3950
**Account Number:**        9330

Company Initials
Ocean Capital

AFCI 00010

1938

## SCHEDULE 3

## ACH Authorization Form

### (attached)

Company Initials
Ocean Capital

AFCI 00011

1939



# AMERICAN FINANCIAL CENTER, INC.
## d/b/a Ocean Capital
**14930 VENTURA BLVD, STE 320, SHERMAN OAKS, CA 91403**
**PHONE: (818) 981-1034   FAX: (888) 417-4581   underwriting@afincen.com**

## AUTHORIZATION AGREEMENT FOR ACH DEBITS

This Authorization Agreement for ACH Debits (this "ACH Agreement") is part of, and incorporated by reference into the Loan and Security Agreement dated of even date herewith by and between the Company and Ocean Capital (the "Loan Agreement"). Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such term in the Loan Agreement.

1.   Automatic Payments: By signing below, Company authorizes American Financial Center, Inc. d/b/a Ocean Capital or its agents ("Ocean Capital") to collect the Repayment Amount and all other monetary Obligations owed to Ocean Capital through any reputable third party it so chooses which is or may be designated by Ocean Capital to collect the Repayment Amount and the Obligations through ACH Debit Transfers pursuant to this Agreement. Enrollment in Ocean Capital's Automatic Payment Plan is a condition of the Loan Agreement. By signing below, Company agrees to enroll in the Automatic Payment Plan and authorizes Ocean Capital, or its designated ACH Processor or assign to collect payments on behalf of Ocean Capital required under the terms of the Loan Agreement by initiating ACH debit entries to Company's business checking account in the amounts and on the days or dates provided in the payment schedule set forth in the Loan Agreement. Company authorizes Ocean Capital to increase the amount of any scheduled ACH debit entry by the amount of any previously scheduled payment that was not paid as provided in the Loan Agreement, any unpaid non-sufficient fund Charges and/or late charges and any other Obligations due and owing to Ocean Capital.

2.   ACH Charges. Company shall pay an ACH debit fee of thirty-five dollars ($35.00) per ACH debit. For each ACH debit that is rejected, Company will be charged the lesser of the maximum fees permitted by law or fifty dollars ($50) per occurrence. After four (4) consecutive rejections of an ACH debit, Ocean Capital may deem Company is in default without notice, provided, however, that at Ocean Capital's sole discretion it may continue to draft ACH debit payments. Company shall be solely responsible for any fees charged by Company's bank as the result of credits or debits initiated under this Loan Agreement.

Company Initials: _mc_

**AFCI 00012**

3.  Term.  This authorization is to remain in full force and effect until Company has completely satisfied and completed its performance under the Loan Agreement, including but not limited to the payment in full of the Repayment Amount and all other Obligations due and owing thereunder. Ocean Capital may suspend or terminate Company's enrollment in the Automatic Payment Plan immediately if Company fails to keep Company's Designated Deposit Account as identified below in good standing or if there are insufficient funds in Designated Deposit Account to process four or more payments.

4.  Business Purpose Account: By signing below, Company attests that the Designated Deposit Account was established for business purposes and not primarily for personal, family or household purposes.

5.  Checking Account Changes: Company agrees to notify Ocean Capital promptly and in writing if there are any changes to the Designated Deposit Account, including but not limited to a change in the account and/or routing numbers of the Designated Deposit Account.

6.  Incorporation:  This ACH Agreement is subject to all provisions of the Loan Agreement and incorporated therein by this reference.

BANK NAME (

BANK CONTACT: _                              BANK PHONE #:

BUSINESS NAME:  **Ascension Recovery DBA Restored Life Recovery**

ROUTING NUMBER:  **3950**

ACCOUNT NUMBER:  **9330**

Bank Checking Authorized Signature: X

Company:

Ascension Recovery Inc. d/b/a Restored Life Recovery,
a California corporation

By:
    Name:    Megan Zucaro
    Title:    President

Company Initials:

AFCI 00013

# COMPANY GUARANTY

This **COMPANY GUARANTY** (this "Guaranty"), dated as of the 28th day of June, 2019 is executed and delivered by Helping Others International, LLC, a Delaware corporation with a principal address of 6475 Marigayle Circle Huntington Beach, CA 92648 ("Guarantor"), in favor of American Financial Center, Inc. d/b/a Ocean Capital ("Ocean Capital"), a California corporation with a principal address of 14930 Ventura Blvd., Suite 320, Sherman Oaks, CA 91403. Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such term in the Loan Agreement (as hereinafter defined).

## RECITALS

WHEREAS, Ascension Recovery Inc., a California corporation with its principal place of business located at 6475 Marigayle Circle, Huntington Beach, CA 92648 ("Client") and Ocean Capital are parties to that Loan and Security Agreement dated as of even date herewith (as amended, restated, modified, renewed or extended from time to time, the "Loan Agreement");

WHEREAS, Guarantor is an entity affiliated with Client and, as such, will benefit by virtue of the financial accommodations extended to Client by Ocean Capital;

WHEREAS, in reliance on this Guaranty and in order to induce Ocean Capital to enter into the Loan Agreement and the other agreements ancillary thereto and executed in connection therewith (collectively the "Loan Documents") and to extend the term loan facility and other financial accommodations to Client, and in consideration thereof, and in consideration of any loans or other financial accommodations extended by Ocean Capital to Client pursuant to the Loan Agreement, Guarantor has agreed to guaranty the Client obligations, and Guarantor acknowledges and agrees that Ocean Capital is relying on this Guaranty in entering into the Loan Documents; and

WHEREAS, it is a condition precedent of Ocean Capital extending financial accommodations to Client that Guarantor execute and deliver this Guaranty.

NOW, THEREFORE, it is agreed that the preceding provisions and recitals are an integral part this Guaranty and this Guaranty shall be construed in light thereof, and in consideration of the financial accommodations, mutual covenants and agreements herein contained and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Guarantor hereby agrees as follows:

1.      **GUARANTIED OBLIGATIONS.** Guarantor hereby irrevocably and unconditionally guaranties to Ocean Capital, for the benefit of Ocean Capital, as and for Guarantor's own debt, until the final and indefeasible payment in full thereof, in cash, has been made, (a) the due and punctual payment of all Obligations due to Ocean Capital by Client pursuant to the Loan Agreement, when and as the same shall become due and payable, whether at maturity, pursuant to a mandatory prepayment requirement, by acceleration, or otherwise; it being the intent of Guarantor that the guaranty set forth herein shall be a guaranty of payment and not a guaranty of collection; and (b) the punctual and faithful performance, keeping, observance, and fulfillment by Client of all of the agreements, conditions, covenants, and obligations of Client contained in the Loan Agreement and under each of the other Loan Documents (collectively, the "Guarantied Obligations"). The Guarantied Obligations shall include all of Obligations now or hereafter existing or arising under the Loan Agreement and any other Loan Document, whether for principal, discount rates, fees, expenses or otherwise, and also includes any and all expenses (including reasonable attorney's fees and expenses) incurred by Ocean Capital in enforcing any rights under this Guaranty. Without limiting the generality of the foregoing, Guarantied Obligations shall include all amounts that would be owed by the Client to Ocean Capital under any Loan Document but for the fact that such is not unenforceable or not allowable, including due to the existence of a bankruptcy, reorganization or similar proceeding involving Client or any other guarantor.

2.      **CONTINUING GUARANTY.** This Guaranty includes Guarantied Obligations arising under successive transactions continuing, compromising, extending, increasing, modifying, releasing, or renewing the Guarantied Obligations, changing the interest rate, discount rate, fees, payment terms, or other terms and conditions thereof, or creating new or additional Guarantied Obligations after prior Guarantied Obligations have been satisfied in whole or in part. To the maximum extent permitted by law, Guarantor hereby waives any right to revoke this Guaranty as to future Guarantied Obligations. If such a revocation is effective notwithstanding the foregoing waiver, Guarantor acknowledges and agrees that (a) no such revocation shall be effective until written notice thereof has been received by Ocean Capital, (b) no such revocation shall apply to any Guarantied Obligations in existence on the date of receipt by Ocean Capital of such written notice (including any subsequent continuation, extension, or renewal thereof, or change in the interest rate, payment terms, or other terms and conditions thereof), (c) no such revocation shall apply to any Guarantied Obligations made or created after such date to the extent made or created pursuant to a legally binding commitment of Ocean Capital in existence on the date of such revocation, (d) no payment by Guarantor, Client, or from any other source, prior to the date of such revocation shall reduce the maximum obligation of Guarantor hereunder, and (e) any payment by Client or from any source other than Guarantor subsequent to the date of such revocation shall first be applied to that portion of the Guarantied Obligations as to which the revocation is effective and which are not, therefore, guarantied hereunder, and to the extent so applied shall not reduce the maximum obligation of Guarantor hereunder.

3.      **GRANT OF SECURITY INTEREST.** To secure the payment and performance in full of the Guarantor's obligations hereunder, Guarantor grants to the Ocean Capital a continuing first priority security interest in all of

3105469v1                                                          1

AECI 00014

Guarantor's now existing and hereafter acquired assets, including without limitation (i) Accounts, Chattel Paper, Deposit Accounts, Documents, Equipment, General Intangibles, Inventory, Investment Property, Instruments, Letter of Credit Rights and all Supporting Obligations including all of Company's books and records evidencing and/or related to all Accounts, any Commercial Tort Claim that Guarantor may come to have and that is subsequently specifically referenced by written amendment, as well as all of Guarantor's software programs, stored data, aging schedules, customer lists, books, records, returned merchandise and all property of Guarantor at any time coming into Ocean Capital's possession and all proceeds thereof of each of the foregoing (the "Personal Property Collateral"); and (ii) the real property identified on Schedule 1 here (the "Real Property" and together with the Personal Property Collateral, the "Collateral").  Guarantor agrees that Ocean Capital is authorized to file a Uniform Commercial Code financing statement to perfect its security interest in the Personal Property Collateral. Guarantor agrees to execute all mortgages, deeds of trust and any other documents requested by Ocean Capital in order to Ocean Capital to obtain a perfected security interest in the Real Property.

Guarantor covenants and agrees that until all Obligations due and owing to Ocean Capital under the Loan Agreement are paid in full and Ocean Capital terminates its financing statement, Guarantor will not (i) grant a security interest in any assets of Guarantor to any party other than Ocean Capital; (ii) enter into any agreement with any party which authorizes such party to initiate ACH transfers or other withdrawals from any Guarantor deposit account; or (iii) enter into a merchant cash advance agreement or any agreement for an unsecured loan.

4.   **PERFORMANCE UNDER THIS GUARANTY.**  In the event that Client fails to make any payment of any Guarantied Obligations, on or prior to the due date thereof, or if Client shall fail to perform, keep, observe, or fulfill any other obligation referred to in this Guaranty in the manner provided in the Loan Agreement or any other Loan Document, Guarantor immediately pay any Guarantied Obligations due and owing and/or perform in respect of the Guarantied Obligations to be made or such obligation to be performed, kept, observed, or fulfilled.

5.   **PRIMARY OBLIGATIONS.**  This Guaranty is a primary and original obligation of Guarantor, is not merely the creation of a surety relationship, and is an absolute, unconditional, and continuing guaranty of payment and performance which shall remain in full force and effect without respect to future changes in conditions. Guarantor hereby agrees that Guarantor is directly, jointly and severally with any other guarantor of the Guarantied Obligations, liable to Ocean Capital, that the obligations of Guarantor hereunder are independent of the obligations of Client or any other guarantor, and that a separate action may be brought against Guarantor, whether such action is brought against Client or any other guarantor or whether Client or any other guarantor is joined in such action.  Guarantor hereby agrees that Guarantor's liability hereunder shall be immediate and shall not be contingent upon the exercise or enforcement by Ocean Capital of whatever remedies they may have against Client or any other guarantor, or the enforcement of any lien or realization upon any security by Ocean Capital. Guarantor hereby agrees that any release which may be given by Ocean Capital to Client or any other guarantor, or with respect to any property or asset subject to a Lien, shall not release Guarantor.  Guarantor consents and agrees that Ocean Capital shall not be under any obligation to marshal any property or assets of Client or any other guarantor in favor of Guarantor, or against or in payment of any or all of the Guarantied Obligations.

6.   **WAIVERS.**

6.1   To the fullest extent permitted by applicable law, Guarantor hereby waives: (i) notice of acceptance hereof; (ii) notice of any advances or other financial accommodations made or extended under the Loan Agreement, or the creation or existence of any Guarantied Obligations; (iii) notice of the amount of the Guarantied Obligations; (iv) notice of any adverse change in the financial condition of Client or of any other fact that might increase Guarantor's risk hereunder; (v) notice of presentment for payment, demand, protest, and notice thereof as to any instrument among the Loan Documents; (vi) notice of any Default or Event of Default under any of the Loan Documents; (vii) all other notices  and demands to which Guarantor might otherwise be entitled; (viii) the right by statute or otherwise to require Ocean Capital to institute suit against Client or any other guarantor or to exhaust any rights and remedies which Ocean Capital has or may have against Client or any other guarantor, and Guarantor agrees that Guarantor is bound to the payment of each and all Guarantied Obligations, whether now existing or hereafter arising, as fully as if the Guarantied Obligations were directly owing to Ocean Capital by Guarantor; (ix) any defense arising by reason of any disability or other defense (other than the defense that the Guarantied Obligations shall have been fully and finally performed and indefeasibly paid in full in cash, to the extent of any such payment) of Client or by reason of the cessation from any cause whatsoever of the liability of Client in respect thereof; (x) any right to assert against Ocean Capital any defense (legal or equitable), set-off, counterclaim, or claim which Guarantor may now or at any time hereafter have against Client or any other party liable to Ocean Capital; (xi) any defense, set-off, counterclaim, or claim, of any kind or nature, arising directly or indirectly from the present or future lack of perfection, sufficiency, validity, or enforceability of the Guarantied Obligations or any security therefor; (xii) any right or defense arising by reason of any claim or defense based upon an election of remedies by Ocean Capital including any defense based upon an impairment or elimination of Guarantor's rights of subrogation, reimbursement, contribution, or indemnity of Guarantor against Client or other guarantors or sureties; and (xiii) the benefit of any statute of limitations affecting Guarantor's liability hereunder or the enforcement thereof, and any act which shall defer or delay the operation of any statute of limitations applicable to the Guarantied Obligations shall similarly operate to defer or delay the operation of such statute of limitations applicable to Guarantor's liability hereunder.

6.2   Until the Guarantied Obligations have been paid in full in cash, (i) Guarantor hereby postpones and agrees not to exercise any right of subrogation Guarantor has or may have as against Client with respect to the Guarantied Obligations; (ii) Guarantor hereby postpones and agrees not to exercise any right to proceed

3105469v1

2

AFCI 00015

against Client or any other Person now or hereafter liable on account of the obligations for contribution, indemnity, reimbursement, or any other similar rights (irrespective of whether direct or indirect, liquidated or contingent); and (iii) Guarantor hereby postpones and agrees not to exercise any right Guarantor may have to proceed or to seek recourse against or with respect to any property or asset of Client or any other Person now or hereafter liable on account of any obligations.

6.3    Without limiting the generality of any other waiver or other provision set forth in this Guaranty, Guarantor hereby also agrees to the following waivers: (i) Ocean Capital' right to enforce this Guaranty is absolute and is not contingent upon the genuineness, validity or enforceability of the Guarantied Obligations or any of the Loan Documents; and (ii)  Guarantor waives all benefits and defenses Guarantor may have and agrees that Ocean Capital' rights under this Guaranty shall be enforceable even if Client had no liability at the time of execution of the Loan Documents or the Guarantied Obligations are unenforceable in whole or in part, or Client ceases to be liable with respect to all or any portion of the Guarantied Obligations.

6.4    Guarantor agrees that Ocean Capital's rights under the Loan Documents will remain enforceable even if the amount guaranteed hereunder is larger in amount and more burdensome than that for which Client is responsible.  The enforceability of this Guaranty against Guarantor shall continue until all sums due under the Loan Documents have been paid in full and shall not be limited or affected in any way by any impairment or any diminution or loss of value of any security or collateral for Client's obligations under the Loan Documents, from whatever cause, the failure of any security interest in any such security or collateral or any disability or other defense of Client, any other guarantor of Client's obligations under any other Loan Document, any pledgor of collateral for any person's obligations to Ocean Capital or any other person in connection with the Loan Documents.

6.5    Guarantor waives all benefits and defenses Guarantor may with respect to Guarantor's obligations under this Guaranty, including the right to require Ocean Capital to (A) proceed against Client, any guarantor of Client's obligations under any Loan Document, any other pledgor of collateral for any person's obligations to any other person in connection with the Guarantied Obligations, (B) proceed against or exhaust any other security or collateral held, or (C) pursue any other right or remedy for Guarantor's benefit, and agrees that Guarantor may exercise Guarantor's rights under this Guaranty without taking any action against Client, any other guarantor of Client's obligations under the Loan Documents, any pledgor of collateral for any person's obligations to any other person in connection with the Guarantied Obligations, and without proceeding against or exhausting any security or collateral.

7.    RELEASES.  Guarantor consents and agrees that, without notice to or by Guarantor and without affecting or impairing the obligations of Guarantor hereunder, Ocean Capital may, by action or inaction, compromise or settle, shorten or extend the Loan Documents or any other period of duration or the time for the payment of Client's obligations, or discharge the performance of the obligations, or may refuse to enforce the obligations, or otherwise elect not to enforce the obligations, or may, by action or inaction, release all or any one or more parties to, any one or more of the terms and provisions of the Loan Agreement or any of the other Loan Documents or may grant other indulgences to Client or any other guarantor in respect thereof, or may amend or modify in any manner and at any time (or from time to time) any one or more of the obligations, the Loan Agreement or any other Loan Document (including any increase or decrease in the principal amount of any obligations or the interest, fees or other amounts that may accrue from time to time in respect thereof), or may, by action or inaction, release or substitute the Client or any guarantor, if any, of the Guarantied Obligations, or may enforce, exchange, release, or waive, by action or inaction, any security for the Guarantied Obligations or any other guaranty of the Guarantied Obligations, or any portion thereof.

8.    NO ELECTION.  Ocean Capital shall have the right to seek recourse against Guarantor to the fullest extent provided for herein and no election by Ocean Capital to proceed in one form of action or proceeding, or against any party, or on any obligation, shall constitute a waiver of Ocean Capital' right to proceed in any other form of action or proceeding or against other parties unless Ocean Capital has expressly waived such right in writing.  Specifically, but without limiting the generality of the foregoing, no action or proceeding by Ocean Capital under any document or instrument evidencing the Guarantied Obligations shall serve to diminish the liability of Guarantor under this Guaranty except to the extent that Ocean Capital finally and unconditionally shall have realized indefeasible payment in full of the Guarantied Obligations by such action or proceeding.

9.    REVIVAL AND REINSTATEMENT.  If the incurrence or payment of the Guarantied Obligations or the obligations of Guarantor under this Guaranty by Guarantor or the transfer by Guarantor to Ocean Capital of any property of Guarantor should for any reason subsequently be declared to be void or voidable under any state or federal law relating to creditors' rights, including provisions of the Bankruptcy Code relating to fraudulent conveyances, preferences, or other voidable or recoverable payments of money or transfers of property (collectively, a "Voidable Transfer"), and if Ocean Capital is required to repay or restore, in whole or in part, any such Voidable Transfer, or elects to do so upon the reasonable advice of its counsel, then, as to any such Voidable Transfer, or the amount thereof that Ocean Capital is required or elects to repay or restore, and as to all reasonable costs, expenses, and attorneys; fees of Ocean Capital related thereto, the liability of Guarantor automatically shall be revived, reinstated, and restored and shall exist as though such Voidable Transfer had never been made.

10.    FINANCIAL CONDITION OF CLIENT.  Guarantor represents and warrants to Ocean Capital that Guarantor (i) is currently informed of the financial condition of Client and of all other circumstances which a diligent inquiry would reveal and which bear upon the risk of nonpayment of the Guarantied Obligations; and (ii) has read

3105469v1                                       3

AFCI 00016

and understands the terms and conditions of each Loan Document. Guarantor hereby covenants that Guarantor will continue to keep informed of Client's financial condition, the financial condition of other guarantors, if any, and of all other circumstances which bear upon the risk of nonpayment or nonperformance of the Guarantied Obligations.

11.　　**ATTORNEYS' FEES AND COSTS**. Guarantor agrees to pay, on demand, all attorneys' fees and all other costs and expenses which may be incurred by Ocean Capital in connection with the enforcement of this Guaranty or in any way arising out of, or consequential to, the protection, assertion, or enforcement of the Guarantied Obligations (or any security therefor), irrespective of whether suit is brought.

12.　　**CUMULATIVE REMEDIES**. No remedy under this Guaranty, under the Loan Agreement, or any other Loan Document is intended to be exclusive of any other remedy, but each and every remedy shall be cumulative and in addition to any and every other remedy given under this Guaranty, under the Loan Agreement, or any other Loan Document, and those provided by law. No delay or omission by Ocean Capital to exercise any right under this Guaranty shall impair any such right nor be construed to be a waiver thereof. No failure on the part of Ocean Capital to exercise, and no delay in exercising, any right under this Guaranty shall operate as a waiver thereof; nor shall any single or partial exercise of any right under this Guaranty preclude any other or further exercise thereof or the exercise of any other right.

13.　　**CHOICE OF LAW AND VENUE; ARBITRATION; JURY TRIAL WAIVER.**

13.1　　GOVERNING LAW. This Guaranty shall be deemed negotiated, executed and delivered at and shall be deemed to have been made in the State of California and in all respects shall be governed by and construed in accordance with the domestic laws of the State of California, without regard to any choice of law or conflict of law provisions or rules (whether of the State of California of any other jurisdiction).

13.2　　JURISDICTION. Guarantor hereby consents to the exclusive jurisdiction of the federal court for the Central District of California or any court of the State of California located in the City and County of Los Angeles, State of California, in any action or proceeding the subject matter of which arises out of or relates, directly or indirectly, to this Guaranty and each of Guarantor and Ocean Capital agree that all claims in respect to any action or proceeding shall be heard and determined exclusively in such forum. Guarantor further waives any objection or right it may have to seek a change of venue based on lack of personal jurisdiction, improper venue, forum non convenience or otherwise. Notwithstanding the foregoing, Ocean Capital shall have the sole and exclusive right to file an action in any jurisdiction in which the Collateral is located and Guarantor irrevocably agrees that subject to Ocean Capital' sole election, Guarantor expressly submits and consents to the jurisdiction of the aforesaid courts and waives a defense of *forum non convenians* or otherwise. Guarantor hereby waives personal service of the summons, complaint and other process issued in any such action or suit and agrees that service of such summons, complaint and other process may be made by certified mail addressed to Guarantor at the address of Guarantor set forth in this Guaranty and that service so made shall be deemed completed upon the earlier of actual receipt thereof or 3 days after deposit in the United States mail, proper postage prepaid. Nothing in this Guaranty shall be deemed or operate to affect the right of Ocean Capital to serve legal process in any other manner permitted by law, or to preclude the enforcement of any judgment or order obtained in such forum or the taking of any action under this Loan Agreement to enforce same in any other appropriate forum or jurisdiction.

13.3　　Waiver of Jury Trial. Each of Ocean Capital and Guarantor knowingly, voluntarily and intentionally waives any right that such party may have to a trial by jury in respect to any litigation based hereon, including but not limited to any claim, counterclaim, cross-claim, third party claim, dispute, demand, suit or proceeding arising out of or related hereto whether, under or in connection with this Guaranty or any agreement contemplated to be executed in conjunction herewith, including any course of dealing, statements (whether verbal or written) or actions of either party and agrees that all such proceedings shall be tried before a Judge and not a jury. EACH OF GUARANTOR AND OCEAN CAPITAL ACKNOWLEDGE THAT THIS WAIVER IS A MATERIAL INDUCEMENT TO ENTER INTO THIS AGREEMENT AND THE DOCUMENTS ANCILLARY HERETO AND THAT EACH PARTY HAS RELIED ON THIS JURY WAIVER IN ENTERING INTO THIS AGREEMENT AND THAT EACH WILL CONTINUE TO RELY ON THIS JURY WAIVER IN THEIR RELATED FUTURE DEALINGS. OCEAN CAPITAL AND GUARANTOR WARRANT AND REPRESENT THAT EACH AS HAD THE OPPORTUNITY OF REVIEWING THIS JURY WAIVER WITH LEGAL COUNSEL, AND THAT EACH KNOWINGLY AND VOLUNTARILY WAIVES SUCH PARTY'S JURY TRIAL RIGHTS.

14.　　**GENERAL PROVISIONS**

14.1　　NOTICES. All notices, requests, demands and other communications provided for hereunder shall be in writing (including telecopied communication) and sent via certified mail, return receipt requested, or via overnight or personal delivery to the applicable party at the address set forth in the preamble herein or, as to each party, at such other address as shall be designated by such party in a written notice to the other party complying as to delivery with the terms of this Section. All such notices, requests, demands and other communication shall be deemed given upon receipt or refusal of receipt by the party to whom such notice is directed.

14.2　　SEVERABILITY OF PROVISIONS. Each provision of this Guaranty shall be severable from every other provision of this Guaranty for the purpose of determining the legal enforceability of any specific provision.

3105469v1　　　　　　　　　　4

AFCI 00017

14.3    **ENTIRE AGREEMENT; AMENDMENTS.**  This Guaranty, including the Recitals hereto, constitutes the entire agreement between parties pertaining to the subject matter contained herein.  This Guaranty may not be altered, amended, or modified, nor may any provision hereof be waived or noncompliance therewith consented to, except by means of a writing executed by Guarantor and Ocean Capital.  Any such alteration, amendment, modification, waiver, or consent shall be effective only to the extent specified therein and for the specific purpose for which given.  No course of dealing and no delay or waiver of any right or default under this Guaranty shall be deemed a waiver of any other, similar or dissimilar, right or default or otherwise prejudice the rights and remedies hereunder.

14.4    **SUCCESSORS AND ASSIGNS; NO THIRD PARTY BENEFICIARY.**  This Guaranty shall be binding upon Guarantor and its successors and assigns and shall inure to the benefit of the successors and assigns of Ocean Capital; provided, however, Guarantor shall not assign this Guaranty or delegate any of Guarantor's duties hereunder without Ocean Capital' prior written consent and any unconsented to assignment shall be null and void. In the event of any assignment, participation, or other transfer of rights by Ocean Capital, the rights and benefits herein conferred upon Ocean Capital shall automatically extend to and be vested in such assignee or other transferee.  This Guaranty is solely for the benefit of Ocean Capital and its successors and assigns and may not be relied on by any third party.

14.5    **COUNTERPARTS; EXECUTION.**  This Guaranty may be executed in any number of counterparts,  and all of which, when taken together, shall constitute but one and the same Guaranty and shall be deemed to be an original.  Delivery of an executed counterpart of this Guaranty by telefacsimile or electronic transmission shall be equally as effective as delivery of an original executed counterpart of this Guaranty.  Any party delivering an executed counterpart of this Guaranty by telefacsimile or electronic transmission also shall deliver an original executed counterpart of this Guaranty but the failure to deliver an original executed counterpart shall not affect the validity, enforceability, and binding effect of this Guaranty.

14.6    **CONSTRUCTION.**  Unless the context of this Guaranty clearly requires otherwise, references to the plural include the singular, references to the singular include the plural, the terms "includes" and "including" are not limiting, and the term "or" has, except where otherwise indicated, the inclusive meaning represented by the phrase "and/or."  Neither this Guaranty nor any uncertainty or ambiguity herein shall be construed or resolved against the Ocean Capital or Client, whether under any rule of construction or otherwise.  This Guaranty has been reviewed by Guarantor and shall be construed and interpreted according to the ordinary meaning of the words used so as to accomplish fairly the purposes and intentions of Guarantor and Ocean Capital.  Any reference herein to the satisfaction or payment in full of the Guarantied Obligations shall mean the payment in full in cash (or cash collateralization in accordance with the terms of the Loan Agreement) of all Guarantied Obligations other than contingent indemnification Guarantied Obligations.  Guarantor shall include Guarantor's successors and assigns. The captions and headings are for convenience of reference only and shall not affect the construction of this Guaranty.

**[SIGNATURE PAGE TO FOLLOW]**

**AFCI 00018**

— 1946

**IN WITNESS WHEREOF,** the undersigned has executed and delivered this COMPANY GUARANTY as of the date first written above.

Helping Others International, LLC, a Delaware corporation

By: _____
　　Name:
　　Title:

STATE OF ___CALIFORNIA___ 　)
　　　　　　　　　　　　　　　 ) SS:
COUNTY OF ___Los Angeles___ 　)

　　　I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, the foregoing Unconditional Continuing Personal Guaranty was acknowledged before me by ___MEGAN ZUCARO___, as Guarantor, freely and voluntarily, and is personally known to me or has produced ___PASSPORT___ as identification.

　　　WITNESS my hand and official seal in the County and State last aforesaid this ___7|1|19___

_____
Notary Public

Typed, printed or stamped name of Notary Public
My Commission Expires: __4|5|21__

MICHELLE M. SORICE
Notary Public – California
Los Angeles County
Commission # 2200398
My Comm. Expires Jun 5, 2021

AFCI 00019

## SCHEDULE 1

### REAL PROPERTY

21153 Placerita Canyon, Santa Clarita, CA

10434 Calling Road, Aqua Dulce, CA

6475 Marigayle Circle Huntington Beach, CA

AFCI 00020

1948

## UNCONDITIONAL CONTINUING PERSONAL GUARANTY

This **UNCONDITIONAL CONTINUING PERSONAL GUARANTY** (this "Guaranty"), dated as of the 28th day of June, 2019 is executed and delivered by Megan Zucar, an individual residing at 6475 Marigayle Circle, Huntington Beach, CA 92648 ("Guarantor"), in favor of American Financial Center, Inc. d/b/a Ocean Capital ("Ocean Capital"), a California corporation with a principal address of 14930 Ventura Blvd., Suite 320, Sherman Oaks, CA 91403. Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such term in the Loan Agreement (as hereinafter defined).

### RECITALS

**WHEREAS,** Ascension Recovery Inc., a California corporation with its principal place of business located at 6475 Marigayle Circle, Huntington Beach, CA 92648 ("Client") and Ocean Capital are parties to that Loan and Security Agreement dated as of even date herewith (as amended, restated, modified, renewed or extended from time to time, the "Loan Agreement");

**WHEREAS,** Guarantor is an equity owner, director, officer, employee and/or agent of Client and, as such, will benefit by virtue of the financial accommodations extended to Client by Ocean Capital; and

**WHEREAS,** in reliance on this Guaranty and in order to induce Ocean Capital to enter into the Loan Agreement and the other agreements ancillary thereto and executed in connection therewith (collectively the "Loan Documents") and to extend the term loan facility and other financial accommodations to Client, and in consideration thereof, and in consideration of any loans or other financial accommodations extended by Ocean Capital to Client pursuant to the Loan Agreement, Guarantor has agreed to guaranty the Client obligations, and Guarantor acknowledges and agrees that Ocean Capital is relying on this Guaranty in entering into the Loan Documents.

**NOW, THEREFORE,** in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which are acknowledged, Guarantor hereby agrees as follows:

1. **GUARANTIED OBLIGATIONS.** Guarantor hereby irrevocably and unconditionally guaranties to Ocean Capital, for the benefit of Ocean Capital, as and for Guarantor's own debt, until the final and indefeasible payment in full thereof, in cash, has been made, (a) the due and punctual payment of all Obligations due to Ocean Capital by Client pursuant to the Loan Agreement, when and as the same shall become due and payable, whether at maturity, pursuant to a mandatory prepayment requirement, by acceleration, or otherwise; it being the intent of Guarantor that the guaranty set forth herein shall be a guaranty of payment and not a guaranty of collection; and (b) the punctual and faithful performance, keeping, observance, and fulfillment by Client of all of the agreements, conditions, covenants, and obligations of Client contained in the Loan Agreement and under each of the other Loan Documents (collectively, the "Guarantied Obligations"). The Guarantied Obligations shall include all of Obligations now or hereafter existing or arising under the Loan Agreement and any other Loan Document, whether for principal, discount rates, fees, expenses or otherwise, and also includes any and all expenses (including reasonable attorney's fees and expenses) incurred by Ocean Capital in enforcing any rights under this Guaranty. Without limiting the generality of the foregoing, Guarantied Obligations shall include all amounts that would be owed by the Client to Ocean Capital under any Loan Document but for the fact that such is not unenforceable or not allowable, including due to the existence of a bankruptcy, reorganization or similar proceeding involving Client or any other guarantor.

2. **CONTINUING GUARANTY.** This Guaranty includes Guarantied Obligations arising under successive transactions continuing, compromising, extending, increasing, modifying, releasing, or renewing the Guarantied Obligations, changing the interest rate, discount rate, fees, payment terms, or other terms and conditions thereof, or creating new or additional Guarantied Obligations after prior Guarantied Obligations have been satisfied in whole or in part. To the maximum extent permitted by law, Guarantor hereby waives any right to revoke this Guaranty as to future Guarantied Obligations. If such a revocation is effective notwithstanding the foregoing waiver, Guarantor acknowledges and agrees that (a) no such revocation shall be effective until written notice thereof has been received by Ocean Capital, (b) no such revocation shall apply to any Guarantied Obligations in existence on the date of receipt by Ocean Capital of such written notice (including any subsequent continuation, extension, or renewal thereof, or change in the interest rate, payment terms, or other terms and conditions thereof), (c) no such revocation shall apply to any Guarantied Obligations made or created after such date to the extent made or created pursuant to a legally binding commitment of Ocean Capital in existence on the date of such revocation, (d) no payment by Guarantor, Client, or from any other source, prior to the date of such revocation shall reduce the maximum obligation of Guarantor hereunder, and (e) any payment by Client or from any source other than Guarantor subsequent to the date of such revocation shall first be applied to that portion of the Guarantied Obligations as to which the revocation is effective and which are not, therefore, guarantied hereunder, and to the extent so applied shall not reduce the maximum obligation of Guarantor hereunder.

3. **GRANT OF SECURITY INTEREST.** To secure the payment and performance in full of the Guarantor's obligations hereunder, Guarantor grants to the Ocean Capital a security interest in (i) all of Guarantor's now existing and hereafter acquired personal property and fixtures, and proceeds thereof (including proceeds of proceeds), including without limitation: Accounts, Deposit Accounts, Chattel Paper, Goods, Inventory, Equipment, Instruments, Investment Property; Documents, General Intangibles, Letter of Credit Rights, and Commercial Tort Claims and all proceeds thereof of each of the foregoing (the "Personal Property Collateral"); and (ii) the real

3105459v1                                        1

AFCI 00021

property identified on Schedule 1 here (the "Real Property" and together with the Personal Property Collateral, the "Collateral").   Guarantor agrees that Ocean Capital is authorized to file a Uniform Commercial Code financing statement to perfect its security interest in the Personal Property Collateral.   Guarantor agrees to execute all mortgages, deeds of trust and any other documents requested by Ocean Capital in order to Ocean Capital to obtain a perfected security interest in the Real Property.

4.    **PERFORMANCE UNDER THIS GUARANTY.**  In the event that Client fails to make any payment of any Guarantied Obligations, on or prior to the due date thereof, or if Client shall fail to perform, keep, observe, or fulfill any other obligation referred to in this Guaranty in the manner provided in the Loan Agreement or any other Loan Document, Guarantor immediately shall cause, as applicable, such payment in respect of the Guarantied Obligations to be made or such obligation to be performed, kept, observed, or fulfilled.

5.    **PRIMARY OBLIGATIONS.**  This Guaranty is a primary and original obligation of Guarantor, is not merely the creation of a surety relationship, and is an absolute, unconditional, and continuing guaranty of payment and performance which shall remain in full force and effect without respect to future changes in conditions. Guarantor hereby agrees that Guarantor is directly, jointly and severally with any other guarantor of the Guarantied Obligations, liable to Ocean Capital, that the obligations of Guarantor hereunder are independent of the obligations of Client or any other guarantor, and that a separate action may be brought against Guarantor, whether such action is brought against Client or any other guarantor or whether Client or any other guarantor is joined in such action.  Guarantor hereby agrees that Guarantor's liability hereunder shall be immediate and shall not be contingent upon the exercise or enforcement by Ocean Capital of whatever remedies they may have against Client or any other guarantor, or the enforcement of any lien or realization upon any security by Ocean Capital. Guarantor hereby agrees that any release which may be given by Ocean Capital to Client or any other guarantor, or with respect to any property or asset subject to a Lien, shall not release Guarantor.  Guarantor consents and agrees that Ocean Capital shall not be under any obligation to marshal any property or assets of Client or any other guarantor in favor of Guarantor, or against or in payment of any or all of the Guarantied Obligations.

6.    **WAIVERS.**

6.1    To the fullest extent permitted by applicable law, Guarantor hereby waives: (i) notice of acceptance hereof; (ii) notice of any advances or other financial accommodations made or extended under the Loan Agreement, or the creation or existence of any Guarantied Obligations; (iii) notice of the amount of the Guarantied Obligations; (iv) notice of any adverse change in the financial condition of Client or of any other fact that might increase Guarantor's risk hereunder; (v) notice of presentment for payment, demand, protest, and notice thereof as to any instrument among the Loan Documents; (vi) notice of any Default or Event of Default under any of the Loan Documents; (vii) all other notices  and demands to which Guarantor might otherwise be entitled; (viii) the right by statute or otherwise to require Ocean Capital to institute suit against Client or any other guarantor or to exhaust any rights and remedies which Ocean Capital has or may have against Client or any other guarantor, and Guarantor agrees that Guarantor is bound to the payment of each and all Guarantied Obligations, whether now existing or hereafter arising, as fully as if the Guarantied Obligations were directly owing to Ocean Capital by Guarantor; (ix) any defense arising by reason of any disability or other defense (other than the defense that the Guarantied Obligations shall have been fully and finally performed and indefeasibly paid in full in cash, to the extent of any such payment) of Client or by reason of the cessation from any cause whatsoever of the liability of Client in respect thereof; (x) any right to assert against Ocean Capital any defense (legal or equitable), set-off, counterclaim, or claim which Guarantor may now or at any time hereafter have against Client or any other party liable to Ocean Capital; (xi) any defense, set-off, counterclaim, or claim, of any kind or nature, arising directly or indirectly from the present or future lack of perfection, sufficiency, validity, or enforceability of the Guarantied Obligations or any security therefor; (xii) any right or defense arising by reason of any claim or defense based upon an election of remedies by Ocean Capital including any defense based upon an impairment or elimination of Guarantor's rights of subrogation, reimbursement, contribution, or indemnity of Guarantor against Client or other guarantors or sureties; and (xiii) the benefit of any statute of limitations affecting Guarantor's liability hereunder or the enforcement thereof, and any act which shall defer or delay the operation of any statute of limitations applicable to the Guarantied Obligations shall similarly operate to defer or delay the operation of such statute of limitations applicable to Guarantor's liability hereunder.

6.2    Until the Guarantied Obligations have been paid in full in cash, (i) Guarantor hereby postpones and agrees not to exercise any right of subrogation Guarantor has or may have as against Client with respect to the Guarantied Obligations; (ii) Guarantor hereby postpones and agrees not to exercise any right to proceed against Client or any other Person now or hereafter liable on account of the obligations for contribution, indemnity, reimbursement, or any other similar rights (irrespective of whether direct or indirect, liquidated or contingent); and (iii) Guarantor hereby postpones and agrees not to exercise any right Guarantor may have to proceed or to seek recourse against or with respect to any property or asset of Client or any other Person now or hereafter liable on account of any obligations.

6.3    Without limiting the generality of any other waiver or other provision set forth in this Guaranty, Guarantor hereby also agrees to the following waivers: (i) Ocean Capital' right to enforce this Guaranty is absolute and is not contingent upon the genuineness, validity or enforceability of the Guarantied Obligations or any of the Loan Documents; and (ii)  Guarantor waives all benefits and defenses Guarantor may have and agrees that Ocean Capital' rights under this Guaranty shall be enforceable even if Client had no liability at the time of execution of the Loan Documents or the Guarantied Obligations are unenforceable in whole or in part, or Client ceases to be liable with respect to all or any portion of the Guarantied Obligations.

3105459v1    2

AFCI 00022

6.4    Guarantor agrees that Ocean Capital's rights under the Loan Documents will remain enforceable even if the amount guaranteed hereunder is larger in amount and more burdensome than that for which Client is responsible. The enforceability of this Guaranty against Guarantor shall continue until all sums due under the Loan Documents have been paid in full and shall not be limited or affected in any way by any impairment or any diminution or loss of value of any security or collateral for Client's obligations under the Loan Documents, from whatever cause, the failure of any security interest in any such security or collateral or any disability or other defense of Client, any other guarantor of Client's obligations under any other Loan Document, any pledgor of collateral for any person's obligations to Ocean Capital or any other person in connection with the Loan Documents.

6.5    Guarantor waives all benefits and defenses Guarantor may with respect to Guarantor's obligations under this Guaranty, including the right to require Ocean Capital to (A) proceed against Client, any guarantor of Client's obligations under any Loan Document, any other pledgor of collateral for any person's obligations to any other person in connection with the Guarantied Obligations, (B) proceed against or exhaust any other security or collateral held, or (C) pursue any other right or remedy for Guarantor's benefit, and agrees that Guarantor may exercise Guarantor's rights under this Guaranty without taking any action against Client, any other guarantor of Client's obligations under the Loan Documents, any pledgor of collateral for any person's obligations to any other person in connection with the Guarantied Obligations, and without proceeding against or exhausting any security or collateral.

7.    RELEASES.  Guarantor consents and agrees that, without notice to or by Guarantor and without affecting or impairing the obligations of Guarantor hereunder, Ocean Capital may, by action or inaction, compromise or settle, shorten or extend the Loan Documents or any other period of duration or the time for the payment of Client's obligations, or discharge the performance of the obligations, or may refuse to enforce the obligations, or otherwise elect not to enforce the obligations, or may, by action or inaction, release all or any one or more parties to, any one or more of the terms and provisions of the Loan Agreement or any of the other Loan Documents or may grant other indulgences to Client or any other guarantor in respect thereof, or may amend or modify in any manner and at any time (or from time to time) any one or more of the obligations, the Loan Agreement or any other Loan Document (including any increase or decrease in the principal amount of any obligations or the interest, fees or other amounts that may accrue from time to time in respect thereof), or may, by action or inaction, release or substitute the Client or any guarantor, if any, of the Guarantied Obligations, or may enforce, exchange, release, or waive, by action or inaction, any security for the Guarantied Obligations or any other guaranty of the Guarantied Obligations, or any portion thereof.

8.    NO ELECTION.  Ocean Capital shall have the right to seek recourse against Guarantor to the fullest extent provided for herein and no election by Ocean Capital to proceed in one form of action or proceeding, or against any party, or on any obligation, shall constitute a waiver of Ocean Capital' right to proceed in any other form of action or proceeding or against other parties unless Ocean Capital has expressly waived such right in writing. Specifically, but without limiting the generality of the foregoing, no action or proceeding by Ocean Capital under any document or instrument evidencing the Guarantied Obligations shall serve to diminish the liability of Guarantor under this Guaranty except to the extent that Ocean Capital finally and unconditionally shall have realized indefeasible payment in full of the Guarantied Obligations by such action or proceeding.

9.    REVIVAL AND REINSTATEMENT.  If the incurrence or payment of the Guarantied Obligations or the obligations of Guarantor under this Guaranty by Guarantor or the transfer by Guarantor to Ocean Capital of any property of Guarantor should for any reason subsequently be declared to be void or voidable under any state or federal law relating to creditors' rights, including provisions of the Bankruptcy Code relating to fraudulent conveyances, preferences, or other voidable or recoverable payments of money or transfers of property (collectively, a "Voidable Transfer"), and if Ocean Capital is required to repay or restore, in whole or in part, any such Voidable Transfer, or elects to do so upon the reasonable advice of its counsel, then, as to any such Voidable Transfer, or the amount thereof that Ocean Capital is required or elects to repay or restore, and as to all reasonable costs, expenses, and attorneys; fees of Ocean Capital related thereto, the liability of Guarantor automatically shall be revived, reinstated, and restored and shall exist as though such Voidable Transfer had never been made.

10.    FINANCIAL CONDITION OF CLIENT.  Guarantor represents and warrants to Ocean Capital that Guarantor (i) is currently informed of the financial condition of Client and of all other circumstances which a diligent inquiry would reveal and which bear upon the risk of nonpayment of the Guarantied Obligations; and (ii) has read and understands the terms and conditions of each Loan Document. Guarantor hereby covenants that Guarantor will continue to keep informed of Client's financial condition, the financial condition of other guarantors, if any, and of all other circumstances which bear upon the risk of nonpayment or nonperformance of the Guarantied Obligations.

11.    ATTORNEYS' FEES AND COSTS.  Guarantor agrees to pay, on demand, all attorneys' fees and all other costs and expenses which may be incurred by Ocean Capital in connection with the enforcement of this Guaranty or in any way arising out of, or consequential to, the protection, assertion, or enforcement of the Guarantied Obligations (or any security therefor), irrespective of whether suit is brought.

12.    CUMULATIVE REMEDIES.  No remedy under this Guaranty, under the Loan Agreement, or any other Loan Document is intended to be exclusive of any other remedy, but each and every remedy shall be cumulative and in addition to any and every other remedy given under this Guaranty, under the Loan Agreement, or any other Loan Document, and those provided by law. No delay or omission by Ocean Capital to exercise any right under this

3105459v1

3



AFCI 00023

Guaranty shall impair any such right nor be construed to be a waiver thereof. No failure on the part of Ocean Capital to exercise, and no delay in exercising, any right under this Guaranty shall operate as a waiver thereof; nor shall any single or partial exercise of any right under this Guaranty preclude any other or further exercise thereof or the exercise of any other right.

13.   CHOICE OF LAW AND VENUE; ARBITRATION; JURY TRIAL WAIVER.

13.1   GOVERNING LAW. This Guaranty shall be deemed negotiated, executed and delivered at and shall be deemed to have been made in the State of California and in all respects shall be governed by and construed in accordance with the domestic laws of the State of California, without regard to any choice of law or conflict of law provisions or rules (whether of the State of California of any other jurisdiction).

13.2   JURISDICTION. Guarantor hereby consents to the exclusive jurisdiction of the federal court for the Central District of California or any court of the State of California located in the City and County of Los Angeles, State of California, in any action or proceeding the subject matter of which arises out of or relates, directly or indirectly, to this Guaranty and each of Guarantor and Ocean Capital agree that all claims in respect to any action or proceeding shall be heard and determined exclusively in such forum. Guarantor further waives any objection or right it may have to seek a change of venue based on lack of personal jurisdiction, improper venue, forum non conveniens or otherwise. Notwithstanding the foregoing, Ocean Capital shall have the sole and exclusive right to file an action in any jurisdiction in which the Collateral is located and Guarantor irrevocably agrees that subject to Ocean Capital' sole election, Guarantor expressly submits and consents to the jurisdiction of the aforesaid courts and waives a defense of *forum non conveniens* or otherwise. Guarantor hereby waives personal service of the summons, complaint and other process issued in any such action or suit and agrees that service of such summons, complaint and other process may be made by certified mail addressed to Guarantor at the address of Guarantor set forth in this Guaranty and that service so made shall be deemed completed upon the earlier of actual receipt thereof or 3 days after deposit in the United States mail, proper postage prepaid. Nothing in this Guaranty shall be deemed or operate to affect the right of Ocean Capital to serve legal process in any other manner permitted by law, or to preclude the enforcement of any judgment or order obtained in such forum or the taking of any action under this Loan Agreement to enforce same in any other appropriate forum or jurisdiction.

13.3   Waiver of Jury Trial. Each of Ocean Capital and Guarantor knowingly, voluntarily and intentionally waives any right that such party may have to a trial by jury in respect to any litigation based hereon, including but not limited to any claim, counterclaim, cross-claim, third party claim, dispute, demand, suit or proceeding arising out of or related hereto whether, under or in connection with this Guaranty or any agreement contemplated to be executed in conjunction herewith, including any course of dealing, statements (whether verbal or written) or actions of either party and agrees that all such proceedings shall be tried before a Judge and not a jury. EACH OF GUARANTOR AND OCEAN CAPITAL ACKNOWLEDGE THAT THIS WAIVER IS A MATERIAL INDUCEMENT TO ENTER INTO THIS AGREEMENT AND THE DOCUMENTS ANCILLARY HERETO AND THAT EACH PARTY HAS RELIED ON THIS JURY WAIVER IN ENTERING INTO THIS AGREEMENT AND THAT EACH WILL CONTINUE TO RELY ON THIS JURY WAVIER IN THEIR RELATED FUTURE DEALINGS. OCEAN CAPITAL AND GUARANTOR WARRANT AND REPRESENT THAT EACH AS HAD THE OPPORTUNITY OF REVIEWING THIS JURY WAIVER WITH LEGAL COUNSEL, AND THAT EACH KNOWINGLY AND VOLUNTARILY WAIVES SUCH PARTY'S JURY TRIAL RIGHTS.

14.   GENERAL PROVISIONS

14.1   NOTICES. All notices, requests, demands and other communications provided for hereunder shall be in writing (including telecopied communication) and sent via certified mail, return receipt requested, or via overnight or personal delivery to the applicable party at the address set forth in the preamble herein or, as to each party, at such other address as shall be designated by such party in a written notice to the other party complying as to delivery with the terms of this Section. All such notices, requests, demands and other communication shall be deemed given upon receipt or refusal of receipt by the party to whom such notice is directed.

14.2   SEVERABILITY OF PROVISIONS. Each provision of this Guaranty shall be severable from every other provision of this Guaranty for the purpose of determining the legal enforceability of any specific provision.

14.3   ENTIRE AGREEMENT; AMENDMENTS. This Guaranty, including the Recitals hereto, constitutes the entire agreement between parties pertaining to the subject matter contained herein. This Guaranty may not be altered, amended, or modified, nor may any provision hereof be waived or noncompliance therewith consented to, except by means of a writing executed by Guarantor and Ocean Capital. Any such alteration, amendment, modification, waiver, or consent shall be effective only to the extent specified therein and for the specific purpose for which given. No course of dealing and no delay or waiver of any right or default under this Guaranty shall be deemed a waiver of any other, similar or dissimilar, right or default or otherwise prejudice the rights and remedies hereunder.

14.4   SUCCESSORS AND ASSIGNS; NO THIRD PARTY BENEFICIARY. This Guaranty shall be binding upon Guarantor and its successors and assigns and shall inure to the benefit of the successors and assigns of Ocean Capital; provided, however, Guarantor shall not assign this Guaranty or delegate any of Guarantor's duties hereunder without Ocean Capital' prior written consent and any unconsented to assignment shall be null and void. In the event of any assignment, participation, or other transfer of rights by Ocean Capital, the rights and benefits

AFCI 00024

herein conferred upon Ocean Capital shall automatically extend to and be vested in such assignee or other transferee. This Guaranty is solely for the benefit of Ocean Capital and its successors and assigns and may not be relied on by any third party.

14.5    **COUNTERPARTS; EXECUTION.** This Guaranty may be executed in any number of counterparts, and all of which, when taken together, shall constitute but one and the same Guaranty and shall be deemed to be an original. Delivery of an executed counterpart of this Guaranty by telefacsimile or electronic transmission shall be equally as effective as delivery of an original executed counterpart of this Guaranty. Any party delivering an executed counterpart of this Guaranty by telefacsimile or electronic transmission also shall deliver an original executed counterpart of this Guaranty but the failure to deliver an original executed counterpart shall not affect the validity, enforceability, and binding effect of this Guaranty.

14.6    **CONSTRUCTION.** Unless the context of this Guaranty clearly requires otherwise, references to the plural include the singular, references to the singular include the plural, the terms "includes" and "including" are not limiting, and the term "or" has, except where otherwise indicated, the inclusive meaning represented by the phrase "and/or." Neither this Guaranty nor any uncertainty or ambiguity herein shall be construed or resolved against the Ocean Capital or Client, whether under any rule of construction or otherwise. This Guaranty has been reviewed by Guarantor and shall be construed and interpreted according to the ordinary meaning of the words used so as to accomplish fairly the purposes and intentions of Guarantor and Ocean Capital. Any reference herein to the satisfaction or payment in full of the Guarantied Obligations shall mean the payment in full in cash (or cash collateralization in accordance with the terms of the Loan Agreement) of all Guarantied Obligations other than contingent indemnification Guarantied Obligations. Guarantor shall include Guarantor's successors and assigns. The captions and headings are for convenience of reference only and shall not affect the construction of this Guaranty.

**[SIGNATURE PAGE TO FOLLOW]**

3105459v1                                                    5

1953

**IN WITNESS WHEREOF**, the undersigned has executed and delivered this UNCONDITIONAL CONTINUING PERSONAL GUARANTY as of the date first written above.

_____
Megan Zusaro, individually

STATE OF _CALIFORNIA_    )
                                          } SS:
COUNTY OF _Los Angeles_   )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, the foregoing Unconditional Continuing Personal Guaranty was acknowledged before me by _MEGAN ZUCARO_, as Guarantor, freely and voluntarily, and is personally known to me or has produced _Passport_ as identification.

WITNESS my hand and official seal in the County and State last aforesaid this _7/1/19_

_____
Notary Public

Typed, printed or stamped name of Notary Public
My Commission Expires: _6/5/21_

MICHELLE M. SORICE
Notary Public – California
Los Angeles County
Commission # 2200398
My Comm. Expires Jun 5, 2021

3105459v1                                              6

AFCI 00026

1954

**Schedule 1**

**Real Property**

Any and all Real property owned by or which Megan Zucaro has an ownership interest in.

7

AFCI 00028

# CHASE ◯

JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218 - 2051

00000236 DDA 703 142 21319 NNNNNNNNNNN T 1 000000000 61 0000
AMERICAN FINANCIAL CENTER, INC
14930 VENTURA BLVD STE 320
SHERMAN OAKS CA 91403-3489

June 29, 2019 through July 31, 2019

Account Number:                    9723

## CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| WebSite: | www.Chase.com |
| Service Center: | 1-877-425-8100 |
| Deaf and Hard of Hearing: | 1-800-242-7383 |
| Para Espanol: | 1-888-622-4273 |
| International Calls: | 1-713-262-1679 |

CHECKING SUMMARY    Commercial Checking

CHASE ◯

June 29, 2019 through July 31, 2019
Account Number:          -9723

~~~~~~ WITHDRAWALS

| 07/05 | Online Domestic Wire Transfer Via: Recovery Huntington Beach CA 92648 US Ref: Loan Imad: 0705B1Qgc03C006348 Trn: 3423200186Es | A/C: Ascension | AMOUNT 72,970.00 |

AFCI 00029

*1*

**RECORDING REQUESTED BY**

FIDELITY NATIONAL TITLE COMPANY
       AND WHEN RECORDED MAIL TO

Name

Street
Address          American Financial Center, Inc.

City &          14930 Ventura Blvd Ste 320
State

Zip              Sherman Oaks, Ca 91403

**Recorded in Official Records, Orange County**
**Hugh Nguyen, Clerk-Recorder**

|| 174.00

* S R 0 0 1 0 9 7 7 8 2 6 $ *

**2019000254315 12:14 pm 07/16/19**

7 414 D11 A36   3

0.00 0.00 0.00 0.00 6.00 0.00 0.000.00150.00 6.00

Title Order No. XX          Escrow No. XX

Assessors Parcel Number:  4319-008-088          **SPACE ABOVE THIS LINE FOR RECORDER'S USE**

### DEED OF TRUST WITH ASSIGNMENT OF RENTS

This DEED OF TRUST, made  **July 1st, 2019**                                              between

**Helping Others International LLC**                                          herein called TRUSTOR,

whose address is **4110 Vanetta Place    Studio City,     CA          91604**
              (Number and Street)          (City)          (State)          (Zip Code)

**CHICAGO TITLE COMPANY,** a California Corporation, herein called TRUSTEE, and

American Financial Center, Inc.

                                                        , herein called BENEFICIARY,

Trustor irrevocably grants, transfers and assigns to Trustee in Trust, with Power of Sale that property in
              **City of Huntington Beach** County of **Orange**
                                              , State of California, described as:

The real property situated in the County of Orange, State of California, more particularly described as:

SEE LEGAL DESCRIPTION EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Also known as: 6475 Marigayle Circle, Huntington Beach, CA 92648
APN: 110-511-04

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing (1) payment of the sum of $ 75,000.00          with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of the Beneficiary, and extensions or renewals thereof; (2) the performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his or her successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

A. To protect the security of this Deed of Trust, and with respect to the property above described, Trustor agrees:

   (1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

   (2) To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

   (3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

   (4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge, or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his or her reasonable fees.

Page 1

AFCI 00030

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date, of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby, any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B. It is mutually agreed:

(1) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him or her in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance,

(2) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his or her right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(3) That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may; reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(4) That upon written request of beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

(5) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable, Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his or her own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or the neuter, and the singular number includes the plural.

(9) The Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by laws. The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him or her at his or her address hereinbefore set forth.

Dated _____

| | |
|---|---|
| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. | Signature of Trustor(s) |

STATE OF CALIFORNIA
COUNTY OF _Los Angeles_

On _07/02/19_ before me,

_Foroogh Iranpour_
(here insert name and title of the officer)

, notary public, personally appeared _Megan Zucaro_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _F. Iranpour_

Helping Others International LLC

FOROOGH IRANPOUR
Commission # 2128732
Notary Public - California
Los Angeles County
My Comm. Expires Oct 26, 2019

(This area for official notarial seal)

Page 2

AFCI 00031

PRELIMINARY REPORT
YOUR REFERENCE: 00034926-TT

**EXHIBIT A**
**LEGAL DESCRIPTION**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF HUNTINGTON
BEACH, IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS
FOLLOWS:

LOT 2 OF TRACT NO. 15690, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE,
STATE OF CALIFORNIA, AS SHOWN ON THE MAP FILED IN BOOK 835 OF MISCELLANEOUS
MAPS, PAGE(S) 12 AND 13, RECORDS OR ORANGE COUNTY.

EXCPET THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBBON
SUBSTANCES LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID
PROPERTY, BUT WITH NO RIGHT OR SURFACE ENTRY, AS PROVIDED IN DEEDS OF
RECORDS.

**APN: 110-511-04**

AFCI 00032

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On July 15, 2020, I served the document described as follows: **DECLARATION OF ANDREW A. SMITS RE: OPPOSITION OF PLAINTIFF ANH THY SONG NGUYEN TO MOTION OF DEFENDANT UNITED LENDER, LLC, FOR: (1) APPOINTMENT OF A RECEIVER; (2) ORDER TO SHOW CAUSE WHY THE APPOINTMENT OF A RECEIVER SHOULD NOT BE CONFIRMED; (3) TEMPORARY RESTRAINING ORDER; AND (4) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant, Cross-defendant and Cross-complainant *in pro per* | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity Associates, LLC, dba Western Fidelity Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail: leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial Center, Inc. |

LAW OFFICES OF ANDREW A. SMITS<br>36 Executive Park<br>Suite 160<br>Irvine, California 92614-4794<br>Telephone: (949) 833-1025<br>Email: asmits@smits-law.com

1

1961
PROOF OF SERVICE

| | |
|---|---|
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: 310-550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: 310-827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot |
| Vincent J. Davitt and Anita Jain<br>Meylan Davitt Jain Arevian & Kim LLP<br>444 S. Flower Street, Suite 1850<br>Los Angeles, CA 90071<br><br>Telephone: (213) 225-6000<br>Email: vdavitt@mdjalaw.com<br>       ajain@mdjalaw.com<br><br>Attorneys for defendant United Lender, LLC | Ascension Recovery, Inc.,<br>dba Restored Life Recovery<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant |

[ ] **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ] **(By E-mail/Electronic Service)** I caused the document to be sent to the persons at the electronic service addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] **(By Personal Service)** I caused to be delivered by hand such envelope to the addressee. The messenger's proof of service will be prepared and available.

[ ] **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above, by placing the true copies in separate envelopes for each addressee, with the name and address of the person served shown on the envelope and by sealing the envelope and placing it for collection and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on July 15, 2020 at Irvine, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

KIMBERLY RICHARDSON

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

1962
PROOF OF SERVICE

# EXHIBIT 167

1963

1     Andrew A. Smits (State Bar No. 146659)
Law Offices of Andrew A. Smits
2     36 Executive Park, Suite 160
Irvine, California 92614-4794
3     Telephone: (949) 833-1025
Email:     asmits@smits-law.com
4

5     Attorney for Plaintiff Anh Thy Song Nguyen,
Trustee of Mother Nature Trust

6

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9       **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11     ANH THY SONG NGUYEN, TRUSTEE OF    |    Case No.: 30-2020-01124778-CU-FR-CJC
MOTHER NATURE TRUST,
12                     |    Assigned: Judge Walter Schwarm
            Plaintiff,              |           Dept.: C19
13

          vs.
14                                |    **EVIDENTIARY OBJECTIONS OF**
    UNITED LENDER, LLC, a Nevada limited      |    **PLAINTIFF ANY THY SONG NGUYEN TO**
15     liability company; SHAWN AHDOOT, an      |    **DECLARATION OF SHAWN AHDOOT RE**
    individual; ALBERT A. AHDOOT, an          |    **OPPOSITION TO MOTION FOR:**
16     individual; MEGAN E. ZUCARO, an
    individual; HELPING OTHERS               |    **(1) APPOINTMENT OF A RECEIVER;**
17     INTERNATIONAL, LLC, a Delaware         |    **(2) ORDER TO SHOW CAUSE WHY THE**
    limited liability company; WESTERN        |        **APPOINTMENT OF A RECEIVER**
18     FIDELITY ASSOCIATES, LLC, a California   |        **SHOULD NOT BE CONFIRMED;**
    limited liability company, dba WESTERN    |    **(3) TEMPORARY RESTRAINING ORDER;**
19     FIDELITY TRUSTEES; JOHN B. SPEAR,     |        **AND**
    an individual; AMERICAN FINANCIAL     |    **(4) ORDER TO SHOW CAUSE WHY A**
20     CENTER, INC., a California corporation; all   |        **PRELIMINARY INJUNCTION SHOULD**
    other persons unknown, claiming any legal or   |        **NOT BE GRANTED**
21     equitable right, title, estate, lien, or interest in
    the property described in the complaint
22     adverse to Plaintiff's title, or any cloud upon
    Plaintiff's title thereto; and DOES 1 through    |    Date:    July 28, 2020
23     100, inclusive,                         |    Time:    9:00 a.m.
            Defendants.            |    Dept.:    C19
24

25     AND RELATED CROSS-ACTIONS.        |    Complaint filed: January 15, 2020
                                |    Trial date:       August 27, 2021

26

27        Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust ("Plaintiff"), objects to

28     the Declaration of Shawn Ahdoot dated February 27, 2020 filed in support of the motion of

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO DECLARATION OF SHAWN
AHDOOT RE OPPOSITION TO MOTION FOR APPOINTMENT OF A RECEIVER, ETC.

1964

1   defendant United Lender, LLC, for: (1) appointment of a receiver; (2) order to show cause why the

2   appointment of a receiver should not be confirmed; (3) temporary restraining order; and (4) order

3   to show cause why a preliminary injunction should not be granted.

4   **General Relevance Objection to Entire Declaration as Stale Testimony:**

5       Plaintiff generally objects to this Declaration on the grounds of relevance under Evidence

6   Code sections 210 and 350.  The date of this Declaration is February 27, 2020, which is more than

7   four months ago.  The testimony in this Declaration is stale.  The testimony does not provide

8   relevant information regarding facts and circumstances that exist as of July 15, 2020.  For this

9   reason alone, the entire Declaration should be stricken and not considered in ruling on the motion

10  to appoint receiver filed by United Lender.

11      Furthermore, Plaintiff requests rulings on each of the following, specific objections.  The

12  following testimony should be stricken:

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | COURT RULING ON OBJECTIONS: |
|---|---|---|
| 1.  Page 2, paragraph 4, line 25 – 27, which reads: "This Application is made on the grounds and pursuant to the provisions of *Civil Code Procedure* §§ 526(a)(2), 564(9), 564(b)(11), 564(b)(12) and 1005(b), and *Civil Code* § 2938." | 1.  No foundation (Evid. C. §§ 403, 405); No personal knowledge (Evid. C. § 702); Inadmissible opinion (Evid. C. §§ 800, 803). | 1. |
| 2.  Page 4, paragraph 12, line 28 to page 5, lines 1-5, which reads: "United Lender is informed and believes based on an inspection I conducted the weekend of February 23, 2020, the Property is | 2.  No personal knowledge (Evid. C. § 702); No foundation (Evid. C. §§ 403, 405); Inadmissible opinion (Evid. C. §§ 800, 803); and Inadmissible argument (Evid. C. § 140). | 2. |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO DECLARATION OF SHAWN AHDOOT RE OPPOSITION TO MOTION FOR APPOINTMENT OF A RECEIVER, ETC.

| | | |
|---|---|---|
| 1 being rented to several individuals<br>2 living in an unlicensed halfway<br>3 house or sober living type facility,<br>4 which conclusion I base on a<br>5 bulletin board and sign in sheet<br>6 observed by me at the Property.<br>7 Based on my investigations of<br>8 California records, Helping Others<br>9 does not have a license to operate<br>10 a business from the Property, and I<br>11 did not observe a business license<br>12 displayed at the Property during<br>13 my inspection." | | |
| 14 3. Page 5, paragraph 13, lines 6 -<br>15 8, which reads: "Collectively<br>16 attached hereto as **Exhibit "4"**<br>17 and incorporated herein by this<br>18 reference as though fully set forth<br>19 herein are true and correct copies<br>20 of pertinent photographs I took<br>21 during my inspection of the<br>22 Property on the weekend of<br>23 February 23, 2020." | 3. No foundation (Evid. C. §§<br>403, 405); No personal<br>knowledge (Evid. C. § 702);<br>Writing not properly<br>authenticated (Evid. C. § 1401);<br>and Relevance (Evid. C. §§<br>210, 350). | 3. |
| 24 4. Page 5, paragraph 14, lines 9 –<br>25 11, which reads: "At least one<br>26 condition of the Deed of Trust has<br>27 not been performed, in that the<br>28 Deed of Trust provides the Trustee | 4. No personal knowledge<br>(Evid. C. § 702); No foundation<br>(Evid. C. §§ 403, 405);<br>Inadmissible opinion (Evid. C.<br>§§ 800, 803); and Inadmissible | 4. |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

3

EVIDENTIARY OBJECTIONS OF PLAINTIFF AND THY SONG NGUYEN TO DECLARATION OF SHAWN
AHDOOT RE OPPOSITION TO MOTION FOR APPOINTMENT OF A RECEIVER, ETC.

| | | |
|---|---|---|
| 1  shall not destroy, damage or | argument (Evid. C. § 140). | |
| 2  impair the Property or allow the | | |
| 3  Property to deteriorate or commit | | |
| 4  waste on the Property. (*See* Exh.3, | | |
| 5  Deed of Trust, at 20 ¶5.8.)" | | |
| 6  5. Page 5, paragraph 15, lines 12 – | 5. No foundation (Evid. C. §§ | 5. |
| 7  18, which reads: "United Lender | 403, 405); No personal | |
| 8  will suffer irreparable injury from | knowledge (Evid. C. § 702); | |
| 9  the continued erosion of the value | Inadmissible opinion (Evid. C. | |
| 10  of the property (i.e. United | §§ 800, 803); and Inadmissible | |
| 11  Lender's collateral).  Therefore, | argument (Evid. C. § 140). | |
| 12  appointment of a receiver is both | | |
| 13  appropriate and necessary ex | | |
| 14  parte.  Moreover, the Property is | | |
| 15  not, as best that I can ascertain | | |
| 16  from my investigation being used | | |
| 17  in compliance with the laws and | | |
| 18  ordinances.  When I most recently | | |
| 19  inspected the Property the person | | |
| 20  supposedly in charge had left the | | |
| 21  Property and was not on site.  The | | |
| 22  terms of the Deed of Trust at | | |
| 23  paragraph 5.8 require the | | |
| 24  Borrow/Trustor to obtain United | | |
| 25  Lender's consent to lease the | | |
| 26  Property.  No such consent was | | |
| 27  obtained." | | |
| 28 | | |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

4

EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO DECLARATION OF SHAWN
AHDOOT RE OPPOSITION TO MOTION FOR APPOINTMENT OF A RECEIVER, ETC.

| | | |
|---|---|---|
| 6. Page 5, paragraph 16, lines 19 – 26, which reads: "If a Receiver is not appointed immediately, United Lender will be prevented from enjoying the right to receive and collect the rents, issues and profits from the Property, because the tenants of such Property will have paid such rents to Borrower and will have forever discharged the liability for rents upon such payment.  The irreparable harm of forever losing right to the Rents under the Deed of Trust and the manner in which the Property is being used justifies United Lender's request that such appointment be made *ex parte* before the next rents are paid to Helping Others and so as to assure there is appropriate insurance in place and the facility being operated out of the home is licensed amongst other things." | 6.  No personal knowledge (Evid. C. § 702); No foundation (Evid. C. §§ 403, 405); Inadmissible opinion (Evid. C. §§ 800, 803); and Inadmissible argument (Evid. C. § 140). | 6. |

5

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

EVIDENTIARY OBJECTIONS OF PLAINTIFF HANH THY SONG NGUYEN TO DECLARATION OF SHAWN AHDOOT RE OPPOSITION TO MOTION FOR APPOINTMENT OF A RECEIVER, ETC.

| | | |
|---|---|---|
| 7. Page 5, paragraph 17, line 27 – page 6, line 2, which reads: "It is impractical or impossible for United Lender to enjoy the security otherwise granted to it under the Deed of Trust without the immediate appointment of a Receiver who has the power and authority to take possession of the Property and to manage and operate the Property, including any rents, income, earnings, issues and profits generated therefrom." | 7. No personal knowledge (Evid. C. § 702); No foundation (Evid. C. §§ 403, 405); Inadmissible opinion (Evid. C. §§ 800, 803); and Inadmissible argument (Evid. C. § 140). | 7. |
| 8. Page 6, paragraph 18, lines 3 - 5, which reads: "Moreover, it is apparent from my inspection and photographs which I took at the Property (Exc. 4) if a Receiver is not appointed immediately that the Property is in a state of neglect and that an unlicensed business is being operated from the Property." | 8. No personal knowledge (Evid. C. § 702); No foundation (Evid. C. §§ 403, 405); Writing not properly authenticated (Evid. C. § 1401); Inadmissible opinion (Evid. C. §§ 800, 803); Inadmissible argument (Evid. C. § 140); and Relevance (Evid. C. §§ 210, 350). | 8. |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

6

1969

EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO DECLARATION OF SHAWN AHDOOT RE OPPOSITION TO MOTION FOR APPOINTMENT OF A RECEIVER, ETC.

| | | |
|---|---|---|
| 9. Page 6, paragraph 19, lines 6 - 8, which reads: "As far as can be presently ascertained , the Property is not insured or licensed as a halfway house, sober living or similar facility and certainly there is increased risk and exposure given the use of the Property to operate an unlicensed business." | 9. No foundation (Evid. C. §§ 403); No personal knowledge (Evid. C. § 702, 405); and Inadmissible opinion (Evid. C. §§ 800, 803). | 9. |
| 10. Page 6, paragraph 19, lines 8 - 12, which reads: "Our insurance agent has informed me that they are unable to verify that the Property is insured with a general liability or fire policy of insurance. I also asked Megan Zucaro in writing to provide me with proof of insurance and a license to operate a business from the Property and to date neither has been provided." | 10. Hearsay (Evid. C. § 1200); and No personal knowledge (Evid. C. § 702). | 10. |

7

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

EVIDENTIARY OBJECTIONS OF PLAINTIFF THI THY SONG NGUYEN TO DECLARATION OF SHAWN AHDOOT RE OPPOSITION TO MOTION FOR APPOINTMENT OF A RECEIVER, ETC.

| | | |
|---|---|---|
| 11. Page 6, paragraph 20, lines 13 - 18 which reads: "United Lender is informed and believes that Borrower is in complete control of the Property, is using the Property for Borrower's exclusive and sole benefit and is collecting the rents and revenues from the Property, yet is failing to make monthly installment payments due under the Loan to Plaintiff or United Lender or to insure the property as required by the Deed of Trust. The operation of an unlicensed and uninsured sober living facility does further jeopardize the value of the Property." | 11. No personal knowledge (Evid. C. § 702); No foundation (Evid. C. §§ 403, 405); Inadmissible opinion (Evid. C. §§ 800, 803); and Inadmissible argument (Evid. C. § 140). | 11. |
| 12. Page 6, paragraph 21, lines 19 -21, which reads: "United Lender is informed and believes that the tenants/residents of the Property are making monthly rental payments pursuant to leases or rental agreements each month in amounts currently unknown to United Lender." | 12. No personal knowledge (Evid. C. § 702); No foundation (Evid. C. §§ 403, 405); and Inadmissible opinion (Evid. C. §§ 800, 803). | 12. |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO DECLARATION OF SHAWN AHDOOT RE OPPOSITION TO MOTION FOR APPOINTMENT OF A RECEIVER, ETC.

| | | |
|---|---|---|
| 13.  Page 6, paragraph 22, lines 22 - 28, which reads: "It is imperative that a Receiver be appointed immediately in order to collect such rents and to determine if the business of a sober living facility should be operated out of the house.  If a Receiver is not appointed immediately, United Lender will be prevented from enjoying the right to receive and collect the rents, issues and profits from the Property, because the tenants/residents of such Property will have paid such rents to Borrower and will have forever discharged the liability for rents upon such payment and there remains the risk of loses as a consequence of an unlicensed and uninsured facility." | 13.  No foundation (Evid. C. §§ 403, 405); No personal knowledge (Evid. C. § 702); Inadmissible opinion (Evid. C. §§ 800, 803); and Inadmissible argument (Evid. C. § 140). | 13. |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

9

EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO DECLARATION OF SHAWN AHDOOT RE OPPOSITION TO MOTION FOR APPOINTMENT OF A RECEIVER, ETC.

| | | |
|---|---|---|
| 14. Page 7, paragraph 23, lines 1 - 5, which reads: "It is impractical or impossible for United Lender to enjoy the security otherwise granted to it under the Deed of Trust without the immediate appointment of a Receiver who has the power and authority to take possession of the Property and to manage and operate the Property, including any rents, income, earnings, issues and profits generated therefrom and to determine whether the business is in compliance with all laws and ordinances." | 14. No personal knowledge (Evid. C. § 702); No foundation (Evid. C. §§ 403, 405); Inadmissible opinion (Evid. C. §§ 800, 803); and Inadmissible argument (Evid. C. § 140). | 14. |
| 15. Page 7, paragraph 24, lines 6 - 8, which reads: "Robert P. Mosier is qualified to be appointed Receiver in this action. I am unaware of any interest that he possesses in the outcome of this action, and I do not believe that he has any such interest." | 15. No personal knowledge (Evid. C. § 702); No foundation (Evid. C. §§ 403, 405); Inadmissible opinion (Evid. C. §§ 800, 803); and Inadmissible argument (Evid. C. § 140). | 15. |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

10

EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO DECLARATION OF SHAWN AHDOOT RE OPPOSITION TO MOTION FOR APPOINTMENT OF A RECEIVER, ETC.

| | | |
|---|---|---|
| 16.  Page 7, paragraph 25, lines 9 - 10, which reads: "There has been no prior contract, agreement, arrangement or understanding between United Lender and there proposed receiver as to:" | 16. No foundation (Evid. C. §§ 403, 405); and No personal knowledge (Evid. C. § 702). | 16. |
| 17.  Page 7, paragraph 26, lines 20 - 21, which reads: "Requests for such information to Borrower have been ignored." | 17. No personal knowledge (Evid. C. § 702); and No foundation (Evid. C. §§ 403, 405). | 17. |

Dated: July 15, 2020

LAW OFFICES OF ANDREW A. SMITS

By: _____

Andrew A. Smits
Attorney for Plaintiff Anh Thy Song Nguyen,
Trustee of Mother Nature Trust

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

11

1974

EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO DECLARATION OF SHAWN
AHDOOT RE OPPOSITION TO MOTION FOR APPOINTMENT OF A RECEIVER, ETC.

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3      I am employed in the County of Orange, State of California.  I am over the age of 18 and not
a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California
92614-4794. My email address is kimberly@smits-law.com.

4

5      On July 15, 2020, I served the document described as follows: **EVIDENTIARY
OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO DECLARATION OF
SHAWN AHDOOT RE OPPOSITION TO MOTION FOR: (1)  APPOINTMENT OF A
RECEIVER; (2)  ORDER TO SHOW CAUSE WHY THE APPOINTMENT OF A
RECEIVER SHOULD NOT BE CONFIRMED; (3)  TEMPORARY RESTRAINING
ORDER; AND (4)  ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT BE GRANTED** on interested parties in this action by placing a true copy thereof
enclosed in a sealed envelope addressed as set forth below:

6

7

8

9

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant, Cross-defendant and Cross-complainant in *pro per* | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity<br>Associates, LLC, dba Western Fidelity<br>Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail:  leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial<br>Center, Inc. |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

| | |
|---|---|
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: 310-550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: 310-827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot |
| Vincent J. Davitt and Anita Jain<br>Meylan Davitt Jain Arevian & Kim LLP<br>444 S. Flower Street, Suite 1850<br>Los Angeles, CA 90071<br><br>Telephone: (213) 225-6000<br>Email: vdavitt@mdjalaw.com<br>     ajain@mdjalaw.com<br><br>Attorneys for defendant United Lender, LLC | Ascension Recovery, Inc.,<br>dba Restored Life Recovery<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant |

[　] **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ] **(By E-mail/Electronic Service)** I caused the document to be sent to the persons at the electronic service addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[　] **(By Personal Service)** I caused to be delivered by hand such envelope to the addressee. The messenger's proof of service will be prepared and available.

[　] **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above, by placing the true copies in separate envelopes for each addressee, with the name and address of the person served shown on the envelope and by sealing the envelope and placing it for collection and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on July 15, 2020 at Irvine, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

KIMBERLY RICHARDSON

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

1976
PROOF OF SERVICE

# EXHIBIT 168

1977

1    Andrew A. Smits (State Bar No. 146659)
     Law Offices of Andrew A. Smits
2    36 Executive Park, Suite 160
     Irvine, California 92614-4794
3    Telephone: (949) 833-1025
     Email:     asmits@smits-law.com
4
     Attorney for Plaintiff Anh Thy Song Nguyen,
5    Trustee of Mother Nature Trust

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

| | |
|---|---|
| 11   ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, | Case No.: 30-2020-01124778-CU-FR-CJC |
| 12             Plaintiff, | Assigned: Judge Walter Schwarm            Dept.: C19 |
| 13 | |
| 14       vs. | **EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN** |
| 15   UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an | **TO DECLARATION OF ALFREDO VELASQUEZ RE OPPOSITION TO MOTION FOR:** |
| 16   individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS | |
| 17   INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN | **(1) APPOINTMENT OF A RECEIVER; (2) ORDER TO SHOW CAUSE WHY THE** |
| 18   FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN | **APPOINTMENT OF A RECEIVER SHOULD NOT BE CONFIRMED;** |
| 19   FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL | **(3) TEMPORARY RESTRAINING ORDER; AND** |
| 20   CENTER, INC., a California corporation; all other persons unknown, claiming any legal or | **(4) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD** |
| 21   equitable right, title, estate, lien, or interest in the property described in the complaint | **NOT BE GRANTED** |
| 22   adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto; and DOES 1 through | |
| 23   100, inclusive,           Defendants. | Date: July 28, 2020 Time: 8:00 a.m. |
| 24 | Dept.: C19 |
| 25   AND RELATED CROSS-ACTIONS. | Complaint filed: January 15, 2020 Trial date:        August 27, 2021 |
| 26 | |

27        Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust ("Plaintiff"), objects to

28   the Declaration of Alfredo Velasquez dated March 24, 2020 in support of the motion of United

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

1978

EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO DECLARATION OF ALFREDO VELASQUEZ RE OPPOSITION TO MOTION TO APPOINT A RECEIVER, ETC.

1   Lender, LLC, for: (1) appointment of a receiver; (2) order to show cause why the appointment of a

2   receiver should not be confirmed; (3) temporary restraining order; and (4) order to show cause

3   why a preliminary injunction should not be granted.

4   **General Relevance Objection to Entire Declaration as Stale Testimony:**

5         Plaintiff generally objects to this Declaration on the grounds of relevance under Evidence

6   Code sections 210 and 350.  The date of this Declaration is March 24, 2020, which is

7   approximately four months ago.  The testimony in this Declaration is stale.  The testimony does

8   not provide relevant information regarding facts and circumstances that exist as of July 15, 2020.

9   For this reason alone, the entire Declaration should be stricken and not considered in ruling on the

10   motion to appoint receiver filed by United Lender.

11         Furthermore, Plaintiff requests rulings on each of the following, specific objections.  The

12   following testimony should be stricken:

13

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | COURT RULING ON OBJECTIONS: |
|---|---|---|
| 1.  Page 2, paragraph 2, lines 6 - 10, which reads: "On March 17, 2020, I was asked by Professional Investigators to visit the house at 6475 Marigayle Circle, Huntington Beach, CA 92648 and to try and rent a room there and did so on that same date. I knocked on the door and spoke with a person who identified himself as John.  He told me he lives at the house. I asked John if there were any rooms available | 1. No foundation (Evid. C. §§ 403, 405); Hearsay (Evid. C. § 1200); and No personal knowledge (Evid. C. § 702). | 1. |

2

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

EVIDENTIARY OBJECTIONS OF PLAINTIFF JU THY SONG NGUYEN TO DECLARATION OF ALFREDO
VELASQUEZ RE OPPOSITION TO MOTION TO APPOINT A RECEIVER, ETC.

| | | |
|---|---|---|
| for rent. John replied, "Yes, there is, the rent is about $1,200 to $1,500 per month." | | |
| 2. Page 2, paragraph 3, lines 11 - 12, which reads: "I asked him how I could make arrangements to live in the house and he told me I would need to contact Kevin, the owner." | 2. No foundation (Evid. C. §§ 403, 405); Hearsay (Evid. C. § 1200); and No personal knowledge (Evid. C. § 702). | 2. |
| 3. Page 2, paragraph 4, lines 13 - 14, which reads: "I asked John how many people lived in the house and he repled [sic], 'Three people live here right now'." | 3. No foundation (Evid. C. §§ 403, 405); Hearsay (Evid. C. § 1200); and No personal knowledge (Evid. C. § 702). | 3. |
| 4. Page 2, paragraph 6, line 17, which reads: "I saw numerous vehicles parked in or about the driveway of the house." | 4. Relevance (Evid. C. §§ 210, 350). | 4. |
| 5. Page 2, paragraph 7, lines 18 - 19, which reads: "The photographs collectively attached hereto as Exhibits "A" were taken by me on March 17, 2020." | 5. Relevance (Evid. C. §§ 210, 350); No foundation (Evid. C. §§ 403, 405); and Writing not properly authenticated (Evid. C. § 1401). | 5. |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

3

EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO DECLARATION OF ALFREDO
VELASQUEZ RE OPPOSITION TO MOTION TO APPOINT A RECEIVER, ETC.

1    Dated: July 15, 2020

2

3

4    By: _____

5    Andrew A. Smits
     Attorney for Plaintiff Anh Thy Song Nguyen,
     Trustee of Mother Nature Trust

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS

By:

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

4

EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO DECLARATION OF ALFREDO
VELASQUEZ RE OPPOSITION TO MOTION TO APPOINT A RECEIVER, ETC.

1981

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not

4

a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California
92614-4794. My email address is kimberly@smits-law.com.

5

    On July 15, 2020, I served the document described as follows: **EVIDENTIARY**

6

**OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO DECLARATION OF
ALFREDO VELASQUEZ RE OPPOSITION OF MOTION FOR: (1) APPOINTMENT OF**

7

**A RECEIVER; (2) ORDER TO SHOW CAUSE WHY THE APPOINTMENT OF A
RECEIVER SHOULD NOT BE CONFIRMED; (3) TEMPORARY RESTRAINING**

8

**ORDER; AND (4)  ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT BE GRANTED** on interested parties in this action by placing a true copy thereof
enclosed in a sealed envelope addressed as set forth below:

9

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant, Cross-defendant, and Cross-complainant in *pro per* | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity<br>Associates, LLC, dba Western Fidelity<br>Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail:  leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial<br>Center, Inc. |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

| | |
|---|---|
| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: 310-550-5770<br>Email: mrwainer@swmfirm.com | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: 310-827-3344<br>Email: lcm@lcmplc.com |
| Attorneys for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot | Attorney for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot |
| Vincent J. Davitt and Anita Jain<br>Meylan Davitt Jain Arevian & Kim LLP<br>444 S. Flower Street, Suite 1850<br>Los Angeles, CA 90071<br><br>Telephone:  (213) 225-6000<br>Email: vdavitt@mdjalaw.com<br>         ajain@mdjalaw.com<br><br>Attorneys for defendant United Lender, LLC | Ascension Recovery, Inc.,<br>dba Restored Life Recovery<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant |

[   ]  **(By U.S. Mail)**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]  **(By E-mail/Electronic)**  I caused the document to be sent to the persons at the electronic service addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[   ]  **(By Personal Service)**  I caused to be delivered by hand such envelope to the  addressee. The messenger's proof of service will be prepared and available.

[   ]  **(By Overnight Delivery)**  I caused overnight delivery of the document(s) listed above, by placing the true copies in separate envelopes for each addressee, with the name and address of the person served shown on the envelope and by sealing the envelope and placing it for collection and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on July 15, 2020 at Irvine, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

KIMBERLY RICHARDSON

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

# EXHIBIT 169

1984

1   Andrew A. Smits (State Bar No. 146659)
    Law Offices of Andrew A. Smits
2   36 Executive Park, Suite 160
    Irvine, California 92614-4794
3   Telephone: (949) 833-1025
    Email:      asmits@smits-law.com
4
    Attorney for Plaintiff Anh Thy Song Nguyen,
5   Trustee of Mother Nature Trust

6

7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

| | |
|---|---|
| 11  ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, | Case No.: 30-2020-01124778-CU-FR-CJC |
| 12                          Plaintiff, | Assigned:  Judge Walter Schwarm<br>Dept.: C19 |
| 13 | |
| 14                          vs. | **EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO DECLARATION OF JESSE BOSQUE RE OPPOSITION TO MOTION FOR:** |
| 15  UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an | |
| 16  individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS | **(1)  APPOINTMENT OF A RECEIVER;**<br>**(2)  ORDER TO SHOW CAUSE WHY THE** |
| 17  INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN | **APPOINTMENT OF A RECEIVER SHOULD NOT BE CONFIRMED;** |
| 18  FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN | **(3)  TEMPORARY RESTRAINING ORDER; AND** |
| 19  FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL | **(4)  ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD** |
| 20  CENTER, INC., a California corporation; all other persons unknown, claiming any legal or | **NOT BE GRANTED** |
| 21  equitable right, title, estate, lien, or interest in the property described in the complaint | |
| 22  adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto; and DOES 1 through | Date:  July 28, 2020<br>Time:  9:00 a.m. |
| 23  100, inclusive,                          Defendants. | Dept.:  C19 |
| 24 | |
| 25  AND RELATED CROSS-ACTION. | Complaint filed: January 15, 2020<br>Trial date:          August 27, 2021 |
| 26 | |

27          Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust ("Plaintiff"), objects to

28  the Declaration of Jesse Bosque dated March 24, 2020 filed in support of the motion of defendant

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

1085

EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO DECLARATION
OF JESSE BOSQUE RE OPPOSITION TO MOTION FOR APPOINTMENT OF A RECEIVER, ETC.

1  United Lender, LLC for: (1) appointment of a receiver; (2) order to show cause why the

2  appointment of a receiver should not be confirmed; (3) temporary restraining order; and (4) order

3  to show cause why a preliminary injunction should not be granted.

4  **General Relevance Objection to Entire Declaration as Stale Testimony:**

5       Plaintiff generally objects to this Declaration on the grounds of relevance under Evidence

6  Code sections 210 and 350.  The date of this Declaration is March 24, 2020, which is nearly four

7  months ago.  The testimony in this Declaration is stale.  The testimony does not provide relevant

8  information regarding facts and circumstances that exist as of July 15, 2020.  For this reason

9  alone, the entire Declaration should be stricken and not considered in ruling on the motion to

10  appoint receiver filed by United Lender.

11       Furthermore, Plaintiff requests rulings on each of the following, specific objections.  The

12  following testimony should be stricken:

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | COURT RULING ON OBJECTIONS: |
|---|---|---|
| 1.  Page 2, paragraph 2, lines 6 - 12, which reads: "On March 17, 2020, I was tasked by Professional Investigators to investigate the residential property at 6475 Marigayle Circle, Huntington Beach, CA. 92648 (the 'Home'). On the same date, I spoke to three persons in the vicinity of the Home who identified themselves as neighbors.  Each one of the three neighbors separately and independently stated the Home was at one operating as sober | 1. Hearsay (Evid. C. § 1200); No personal knowledge (Evid. C. § 702); and No foundation (Evid. C. §§ 403, 405). | 1. |

2

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO DECLARATION
OF JESSE BOSQUE RE OPPOSITION TO MOTION FOR APPOINTMENT OF A RECEIVER, ETC.

| | |
|---|---|
| living facility business.  One neighbor further stated that many people still come and go at the Home but he does not know who is living there currently nor what is the nature of the Home and if it is still operating as a sober living facility." | |

| | | |
|---|---|---|
| 2.  Page 2, paragraph 3, lines 13 - 15, which reads: "I observed several CO2 cartridges lying on the ground in the area in front of the Home.  Based on my experience as an investigator, I can state that such cartridges are often indicative of the use of the illicit drugs." | 2. No foundation (Evid. C. §§ 403, 405); No personal knowledge (Evid. C. § 702); Inadmissible opinion (Evid. C. §§ 800, 803). | 2. |

Dated: July 15, 2020

LAW OFFICES OF ANDREW A. SMITS

By: _____
Andrew A. Smits
Attorney for Plaintiff Anh Thy Song Nguyen,
Trustee of Mother Nature Trust

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone (949) 833-1025
Email: asmits@smits-law.com

3

1987

EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO DECLARATION
OF JESSE BOSQUE RE OPPOSITION TO MOTION FOR APPOINTMENT OF A RECEIVER, ETC.

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3

I am employed in the County of Orange, State of California.  I am over the age of 18 and not
a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California

4

92614-4794. My email address is kimberly@smits-law.com.

5

On July 15, 2020, I served the document described as follows: **EVIDENTIARY**

6

**OBJECTIONS OF PLAINTIFF TO DECLARATION OF JESSE BOSQUE RE
OPPOSITION TO MOTION FOR: (1)  APPOINTMENT OF A RECEIVER; (2)  ORDER
TO SHOW CAUSE WHY THE APPOINTMENT OF A RECEIVER SHOULD NOT BE**

7

**CONFIRMED; (3)  TEMPORARY RESTRAINING ORDER; AND (4)  ORDER TO SHOW
CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED** on

8

interested parties in this action by placing a true copy thereof enclosed in a sealed envelope
addressed as set forth below:

9

10

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant, Cross-defendant and Cross-<br>complainant *in pro per* | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity<br>Associates, LLC, dba Western Fidelity<br>Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail:  leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial<br>Center, Inc. |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

1

2

3

4

| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: 310-550-5770<br>Email: mrwainer@swmfirm.com | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: 310-827-3344<br>Email: lcm@lcmplc.com |
|---|---|
| Attorneys for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot | Attorney for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot |
| Vincent J. Davitt and Anita Jain<br>Meylan Davitt Jain Arevian & Kim LLP<br>444 S. Flower Street, Suite 1850<br>Los Angeles, CA 90071<br><br>Telephone:  (213) 225-6000<br>Email: vdavitt@mdjalaw.com<br>   ajain@mdjalaw.com<br><br>Attorneys for defendant United Lender, LLC | Ascension Recovery, Inc.,<br>dba Restored Life Recovery<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant |

5

6

7

8

9

10

11

12

13

14    [  ]  **(By U.S. Mail)**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

15

16

17    [ X ]  **(By E-mail/Electronic Service)**  I caused the document to be sent to the persons at the electronic service addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

18

19    [  ]  **(By Personal Service)**  I caused to be delivered by hand such envelope to the  addressee. The messenger's proof of service will be prepared and available.

20

21    [  ]  **(By Overnight Delivery)**  I caused overnight delivery of the document(s) listed above, by placing the true copies in separate envelopes for each addressee, with the name and address of the person served shown on the envelope and by sealing the envelope and placing it for collection and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

22

23    Executed on July 15, 2020 at Irvine, California.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

25

26    KIMBERLY RICHARDSON

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

# EXHIBIT 170

1990

1  Andrew A. Smits (State Bar No. 146659)
   Law Offices of Andrew A. Smits
2  36 Executive Park, Suite 160
   Irvine, California 92614-4794
3  Telephone: (949) 833-1025
   Email:    asmits@smits-law.com
4
   Attorney for Plaintiff Anh Thy Song Nguyen,
5  Trustee of Mother Nature Trust

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9         **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

| | |
|---|---|
| 11 ANH THY SONG NGUYEN, TRUSTEE OF MOTHER NATURE TRUST, | Case No.: 30-2020-01124778-CU-FR-CJC |
| 12 Plaintiff, | Assigned: Judge Walter Schwarm Dept.: C19 |
| 13 | |
| 14 vs. | |
| 15 UNITED LENDER, LLC, a Nevada limited liability company; SHAWN AHDOOT, an individual; ALBERT A. AHDOOT, an | **EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO SUPPLEMENTAL DECLARATION OF** |
| 16 individual; MEGAN E. ZUCARO, an individual; HELPING OTHERS | **SHAWN AHDOOT RE OPPOSITION TO MOTION FOR:** |
| 17 INTERNATIONAL, LLC, a Delaware limited liability company; WESTERN | **(1) APPOINTMENT OF A RECEIVER;** |
| 18 FIDELITY ASSOCIATES, LLC, a California limited liability company, dba WESTERN | **(2) ORDER TO SHOW CAUSE WHY THE APPOINTMENT OF A RECEIVER SHOULD NOT BE CONFIRMED;** |
| 19 FIDELITY TRUSTEES; JOHN B. SPEAR, an individual; AMERICAN FINANCIAL | **(3) TEMPORARY RESTRAINING ORDER; AND** |
| 20 CENTER, INC., a California corporation; all other persons unknown, claiming any legal or | **(4) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED** |
| 21 equitable right, title, estate, lien, or interest in the property described in the complaint | |
| 22 adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto; and DOES 1 through | |
| 23 100, inclusive, | Date:  July 28, 2020 Time:  9:00 a.m. |
| 24 Defendants. | Dept.:  C19 |
| 25 AND RELATED CROSS-ACTIONS. | Complaint filed: January 15, 2020 Trial date:      August 27, 2021 |

26

27      Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust ("Plaintiff"), objects to

28  the supplemental declaration of Shawn Ahdoot dated March 30, 2020 in support of the motion of

                                              1

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO THE
SUPPLEMENTAL DECLARATION OF SHAWN AHDOOT RE OPPOSITION TO MOTION FOR
APPOINTMENT OF RECEIVER, ETC.

1   United Lender, LLC, for: (1) appointment of a receiver; (2) order to show cause why the

2   appointment of a receiver should not be confirmed; (3) temporary restraining order; and (4) order

3   to show cause why a preliminary injunction should not be granted.

4   **General Relevance Objection to Entire Declaration as Stale Testimony:**

5       Plaintiff generally objects to this Declaration on the grounds of relevance under Evidence

6   Code sections 210 and 350. The date of this Declaration is March 30, 2020, which is nearly four

7   months ago. The testimony in this Declaration is stale. The testimony does not provide relevant

8   information regarding facts and circumstances that exist as of July 15, 2020. For this reason

9   alone, the entire Declaration should be stricken and not considered in ruling on the motion to

10   appoint receiver filed by United Lender.

11       Furthermore, Plaintiff requests rulings on each of the following, specific objections. The

12   following testimony should be stricken:

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | COURT RULING ON OBJECTIONS: |
|---|---|---|
| 1. Page 2, paragraph 4, lines 12 - 13, which read: "This Motion is made on the grounds and pursuant to the provisions of *Civil Code Procedure* §§ 526(a)(2), 564(9) 564(b)(11), 564(b)(12) and 1005(b), and *Civil Code* § 2938." | 1. No foundation (Evid. C. §§ 403, 405); Inadmissible opinion (Evid. C. §§ 800, 803); and Inadmissible argument (Evid. C. § 140). | 1. |
| 2. Page 3, paragraph 9, lines 22-23, which read: "Some of the rooms had twin beds and it looked to me as if the adults had | 2. No foundation (Evid. C. §§ 403, 405); No personal knowledge (Evid. C. § 702); and Inadmissible opinion (Evid. C. §§ 800, 803) | 2. |

2

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO THE
SUPPLEMENTAL DECLARATION OF SHAWN AHDOOT RE OPPOSITION TO MOTION FOR
APPOINTMENT OF RECEIVER, ETC.

| | | |
|---|---|---|
| separate sleeping areas in several of the rooms." | | |
| 3. Page 3, paragraph 9, lines 23-24, which read: "I also saw an erasable white board that described various chores to be performed." | 3. No foundation (Evid. C. §§ 403, 405); No personal knowledge (Evid. C. § 702); Inadmissible opinion (Evid. C. §§ 800, 803); and Hearsay (Evid. C. § 1200). | 3. |
| 4. Page 3, paragraph 9, lines 24-25, which read: "A picture of that white board is attached as Exhibit "C" to my prior declaration in support of the appointment of a receiver." | 4. No foundation (Evid. C. §§ 403, 405); Writing not properly authenticated (Evid. C. § 1401); and Hearsay (Evid. C. § 1200). | 4. |
| 5.  Page 3, paragraph 10, line 26 – Page 4, line 2 which reads: "The appointment of a receiver will give the Receiver immediate access to the resources needed to address the unauthorized used [sic] of the Property and intervention will bring relief and peace of mind. Based on the report of the investigators from Professional Investigators and my inspection, the Property is not being used in a manner consistent | 5.  No foundation (Evid. C. §§ 403, 405); No personal knowledge (Evid. C. § 702); Inadmissible opinion (Evid. C. §§ 800, 803); and Inadmissible argument (Evid. C. § 140). | 5. |

3

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO THE
SUPPLEMENTAL DECLARATION OF SHAWN AHDOOT RE OPPOSITION TO MOTION FOR
APPOINTMENT OF RECEIVER, ETC.

1003

| | | |
|---|---|---|
| 1<br>2<br>3 | with the zoning and character of the neighborhood which is single family residential." | | |
| 4<br>5<br>6<br>7<br>8<br>9<br>10 | 6. Page 4, paragraph 11, lines 3 - 5 which reads: "United Lender is also an apparent victim of Megan Zucaro's malfeasance and fraud in connection with the Property and the collusion therein by the Plaintiff." | 6. No personal knowledge (Evid. C. § 702); No foundation (Evid. C. §§ 403, 405); Inadmissible opinion (Evid. C. §§ 800, 803); and Inadmissible argument (Evid. C. § 140). | 6. |
| 11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | 7. Page 4, paragraph 13, lines 9 - 16 which reads: "I asked her about Kevin and his relationship to the Property. She told me that Kevin was an owner of the business at the Marigayle Property and was renting rooms at the Property but that she "only gets $2,500 per month" from Kevin. She also told me her attorney is James Wohl, gave me Kevin's last name as Grace (i.e., Kevin Grace) and said that Kevin Grace owns Axiondetox and referred me to his website that I subsequently reviewed at axiondetox.com." | 7. Hearsay (Evid. C. § 1200); and No personal knowledge (Evid. C. § 702). | 7. |

28

4

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO THE
SUPPLEMENTAL DECLARATION OF SHAWN AHDOOT RE OPPOSITION TO MOTION FOR
APPOINTMENT OF RECEIVER, ETC.

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20 | 8. Page 4, paragraph 13, lines 16 - 22 which reads: "That website provides "The Axion Detox facility (pronounced "Action") is a co-ed environment. Although male/females are on separate floors, with separate bathrooms, in our beautiful home, our experience has been that being co-ed is a more natural setting and is definitely preferred by those in initial stages of addiction recovery . . . . The Axion Detox facility is located in a safe, family neighborhood in beautiful Huntington Beach, California." The photographs appearing on the website show the Marigayle Property under the tab "Our Facility". | 8. Hearsay (Evid. C. § 1200); No personal knowledge (Evid. C. § 702); No foundation (Evid. C. §§ 403, 405); and Inadmissible opinion (Evid. C. §§ 800, 803). | 8. |
| 21<br>22<br>23<br>24<br>25<br>26<br>27 | 9. Page 4, paragraph 14, lines 23 - 26 which reads: "If a Receiver is not appointed, any award to which United Lender is entitled may or will be rendered ineffectual in light of the fact that Ms. Zucaro has been criminally | 9. No foundation (Evid. C. §§ 403, 405); No personal knowledge (Evid. C. § 702); Inadmissible opinion (Evid. C. §§ 800, 803); and Inadmissible argument (Evid. C. § 140). | 9. |

28

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO THE
SUPPLEMENTAL DECLARATION OF SHAWN AHDOOT RE OPPOSITION TO MOTION FOR
APPOINTMENT OF RECEIVER, ETC.

| | | |
|---|---|---|
| 1    charged with real estate fraud and<br>2    is presently allowing a third party<br>3    or parties to use the Property for<br>4    $2,500 per month, which sum is<br>5    clearly insufficient to service the<br>6    debt and maintain the Property." | | |
| 7    10. Page 4, paragraph 15, lines 27<br>8    – page 5, line 4 which reads: "We<br>9    require the Plaintiff to acquiesce<br>10    in putting this Property under the<br>11    control of a Receiver to preserve<br>12    the value of the collateral for all<br>13    of those affected interest holders,<br>14    not just this Movant, a fact which<br>15    the Plaintiff either chooses to<br>16    ignore or whose ambivalence has<br>17    not been otherwise explained. I<br>18    am quite concerned since Plaintiff<br>19    has also been operating a sober<br>20    living facility from the Property<br>21    and has some interest in<br>22    permitting the use of the Property<br>23    as a sober living facility." | 10. No foundation (Evid. C. §§<br>403, 405); No personal<br>knowledge (Evid. C. § 702);<br>Inadmissible opinion (Evid. C.<br>§§ 800, 803); and Inadmissible<br>argument (Evid. C. § 140). | 10. |
| 24    11. Page 5, paragraph 16, lines 5<br>25    – 10, which reads: "United<br>26    Lender made a significant hard<br>27    money loan to Helping Others, a | 11. No personal knowledge<br>(Evid. C. § 702); No<br>foundation (Evid. C. §§ 403,<br>405); Inadmissible opinion | 11. |

28

6

Law Offices of Andrew A. Smits
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO THE
SUPPLEMENTAL DECLARATION OF SHAWN AHDOOT RE OPPOSITION TO MOTION FOR
APPOINTMENT OF RECEIVER, ETC.

| | | |
|---|---|---|
| 1   loan which was utilized to pay off<br>2   existing obligations secured by<br>3   the Property **AND** put large sums<br>4   of cash into the pockets of the<br>5   Plaintiff, sums increased by the<br>6   acknowledged misrepresentations<br>7   of both Ms. Zucaro and the<br>8   Plaintiff. Indeed, the only one<br>9   with clean hands in this<br>10   transaction is United Lender who<br>11   was victimized not only by Ms.<br>12   Zucaro, but also by her collusion<br>13   with the Plaintiff." | (Evid. C. §§ 800, 803);<br>Inadmissible argument (Evid.<br>C. § 140): and Relevance<br>(Evid. C. §§ 210, 350). | |
| 14   12. Page 5, paragraph 17, lines 11<br>15   – 15, which reads: "Based on my<br>16   inspection of the Property and<br>17   without the immediate<br>18   appointment of a Receiver who<br>19   has the power and authority to<br>20   take possession of the Property<br>21   and to manage and operate the<br>22   Property, the interest of all<br>23   lenders are being jeopardized in<br>24   that the Property is being<br>25   subjected to waste, impairment,<br>26   deterioration and is in danger of<br>27   causing immediate physical harm | 12. No foundation (Evid. C. §§<br>403, 405); No personal<br>knowledge (Evid. C. § 702);<br>Inadmissible opinion (Evid. C.<br>§§ 800, 803); and Inadmissible<br>argument (Evid. C. § 140). | 12. |

28

7

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

| | | |
|---|---|---|
| that threatens to reduce the value of the mortgaged property." | | |
| 13. Page 5, paragraph 18, lines 16 – 17, which reads: "The Property is also being used in a manner not permitted by the Deed of Trust that Helping Others executed in favor of United Lender." | 13. No foundation (Evid. C. §§ 403, 405); No personal knowledge (Evid. C. § 702); Inadmissible opinion (Evid. C. §§ 800, 803); and Inadmissible argument (Evid. C. § 140). | 13. |
| 14. Page 5, paragraph 19, lines 18 – 25, which reads: "United Lender wishes to preserve the Property so as not to create waste and a nuisance. Plaintiff's opposition to appointment of a disinterested Receiver is puzzling in view of the evidence of the unreasonable or improper use of the Property that threatens to damage its value, unless of course Plaintiff and Ms. Zucaro are once again trying to defraud United Lender as they did in inflating the purchase price of the Property. Plaintiff's opposition to appointment of a Receiver and United Lender's efforts to recover possession of the Property from | 14. No foundation (Evid. C. §§ 403, 405); No personal knowledge (Evid. C. § 702); Inadmissible opinion (Evid. C. §§ 800, 803); and Inadmissible argument (Evid. C. § 140). | 14. |

8

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

| | | |
|---|---|---|
| Helping Others is consistent with their prior collusion because why else would Plaintiff oppose United Lender's efforts to have the Receiver obtain control of the income generated from the Property." | | |

Dated: July 15, 2020

LAW OFFICES OF ANDREW A. SMITS

By: _____

Andrew A. Smits
Attorney for Plaintiff Anh Thy Song Nguyen,
Trustee of Mother Nature Trust

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

9

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 36 Executive Park, Suite 160, Irvine, California 92614-4794. My email address is kimberly@smits-law.com.

On July 15, 2020, I served the document described as follows: **EVIDENTIARY OBJECTIONS OF PLAINTIFF ANH THY SONG NGUYEN TO THE SUPPLEMENTAL DECLARATION OF SHAWN AHDOOT RE OPPOSITION TO MOTION FOR: (1) APPOINTMENT OF A RECEIVER; (2) ORDER TO SHOW CAUSE WHY THE APPOINTMENT OF A RECEIVER SHOULD NOT BE CONFIRMED; (3) TEMPORARY RESTRAINING ORDER; AND (4) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

| | |
|---|---|
| Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant, Cross-defendant and Cross-complainant in *pro per* | John B. Spear<br>4959 Palo Verde Street, Suite 205C<br>Montclair, CA 91763<br><br>Email: johnbspear@gmail.com<br><br>Defendant and Cross-defendant |
| Helping Others International, LLC<br>c/o Megan E. Zucaro<br>4501 W. Channel Islands Blvd., #94<br>Oxnard, CA 93035-3970<br><br>Email: m@megazee.com<br><br>Defendant and Cross-defendant | Western Fidelity Associates, LLC,<br>dba Western Fidelity Trustees<br>1222 Crenshaw Boulevard, Suite "B"<br>Torrance, CA 90501<br><br>Email: wftrustees@cs.com<br><br>Defendant |
| Robert Schachter<br>Hitchcock, Bowman & Schachter<br>Suite 1030 Del Amo Financial Center<br>21515 Hawthorne Boulevard<br>Torrance, CA 90503-6579<br><br>Telephone: (310) 540-2202<br>E-mail: rs@rschachterlaw.com<br><br>Attorneys for Defendant Western Fidelity<br>Associates, LLC, dba Western Fidelity<br>Trustees | Lori E. Eropkin<br>Levinson Arshonsky & Kurtz, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br><br>Telephone: (818) 382-3434<br>E-mail: leropkin@laklawyers.com<br><br>Attorneys for Defendant American Financial<br>Center, Inc. |

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

1

2000
PROOF OF SERVICE

1

2

3

4

5

6

7

| Maurice Wainer<br>Snipper Wainer & Markoff<br>232 North Canon Drive<br>Beverly Hills, CA 90210-5302<br><br>Telephone: 310-550-5770<br>Email: mrwainer@swmfirm.com<br><br>Attorneys for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot | Lawrence C. Meyerson<br>A Professional Law Corporation<br>5521 Mission Road, Suite 399<br>Bonsall, CA 92003<br><br>Telephone: 310-827-3344<br>Email: lcm@lcmplc.com<br><br>Attorney for Defendant and Cross-complainant United Lender, LLC, a Nevada Limited Liability Company, and Defendants Shawn Ahdoot and Albert A. Ahdoot |
|---|---|
| Vincent J. Davitt and Anita Jain<br>Meylan Davitt Jain Arevian & Kim LLP<br>444 S. Flower Street, Suite 1850<br>Los Angeles, CA 90071<br><br>Telephone: (213) 225-6000<br>Email: vdavitt@mdjalaw.com<br>    ajain@mdjalaw.com<br><br>Attorneys for defendant United Lender, LLC | Ascension Recovery, Inc.,<br>dba Restored Life Recovery<br>c/o Megan E. Zucaro<br>4501 W. Channel Island Blvd., #94<br>Oxnard, CA 90305<br><br>Email: m@megazee.com<br><br>Defendant |

8

9

10

11

12

13

14        [  ] **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

15

16

17        [ X ] **(By E-mail/Electronic Service)** I caused the document to be sent to the persons at the electronic service addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

18

19        [  ] **(By Personal Service)** I caused to be delivered by hand such envelope to the addressee. The messenger's proof of service will be prepared and available.

20

21        [  ] **(By Overnight Delivery)** I caused overnight delivery of the document(s) listed above, by placing the true copies in separate envelopes for each addressee, with the name and address of the person served shown on the envelope and by sealing the envelope and placing it for collection and delivery with delivery fees paid or provided for in accordance with ordinary business practices.

22

23        Executed on July 15, 2020 at Irvine, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

25        KIMBERLY RICHARDSON

26

27

28

LAW OFFICES OF ANDREW A. SMITS
36 Executive Park
Suite 160
Irvine, California 92614-4794
Telephone: (949) 833-1025
Email: asmits@smits-law.com

2

2001

PROOF OF SERVICE

# EXHIBIT 171

2002

Case Summary:

| Case Id: | 30-2020-01124778-CU-FR-CJC |
|---|---|
| Case Title: | ANH THY SONG NGUYEN VS. UNITED LENDER, LLC |
| Case Type: | FRAUD |
| Filing Date: | 01/15/2020 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 2880670 RECEIVED ON 01/15/2020 06:20:54 PM. | 01/17/2020 | | *NV* | |
| 2 | COMPLAINT FILED BY NGUYEN, ANH THY SONG ON 01/15/2020 | 01/15/2020 | | 91 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY NGUYEN, ANH THY SONG ON 01/15/2020 | 01/15/2020 | | 1 pages | ☐ |
| 4 | SUMMONS ISSUED AND FILED FILED BY NGUYEN, ANH THY SONG ON 01/15/2020 | 01/15/2020 | | 2 pages | ☐ |
| 5 | NOTICE OF PENDENCY OF ACTION FILED BY NGUYEN, ANH THY SONG ON 01/15/2020 | 01/15/2020 | | 2 pages | ☐ |
| 6 | NOTICE - OTHER (RE ALBERT A. AHDOOT) FILED BY NGUYEN, ANH THY SONG ON 01/15/2020 | 01/15/2020 | | 1 pages | ☐ |
| 7 | NOTICE - OTHER (RE SHAWN AHDOOT) FILED BY NGUYEN, ANH THY SONG ON 01/15/2020 | 01/15/2020 | | 1 pages | ☐ |
| 8 | NOTICE - OTHER (RE UNITED LENDER, LLC) FILED BY NGUYEN, ANH THY SONG ON 01/15/2020 | 01/15/2020 | | 2 pages | ☐ |
| 9 | NOTICE - OTHER (RE MEGAN E. ZUCARO) FILED BY NGUYEN, ANH THY SONG ON 01/15/2020 | 01/15/2020 | | 1 pages | ☐ |
| 10 | NOTICE - OTHER (RE HELPING OTHERS INTERNATIONAL, LLC) FILED BY NGUYEN, ANH THY SONG ON 01/15/2020 | 01/15/2020 | | 2 pages | ☐ |
| 11 | NOTICE - OTHER (RE WESTERN FIDELITY ASSOCIATES, LLC) FILED BY NGUYEN, ANH THY SONG ON 01/15/2020 | 01/15/2020 | | 2 pages | ☐ |
| 12 | NOTICE - OTHER (RE JOHN B. SPEAR) FILED BY NGUYEN, ANH THY SONG ON 01/15/2020 | 01/15/2020 | | 1 pages | ☐ |
| 13 | PAYMENT RECEIVED BY AMERICANLEGALNET FOR 194 - COMPLAINT OR OTHER 1ST PAPER IN THE AMOUNT OF 435.00, TRANSACTION NUMBER 12693678 AND RECEIPT NUMBER 12518697. | 01/17/2020 | | 1 pages | ☐ |
| 14 | CASE ASSIGNED TO JUDICIAL OFFICER SCHWARM, WALTER ON 01/15/2020. | 01/15/2020 | | 1 pages | ☐ |
| 15 | E-FILING TRANSACTION 41056756 RECEIVED ON 01/20/2020 06:59:29 PM. | 01/22/2020 | | *NV* | |
| 16 | AMENDED COMPLAINT (FIRST) FILED BY NGUYEN, ANH THY SONG ON 01/21/2020 | 01/21/2020 | | 96 pages | ☐ |
| 17 | SUMMONS ISSUED AND FILED FILED BY NGUYEN, ANH THY SONG ON 01/21/2020 | 01/21/2020 | | 2 pages | ☐ |
| 18 | NOTICE - OTHER (PLAINTIFF'S STATEMENT OF RIGHT TO SEEK PUNITIVE DAMAGES AGAINST DEFENDANT AMERICAN FINANCIAL CENTER, INC., PURSUANT TO CIVIL CODE SECTION 3294) FILED BY NGUYEN, ANH THY SONG ON 01/21/2020 | 01/21/2020 | | 2 pages | ☐ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 19 | PROPOSED ORDER RECEIVED ON 01/22/2020 | 01/22/2020 | | 4 pages | ☐ |
| 20 | E-FILING TRANSACTION 3879650 RECEIVED ON 01/22/2020 01:59:12 PM. | 01/22/2020 | | *NV* | |
| 21 | EX PARTE APPLICATION - OTHER FILED BY NGUYEN, ANH THY SONG ON 01/22/2020 | 01/22/2020 | | 10 pages | ☐ |
| 22 | DECLARATION IN SUPPORT FILED BY NGUYEN, ANH THY SONG ON 01/22/2020 | 01/22/2020 | | 23 pages | ☐ |
| 23 | DECLARATION IN SUPPORT FILED BY NGUYEN, ANH THY SONG ON 01/22/2020 | 01/22/2020 | | 78 pages | ☐ |
| 24 | PAYMENT RECEIVED BY AMERICANLEGALNET FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12695389 AND RECEIPT NUMBER 12520412. | 01/22/2020 | | 1 pages | ☐ |
| 25 | EX PARTE SCHEDULED FOR 01/23/2020 AT 08:30:00 AM IN C19 AT CENTRAL JUSTICE CENTER. | 01/22/2020 | | *NV* | |
| 26 | E-FILING TRANSACTION 3879655 RECEIVED ON 01/22/2020 02:09:31 PM. | 01/22/2020 | | *NV* | |
| 27 | REQUEST FOR JUDICIAL NOTICE FILED BY NGUYEN, ANH THY SONG ON 01/22/2020 | 01/22/2020 | | 192 pages | ☐ |
| 28 | E-FILING TRANSACTION 41057828 RECEIVED ON 01/22/2020 04:38:40 PM. | 01/22/2020 | | *NV* | |
| 29 | NOTICE - OTHER FILED BY NGUYEN, ANH THY SONG ON 01/22/2020 | 01/22/2020 | | 3 pages | ☐ |
| 30 | ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION SCHEDULED FOR 02/11/2020 AT 01:30:00 PM IN C19 AT CENTRAL JUSTICE CENTER. | 01/23/2020 | | *NV* | |
| 31 | THE ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION IS SCHEDULED FOR 02/11/2020 AT 01:30 PM IN DEPARTMENT C19. | 01/23/2020 | | *NV* | |
| 32 | MINUTES FINALIZED FOR EX PARTE 01/23/2020 08:30:00 AM. | 01/24/2020 | | 2 pages | ☐ |
| 33 | E-FILING TRANSACTION 41057669 RECEIVED ON 01/22/2020 01:59:56 PM. | 01/27/2020 | | *NV* | |
| 34 | ORDER - OTHER FILED BY THE SUPERIOR COURT OF ORANGE ON 01/23/2020 | 01/23/2020 | | 3 pages | ☐ |
| 35 | E-FILING TRANSACTION 3881841 RECEIVED ON 01/28/2020 12:35:24 PM. | 01/28/2020 | | *NV* | |
| 36 | PROOF OF SERVICE OF SUMMONS FILED BY NGUYEN, ANH THY SONG ON 01/28/2020 | 01/28/2020 | | 3 pages | ☐ |
| 37 | PROOF OF SERVICE OF SUMMONS FILED BY NGUYEN, ANH THY SONG ON 01/28/2020 | 01/28/2020 | | 3 pages | ☐ |
| 38 | PROOF OF SERVICE OF SUMMONS FILED BY NGUYEN, ANH THY SONG ON 01/28/2020 | 01/28/2020 | | 3 pages | ☐ |
| 39 | PROOF OF SERVICE OF SUMMONS FILED BY NGUYEN, ANH THY SONG ON 01/28/2020 | 01/28/2020 | | 3 pages | ☐ |
| 40 | E-FILING TRANSACTION 41059896 RECEIVED ON 01/28/2020 01:28:53 PM. | 01/28/2020 | | *NV* | |
| 41 | PROOF OF SERVICE FILED BY NGUYEN, ANH THY SONG ON 01/28/2020 | 01/28/2020 | | 3 pages | ☐ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 42 | PROOF OF SERVICE FILED BY NGUYEN, ANH THY SONG ON 01/28/2020 | 01/28/2020 | | 3 pages | ☐ |
| 43 | PROOF OF SERVICE FILED BY NGUYEN, ANH THY SONG ON 01/28/2020 | 01/28/2020 | | 3 pages | ☐ |
| 44 | PROOF OF SERVICE FILED BY NGUYEN, ANH THY SONG ON 01/28/2020 | 01/28/2020 | | 3 pages | ☐ |
| 45 | PROOF OF SERVICE FILED BY NGUYEN, ANH THY SONG ON 01/28/2020 | 01/28/2020 | | 2 pages | ☐ |
| 46 | PROOF OF SERVICE FILED BY NGUYEN, ANH THY SONG ON 01/28/2020 | 01/28/2020 | | 2 pages | ☐ |
| 47 | PROOF OF SERVICE FILED BY NGUYEN, ANH THY SONG ON 01/28/2020 | 01/28/2020 | | 2 pages | ☐ |
| 48 | PROOF OF SERVICE FILED BY NGUYEN, ANH THY SONG ON 01/28/2020 | 01/28/2020 | | 2 pages | ☐ |
| 49 | E-FILING TRANSACTION 2886990 RECEIVED ON 01/31/2020 09:08:28 PM. | 02/03/2020 | | *NV* | |
| 50 | POINTS AND AUTHORITIES FILED BY AHDOOT, ALBERT A.; AHDOOT, SHAWN; UNITED LENDER, LLC ON 01/31/2020 | 01/31/2020 | | 14 pages | ☐ |
| 51 | DECLARATION IN SUPPORT OF OPPOSITION FILED BY AHDOOT, ALBERT A.; AHDOOT, SHAWN; UNITED LENDER, LLC ON 01/31/2020 | 01/31/2020 | | 13 pages | ☐ |
| 52 | DECLARATION IN SUPPORT OF OPPOSITION FILED BY AHDOOT, ALBERT A.; AHDOOT, SHAWN; UNITED LENDER, LLC ON 01/31/2020 | 01/31/2020 | | 4 pages | ☐ |
| 53 | OBJECTION FILED BY AHDOOT, ALBERT A.; AHDOOT, SHAWN; UNITED LENDER, LLC ON 01/31/2020 | 01/31/2020 | | 5 pages | ☐ |
| 54 | PROOF OF SERVICE BY MAIL FILED BY AHDOOT, ALBERT A.; AHDOOT, SHAWN; UNITED LENDER, LLC ON 01/31/2020 | 01/31/2020 | | 2 pages | ☐ |
| 55 | PAYMENT RECEIVED BY ONELEGAL FOR 195 - ANSWER OR OTHER 1ST PAPER, 195 - ANSWER OR OTHER 1ST PAPER, 195 - ANSWER OR OTHER 1ST PAPER IN THE AMOUNT OF 1,305.00, TRANSACTION NUMBER 12702898 AND RECEIPT NUMBER 12528005. | 02/03/2020 | | 1 pages | ☐ |
| 56 | E-FILING TRANSACTION 1716642 RECEIVED ON 02/04/2020 08:14:40 PM. | 02/05/2020 | | *NV* | |
| 57 | REPLY - OTHER FILED BY NGUYEN, ANH THY SONG ON 02/04/2020 | 02/04/2020 | | 9 pages | ☐ |
| 58 | DECLARATION IN SUPPORT (SUPPLEMENTAL DECLARATION) FILED BY NGUYEN, ANH THY SONG ON 02/04/2020 | 02/04/2020 | | 7 pages | ☐ |
| 59 | OBJECTION (EVIDENTIARY OBJECTION) FILED BY NGUYEN, ANH THY SONG ON 02/04/2020 | 02/04/2020 | | 12 pages | ☐ |
| 60 | OBJECTION (EVIDENTIARY OBJECTION) FILED BY NGUYEN, ANH THY SONG ON 02/04/2020 | 02/04/2020 | | 4 pages | ☐ |
| 61 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 06/12/2020 AT 09:00:00 AM IN C19 AT CENTRAL JUSTICE CENTER. | 02/10/2020 | | 2 pages | ☐ |
| 62 | PROPOSED ORDER RECEIVED ON 02/10/2020 | 02/10/2020 | | 5 pages | ☐ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 63 | DECLARATION OF NON-MONETARY STATUS FILED BY WESTERN FIDELITY ASSOCIATES, LLC ON 02/11/2020 | 02/11/2020 | | 3 pages | ☐ |
| 64 | MINUTES FINALIZED FOR ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION 02/11/2020 01:30:00 PM. | 02/13/2020 | | 2 pages | ☐ |
| 65 | E-FILING TRANSACTION 41064866 RECEIVED ON 02/10/2020 03:19:12 PM. | 02/19/2020 | | *NV* | |
| 66 | ORDER - OTHER FILED BY THE SUPERIOR COURT OF ORANGE ON 02/11/2020 | 02/11/2020 | | 3 pages | ☐ |
| 67 | UNDERTAKING FILED BY NGUYEN, ANH THY SONG ON 02/20/2020 | 02/20/2020 | | 2 pages | ☐ |
| 68 | E-FILING TRANSACTION 3890859 RECEIVED ON 02/20/2020 06:25:36 PM. | 02/21/2020 | | *NV* | |
| 69 | MOTION TO COMPEL ARBITRATION FILED BY AHDOOT, ALBERT A.; AHDOOT, SHAWN; UNITED LENDER, LLC ON 02/20/2020 | 02/20/2020 | | 3 pages | ☐ |
| 70 | DECLARATION IN SUPPORT FILED BY AHDOOT, ALBERT A.; AHDOOT, SHAWN; UNITED LENDER, LLC ON 02/20/2020 | 02/20/2020 | | 6 pages | ☐ |
| 71 | MEMORANDUM OF POINTS AND AUTHORITIES FILED BY AHDOOT, ALBERT A.; AHDOOT, SHAWN; UNITED LENDER, LLC ON 02/20/2020 | 02/20/2020 | | 11 pages | ☐ |
| 72 | REQUEST FOR JUDICIAL NOTICE FILED BY AHDOOT, ALBERT A.; AHDOOT, SHAWN; UNITED LENDER, LLC ON 02/20/2020 | 02/20/2020 | | 142 pages | ☐ |
| 73 | PROOF OF SERVICE BY MAIL FILED BY AHDOOT, ALBERT A.; AHDOOT, SHAWN; UNITED LENDER, LLC ON 02/20/2020 | 02/20/2020 | | 3 pages | ☐ |
| 74 | PAYMENT RECEIVED BY ONELEGAL FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12713378 AND RECEIPT NUMBER 12538757. | 02/21/2020 | | 1 pages | ☐ |
| 75 | PETITION TO COMPEL ARBITRATION SCHEDULED FOR 06/30/2020 AT 01:30:00 PM IN C19 AT . | 02/21/2020 | | *NV* | |
| 76 | E-FILING TRANSACTION 2894322 RECEIVED ON 02/21/2020 11:25:02 AM. | 02/21/2020 | | *NV* | |
| 77 | REQUEST FOR JUDICIAL NOTICE FILED BY AHDOOT, ALBERT A.; AHDOOT, SHAWN; UNITED LENDER, LLC ON 02/21/2020 | 02/21/2020 | | 142 pages | ☐ |
| 78 | E-FILING TRANSACTION 3887940 RECEIVED ON 02/12/2020 05:25:16 PM. | 02/21/2020 | | *NV* | |
| 79 | NOTICE OF ENTRY OF JUDGMENT FILED BY NGUYEN, ANH THY SONG ON 02/13/2020 | 02/13/2020 | | 6 pages | ☐ |
| 80 | OBJECTION FILED BY NGUYEN, ANH THY SONG ON 02/13/2020 | 02/13/2020 | | 4 pages | ☐ |
| 81 | E-FILING TRANSACTION 41069230 RECEIVED ON 02/21/2020 02:14:33 PM. | 02/21/2020 | | *NV* | |
| 82 | NOTICE - OTHER FILED BY NGUYEN, ANH THY SONG ON 02/21/2020 | 02/21/2020 | | 6 pages | ☐ |
| 83 | E-FILING TRANSACTION 3895235 RECEIVED ON 03/03/2020 04:45:26 PM. | 03/03/2020 | | *NV* | |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 84 | RESPONSE FILED BY AMERICAN FINANCIAL CENTER, INC. ON 03/03/2020 | 03/03/2020 | | 19 pages | ☐ |
| 85 | PROPOSED ORDER RECEIVED ON 03/04/2020 | 03/04/2020 | | 2 pages | ☐ |
| 86 | E-FILING TRANSACTION 2898609 RECEIVED ON 03/04/2020 09:53:21 AM. | 03/04/2020 | | *NV* | |
| 87 | EX PARTE APPLICATION - OTHER FILED BY AHDOOT, ALBERT A.; AHDOOT, SHAWN; UNITED LENDER, LLC ON 03/04/2020 | 03/04/2020 | | 4 pages | ☐ |
| 88 | REQUEST FOR JUDICIAL NOTICE FILED BY AHDOOT, ALBERT A.; AHDOOT, SHAWN; UNITED LENDER, LLC ON 03/04/2020 | 03/04/2020 | | 2 pages | ☐ |
| 89 | MEMORANDUM OF POINTS AND AUTHORITIES (AMENDED) FILED BY AHDOOT, ALBERT A.; AHDOOT, SHAWN; UNITED LENDER, LLC ON 03/04/2020 | 03/04/2020 | | 12 pages | ☐ |
| 90 | DECLARATION - OTHER FILED BY AHDOOT, ALBERT A.; AHDOOT, SHAWN; UNITED LENDER, LLC ON 03/04/2020 | 03/04/2020 | | 5 pages | ☐ |
| 91 | DECLARATION - OTHER (FIRST AMENDED) FILED BY AHDOOT, ALBERT A.; AHDOOT, SHAWN; UNITED LENDER, LLC ON 03/04/2020 | 03/04/2020 | | 12 pages | ☐ |
| 92 | NOTICE - OTHER (FIRST AMENDED) FILED BY AHDOOT, ALBERT A.; AHDOOT, SHAWN; UNITED LENDER, LLC ON 03/04/2020 | 03/04/2020 | | 3 pages | ☐ |
| 93 | EX PARTE APPLICATION - OTHER FILED BY AHDOOT, ALBERT A.; AHDOOT, SHAWN; UNITED LENDER, LLC ON 03/04/2020 | 03/04/2020 | | 20 pages | ☐ |
| 94 | DECLARATION IN SUPPORT FILED BY AHDOOT, ALBERT A.; AHDOOT, SHAWN; UNITED LENDER, LLC ON 03/04/2020 | 03/04/2020 | | 5 pages | ☐ |
| 95 | DECLARATION IN SUPPORT FILED BY AHDOOT, ALBERT A.; AHDOOT, SHAWN; UNITED LENDER, LLC ON 03/04/2020 | 03/04/2020 | | 44 pages | ☐ |
| 96 | CROSS-COMPLAINT FILED BY UNITED LENDER, LLC ON 03/04/2020 | 03/04/2020 | | 29 pages | ☐ |
| 97 | PROPOSED ORDER RECEIVED ON 03/04/2020. | 03/04/2020 | | 6 pages | ☐ |
| 98 | PAYMENT RECEIVED BY LEGALCONNECT FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING, 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 120.00, TRANSACTION NUMBER 12721053 AND RECEIPT NUMBER 12546929. | 03/04/2020 | | 1 pages | ☐ |
| 99 | EX PARTE SCHEDULED FOR 03/05/2020 AT 08:30:00 AM IN C19 AT CENTRAL JUSTICE CENTER. | 03/04/2020 | | *NV* | |
| 100 | EX PARTE SCHEDULED FOR 03/05/2020 AT 08:30:00 AM IN C19 AT CENTRAL JUSTICE CENTER. | 03/04/2020 | | *NV* | |
| 101 | MOTION TO APPOINT RECEIVER SCHEDULED FOR 04/28/2020 AT 01:30:00 PM IN C19 AT CENTRAL JUSTICE CENTER. | 03/05/2020 | | *NV* | |
| 102 | THE MOTION TO APPOINT RECEIVER IS SCHEDULED FOR 04/28/2020 AT 01:30 PM IN DEPARTMENT C19. | 03/05/2020 | | *NV* | |
| 103 | MINUTES FINALIZED FOR MULTIPLE EVENTS 03/05/2020 08:30:00 AM. | 03/05/2020 | | 2 pages | ☐ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 104 | E-FILING TRANSACTION 1727115 RECEIVED ON 03/04/2020 09:53:48 AM. | 03/10/2020 | | *NV* | |
| 105 | PROPOSED ORDER (NOT SIGNED) FILED BY THE SUPERIOR COURT OF ORANGE ON 03/04/2020 | 03/04/2020 | | 2 pages | ☐ |
| 106 | E-FILING TRANSACTION 41080899 RECEIVED ON 03/30/2020 03:59:13 PM. | 03/30/2020 | | *NV* | |
| 107 | DECLARATION IN SUPPORT FILED BY UNITED LENDER, LLC ON 03/30/2020 | 03/30/2020 | | 6 pages | ☐ |
| 108 | DECLARATION IN SUPPORT FILED BY UNITED LENDER, LLC; UNITED LENDER, LLC ON 03/30/2020 | 03/30/2020 | | 4 pages | ☐ |
| 109 | DECLARATION IN SUPPORT FILED BY UNITED LENDER, LLC; UNITED LENDER, LLC ON 03/30/2020 | 03/30/2020 | | 2 pages | ☐ |
| 110 | PROOF OF ESERVICE FILED BY UNITED LENDER, LLC; UNITED LENDER, LLC ON 03/30/2020 | 03/30/2020 | | 3 pages | ☐ |
| 111 | E-FILING TRANSACTION 1735118 RECEIVED ON 04/01/2020 02:38:12 PM. | 04/01/2020 | | *NV* | |
| 112 | PROOF OF SERVICE OF SUMMONS FILED BY NGUYEN, ANH THY SONG ON 04/01/2020 | 04/01/2020 | | 1 pages | ☐ |
| 113 | PROOF OF SERVICE OF SUMMONS FILED BY NGUYEN, ANH THY SONG; NGUYEN, ANH THY SONG ON 04/01/2020 | 04/01/2020 | | 1 pages | ☐ |
| 114 | PROOF OF SERVICE OF SUMMONS FILED BY NGUYEN, ANH THY SONG; NGUYEN, ANH THY SONG ON 04/01/2020 | 04/01/2020 | | 3 pages | ☐ |
| 115 | PROOF OF SERVICE OF SUMMONS FILED BY NGUYEN, ANH THY SONG; NGUYEN, ANH THY SONG ON 04/01/2020 | 04/01/2020 | | 3 pages | ☐ |
| 116 | E-FILING TRANSACTION 1738068 RECEIVED ON 04/22/2020 11:58:05 AM. | 04/22/2020 | | *NV* | |
| 117 | STATEMENT - OTHER FILED BY AHDOOT, ALBERT A. ON 04/22/2020 | 04/22/2020 | | 7 pages | ☐ |
| 118 | PROOF OF ESERVICE FILED BY AHDOOT, ALBERT A. ON 04/22/2020 | 04/22/2020 | | 1 pages | ☐ |
| 119 | PROPOSED ORDER RECEIVED ON 05/18/2020 | 05/18/2020 | | 2 pages | ☐ |
| 120 | PETITION TO COMPEL ARBITRATION SCHEDULED FOR 09/29/2020 AT 01:30:00 PM IN C19 AT CENTRAL JUSTICE CENTER. | 05/19/2020 | | *NV* | |
| 121 | NOTICE OF CONTINUANCE | 05/19/2020 | | 2 pages | ☐ |
| 122 | MOTION TO APPOINT RECEIVER SCHEDULED FOR 07/28/2020 AT 01:30:00 PM IN C19 AT CENTRAL JUSTICE CENTER. | 05/19/2020 | | *NV* | |
| 123 | NOTICE OF CONTINUANCE | 05/19/2020 | | 2 pages | ☐ |
| 124 | MOTION TO APPOINT RECEIVER SCHEDULED FOR 07/28/2020 AT 09:00:00 AM IN C19 AT CENTRAL JUSTICE CENTER. | 05/27/2020 | | *NV* | |
| 125 | NOTICE OF CONTINUANCE | 05/27/2020 | | 2 pages | ☐ |
| 126 | COURT TRIAL SCHEDULED FOR 08/27/2021 AT 09:00:00 AM IN C19 AT CENTRAL JUSTICE CENTER. | 05/27/2020 | | 2 pages | ☐ |
| 127 | MANDATORY SETTLEMENT CONFERENCE SCHEDULED FOR 07/23/2021 AT 08:30:00 AM IN C19 AT CENTRAL JUSTICE CENTER. | 05/27/2020 | | 2 pages | ☐ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 128 | E-FILING TRANSACTION 41077492 RECEIVED ON 03/13/2020 05:32:12 PM. | 06/02/2020 | | *NV* | |
| 129 | MOTION TO STRIKE FILED BY AMERICAN FINANCIAL CENTER, INC. ON 03/13/2020 | 03/13/2020 | | 12 pages | ☐ |
| 130 | DEMURRER TO ANSWER FILED BY AMERICAN FINANCIAL CENTER, INC. ON 03/13/2020 | 03/13/2020 | | 13 pages | ☐ |
| 131 | NOTICE OF HEARING FILED BY AMERICAN FINANCIAL CENTER, INC. ON 03/13/2020 | 03/13/2020 | | 6 pages | ☐ |
| 132 | REQUEST FOR JUDICIAL NOTICE FILED BY AMERICAN FINANCIAL CENTER, INC. ON 03/13/2020 | 03/13/2020 | | 10 pages | ☐ |
| 133 | PAYMENT RECEIVED BY ONELEGAL FOR 195 - ANSWER OR OTHER 1ST PAPER, 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 495.00, TRANSACTION NUMBER 12733991 AND RECEIPT NUMBER 12560270. | 06/02/2020 | | 1 pages | ☐ |
| 134 | DEMURRER TO ANSWER SCHEDULED FOR 09/29/2020 AT 01:30:00 PM IN C19 AT CENTRAL JUSTICE CENTER. | 06/02/2020 | | *NV* | |
| 135 | MOTION TO STRIKE SCHEDULED FOR 09/29/2020 AT 01:30:00 PM IN C19 AT CENTRAL JUSTICE CENTER. | 06/02/2020 | | *NV* | |
| 136 | NOTICE OF CONTINUANCE | 06/01/2020 | | 2 pages | ☐ |
| 137 | NOTICE OF HEARING OC | 06/01/2020 | | 2 pages | ☐ |
| 138 | NOTICE OF HEARING OC | 06/01/2020 | | 2 pages | ☐ |
| 139 | PROOF OF SERVICE OF SUMMONS SUBMITTED BY NGUYEN, ANH THY SONG REJECTED ON 06/05/2020. | 06/05/2020 | | 1 pages | ☐ |
| 140 | E-FILING TRANSACTION 2913717 RECEIVED ON 05/27/2020 02:57:19 PM. | 06/08/2020 | | *NV* | |
| 141 | AMENDMENT TO COMPLAINT (DOE 1) FILED BY NGUYEN, ANH THY SONG ON 05/27/2020 | 05/27/2020 | | 3 pages | ☐ |
| 142 | E-FILING TRANSACTION 3912624 RECEIVED ON 06/09/2020 04:03:12 PM. | 06/10/2020 | | *NV* | |
| 143 | NOTICE - OTHER (AMENDED NOTICE OF HEARING) FILED BY AMERICAN FINANCIAL CENTER, INC. ON 06/09/2020 | 06/09/2020 | | 4 pages | ☐ |
| 144 | E-FILING TRANSACTION 3910201 RECEIVED ON 05/26/2020 12:22:21 PM. | 06/10/2020 | | *NV* | |
| 145 | ANSWER TO CROSS-COMPLAINT FILED BY HELPING OTHERS INTERNATIONAL, LLC; ZUCARO, MEGAN E. ON 05/26/2020 | 05/26/2020 | | 7 pages | ☐ |
| 146 | PAYMENT RECEIVED BY ONELEGAL FOR 195 - ANSWER OR OTHER 1ST PAPER, 195 - ANSWER OR OTHER 1ST PAPER IN THE AMOUNT OF 870.00, TRANSACTION NUMBER 12737864 AND RECEIPT NUMBER 12564163. | 06/10/2020 | | 1 pages | ☐ |
| 147 | E-FILING TRANSACTION 1737437 RECEIVED ON 04/17/2020 09:53:37 AM. | 06/11/2020 | | *NV* | |
| 148 | MOTION FOR SANCTIONS FILED BY AMERICAN FINANCIAL CENTER, INC. ON 05/26/2020 | 05/26/2020 | | 13 pages | ☐ |
| 149 | REQUEST FOR JUDICIAL NOTICE FILED BY AMERICAN FINANCIAL CENTER, INC. ON 05/26/2020 | 05/26/2020 | | 13 pages | ☐ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 150 | DECLARATION IN SUPPORT FILED BY AMERICAN FINANCIAL CENTER, INC. ON 05/26/2020 | 05/26/2020 | | 28 pages | ☐ |
| 151 | DECLARATION IN SUPPORT FILED BY AMERICAN FINANCIAL CENTER, INC. ON 05/26/2020 | 05/26/2020 | | 25 pages | ☐ |
| 152 | DECLARATION IN SUPPORT FILED BY AMERICAN FINANCIAL CENTER, INC. ON 05/26/2020 | 05/26/2020 | | 9 pages | ☐ |
| 153 | PAYMENT RECEIVED BY ONELEGAL FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12738115 AND RECEIPT NUMBER 12564434. | 06/11/2020 | | 1 pages | ☐ |
| 154 | MOTION FOR SANCTIONS SCHEDULED FOR 10/20/2020 AT 01:30:00 PM IN C19 AT CENTRAL JUSTICE CENTER. | 06/11/2020 | | *NV* | |
| 155 | E-FILING TRANSACTION 1741118 RECEIVED ON 05/18/2020 02:27:31 PM. | 06/11/2020 | | *NV* | |
| 156 | DEMURRER TO COMPLAINT FILED BY HELPING OTHERS INTERNATIONAL, LLC; ZUCARO, MEGAN E. ON 05/26/2020 | 05/26/2020 | | 27 pages | ☐ |
| 157 | PAYMENT RECEIVED BY ONELEGAL FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12738119 AND RECEIPT NUMBER 12564438. | 06/11/2020 | | 1 pages | ☐ |
| 158 | DEMURRER TO COMPLAINT SCHEDULED FOR 08/18/2020 AT 01:30:00 PM IN C19 AT . | 06/11/2020 | | *NV* | |
| 159 | E-FILING TRANSACTION 2907547 RECEIVED ON 04/07/2020 06:00:03 PM. | 06/11/2020 | | *NV* | |
| 160 | MOTION TO STRIKE (CROSS-COMPLAINT) FILED BY NGUYEN, ANH THY SONG ON 05/26/2020 | 05/26/2020 | | 10 pages | ☐ |
| 161 | DECLARATION IN SUPPORT (RE: MEET AND CONFER) FILED BY NGUYEN, ANH THY SONG ON 05/26/2020 | 05/26/2020 | | 22 pages | ☐ |
| 162 | REQUEST FOR JUDICIAL NOTICE FILED BY NGUYEN, ANH THY SONG ON 05/26/2020 | 05/26/2020 | | 12 pages | ☐ |
| 163 | DECLARATION IN SUPPORT FILED BY NGUYEN, ANH THY SONG ON 05/26/2020 | 05/26/2020 | | 8 pages | ☐ |
| 164 | REQUEST FOR JUDICIAL NOTICE FILED BY NGUYEN, ANH THY SONG ON 05/26/2020 | 05/26/2020 | | 4 pages | ☐ |
| 165 | DEMURRER TO CROSS-COMPLAINT FILED BY NGUYEN, ANH THY SONG ON 05/26/2020 | 05/26/2020 | | 21 pages | ☐ |
| 166 | PAYMENT RECEIVED BY AMERICANLEGALNET FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING, 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 120.00, TRANSACTION NUMBER 12738156 AND RECEIPT NUMBER 12564475. | 06/11/2020 | | 1 pages | ☐ |
| 167 | DEMURRER TO CROSS-COMPLAINT SCHEDULED FOR 07/21/2020 AT 01:30:00 PM IN C19 AT . | 06/11/2020 | | *NV* | |
| 168 | MOTION TO STRIKE CROSS-COMPLAINT SCHEDULED FOR 07/21/2020 AT 01:30:00 PM IN C19 AT CENTRAL JUSTICE CENTER. | 06/11/2020 | | *NV* | |
| 169 | E-FILING TRANSACTION NUMBER 41091088 REJECTED. | 06/12/2020 | | 1 pages | ☐ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 170 | JURY TRIAL SCHEDULED FOR 08/27/2021 AT 09:00:00 AM IN C19 AT CENTRAL JUSTICE CENTER. | 06/12/2020 | | *NV* | |
| 171 | NOTICE OF HEARING OC GENERATED | 06/12/2020 | | 2 pages | ☐ |
| 172 | E-FILING TRANSACTION 1745376 RECEIVED ON 06/15/2020 03:29:41 PM. | 06/16/2020 | | *NV* | |
| 173 | NOTICE - OTHER (OF CONTINUED HEARING) FILED BY AMERICAN FINANCIAL CENTER, INC. ON 06/15/2020 | 06/15/2020 | | 4 pages | ☐ |
| 174 | E-FILING TRANSACTION 41090038 RECEIVED ON 06/05/2020 03:53:21 PM. | 06/17/2020 | | *NV* | |
| 175 | NOTICE OF POSTING JURY FEES FILED BY NGUYEN, ANH THY SONG ON 06/05/2020 | 06/05/2020 | | 4 pages | ☐ |
| 176 | NOTICE OF TRIAL FILED BY NGUYEN, ANH THY SONG; NGUYEN, ANH THY SONG; NGUYEN, ANH THY SONG ON 06/05/2020 | 06/05/2020 | | 4 pages | ☐ |
| 177 | PAYMENT RECEIVED BY AMERICANLEGALNET FOR 209 - ADVANCED JURY FEE (NON-REFUNDABLE) IN THE AMOUNT OF 150.00, TRANSACTION NUMBER 12741190 AND RECEIPT NUMBER 12567571. | 06/17/2020 | | 1 pages | ☐ |
| 178 | E-FILING TRANSACTION 1746148 RECEIVED ON 06/18/2020 02:48:50 PM. | 06/18/2020 | | *NV* | |
| 179 | NOTICE - OTHER FILED BY UNITED LENDER, LLC ON 06/18/2020 | 06/18/2020 | | 5 pages | ☐ |
| 180 | E-FILING TRANSACTION 2906195 RECEIVED ON 03/30/2020 04:55:15 PM. | 06/19/2020 | | *NV* | |
| 181 | NOTICE OF CONTINUANCE FILED BY UNITED LENDER, LLC ON 05/26/2020 | 05/26/2020 | | 3 pages | ☐ |
| 182 | E-FILING TRANSACTION 1746321 RECEIVED ON 06/19/2020 11:02:32 AM. | 06/19/2020 | | *NV* | |
| 183 | DEMAND FOR JURY TRIAL FILED BY AMERICAN FINANCIAL CENTER, INC. ON 06/19/2020 | 06/19/2020 | | 4 pages | ☐ |
| 184 | E-FILING TRANSACTION 2917916 RECEIVED ON 06/19/2020 03:58:27 PM. | 06/22/2020 | | *NV* | |
| 185 | NOTICE OF TRIAL (AND MSC) FILED BY NGUYEN, ANH THY SONG ON 06/19/2020 | 06/19/2020 | | 6 pages | ☐ |
| 186 | E-FILING TRANSACTION 3914589 RECEIVED ON 06/19/2020 11:20:57 AM. | 06/25/2020 | | *NV* | |
| 187 | NOTICE OF POSTING JURY FEES (AND DEMAND FOR JURY TRIAL) FILED BY AMERICAN FINANCIAL CENTER, INC. ON 06/19/2020 | 06/19/2020 | | 4 pages | ☐ |
| 188 | PAYMENT RECEIVED BY ONELEGAL FOR 209 - ADVANCED JURY FEE (NON-REFUNDABLE) IN THE AMOUNT OF 150.00, TRANSACTION NUMBER 12745284 AND RECEIPT NUMBER 12571723. | 06/25/2020 | | 1 pages | ☐ |
| 189 | E-FILING TRANSACTION 3916114 RECEIVED ON 06/26/2020 11:23:17 AM. | 06/26/2020 | | *NV* | |
| 190 | PROOF OF SERVICE OF SUMMONS FILED BY NGUYEN, ANH THY SONG ON 06/26/2020 | 06/26/2020 | | 5 pages | ☐ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 191 | E-FILING TRANSACTION 2910513 RECEIVED ON 04/29/2020 02:43:21 PM. | 06/29/2020 | | *NV* | |
| 192 | REQUEST FOR ENTRY OF DEFAULT FILED BY NGUYEN, ANH THY SONG ON 05/26/2020 | 05/26/2020 | | 4 pages | ☐ |
| 193 | E-FILING TRANSACTION 1747275 RECEIVED ON 06/24/2020 01:23:37 PM. | 06/29/2020 | | *NV* | |
| 194 | MOTION FOR LEAVE TO FILE CROSS-COMPLAINT FILED BY ZUCARO, MEGAN E. ON 06/24/2020 | 06/24/2020 | | 30 pages | ☐ |
| 195 | PAYMENT RECEIVED BY ONELEGAL FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12745903 AND RECEIPT NUMBER 12572362. | 06/29/2020 | | 1 pages | ☐ |
| 196 | MOTION FOR LEAVE TO FILE CROSS COMPLAINT SCHEDULED FOR 10/27/2020 AT 01:30:00 PM IN C19 AT CENTRAL JUSTICE CENTER. | 06/29/2020 | | *NV* | |
| 197 | PAYMENT FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING, 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING, TRANSACTION NUMBER 12738156 IN THE AMOUNT OF 120.00 VOIDED DUE TO OTHER. VENDOR DID NOT PAY. VOID AND NFD. | 06/29/2020 | | 1 pages | ☐ |
| 198 | NOTICE OF FEES DUE ELECTRONIC FILING | 06/29/2020 | | 1 pages | ☐ |
| 199 | MOTION TO STRIKE CROSS-COMPLAINT SCHEDULED FOR 07/21/2020 AT 09:00:00 AM IN C19 AT CENTRAL JUSTICE CENTER. | 07/01/2020 | | *NV* | |
| 200 | NOTICE OF CONTINUANCE | 07/01/2020 | | 3 pages | ☐ |
| 201 | DEMURRER TO CROSS-COMPLAINT SCHEDULED FOR 07/21/2020 AT 09:00:00 AM IN C19 AT CENTRAL JUSTICE CENTER. | 07/01/2020 | | *NV* | |
| 202 | NOTICE OF CONTINUANCE | 07/01/2020 | | 3 pages | ☐ |
| 203 | E-FILING TRANSACTION 2917120 RECEIVED ON 06/16/2020 04:55:34 PM. | 07/02/2020 | | *NV* | |
| 204 | NOTICE OF CONTINUANCE (MOTION TO APPOINT RECEIVER) FILED BY UNITED LENDER, LLC ON 06/16/2020 | 06/16/2020 | | 3 pages | ☐ |
| 205 | NOTICE OF CONTINUANCE (PETITION TO COMPEL ARBITRATION) FILED BY AHDOOT, SHAWN; AHDOOT, ALBERT A.; UNITED LENDER, LLC ON 06/16/2020 | 06/16/2020 | | 3 pages | ☐ |
| 206 | PAYMENT RECEIVED BY LAW OFFICE OF ANDREW A. SMITS FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING, 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 120.00, TRANSACTION NUMBER 12749948 AND RECEIPT NUMBER 12576343. | 07/08/2020 | | 1 pages | ☐ |
| 207 | E-FILING TRANSACTION 41096542 RECEIVED ON 07/08/2020 03:56:30 PM. | 07/08/2020 | | *NV* | |
| 208 | OPPOSITION FILED BY AHDOOT, ALBERT A. ON 07/08/2020 | 07/08/2020 | | 4 pages | ☐ |
| 209 | OPPOSITION FILED BY AHDOOT, ALBERT A. ON 07/08/2020 | 07/08/2020 | | 11 pages | ☐ |
| 210 | PROOF OF ESERVICE FILED BY AHDOOT, ALBERT A. ON 07/08/2020 | 07/08/2020 | | 2 pages | ☐ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 211 | E-FILING TRANSACTION 2921628 RECEIVED ON 07/08/2020 10:11:59 AM. | 07/09/2020 | | *NV* | |
| 212 | NOTICE OF CONTINUANCE (MOTION TO STRIKE CROSS-COMPLAINT) FILED BY NGUYEN, ANH THY SONG ON 07/08/2020 | 07/08/2020 | | 6 pages | ☐ |
| 213 | NOTICE OF CONTINUANCE (DEMURRER TO CROSS-COMPLAINT) FILED BY NGUYEN, ANH THY SONG ON 07/08/2020 | 07/08/2020 | | 6 pages | ☐ |
| 214 | PROPOSED ORDER RECEIVED ON 07/10/2020 | 07/10/2020 | | 4 pages | ☐ |
| 215 | E-FILING TRANSACTION 2922478 RECEIVED ON 07/10/2020 05:46:32 PM. | 07/13/2020 | | *NV* | |
| 216 | MOTION TO QUASH SUBPOENA FILED BY NGUYEN, ANH THY SONG ON 07/10/2020 | 07/10/2020 | | 12 pages | ☐ |
| 217 | DECLARATION IN SUPPORT FILED BY NGUYEN, ANH THY SONG ON 07/10/2020 | 07/10/2020 | | 14 pages | ☐ |
| 218 | SEPARATE STATEMENT FILED BY NGUYEN, ANH THY SONG ON 07/10/2020 | 07/10/2020 | | 8 pages | ☐ |
| 219 | PAYMENT RECEIVED BY AMERICANLEGALNET FOR 36 - MOTION OR OTHER (NOT 1ST) PAPER REQUIRING A HEARING IN THE AMOUNT OF 60.00, TRANSACTION NUMBER 12751453 AND RECEIPT NUMBER 12577832. | 07/13/2020 | | 1 pages | ☐ |
| 220 | MOTION TO QUASH SUBPOENA SCHEDULED FOR 11/24/2020 AT 01:30:00 PM IN C19 AT CENTRAL JUSTICE CENTER. | 07/13/2020 | | *NV* | |
| 221 | E-FILING TRANSACTION 41097666 RECEIVED ON 07/14/2020 11:10:35 AM. | 07/14/2020 | | *NV* | |
| 222 | OPPOSITION FILED BY ZUCARO, MEGAN E. ON 07/14/2020 | 07/14/2020 | | 11 pages | ☐ |
| 223 | E-FILING TRANSACTION NUMBER 3913129 REJECTED. | 07/14/2020 | | 1 pages | ☐ |
| 224 | E-FILING TRANSACTION 41097701 RECEIVED ON 07/14/2020 12:24:58 PM. | 07/14/2020 | | *NV* | |
| 225 | RESPONSE FILED BY AMERICAN FINANCIAL CENTER, INC. ON 07/14/2020 | 07/14/2020 | | 11 pages | ☐ |
| 226 | E-FILING TRANSACTION 2923128 RECEIVED ON 07/14/2020 05:21:15 PM. | 07/14/2020 | | *NV* | |
| 227 | NOTICE OF ERRATA FILED BY ZUCARO, MEGAN E. ON 07/14/2020 | 07/14/2020 | | 17 pages | ☐ |
| 228 | E-FILING TRANSACTION 3919911 RECEIVED ON 07/14/2020 06:20:15 PM. | 07/15/2020 | | *NV* | |
| 229 | REPLY - OTHER FILED BY NGUYEN, ANH THY SONG ON 07/14/2020 | 07/14/2020 | | 7 pages | ☐ |
| 230 | REQUEST FOR JUDICIAL NOTICE FILED BY NGUYEN, ANH THY SONG ON 07/14/2020 | 07/14/2020 | | 16 pages | ☐ |
| 231 | REPLY - OTHER FILED BY NGUYEN, ANH THY SONG ON 07/14/2020 | 07/14/2020 | | 10 pages | ☐ |
| 232 | E-FILING TRANSACTION 41098189 RECEIVED ON 07/15/2020 06:41:06 PM. | 07/16/2020 | | *NV* | |
| 233 | OPPOSITION FILED BY NGUYEN, ANH THY SONG ON 07/15/2020 | 07/15/2020 | | 15 pages | ☐ |

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 234 | REQUEST FOR JUDICIAL NOTICE FILED BY NGUYEN, ANH THY SONG ON 07/15/2020 | 07/15/2020 | | 55 pages | ☐ |
| 235 | DECLARATION - OTHER FILED BY NGUYEN, ANH THY SONG ON 07/15/2020 | 07/15/2020 | | 37 pages | ☐ |
| 236 | OBJECTION FILED BY NGUYEN, ANH THY SONG ON 07/15/2020 | 07/15/2020 | | 13 pages | ☐ |
| 237 | OBJECTION FILED BY NGUYEN, ANH THY SONG ON 07/15/2020 | 07/15/2020 | | 6 pages | ☐ |
| 238 | OBJECTION FILED BY NGUYEN, ANH THY SONG ON 07/15/2020 | 07/15/2020 | | 5 pages | ☐ |
| 239 | OBJECTION FILED BY NGUYEN, ANH THY SONG ON 07/15/2020 | 07/15/2020 | | 11 pages | ☐ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| ANH THY SONG NGUYEN | PLAINTIFF | | 01/17/2020 | |
| LAWRENCE C. MEYERSON, A PROFESSIONAL L | ATTORNEY | | 01/31/2020 | |
| HELPING OTHERS INTERNATIONAL, LLC | DEFENDANT | | 01/17/2020 | |
| LAWRENCE C. MEYERSON, APLC | ATTORNEY | | 01/31/2020 | |
| SHAWN AHDOOT | DEFENDANT | | 01/17/2020 | |
| MEGAN E. ZUCARO | DEFENDANT | | 01/17/2020 | |
| JOHN B. SPEAR | CROSS - DEFENDANT | | 03/04/2020 | |
| SNIPPER WAINER & MARKOFF | ATTORNEY | | 02/03/2020 | |
| TRI STAR EQUITY GROUP CORP | CROSS - DEFENDANT | | 03/04/2020 | |
| ANH THY SONG NGUYEN | CROSS - DEFENDANT | | 03/04/2020 | |
| UNITED LENDER, LLC | DEFENDANT | | 01/17/2020 | |
| ALBERT A. AHDOOT | DEFENDANT | | 01/17/2020 | |
| UNITED LENDER, LLC | CROSS - COMPLAINANT | | 04/01/2020 | |
| WESTERN FIDELITY ASSOCIATES, LLC | DEFENDANT | | 01/17/2020 | |
| LEVINSON ARSHONSKY & KURTZ, LLP | ATTORNEY | | 06/02/2020 | |
| MEYLAN DAVITT JAIN AREVIAN & KIM LLP | ATTORNEY | | 06/18/2020 | |
| LAW OFFICES OF ANDREW A. SMITS | ATTORNEY | | 01/17/2020 | |
| ASCENSION RECOVERY, INC. | DEFENDANT | | 06/08/2020 | |
| HELPING OTHERS INTERNATIONAL, LLC | CROSS - DEFENDANT | | 03/04/2020 | |
| JOHN B. SPEAR | DEFENDANT | | 01/17/2020 | |
| AMERICAN FINANCIAL CENTER, INC. | DEFENDANT | | 01/17/2020 | |
| MEGAN E. ZUCARO | CROSS - DEFENDANT | | 03/04/2020 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|
| JURY TRIAL | 08/27/2021 | 09:00 | C19 | SCHWARM |
| MANDATORY SETTLEMENT CONFERENCE | 07/23/2021 | 08:30 | C19 | SCHWARM |
| MOTION TO QUASH SUBPOENA | 11/24/2020 | 01:30 | C19 | SCHWARM |
| MOTION FOR LEAVE TO FILE CROSS COMPLAINT | 10/27/2020 | 01:30 | C19 | SCHWARM |
| MOTION FOR SANCTIONS | 10/20/2020 | 01:30 | C19 | SCHWARM |
| MOTION TO STRIKE | 09/29/2020 | 01:30 | C19 | SCHWARM |
| DEMURRER TO ANSWER | 09/29/2020 | 01:30 | C19 | SCHWARM |

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|
| PETITION TO COMPEL ARBITRATION | 09/29/2020 | 01:30 | C19 | SCHWARM |
| DEMURRER TO COMPLAINT | 08/18/2020 | 01:30 | C19 | SCHWARM |
| MOTION TO APPOINT RECEIVER | 07/28/2020 | 09:00 | C19 | SCHWARM |
| DEMURRER TO CROSS-COMPLAINT | 07/21/2020 | 09:00 | C19 | SCHWARM |
| MOTION TO STRIKE CROSS-COMPLAINT | 07/21/2020 | 09:00 | C19 | SCHWARM |

Print this page

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 444 South Flower Street, Suite 1850, Los Angeles, California 90071

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF REMOVAL OF LAWSUIT
PENDING IN STATE COURT TO BANKRUPTCY COURT (28 USC § 1452) [LBR 9027-1]

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
07/17/2020              , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

 See Attachment

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)         , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)   07/17/2020          , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
 Hon. Victoria S. Kaufman (Via Overnight Mail)
 U.S. Bankruptcy Court, Central District of California
 21041 Burbank Boulevard, Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 07/17/2020 | Roni M. Iwata | |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*In re: Helping Others International LLC*
Chapter 11
Case No. 1:20-bk-11134-VK


**<u>VIA NOTICE OF ELECTRONIC FILING</u>**


Todd J. Cleary
lawofficetoddcleary@gmail.com
cleary1@pacbell.net
clearytr44952@notify.bestcase.com

Katherine Bunker
kate.bunker@usdoj.gov

Lori E. Eropkin
leropkin@laklawyers.com
nlessard@laklawyers.com
smcfadden@laklawyers.com

Lawrence C. Meyerson
lcm@lcmplc.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Maurice Wainer
mrwainer@aol.com
daniel@swmfirm.com
mrwasiner@swmfirm.com

Larry D. Webb
webblaw@gmail.com
larry@webblaw.onmicrosoft.com